IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>      Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS N.V., and<br>STMICROELECTRONICS, INC.,<br><br>      Defendants. | Civil Action No. 6:21-cv-00727<br><br>JURY TRIAL DEMAND |

**PLAINTIFF'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE**

Pursuant to Federal Rule of Civil Procedure 4(f)(3) and 4(h)(2), Plaintiff The Trustees of Purdue University ("Purdue") respectfully moves the Court for leave to serve the summons and complaint on foreign defendant STMicroelectronics N.V. ("ST NV") through its Delaware subsidiary, STMicroelectronics, Inc. ("ST Inc.") or outside counsel, Bruce Sostek of Holland & Knight LLP. For good cause, Purdue respectfully shows as follows.

**I.    BACKGROUND**

On July 14, 2021, Purdue filed its patent infringement action against ST NV and ST Inc. ST Inc. was served with a true copy of the summons with Purdue's complaint, attached exhibits, and civil cover sheet on July 20, 2021. *See* Dkt. 7. ST NV is a corporation organized under the laws of The Netherlands, with a place of business at WTC Schiphol Airport, Schiphol Boulevard 265, 1118 BH Schiphol, The Netherlands. ST Inc. is a wholly owned subsidiary of ST NV, organized under the laws of the State of Delaware, and with a place of business at 750 Canyon Drive, Suite 300, Coppell, TX 75019.

On August 2, 2021, counsel for both Defendants, Bruce Sostek, requested a 60 day extension to file ST Inc.'s answer, which Purdue agreed to immediately. Dkt. 9. While the parties discussed a 90 day extension for both Defendants to respond to Purdue's complaint if ST NV agreed to waive service, counsel for Defendants indicated that ST NV would not be receptive to accepting service under Rule 4 and would oppose any alternative form of service.[1] Defendants' counsel never provided a formal definitive response regarding Purdue's proposal.

In order to minimize time and expense, an alternative means of service by service upon ST Inc. or ST's outside counsel in the United States is warranted.

## II.    ARGUMENT

Federal Rule of Civil Procedure 4(h) governs service of foreign corporations, and it refers to Rule 4(f) for serving a foreign corporation outside of the United States. FED. R. CIV. P. 4(h)(2). Under Rule 4(f), service upon a foreign corporation can be accomplished in several ways: (1) "by any internationally agreed means of service that is reasonably calculated to give notice" (*e.g.*, the Hague Convention); (2) in the absence of an international agreement, by means "reasonably calculated to give notice"; **or** (3) by "***other means not prohibited by international agreement, as the court orders***." FED. R. CIV. P. 4(f)(1)-(3) (emphasis added). "By its plain language and syntax, Rule 4(f)'s alternatives are not a last resort," nor are they any less favored than service under other subsections." *See Affinity Labs of Tex., LLC v. Nissan N. Am., Inc.*, No. 6:13-CV-369-WSS, 2014 WL 11342502, at *2 (W.D. Tex. Jul. 2, 2014) (Smith, J.) (internal quotations omitted); *see also Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011) (Fitzwater, C.J.) ("Rule 4(f) does not create a hierarchy of preferred means of service, and service ordered pursuant to Rule 4(f)(3) is as favored as service available under other subparts.");

---

[1] Exhibit A (August 2, 2021 Email Exchange), attached to the declaration of Halima Shukri Ndai.

*WorldVentures Holdings, LLC v. Mavie*, No. 4:18-CV-393, 2018 WL 6523306, at *13-14 (E.D. Tex. Dec. 12, 2018).

As this Court has held, "so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service," including effecting service on a foreign corporation's wholly owned U.S. subsidiary. *Affinity Labs*, 2014 WL 11342502, at *1, *4 (emphasis original). To comport with due process, the method of service crafted by the Court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

### A.     Alternative Service of Process is Not Barred by International Agreement.

Purdue's proposed method of service, i.e., service on ST Inc. and ST NV's outside counsel, Mr. Sostek, is within the scope of the Court's authority under Rule 4(f)(3), which requires only that service be "(1) directed by the court; and (2) not prohibited by international agreement." *Affinity Labs*, 2014 WL 11342502, at *1. As this Court has previously held, service pursuant to the Hague Convention procedures is not mandatory if domestic service on a foreign corporation is (or can be) effected properly. *Affinity Labs*, 2014 WL 11342502, at *2 ("If alternative means to effectuate service exist, strict compliance with the service requirements under the Hague [Convention] is not always mandatory.") *Id.*

Here, like in *Affinity Labs*, Purdue requests that the Court authorize service on ST NV through ST Inc. or ST NV's outside counsel, Mr. Sostek, or both. Neither method requires the transmittal of service documents abroad because both ST Inc. and Mr. Sostek are located in the

United States. Thus, the Hague Convention does not prohibit service on ST NV through ST Inc. or Mr. Sostek (or both).[2]

### B. The Proposed Means of Service Does Not Violate Due Process.

Service through ST NV's U.S. subsidiary (and co-defendant in this case who acknowledges it has been served) or ST NV's outside counsel clearly satisfies due process. In *Affinity Labs*, the Court relied on Rule 4(f)(3) to effect service on a foreign corporation's wholly owned U.S. subsidiary, concluding that such service "meets the constitutional threshold of due process." *Affinity Labs*, 2014 WL 11342502, at *4. Due process requires that the method of service crafted by the Court provide "reasonable notice and an opportunity to be heard." *Fundamental Innovation Sys. Int'l., LLC*, 2018 WL 3330022, at *5. This only requires that "[t]he means employed must be such as one desirous of actually informing the absentee. … The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected." *Mullane*, 339 U.S. at 315.

