# EXHIBIT A

| | |
|---|---|
| **From:** | Michael Shore |
| **To:** | Sostek, Bruce S (DFW - X61234) |
| **Cc:** | Alfonso Chan; Caroline Johnson; Mark Siegmund; Halima Shukri Ndai; Alicia Cary-Howell |
| **Subject:** | RE: Purdue v ST Micro |
| **Date:** | Monday, August 2, 2021 12:58:38 PM |

Bruce,

Purdue will file the motion for alternative service on Wednesday at 5 pm unless ST Micro NV indicates in writing it will agree to a waiver of service. If ST Micro NV agrees to the waiver, the parties can file the waiver and a stipulation that both ST Micro entities have 90 days from Friday to file their responses/answers.

Purdue is not waiting around any longer, as if the 90 days is to be granted to both ST Micro entities, the clock needs to start by Friday.

Michael

**From:** Sostek, Bruce S (DFW - X61234) <Bruce.Sostek@hklaw.com>
**Sent:** Monday, August 2, 2021 12:48 PM
**To:** Michael Shore <mshore@shorechan.com>
**Cc:** Alfonso Chan <achan@shorechan.com>; Caroline Johnson <cjohnson@shorechan.com>; Mark Siegmund <msiegmund@shorechan.com>; Halima Shukri Ndai <hndai@shorechan.com>; Alicia Cary-Howell <acary-howell@shorechan.com>
**Subject:** RE: Purdue v ST Micro

Thanks Michael  Only one comment by way of a difference in my recollection of our conversation. During our very cordial conversation I did tell you that I did not think that ST was likely to be receptive to your request to be able to effect service on ST NV by Rule 4 or any other alternative method.  You mentioned that if they were willing to do so you would afford ST NV the 90 days provided by the rule, which would be more than the 60 days extension you were agreeing to for ST Inc. I reiterated that while I did not think ST Inc. would want to proceed in that manner I would check - particularly in light of your comment that if you were to seek alternative service ST NV might be afforded far fewer days than the 90 days you were then offering.

Based on that conversation, or at least my understanding of it,  I am in the process of checking with ST currently, but wanted to make sure I articulated what I believe to be the difference in my recollection of our conversation and yours. I thought it was clear that I was at least willing to ask, instead of giving you an immediate categorical rejection of one or both of the service methods you asked about, as you suggest here.  If this is incorrect please let me know as I am happy to discuss further to try to identify where or how we arrived at cross purposes.  If that is reasonably consistent with your recollection then the next step will be for me to get back to you with a firm answer instead of your immediate filing of statement of refusal by ST NV.  Just let me know.   Thanks.

Regards,
Bruce

**From:** Michael Shore <mshore@shorechan.com>
**Sent:** Monday, August 2, 2021 11:39 AM
**To:** Sostek, Bruce S (DFW - X61234) <Bruce.Sostek@hklaw.com>
**Cc:** Alfonso Chan <achan@shorechan.com>; Caroline Johnson <cjohnson@shorechan.com>; Mark Siegmund <msiegmund@shorechan.com>; Halima Shukri Ndai <hndai@shorechan.com>; Alicia Cary-Howell <acary-howell@shorechan.com>
**Subject:** Purdue v ST Micro

*[External email]*

Dear Bruce,

This confirms that Purdue has agreed to provide ST Micro the 60 day extension to file its answer per Judge Albright's standing order.

This also confirms your statement that ST Micro NV will refuse to accept service under Rule 4, and that ST Micro NV also opposes any alternative form of service. Purdue will seek alternative service via ST Micro (USA) and you, ST Micro NV's counsel and state in the certificate of conference that ST Micro NV is opposed.

Regards,

Michael

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.