**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| The Trustees of Purdue University<br><br>       Plaintiff,<br><br>   v.<br><br>STMicroelectronics N.V. and STMicroelectronics, Inc.,<br>       Defendants. | Civil Action No. 6:21-cv-727<br><br>Patent Case |

**STMICROELECTRONICS N.V.'S MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

The Trustees of Purdue University (Purdue) accuse STMicroelectronics N.V. (STNV) and STMicroelectronics, Inc. (ST Inc) of patent infringement. Although STNV and ST Inc are two separate companies, Purdue treats them as if they were a single entity, alleging that "ST" infringes the patents-in-suit and that "ST" has jurisdictional ties to this forum. But they are separate and distinct legal entities. While ST Inc has connections to Texas, STNV does **not** and should be dismissed.

STNV is a holding company incorporated under the laws of the Netherlands where it maintains its corporate legal seat.[1] STNV does not manufacture, market, distribute, offer to sell, sell, import, export, transport, or service products or services in or to Texas or anywhere else in the United States.[2] It has no offices, facilities, bank accounts, employees, or real estate in Texas or anywhere else in the United States.[3] STNV does not publish, own, or operate any website.[4] It is not registered to conduct business in Texas, and it has no registered agent for service of process in Texas.[5, 6]

---

[1]  *See* **Ex. A**: Declaration of Denise Tuinfort-Van Der Walle (Oct. 11, 2021) (Tuinfort Decl.) ¶¶ 4–5.

[2]  *See* **Ex. A**: Tuinfort Decl. ¶ 5.

[3]  *See* **Ex. A**: Tuinfort Decl. ¶¶ 8–10, 12.

[4]  *See* **Ex. A**: Tuinfort Decl. ¶ 7.

[5]  *See* **Ex. A**: Tuinfort Decl. ¶ 11.

[6]  In this case, Purdue should have served STNV by following the requirements of the Hague Convention, to which The Netherlands is a party. But without even attempting to serve STNV under the Hague Convention, Purdue requested from the Court over STNV's opposition "alternative" service because service under the Hague Convention "would cause unnecessary delay and expense." Dkt. No. 12 at 5. Without giving STNV an opportunity to respond, the Court granted Purdue's request and allowed Purdue to serve STNV by serving ST Inc and/or outside counsel. STNV had planned to argue that Purdue should attempt traditional service methods before requesting alternative service under Rule 4(f)(3), as the Court recently required

Jurisdiction over STNV is therefore improper, and Purdue's claims against it must be dismissed under Rule 12(b)(2).

### A. Legal Standard

This Court looks to Federal Circuit law to determine whether it has personal jurisdiction over STNV "because the jurisdictional issue is intimately involved with the substance of the patent laws." *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 522 F.3d 1324, 1328 (Fed. Cir. 2008) (quotation marks omitted). Determining whether personal jurisdiction exists over an out-of-state defendant requires answering two questions: (i) Does the forum state's long-arm statute permit service of process? and (ii) Would the assertion of personal jurisdiction violate due process? *Id.* at 1329. Here, "[b]ecause the Texas long-arm statute has been interpreted as extending to the limit of due process, the two inquiries are the same for district courts in Texas." *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 474 (W.D. Tex. 2016). "The constitutional touchstone for determining whether an exercise of personal jurisdiction comports with due process 'remains whether the defendant purposefully established minimum contacts in the forum state.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))).

---

in *Murolet, LLC v. Schindler Group, AG*, case no. 6:20-cv-01011-ADA (W.D. Tex. September 17, 2021); *Atlas Global Technologies v. ASUSTeK Computer, Inc.*, case no. 6:21-cv-00820-ADA (W.D. Tex. September 23, 2021); and *Cedar Lane Techs. Inc. v. Hitachi Kokusai Elec., Inc.*, case no. 6:21-cv-727-ADA (W.D. Tex. September 27, 2021). The Federal Circuit recently expressed concern over the invocation of service under Rule 4(f)(3) "based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity," like Purdue's request. "Rule 4(f)(3) was not meant to displace the other rules for service in every instance in which alternative means of service are seen as more convenient." *In re: Oneplus Tech. (Shenzhen) Co., Ltd.*, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021).

"'Minimum contacts' may give rise to either general or specific jurisdiction." *Id.* General jurisdiction "requires that the defendant have continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (quotation marks omitted). A court may exercise general jurisdiction "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To determine whether specific jurisdiction exists, the Federal Circuit applies a three-prong test, asking: "(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). "The plaintiff has the burden to show minimum contacts exist under the first two prongs, but the defendant has the burden of proving the exercise of jurisdiction would be unreasonable under the third prong." *Broadway Nat'l*, 173 F. Supp. 3d at 474 (citing *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003)).

**B.   STNV is not subject to jurisdiction in this or any other District in Texas.**

　**1.  General jurisdiction over STNV is improper because STNV is not "at home" in this District.**

"[O]nly a limited set of affiliations with a forum will render a defendant ['at home,' i.e.] amenable to all-purpose jurisdiction there." *Daimler AG*, 571 U.S. at 137.

