IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>    Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS N.V. and<br>STMICROELECTRONICS, INC.,<br><br>    Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMAND |

### CASE READINESS STATUS REPORT

Plaintiff The Trustees of Purdue University ("Plaintiff") and Defendants STMicroelectronics N.V. and STMicroelectronics, Inc. (collectively, "Defendants") hereby provide, in advance of the Case Management Conference, the following status report.

### FILING AND EXTENSIONS

Plaintiff's Complaint was filed on July 14, 2021. There has been one extension for each Defendant, separately and the longer of which is a total of 60 days. *See* ECF Nos. 9 & 19.

### RESPONSE TO THE COMPLAINT

Defendant STMicroelectronics, Inc. filed its answer to the Complaint on October 11, 2021. *See* ECF No. 21. Defendant STMicroelectronics N.V. filed a motion to dismiss for lack of personal jurisdiction on October 11, 2021. *See* ECF No. 22.

### PENDING MOTIONS

There is only one motion pending before the Court: Defendant STMicroelectronics N.V.'s Motion to Dismiss for Lack of Personal Jurisdiction. *See* ECF No. 22.

1

**RELATED CASES IN THIS JUDICIAL DISTRICT**

There are no known related cases.

**IPR, CBM, AND OTHER PGR FILINGS**

There are no known IPR, CBM, or other PGR filings.

**NUMBER OF ASSERTED PATENTS AND CLAIMS**

Plaintiff has asserted two patents and a total of two claims. The asserted patents are U.S. Patent Nos. 7,498,633 and 8,035,112.

**APPOINTMENT OF TECHNICAL ADVISER**

Currently the parties do not believe that a technical adviser will be helpful in this case.

**MEET AND CONFER STATUS**

Plaintiff and Defendants met and conferred. The parties raise the following pre-*Markman* issues:

1. **Early Third Party Discovery**.

    **Plaintiff's Position**:

    Before merits discovery is scheduled to begin following the *Markman* hearing, Plaintiff requests permission to serve third party subpoenas on Defendants' customers who sell products with chips containing ST silicon carbide Power MOSFETs (metal-oxide semiconductor field-effect transistors). Defendants operate as a full-service semiconductor manufacturing foundry that provides a combination of design, development, and fabrication services to many of the world's leading multinational companies, like Apple, Bosch, Continental, Huawei, Nintendo, Samsung, Seagate, and Tesla. Although Defendants support these customers by providing fabrication capacity for their respective chips, Defendants may not know every product of their customers with chips containing

ST silicon carbide Power MOSFETs that is being sold in, shipped to, and/or imported into the United States. Actions that induce someone else to directly infringe a US patent, even if those actions occur entirely outside the United States, can give rise to liability under Section 271(b) of the Patent Act (35 U.S.C. § 271(b)). Third party discovery is necessary to establish, support, and confirm infringement in the United States to support our inducement case and damages case. Consequently, Plaintiff must begin the arduous task of tracing these products on a customer-by-customer basis. This process, complicated further by the COVID-19 pandemic, could take several months. Because of the extensive foreign discovery needed in the case, Plaintiff believes opening discovery for this limited purpose is necessary for the case to progress in accordance with the Court's Order Governing Proceedings – Patent Cases. Finally, in several instances, the Court has permitted parties to begin foreign discovery before the *Markman* hearing. *See, e.g., WSOU Invs. LLC v. OnePlus Tech.,* No. 6:21-cv-00952-ADA, ECF No. 35 (W.D. Tex. Sept. 23, 2021) ("After hearing argument for both sides, the Court determined that he will move the opening of discovery to [before the *Markman*]."); *WSOU Invs., LLC v. Huawei Techs. Co., LTD.,* 6:20-cv-00533-ADA, ECF No. 25 (W.D. Tex. Oct. 21, 2020) (granting Defendants' request for foreign discovery).

**Defendants' Position:**

While Plaintiff cloaks its request as one seeking "foreign discovery," Plaintiff actually intends to subpoena U.S. companies and companies with U.S. operations (e.g., Apple, Bosch, Continental, Huawei, Nintendo, Samsung, Seagate, and Tesla) to obtain information about products that these third parties import into the U.S. That is, Plaintiff is only seeking discovery involving U.S. activities, namely importation. While Plaintiff

3

makes a passing reference to inducement infringement under (35 U.S.C. § 271(b). However, Plaintiff has not pleaded nor articulated any facts supporting an allegations of induced infringement against either Defendant. Nor has Plaintiff explained what foreign discovery it would pursue if allowed to subpoena third parties before *Markman*.

