IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>          Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS N.V.,<br>STMICROELECTRONICS<br>INTERNATIONAL N.V., and<br>STMICROELECTRONICS, INC.,<br><br>          Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMAND |

**PURDUE'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE**

Pursuant to Federal Rules of Civil Procedure 4(f)(3) and 4(h)(2), Plaintiff The Trustees of Purdue University ("Purdue") respectfully seeks leave of the Court to serve the First Amended Complaint for Patent Infringement (ECF No. 27) and Summons issued for Defendant STMicroelectronics International N.V. ("ST-INTL") (ECF No. 29) on ST-INTL through

(a) Defendant STMicroelectronics, Inc. ("ST-INC"), a wholly owned U.S.-based subsidiary of Defendant STMicroelectronics N.V. ("STNV") that is an affiliate of ST-INTL, or

(b) Bruce S. Sostek, lead counsel for ST-INC and STNV in this action as well as lead counsel for ST-INC, STNV, and ST-INTL in *Liberty Patents, LLC v. Broadcom Inc. et al.*, No. 6-20-cv-00970-ADA (W.D. Tex.) until that action terminated on July 27, 2021.

1

I.  **BACKGROUND**

On July 14, 2021, Purdue sued STNV and ST-INC for patent infringement. Six days later, ST-INC was served with process. *See* ECF No. 7. Subsequently, Purdue sought leave to effect alternative service on STNV, a Dutch semiconductor company that owns ST-INC. *See* ECF No. 12. On August 14, the Court granted Purdue's motion, permitting service on STNV through ST-INC and/or Defendants' outside counsel, Mr. Sostek. *See* Text Order (entered Aug. 14, 2021).

On October 25, 2021, as permitted under Rule 15(a), Purdue filed its First Amended Complaint for Patent Infringement, adding ST-INTL as a defendant in this lawsuit. *See* ECF No. 27. ST-INTL, a "wholly-owned subsidiary of [STNV],"[1] is "a company incorporated under the laws of the Netherlands, having its registered offices at WTC Schiphol Airport, Schiphol boulevard 265, 1118 BH Luchthaven Schiphol, Amsterdam, The Netherlands, acting through its Swiss branch at 39, Chemin du Champ-des-Filles, CH-1228 Geneva – Plan-Les-Ouates, Switzerland."[2] To avoid unnecessary costs, counsel for Purdue asked Mr. Sostek to confirm (1) whether he was authorized to accept service of the First Amended Complaint and Summons on ST-INL's behalf and, if not, (2) whether ST-INTL would agree to waive service under Rule 4.[3] In response, Mr. Sostek stated that he was "not authorized to accept service on behalf of ST International or to agree (or not agree) to waive service."[4]

Purdue now requests similar relief from the Court, which was already granted previously, to serve ST-INTL by means of service on ST-INC and/or Mr. Sostek. Given the long and costly delays when serving a foreign corporation, Purdue's request is appropriate, as detailed below.

---

[1] *Liberty Patents, LLC v. Broadcom Inc.*, No. 6:20-cv-00970-ADA, (W.D. Tex. Dec. 23, 2020), ECF No. 60 (STNV and ST-INTL's Rule 7.1(a) Disclosure Statement) at 1.
[2] ST-INTL's "Terms of Use" for Website, https://www.st.com/content/st_com/en/common/terms-of-use.html (last visited Oct. 25, 2021).
[3] Declaration of Samuel E. Joyner, attached hereto as Exhibit A, at 2-3 (¶¶ 3-4).
[4] *Id.* at 3 (¶ 5).

