IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>        Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS N.V.,<br>STMICROELECTRONICS<br>INTERNATIONAL N.V., and<br>STMICROELECTRONICS, INC.,<br><br>        Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMAND |

**PURDUE'S RESPONSE TO DEFENDANTS' SUPPLEMENT
TO CASE READINESS STATUS REPORT**

The Court should reject Defendants STMicroelectronics N.V. and STMicroelectronics, Inc.'s requests for "an actual Zoom CMC" after the Court "move[s] it back two weeks from its current 'deemed' date of November 1, 2021."[1] First, Defendants fail to identify a single issue that needs resolution pre-*Markman* resulting from Purdue exercising a right under Federal Rule of Civil Procedure 15(a) to amend its pleading once as a matter of course. That Purdue did so "[w]ithout consulting Defendants, and only five business days after filing the CRSR,"[2] is of no consequence to the instant analysis.

Second, Defendants offer no explanation for how or why adding Defendant STMicroelectronics International N.V. and asserting "five additional claims (including one independent claim)"[3] creates a pre-*Markman* issue. Instead, Defendants baldly assert their

---
[1] ECF No. 30 at 1.
[2] *Id.* at 2.
[3] *Id.*

1

viewpoints: "Purdue has significantly altered the status of this case";[4] "The FAC makes substantial changes to Purdue's allegations in this case";[5] and "[Purdue] seems to have altered some of [its] infringement theories." But such *ipse dixit* assertions do not establish that any pre-*Markman* issue exists, nor do they provide a basis for the relief sought in Defendants' "supplement."

Third, counsel for Defendants spurned counsel for Purdue's request to file a joint supplemental CRSR (if one was needed) after meeting and conferring about "how [allegedly] Purdue's new allegations, including against an entirely new and not yet served legal entity, impacts the Parties' respective positions and this case's readiness status."[6] A true and correct copy of the exchange that originated with Defendants' counsel emailing Purdue's counsel the "supplement" on October 27 at 11:12pm and stating it "will be fil[ed] … tomorrow" without Purdue's input is attached as Exhibit A. Such behavior cannot be rewarded by this Court using its powers to grant Defendants a reprieve from their own misdeeds.

For the reasons above, Defendants' requests should be denied in their entirety. Additionally, because Defendants' "supplement" failed to include a "Pending Motions" section, Purdue provides one as follows:

## **PENDING MOTIONS**

Currently, only Purdue's Motion for Leave to Effect Alternative Service (ECF No. 31) is pending before the Court. Defendant STMicroelectronics N.V.'s Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 22) was mooted by Purdue's First Amended Complaint for Patent Infringement (ECF No. 27).

---

[4] *Id.* at 1.
[5] *Id.* at 2.
[6] *Id.* (MEET AND CONFER STATUS) at 2 ("Defendants plan to meet and confer with Purdue regarding how Purdue's new allegations, including against an entirely new and not yet served legal entity, impacts the Parties' respective positions and this case's readiness status.").

Dated: October 29, 2021          Respectfully submitted,

*/s/ Samuel E. Joyner*
Mark D. Siegmund
Texas Bar No. 24117055
mark@swclaw.com
**STECKLER WAYNE COCHRAN CHERRY, PLLC**
8416 Old McGregor Rd.
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689


Alfonso G. Chan (Texas 24012408)
Michael W. Shore (Texas 18294915)
Samuel E. Joyner (Texas 24036865)
Halima Shukri Ndai (Texas 24105486)
Raphael Chabaneix (Texas 24118352)
**SHORE CHAN LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: 214-593-9110
Facsimile: 214-593-9111
achan@shorechan.com
mshore@shorechan.com
sjoyner@shorechan.com
hndai@shorechan.com
rchabaneix@shorechan.com

*COUNSEL FOR PLAINTIFF*
*THE TRUSTEES OF PURDUE UNIVERSITY*

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system on October 29, 2021.

*/s/ Samuel E. Joyner*
Samuel E. Joyner
