IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>            Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC.,<br><br>            Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMANDED |

**PURDUE'S ANSWER TO STMICROELECTRONIC, INC.'S COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant The Trustees of Purdue University ("Purdue") answers herein Defendant STMicroelectronics, Inc.'s ("ST-INC") counterclaims ("Counterclaims") with numbered paragraphs corresponding to like-numbered paragraphs of the Counterclaims as follows.[1] Unless expressly admitted, all averments asserted by ST-INC in its Counterclaims are denied.

**ANSWER TO COUNTERCLAIMS**

**NATURE OF THE ACTION**

125.    Paragraph 125 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that by way of its Counterclaims ST-INC seeks declarations of non-infringement and invalidity of U.S. Patent No. 7,498,633 ("the '633 Patent") and U.S. Patent No. 8,035,112 ("the '112 Patent").

---

[1] *See* ECF No. 21 (ST-INC's Counterclaims) at 26-33.

## PARTIES

126. Purdue admits, on information and belief, the allegations of Paragraph 126.

127. Purdue admits the allegations of Paragraph 127.

## JURISDICTION AND VENUE

128. Paragraph 128 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits this Court has jurisdiction over the subject matter of ST-INC's counterclaims seeking declarations of non-infringement and invalidity of U.S. Patent No. 7,498,633 and U.S. Patent No. 8,035,112.

129. Paragraph 129 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits it does not contest this Court's power over Purdue for the purposes of resolving ST-INC's counterclaims seeking declarations of non-infringement and invalidity of U.S. Patent No. 7,498,633 and U.S. Patent No. 8,035,112.

130. Paragraph 130 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits it does not contest this Court's venue over ST-INC's counterclaims seeking declarations of non-infringement and invalidity of U.S. Patent No. 7,498,633 and U.S. Patent No. 8,035,112.

131. Paragraph 131 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that a dispute exists between Purdue and ST-INC regarding ST-INC's counterclaims seeking declarations of non-infringement and invalidity of U.S. Patent No. 7,498,633 and U.S. Patent No. 8,035,112.

## First Counterclaim
### (Declaration of Non-infringement of the '633 Patent)

132. Paragraph 132 purports to reallege and incorporates by reference the allegations contained in Paragraphs 125-131 of the Counterclaims. Purdue incorporates by reference its answers to those paragraphs and otherwise denies the allegations of Paragraph 132 in all respects.

133. Purdue admits the allegations of Paragraph 133.

134. Purdue admits the allegations of Paragraph 134.

135. Purdue denies the allegations of Paragraph 135.

136. Purdue denies the allegations of Paragraph 136.

137. Paragraph 137 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that in Paragraph 137 ST-INC "requests a judicial declaration that it has not infringed, and does not infringe, any valid and enforceable claim of the '633 Patent, either directly or indirectly, individually or jointly, or literally or under the doctrine of equivalents."

138. Purdue denies the allegations of Paragraph 138.

## SECOND COUNTERCLAIM
### (Declaration of Non-infringement of the '112 Patent)

139. Paragraph 139 purports to reallege and incorporates by reference the allegations contained in Paragraphs 125-138 of the Counterclaims. Purdue incorporates by reference its answers to those paragraphs and otherwise denies the allegations of Paragraph 139 in all respects.

140. Purdue admits the allegations of Paragraph 140.

141. Purdue admits the allegations of Paragraph 141.

142. Purdue denies the allegations of Paragraph 142.

143. Purdue denies the allegations of Paragraph 143.

144. Paragraph 144 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that in Paragraph 144 ST-INC "requests a judicial declaration that it has not infringed, and does not infringe, any valid and enforceable claim of the '112 Patent, either directly or indirectly, individually or jointly, or literally or under the doctrine of equivalents."

145. Purdue denies the allegations of Paragraph 145.

### THIRD COUNTERCLAIM
### (Declaration of Invalidity of the '633 Patent)

146. Paragraph 146 purports to reallege and incorporates by reference the allegations contained in Paragraphs 125-145 of the Counterclaims. Purdue incorporates by reference its answers to those paragraphs and otherwise denies the allegations of Paragraph 146 in all respects.

147. Purdue admits the allegations of Paragraph 147.

148. Purdue admits the allegations of Paragraph 148.

149. Purdue denies the allegations of Paragraph 149, except that Purdue admits that in the pending litigation between Purdue and ST-INC in the Western District of Texas there is an existing and actual case and controversy regarding ST-INC's infringement of the asserted claims of the '633 Patent and the validity of those claims in view of "35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the non-statutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto."

150. Purdue denies the allegations of Paragraph 150.

151. Paragraph 151 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that in Paragraph 151 ST-INC "requests a judicial declaration that that one or more claims of the '633 Patent are invalid and/or unenforceable at least because they fail to satisfy one or more conditions for patentability specified in 35 U.S.C. § 101 *et*

*seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the nonstatutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto., the non-statutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto."

152. Purdue denies the allegations of Paragraph 152.

**FOURTH COUNTERCLAIM**
**(Declaration of Invalidity of the '112 Patent)**

153. Paragraph 153 purports to reallege and incorporates by reference the allegations contained in Paragraphs 125-152 of the Counterclaims. Purdue incorporates by reference its answers to those paragraphs and otherwise denies the allegations of Paragraph 153 in all respects.

154. Purdue admits the allegations of Paragraph 154.

155. Purdue admits the allegations of Paragraph 155.

156. Purdue denies the allegations of Paragraph 156, except that Purdue admits that in the pending litigation between Purdue and ST-INC in the Western District of Texas there is an existing and actual case and controversy regarding ST-INC's infringement of the asserted claims of the '112 Patent and the validity of those claims in view of "35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the non-statutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto."

157. Purdue denies the allegations of Paragraph 157.

158. Paragraph 158 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that in Paragraph 158 ST-INC "requests a judicial declaration that that one or more claims of the '112 Patent are invalid and/or unenforceable at least because they fail to satisfy one or more conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the nonstatutory

doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto."

159.   Purdue denies the allegations of Paragraph 159.

### DEMAND FOR JURY TRIAL

160.   Purdue admits that in Paragraph 160 ST-INC "requests a trial by jury on all issues so triable."

### PRAYER FOR RELIEF

ST-INC is not entitled to judgment in its favor or to any of the relief it requests, either prayed for in subparagraphs (1)-(8) of the Counterclaims or otherwise, and Purdue denies any allegations to the contrary. Purdue further denies each and every allegation of the Counterclaims to which Purdue has not specifically admitted, denied, or otherwise responded herein.

Dated: November 1, 2021                    Respectfully submitted,

/s/ Mark D. Siegmund
Mark D. Siegmund
Texas Bar No. 24117055
mark@swclaw.com
**STECKLER WAYNE COCHRAN CHERRY, PLLC**
8416 Old McGregor Rd.
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689


Alfonso G. Chan (Texas 24012408)
Michael W. Shore (Texas 18294915)
Samuel E. Joyner (Texas 24036865)
Halima Shukri Ndai (Texas 24105486)
Raphael Chabaneix (Texas 24118352)
**SHORE CHAN LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111
achan@shorechan.com
mshore@shorechan.com
sjoyner@shorechan.com
hndai@shorechan.com
rchabaneix@shorechan.com

***COUNSEL FOR PLAINTIFF***
***THE TRUSTEES OF PURDUE UNIVERSITY***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system on November 1, 2021.

/s/ Mark D. Siegmund
Mark D. Siegmund