IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS, N.V., ET AL.<br><br>Defendants. | CASE NO. 6:21–CV–00727-ADA<br><br>JURY TRIAL DEMANDED |

**STMICROELECTRONICS INTERNATIONAL N.V.'S RESPONSE TO
PLAINTIFF'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE**

Defendant STMicroelectronics International N.V. ("ST Intl") files this response to Plaintiff The Trustees of Purdue University ("Purdue")'s Motion for Leave to Effect Alternative Service [Dkt. 31].[1] In short, Purdue has made no efforts to serve ST Intl, and alternative service is therefore not appropriate. As explained below, the steps outlined by Purdue in its motion and affidavit are not efforts to "serve" ST Intl—they are efforts to avoid having to serve—and are therefore insufficient to permit alternative service. Per this Court's recent rulings, Purdue should first make "some effort to **serve**." Accordingly, the Court should deny the Motion.

**BACKGROUND**

Purdue's Original Complaint in this matter asserted claims against Defendants STMicroelectronics, Inc. ("ST Inc") and STMicroelectronics N.V. and ("STNV"). On October 25, 2021, Purdue filed its First Amended Complaint [Dkt. 27], which added ST Intl—a Netherlands company—as a Defendant.

---

[1] By filing this Response, ST-INTL neither concedes that this Court has jurisdiction over it nor waives service.

Rather than attempting to serve the complaint on ST Intl, Purdue tried to avoid having to do so. Namely, counsel for Purdue contacted Bruce Sostek, counsel for ST Inc and STNV, inquiring (1) whether Mr. Sostek was authorized to accept service on behalf of ST Intl and, if not, (2) whether ST Intl would agree to waive service. [Dkt. 31 at Ex. 1] Mr. Sostek responded that neither he nor his firm had been engaged to represent ST Intl in this matter and thus he was not authorized to accept service or to agree to waive service for ST Intl.[2] [*Id.*] Purdue's motion omits the relevant portion of Mr. Sostek's response, namely that his firm had not been engaged to represent ST Intl and therefore could not accept or waive service.

Purdue has made no attempt to actually serve ST Intl. By its Motion, Purdue requests that the Court grant leave for Purdue to serve ST Intl through ST Inc or through Mr. Sostek instead of attempting actual service. The Court should deny the Motion.

### ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 4(h) governs the service of foreign entities such as ST Intl. Under Rule 4(f), service upon ST Intl can be accomplished (1) "by any internationally agreed means of service that is reasonably calculated to give notice," such as the Hague Convention; (2) "if there is no internationally agreed means … by a method that is reasonably calculated to give notice"; or (3) by "other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(1)-(3).

The Court should deny Purdue's request for alternative service under Rule 4(f)(3) because Purdue has not attempted to serve ST Intl via conventional methods of service. Although the Netherlands is a signatory to the Hague Convention, Purdue has made no attempt whatsoever to serve ST Intl through the Hague Convention, arguing that compliance with the international treaty

---

[2] ST Intl did not retain Mr. Sostek in this matter until after Purdue filed the Motion.

would "cause unnecessary delay and expense." Mot. at 5. Crucially, however, the Federal Circuit has been critical of the "invocation of alternative means of service under Rule 4(f)(3) based on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity." *In re OnePlus Tech. (Shenzhen) Co.*, 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021). As the Federal Circuit explained, "Rule 4(f)(3) was not meant to displace the other rules for service in every instance in which alternative means of service are seen as more convenient." *Id.* But by its Motion, Purdue requests that the Court invoke Rule 4(f)(3) to do just that. And in support of that argument, Purdue cites cases that precede the Federal Circuit's clear guidance in *OnePlus* that alternative service is not warranted "in every case in which more conventional means of service would be merely inconvenient." *Id.* at *4.

Indeed, in the wake of *OnePlus*, this Court has repeatedly denied such requests to evade Rule 4(f)(1). *See* Order Denying Plaintiffs' Motion for Alternative Service [ECF No. 70] at 2, *Monolithic Power Systems, Inc. v. Meraki Inegrated Circuit (Shenzen) Tech. Ltd.*, No. 6:20-CV-00875-ADA (W.D. Tex. Oct. 25, 2021), ECF No. 84 ("*Monolithic* Order") ("The Court will not permit alternative service here where MPS has not shown that it has at least made some effort to serve QBT and STIT through other means first."); Order Denying Plaintiff's Motion for Alternative Service [ECF No. 11], *Cedar Lane Techs., Inc. v. Hitachi Kokusai Elec., Inc.*, No. 6:21-CV-00423-ADA (W.D. Tex. Sept. 27, 2021), ECF. No. 12 (similar); Order Denying Plaintiff's Motion for Alternative Service [ECF No. 19], *Atlas Global Techs. v. ASUSTeK Comput., Inc.*, No. 6:21-CV-00820-ADA (W.D. Tex. Sept. 21, 2021), ECF No. 20 (similar). As this Court has explained, "district courts are more likely to permit alternative service … if service in compliance with the Hague Convention was attempted." *Monolithic* Order at 3 (citing *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 106909

(W.D. Tex. June 17, 2020) (collecting cases)). "[T]his Court has time-and-again recognized that "principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *Id.*

Simply emailing a lawyer, even if they previously appeared for ST Intl in a now-closed matter, is insufficient to justify alternative service.[3] As the Federal Circuit has acknowledged, "[t]he mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service." *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997). This basic legal principle does not change simply because an attorney has been retained to represent that client in litigation. *Id.* ("Even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service."). And, again, this Court has explained that attempted compliance with the Hague Convention is preferred prior to considering requests for alternative service. *Terrestrial Comms*, 2020 U.S. Dist. LEXIS 106909.

Finally, Purdue's concerns about delay are an issue of its own creation. Purdue filed this case on July 14, 2021 against STNV and ST Inc. [Dkt. 1] There has been no discovery yet. Had Purdue believed that ST Intl was a proper defendant, Purdue could have filed suit against all ST entities at the same time. Purdue's three month delay in adding ST Intl as a defendant does not justify failing to at least attempt to comply with the Hague Convention. Because Purdue has failed to satisfy the requirements for alternative service, the Court should deny the Motion.

## CONCLUSION AND PRAYER

For the foregoing reasons, the Court should deny the Motion.

---

[3] At the time Purdue emailed Mr. Sostek, he had not yet been retained in this matter.

Dated: November 1, 2021

Respectfully submitted:

By: */s/ Justin S. Cohen*
**Bruce S. Sostek**
  SBN 18855700
  Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
  SBN 24003214
  Richard.Wynne@hklaw.com
**Justin S. Cohen**
  SBN 24078356
  Justin.Cohen@hklaw.com
**Nadia E. Haghighatian**
  SBN 24087652
  Nadia.Haghighatian@hklaw.com

HOLLAND & KNIGHT LLP
  One Arts Plaza
  1722 Routh St., Suite 1500
  Dallas, Texas 75201
  214.969.1700

ATTORNEYS FOR DEFENDANT
STMICROELECTRONICS INTERNATIONAL N.V.

### CERTIFICATE OF SERVICE

I certify that on November 1, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which sent notice of the filing to all case participants.

  */s/ Justin S. Cohen*
  Justin S. Cohen