IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS N.V.,<br>STMICROELECTRONICS<br>INTERNATIONAL N.V., and<br>STMICROELECTRONICS, INC.,<br><br>　　　　Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMAND |

**PURDUE'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE**

  ST-INTL objects to alternative service as an attempt to further delay resolution of this lawsuit rather than as a method of ensuring ST-INTL's appraisal of Purdue's complaint. Not four days after Purdue requested lead counsel for ST-INC and STNV accept service for ST-INTL, Mr. Sostek appeared as lead counsel for ST-INTL by responding to Purdue's motion on ST-INTL's behalf. Even more, ST-INTL's sister company ST-INC and parent company STNV—who owns 100% of ST-INTL and is believed to be the entity that supervises, directs, and controls ST-INTL— have both been served with process and are represented by the exact same counsel in this case. This is a very instance where Rule 4(f)(3) relief makes the most sense.

  ST-INTL provides no legal or practical reason why the requested relief should be denied until Purdue has "attempted . . . service . . . through the Hague Convention."[1] As its plain language makes clear, service under Rule 4(f)(3) must be (1) directed by the Court and (2) not prohibited by

---

[1] ECF No. 35 (ST-INTL's Response) at 2.

1

international agreement. No other limitations are evident from the text. Additionally, "a plaintiff does not have to attempt to effect service under Rule 4(f)(1) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-cv-00597-ADA, 2020 WL 3270832, at *2 (W.D. Tex. June 17, 2020) (permitting alternative service by email). And none of ST-INTL's cited authority holds to the contrary.

ST-INTL suggests that, since "the Netherlands is a signatory to the Hague Convention,"[2] the use of the Convention service mechanisms is mandatory. Not so. Article I of the Convention states that it "shall apply in all cases, in civil or commercial matters, *where there is occasion to transmit a judicial or extrajudicial document for service abroad*." THE INTERNATIONAL CONVENTION ON THE SERVICE ABROAD OF JUDICIAL AND EXTRAJUDICIAL DOCUMENTS IN CIVIL OR COMMERCIAL MATTERS, 20 U.S.T. 362, T.I.A.S. 6638, Art. 1. (emphasis added). If valid service occurs in the United States, therefore, the Convention is not implicated regardless of the location of ST-INTL. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Convention has no further implications. Whatever internal, private communications take place between the agent and a foreign principal are beyond the concerns of this case"). Because effecting service of process through ST-INTL's U.S. counsel, Mr. Sostek, is not prohibited by the Hague Convention or any other international agreement, the Court may use its discretion to authorize such an alternative service of process. *See* Order Granting Plaintiff's Motion for Leave to Effect Alternative Service on Defendant Taiwan Semiconductor Manufacturing Company Limited at 2, *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*, No.

---

[2] *Id.*

6:19-cv-00261-ADA (W.D. Tex. May 29, 2019), ECF No. 13 (authorizing service of process through the defendant's U.S. counsel, including solely via email).

Effecting service of process on Mr. Sostek erases any material doubt that ST-INTL will be provided notice of this lawsuit. Further, service on Mr. Sostek avoids the unnecessary time and expense ordinarily needed to effectuate service on a party, like ST-INTL, based thousands of miles away. Purdue's proposed method of alternative service is justified because effecting service of process upon Mr. Sostek will more than reasonably apprise ST-INTL of the pendency of this suit and give ST-INTL an opportunity to present its objections—satisfying due process. For all of the above-stated reasons and the reasons set for in its motion, Purdue requests that the Court grant Purdue's motion and enter an order authorizing alternative service of process on ST-INTL through Mr. Sostek and/or ST-INC.

| | |
|---|---|
| Dated: November 8, 2021 | Respectfully submitted,<br><br>*/s/ Mark D. Siegmund*<br>Mark D. Siegmund<br>Texas Bar No. 24117055<br>mark@swclaw.com<br>**STECKLER WAYNE COCHRAN CHERRY, PLLC**<br>8416 Old McGregor Rd.<br>Waco, Texas 76712<br>Telephone: (254) 651-3690<br>Facsimile: (254) 651-3689<br><br>Alfonso G. Chan (Texas 24012408)<br>Michael W. Shore (Texas 18294915)<br>Samuel E. Joyner (Texas 24036865)<br>Halima Shukri Ndai (Texas 24105486)<br>Raphael Chabaneix (Texas 24118352)<br>**SHORE CHAN LLP**<br>901 Main Street, Suite 3300<br>Dallas, Texas 75202<br>Telephone: 214-593-9110<br>Facsimile: 214-593-9111<br>achan@shorechan.com<br>mshore@shorechan.com<br>sjoyner@shorechan.com<br>hndai@shorechan.com<br>rchabaneix@shorechan.com<br><br>***COUNSEL FOR PLAINTIFF***<br>***THE TRUSTEES OF PURDUE UNIVERSITY*** |

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system on November 8, 2021.

*/s/ Mark D. Siegmund*
Mark D. Siegmund