IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br>   Plaintiff,<br><br>   v.<br><br>STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC.,<br>   Defendants. | 6:21-cv-00727-ADA |

**JOIN<u>T MOTION FOR ENTRY OF SCHEDULING ORDER</u>**

Pursuant to paragraph 3 of the Court's Order Governing Proceedings – Patent Cases (ECF No. 24), plaintiff The Trustees of Purdue University ("Purdue") and defendants STMicroelectronics N.V.,[1] STMicroelectronics International N.V.,[2] and STMicroelectronics, Inc. (collectively, "ST") file this joint motion for entry of scheduling order. The parties' have two disputes to submit to the Court. The first dispute concerns Purdue's request for permission to serve third party subpoenas before the *Markman* hearing. The second is a request for a modest extension to the invalidity contention deadline for the ST defendants. The parties' respective position is set forth below, followed by proposed dates for the Court's scheduling order.

---

[1] STMicroelectronics N.V. filed a motion to dismiss for lack of personal jurisdiction on November 8, 2021. Purdue's response deadline is November 22, 2021.
[2] STMicroelectronics International N.V. has not been served yet. Purdue's motion for leave to effect alternative service on STMicroelectronics International N.V. is fully briefed and ripe for resolution.

1

**Purdue's Position**

Before merits discovery is scheduled to begin following the *Markman* hearing, Purdue requests permission to serve third party subpoenas on Defendants' customers who sell products with chips containing ST silicon carbide Power MOSFETs (metal-oxide semiconductor field-effect transistors). Defendants operate as a full-service semiconductor manufacturing foundry that provides a combination of design, development, and fabrication services to many of the world's leading multinational companies, like Apple, Bosch, Continental, Huawei, Nintendo, Samsung, Seagate, and Tesla. Although Defendants support these customers by providing fabrication capacity for their respective chips, Defendants may not know every product of their customers with chips containing ST silicon carbide Power MOSFETs that is being sold in, shipped to, and/or imported into the United States. Actions that induce someone else to directly infringe a US patent, even if those actions occur entirely outside the United States, can give rise to liability under Section 271(b) of the Patent Act (35 U.S.C. § 271(b)). Third party discovery is necessary to establish, support, and confirm infringement in the United States to support Purdue's inducement case and damages case. Consequently, Purdue must begin the arduous task of tracing these products on a customer-by-customer basis. This process, complicated further by the COVID-19 pandemic, could take several months. Because of the extensive foreign discovery needed in the case, Purdue believes opening discovery for this limited purpose is necessary for the case to progress in accordance with the Court's Order Governing Proceedings – Patent Cases. Finally, in several instances, the Court has permitted parties to begin foreign discovery before the *Markman* hearing. *See, e.g., WSOU Invs. LLC v. OnePlus Tech.,* No. 6:21-cv-00952-ADA, ECF No. 35 (W.D. Tex. Sept. 23, 2021) ("After hearing argument for both sides, the Court determined that he will move the opening of discovery to [before the *Markman*]."); *WSOU Invs., LLC v. Huawei Techs. Co.,*

*LTD.,* 6:20-cv-00533-ADA, ECF No. 25 (W.D. Tex. Oct. 21, 2020) (granting the defendants' request for foreign discovery).

Defendants offer no reasonable explanation for why Purdue's willingness to agree to a 15-day extension of time (i.e., moving the deadline from December 20, 2021 to January 4, 2022) is an inadequate amount of time for them to serve invalidity contentions. This is especially so given Defendants have known of the crux of Purdue's complaint (and claim charts) since July 2021. In sum, while Purdue amended its complaint on October 25, 2020, asserting five additional claims for the '112 patent, it has asserted only two patents and a total of seven claims. Defendants *ipse dixit* assertions do not establish why more time is needed.

