IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,**<br>          Plaintiffs,<br><br>     *v.*<br><br>**STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC.,**<br>          Defendants. | §<br>§<br>§<br>§<br>§<br>§     NO. 6:21-CV-00727-ADA<br>§<br>§<br>§<br>§<br>§ |

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO EFFECT ALTERNATIVE SERVICE [ECF No. 31]

Came on for consideration this date is Plaintiff's Motion for Leave to Effect Alternative Service on STMicroelectronics International N.V. ("ST-INTL"). ECF No. 31 (the "Motion"). ST-INTL made a special appearance in opposition of that Motion, ECF No. 35, to which Plaintiff The Trustees of Purdue University ("Purdue") replied, ECF No. 38. After careful consideration of the Motion and the applicable law, the Court **DENIES** Plaintiff's Motion without prejudice.

### I. BACKGROUND

Purdue sued STMicroelectronics N.V. ("STNV") and STMicroelectronics, Inc. ("ST-INC") on July 14, 2021, alleging patent infringement. Purdue sought leave to effect alternative service on STNV, a Dutch company that owns ST-INC, which the Court granted. *See* ECF No. 12 and text order of August 14, 2021. On October 25, 2021, Purdue filed its First Amended Complaint, adding ST-INTL as a defendant. ECF No. 27. ST-INTL is, according to Purdue, a wholly-owned subsidiary of STNV and is incorporated under the laws of the Netherlands with registered offices in Amsterdam. ECF No. 31 at 2. Purdue seeks an order from the Court permitting alternative service on ST-INTL pursuant to Federal Rule of Civil Procedure 4(f)(3). ECF No. 31.

1

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) states that a foreign corporation served outside the United States are to be served "in any manner prescribed by Rule 4(f) for serving an individual, expect personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). "Rule 4(f)(3) provides that the Court may authorize service on a foreign individual 'by other means not prohibited by international agreement.'" *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.* ("*STC.UNM v. TSMC*"), No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (quoting Fed. R. Civ. P. 4(f)(3)). "Thus, so long as the method of service is not *prohibited* by international agreement the Court has considerable discretion to authorize an alternative means of service." *Id.* (citing *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002).

## III. ANALYSIS

The Court will not permit alternative service here where Purdue has not shown that it has at least made some effort to serve ST-INTL through the Hague Convention, to which the Netherlands is a signatory. To be sure, the Federal Rules of Civil Procedure do not demand that a plaintiff "attempt to effect service under Rule 4(f)(1) before requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *UNM Rainforest Innovations v. D-Link Corp.*, No. 6-20-CV-00143-ADA, 2020 U.S. Dist. LEXIS 122328, at *4-5 (W.D. Tex. July 13, 2020) (quoting *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-cv-369, 2014 U.S. Dist. LEXIS 185740, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014)). Indeed, "service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' . . . It is merely one means among several which enables service of process on an international defendant." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (quoting *Forum Fin. Grp. v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me. 2001)). But, as this Court has recognized,

"district courts are more likely to permit alternative service by email if service in compliance with the Hague Convention was attempted." *Terrestrial Comms LLC v. NEC Corp.*, No. 6:19-CV-00597-ADA, 2020 U.S. Dist. LEXIS 106909 (W.D. Tex. June 17, 2020) (collecting cases); *see also Cedar Lane Techs. Inc. v. Hitachi Kokusai Elec. Inc.*, No. 6:21-CV-00423-ADA, 2021 U.S. Dist. LEXIS 185134, at *3 (W.D. Tex. Sep. 27, 2021) (denying leave to effect alternative service on Japanese entities for failing to attempt service using more traditional means); *Monolithic Power Sys. v. Meraki Integrated Circuit (Shenzen) Tech., Ltd.*, No. 6:20-CV-00876-ADA, 2021 U.S. Dist. LEXIS 205909, at *3 (W.D. Tex. Oct. 25, 2021) (same for service on Chinese entities). Indeed, this Court has time-and-again recognized that "principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *Id.* at *6 (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 U.S. Dist. LEXIS 60665, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)). Here, the Court will exercise its discretion to deny Purdue's motion for alternative service for failing to describe Purdue's efforts in serving ST-INTL heretofore.

Purdue urges that alternative service is warranted because "the Federal Circuit recently denied a mandamus challenge to the Court's exercise of discretion under Rule 4(f)(3), again finding that 'courts have recognized that delay and expense are factors that legitimately bear on whether to issue an order for alternative service.'" ECF No. 31 at 6 (quoting *In re OnePlus Technology (SHENZHEN) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. 2021)). Yet the Federal Circuit also cautioned this Court that alternative service is not appropriate whenever "more conventional means of service would be merely inconvenient." *In re OnePlus*, 2021 WL 4130643, at *4.

Purdue also represents that it asked Bruce S. Sostek, a U.S. attorney associated with ST-INTL, whether he was authorized to accept service on ST-INTL's behalf and whether ST-INTL would agree to waive service under Rule 4. ECF No. 31 at 2. Mr. Sostek answered that ST-INTL had not engaged him on this matter and so he was not authorized to accept or waive service on ST-INTL's behalf. ECF No. 35 at 2. While Purdue's request to Mr. Sostek constitutes some effort in serving ST-INTL, there are few actions made in pursuit of service that could exhaust less effort. More to the point, the Court agrees with ST-INTL that this is not an attempt at service since Mr. Sostek did not represent ST-INTL at that time (though that has changed in the interim). *See id.* at 2.

Here, the Court will exercise its discretion to deny Purdue's motion for alternative service for failing to at least attempt to serve ST-INTL pursuant to the Hague Convention.

## IV. CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Alternative Service is **DENIED** without prejudice.

SIGNED this 18th day of November, 2021.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE