IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>    Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS N.V.,<br>STMICROELECTRONICS<br>INTERNATIONAL N.V., and<br>STMICROELECTRONICS, INC.,<br><br>    Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMANDED |

**PURDUE'S ANSWER TO STMICROELECTRONIC, INC.'S COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant The Trustees of Purdue University ("Purdue") answers herein Defendant STMicroelectronics, Inc.'s ("ST-INC") counterclaims ("Counterclaims") with numbered paragraphs corresponding to like-numbered paragraphs of the Counterclaims as follows.[1] Unless expressly admitted, all averments asserted by ST-INC in its Counterclaims are denied.

**ANSWER TO COUNTERCLAIMS**

**NATURE OF THE ACTION**

180.   Paragraph 180 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that by way of its Counterclaims ST-INC seeks declarations of non-infringement and invalidity of U.S. Patent No. 7,498,633 ("the '633 Patent") and U.S. Patent No. 8,035,112 ("the '112 Patent").

---

[1] *See* ECF No. 37 (ST-INC's Counterclaims) at 40-47.

1

**PARTIES**

181. Purdue admits, on information and belief, the allegations of Paragraph 181.

182. Purdue admits the allegations of Paragraph 182.

**JURISDICTION AND VENUE**

183. Paragraph 183 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits this Court has jurisdiction over the subject matter of ST-INC's counterclaims seeking declarations of non-infringement and invalidity of U.S. Patent No. 7,498,633 and U.S. Patent No. 8,035,112.

184. Paragraph 184 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits it does not contest this Court's power over Purdue for the purposes of resolving ST-INC's counterclaims seeking declarations of non-infringement and invalidity of U.S. Patent No. 7,498,633 and U.S. Patent No. 8,035,112.

185. Paragraph 185 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits it does not contest this Court's venue over ST-INC's counterclaims seeking declarations of non-infringement and invalidity of U.S. Patent No. 7,498,633 and U.S. Patent No. 8,035,112.

186. Paragraph 186 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that a dispute exists between Purdue and ST-INC regarding ST-INC's counterclaims seeking declarations of non-infringement and invalidity of U.S. Patent No. 7,498,633 and U.S. Patent No. 8,035,112.

### First Counterclaim
### (Declaration of Noninfringement of the '633 Patent)

187. Paragraph 187 purports to reallege and incorporates by reference the allegations contained in Paragraphs 180-186 of the Counterclaims. Purdue incorporates by reference its answers to those paragraphs and otherwise denies the allegations of Paragraph 187 in all respects.

188. Purdue admits the allegations of Paragraph 188.

189. Purdue admits the allegations of Paragraph 189.

190. Purdue denies the allegations of Paragraph 190.

191. Purdue denies the allegations of Paragraph 191.

192. Paragraph 192 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that in Paragraph 192 ST-INC "requests a judicial declaration that it has not infringed, and does not infringe, any valid and enforceable claim of the '633 Patent, either directly or indirectly, individually or jointly, or literally or under the doctrine of equivalents."

193. Purdue denies the allegations of Paragraph 193.

### SECOND COUNTERCLAIM
### (Declaration of Noninfringement of the '112 Patent)

194. Paragraph 194 purports to reallege and incorporates by reference the allegations contained in Paragraphs 180-193 of the Counterclaims. Purdue incorporates by reference its answers to those paragraphs and otherwise denies the allegations of Paragraph 194 in all respects.

195. Purdue admits the allegations of Paragraph 195.

196. Purdue admits the allegations of Paragraph 196.

197. Purdue denies the allegations of Paragraph 197.

198. Purdue denies the allegations of Paragraph 198.

199. Paragraph 199 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that in Paragraph 199 ST-INC "requests a judicial declaration that it has not infringed, and does not infringe, any valid and enforceable claim of the '112 Patent, either directly or indirectly, individually or jointly, or literally or under the doctrine of equivalents."

