IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| The Trustees of<br>Purdue University<br><br>                                            Plaintiff,<br><br>      v.<br><br>STMicroelectronics N.V., et al.,<br><br>                                             Defendants. | Civil Action No. 6:21-cv-727<br><br>Patent Case |

**REPLY IN SUPPORT OF STMICROELECTRONICS N.V.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Purdue contends that the Court has personal jurisdiction over STNV based on allegations that STNV (i) distributes accused products to Texas and (ii) engages in infringing activities in Texas through the actions of alleged agents and subsidiaries. Purdue, however, ignores undisputed testimony that contradicts its allegations and fails to apply the standards set by controlling Federal Circuit law. When the facts are viewed in light of the proper standards, there is no basis for exercising personal jurisdiction over STNV.

## Arguments

**A. The undisputed testimony supporting STNV's motion trumps the allegations in Purdue's First Amended Complaint (FAC).**

"In the procedural posture of a motion to dismiss [for lack of personal jurisdiction], a district court must accept the *uncontroverted* allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (emphasis in original; quotation marks omitted); *see also Freescale Semiconductor, Inc. v. Amtran Tech. Co.*, No. A-12-CV-644-LY, 2014 WL 1603665, at *2 (W.D. Tex.

Mar. 19, 2014) ("The district court must accept the *uncontroverted* allegations in the plaintiff's complaint as true.") (emphasis added; quotation marks omitted). But if a defendant challenges a plaintiff's allegations of jurisdiction "only uncontroverted factual allegations are accepted as true." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993) (ruling in the context of a motion to dismiss for lack of subject-matter jurisdiction). Bluntly stated, when "unsubstantiated allegations are controverted by affidavit or declaration, the affidavit or declaration trumps the allegation." *In re Norplant Contraceptive Prod. Liab. Litig.*, 915 F. Supp. 845, 847 (E.D. Tex. 1996); *see also Rice Corp. v. Grains Jamaica Ltd.*, No. CV-S-04-137, 2005 WL 8176611, at *2 (E.D. Cal. Apr. 5, 2005) ("[Plaintiff]'s allegations must be taken as true only to the extent that they are uncontroverted. Once controverted by declaration, however, [Plaintiff] may not rely on its allegations in the complaint.").

STNV supports its motion with the Declaration of Denise Tuinfort-Van Der Walle, Senior Legal Counsel at STNV. Ex. A. Ms. Tuinfort testified that "STNV is a holding company" based in Amsterdam that "does not manufacture, market, *distribute*, offer to sell, sell, import, export, transport, service products, or provide services in or to Texas or anywhere else in the United States." Tuinfort Decl. ¶¶ 4–5 (emphasis added). Purdue ignores this testimony and makes no effort to controvert it. Nonetheless, it contends jurisdiction is proper because it alleged that STNV has "knowingly placed the accused products into established distribution channels for sale throughout the United states—including Texas." Resp. at 1. But the uncontroverted facts contradict and trump the allegations to the contrary in Purdue's complaint and defeat Purdue's attempt to establish a *prima facie* case for jurisdiction based on the alleged distribution of accused products to Texas. *See SPI Litig. Direct, LLC v. Multisource Network Corp.*, No. A-05-CA-985 LY, 2007 WL 9701303, at *2 (W.D. Tex. June 21, 2007) (holding plaintiff that "produced no evidence controverting [Defendant]'s

Declaration, in which he attests to having no contacts with Texas" "failed to carry its burden to establish personal jurisdiction over [Defendant]").

**B. Purdue has not even alleged, much less shown, facts sufficient to support jurisdiction under an agency theory.**

Purdue further contends that personal jurisdiction over STNV is proper based on allegations that STNV conducts activities in this District "directly and/or through subsidiaries and agents." *See* FAC ¶¶ 63, 66, 68.[1] Such allegations are too vague and conclusory to support finding personal jurisdiction under an agency theory. As STNV explained in its motion (and Purdue does not refute), "[t]o demonstrate jurisdiction on an agency theory, Purdue must show that STNV attempted to control or direct the activities of certain identified agents." Mot. at 6 (citing *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1379 (Fed. Cir. 2015). More specifically, to determine whether an agency relationship exists that supports personal jurisdiction, a defendant must have "the authority both (1) to assign the agent's task and (2) to control the means and details of the process by which the agent will accomplish the task." *Embarcadero Techs., Inc. v. Redgate Software, Inc.*, No. 1:17-CV-444-RP, 2018 WL 315753, at *7 (W.D. Tex. Jan. 5, 2018) (quotation marks omitted). Thus, on a motion to dismiss, bare assertions that alleged actions were carried out by someone acting as an agent "cannot be said to have satisfied the requirement for a prima facie case of personal jurisdiction." *Id.*

