# EXHIBIT 4



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark  Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/429,176 | 04/23/2009 | James A. Cooper | 13054-285A | 1497 |

32841        7590        09/22/2010

BAHRET & ASSOCIATES
320 NORTH MERIDIAN STREET
SUITE 510
INDIANAPOLIS, IN 46204

| EXAMINER |
|---|
| DANG, PHUC T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2892 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/22/2010 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated  "Notification Date" to the following e-mail  address(es):

joyce@bahretlaw.com
bahret@bahretlaw.com
rfrisk@bahretlaw.com

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 12/429,176 | COOPER ET AL. |
| | Examiner | Art Unit | |
| | Phuc T. Dang | 2892 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>1</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>23 April 2009</u>.
2a)☐ This action is **FINAL**.   2b)☒ This action is non-final.
3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-3</u> is/are pending in the application.
  4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5)☐ Claim(s) _____ is/are allowed.
6)☐ Claim(s) _____ is/are rejected.
7)☐ Claim(s) _____ is/are objected to.
8)☒ Claim(s) <u>1-3</u> are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.
10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  a)☐ All   b)☐ Some * c)☐ None of:
    1.☐ Certified copies of the priority documents have been received.
    2.☐ Certified copies of the priority documents have been received in Application No. _____.
    3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
  * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)
2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3)☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413) Paper No(s)/Mail. Date. _____ .
5)☐ Notice of Informal Patent Application
6)☐ Other: _____.

Application/Control Number: 12/429,176                                              Page 2
Art Unit: 2892

### *DETAILED ACTION*

### *Election/Restriction*

1.      Restriction to one of the following inventions is required under 35 U.S.C. 121:

I.      Group I, Claims 1-2, drawn to a silicon carbide power MOSFET, classified in class

257, subclass 77.

II.     Group II, Claims 3, drawn to a method of fabricating a silicon carbide MOSFET, classified

in class 438, subclass 142.

2.      The inventions are distinct, each from the other because of the following reasons:

3.      Inventions I and II are related as method of making and product made.

The inventions are distinct if either or both of the following can be shown: (1) that the process as

claimed can be used to make other and materially different product or (2) that the product as

claimed can be made by another and materially different process (MPEP § 806.05(f)).  In the

instant case unpatentability of the Group II invention would not necessarily imply unpatentability

of the Group I invention, since the device of Group I invention could be made by a product

different from those of the Group II invention. For example, a semiconductor device of Group I

can be made is different ways and does not have exactly follow the process of the claims of

Group II. In this case, etching the first and second oxide layer without photomask, the etching

completely removing the oxide over the silicon carbide adjacent the gate while leaving a portion

of the second oxide layer over that gate can be applied by the different processes such as either

one of the laser, plasma, chemical, ion etching or sputter-etching .etc...

4.      Because these inventions are distinct for the reasons given above and have acquired a

separate status in the art as shown by either different classification, restriction for examination

Application/Control Number: 12/429,176                                      Page 3
Art Unit: 2892

purposes as indicated is proper.

5.      If Applicants elected Group II (claims 1-2), this Group contains claims directed to the

following patentably distinct species of the claimed invention:

    I.   Species I, Claim 1.

    II.  Species II, Claim 2.

    The species are independent or distinct because a first oxide layer on the upper surface of

the drift layer, an oxide layer over the first source region of greater thickness than the first oxide

layer; and an oxide layer over the first gate of substantially greater thickness than the oxide layer

over the first source region of Species I does not require in Species II while a first oxide layer

between the first gate lower surface and the upper surface of the drift layer; a second, thicker

oxide layer over the top surface and sidewalls of the first gate; and a conformal layer of metal

extending laterally across the first gate top surface and sidewall and the adjacent first source

region of Species II does not require in Species I. In addition, these species are not obvious

variants of each other based on the current record.

    Applicant is required under 35 U.S.C. 121 to elect a single disclosed species, or a single

grouping of patentably indistinct species, for prosecution on the merits to which the claims shall

be restricted if no generic claim is finally held to be allowable. Currently, none claim is generic.

    There is a search and/or examination burden for the patentably distinct species as set

forth above because at least the following reason(s) apply:

    ■      the species or groupings of patentably indistinct species have acquired a

           separate status in the art in view of their different classification.

