# EXHIBIT D



UNITED STATES PATENT AND TRADEMARK OFFICE

```
                                              UNITED STATES DEPARTMENT OF COMMERCE
                                              United States Patent and Trademark Office
                                              Address: COMMISSIONER FOR PATENTS
                                                       P.O. Box 1450
                                                       Alexandria, Virginia 22313-1450
                                                       www.uspto.gov
```

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/429,176 | 04/23/2009 | James A. Cooper | 13054-285A | 1497 |

32841    7590    09/22/2010
BAHRET & ASSOCIATES
320 NORTH MERIDIAN STREET
SUITE 510
INDIANAPOLIS, IN 46204

| EXAMINER |
|---|
| DANG, PHUC T |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2892 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 09/22/2010 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

joyce@bahretlaw.com
bahret@bahretlaw.com
rfrisk@bahretlaw.com

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 12/429,176 | COOPER ET AL. |
| | Examiner | Art Unit |
| | Phuc T. Dang | 2892 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>1</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>23 April 2009</u>.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-3</u> is/are pending in the application.
    4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☐ Claim(s) _____ is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☒ Claim(s) <u>1-3</u> are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).
11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All   b) ☐ Some * c) ☐ None of:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.
4) ☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____.

U.S. Patent and Trademark Office
PTOL-326 (Rev. 08-06)   Office Action Summary   Part of Paper No./Mail Date 20100915

Application/Control Number: 12/429,176 Page 2
Art Unit: 2892

## DETAILED ACTION

### Election/Restriction

1.  Restriction to one of the following inventions is required under 35 U.S.C. 121:

I.  Group I, Claims 1-2, drawn to a silicon carbide power MOSFET, classified in class 257, subclass 77.

II. Group II, Claims 3, drawn to a method of fabricating a silicon carbide MOSFET, classified in class 438, subclass 142.

2.  The inventions are distinct, each from the other because of the following reasons:

3.  Inventions I and II are related as method of making and product made.

The inventions are distinct if either or both of the following can be shown: (1) that the process as claimed can be used to make other and materially different product or (2) that the product as claimed can be made by another and materially different process (MPEP § 806.05(f)). In the instant case unpatentability of the Group II invention would not necessarily imply unpatentability of the Group I invention, since the device of Group I invention could be made by a product different from those of the Group II invention. For example, a semiconductor device of Group I can be made is different ways and does not have exactly follow the process of the claims of Group II. In this case, etching the first and second oxide layer without photomask, the etching completely removing the oxide over the silicon carbide adjacent the gate while leaving a portion of the second oxide layer over that gate can be applied by the different processes such as either one of the laser, plasma, chemical, ion etching or sputter-etching .etc...

4.  Because these inventions are distinct for the reasons given above and have acquired a separate status in the art as shown by either different classification, restriction for examination

Application/Control Number: 12/429,176 Page 3
Art Unit: 2892

purposes as indicated is proper.

5. If Applicants elected Group II (claims 1-2), this Group contains claims directed to the following patentably distinct species of the claimed invention:

   I. Species I, Claim 1.

   II. Species II, Claim 2.

The species are independent or distinct because a first oxide layer on the upper surface of the drift layer, an oxide layer over the first source region of greater thickness than the first oxide layer; and an oxide layer over the first gate of substantially greater thickness than the oxide layer over the first source region of Species I does not require in Species II while a first oxide layer between the first gate lower surface and the upper surface of the drift layer; a second, thicker oxide layer over the top surface and sidewalls of the first gate; and a conformal layer of metal extending laterally across the first gate top surface and sidewall and the adjacent first source region of Species II does not require in Species I. In addition, these species are not obvious variants of each other based on the current record.

Applicant is required under 35 U.S.C. 121 to elect a single disclosed species, or a single grouping of patentably indistinct species, for prosecution on the merits to which the claims shall be restricted if no generic claim is finally held to be allowable. Currently, none claim is generic.

There is a search and/or examination burden for the patentably distinct species as set forth above because at least the following reason(s) apply:

- the species or groupings of patentably indistinct species have acquired a separate status in the art in view of their different classification.

- ■ The species or grouping of patentably indistinct species have acquired a separate status in the art due to their recognized divergent subject matter.
- ■ The species or grouping of patentably indistinct species require a different field of search (e.g., searching different classes/subclasses or electronic resources, or employing different search strategies or search queries).

Applicant is advised that the reply to this requirement to be complete <u>must</u> include (i) an election of a species or a grouping of patentably indistinct species to be examined even though the requirement <u>may</u> be traversed (37 CFR 1.143) and (ii) identification of the claims encompassing the elected species or grouping of patentably indistinct species, including any claims subsequently added. An argument that a claim is allowable or that all claims are generic is considered nonresponsive unless accompanied by an election.

The election may be made with or without traverse. To preserve a right to petition, the election must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in the election of species requirement, the election shall be treated as an election without traverse. Traversal must be presented at the time of election in order to be considered timely. Failure to timely traverse the requirement will result in the loss of right to petition under 37 CFR 1.144. If claims are added after the election, applicant must indicate which of these claims are readable on the elected species or grouping of patentably indistinct species.

Should applicant traverse on the ground that the species, or groupings of patentably indistinct species from which election is required, are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing them to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of

Application/Control Number: 12/429,176                                                                                           Page 5
Art Unit: 2892

the species unpatentable over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C. 103(a) of the other species.

Upon the allowance of a generic claim, applicant will be entitled to consideration of claims to additional species which depend from or otherwise require all the limitations of an allowable generic claim as provided by 37 CFR 1.141.

However, the issues of species I and species II claims are divergent. Furthermore, there may be some overlap in the searches of the two groups, but there is no reason to believe that the searches would be identical. Therefore, based on the additional work involved in searching and examination of the two inventions together, restriction of distinct inventions is clearly proper.

6.  Applicant is reminded that upon the cancellation of claims to a non-elected invention, the inventorship must be amended in compliance with 37 CFR 1.48(b) if one or more of the currently named inventors is no longer an inventor of at least one claim remaining in the application. Any amendment of inventorship must be accompanied by a diligently-filed petition under 37 CFR 1.48(b) and by the fee required under 37 CFR 1.17(h).

7.  Any inquiry concerning this communication or earlier communication from the examiner should be direct to Phuc T. Dang whose telephone number (571) 272-1776. The examiner can normally be reached on Monday through Friday from 8.00am to 5.00pm.

/Phuc T Dang/

Primary Examiner, Art Unit 2892