# EXHIBIT G

DOCKET NO.: 1745950-00120US2

Filed on behalf of STMicroelectronics, Inc.

By:  Richard Goldenberg, Reg. No. 38,895 (Lead Counsel)
Gregory Lantier (*pro hac vice* to be filed) (Backup Counsel)
Scott Bertulli, Reg. No. 75,886 (Backup Counsel)
Trishan Esram, Reg. No. 74,075 (Backup Counsel)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA 02109
Email: richard.goldenberg@wilmerhale.com
gregory.lantier@wilmerhale.com
scott.bertulli@wilmerhale.com
trishan.esram@wilmerhale.com

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

STMICROELECTRONICS, INC.
Petitioner

v.

THE TRUSTEES OF PURDUE UNIVERSITY
Patent Owner

IPR2022-00309
U.S. Patent No. 8,035,112

**PETITION FOR *INTER PARTES* REVIEW OF**
**U.S. PATENT NO. 8,035,112**
**CHALLENGING CLAIMS 1, 6, 7, and 10–12**
**UNDER 35 U.S.C. § 312 AND 37 C.F.R. § 42.104**

Petition for *Inter Partes Review*
of U.S. Patent No. 8,035,112

# TABLE OF CONTENTS

                                                    **Page**

I. INTRODUCTION ............................................................................................. 1

II. MANDATORY NOTICES ............................................................................... 1

    A. Real Party-in-Interest ............................................................................. 1
    B. Related Matters ...................................................................................... 1
    C. Counsel ................................................................................................... 2
    D. Service Information ................................................................................ 2

III. LEVEL OF ORDINARY SKILL ..................................................................... 3

IV. CERTIFICATION OF GROUNDS FOR STANDING ................................... 3

V. OVERVIEW OF CHALLENGE AND RELIEF REQUESTED ..................... 3

    A. Claims for Which Review is Requested and Grounds on Which the Challenge is Based ................................................................................ 3

VI. TECHNOLOGY BACKGROUND .................................................................. 4

    A. Field-Effect Transistor ("FET") ............................................................. 4
    B. Power MOSFET ..................................................................................... 7
    C. Plurality of Cells .................................................................................. 12
    D. Silicon Carbide (SiC) ........................................................................... 14

VII. OVERVIEW OF THE '112 PATENT ........................................................... 16

    A. Alleged Invention ................................................................................. 16
    B. Prosecution History .............................................................................. 23

VIII. PRIOR ART PATENTS AND PUBLICATIONS ......................................... 24

    A. *Ueno* ..................................................................................................... 25
    B. *Lidow* .................................................................................................. 29

IX. CLAIM CONSTRUCTION ........................................................................... 34

X. SPECIFIC GROUNDS FOR UNPATENTABILITY .................................... 34

    A. Ground I: Claims 1, 6, 7, 10, and 12 are Obvious Over *Ueno* ........... 35

      1. Independent Claim 1 ............................................................................. 35
      2. Independent Claim 6 ............................................................................. 51
      3. Dependent Claim 7 ................................................................................ 63
      4. Dependent Claim 10 .............................................................................. 64
      5. Dependent Claim 12 .............................................................................. 66

    B. Ground II: Claim 11 is Obvious Over *Ueno* in View of *Lidow* .......... 68
      1. Dependent Claim 11 .............................................................................. 68

XI. CO-PENDING DISTRICT COURT LITIGATION IN TEXAS SHOULD NOT PRECLUDE INSTITUTION ............................................................... 82

    A. The potential for a stay of the district court case urges against denial (factor 1) ............................................................................................... 82
    B. Uncertainty over the trial date in the Texas case favors institution (factor 2) ............................................................................................... 82
    C. Investment in the parallel district court proceeding is minimal and ST was diligent in filing this Petition (factor 3) ......................................... 84
    D. The Petition raises unique issues, which favors institution (factor 4) .. 85
    E. The parties overlap (factor 5) ................................................................. 85
    F. The merits of ST's challenge support institution (factor 6) ................. 85

XII. CONCLUSION .............................................................................................. 86

## IX.    CLAIM CONSTRUCTION

During IPR, claims are construed according to the "*Phillips* standard." *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc); 83 Fed. Reg. 51341 (Oct. 11, 2018). The Board need only construe the claims when necessary to resolve the underlying controversy. *Toyota Motor Corp. v. Cellport Sys., Inc.*, IPR2015-00633, Paper No. 11 at 16 (Aug. 14, 2015); *Nidec Motor Corp. v. Zhongshan Broad Ocean Motor Co.*, 868 F.3d 1013, 1017 (Fed. Cir. 2017). Here, given the close correlation between the asserted prior art and the challenged claims of the '112 patent, the Board need not construe any terms of the challenged claims to resolve the underlying controversy, as any reasonable interpretation of those terms consistent with their plain meaning (as would have been understood by a POSITA at the time of the invention, having taken into consideration the language of the claims, the specification, and the prosecution history of record) reads on the prior art.[4]

## X.    SPECIFIC GROUNDS FOR UNPATENTABILITY

Under 37 C.F.R. § 42.104(b)(4)–(5), the following sections (as confirmed in Dr. Subramanian's declaration, EX1002, ¶¶60–133) detail the grounds of

---

[4] Petitioner reserves all rights to raise claim construction and other arguments in this and other proceedings as relevant and appropriate.

Petition for *Inter Partes Review*
of U.S. Patent No. 8,035,112

## **CERTIFICATE UNDER 37 CFR § 42.24(d)**

Under the provisions of 37 CFR § 42.24(d), the undersigned hereby certifies that the word count for the foregoing Petition for *Inter Partes* Review totals 13,797, which is less than the 14,000 words allowed under 37 CFR § 42.24(a)(1)(i).

Respectfully submitted,

Dated: December 17, 2021

/Scott Bertulli/
Scott Bertulli
Reg. No. 75,886

Petition for *Inter Partes Review*<br>of U.S. Patent No. 8,035,112

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2021, I caused a true and correct copy of the foregoing materials:

- Petition for *Inter Partes* Review of U.S. Patent No. 8,035,112 under 35 U.S.C. § 312 and 37 C.F.R. § 42.104
- Exhibit List
- Exhibits for Petition for *Inter Partes* Review of U.S. Patent No. 8,035,112 (EX1001–EX1023)
- Power of Attorney
- Fee Authorization
- Word Count Certification Under 37 CFR § 42.24(d)

to be served via Express Mail on the following correspondent of record as listed on PAIR:

Bharet & Associates<br>
320 North Meridian Street, Suite 510<br>
Indianapolis IN 46204

DATED: December 17, 2021       /Scott Bertulli/
                               Scott Bertulli
                               Reg. No. 75,886