# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC, <br><br> Defendants. | CIVIL ACTION NO. 6:21-CV-00727-ADA <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT**

ST International NV ("STI NV") was properly served on April 4, 2022. Dkt 91. Proof of service was issued by the appropriate authorities. *Id.* at 5.[1] STI NV has attacked the service by citing trivial defects, initially to the bailiff, then the issuing authority after Purdue filed its Proof of Service.[2] However, STI NV does not deny Purdue's Original Complaint and First Amended Complaint, along with the attached Exhibits (collectively, the "Complaint") and the Summons, including translations of all the foregoing were received – and as to this Court, ignored.

The service as issued and determined effective by the issuing authority has not been rescinded, voided, or cancelled. It remains effective because the Summons and the First Amended

---

[1] In this document, the cited page numbers for the docket entries refer to the ECF page numbers.
[2] Dkt. 96-1 at 11-15 (May 24, 2022 letter); Dkt. 96-1 at 17-19 (April 20, 2022 letter). Notably, none of the "Annexes" referenced in the May 24, 2022 letter was attached to the copy STI NV filed in this Court, or sent to Purdue's counsel. More importantly, STI NV raised its alleged service deficiency ***only after*** Purdue's counsel contacted STI NV's prior counsel regarding the default. *See* Exs. 1 at 1 (2:43 pm email from Purdue's counsel to STI NV's prior counsel) & 2 (3:39pm email from STI NV's counsel). Nor has STI NV filed a motion to quash in this Court.

1

Complaint correctly named STI NV.[3] *See Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *4 (N.D. Tex. Feb. 25, 2009) (citing Wright & Miller, supra, § 1353) ("Process *may be* insufficient *if* the summons and complaint refer to a party in the wrong name.") (Emphasis added); *see also Time Prods. V. J. Tiras Classic Handbags, Inc.*, No. 93-cv-7856, 1994 WL 363930, at *4 (S.D.N.Y. July 13, 1994) ("Courts liberally construe the process requirements under Rule 4(b). As long as the summons is sufficiently accurate to give proper notice, the error will be deemed harmless.").

## I. BACKGROUND

As the Court may recall, on October 28, 2021, Purdue moved for leave to effect service by alternative means on STI NV through its U.S. counsel or related U.S. co-defendant STMicroelectronics, Inc. Dkt. 31. STI NV opposed. Dkt. 35. The Court denied Purdue's request on November 18, 2021. Dkt. 41. As a result, Purdue spent $13,395[4] to have the Complaint and Summons translated and served. All of those costs and concomitant delays were the result of STI NV's refusal to accept alternative service. STI NV contested alternative service knowing that Purdue is a non-profit, non-competitor that depends on public financing. STI NV intentionally drove up the cost of service. The letters STI NV sent to the issuing authorities attempting to void the service proves STI NV and its counsel were executing a plan designed to force a non-profit, non-competitor to go through the entire Hague process again solely to drive up costs and for delay.

---

[3] In its response, STI NV takes issues with one typographical error (i.e., STMicroelectronics International ***B.V.***) on the envelope and not the actual documents served on April 4, 2021. Dkt. 96 at 1. But STI NV clearly understood that it was the intended recipient because STI NV opened the envelope based on its letters, which specifically state that "the documents *served* lacked the prescribed standard form as referred to in Article 5 (last sentence) of the Hague Convention on Jurisdiction and Enforcement." Dkt. 96-1 at 12; Dkt. 96-1 at 18 (emphasis added). STI NV could not have ascertained the contents of the envelope addressed to STMicroelectronics International ***B.V.*** without receiving and opening it. Thus, the error was harmless.

[4] $9,600 for translation, $595 for service, $100 for exceeding the 200 page-limit, and $3,100 in attorney's fees. *See* Affidavit of Michael W. Shore.

