**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC.,<br><br>　　　　　　Defendants. | Civil Action No. 6:21-CV-00727-ADA<br><br>**DEMAND FOR JURY TRIAL** |

# EXHIBIT A

## DEFENDANT STMICROELECTRONICS INTERNATIONAL N.V.'S SUR-REPLY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>           Plaintiff,<br><br>    v.<br><br>STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC.,<br><br>           Defendants. | Civil Action No. 6:21-CV-00727-ADA<br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANT STMICROELECTRONICS INTERNATIONAL N.V.'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

For the first time in its Reply, Plaintiff admits defects in The Trustees of Purdue University's ("Purdue") attempted service on STMicroelectronics International N.V. ("ST-Int'l")—as partially set forth in ST-Int'l's Opposition—do in fact exist. To overcome these defects and in defiance of Local Rule CV-7D, Purdue in its Reply advances new arguments (at least some of which are contravened by the record), presents a new claim for fees, and seeks new relief. ST-Int'l respectfully submits this Sur-Reply to address Purdue's *new* claim of "bad faith" conduct, to explain why Purdue's *new* request (which was not accompanied by evidence) for fees is unfounded, and to respond to the *new* remedy that Plaintiff now seeks (an arbitrary compression of ST-Int'l's response period).

A supplemental brief is appropriate where a litigant "raises new legal theories or attempts to present new evidence at the reply stage." *ENGlobal v. Native Ams. Servs. Corp.*, No. H-16-02746, 2017 WL 3840262, at *2 (S.D. Tex. Sept. 1, 2017). That is what has happened here—

Plaintiff has raised new arguments and presented new evidence at the reply stage. This tactic is at odds with at least the spirit, if not the letter, of Local Rule CV-7D.

First, ST-Int'l did not "force" Plaintiff to serve ST-Int'l through the Hague Convention as Plaintiff alleges for the first time in its Reply. Dkt. 91 at 4. Instead, Plaintiff's request for alternative service was denied by the Court for "failing to at least attempt to serve [ST-Int'l] pursuant to the Hague Convention." Dkt. No. 41 at 4. ST-Int'l is entitled to proper service that complies with the requirements under the Hague Convention. Here, Purdue's attempted service did not comply because it was (1) improperly addressed to a legal entity other than ST-Int'l, (2) not served on a legal representative of ST-Int'l, and (3) lacking the Model Form required by Article 5 of the Hague Convention. Further, the Model Form subsequently provided by Plaintiff's process servers failed to even reference ST-Int'l. In its reply, Plaintiff asserts the improper address was due to a "typographical" error, Dkt. 97 at 2, but regardless, service was improper because the package was addressed to a different (non-existent) legal entity.[1] Moreover, the Proof of Service filed by Plaintiff on May 23, 2022, includes a "certification" with an illegible signature. (Dkt. No. 91 at 5). Even assuming this certificate proving service was signed by the Central Authority in the Netherlands as required by Article 6 of the Hague Convention, it is not an affidavit or unsworn declaration needed to offer proof of service. *See* 28 U.S. Code § 1746 (allowing a "certificate" proving a matter under Federal law to be supported by an unsworn declaration if the foreign declarant states "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct . . . ."). Plaintiff's newly

---

[1] Furthermore, as Plaintiff rightly recognized on April 14—notably, 10 days after Purdue's selected date of purported "service"— in the parties' **joint** claim construction statement, as of that date "ST Int'l has not yet been served in this case and therefore is not properly before the Court or subject to the Court's jurisdiction." (Dkt. No. 80 at 1). Purdue failed to mention that it was apparently already attempting service as of this date.

DEFENDANT STMICROELECTRONICS INTERNATIONAL N.V.'S SUR-REPLY IN
OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT            2 | P a g e

presented allegation that the "service as issued and determined effective by the issuing authority," Dkt. 71 at 1, is unsupported and should be rejected.

Second, Plaintiff, for the first time in its Reply, asserts that ST-Int'l raised the issue of improper service in bad faith. Dkt. 71 at 2-3, 5. This allegation is misguided. ST-Int'l has a constitutional right to proper service. Service on a non-existent or different legal entity does not constitute proper service. While ST-Int'l's right to proper service may be an inconvenience for Plaintiff, that does not diminish its importance. In reality, ST-Int'l has conducted itself entirely in good faith as it worked diligently to resolve this issue without court intervention:

- As soon as ST-Int'l noticed the fatal flaws that infect Plaintiff's attempted service, it promptly brought the error to the attention of Plaintiff's process server and explained how the error can be corrected. Dkt. 96-1. ST-Int'l has consistently continued to raise these errors, both with the process server and with the Public Prosecutor, and now with Plaintiff. *Id*.

- ST-Int'l, however, is also cognizant of the Court's busy docket. When Plaintiff's refusal to correct its defective service became evident (as well as its insistence on burdening the Court), ST-Int'l offered to accept alternative service on its U.S. counsel via email. Dkt. 96-2. Plaintiff refused and instead insisted that ST-Int'l stipulate that the prior defective service was proper. ST-Int'l is unable to stipulate to statements that are incorrect, but it is ready and willing to move past the issue.

- ST Intl's diligence and good faith is further evidenced by that fact that it reached out to Plaintiff *on the very next day after* as Plaintiff filed its erroneous return of service. Any separate contact between Plaintiff and former counsel for ST-Int'l on that day regarding this topic does not evidence any delay on the part of ST-Int'l or its U.S. counsel.

Third, Plaintiff's Reply, again for the first time, requests that, should the Court deny its motion, it should be awarded costs and that ST-Int'l should be forced to answer or otherwise respond on compressed timeframe. Dkt. 97 at 3-4. These new claims for relief are without basis, unsupported by the Federal Rules of Civil Procedure, and should be disregarded. The Court should not penalize ST-Intl for raising critical defects with service, particularly in light of its good faith efforts to resolve this issue between the Parties.

For the reasons in Defendant's opposition and those herein, the Court should deny Plaintiff's Motion for Entry of Default and attendant relief.

Dated: May 31, 2022                                   Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　　 /s/ John M. Shumaker
**CONNOR LEE & SHUMAKER PLLC**

John M. Shumaker
State Bar No. 24033069
John@clands.com
609 Castle Ridge Road,
Suite 450
Austin, Texas 78746
Tel. 512.777.1254
Fax. 888,387.1134

Li Chen*
TX Bar No. 24001142
lchen@LumensLawGroup.com
**Lumens Law Group PLLC**
8501 N. MacArthur Blvd. #631009
Irving, TX 75063
Phone:                     214.627.9950
Fax: 214.627-9940

*PHV application to be submitted

***Attorneys for Defendant STMicroelectronics International N.V.***

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served on all parties to this action by the Court's ECF system on the 31st day of May, 2022.

                                                */s/ John M. Shumaker*
                                                John M. Shumaker