IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>          Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC,<br><br>          Defendants. | CIVIL ACTION NO. 6:21-CV-00727-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANT STMICROELECTRONICS INTERNATIONAL N.V.'S OPPOSED MOTION FOR LEAVE TO FILE SUR-REPLY**

During the conference process and despite repeated requests, counsel for STMicroelectronics International N.V. ("STI NV") failed to adequately provide the substance of the intended sur-reply. Thus, not knowing what STI NV was going to argue in its sur-reply, The Trustees of Purdue University ("Purdue") opposed the Motion for Leave. However, having now seen the sur-reply, Purdue withdraws its opposition because the Sur-Reply adds nothing.

Nothing in STI NV's proposed sur-reply changes any of the undisputed facts. STI NV was properly served on April 4, 2022. Dkt 91. Proof of service was issued by the appropriate authorities. Dkt 91 at 5 (certificate with the official seal of the issuing authority).[1] *See People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (A "signed return

---

[1] STI NV's "unsworn" affidavit or declaration argument is baseless. The Hague Convention requires a Central Authority or its designated agent to "complete a certificate in the form of the model annexed to the present Convention." Hague Convention, Art. 6. This model requires the foreign agency to state whether the service occurred or not and to "include the method, the place, and the date of service and the person to whom the document was delivered." *Id*. Here, consistent with the Hague Convention, the issuing Central Authority returned a formal Certificate. Dkt. 91 at 5; *see also Burda Media, Inc. v. Viertel*, 417 F.3d 292, 301 (2d Cir. 2005) (finding a police report an adequate substitute to a formal Certificate).

1

of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence."); *see also Hockenbergs Equip. & Supply Co. v. Team Contractors, LLC*, No. EP-18-CV-346-PRM, 2019 WL 1253576, at *4 (W.D. Tex. Mar. 11, 2019) (finding defendant failed to overcome plaintiff's prima facie evidence of service). Thus, STI NV's trivial attacks do not change the validity of the signed return, or the fact that STI NV admits it received Purdue's Original Complaint and First Amended Complaint, along with the attached Exhibits (collectively, the "Complaint"), as well as the Summons, including translations of all the foregoing. *See generally* Dkt. 96; Dkt. 98-1. STI NV just ignored the service, then tried to attack it *ex parte*.

STI NV does not deny that the service as issued and determined effective by the issuing authority occurred. STI NV does not deny its complaints to the issue authority have not resulted in the service being rescinded, voided, or cancelled. STI NV **cites no cases** to refute the fact that the service remains effective because the Summons and the First Amended Complaint correctly named STI NV. *See Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *4 (N.D. Tex. Feb. 25, 2009) (citing Wright & Miller, supra, § 1353) ("Process **may be** insufficient **if** the summons and complaint refer to a party in the wrong name.") (Emphasis added); *see also Time Prods. V. J. Tiras Classic Handbags, Inc.*, No. 93-cv-7856, 1994 WL 363930, at *4 (S.D.N.Y. July 13, 1994) ("Courts liberally construe the process requirements under Rule 4(b). As long as the summons is sufficiently accurate to give proper notice, the error will be deemed harmless.").[2]

---

[2] Contrary to STI NV's assertions, the Bailiff was not "Plaintiff's process server" but rather works for the Central Authority, i.e., an agent of the Public Prosecutor. Further, STI NV never communicated any alleged service "deficiencies" to Purdue until after Purdue filed its Proof of Service and sought default. Furthermore, Purdue **never** "recognized" that STI NV was not served as of April 14, 2022. STI NV misleadingly cites Defendant STMicroelectronics, Inc.'s ("ST INC") footnote—language ST INC has used previously in this case, despite actual knowledge of service on STI NV. *Compare* Dkt. No. 80 at 1 n.1, *with* Dkt. 74 (ST INC's Reply Claim Construction Brief) at 1 n.1 (same language regarding the other named defendants).

## I. BAD FAITH

On October 28, 2021, Purdue moved for leave to effect service by alternative means on STI NV through its U.S. counsel or related U.S. Co-Defendant STMicroelectronics, Inc. Dkt. 31. STI NV opposed. Dkt. 35. The Court denied Purdue's request on November 18, 2021. Dkt. 41. As a result, Purdue spent $13,395 to have the Complaint and Summons translated and served. STI NV's sur-reply does not deny that *all* of those costs and concomitant delays were the result of STI NV's refusal to accept alternative service.

STI NV's sur-reply does not deny that it contested alternative service knowing that Purdue is a non-profit, non-competitor that depends on public financing. STI NV's sur-reply does not deny that it intentionally drove up the cost of service. STI NV's sur-reply also does not deny that STI NV attempted to void the service as part of a plan designed to force a non-profit, non-competitor to go through the entire Hague process again solely to drive up costs and for delay.

STI NV's sur-reply also does not refute that it never agreed to alternative service until the present Motion for Entry of Default ("Motion for Default") was filed or that STI NV only agreed to alternative service now *solely* to avoid a default. The STI NV sur-reply does not deny that Purdue offered to withdraw its Motion for Default if STI NV would agree and stipulate to two simple things:

First, that it had been served sufficiently to satisfy due process.

Second, that the answer date only be extended another week.

STI NV's proposed sur-reply does not deny its original response to the Motion for Default misrepresented the sequence of events, omitted the relevant background, and misstated Purdue's positions. STI NV just wants to pretend none of that ever happened. It did.

## II. ANSWER DATE

STI NV's sur-reply does not deny that STI NV had possessed the Summons and Complaint for now over six weeks, and its related entities represented by the same counsel have been in possession of the materials since October 2021. There is nothing new in STI NV's proposed sur-reply.

Purdue re-urges the Court to condition any denial of the Motion for Default on STI NV answering the Complaint by June 6, 2022. STI NV ignored valid service and has already self-granted an extension of seven months (if you count from the original service date on its affiliates) or almost 60 days since it was served through the Hague.

## III. CONCLUSION

Purdue respectfully requests that the Court grant its Motion for Default, but in the alternative, condition any denial on the following:

1. A finding service on STI NV was completed on April 4, 2022;
2. Setting the answer (or dilatory response) date shall as June 6, 2022; and
3. STI NV should pay to Purdue $10,295 in costs, plus $3,100 in attorneys' fees.

STI NV should not profit or benefit from its misconduct and that is exactly what it is trying to do. STI NV's proposed sur-reply adds nothing and contradicts nothing in Purdue's reply brief.

Dated: June 1, 2022

Respectfully submitted,

By: /s/ *Michael W. Shore*
Mark D. Siegmund (SBN 24117055)
Craig D. Cherry (SBN 240124190)
**STECKLER WAYNE CHERRY & LOVE PLLC**
8416 Old McGregor Road
Waco, Texas 76712
Tel: (254) 651-3690
Fax: (254) 651-3689
mark@swclaw.com
craig@swclaw.com

>Alfonso G. Chan (SBN 24012408)
>Michael W. Shore (SBN 18294915)
>Halima Shukri Ndai (SBN 24105486)
>Raphael Chabaneix (SBN 24118352)
>**SHORE CHAN LLP**
>901 Main Street, Suite 3300
>Dallas, Texas 75202
>Telephone: (214) 593-9110
>Fax: (214) 593-9111
>achan@shorechan.com
>mshore@shorechan.com
>hndai@shorechan.com
>rchabaneix@shorechan.com
>
>*COUNSEL FOR PLAINTIFF*
>*THE TRUSTEES OF PURDUE UNIVERSITY*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on June 1, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

>*/s/ Michael W. Shore*
>Michael W. Shore