IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC., <br><br> Defendants. | Civil Action No. 6:21-cv-00727-ADA <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S ANSWER TO DEFENDANT STMICROELECTRONICS INTERNATIONAL N.V.'S COUNTERCLAIMS

Plaintiff and Counterclaim-Defendant The Trustees of Purdue University ("Purdue") answers herein Defendant STMicroelectronics International N.V.'s Counterclaims ("Counterclaims") with numbered paragraphs corresponding to like-numbered paragraphs of the Counterclaims as follows.[1] Unless expressly admitted, all averments asserted by STMicroelectronics International N.V. in its Counterclaims are denied.

### Nature of the Action

183.    Paragraph 183 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that by way of its Counterclaims, STMicroelectronics International N.V. seeks declarations of non-infringement and invalidity of U.S. Patent No. 7,498,633 ("the '633 Patent") and U.S. Patent No. 8,035,112 ("the '112 Patent").

---

[1] *See* ECF No. 101 (STMicroelectronics International N.V.'s Counterclaims) at 40-47.

**Parties**

184.     Purdue lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 184, and therefore denies the same.

185.     Purdue admits the allegations of Paragraph 185.

**Jurisdiction and Venue**

186.     Paragraph 186 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits this Court has jurisdiction over the subject matter of STMicroelectronics International N.V.'s Counterclaims.

187.     Paragraph 187 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits it does not contest this Court's power over Purdue for the purposes of resolving STMicroelectronics International N.V.'s Counterclaims.

188.     Paragraph 188 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits it does not contest venue in this District for STMicroelectronics International N.V.'s Counterclaims.

189.     Paragraph 189 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that a dispute exists between Purdue and STMicroelectronics International N.V. regarding STMicroelectronics International N.V.'s Counterclaims.

**FIRST COUNTERCLAIM**
**(Declaration of Non-infringement of the '633 Patent)**

190.     Paragraph 190 purports to reallege and incorporate by reference the allegations contained in Paragraphs 183-189 of the Counterclaims. Purdue incorporates by reference its answers to those paragraphs and otherwise denies the allegations of Paragraph 190 in all respects.

191.     Purdue admits the allegations of Paragraph 191.

192.     Purdue admits the allegations of Paragraph 192.

193.     Purdue denies the allegations of Paragraph 193.

194.     Purdue denies the allegations of Paragraph 194.

195.     Paragraph 195 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that in Paragraph 195, STMicroelectronics International N.V. "requests a judicial declaration that it has not infringed, and does not infringe, any valid and enforceable claim of the '633 Patent, either directly or indirectly, individually or jointly, or literally or under the doctrine of equivalents."

196.     Purdue denies the allegations of Paragraph 196.

**<u>SECOND COUNTERCLAIM</u>**
**(Declaration of Non-infringement of the '112 Patent)**

197.     Paragraph 197 purports to reallege and incorporate by reference the allegations contained in Paragraphs 183-189 of the Counterclaims. Purdue incorporates by reference its answers to those paragraphs and otherwise denies the allegations of Paragraph 197 in all respects.

198.     Purdue admits the allegations of Paragraph 198.

199.     Purdue admits the allegations of Paragraph 199.

200.     Purdue denies the allegations of Paragraph 200.

201.     Purdue denies the allegations of Paragraph 201.

202.     Paragraph 202 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that in Paragraph 202 STMicroelectronics International N.V. "requests a judicial declaration that it has not infringed, and does not infringe, any valid and enforceable claim of the '112 Patent, either directly or indirectly, individually or jointly, or literally or under the doctrine of equivalents."

203.     Purdue denies the allegations of Paragraph 203.

## THIRD COUNTERCLAIM
### (Declaration of Invalidity of the '633 Patent)

204.    Paragraph 204 purports to reallege and incorporate by reference the allegations contained in Paragraphs 183-189 of the Counterclaims. Purdue incorporates by reference its answers to those paragraphs and otherwise denies the allegations of Paragraph 204 in all respects.

205.    Purdue admits the allegations of Paragraph 205.

206.    Purdue admits the allegations of Paragraph 206.

207.    Purdue denies the allegations of Paragraph 207, except that Purdue admits that in the pending litigation between Purdue and STMicroelectronics International N.V. in the Western District of Texas, there is an existing and actual case and controversy regarding STMicroelectronics International N.V.'s infringement of the asserted claims of the '633 Patent and the validity of those claims in view of "35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the non-statutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto."

208.    Purdue denies the allegations of Paragraph 208.

209.    Paragraph 209 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that in Paragraph 209, STMicroelectronics International N.V. "requests a judicial declaration that that one or more claims of the '633 Patent are invalid and/or unenforceable at least because they fail to satisfy one or more conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the nonstatutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto., the non-statutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto."

210.    Purdue denies the allegations of Paragraph 210.

## FOURTH COUNTERCLAIM
### (Declaration of Invalidity of the '112 Patent)

211.    Paragraph 211 purports to reallege and incorporate by reference the allegations contained in Paragraphs 183-189 of the Counterclaims. Purdue incorporates by reference its answers to those paragraphs and otherwise denies the allegations of Paragraph 211 in all respects.

212.    Purdue admits the allegations of Paragraph 212.

213.    Purdue admits the allegations of Paragraph 213.

214.    Purdue denies the allegations of Paragraph 214, except that Purdue admits that in the pending litigation between Purdue and STMicroelectronics International N.V. in the Western District of Texas, there is an existing and actual case and controversy regarding STMicroelectronics International N.V.'s infringement of the asserted claims of the '112 Patent and the validity of those claims in view of "35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the non-statutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto."

215.    Purdue denies the allegations of Paragraph 215.

216.    Paragraph 216 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that in Paragraph 216, STMicroelectronics International N.V. "requests a judicial declaration that that one or more claims of the '112 Patent are invalid and/or unenforceable at least because they fail to satisfy one or more conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the nonstatutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto."

217.    Purdue denies the allegations of Paragraph 217.

**Demand for Jury Trial**

218.    Purdue admits that in Paragraph 218 STMicroelectronics International N.V. "requests a trial by jury on all issues so triable."

**Prayer for Relief**

STMicroelectronics International N.V. is not entitled to judgment in its favor or to any of the relief it requests, either prayed for in subparagraphs (1)-(8) of the Counterclaims or otherwise, and Purdue denies any allegations to the contrary. Purdue further denies each and every allegation of the Counterclaims to which Purdue has not specifically admitted, denied, or otherwise responded herein.

Dated: June 28, 2022                           Respectfully submitted,

*/s/ Mark D. Siegmund*
Mark D. Siegmund (SBN 24117055)
Craig D. Cherry (SBN 240124190)
**STECKLER WAYNE CHERRY & LOVE PLLC**
8416 Old McGregor Road
Waco, Texas 76712
Tel: (254) 651-3690
Fax: (254) 651-3689
mark@swclaw.com
craig@swclaw.com

Alfonso G. Chan (SBN 24012408)
Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
Raphael Chabaneix (SBN 24118352)
Mu Lin Hsu (SBN 24106118)
**SHORE CHAN LLP**
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111
achan@shorechan.com
mshore@shorechan.com
coffor@shorechan.com
hndai@shorechan.com

rchabaneix@shorechan.com
chsu@shorechan.com

***COUNSEL FOR PLAINTIFF***
***THE TRUSTEES OF PURDUE UNIVERSITY***

<u>**CERTIFICATE OF SERVICE**</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify

that all counsel of record who have appeared in this case are being served with a copy of the

foregoing via the Court's CM/ECF system on June 28, 2022.

*/s/ Mark D. Siegmund*
Mark D. Siegmund