**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

THE TRUSTEES OF PURDUE UNIVERSITY,

         Plaintiff,

vs.

STMICROELECTRONICS N.V., ET AL.,

         Defendant.

No. 6:21–CV–727–ADA

JURY TRIAL DEMANDED

**STMICROELECTRONICS N.V.'S SECOND RENEWED MOTION**
**TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

Table of Authorities ......................................................................................... iii

Introduction ...................................................................................................... 1

Background........................................................................................................ 2

Arguments & Authorities ................................................................................. 4

    A.  Legal Standard............................................................................................ 4

    B.  STNV is not subject to jurisdiction in this or any other
        District in Texas. ...................................................................................... 5

        1.  General jurisdiction over STNV is improper because
            STNV is not "at home" in this District. ........................................... 5

        2.  Specific jurisdiction over STNV is improper under each
            of Purdue's theories. ....................................................................... 7

            a)  STNV did not "purposefully direct[] activities at
                residents of th[is] forum." ....................................................... 7

            a)  STNV does not direct or control the activities of its
                subsidiaries. ......................................................................... 10

            b)  Purdue's claim does not "arise out of or relate to"
                any activities of STNV's. ...................................................... 11

            c)  Asserting personal jurisdiction over STNV would
                be unreasonable and unfair. ................................................... 11

        3.  Jurisdiction is not proper under Rule 4(k)(2). ........................................ 12

Conclusion........................................................................................................ 14

## TABLE OF AUTHORITIES

### Cases

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009) ...........................................................................5

*Avocent Huntsville Corp. v. Aten Int'l Co.*,
  522 F.3d 1324 (Fed. Cir. 2008) ...........................................................................4

*Broadway Nat'l Bank v. Plano Encryption Techs., LLC*,
  173 F. Supp. 3d 469 (W.D. Tex. 2016).............................................................4, 5

*Celgard, LLC v. SK Innovation Co.*,
  792 F.3d 1373 (Fed. Cir. 2015) ...............................................................8, 10, 11

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014).........................................................................5, 6, 7, 13

*De Bree v. Pac. Drilling, Inc.*,
  No. H-18-4711, 2019 WL 6186526 (S.D. Tex. Oct. 29, 2019), *adopted* 2019 WL
  6175209 (S.D. Tex. Nov. 20, 2019).....................................................................10

*Elecs. For Imaging, Inc. v. Coyle*,
  340 F.3d 1344 (Fed. Cir. 2003) .......................................................................5, 11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)...............................................................................................5

*Hargrave v. Fibreboard Corp.*,
  710 F.2d 1154 (5th Cir. 1983) ............................................................................10

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)...............................................................................................5

*Nuance Commc'ns, Inc. v. Abbyy Software House*,
  626 F.3d 1222 (Fed. Cir. 2010) .......................................................................5, 7

*Slyce Acquisition v. Syte-Visual Conception Ltd.*,
  422 F. Supp. 3d 1191 (W.D. Tex. Oct. 22, 2019)................................................8

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*,
  563 F.3d 1285 (Fed. Cir. 2009) .........................................................................13

### Rules

Fed. R. Civ. P. 12(b)(2)...................................................................................2, 14

Fed. R. Civ. P. 4(k)(2)...............................................................................2, 12, 13

Rule 4(k)(2) ..............................................................................................13, 14

### INTRODUCTION

In response to the second motion to dismiss filed by STMicroelectronics N.V. ("STNV") for lack of personal jurisdiction, the Court found that Purdue failed to make a prima facie case that jurisdiction was proper under any theory. *See* Order (ECF No. 84) at 5, 10, 12. But the Court denied STNV's motion without prejudice and gave Purdue two months of limited jurisdictional discovery. *Id.* at 14. After two extra months of jurisdictional discovery, Purdue still cannot satisfy its burden of establishing that the Court has personal jurisdiction over STNV.

