# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS N.V., ET AL.,<br><br>Defendant. | NO. 6:21–CV–727–ADA<br><br>JURY TRIAL DEMANDED |

### STMICROELECTRONICS N.V.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF JURISDICTIONAL DISCOVERY REQUESTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Court's June 8, 2021 Amended Standing Order Regarding Venue and Jurisdictional Discovery Limits for Patent Cases, and the Court's April 27, 2021 Order [ECF No. 84], Defendant STMicroelectronics N.V. ("STNV") hereby submits its objections and responses to Plaintiff's First Set of Jurisdictional Discovery Requests. STNV makes these responses based on its current knowledge and information reasonably available at this time. STNV reserves the right to supplement or correct the disclosures as information is acquired pursuant to the Federal Rules of Civil Procedure, Local Rules of this Court, and any other Court order.

### GENERAL OBJECTIONS

1.   STNV objects to each request to the extent that it exceeds the scope of the Court's April 27, 2021 Order [ECF No. 84], which stated that all jurisdictional discovery directed to STNV is "limited in scope to the theories propounded in Purdue's opposition at ECF No. 47."

2. STNV objects to Purdue's attempt to use jurisdictional discovery directed to STNV to obtain discovery related to other named or unnamed parties, such as STMicroelectronics International N.V. ("ST Int'l").

3. STNV objects to each request to the extent that it purports to impose obligations not required by the Federal Rules of Civil Procedure or this Court's orders or local rules.

4. STNV objects to each request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or other applicable privilege or protection.

5. STNV objects to each request as overly broad to the extent that those requests purport to require STNV to respond on behalf of any entity or person other than STNV. STNV will respond on behalf of STMicroelectronics N.V. only.

## PRELIMINARY STATEMENT

1. By responding to the Requests, STNV does not waive any objection that may be applicable to: (1) the use, for any purpose, by STNV of any information given in response to the request; or (2) the admissibility, privilege, relevancy, authenticity, or materiality of any of the information to any issue in the case. STNV expressly reserves the right to object to the use of these responses and the subject matter contained in them during any subsequent proceeding, including the trial of this or any other action.

2. STNV's responses to the requests are made to the best of STNV's present knowledge, information, and belief. Discovery in this case and STNV's investigation is ongoing, and these responses therefore are at all times subject to seasonal supplementation and amendment as discovery in this matter progresses.

3. By stating that it will provide information or produce documents in response to any particular Request, STNV makes no representation that any such information or documents exist,

but rather if such information or documents exist, and are within STNV's possession, custody, or control, and can be located in the course of a reasonably diligent search, they will be produced at a mutually convenient time and place to be agreed upon by the parties.

4.     No incidental or implied admissions are intended by the responses provided herein. The mere fact that STNV has answered or objected to a Request should not be taken as an admission that STNV admits the existence of any facts set forth or assumed by such Request. That STNV has answered part or all of any Request is not intended to be, and shall not be, construed to be a waiver by STNV of any part of any objection to any Request.

## DISCOVERY REQUESTS

**INTERROGATORY NO. 1:** If at any time from July 14, 2015 to the present there existed a written agreement under which any of STMicroelectronics NV, STMicroelectronics International NV, STMicroelectronics, Inc. had obligations, or in which any such entity made promises, concerning the supply, purchase, promotion, marketing, or distribution of STPOWER SiC MOSFETs for distribution in the United States of America (the "Region"), then for each such written agreement, state the: (i) name of each party, (ii) name and title of each individual signatory, (iii) effective date, (iv) term, (v) geographic scope, (vi) governing law, (vii) categories of products covered, (viii) name of the entity obligated to supply or sell such products, and (ix) each parties' respective promises and obligations concerning (a) purchase and ordering of such products for distribution in the Region, (b) sale of such products for distribution in the Region, (c) prices to be paid for products ordered for distribution in the Region, and calculation of any discounts thereon, (d) payment for products ordered for distribution in the Region, (e) shipping of products ordered for distribution in the Region, (f) promotion and marketing of products to actual or potential customers in the Region, (g) returns of products by third parties, (h) recalls of products, (i) record keeping for products, (j) provision of sales literature, technical data, instruction manuals, and other

promotional materials; (k) provision of training and technical assistance; and (l) any warranty applicable to such products. <u>In this Interrogatory, "the United States" includes the United States of America, its territories and possessions, including Puerto Rico, Guam, U.S. Virgin Islands, Northern Mariana Islands, and American Samoa.</u>

