IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS N.V., ET AL.,<br><br>Defendants. | NO. 6:21–CV–727–ADA<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' MOTION TO DISMISS
## ALL CLAIMS AND COUNTERCLAIMS RELATED TO THE '112 PATENT

The Trustees of Purdue University ("Purdue") currently alleges that Defendants infringe claims 6, 7, 10, 11, and 12 of U.S. Patent No. 8,035,112 ("the '112 Patent"). But on July 29, 2022, Purdue filed a statutory disclaimer under 37 CFR 1.321(a) disclaiming all claims in the '112 Patent and rendering the '112 Patent a legal nullity. Ex. A. Because the '112 Patent is now a legal nullity, all disputes regarding the '112 Patent are moot. To apprise the Court, as well as officially end this litigation with respect to the '112 Patent, Defendants originally proposed filing a joint stipulation of dismissal with Purdue but Purdue rejected Defendant's offer. Defendants thus move to dismiss Purdue's infringement claims for the '112 Patent under Rule 12(b)(1). Further, Defendants move to dismiss Defendants' counterclaims for the '112 Patent under Rule 41(a)(2).

Under Article III of the United States Constitution, "an 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation." *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721, 726 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)). When a patentee files a disclaimer of all asserted claims, the court is divested of jurisdiction as

all disputes over that patent become moot. *See Sanofi-Aventis U.S., LLC v. Dr. Reddy's Lab'ys, Inc.*, 933 F.3d 1367, 1373 (Fed. Cir. 2019); *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[I]n general, when a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot."). As the Federal Circuit recently held, a patentee's "disclaimer of the disclaimed claims mooted any controversy over them." *Sanofi-Aventis U.S.*, 933 F.3d at 1373; *see also Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446-RWS-KNM, 2019 WL 3315460, at *3 (E.D. Tex. June 10, 2019) (dismissing the plaintiff's claims with prejudice for lack of subject matter jurisdiction where the plaintiff has disclaimed all claims in the patents-in-suit under 37 C.F.R. § 1.321(a)), *report and recommendation adopted*, No. 6:16-CV-446-RWS-KNM, 2019 WL 3304703 (E.D. Tex. July 23, 2019).

Accordingly, because all asserted claims of the '112 Patent have been disclaimed, and all disputes regarding the '112 Patent are now moot, Purdue's infringement claims directed to the '112 Patent must be dismissed with prejudice under Rule 12(b)(1).[1] Further, because Defendants' counterclaims directed to the '112 Patent are also moot, Defendants move to dismiss those without prejudice under Rule 41(a)(2).

---

[1] Pursuant to Rule 12(h)(3), a motion for lack of subject matter jurisdiction may be brought at any time.

August 5, 2022                                    Respectfully submitted:

By:    */s/ Justin S. Cohen*

**Bruce S. Sostek**
   SBN 18855700
   Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
   SBN 24003214
   Richard.Wynne@hklaw.com
**Justin S. Cohen**
   SBN 24078356
   Justin.Cohen@hklaw.com
**Dina W. McKenney**
   SBN 24092809
   Dina.McKenney@hklaw.com
**Catherine L. Reynolds**
   SBN 24107599
   Cate.Reynolds@hklaw.com

HOLLAND & KNIGHT LLP
   One Arts Plaza
   1722 Routh St., Suite 1500
   Dallas, Texas 75201
   214.969.1700

**Max Ciccarelli**
   SBN 00787242
   max@ciccarellilawfirm.com

CICCARELLI LAW FIRM
   100 N. 6th Street, Suite 502
   Waco, Texas 76701
   214.444.8869

**Thomas N. Tarnay**
   SBN 24003032
   ttarnay@tarnaylaw.com

THOMAS TARNAY PLLC
   2103 Virginia Place
   Plano, Texas 75094
   214.395.8212

ATTORNEYS FOR DEFENDANTS
STMICROELECTRONICS, INC. AND
STMICROELECTRONICS INTERNATIONAL N.V.

**CERTIFICATE OF SERVICE**

I certify that on August 5, 2022, the foregoing document was served via electronic mail on counsel of record for Plaintiff.

*/s/ Justin S. Cohen*
Justin Cohen
