# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>      Plaintiff,<br>v.<br><br>STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC,<br><br>      Defendants. | CIVIL ACTION NO. 6:21-CV-00727-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ALL CLAIMS AND COUNTERCLAIMS RELATED TO THE '112 PATENT**

Defendants' ("ST") Motion to Dismiss All Claims and Counterclaims Related to the '112[1] Patent ("Motion") must be denied as moot. Before ST filed its Motion, Plaintiff ("Purdue") *withdrew* its infringement allegations, after disclaiming all claims of the '112 patent in a proceeding before the Patent Trial and Appeal Board. *See* Ex. 1 (August 4, 2022 Email) at 1:

> In an effort to focus remaining discovery and trial in this matter, Purdue withdraws its claims of direct and indirect infringement of claims 1, 6, 7, 10, 11, and 12 of U.S. Patent No. 8,035,112 against defendants. This removes infringement of claims 1, 6, 7, 10, 11, and 12 of the '112 patent from the case. Purdue will not be asserting any claims of the '112 patent in this case going forward.[2]

It is well-settled that a disclaimer means the claims never existed, and thus, there can be no reasonable expectation that Purdue will re-assert its withdrawn infringement allegations or that ST will infringe claims that never existed. *See, e.g., Genetics Inst., LLC v. Novartis Vaccines and*

---

[1] U.S. Patent No. 8,035,112 (the "'112 patent").

[2] To eliminate any concern about the content of the live complaint, Purdue also offered to re-plead with the '112 patent claims deleted and requested ST's consent to file such an amendment. *Id*. But ST never responded, and instead engaged in unnecessary motion practice by filing the instant Motion.

1

*Diagnostics, Inc.*, 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[U]pon entry of a disclaimer under § 253, we treat the patent as though the disclaimed claim(s) had 'never existed.'"). Accordingly, both the disclaimer itself and Purdue's subsequent withdrawal mooted the case and controversy with respect to the '112 patent.

Because mootness divests a federal court of jurisdiction to adjudicate the merits of a claim, dismissal of claims or counterclaims with prejudice is not proper. "The mootness doctrine, which is mandated by the 'case or controversy' requirement in Article III of the United States Constitution, requires that federal courts may not adjudicate matters that no longer present ***an actual dispute between parties***." *Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir.2001) (internal citations omitted) (emphasis added). Therefore, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome, a case is moot and the federal court is divested of jurisdiction over it." *Id*.

The Court should deny the Motion or dismiss the parties' claims and counterclaims as moot.

If the Court deems an order on the mooted claims is necessary, Purdue respectfully requests that such a dismissal be made for mootness or without prejudice as to **both** the claims and counterclaims. The Court cannot reach a decision on the merits of patent claims that never existed, and claims and counterclaims concerning infringement and validity of such claims cannot reasonably be expected to be re-asserted. Additionally, each party should bear its costs and fees.

Dated: August 8, 2022                         Respectfully submitted,

By: /s/ *Michael W. Shore*
Mark D. Siegmund (SBN 24117055)
Craig D. Cherry (SBN 240124190)
**Steckler, Wayne, Cherry & Love PLLC**
8416 Old McGregor Road
Waco, Texas 76712
Tel: (254) 651-3690
Fax: (254) 651-3689
mark@swclaw.com
craig@swclaw.com

Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
**The Shore Firm**
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

***COUNSEL FOR PLAINTIFF***
***THE TRUSTEES OF PURDUE UNIVERSITY***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that on August 8, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

/s/ *Michael W. Shore*
Michael W. Shore