# EXHIBIT 1

| | |
|---|---|
| **From:** | Michael Shore |
| **To:** | Cohen, Justin S (DFW - X61211) |
| **Cc:** | STPurdueHKService; Team-Purdue-ST; John Lahad; Brian Melton; Halima Shukri Ndai |
| **Subject:** | RE: Purdue v. ST - draft dismissal of the "112 Patent |
| **Date:** | Thursday, August 4, 2022 9:06:55 AM |

Counsel:

In an effort to focus remaining discovery and trial in this matter, Purdue withdraws its claims of direct and indirect infringement of claims 1, 6, 7, 10, 11, and 12 of U.S. Patent No. 8,035,112 against defendants. This removes infringement of claims 1, 6, 7, 10, 11, and 12 of the '112 patent from the case. Purdue will not be asserting any claims of the '112 patent in this case going forward. If ST would like for an amended pleading to be filed removing those claims, please provide your consent in response to this email and an agreed motion to amend the complaint to remove the above claims will be filed. If ST does not consent, this email moots any claims and defenses related to the '112 patent permanently from this case.

Michael

---

**From:** Cohen, Justin S (DFW - X61211) <Justin.Cohen@hklaw.com>
**Sent:** Wednesday, August 3, 2022 5:42 PM
**To:** Michael Shore <mshore@shorefirm.com>
**Cc:** STPurdueHKService <STPurdueHKService@hklaw.com>; Team-Purdue-ST <Team-Purdue-ST@shorechan.com>; John Lahad <jlahad@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Halima Shukri Ndai <hndai@shorefirm.com>
**Subject:** RE: Purdue v. ST - draft dismissal of the '112 Patent

CAUTION: External Email!
Thanks Michael - Purdue's operative pleading asserts infringement of the '112 patent. Similarly, ST is asserting counterclaims directed to the '112 patent. We think the most efficient path is a stipulation of dismissal of all '112 patent claims and counterclaims.

**Justin S. Cohen** | **Holland & Knight**
Direct 214.969.1211 | Cell 214.605.1993
Add to address book | View professional biography

---

**From:** Michael Shore <mshore@shorefirm.com>
**Sent:** Wednesday, August 3, 2022 5:38 PM
**To:** Cohen, Justin S (DFW - X61211) <Justin.Cohen@hklaw.com>
**Cc:** STPurdueHKService <STPurdueHKService@hklaw.com>; Team-Purdue-ST <Team-Purdue-ST@shorechan.com>; John Lahad <jlahad@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Halima Shukri Ndai <hndai@shorefirm.com>
**Subject:** RE: Purdue v. ST - draft dismissal of the '112 Patent

*[External email]*
This is unnecessary. If you think otherwise, please state why. We are not going to be asserting any of the claims from the '112 patent going forward. I just want to understand why you think this is somehow required.

**From:** Cohen, Justin S (DFW - X61211) <Justin.Cohen@hklaw.com>
**Sent:** Wednesday, August 3, 2022 5:32 PM
**To:** Michael Shore <mshore@shorefirm.com>
**Cc:** STPurdueHKService <STPurdueHKService@hklaw.com>; Team-Purdue-ST <Team-Purdue-ST@shorechan.com>; John Lahad <jlahad@SusmanGodfrey.com>; Brian Melton <BMelton@SusmanGodfrey.com>; Halima Shukri Ndai <hndai@shorefirm.com>
**Subject:** Purdue v. ST - draft dismissal of the '112 Patent

CAUTION: External Email!

Michael - attached for your review is a draft stipulation of dismissal for the '112 patent. Please send us your edits in redline or let us know if we have your permission to file.

Thanks,

~Justin

**Justin S. Cohen** | **Holland & Knight**
Partner | He/Him
Holland & Knight LLP
One Arts Plaza, 1722 Routh Street, Suite 1500 | Dallas, Texas 75201
Direct 214.969.1211 | Cell 214.605.1993
justin.cohen@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.