Here, Purdue's requested method of service is exactly the method the Court in *Affinity Labs* found sufficient to satisfy due process. The result here would be the same, sufficient process that both provides ST NV notice of this action and an opportunity to defend against it. Both ST NV and ST Inc. are identified by the name "STMicroelectronics." ST NV's SEC filings state that ST Inc. is a wholly-owned subsidiary of ST NV.[3] Additionally, as discussed above, Mr. Sostek is the point of contact for all Defendants, and he has represented ST NV in other matters in the United States. *See, e.g., Certain Capacitive Touch Sensing Systems, Capacitive Touch Sensing*

---

[2] *See In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (confirming that "[i]n many instances courts have authorized service under Rule 4(f)(3) on an unserved party's counsel." Here, Mr. Sostek's statement that he is "in the process of checking with ST" confirms that he is in contact with ST. Ex. A. Additionally, Mr. Sostek is counsel of record for ST in at least one other case. *See Certain Capacitive Touch Sensing Systems, Capacitive Touch Sensing Controllers, Microcontrollers with Capacitive Touch Sensing Functionality, and Components Thereof, Inv.* No. 337-TA-1268.
[3] *See, e.g.,* https://www.sec.gov/Archives/edgar/data/932787/000156459021008102/stm-20f_20201231.htm.

*Controllers, Microcontrollers with Capacitive Touch Sensing Functionality, and Components Thereof, Inv.* No. 337-TA-1268. Furthermore, in an email dated August 2, 2021, Mr. Sostek stated, "I am in the process of checking with ST [NV] currently" and will "get back to you with a firm response."[4]

### C. Alternative Service of Process is Justified.

Purdue's proposed alternative method is justified because service under the Hague Convention would cause unnecessary delay and expense. Indeed, "courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)." *Id* at *3; *see, e.g., In re GLG*, 287 F.R.D. at 266 (ordering alternative service because "the length of time required for service under the Hague Convention, approximately six to eight months … may unnecessarily delay this case"); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 562–66 (C.D.Cal.2012) (ordering alternative service and noting that service of defendant under the Hague Convention would take four to six months). And as this Court and numerous others have also held that "saving time and expense are valid reasons to request an alternative method of service." *Affinity Labs*, 2014 WL 11342502, at *3; *see also Baker Hughes Inc. v. Homa*, No. H-11-3757, 2012 WL 1551727, at *16-17 (S.D. Tex. Apr. 30, 2012) (Rosenthal, J.) (holding that avoiding additional cost is a sufficient justification for seeking an alternative method of service).

### III. CONCLUSION

For the foregoing reasons, Purdue respectfully asks the Court to grant this motion and enter an order approving alternative service of process on ST NV upon its U.S. subsidiary, ST Inc., or

---

[4] Ex. A.

ST NV's outside counsel, Bruce Sostek of Holland & Knight LLP, (or both methods) as proper under Rules 4(f)(3) and 4(h)(2).

Dated: August 6, 2021

Respectfully submitted,

*/s/ Michael Shore*
Mark D. Siegmund (Texas Bar No. 24117055)
Of Counsel
SHORE CHAN LLP
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: 254-772-6400
msiegmund@shorechan.com

Alfonso G. Chan (Texas Bar No. 24012408)
Michael W. Shore (Texas Bar No. 18294915)
Samuel E. Joyner (Texas Bar No. 24036865)
Halima Shukri Ndai (Texas Bar No. 24105486)
SHORE CHAN LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: 214-593-9110
Fax: 214-593-9111
achan@shorechan.com
mshore@shorechan.com
sjoyner@shorechan.com
hndai@shorechan.com

***COUNSEL FOR PLAINTIFF***
***THE TRUSTEES OF PURDUE UNIVERSITY***

## CERTIFICATE OF CONFERENCE

I certify that, prior to filing this motion, I conferred with Bruce Sostek of Holland & Knight LLP regarding waiver of service by ST NV pursuant to Federal Rule of Civil Procedure 4(d) and whether Mr. Sostek and/or STMicroelectronics, Inc. would accept service of Summons and Plaintiff's Complaint for Patent Infringement on behalf of STMicroelectronics N.V. Although Mr. Sostek indicated that his clients would likely not be receptive, he would check. As of the filing date of this motion, Mr. Sostek has not provided any response other than his original refusal to accept service.

*/s/ Michael W. Shore*
Michael W. Shore

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 6, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Michael W. Shore*
Michael W. Shore