> With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction. Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. These bases afford plaintiffs recourse to at least one clear and

certain forum in which a corporate defendant may be sued on any and all claims. *Id.* (quotation marks, alterations, and citations omitted).

Purdue has not pleaded any basis for general jurisdiction over STNV. Purdue alleges that jurisdiction over STNV is proper based on "its substantial business in Texas and in this District" and because it "makes, imports, ships, distributes, offers for sale, sells, uses, and advertises . . . its products and/or services in the United States, the State of Texas, and this District." Compl. ¶¶ 9, 10. But as the Supreme Court has explained, to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business" would be "unacceptably grasping." *Daimler AG*, 571 U.S. at 138. Purdue also purports to base general jurisdiction on a stream-of-commerce theory. *See* Compl. ¶ 11. But "[a]lthough the placement of a product into the stream of commerce may bolster an affiliation germane to *specific* jurisdiction, . . . such contacts do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant." *Daimler AG*, 571 U.S. at 132 (emphases in original) (quotation marks omitted).

Purdue is unable to plead general jurisdiction because there are no facts that even suggest that STNV might be "at home" in this District. STNV is incorporated and maintains its corporate legal seat in the Netherlands.[7] It is not registered to conduct business in Texas, and it has no registered agent for service of process in Texas.[8] It has no offices, facilities, real estate,

---

[7] *See* **Ex. A**: Tuinfort Decl. ¶ 4. Purdue incorrectly alleges that STNV is "duly organized and existing under the laws of Switzerland." *See* Compl. ¶ 3. The Netherlands is STNV's actual place of incorporation.

[8] *See* **Ex. A**: Tuinfort Decl. ¶ 11.

bank accounts, or employees in Texas or anywhere else in the United States.[9] Because none of the "paradigm bases for general jurisdiction" over STNV exist, an exercise of all-purpose jurisdiction would be improper. *See id.* at 137.

   2. **Specific jurisdiction over STNV is improper.**

For specific jurisdiction to exist, (i) STNV must have purposefully directed its activities at residents of this forum; (ii) the claim must have arisen out of or relate to those activities; and (iii) the assertion of personal jurisdiction must be reasonable and fair. *See Nuance Commc'ns, Inc*, 626 F.3d at 1231. Purdue's boilerplate jurisdictional allegations fail to establish that any of these factors are met here.

   a. **STNV did not "purposefully direct[] activities at residents of th[is] forum."**

STNV is a holding company incorporated under the laws of the Netherlands where it maintains its corporate legal seat.[10] It does not manufacture, market, distribute, offer to sell, sell, import, export, transport, or service any products or services in or to Texas or anywhere else in the United States.[11] STNV does not publish, own, or operate any website, much less one directed at residents of this District.[12]

Further, Purdue's stream-of-commerce theory is unsupported. *See* Compl. ¶ 11. "The precise requirements of the stream-of-commerce theory of jurisdiction remain unsettled." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1381 (Fed. Cir. 2015). The question is "[w]hether mere placement into the stream of commerce is sufficient to establish jurisdiction, or

---

   [9]  *See* **Ex. A**: Tuinfort Decl. ¶¶ 8–10, 12.
   [10] *See* **Ex. A**: Tuinfort Decl. ¶ 4.
   [11] *See* **Ex. A**: Tuinfort Decl. ¶ 5.
   [12] *See* **Ex. A**: Tuinfort Decl. ¶ 7.

whether intent that the products reach the forum is required." *Id.* "The Federal Circuit has repeatedly refused to endorse either articulation of the stream of commerce theory. Instead, the Federal Circuit's approach is to determine whether the plaintiff can establish minimum contacts—or has failed to establish minimum contacts—under both theories . . . ." *Slyce Acquisition v. Syte-Visual Conception Ltd.*, 422 F. Supp. 3d 1191, 1197 (W.D. Tex. Oct. 22, 2019). Here, a stream-of-commerce theory will not support specific jurisdiction under either test—STNV is a holding company and there has been no showing that it either placed the accused products into the stream of commerce or intended that any such products reach this District.[13]

And if Purdue purports to base stream-of-commerce or purposeful-availment jurisdiction on an agency or alter ego theory, this too fails. Purdue's allegations that STNV may have engaged in certain activities "through subsidiaries and agents" are insufficient. *See* Compl. ¶¶ 10, 11. To demonstrate jurisdiction on an agency theory, Purdue must show that STNV attempted to control or direct the activities of certain identified agents. *See Celgard*, 792 F.3d at 1379. And to "attribute or impute one corporation's jurisdictional contacts with the forum to another corporation [under an alter ego theory,] there must be 'proof of control by [one corporation] over the internal business operations and affairs of [the other].'" *De Bree v. Pac. Drilling, Inc.*, No. H-18-4711, 2019 WL 6186526, at *4 n.3 (S.D. Tex. Oct. 29, 2019), *adopted* 2019 WL 6175209 (S.D. Tex. Nov. 20, 2019) (quoting *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983)). The Complaint contains no allegations of either nature. "As such, [Purdue] has not shown the requisite control for jurisdiction to be premised on the acts of agents. Similarly, [Purdue] has not alleged facts sufficient to base jurisdiction on the acts of an alter ego." *Celgard*, 792 F.3d at 1379.