There is no need for pre-*Markman* discovery given that Plaintiff does not need or intend to go through the Hague and obtain discovery from foreign companies or individuals. Notably, one of the two cases Purdue cites in support of its position actually supports Defendants. The Court should maintain its rule that "No discovery is to take place until the *Markman*" as the Court held in a similar discovery dispute in *WSOU Invs., LLC v. Huawei Techs. Co., LTD.,* 6:20-cv-00533-ADA, Minute Entry at ECF No. 25 (W.D. Tex. Oct. 21, 2020).

2.      **Fact Depositions**.

**Plaintiff's Position**:

Given the nature of Defendants' foundry business and the complexities arising from not knowing every product of their customers with chips containing ST silicon carbide Power MOSFETs that is being sold in, shipped to, and/or imported into the United States, Plaintiff anticipates that significant third party discovery will be required and therefore requests permission to take 140 hours of fact depositions (for both party and non-party witnesses combined).

**Defendants' Position**:

This is a two-patent case with a total of two asserted claims.  Yet Plaintiff seeks 140 hours for depositions of fact witnesses, which includes the Parties. There is no indication at this point that additional discovery is needed, especially with respect to

depositions of the fact witnesses of the parties. Plaintiff argues that the additional deposition time is for third parties. However, plaintiffs rarely take depositions of third parties, let alone lengthy depositions. And here, Plaintiff's position is that these third parties would only be relevant for damages, which would likely involve only short depositions at most.

Plaintiff has not demonstrated that this two-patent case warrants such excessive fact discovery at this stage.

3.  **STNV's Motion to Dismiss for Lack of Personal Jurisdiction**

**Defendant STNV's Position**:

STNV has moved to dismiss the case due to lack of personal jurisdiction and requests an early hearing to decide this issue. (ECF No. 22).

STNV is a foreign holding company that does not make, market, distribute, offer to sell, sell, import, export, transport, or service products or services in or to Texas or anywhere else in the United States. Although STNV has been previously named as a defendant in other patent infringement cases, numerous defendants have agreed to dismiss STNV after reviewing STNV's motion to dismiss and accompanying declaration. *See, e.g., Liberty Patents, LLC v. Microchip Tech. Inc. et al.*, ECF No. 37, No 6:21-cv-00078-ADA (W.D. Tex.); and *American GNC Corporation v. OnePlus Technology (Shenzhen) Co., Ltd. et al.*, ECF No. 37, No. 6:20-cv-00171-ADA (W.D. Tex.). STNV requests that its motion to dismiss be heard early and that STNV be dismissed for lack of personal jurisdiction.

**Plaintiff's Position**:

Plaintiff does not believe STNV's motion to dismiss requires a hearing. If the Court hears argument, however, Plaintiff requests an opportunity to address the Court.

4. **Protective Order**. The parties anticipate submitting a proposed form of protective/confidentiality order, or their limited disputes regarding such an order, in the coming weeks.

Dated: October 18, 2021

| | |
|---|---|
| */s/ Mark D. Siegmund* <br> Mark D. Siegmund (SBN 24117055) <br> Of Counsel <br> **SHORE CHAN LLP** <br> 1508 North Valley Mills Drive <br> Waco, Texas 76710 <br> Telephone: (254) 772-6400 <br> msiegmund@shorechan.com <br><br> Alfonso G. Chan (SBN 24012408) <br> Michael W. Shore (SBN 18294915) <br> Samuel E. Joyner (SBN 24036865) <br> Halima Shukri Ndai (SBN 24105486) <br> Raphael Chabaneix (SBN 24118352) <br> **SHORE CHAN LLP** <br> 901 Main Street, Suite 3300 <br> Dallas, Texas 75202 <br> Telephone: (214) 593-9110 <br> Facsimile: (214) 593-9111 <br> achan@shorechan.com <br> mshore@shorechan.com <br> sjoyner@shorechan.com <br> hndai@shorechan.com <br> rchabaneix@shorechan.com <br><br> ***COUNSEL FOR PLAINTIFF*** <br> ***THE TRUSTEES OF PURDUE*** <br> ***UNIVERSITY*** | */s/ Bruce S. Sostek* <br> Bruce S. Sostek (SBN 18855700) <br> Richard L. Wynne, Jr. (SBN 24003214) <br> Justin S. Cohen (SBN 24078356) <br> Nadia E. Haghighatian (SBN 24087652) <br> **HOLLAND & KNIGHT LLP** <br> One Arts Plaza <br> 1722 Routh St., Suite 1500 <br> Dallas, Texas 75201 <br> Telephone: (214) 969-1386 <br> Bruce.Sostek@hklaw.com <br> Richard.Wynne@hklaw.com <br> Justin.Cohen@hklaw.com <br> Nadia.Haghighatian@hklaw.com <br><br> ***COUNSEL FOR DEFENDANTS*** <br> ***STMICROELECTRONICS N.V. AND*** <br> ***STMICROELECTRONICS, INC.*** |

### CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system on October 18, 2021.

*/s// Mark D. Siegmund*
Mark D. Siegmund