## II.    ARGUMENT

Rule 4(h) governs service of foreign corporations, and it refers to Rule 4(f) for serving a foreign corporation outside of the United States. FED. R. CIV. P. 4(h)(2). Under Rule 4(f), service upon a foreign corporation can be accomplished in several ways: (1) "by any internationally agreed means of service that is reasonably calculated to give notice" (*e.g.*, the Hague Convention); (2) in the absence of an international agreement, by means "reasonably calculated to give notice"; **_or_** (3) by "**other means not prohibited by international agreement, as the court orders**." FED. R. CIV. P. 4(f)(1)-(3) (emphasis added). "By its plain language and syntax, Rule 4(f)'s alternatives are not a last resort," nor are they any less favored than service under other subsections." *See Affinity Labs of Tex., LLC v. Nissan N. Am., Inc.*, No. 6:13-CV-369-WSS, 2014 WL 11342502, at *2 (W.D. Tex. Jul. 2, 2014) (Smith, J.) (internal quotations omitted); *see also Gramercy Ins. Co. v. Kavanagh*, No. 3:10-CV-1254, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011) (Fitzwater, C.J.) ("Rule 4(f) does not create a hierarchy of preferred means of service, and service ordered pursuant to Rule 4(f)(3) is as favored as service available under other subparts."); *WorldVentures Holdings, LLC v. Mavie*, No. 4:18-CV-393, 2018 WL 6523306, at *13-14 (E.D. Tex. Dec. 12, 2018).

As this Court has held, "so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Affinity Labs*, 2014 WL 11342502, at *1, *4 (emphasis original). To comport with due process, the method of service crafted by the Court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

A.  **Alternative Service of Process is Not Barred by International Agreement.**

Purdue's proposed method of service—*i.e.*, service on ST-INC and/or Defendants' outside counsel—is within the scope of the Court's authority under Rule 4(f)(3), which requires only that service be "(1) directed by the court; and (2) not prohibited by international agreement." *Affinity Labs*, 2014 WL 11342502, at *1. As this Court has previously held, service pursuant to the Hague Convention procedures is not mandatory if domestic service on a foreign corporation is (or can be) effected properly. *Affinity Labs*, 2014 WL 11342502, at *2 ("If alternative means to effectuate service exist, strict compliance with the service requirements under the Hague [Convention] is not always mandatory.") *Id.*

Here, like in *Affinity Labs*, Purdue requests that the Court authorize service on ST-INTL through ST-INC and/or Defendants' outside counsel. Neither method requires the transmittal of service documents abroad, as ST-INC and Mr. Sostek are located in the United States. Thus, the Hague Convention does not prohibit service on ST-INTL through ST-INC and/or Mr. Sostek.[5]

B.  **The Proposed Means of Service Does Not Violate Due Process.**

Service through ST-INTL's U.S.-based affiliate ST-INC (which, like ST-INTL, is one of STNV's wholly owned subsidiaries) or Defendants' outside counsel satisfies due process. In *Affinity Labs*, the Court relied on Rule 4(f)(3) to effect service on a foreign corporation's wholly owned U.S. subsidiary, concluding that such service "meets the constitutional threshold of due process." *Affinity Labs*, 2014 WL 11342502, at *4. Due process requires that the method of service crafted by the Court provide "reasonable notice and an opportunity to be heard." *Fundamental*

---

[5] *See In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (confirming that "[i]n many instances courts have authorized service under Rule 4(f)(3) on an unserved party's counsel."). Here, Mr. Sostek was ST-INTL's lead counsel in at least two other lawsuits recently pending before this Court. *See Liberty Patents, LLC v. Microchip Tech. Inc. et al.,* No. 6-21-cv-00078, ECF Nos. 21, 26, 37, 38, 42, 43, 45, 53 (W.D. Tex.); *Liberty Patents, LLC v. Broadcom Inc. et al.*, No. 6-20-cv-00970-ADA, ECF Nos. 59, 60, 66, 67, 74, 85 (W.D. Tex.). In these two lawsuits, Mr. Sostek also served as lead counsel for ST-INC and STNV. *See id.*

*Innovation Sys. Int'l., LLC v. ZTE Corp.*, No. 3:17-CV-01827-N, 2018 WL 3330022, at *5 (N.D. Tex. Mar. 16, 2018) (Godbey, J.). This only requires that "[t]he means employed must be such as one desirous of actually informing the absentee. … The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected." *Mullane*, 339 U.S. at 315.