**ST's Position**

While Plaintiff cloaks its request as one seeking "foreign discovery," there is no need for third-party discovery before the *Markman* hearing given that Plaintiff does not need or intend to go through the Hague and obtain discovery from foreign companies or individuals. Plaintiff intends to subpoena U.S. companies and companies with U.S. operations (e.g., Apple, Bosch, Continental, Huawei, Nintendo, Samsung, Seagate, and Tesla) to obtain information about products that these third parties import into the U.S. That is, Plaintiff is only seeking discovery from U.S. companies about U.S. activities, namely importation. Plaintiff does not intend to engage in foreign discovery. Plaintiff also makes a passing reference to inducement infringement under (35 U.S.C. § 271(b). However, Plaintiff has not pleaded nor articulated any facts supporting an allegations of induced infringement against any of the Defendants. Nor has Plaintiff explained what foreign discovery it would pursue if allowed to subpoena third parties before *Markman*. Accordingly, the Court should maintain its rule that "[n]o discovery is to take place until the *Markman*" as the Court held in a similar discovery dispute in *WSOU Invs., LLC v. Huawei Techs. Co., LTD.*, 6:20-cv-00533-ADA,

Minute Entry at ECF No. 25 (W.D. Tex. Oct. 21, 2020).

When Purdue filed its first amended complaint on October 25, 2021, it added a new defendant—STMicroelectronics International N.V. (ST Intl.). ST Intl. has not been served yet. Purdue also significantly expanded its infringement case by adding new asserted claims. Because Purdue belatedly expanded the scope of this case by adding a new defendant and asserted claims, the ST Defendants have asked for a modest extension to the deadline to serve invalidity contentions. This is to ensure that the ST defendants—such as ST Intl who has not yet been served—can have time to meaningfully engage in the process. Due to the fact that the ST defendants effectively shut down over the winter holiday, a brief extension from December 20 to January 4, 2022 only adds one business day—January 4. Purdue had agreed to extend that deadline to January 7, 2022, but then changed their proposal back to January 4. The ST defendants request an additional week to ensure that each defendant can fully engage in the preparation of the invalidity contentions. That extension has no impact on the remainder of the schedule, which has been agreed to by the parties. Accordingly, the ST defendants request a brief extension up and until January 14, 2022 to serve their invalidity contentions.

**PROPOSED DATES**

| Purdue's Proposed Date | ST's Proposed Date | Event |
|---|---|---|
| | 10/25/2021 | Plaintiff serves preliminary[3] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) is found. Plaintiff shall also identify the priority date (*i.e.* the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |
| | 11/1/2021 | Deemed Case Management Conference. |
| | 11/15/2021 | Deadline for Motions to Transfer. |
| 11/29/2021 | Same as party fact discovery 4/26/2022 | Non-Party Fact Discovery opens. |
| 1/4/2022 | 1/14/2022 | Defendants shall serve preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendants contend are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendants contend are directed to ineligible subject matter under section 101. Defendants shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |

---

[3] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of the court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| Purdue's Proposed Date | ST's Proposed Date | Event |
|---|---|---|
| | 1/18/2022 | Parties exchange claim terms for construction. |
| | 1/31/2022 | Parties exchange proposed claim constructions. |
| | 2/7/2022 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall also provide a summary of the witness's expected testimony including the opinions to be expressed and a general description of the basis and reasons therefore. A failure to summarize the potential expert testimony in a good faith, informative fashion may result in the exclusion of the proffered testimony.[4] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| | 2/14/2022 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| | 2/21/2022 | Parties file Opening claim construction briefs, including any arguments that any claim terms are indefinite. |
| | 3/14/2022 | Defendants file Responsive claim construction brief. |
| | 3/28/2022 | Plaintiff files Reply claim construction brief. |
| | 4/11/2022 | Defendant files Sur-Reply claim construction brief. |
| | 4/14/2022 | Parties submit Joint Claim Construction Statement. |
| | 4/18/2022 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[5] |
| | 4/29/2022 | *Markman* hearing at 9:00 a.m. |