200. Purdue denies the allegations of Paragraph 200.

### THIRD COUNTERCLAIM
**(Declaration of Invalidity of the '633 Patent)**

201. Paragraph 201 purports to reallege and incorporates by reference the allegations contained in Paragraphs 180-200 of the Counterclaims. Purdue incorporates by reference its answers to those paragraphs and otherwise denies the allegations of Paragraph 201 in all respects.

202. Purdue admits the allegations of Paragraph 202.

203. Purdue admits the allegations of Paragraph 203.

204. Purdue denies the allegations of Paragraph 204, except that Purdue admits that in the pending litigation between Purdue and ST-INC in the Western District of Texas there is an existing and actual case and controversy regarding ST-INC's infringement of the asserted claims of the '633 Patent and the validity of those claims in view of "35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the non-statutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto."

205. Purdue denies the allegations of Paragraph 205.

206. Paragraph 206 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that in Paragraph 206 ST-INC "requests a judicial declaration that one or more claims of the '633 Patent are invalid and/or unenforceable at least because they fail to satisfy one or more conditions for patentability specified in 35 U.S.C. § 101 *et*

*seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the nonstatutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto., the non-statutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto."

207.    Purdue denies the allegations of Paragraph 207.

## FOURTH COUNTERCLAIM
### (Declaration of Invalidity of the '112 Patent)

208.    Paragraph 208 purports to reallege and incorporates by reference the allegations contained in Paragraphs 180-207 of the Counterclaims. Purdue incorporates by reference its answers to those paragraphs and otherwise denies the allegations of Paragraph 208 in all respects.

209.    Purdue admits the allegations of Paragraph 209.

210.    Purdue admits the allegations of Paragraph 210.

211.    Purdue denies the allegations of Paragraph 211, except that Purdue admits that in the pending litigation between Purdue and ST-INC in the Western District of Texas there is an existing and actual case and controversy regarding ST-INC's infringement of the asserted claims of the '112 Patent and the validity of those claims in view of "35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the non-statutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto."

212.    Purdue denies the allegations of Paragraph 212.

213.    Paragraph 213 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that in Paragraph 213 ST-INC "requests a judicial declaration that one or more claims of the '112 Patent are invalid and/or unenforceable at least because they fail to satisfy one or more conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the nonstatutory

doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto."

214. Purdue denies the allegations of Paragraph 214.

### DEMAND FOR JURY TRIAL

215. Purdue admits that in Paragraph 215 ST-INC "requests a trial by jury on all issues so triable."

### PRAYER FOR RELIEF

ST-INC is not entitled to judgment in its favor or to any of the relief it requests, either prayed for in subparagraphs (1)-(8) of the Counterclaims or otherwise, and Purdue denies any allegations to the contrary. Purdue further denies each and every allegation of the Counterclaims to which Purdue has not specifically admitted, denied, or otherwise responded herein.

Dated: November 18, 2021

Respectfully submitted,

/s/ Mark D. Siegmund
Mark D. Siegmund
Texas Bar No. 24117055
mark@swclaw.com
**STECKLER WAYNE COCHRAN CHERRY, PLLC**
8416 Old McGregor Rd.
Waco, Texas 76712
Telephone: (254) 651-3690
Facsimile: (254) 651-3689


Alfonso G. Chan (Texas 24012408)
Michael W. Shore (Texas 18294915)
Samuel E. Joyner (Texas 24036865)
Halima Shukri Ndai (Texas 24105486)
Raphael Chabaneix (Texas 24118352)
**SHORE CHAN LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111
achan@shorechan.com
mshore@shorechan.com
sjoyner@shorechan.com
hndai@shorechan.com
rchabaneix@shorechan.com

***COUNSEL FOR PLAINTIFF
THE TRUSTEES OF PURDUE UNIVERSITY***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system on November 18, 2021.

/s/ Mark D. Siegmund
Mark D. Siegmund