Purdue has not even alleged, much less adduced evidence, that STNV assigns tasks to any alleged agents and controls how such tasks must be performed. Purdue's bare allegations that STNV conducts activities with agents does not establish jurisdiction over STNV. "Even when accepting as true [Purdue's] allegations and resolving all factual disputes in [its] favor, [Purdue] ha[s] not met [its] burden" to make a *prima facie* case that jurisdiction is proper. *See id.* (quotation marks and citation

---

[1] *See also id.* ¶¶ 23, 24 (alleging that "STNV (alone or through STMicroelectronics International N.V. and/or certain of STNV's other wholly owned subsidiaries)" place infringing products into the stream of commerce and import them into the United States)).

omitted); *see also DM Trans, LLC v. Scott*, No. 1:21-cv-505-RP, 2021 WL 2864885, at *1 (W.D. Tex. July 8, 2021) ("[A] court need not credit conclusory allegations, even if uncontroverted.").

### C. Jurisdictional discovery is not proper because Purdue has not shown that discovery would produce facts needed to withstand STNV's motion.

Finally, Purdue argues that if the Court finds that its allegations do not support jurisdiction, it should allow Purdue to conduct jurisdictional discovery. But a "plaintiff is not entitled to conduct jurisdictional discovery unless he first makes 'a preliminary showing of jurisdiction.'" *CyWee Grp. Ltd. v. Google LLC*, No. 620-cv-128-ADA-JCM, 2020 WL 10054402, at *3 (W.D. Tex. Aug. 20, 2020), report and recommendation adopted, No. 620-cv-128-ADA-JCM, 2021 WL 2425999 (W.D. Tex. Feb. 17, 2021) (quoting *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005)). "For a plaintiff to make this showing, he must present factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Id.* (quotation marks omitted). "In other words, the plaintiff must state what facts he believes discovery would uncover and how those facts would support personal jurisdiction." *Id.* "In contrast, '[w]hen the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted.'" *Id.* (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)).

Purdue has not stated any facts that, if discovered, would support jurisdiction, and it fails to describe how jurisdictional discovery will resolve any factual disputes necessary to withstand STNV's motion. Again, Ms. Tuinfort's testimony that STNV "does not manufacture, market, distribute, offer to sell, sell, import, export, transport, service products, or provide services in or to Texas or anywhere else in the United States" is undisputed. *See* Tuinfort Decl. ¶ 5. Because STNV has not engaged in any of those activities, no amount of discovery can uncover additional facts that would support jurisdiction. *See Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 857–58 (denying jurisdictional discovery where plaintiffs offered no basis to show that depositions of the defendant's corporate representatives would contradict those representatives' sworn declarations). Further, the

FAC does not allege that STNV controls any alleged agents, and Purdue does not describe how discovery would bolster its agency theory of jurisdiction. Purdue's request for jurisdictional discovery "in the hopes it might, with any luck, reveal jurisdiction [based on agency] is a textbook fishing expedition with no basis in the current record or even its own allegations." *See Catalyst Medium Four, Inc. v. CardShark, LLC*, No. A-14-CA-1007-SS, 2015 WL 1412591, at *8 (W.D. Tex. Mar. 26, 2015).

## Conclusion

Purdue's attempt to establish a *prima facie* case of personal jurisdiction over STNV rests on the flawed notion that the Court should accept unsupported and conclusory allegations in its complaint over the facts stated in Ms. Tuinfort's sworn declaration. But under controlling law, allegations in the complaint are trumped by controverting declarations, and courts need not credit conclusory allegations, even if uncontroverted. Because Ms. Tuinfort's testimony is uncontroverted, and Purdue's bare allegations that STNV conducts activities with agents cannot support jurisdiction, Purdue has failed to establish a *prima facie* case of personal jurisdiction over STNV.

STNV therefore respectfully renews its request that the Court dismiss Purdue's claims against it under Rule 12(b)(2).

– 6 –

| | |
|---|---|
| December 3, 2021 | Respectfully submitted,<br><br>*/s/ Justin S. Cohen*<br>**Bruce S. Sostek**<br>  Texas State Bar No. 18855700<br>  Bruce.Sostek@hklaw.com<br>**Richard L. Wynne, Jr.**<br>  SBN 24003214<br>  Richard.Wynne@hklaw.com<br>**Justin S. Cohen**<br>  Texas State Bar No. 24078356<br>  Justin.Cohen@hklaw.com<br>**Nadia E. Haghighatian**<br>  SBN 24087652<br>  Nadia.Haghighatian@hklaw.com<br><br>**HOLLAND & KNIGHT LLP**<br>One Arts Plaza<br>1722 Routh St., Suite 1500<br>Dallas, Texas 75201<br>214.969.1386<br>214.880.3267 (Fax)<br><br>**ATTORNEYS FOR DEFENDANT STMICROELECTRONICS N.V.** |

## CERTIFICATE OF SERVICE

I certify that on December 3, 2021, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which sent notice of filing to all case participants.

*/s/ Justin S. Cohen*
Justin S. Cohen