Application/Control Number: 12/429,176                                    Page 4
Art Unit: 2892

■        The species or grouping of patentably indistinct species have acquired a

separate status in the art due to their recognized divergent subject matter.

■        The species or grouping of patentably indistinct species require a different field

of search (e.g., searching different classes/subclasses or electronic resources, or

employing different search strategies or search queries).

Applicant is advised that the reply to this requirement to be complete must include (i) an

election of a species or a grouping of patentably indistinct species to be examined even though

the requirement may be traversed (37 CFR 1.143) and (ii) identification of the claims

encompassing the elected species or grouping of patentably indistinct species, including any

claims subsequently added. An argument that a claim is allowable or that all claims are generic is

considered nonresponsive unless accompanied by an election.

The election may be made with or without traverse. To preserve a right to petition, the

election must be made with traverse. If the reply does not distinctly and specifically point out

supposed errors in the election of species requirement, the election shall be treated as an election

without traverse. Traversal must be presented at the time of election in order to be considered

timely. Failure to timely traverse the requirement will result in the loss of right to petition under

37 CFR 1.144. If claims are added after the election, applicant must indicate which of these

claims are readable on the elected species or grouping of patentably indistinct species.

Should applicant traverse on the ground that the species, or groupings of patentably

indistinct species from which election is required, are not patentably distinct, applicant should

submit evidence or identify such evidence now of record showing them to be obvious variants or

clearly admit on the record that this is the case. In either instance, if the examiner finds one of

Application/Control Number: 12/429,176                                      Page 5
Art Unit: 2892

the species unpatentable over the prior art, the evidence or admission may be used in a rejection

under 35 U.S.C. 103(a) of the other species.

Upon the allowance of a generic claim, applicant will be entitled to consideration of

claims to additional species which depend from or otherwise require all the limitations of an

allowable generic claim as provided by 37 CFR 1.141.

However, the issues of species I and species II claims are divergent.

Furthermore, there may be some overlap in the searches of the two groups, but there is no reason

to believe that the searches would be identical. Therefore, based on the additional work involved

in searching and examination of the two inventions together, restriction of distinct inventions is

clearly proper.

6.    Applicant is reminded that upon the cancellation of claims to a non-elected invention, the

inventorship must be amended in compliance with 37 CFR 1.48(b) if one or more of the

currently named inventors is no longer an inventor of at least one claim remaining in the

application.  Any amendment of inventorship must be accompanied by a diligently-filed petition

under 37 CFR 1.48(b) and by the fee required under 37 CFR 1.17(h).

7.    Any inquiry concerning this communication or earlier communication from the examiner

should be direct to Phuc T. Dang whose telephone number (571) 272-1776.  The examiner can

normally be reached on Monday through Friday from 8.00am to 5.00pm.


/Phuc T Dang/

Primary Examiner, Art Unit 2892

Application/Control Number: 12/429,176                                    Page 6
Art Unit: 2892

Attorney Docket No. 13054-285A

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of:                    )
                                                )  Before the Examiner
James A. Cooper et al.                          )
                                                )  Phuc T. Dang
Serial No. 12/429,176                           )
                                                )  Group Art Unit 2892
Filed April 23, 2009                            )
                                                )
SiC POWER DMOSFET WITH                          )
SELF-ALIGNED SOURCE CONTACTS                    )
AND METHOD FOR MAKING THE SAME                  )

> Date of Filing:  October 22, 2010
>
> I hereby certify that this correspondence is being filed electronically through the USPTO EFS-Web System on the date indicated above.
>
> _____/William F. Bahret/_____
> William F. Bahret, Reg. No. 31,087

### RESPONSE TO ELECTION/RESTRICTION REQUIREMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Sir:

In response to the Office Action dated September 22, 2010, Applicants elect Group I, Species II, identified by the Examiner as drawn to a silicon carbide power MOSFET.  Claim 2 is directed to the elected species.

Please provide any extension of time which may be necessary and charge any fees which may be due, except for the issue fee, to Deposit Account No. 50-2176.

The Examiner is invited to call the undersigned attorney if a discussion of any issues relating to this election or to any of the claims in this application might expedite the allowance of this application.