STI NV never agreed to alternative service until the present Motion for Entry of Default ("Motion for Default") was filed. After the Motion for Default was filed, magically counsel for STI NV offered to agree to accept alternative service by email to avoid a default. *Compare* Ex. 3 (email proposing alternative service), *with* Ex. 4 (Motion for Default filing notice). The STI NV offer was, however, conditioned on Purdue agreeing that the service Purdue paid thousands of dollars to obtain after substantial delay was defective and void, which it is neither. Despite the clear evidence of STI NV's bad faith and vexatious litigation tactics, Purdue offered to withdraw its Motion for Default if STI NV would agree and stipulate to two simple things:

First, that it had been served sufficiently to satisfy due process.

Second, that the answer date only be extended another week, since STI NV had the Summons and Complaint for now over 32 days, and its related entities for many months. *See* Ex. 4 at 1-2.

It was at that point STI NV ***for the first time*** offered to accept alternative service, but even then, only if Purdue conceded service had not been effectuated and the clock on STI NV's response date would start over from scratch. Ex. 5.

## II.  ARGUMENT

Besides the irony of STI NV offering now to accept the alternative service it previously refused, Purdue asks the Court to condition any denial of the Motion for Default on STI NV answering the Complaint by June 6, 2022. Courts can set answer dates based on the circumstances before them. *Procter & Gamble Co. v. Kraft Foods Global, Inc*., 549 F.3d 842, 848-49 (Fed. Cir. 2008) (citing *Landis v. N Am. Co*., 299 U.S. 248, 254-55 (1936)) (district courts have broad discretion to manage dockets). The circumstances here call for an answer date of no later than June 6, 2022.

The STI NV delays are not over. STI NV will certainly object to the Court's jurisdiction and seek dismissal. Purdue is presently conducting jurisdictional discovery against another ST entity, STMicroelectronics NV ("STM NV"). If STI NV files a Rule 12(b)(1) motion contesting jurisdiction, it is far more efficient for that jurisdictional dispute to be on the same track as the STM NV jurisdictional track. The two cases would be on the same track if STI NV had not refused alternative service in October 2021, forced Purdue to spend $13,280 for service of process abroad, and then ignored its duty to answer in this Court while it tried to attack the adequacy of the effectuated service on an *ex parte* basis. Now, to escape default, STI NV agrees to service by email, but in doing so filed a response that misrepresents the sequence of events, omits the relevant background, and misstates Purdue's positions. It is up to the Court to decide whether that type of conduct is acceptable.

### III.  CONCLUSION

Purdue respectfully requests that if the Court denies the Motion for Default, the denial be conditioned on the following findings:

1. Service on STI NV was completed on April 4, 2022;
2. The answer (or dilatory response) date shall be June 6, 2022; and
3. STI NV should pay to Purdue $10,295 in costs, plus $3,100 in attorneys' fees.

STI NV should not profit or benefit from its misconduct, and that is exactly what it is trying to do by asking the Court to effectively rule the prior service was ineffective, new service is required, and granting them another extension to answer or respond beyond the one they have already granted themselves.

Dated: May 25, 2022								Respectfully submitted,

								By: /s/ *Michael W. Shore*
								Mark D. Siegmund (SBN 24117055)
								Craig D. Cherry (SBN 240124190)
								**STECKLER WAYNE CHERRY & LOVE PLLC**
								8416 Old McGregor Road
								Waco, Texas 76712
								Tel: (254) 651-3690
								Fax: (254) 651-3689
								mark@swclaw.com
								craig@swclaw.com

								Alfonso G. Chan (SBN 24012408)
								Michael W. Shore (SBN 18294915)
								Halima Shukri Ndai (SBN 24105486)
								Raphael Chabaneix (SBN 24118352)
								**SHORE CHAN LLP**
								901 Main Street, Suite 3300
								Dallas, Texas 75202
								Telephone: (214) 593-9110
								Facsimile: (214) 593-9111
								achan@shorechan.com
								mshore@shorechan.com
								hndai@shorechan.com
								rchabaneix@shorechan.com

								*COUNSEL FOR PLAINTIFF*
								*THE TRUSTEES OF PURDUE UNIVERSITY*


## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on May 25, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

								*/s/ Michael W. Shore*
								Michael W. Shore