STNV is a holding company incorporated under the laws of the Netherlands where it maintains its corporate legal seat.[1] STNV does not manufacture, market, distribute, offer to sell, sell, import, export, transport, or service products or services in or to Texas or anywhere else in the United States,[2] nor is STNV involved in placing any accused products into any distribution channel, including any such channel terminating in Texas.[3] STNV has no offices, facilities, bank accounts, employees, or real estate in Texas or anywhere else in the United States.[4] STNV does not publish, own, or operate any website.[5] It is not registered to conduct business in Texas, and it has no registered agent for service of process in Texas.[6] In addition, STNV does not have sufficient authority over subsidiaries like STMicroelectronics, Inc. ("ST Inc") or STMicroelectronics International N.V. ("ST Intl") such that the Court may impute the contacts of those distinct entities to STNV under an agency theory.

---

[1]   *See* **Ex. A**: Declaration of Denise Tuinfort-Van Der Walle (Oct. 11, 2021) (Tuinfort Decl.) ¶¶ 4–5.

[2]   *See* **Ex. A**: Tuinfort Decl. ¶ 5.

[3]   *See* **Ex. B**: STNV's Resps. to 1st Set of Jurisdictional Disc. Reqs., at Interrog. Nos. 1–3.

[4]   *See* **Ex. A**: Tuinfort Decl. ¶¶ 8–10, 12.

[5]   *See* **Ex. A**: Tuinfort Decl. ¶ 7.

[6]   *See* **Ex. A**: Tuinfort Decl. ¶ 11.

There is simply no basis for exercising personal jurisdiction over STNV, and Purdue's

two additional months of jurisdictional discovery have failed to  establish otherwise. Thus, in

accordance with the Court's Order (ECF No. 84 at 14), STNV again renews its motion to dismiss

for lack of personal jurisdiction. The Court should grant STNV's motion and dismiss, once and

for all, Purdue's claims against STNV under Rule 12(b)(2).

## BACKGROUND

On July 14, 2021, Purdue filed its original complaint for patent infringement against

STNV, ST Inc, and ST Intl. In October 2021, based on the clear lack of jurisdictional ties to this

forum, STNV filed its first motion requesting dismissal of all claims against STNV in Purdue's

original complaint. *See* ECF No. 22. Instead of responding to STNV's first motion to dismiss,

Purdue filed its First Amended Complaint ("FAC") and added pages of new jurisdictional

allegations. *See generally* ECF No. 27. Yet Purdue's new allegations merely conflated STNV

with ST Inc and/or ST Intl, which are separate companies.[7] While ST Inc has connections to

Texas, STNV does **not**. Accordingly, STNV filed its first renewed motion to dismiss Purdue's

claims against it in the FAC. *See* ECF No. 38.

On April 27, 2022, the Court found that Purdue had **not** made a prima facie case that

jurisdiction was proper under any of the three theories propounded in its opposition to STNV's

first renewed motion: (1) a stream-of-commerce theory, (2) an agency theory, and/or (3) Federal

Rule of Civil Procedure 4(k)(2). *See* Order (ECF No. 84) at 5, 10, 12. Nonetheless, the Court

gave Purdue until June 27, 2022, to conduct limited jurisdictional discovery on its three theories.

*See* Order (ECF No. 84) at 14. During the limited jurisdictional discovery period, Purdue served

---

[7]     Although STNV, ST Intl, and ST Inc are separate companies, Purdue treats them as if
they were a single entity, alleging that "ST" infringes the patents-in-suit and that "ST" has
jurisdictional ties to this forum. But they are separate and distinct legal entities.

four sets of jurisdictional discovery requests on STNV. All of the evidence resulting from this discovery confirms that jurisdiction here is improper. For example, STNV's discovery responses establish the following additional facts:

- STNV has **not placed accused products into any distribution channel**, including any such channel terminating in Texas;[8]

- STNV is **not involved in the design, engineering, manufacturing, production, licensing, marketing, advertising, pricing, distribution, returns, accounting, or supply chain management** for accused products that are marketed or distributed in the United States;[9]