**RESPONSE:**

In addition to the foregoing General Objections, STNV objects to this request as overly broad and unduly burdensome because the interrogatory is directed to STNV, but asks for details about agreements that do not involve STNV, such as agreements that are between third parties and other ST entities, such as ST Inc. and ST Int'l. In addition, STNV objects to Purdue's attempted use of jurisdictional discovery directed to STNV to obtain discovery related to other named or unnamed parties, such as ST Inc. and ST Int'l. STNV also objects to this interrogatory as exceeding the scope of the Court's April 27, 2021 Order [ECF No. 84], which stated that all jurisdictional discovery directed to STNV is "limited in scope to the theories propounded in Purdue's opposition at ECF No. 47."

Subject to the foregoing objections, STNV states that ==from July 14, 2015 to the present, there are no written agreements under which STNV supplies, purchases, promotes, markets, or distributes any of what Purdue has identified as STPOWER SiC MOSFETs for distribution in the United States of America.== Furthermore, STNV states that ==from July 14, 2015 to the present, STNV has not placed STPOWER SiC MOSFETs into any distribution channel, including any such channel terminating in Texas.==

**INTERROGATORY NO. 2:** Identify by name and present address each entity among the STMicroelectronics entities that is involved in one or more of the following functions concerning STPOWER SiC MOSFETs marketed or distributed in the United States: design, engineering,

manufacturing, production, licensing, marketing, advertising, pricing, distribution, returns, accounting, and supply chain management; and for each identified entity (a) list which functions such identified entity is involved in; (b) state how such identified entity is involved in each such listed function; and (c) state the name, title, and office address of the individual employed by such entity that is most responsible for carrying out such entity's involvement in each such listed function. In this Interrogatory, "the STMicroelectronics entities" refers to "STMicroelectronics N.V. together with its consolidated subsidiaries," as that term is used in statements made to the SEC (e.g. https://www.sec.gov/ix?doc=/Archives/edgar/data/932787/000156459021008102/stm-20f_20201231.htm). In this Interrogatory, "the United States" includes the United States of America, its territories and possessions, including Puerto Rico, Guam, U.S. Virgin Islands, Northern Mariana Islands, and American Samoa."

**RESPONSE:**

In addition to the foregoing General Objections, STNV objects to this request as overly broad and unduly burdensome because the interrogatory is directed to STNV, but asks for details about all ST entities around the world. In addition, STNV objects to Purdue's attempted use of jurisdictional discovery directed to STNV to obtain discovery related to other named or unnamed parties, such as ST Inc. and ST Int'l. STNV also objects to this interrogatory as exceeding the scope of the Court's April 27, 2021 Order [ECF No. 84], which stated that all jurisdictional discovery directed to STNV is "limited in scope to the theories propounded in Purdue's opposition at ECF No. 47." Further, STNV objects to this interrogatory because it fails to include a relevant time period, which renders the request overly broad, unduly burdensome, and seeking irrelevant information. STNV also objects to this interrogatory as containing at least two separate interrogatories. The first is a request to "[i]dentify by name and present address each entity among

the STMicroelectronics entities that is involved" various functions, and the second asks to describe various details of each identified entity.

Subject to the foregoing objections, STNV states that from July 14, 2015 to the present, STNV is not involved in the design, engineering, manufacturing, production, licensing, marketing, advertising, pricing, distribution, returns, accounting, or supply chain management for STPOWER SiC MOSFETs that are marketed or distributed in the United States. Furthermore, STNV states that from July 14, 2015 to the present, STNV has not placed STPOWER SiC MOSFETs into any distribution channel, including any such channel terminating in Texas.