---

[13] *See* **Ex. A**: Tuinfort Decl. ¶ 5.

**b. Purdue's claim does not "arise out of or relate to" any activities of STNV's.**

Because Purdue cannot show specific jurisdiction over STNV under the first prong of the specific-jurisdiction test, it cannot meet the second. Purdue claims that "Defendants have committed acts of infringement in this District," Compl. ¶ 14, but STNV has not engaged in *any* activities in this District, much less patent infringement. Purdue's claims cannot "arise out of or relate to" conduct that does not exist.

**c. Asserting personal jurisdiction over STNV would be unreasonable and unfair.**

Exercising jurisdiction over a Dutch holding company with no contacts in this forum would violate traditional notions of fair play and substantial justice. The following factors inform the reasonableness inquiry: "(1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Elecs. For Imaging*, 340 F.3d at 1352. An analysis of each factor confirms that jurisdiction would be unreasonable here:

*The burden on the defendant*. The burden on STNV of litigating in this forum would be significant. STNV is a Dutch corporation with its corporate legal seat in the Netherlands.[14] It has no offices here, no employees here, no property here, and is not registered to do business here.[15]

*The interests of the forum state*. Texas has no interest in this case. Purdue is an Indiana university, *see* Compl. ¶¶ 1–4, and STNV is incorporated outside the United States.

*The plaintiff's interest in obtaining relief*. That Purdue may have an interest in pursuing its

---

[14]   *See* **Ex. A**: Tuinfort Decl. ¶ 4.
[15]   *See* **Ex. A**: Tuinfort Decl. ¶¶ 8–9, 11–12.

infringement allegations does not permit it to sue a foreign defendant with no connection to Texas in this Court. Purdue can obtain relief—if any is warranted—from the companies that have legally sufficient activities in this forum upon which to establish jurisdiction.

*The interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies*. It would be inefficient to burden this Court's (or country's) judicial resources with a case to which it has no connection. And jurisdiction here would interfere with foreign interests, because STNV is a citizen of the Netherlands that did not choose to conduct business with or direct any activities toward Texas residents.

The assertion of personal jurisdiction is not only unsupportable under minimum contacts, but it would also offend traditional notions of fair play and substantial justice.

### 3. Jurisdiction is not proper under Rule 4(k)(2).

Finally, Purdue pleads that jurisdiction is proper over STNV under Rule 4(k)(2). *See* Compl. ¶ 12. Rule 4(k)(2) provides:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2). Rule 4(k)(2) "serves as a federal long-arm statute, which allows a district court to exercise personal jurisdiction over a foreign defendant whose contacts with the United States, but not with the forum state, satisfy due process." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1296 (Fed. Cir. 2009).

Purdue alleges no facts supporting its assertion that "[t]his Court has specific jurisdiction over STMicroelectronics N.V. . . . under Fed. R. Civ. P. 4(k)(2)." *See* Compl. ¶ 12. Although Purdue's claims arise under federal law and STNV is not subject to jurisdiction in any state's courts of general jurisdiction, STNV does not have minimum contacts with the United States. It does not manufacture, market, distribute, offer to sell, sell, import, export, transport, or service products or services in or to the United States.[16] It has no offices or facilities in the United States.[17] It owns no real estate, has no bank accounts, and has no employees in the United States.[18] Exercising jurisdiction over STNV would therefore be inconsistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2). An "[e]xercise[] of personal jurisdiction so exorbitant [as what Purdue proposes here] [is] barred by due process constraints on the assertion of adjudicatory authority." *See Daimler*, 571 U.S. at 121–22.

In short, there is no basis for asserting personal jurisdiction over STNV.

## Conclusion

Because STNV has no contacts of any sort with Texas it respectfully requests that the Court dismiss Purdue's claims against it under Rule 12(b)(2).

---

[16]  *See* **Ex. A**: Tuinfort Decl. ¶ 5.

[17]  *See* **Ex. A**: Tuinfort Decl. ¶ 8.

[18]  *See* **Ex. A**: Tuinfort Decl. ¶¶ 9–10, 12.

Dated: October 11, 2021        Respectfully submitted:

By:    */s/ Bruce S. Sostek*
**Bruce S. Sostek**
   SBN 18855700
   Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
   SBN 24003214
   Richard.Wynne@hklaw.com
**Justin S. Cohen**
   SBN 24078356
   Justin.Cohen@hklaw.com
**Nadia E. Haghighatian**
   SBN 24087652
   Nadia.Haghighatian@hklaw.com

**HOLLAND & KNIGHT LLP**
   One Arts Plaza
   1722 Routh St., Suite 1500
   Dallas, Texas 75201
   214.969.1700

**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS N.V., AND STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I certify that on October 11, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which sent notice of the filing to all case participants.

       */s/ Bruce S. Sostek*
       Bruce S. Sostek