Here, Purdue's requested method of service aligns with the method the Court in *Affinity Labs* found sufficient to satisfy due process. The result here would be the same, sufficient process that both provides ST-INTL notice of this lawsuit and an opportunity to defend against it. ST-INTL and ST-INC are both wholly owned subsidiaries of STNV.[6] Moreover, ST-INC and STNV responded to Purdue's Original Complaint for Patent Infringement and Demand for Jury Trial without challenging Purdue's method of service. *See* ECF Nos. 21, 22. Additionally, as discussed above, Mr. Sostek currently represents certain of Defendants in this lawsuit, and he has recently represented all of them in other lawsuits pending before this Court.

C. **Alternative Service of Process is Justified.**

Purdue's proposed alternative method is justified because service under the Hague Convention would cause unnecessary delay and expense. Indeed, "courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)." *Affinity Labs*, 2014 WL 11342502, at *3 (quoting *In re GLG*, 287 F.R.D. at 266); *see In re GLG*, 287 F.R.D. at 266 (ordering alternative service because "the length of time required for service under the Hague Convention, approximately six to eight months … may unnecessarily delay this case"); *Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 562-66 (C.D. Cal. 2012) (ordering alternative service and noting that service of defendant under the Hague

---

[6] *See* https://www.sec.gov/Archives/edgar/data/932787/000156459021008102/stm-ex81_9.htm.

Convention would take four to six months). Moreover, the Federal Circuit recently denied a mandamus challenge to the Court's exercise of discretion under Rule 4(f)(3), again finding that "courts have recognized that delay and expense are factors that legitimately bear on whether to issue an order for alternative service." *In re OnePlus Technology (SHENZHEN) Co., Ltd.,* No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. 2021) (denying OnePlus's mandamus petition because the Court did not abuse its discretion in granting alternative service). And as this Court and numerous others have also held: "saving time and expense are valid reasons to request an alternative method of service." *Affinity Labs*, 2014 WL 11342502, at *3; *see also Baker Hughes Inc. v. Homa*, No. H-11-3757, 2012 WL 1551727, at *16-17 (S.D. Tex. Apr. 30, 2012) (Rosenthal, J.) (holding that avoiding additional cost is a sufficient justification for seeking an alternative method of service). This is particularly true in this case, as both ST-INC and STNV have responded to Purdue's complaint, which triggers the invocation of the Court's OGP and begins setting the schedule for the case. Any lengthy delay in serving ST-INTL, which is a wholly owned subsidiary of the same entity already sued and represented by the same counsel, would only unnecessarily delay the resolution of this lawsuit.

### III.  CONCLUSION

For the foregoing reasons, Purdue respectfully asks the Court to grant this motion and enter an order approving alternative service of process on ST-INTL through ST-INC and/or Mr. Sostek.

Dated: October 28, 2021                    Respectfully submitted,

*/s/ Mark D. Siegmund*
Mark D. Siegmund
Texas Bar No. 24117055
mark@swclaw.com
**STECKLER WAYNE COCHRAN CHERRY, PLLC**
8416 Old McGregor Rd.
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689


Alfonso G. Chan (Texas 24012408)
Michael W. Shore (Texas 18294915)
Samuel E. Joyner (Texas 24036865)
Halima Shukri Ndai (Texas 24105486)
Raphael Chabaneix (Texas 24118352)
**SHORE CHAN LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: 214-593-9110
Facsimile: 214-593-9111
achan@shorechan.com
mshore@shorechan.com
sjoyner@shorechan.com
hndai@shorechan.com
rchabaneix@shorechan.com

*COUNSEL FOR PLAINTIFF*
*THE TRUSTEES OF PURDUE UNIVERSITY*

**CERTIFICATE OF CONFERENCE**

I certify that, prior to the filing of this motion, I conferred (by email) with opposing counsel, Bruce Sostek, regarding the relief Purdue seeks in this motion. Mr. Sostek informed me that he was "not authorized to accept service on behalf of ST International or to agree (or not agree) to waive service." Defendants STMicroelectronics N.V. and STMicroelectronics, Inc. oppose the relief Purdue seeks in this motion.

*/s/ Samuel E. Joyner*
Samuel E. Joyner

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system on October 28, 2021.

*/s/ Mark D. Siegmund*
Mark D. Siegmund