---

[4] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.
[5] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

| Purdue's Proposed Date | ST's Proposed Date | Event |
|---|---|---|
| | 4/26/2022 | Party Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| | 6/6/2022 | Deadline to add parties. |
| | 7/15/2022 | Plaintiff shall file all amended or supplemental pleadings. Any such amended or supplemental pleadings shall be particularized and constitute Plaintiff's contentions for trial. After this date, leave of Court is required for any amendment to infringement contentions. This deadline does not relieve Plaintiff of its obligation to seasonably amend if new information is identified after initial contentions. |
| | 8/15/2022 | Defendants shall respond to Plaintiff's amended or supplemental pleadings. Any such amended or supplemental pleadings shall be particularized and constitute Defendants' contentions for trial. After this date, leave of Court is required for any amendment to invalidity contentions. This deadline does not relieve Defendants of their obligation to seasonably amend if new information is identified after initial contentions. |
| | 10/24/2022 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| | 11/21/2022 | Close of Fact Discovery. |
| | 12/9/2022 | Opening Expert Reports. |
| | 1/12/2023 | Rebuttal Expert Reports. |
| | 1/26//2023 | Close of Expert Discovery. |

| Purdue's Proposed Date | ST's Proposed Date | Event |
|---|---|---|
| | 1/23/2023 | Deadline for the second of two meet and confer to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| | 2/6/2023 | Dispositive motion deadline and *Daubert* motion deadline. |
| | 2/13/2023 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| | 2/27/2023 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| | 3/6/2023 | Serve objections to rebuttal disclosures and File Motions *in limine*. |
| | 3/13/2022 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| | 3/20/2023 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| | 3/31/2023 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| | 4/3/2023 | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |
| | 4/24/2023 | Jury Selection/Trial. The Court expects to set this date at the conclusion of the *Markman* Hearing. |

Dated: November 15, 2021

| | |
|---|---|
| */s/ Mark D. Siegmund* | */s/ Justin S. Cohen* |
| Mark D. Siegmund (SBN 24117055) | Bruce S. Sostek (SBN 18855700) |
| Of Counsel | Richard L. Wynne, Jr. (SBN 24003214) |
| **SHORE CHAN LLP** | Justin S. Cohen (SBN 24078356) |
| 1508 North Valley Mills Drive | Nadia E. Haghighatian (SBN 24087652) |
| Waco, Texas 76710 | **HOLLAND & KNIGHT LLP** |
| Telephone: (254) 772-6400 | One Arts Plaza |
| msiegmund@shorechan.com | 1722 Routh St., Suite 1500 |
| | Dallas, Texas 75201 |
| Alfonso G. Chan (SBN 24012408) | Telephone: (214) 969-1386 |
| Michael W. Shore (SBN 18294915) | Bruce.Sostek@hklaw.com |
| Samuel E. Joyner (SBN 24036865) | Richard.Wynne@hklaw.com |
| Halima Shukri Ndai (SBN 24105486) | Justin.Cohen@hklaw.com |
| Raphael Chabaneix (SBN 24118352) | Nadia.Haghighatian@hklaw.com |
| **SHORE CHAN LLP** | |
| 901 Main Street, Suite 3300 | ***COUNSEL FOR DEFENDANTS*** |
| Dallas, Texas 75202 | ***STMICROELECTRONICS N.V.,*** |
| Telephone: (214) 593-9110 | ***STMICROELECTRONICS*** |
| Facsimile: (214) 593-9111 | ***INTERNATIONAL N.V. AND*** |
| achan@shorechan.com | ***STMICROELECTRONICS, INC.*** |
| mshore@shorechan.com | |
| sjoyner@shorechan.com | |
| hndai@shorechan.com | |
| rchabaneix@shorechan.com | |

***COUNSEL FOR PLAINTIFF***
***THE TRUSTEES OF PURDUE***
***UNIVERSITY***