Respectfully submitted,

_____/William F. Bahret/_____
William F. Bahret, Reg. No. 31,087
Bahret & Associates LLC
320 N. Meridian St., Suite 510
Indianapolis, Indiana 46204
(317) 423-2300

## Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 8685211 |
| **Application Number:** | 12429176 |
| **International Application Number:** | |
| **Confirmation Number:** | 1497 |
| **Title of Invention:** | SiC POWER DMOSFET WITH SELF-ALIGNED SOURCE CONTACTS AND METHOD FOR MAKING THE SAME |
| **First Named Inventor/Applicant Name:** | James A. Cooper |
| **Customer Number:** | 32841 |
| **Filer:** | William F. Bahret/Joyce Eden |
| **Filer Authorized By:** | William F. Bahret |
| **Attorney Docket Number:** | 13054-285A |
| **Receipt Date:** | 22-OCT-2010 |
| **Filing Date:** | 23-APR-2009 |
| **Time Stamp:** | 16:07:02 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Response to Election / Restriction Filed | Resp2ElectRestrict.pdf | 13848<br>b74898b97496353a83af2b6d350aa57c7eb92af0 | no | 1 |
| **Warnings:** | | | | | |
| **Information:** | | | | | |

| Total Files Size (in bytes): | 13848 |
|---|---|

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

Serial No. 12/429,176                                        Attorney Docket No. 13054-285A

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In re patent application of: | ) | |
| | ) | Before the Examiner |
| James A. Cooper et al. | ) | |
| | ) | Phuc T. Dang |
| Serial No. 12/429,176 | ) | |
| | ) | Group Art Unit 2892 |
| Filed April 23, 2009 | ) | |
| | ) | |
| SiC POWER DMOSFET WITH | ) | |
| SELF-ALIGNED SOURCE CONTACTS | ) | |
| AND METHOD FOR MAKING THE SAME | ) | |

Date of Filing:  November 12, 2010

I hereby certify that this correspondence is being filed electronically through the USPTO EFS-Web System on the date indicated above.

/William F. Bahret/
William F. Bahret, Reg. No. 31,087

### PRELIMINARY AMENDMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Sir:

Please enter the following Preliminary Amendment in the above-identified application prior to examination on the merits.  Please charge any fees that may be due or credit any overpayment to Deposit Account No. 50-2176, but not to include any issue fees.

Serial No. 12/429,176                                        Attorney Docket No. 13054-285A

## IN THE DRAWINGS:

The accompanying three drawing sheets, which include changes to Figs. 3, 6 and 8, replace the original drawing sheets containing the same Figs. 3, 6 and 8.

Serial No. 12/429,176                                    Attorney Docket No. 13054-285A

**<u>IN THE CLAIMS</u>:**

   **Please cancel claims 1 and 3, amend claim 2 and add claims 4-18, as set forth below:**

   1.  (Cancelled)

   2.  (Currently amended)  A silicon carbide power MOSFET, comprising:
   a silicon carbide wafer having a substrate and a drift layer on said substrate, said drift layer having a plurality of source regions formed adjacent an upper surface thereof;
   a plurality of polysilicon gates above said drift layer, said plurality of polysilicon gates including a first gate adjacent a first of said source regions, said first gate having a top surface, a lower surface and a sidewall, said sidewall overlying said first source region;
   a first oxide layer between said first gate lower surface and said upper surface of said drift layer;
   a second, thicker oxide layer over said top surface and sidewall of said first gate; and[[,]]
   a conformal layer of metal extending laterally across said first gate top surface and sidewall and said adjacent first source region.

   3.  (Cancelled)

   4.  (New)  A silicon carbide MOSFET structure, comprising:
   a silicon carbide wafer having a substrate body having a source region formed adjacent an upper surface thereof;
   first and second oxide layers on said upper surface adjacent said source region;
   a polysilicon gate above each of said first and second oxide layers;
   a gate oxide layer, thicker than said first and second oxide layers beneath said gates, over each of said gates and the sides thereof; and
   a metal or oxide layer over said source region, extending between adjacent gate oxide layers.

5.  (New)  The silicon carbide MOSFET structure of claim 4, wherein said layer over said source region is an oxide layer of greater thickness than said first and second oxide layers and substantially less thickness than said gate oxide layers.