- There are **no relevant written agreements under which STNV supplies, purchases, promotes, markets, or distributes** accused products for distribution in the United States;[10]

- STNV **does not** (a) **recognize revenue** on orders of accused products placed through any distribution channel; (b) **process or record customer data** that accompanies orders of accused products; or (c) **manufacture, transport, warehouse, or supply the products** used in fulfilling orders of accused products;[11]

- STNV has **no employees in Texas** and there are no relevant written agreements involving the employment of an STNV employee working or living in Texas;[12]

- STNV is **not a party to any relevant lease agreements** concerning property in Texas;[13]

- STNV is **not a party to any relevant notes, mortgages, or other financial instruments** concerning real property or business activities in Texas;[14]

---

[8]   **Ex. B**: STNV's Resps. to 1st Set of Jurisdictional Disc. Reqs., at Interrog. Nos. 1–3.

[9]   **Ex. B**: STNV's Resps. to 1st Set of Jurisdictional Disc. Reqs., at Interrog. No. 2.

[10]   **Ex. B**: STNV's Resps. to 1st Set of Jurisdictional Disc. Reqs., at Interrog. No. 1; **Ex. C**: STNV's Resps. to 2nd Set of Jurisdictional Disc. Reqs., at RFP No. 1.

[11]   **Ex. B**: STNV's Resps. to 1st Set of Jurisdictional Disc. Reqs., at Interrog. No. 3.

[12]   **Ex. C**: STNV's Resps. to 2nd Set of Jurisdictional Disc. Reqs., at RFP No. 8.

[13]   **Ex. C**: STNV's Resps. to 2nd Set of Jurisdictional Disc. Reqs., at RFP No. 3.

[14]   **Ex. C**: STNV's Resps. to 2nd Set of Jurisdictional Disc. Reqs., at RFP Nos. 4–5.

- STNV is **not a party to any relevant agreement requiring STNV to perform an obligation** (such as delivery, payment, notice, etc.) in whole or in part in Texas;[15] and

- STNV is **not a party to any relevant agreement including a dispute resolution clause** (such as a venue, jurisdiction, or arbitration clause) that specifies a location in Texas.[16]

Purdue's jurisdictional discovery confirms what STNV has been telling Purdue since at least October 2021—STNV does **not** have connections to Texas, does **not** direct or control the actions of ST Inc or ST Intl in Texas, and is **not** subject to personal jurisdiction here. Because Purdue can offer no additional evidence supporting its three insufficient jurisdictional theories already rejected by the Court, the Court should grant STNV's second renewed motion.

## ARGUMENTS & AUTHORITIES

### A.   Legal Standard

This Court looks to Federal Circuit law to determine whether it has personal jurisdiction over STNV "because the jurisdictional issue is intimately involved with the substance of the patent laws." *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 522 F.3d 1324, 1328 (Fed. Cir. 2008) (quotation marks omitted). Determining whether personal jurisdiction exists over an out-of-state defendant requires answering two questions: (i) Does the forum state's long-arm statute permit service of process? and (ii) Would the assertion of personal jurisdiction violate due process? *Id.* at 1329. Here, "[b]ecause the Texas long-arm statute has been interpreted as extending to the limit of due process, the two inquiries are the same for district courts in Texas." *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 474 (W.D. Tex. 2016). "The constitutional touchstone for determining whether an exercise of personal

---

[15]   **Ex. C**: STNV's Resps. to 2nd Set of Jurisdictional Disc. Reqs., at RFP No. 6.

[16]   **Ex. C**: STNV's Resps. to 2nd Set of Jurisdictional Disc. Reqs., at RFP No. 7.

jurisdiction comports with due process 'remains whether the defendant purposefully established minimum contacts in the forum state.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

"'Minimum contacts' may give rise to either general or specific jurisdiction." *Id.* General jurisdiction "requires that the defendant have continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (quotation marks omitted). A court may exercise general jurisdiction "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To determine whether specific jurisdiction exists, the Federal Circuit applies a three-prong test, asking: "(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). "The plaintiff has the burden to show minimum contacts exist under the first two prongs, but the defendant has the burden of proving the exercise of jurisdiction would be unreasonable under the third prong." *Broadway Nat'l*, 173 F. Supp. 3d at 474 (citing *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003)).