**INTERROGATORY NO. 3:** List each authorized channel through which a third party located in the United States may place an order for an STPOWER SiC MOSFET; and for each such listed channel, state (a) the STMicroelectronics entities that recognize revenue on such orders placed through such channel; (b) the STMicroelectronics entities that process or record customer data that accompanies such orders placed through such channel; and (c) the STMicroelectronics entities that provide (i.e., manufacture, transport, warehouse, supply) the products used in fulfilling such orders placed through such channel. In this Interrogatory, "authorized channel" includes the st.com website (e.g. https://www.st.com/en/sic-devices/sic-mosfets.html), each natural and legal person authorized to market or distribute STPOWER SiC MOSFETs in the United States, and any other channel authorized, by STMicroelectronics N.V. or any of its consolidated subsidiaries, to market or distribute such products in the United States. In this Interrogatory, "the United States" includes the United States of America, its territories and possessions, including Puerto Rico, Guam, U.S. Virgin Islands, Northern Mariana Islands, and American Samoa. In this Interrogatory, "the STMicroelectronics entities" refers to "STMicroelectronics N.V. together with its consolidated subsidiaries," as that term is used in statements made to the SEC (e.g.

https://www.sec.gov/ix?doc=/Archives/edgar/data/932787/000156459021008102/stm-20f_20201231.htm).

**RESPONSE:**

In addition to the foregoing General Objections, STNV objects to this request as overly broad and unduly burdensome because the interrogatory is directed to STNV, but asks for details about all ST entities around the world. In addition, STNV objects to Purdue's attempted use of jurisdictional discovery directed to STNV to obtain discovery related to other named or unnamed parties, such as ST Inc. and ST Int'l. STNV also objects to this interrogatory as exceeding the scope of the Court's April 27, 2021 Order [ECF No. 84], which stated that all jurisdictional discovery directed to STNV is "limited in scope to the theories propounded in Purdue's opposition at ECF No. 47." Further, STNV objects to this interrogatory because it fails to include a relevant time period, which renders the request overly broad, unduly burdensome, and seeking irrelevant information. STNV also objects to this interrogatory as containing at least two separate interrogatories. The first is a request to "[l]ist each authorized channel through which a third party located in the United States may place an order for an STPOWER SiC MOSFET." The second is to provide details regarding "each such listed channel," such as the STMicroelectronics entities that recognize revenue on such orders placed through such channel.

Subject to the foregoing objections, STNV states that from July 14, 2015 to the present, STNV does not (a) recognize revenue on orders of STPOWER SiC MOSFETs placed through any distribution channel; (b) process or record customer data that accompanies orders of STPOWER SiC MOSFETs; or (c) manufacture, transport, warehouse, or supply the products used in fulfilling orders of STPOWER SiC MOSFETs. Furthermore, STNV states that from July 14, 2015 to the

present, STNV has not placed STPOWER SiC MOSFETs into any distribution channel, including any such channel terminating in Texas.

| | |
|---|---|
| Dated: May 25, 2022 | Respectfully submitted: |

By: */s/ Justin S. Cohen*
**Bruce S. Sostek**
   SBN 18855700
   Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
   SBN 24003214
   Richard.Wynne@hklaw.com
**Justin S. Cohen**
   SBN 24078356
   Justin.Cohen@hklaw.com
**Nadia E. Haghighatian**
   SBN 24087652
   Nadia.Haghighatian@hklaw.com

**HOLLAND & KNIGHT LLP**
   One Arts Plaza
   1722 Routh St., Suite 1500
   Dallas, Texas 75201
   214.969.1700

**Max Ciccarelli**
   SBN 00787242
   max@ciccarellilawfirm.com

**CICCARELLI LAW FIRM**
   100 N. 6th Street, Suite 502
   Waco, Texas 76701
   214.444.8869

**ATTORNEYS FOR DEFENDANT
STMICROELECTRONICS N.V.**

## CERTIFICATE OF SERVICE

I certify that on May 25, 2022, the foregoing document was served via electronic mail on counsel of record for Plaintiff.

*/s/ Justin S. Cohen*
Justin Cohen

## VERIFICATION

I, Denise Tuinfort, verify under penalty of perjury under the laws of the United States of America that the foregoing answers are true and correct to the best of my knowledge, information, and belief based on reasonable inquiry and my own personal knowledge.

Date: May 25, 2022         By: _____

                                                      Denise Tuinfort
                                                      Senior Legal Counsel
                                                      STMicroelectronics N.V.