6.  (New)  The silicon carbide MOSFET structure of claim 4, wherein said layer over said source region is a conformal layer of metal extending laterally across said gates and said source region.

7.  (New)  The silicon carbide MOSFET structure of claim 4, wherein said MOSFET structure has a first state in which said layer over said source region is an oxide layer of greater thickness than said first and second oxide layers and substantially less thickness than said gate oxide layers, and a second state in which said layer over said source region is a conformal layer of metal extending laterally across said gates and said source region.

8.  (New)  A MOSFET structure, comprising:
a silicon carbide wafer having a substrate body with an upper surface, said substrate body having at least one source region formed adjacent said upper surface;
a substrate surface oxidation layer on said upper surface of said substrate body and adjacent said source region;
at least two polysilicon gates above said substrate surface oxidation layer, said gates each having a top, a bottom and sides, wherein a first source region of said at least one source region is juxtaposed between first and second adjacent gates of said at least two polysilicon gates;
a gate oxide layer, thicker than said substrate surface oxidation layer, over said tops and sides of each of said gates; and
a material layer over said first source region and between said gate oxide layers on said sides of said gates, said material layer comprising one of an oxide and a metal contact.

9.  (New)  The MOSFET structure of claim 8, wherein said gate oxide layer is more than eight times thicker than said substrate surface oxidation layer.

10.  (New)  The MOSFET structure of claim 8, wherein said material layer is a source oxide layer having a thickness greater than that of said substrate surface oxidation layer and less than that of said gate oxide layer.

11.  (New)  The MOSFET structure of claim 10, wherein said source oxide layer includes a first layer homogeneously formed with and of the same thickness as said substrate surface oxidation layer and a second, separately formed layer homogeneously formed with and of lesser thickness than said gate oxide layer.

12.  (New)  The MOSFET structure of claim 8, wherein said material layer is a metal contact layer providing external electrical contact with said at least one source region.

13.  (New)  The MOSFET structure of claim 12 wherein said metal contact layer extends over substantially the entire MOSFET structure except for at least one gate contact access portion, said metal contact layer being in electrical contact with said at least one source region but electrically insulated from said at least two polysilicon gates by at least one of said gate oxide layer and said substrate surface oxidation layer.

14.  (New)  The MOSFET structure of claim 12, wherein said metal contact layer extends over said gates and covers the space between them, said metal contact layer being in electrical contact with said at least one source region but electrically insulated from said gates by at least one of said gate oxide layer and said substrate surface oxidation layer.

15.  (New)  The MOSFET structure of claim 8, wherein said substrate body includes a lower, heavily doped substrate and a lightly doped superjacent drift layer.

16.  (New)  The MOSFET structure of claim 15, wherein said at least one source region is defined in said drift layer.

17.  (New)  The MOSFET structure of claim 8, wherein said substrate body includes a lower, heavily doped substrate, a lightly doped drift layer superjacent to said substrate, and a current spreading layer (CSL) that is superjacent to said drift layer and that is more heavily doped than said drift layer, but not as heavily doped as said substrate.

18.  (New)  The MOSFET structure of claim 17, wherein said at least one source region is defined in said current spreading layer (CSL).

Serial No. 12/429,176                                                    Attorney Docket No. 13054-285A

## Remarks

Entry of this Preliminary Amendment prior to examination of this application is respectfully requested.

Non-elected claims 1 and 3 are hereby cancelled without prejudice to Applicants' right to resubmit them in a divisional application.  Claims 4-18 are added to the application.  At least claims 4 and 8 are believed to be generic as to Group I.  Claim 2 is amended to correct a typographical error.  No new matter is introduced.

The specification has been amended to:

1.      Update the Government Rights information.

2.      Correct several reference number typographical errors.

3.      Clarify at page 9, line 29 of the specification that a "portion of" polysilicon layer 66 is etched away to create gates 38, as shown in Figs. 4 and 5.

4.      To correct the angstrom symbol from "A" to "Å"

5.      Clarify at page 10, line 15 of the specification the location of step 16a being in Appendix II.

6.      To correct at page 11, line 10 of the specification reference to gates 38 as comprising polysilicon, as stated at page 9, line 6.