**B.     STNV is not subject to jurisdiction in this or any other District in Texas.**

     **1.     General jurisdiction over STNV is improper because STNV is not "at home" in this District.**

"[O]nly a limited set of affiliations with a forum will render a defendant ['at home,' i.e.] amenable to all-purpose jurisdiction there." *Daimler AG*, 571 U.S. at 137.

> With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction. Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims.

*Id.* (quotation marks, alterations, and citations omitted).

Purdue has not pleaded any basis for general jurisdiction over STNV. Purdue alleges that jurisdiction over STNV is proper because "the exercise of personal jurisdiction over [] STNV [] satisfies due process" and because it "makes, imports, ships, distributes, offers for sale, sells, uses, and advertises . . . its products and/or services in the United States, the State of Texas, and the Western District of Texas." FAC ¶¶ 62, 63. But as the Supreme Court has explained, to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business" would be "unacceptably grasping." *Daimler AG*, 571 U.S. at 138.

Purdue also purports to base general jurisdiction on a stream-of-commerce theory. *See* FAC ¶¶ 23, 66. But "[a]lthough the placement of a product into the stream of commerce may bolster an affiliation germane to *specific* jurisdiction, . . . such contacts do not warrant a determination that, based on those ties, the forum has general jurisdiction over a defendant." *Daimler AG*, 571 U.S. at 132 (emphases in original) (quotation marks omitted).

Purdue is unable to plead general jurisdiction because there are no facts that even suggest that STNV might be "at home" in this District. STNV is incorporated and maintains its corporate legal seat in the Netherlands.[17] It is not registered to conduct business in Texas, and it has no

---

[17]    *See* **Ex. A**: Tuinfort Decl. ¶ 4.

registered agent for service of process in Texas.[18] It has no offices, facilities, real estate, bank accounts, or employees in Texas or anywhere else in the United States.[19] Because none of the "paradigm bases for general jurisdiction" over STNV exist, an exercise of all-purpose jurisdiction would be improper. *See Daimler AG*, 571 U.S. at 137.

> **2.     Specific jurisdiction over STNV is improper under each of Purdue's theories.**

For specific jurisdiction to exist, (i) STNV must have purposefully directed its activities at residents of this forum; (ii) the claim must have arisen out of or relate to those activities; and (iii) the assertion of personal jurisdiction must be reasonable and fair. *See Nuance Commc'ns, Inc*, 626 F.3d at 1231. While Purdue's FAC includes extensive allegations conflating STNV with ST Inc, Purdue's jurisdictional allegations fail to establish that any of these factors are met here. Moreover, despite having time to conduct additional jurisdictional discovery on these exact issues, Purdue cannot establish that STNV purposefully directs the accused products towards Texas or that STNV has sufficient authority over ST Inc such that ST Inc's contacts with Texas may be imputed to STNV.

> **a)     STNV did not "purposefully direct[] activities at residents of th[is] forum."**

STNV is a holding company incorporated under the laws of the Netherlands where it maintains its corporate legal seat.[20] It does not manufacture, market, distribute, offer to sell, sell, import, export, transport, or service any products or services in or to Texas or anywhere else in

---

[18]   *See* **Ex. A**: Tuinfort Decl. ¶ 11.

[19]   *See* **Ex. A**: Tuinfort Decl. ¶¶ 8–10, 12; *see also* **Ex. C**: STNV's Resps. to 2nd Set of Jurisdictional Disc. Reqs., at RFP Nos. 3–8 (demonstrating that STNV has no relevant documents to produce relating to employees, leases, notes, mortgages, financial instruments, obligations, or dispute resolution requirements in Texas).