7.      Clarify at page 11, line 21 of the specification that the short oxide etch is "applied long enough to completely remove the thin oxide layer (comprising previously formed layers 59 and 70), over substrate 28 and between gates 38."  In that such "thin oxide layer" is completely removed to "expose the N+ and P+ implants 31, 32 and 33", it is clear that the layer that is removed is considered there to be a combination of *both* of the "previously formed layers 59 and 70".  That is, and with reference to Figs. 7 and 8, both layers 59 and 70 must be removed at that location to expose the N+ and P+ implants 31, 32 and 33.

The drawings are amended to correct the location of reference numbers 32 and 33 in Figs. 3 and 8, as supported at page 8, last paragraph, the N+ implant regions being referenced as 31 and 32, and the P+ base being referenced as 33.

Figure 6 of the drawings is amended to add reference number 58a, which is referenced at page 10, line 17 of the specification.

Serial No. 12/429,176                                   Attorney Docket No. 13054-285A

The Examiner is invited to contact the undersigned at the telephone number listed below in order to expedite the allowance of this application.

Respectfully submitted,

_____/William F. Bahret/_____
William F. Bahret, Reg. No. 31,087
Bahret & Associates LLC
320 N. Meridian St., Suite 510
Indianapolis, Indiana 46204
(317) 423-2300

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/429,176 | 04/23/2009 | James A. Cooper | 13054-285A | 1497 |

32841        7590        12/10/2010
BAHRET & ASSOCIATES
320 NORTH MERIDIAN STREET
SUITE 510
INDIANAPOLIS, IN 46204

| EXAMINER |
|---|
| DANG, PHUC T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2892 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 12/10/2010 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

joyce@bahretlaw.com
bahret@bahretlaw.com
rfrisk@bahretlaw.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 12/429,176 | COOPER ET AL. |
| | Examiner | Art Unit | |
| | Phuc T. Dang | 2892 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>1</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on *Pre-Amendment filed on 11/12/2010*.

2a)☐ This action is **FINAL**.  2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *2 and 4-18* is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☐ Claim(s) _____ is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☒ Claim(s) *2 and 4-18* are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____ .

Application/Control Number: 12/429,176 Page 2
Art Unit: 2892

### *DETAILED ACTION*

### *Preliminary Amendment*

1.   The Preliminary Amendment filed on 11/12/2010 has been acknowledged and considered.

In the Preliminary Amendment, the applicants canceled claims 1 and 3, and added new claims 4-18 and amended claim 2.

Claims 2 and 4-18 are currently pending in the application.

### *Election/Restriction*

2.   The new ground(s) of restriction contains claims directed to the following patentably distinct Species of the claimed invention:

I.       Species I, Claim 2 directed to Fig. 4.

II.       Species II, Claims 4-7 directed to Figs. 1-2.

IIII.    Species III, Claims 8-18 directed to Figs. 3 and 5-8.

The species are independent or distinct because a trench portion having a first oxide layer between the first gate lower surface and the upper surface of the drift layer; and a second, thicker oxide layer over the top surface and sidewalls of the first gate of Species I does not require in Species II and Species III and first and second oxide layers on the upper surface adjacent the source region; and a polysilicon gate above each of the first and second oxide layers of Species II does not require in Species I and Species II and at least two polysilicon gates above the substrate surface oxidation layer, the gates each having a top, bottom and sides, wherein a first source region of the at least one source region is juxtaposed between first and second adjacent gates of the at least two polysilicon gates and a gate oxide layer, thicker than the substrate surface oxidation layer, over the tops and sides of each of the gates of Species III does not require in

Application/Control Number: 12/429,176                                    Page 3
Art Unit: 2892

Species I and Species II. In addition, these species are not obvious variants of each other based
on the current record.

   Applicant is required under 35 U.S.C. 121 to elect a single disclosed species, or a single
grouping of patentably indistinct species, for prosecution on the merits to which the claims shall
be restricted if no generic claim is finally held to be allowable. Currently, none claim is generic.

   There is a search and/or examination burden for the patentably distinct species as set
forth above because at least the following reason(s) apply:

- the species or groupings of patentably indistinct species have acquired a
  separate status in the art in view of their different classification.

- The species or grouping of patentably indistinct species have acquired a
  separate status in the art due to their recognized divergent subject matter.