[20]   *See* **Ex. A**: Tuinfort Decl. ¶ 4.

the United States.[21] STNV does not publish, own, or operate any website, much less one directed at residents of this District.[22]

Further, Purdue's stream-of-commerce theory is unsupported. "The precise requirements of the stream-of-commerce theory of jurisdiction remain unsettled." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1381 (Fed. Cir. 2015). The question is "[w]hether mere placement into the stream of commerce is sufficient to establish jurisdiction, or whether intent that the products reach the forum is required." *Id.* "The Federal Circuit has repeatedly refused to endorse either articulation of the stream of commerce theory. Instead, the Federal Circuit's approach is to determine whether the plaintiff can establish minimum contacts—or has failed to establish minimum contacts—under both theories . . . ." *Slyce Acquisition v. Syte-Visual Conception Ltd.*, 422 F. Supp. 3d 1191, 1197 (W.D. Tex. Oct. 22, 2019). Here, a stream-of-commerce theory will not support specific jurisdiction under either test—STNV is a holding company and there has been no showing that it either placed the accused products into the stream of commerce or intended that any such products reach this District.[23]

While considering STNV's first renewed motion to dismiss, the Court noted that "[t]he central premise of Purdue's stream-of-commerce theory is that STNV is allegedly responsible for the 'design, development, testing, and quality control' over the Accused Products, which STNV manufactures overseas." Order (ECF No. 84) at 7. However, the Court found that "Purdue ha[d] not made a prima facie case that STNV has shipped any Accused Products to Texas through an established distribution channel." Order (ECF No. 84) at 10; *see also id.* at 9 ("[T]here is no

---

[21]   *See* **Ex. A**: Tuinfort Decl. ¶ 5.

[22]   *See* **Ex. A**: Tuinfort Decl. ¶ 7.

[23]   *See* **Ex. A**: Tuinfort Decl. ¶ 5.

suggestion of any particular distribution channel leading from STNV to Texas, let alone one carrying the Accused Products."). Significantly, the Court held that "[r]epresentations from STNV in SEC filings and publicly available presentations that STNV has a close business relationship with its subsidiaries and helps them develop technology and coordinate its sale and delivery *is not sufficient* factual support for the contention that STNV places *these Accused Products* into a distribution channel concluding in Texas." *Id.* (emphasis added). Following jurisdictional discovery, Purdue's contention is still unsupported. STNV has not placed accused products into any distribution channel, including any such channel terminating in Texas.[24] STNV is not involved in the design, engineering, manufacturing, production, licensing, marketing, advertising, pricing, distribution, returns, accounting, or supply chain management for accused products that are marketed or distributed in the United States, including in this forum.[25] STNV does not recognize revenue on orders of accused products placed through any distribution channel.[26] STNV does not process or record customer data that accompanies orders of accused products.[27] And STNV does not manufacture, transport, warehouse, or supply the products used in fulfilling orders of accused products.[28] Simply put, there is no evidence that STNV places accused products into a distribution channel terminating in Texas (or the United States more broadly), and that STNV could foresee the accused products ending up there.

---

[24]   **Ex. B**: STNV's Resps. to 1st Set of Jurisdictional Disc. Reqs., at Interrog. Nos. 1–3.

[25]   **Ex. B**: STNV's Resps. to 1st Set of Jurisdictional Disc. Reqs., at Interrog. No. 2.

[26]   **Ex. B**: STNV's Resps. to 1st Set of Jurisdictional Disc. Reqs., at Interrog. No. 3.

[27]   **Ex. B**: STNV's Resps. to 1st Set of Jurisdictional Disc. Reqs., at Interrog. No. 3.