- The species or grouping of patentably indistinct species require a different field
  of search (e.g., searching different classes/subclasses or electronic resources, or
  employing different search strategies or search queries).

   Applicant is advised that the reply to this requirement to be complete <u>must</u> include (i) an
election of a species or a grouping of patentably indistinct species to be examined even though
the requirement <u>may</u> be traversed (37 CFR 1.143) and (ii) identification of the claims
encompassing the elected species or grouping of patentably indistinct species, including any
claims subsequently added. An argument that a claim is allowable or that all claims are generic is
considered nonresponsive unless accompanied by an election.

   The election may be made with or without traverse. To preserve a right to petition, the
election must be made with traverse. If the reply does not distinctly and specifically point out

Application/Control Number: 12/429,176                                      Page 4
Art Unit: 2892

supposed errors in the election of species requirement, the election shall be treated as an election

without traverse. Traversal must be presented at the time of election in order to be considered

timely. Failure to timely traverse the requirement will result in the loss of right to petition under

37 CFR 1.144. If claims are added after the election, applicant must indicate which of these

claims are readable on the elected species or grouping of patentably indistinct species.

Should applicant traverse on the ground that the species, or groupings of patentably

indistinct species from which election is required, are not patentably distinct, applicant should

submit evidence or identify such evidence now of record showing them to be obvious variants or

clearly admit on the record that this is the case. In either instance, if the examiner finds one of

the species unpatentable over the prior art, the evidence or admission may be used in a rejection

under 35 U.S.C. 103(a) of the other species.

Upon the allowance of a generic claim, applicant will be entitled to consideration of

claims to additional species which depend from or otherwise require all the limitations of an

allowable generic claim as provided by 37 CFR 1.141.

However, the issues of Species I, Species II and Species III claims are divergent.

Furthermore, there may be some overlap in the searches of the two groups, but there is no reason

to believe that the searches would be identical. Therefore, based on the additional work involved

in searching and examination of the two inventions together, restriction of distinct inventions is

clearly proper.

3.     Applicant is reminded that upon the cancellation of claims to a non-elected invention, the

inventorship must be amended in compliance with 37 CFR 1.48(b) if one or more of the

currently named inventors is no longer an inventor of at least one claim remaining in the

Application/Control Number: 12/429,176                                    Page 5
Art Unit: 2892

application.  Any amendment of inventorship must be accompanied by a diligently-filed petition

under 37 CFR 1.48(b) and by the fee required under 37 CFR 1.17(h).

4.    Any inquiry concerning this communication or earlier communication from the examiner

should be direct to Phuc T. Dang whose telephone number (571) 272-1776.  The examiner can

normally be reached on Monday through Friday from 8.00am to 5.00pm.


/Phuc T Dang/

Primary Examiner, Art Unit 2892

Serial No. 12/429,176                                        Attorney Docket No. 13054-285A

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re patent application of:              )
                                          )  Before the Examiner
James A. Cooper et al.                    )
                                          )  Phuc T. Dang
Serial No. 12/429,176                     )
                                          )  Group Art Unit 2892
Filed April 23, 2009                      )
                                          )
SiC POWER DMOSFET WITH                    )
SELF-ALIGNED SOURCE CONTACTS              )
AND METHOD FOR MAKING THE SAME )

Date of Filing:  January 13, 2011

I hereby certify that this correspondence is being filed electronically through the USPTO EFS-Web System on the date indicated above.

_____ /R. Randall Frisk /
R. Randall Frisk, Reg. No. 32,221

## RESPONSE TO ELECTION/RESTRICTION REQUIREMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Sir:

Reconsideration of the application is respectfully requested.

The present application contains pending claims 2 and 4-18 which are the subject of new grounds of restriction as follows:

SPECIES I, claim 2 directed to Fig. 4.

SPECIES II, claims 4-7 directed to Figs. 1-2.

SPECIES III, claims 8-18 directed to Figs. 3 and 5-8.

Applicants provisionally elect Species III, which the Examiner identified as directed to claims 8-18 and Figs. 3 and 5-8.  This election is with traverse.

Applicants' attorney thanks Examiner Dang for discussing the restriction requirement by phone on December 29, 2010.  Pursuant to that conversation, Applicants offer the following comments.