[28]   **Ex. B**: STNV's Resps. to 1st Set of Jurisdictional Disc. Reqs., at Interrog. No. 3.

a)    **STNV does not direct or control the activities of its subsidiaries.**

Alternatively, Purdue bases its stream-of-commerce or purposeful-availment jurisdiction on an agency or alter ego theory. However, this too fails. Purdue's allegations that STNV may have engaged in certain activities "through . . . STNV's wholly owned subsidiaries" are insufficient. *See* FAC ¶¶ 23, 24. To demonstrate jurisdiction on an agency theory, Purdue must show that STNV attempted to control or direct the activities of certain identified agents. *See Celgard*, 792 F.3d at 1379. And to "attribute or impute one corporation's jurisdictional contacts with the forum to another corporation [under an alter ego theory,] there must be 'proof of control by [one corporation] over the internal business operations and affairs of [the other].'" *De Bree v. Pac. Drilling, Inc.*, No. H-18-4711, 2019 WL 6186526, at *4 n.3 (S.D. Tex. Oct. 29, 2019), *adopted* 2019 WL 6175209 (S.D. Tex. Nov. 20, 2019) (quoting *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983)).

The FAC contains no allegations of either nature. Instead, Purdue takes partial quotes from STNV's SEC Form 20-F in an attempt to equate STNV with all of its worldwide subsidiaries, including ST Inc here in Texas. Purdue then attempts to attribute conduct of ST Inc to STNV. For example, Purdue alleges that "STNV (alone or through STMicroelectronics International N.V. and/or certain of STNV's other wholly owned subsidiaries) makes, uses, sells, offers for sale, and imports SiC power MOSFETs . . . into the stream of commerce throughout the United States via an established distribution channel." FAC ¶ 23. The Court agreed that such allegations were insufficient to establish an agency relationship between STNV and ST Inc. Order (ECF No. 84) at 11; *see also id.* at 12 ("Even when crediting the FAC's relevant allegations, Purdue has not come near matching this extensive evidence of an agency relationship."). Despite two months of jurisdictional discovery, Purdue cannot point to any other evidence sufficient to demonstrate an agency relationship between STNV and ST Inc. For

example, Purdue has not alleged that STNV controls the means and details of the process by which ST Inc conducts its business. Purdue has also not alleged that STNV's employees sit on ST Inc's board of directors, or that STNV capitalizes or staffs ST Inc. Purdue simply has not demonstrated that STNV sufficiently controls its subsidiaries such that ST Inc becomes an agent of its foreign holding company STNV. "As such, [Purdue] has not shown the requisite control for jurisdiction to be premised on the acts of agents. Similarly, [Purdue] has not alleged facts sufficient to base jurisdiction on the acts of an alter ego." *Celgard*, 792 F.3d at 1379.

> **b)**   **Purdue's claim does not "arise out of or relate to" any activities of STNV's.**

Because Purdue cannot show specific jurisdiction over STNV under the first prong of the specific-jurisdiction test, it cannot meet the second. Purdue claims that STNV "has committed acts of patent infringement within the State of Texas and, more particularly, within this District," FAC ¶ 66, but STNV has not engaged in *any* activities in this District, much less patent infringement. Purdue's claims cannot "arise out of or relate to" conduct that does not exist.

> **c)**   **Asserting personal jurisdiction over STNV would be unreasonable and unfair.**

Exercising jurisdiction over a Dutch holding company with no contacts in this forum would violate traditional notions of fair play and substantial justice. The following factors inform the reasonableness inquiry: "(1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Elecs. For Imaging*, 340 F.3d at 1352. An analysis of each factor confirms that jurisdiction would be unreasonable here:

_The burden on the defendant_. The burden on STNV of litigating in this forum would be significant. STNV is a Dutch corporation with its corporate legal seat in the Netherlands.[29] It has no offices here, no employees here, no property here, and is not registered to do business here.[30]

_The interests of the forum state_. Texas has no interest in this case. Purdue is an Indiana university, _see_ FAC ¶¶ 1–4, and STNV is incorporated outside the United States.

_The plaintiff's interest in obtaining relief_. That Purdue may have an interest in pursuing its infringement allegations does not permit it to sue a foreign defendant with no connection to Texas in this Court. Purdue can obtain relief—if any is warranted—from the companies that have legally sufficient activities in this forum upon which to establish jurisdiction.