1.      The Examiner has identified Species II as corresponding to claims 4-7 and directed to Figs. 1-2.  However, Figs. 1-2 show a conventional DMOSFET (Specification, page 5, lines 3-6 and page 6, lines 21 et seq.).  Claim 4 does not read on the device shown in Figs. 1 and 2, as discussed with Examiner Dang, but does read on Figs. 3 and 4 as noted below.

Serial No. 12/429,176                                    Attorney Docket No. 13054-285A

2.      Figs. 3 and 4 should not be considered different species.  They show the same
device.  Fig. 4 simply shows the device shifted one-half cell width laterally from the view of
Fig. 3 (Specification, page 5, lines 9-10).  Independent claims 2, 4 and 8 all read on the
embodiment depicted in Figs. 3 and 4.

Therefore, it is respectfully submitted that the new grounds of restriction are improper
and should be withdrawn.

If the Examiner has any other questions or wishes to discuss the matter further, he is
invited to contact the undersigned attorney by telephone at 317-423-2300.


Respectfully submitted,


_____/R. Randall Frisk/_____
R. Randall Frisk, Reg. No. 32,221
Bahret & Associates LLC
320 N. Meridian St., Suite 510
Indianapolis, Indiana 46204
(317) 423-2300

 UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

32841          7590          06/29/2011
BAHRET & ASSOCIATES
320 NORTH MERIDIAN STREET
SUITE 510
INDIANAPOLIS, IN 46204

| EXAMINER |
| --- |
| DANG, PHUC T |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 2892 | |

DATE MAILED: 06/29/2011

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 12/429,176 | 04/23/2009 | James A. Cooper | 13054-285A | 1497 |

TITLE OF INVENTION: SIC POWER DMOSFET WITH SELF-ALIGNED SOURCE CONTACT

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | YES | $755 | $0 | $0 | $755 | 09/29/2011 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED.   THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT.   SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED.   THIS STATUTORY PERIOD CANNOT BE EXTENDED.   SEE 35 U.S.C. 151.   THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION.   IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85 (Rev. 02/11)

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to: Mail**   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or Fax**   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

32841       7590       06/29/2011

BAHRET & ASSOCIATES
320 NORTH MERIDIAN STREET
SUITE 510
INDIANAPOLIS, IN 46204

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/429,176 | 04/23/2009 | James A. Cooper | 13054-285A | 1497 |

TITLE OF INVENTION: SIC POWER DMOSFET WITH SELF-ALIGNED SOURCE CONTACT

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $755 | $0 | $0 | $755 | 09/29/2011 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| DANG, PHUC T | 2892 | 438-142000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:

☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)

☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)

☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.     ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 02/11) Approved for use through 08/31/2013.     OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/429,176 | 04/23/2009 | James A. Cooper | 13054-285A | 1497 |

32841        7590        06/29/2011

BAHRET & ASSOCIATES
320 NORTH MERIDIAN STREET
SUITE 510
INDIANAPOLIS, IN 46204

| EXAMINER |
|---|
| DANG, PHUC T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2892 | |

DATE MAILED: 06/29/2011

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 91 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 91 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| | Application No. | Applicant(s) |
|---|---|---|
| ***Notice of Allowability*** | 12/429,176 | COOPER ET AL. |
| | **Examiner** | **Art Unit** | |
| | PHUC DANG | 2892 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *amendment filed on 05/23/2011*.

2. ☒ The allowed claim(s) is/are *2 and 4-18 (renumbered as in new claims 1-16)*.

3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All    b) ☐ Some*    c) ☐ None   of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

  Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

        1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .

    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of
        Paper No./Mail Date _____ .

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)
2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3. ☐ Information Disclosure Statements (PTO/SB/08),
    Paper No./Mail Date _____
4. ☐ Examiner's Comment Regarding Requirement for Deposit
    of Biological Material

5. ☐ Notice of Informal Patent Application
6. ☐ Interview Summary (PTO-413),
    Paper No./Mail Date _____ .
7. ☐ Examiner's Amendment/Comment
8. ☐ Examiner's Statement of Reasons for Allowance
9. ☐ Other _____ .

/Phuc T Dang/
Primary Examiner, Art Unit 2892