_The interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies_. It would be inefficient to burden this Court's (or country's) judicial resources with a case to which it has no connection. And jurisdiction here would interfere with foreign interests, because STNV is a citizen of the Netherlands that did not choose to conduct business with or direct any activities toward Texas residents.

The assertion of personal jurisdiction is not only unsupportable under minimum contacts, but it would also offend traditional notions of fair play and substantial justice.

### 3.    Jurisdiction is not proper under Rule 4(k)(2).

Finally, Purdue pleads that jurisdiction is proper over STNV under Federal Rule of Civil Procedure 4(k)(2). _See_ FAC ¶ 62. Rule 4(k)(2) provides:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

---

[29]   _See_ **Ex. A**: Tuinfort Decl. ¶ 4.

[30]   _See_ **Ex. A**: Tuinfort Decl. ¶¶ 8–9, 11–12.

> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2). Rule 4(k)(2) "serves as a federal long-arm statute, which allows a district court to exercise personal jurisdiction over a foreign defendant whose contacts with the United States, but not with the forum state, satisfy due process." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1296 (Fed. Cir. 2009).

Purdue alleges no facts supporting its assertion that "[t]his Court has personal jurisdiction over [] STNV . . . . under Fed. R. Civ. P. 4(k)(2)." *See* FAC ¶ 62. Although Purdue's claims arise under federal law and STNV is not subject to jurisdiction in any state's courts of general jurisdiction, STNV does not have minimum contacts with the United States. It does not manufacture, market, distribute, offer to sell, sell, import, export, transport, or service products or services in or to the United States.[31] It has no offices or facilities in the United States.[32] It owns no real estate, has no bank accounts, and has no employees in the United States.[33] Exercising jurisdiction over STNV would therefore be inconsistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2). An "[e]xercise[] of personal jurisdiction so exorbitant [as what Purdue proposes here] [is] barred by due process constraints on the assertion of adjudicatory authority." *See Daimler AG*, 571 U.S. at 121–22.

Further, Purdue's agency theory is insufficient to establish proper jurisdiction over STNV under Rule 4(k)(2). While considering STNV's first renewed motion to dismiss, the Court noted

---

[31]  *See* **Ex. A**: Tuinfort Decl. ¶ 5.

[32]  *See* **Ex. A**: Tuinfort Decl. ¶ 8.

[33]  *See* **Ex. A**: Tuinfort Decl. ¶¶ 9–10, 12.

that Purdue's Rule 4(k)(2) argument depends on Purdue's agency theory, which the Court found insufficient. *See* Order (ECF No. 84) at 12. The Court therefore rejected Purdue's Rule 4(k)(2) theory for the same reasons it rejected Purdue's agency theory. *See id.* Because, as explained above, Purdue's agency theory still fails, the Court should again find jurisdiction improper under Rule 4(k)(2).

In short, there is no basis for asserting personal jurisdiction over STNV.

CONCLUSION

Because STNV has no contacts of any sort with Texas it respectfully requests that the Court dismiss Purdue's claims against it under Rule 12(b)(2).

Dated: July 1, 2022

Respectfully submitted:

By: */s/ Justin S. Cohen*

**Bruce S. Sostek**
SBN 18855700
Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
SBN 24003214
Richard.Wynne@hklaw.com
**Justin S. Cohen**
SBN 24078356
Justin.Cohen@hklaw.com
**Nadia E. Haghighatian**
SBN 24087652
Nadia.Haghighatian@hklaw.com
**Dina W. McKenney**
SBN 24092809
Dina.McKenney@hklaw.com

**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, Texas 75201
214.969.1700

**ATTORNEYS FOR DEFENDANT
STMICROELECTRONICS N.V.**

## CERTIFICATE OF SERVICE

I certify that on July 1, 2022, the foregoing document was served via ECF on counsel of record for Plaintiff.

*/s/ Justin S. Cohen*
Justin Cohen