**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>   Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC,<br><br>   Defendants. | CIVIL ACTION NO. 6:21-CV-00727-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Plaintiff ("Purdue") respectfully moves the Court for a ninety (90) day extension of all pending deadlines in the above-captioned action, as set forth below and in the attached proposed order. Defendants (collectively, "ST") have agreed to extend the current schedule by thirty (30) days but refused to compromise on a sixty (60) day extension. *See* Ex. 1 at 1.[1]

Good cause exists for a ninety (90) day extension. First, as evident from the recent motions for withdrawal (Dkts. 118 & 123), several attorneys have left the undersigned counsel's firm, which has undergone significant restructuring and is now The Shore Firm. Declaration of Michael Shore ("Shore Decl."). Because of these changes, attorneys from Susman Godfrey LLP have been engaged as co-counsel for Purdue and will be entering the case shortly. The requested extension is necessary to allow Purdue's new counsel time to appear in this case, familiarize themselves with the substance of this case, and properly represent Purdue.

---

[1] Although Purdue requested a sixty (60) day extension as a compromise, a ninety (90) day extension is necessary to avoid any future requests to continue deadlines.

1

Second, due to ongoing discovery issues, Purdue will be prejudiced if forced to try the case on the current schedule. ST has still not timely provided process flows, GDS files, and mask information for all SiC MOSFETs—critical information Purdue has been requesting for months and the Court has previously ordered to be produced.[2] In fact, ST's August 5, 2022 discovery supplementation includes correlation information for only a fraction of the semiconductor die at issue. Without core technical materials and sufficient time for review and analysis, the scheduled depositions of ST's engineers in Italy, which is currently set to begin next month, may need to be postponed.

Third, Purdue's lead counsel is currently preparing for trial set for November 14-18, 2022. *Bd. of Regents et al v. Bos. Sci. Corp.*, No. 1-18-cv-00392, Dkt. 47 (D. Del. Jun. 26, 2020) ("*UT*"). Because of the recent departures from the firm and the related restructuring, the upcoming trial requires devotion of significant resources, including considerable involvement of Purdue's lead counsel.

## I. BACKGROUND

On or around June 30, 2022, Alfonso Chan, who was counsel of record for Purdue, left Shore Chan LLP on 3 days' notice.[3] Dkt. 118. As of July 18, 2022, Mu Lin Hsu and Raphael Chabaneix also left the firm. Dkt. 123. All three attorneys withdrew from the case. Dkts. 118 & 123. Additionally, by July 29, 2022, others, including two partners, also left the firm. Shore Decl. ¶ 2. On August 1, 2022, the firm was restructured and became The Shore Firm. *Id.* ¶ 3. To support

---

[2] Purdue served its First Set of Discovery on May 13, 2022.
[3] Since his departure, Mr. Chan has refused to communicate with The Shore Firm. Mr. Chan was the Managing Partner of Shore Chan, LLP, and as a result of his sudden departure and refusal to cooperate in any type of transition process, Michael Shore has been required to work 16 to 18 hours a day to not only represent his clients, but also clean up the situation Mr. Chan left behind without any aid from Mr. Chan.

this litigation, co-counsel from Susman Godfrey, who will soon be making their appearance, were engaged on behalf of Purdue. *Id* ¶ 4.

On July 29, 2022, as part of a meet and confer regarding discovery, Purdue requested a ninety (90) day extension of the case deadlines, and then sent a follow-up email on August 1, 2022. Ex. 2 at 1. On August 8, 2022, ST agreed to only a thirty (30) day extension, rejecting even a sixty (60) day compromise. Ex. 1. Despite Purdue's efforts to work diligently and cooperatively with ST in addressing the concerns about the current Scheduling Order to create a workable schedule, ST's refusal necessitated this motion.

## II. ARGUMENT

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003). Here, the circumstances warrant an amendment of the current schedule.

**A. Good Cause Exists to Modify the Scheduling Order**

Since July 1, 2022, more than half of the attorneys at Shore Chan left for another firm, including three who were counsel of record for Purdue, which led to a significant firm restructuring. As a result, The Shore Firm only recently associated Susman Godfrey as co-counsel. Because of the Protective Order in this case and the sheer volume of confidential information, including highly technical materials that would require extensive review, Susman Godfrey has not even received the full case file. Thus, modification of the Scheduling Order is necessary to provide Purdue's new counsel with sufficient time to make their appearance, assess the case, and properly aid The Shore Firm in prosecuting it.

Furthermore, as the Court is aware, several discovery-related matters remain pending. For example, despite the July 11, 2022 hearing and ST's representations regarding SiC MOSFET exemplars, not all exemplars using each die at issue have been produced to date. Nor has ST provided a date certain for completion of such production. Consequently, this delay directly impacts the timing for reverse engineering. Moreover, process flows, GDS files, and mask information have not been produced for *all* SiC MOSFETs. This information is key to demonstrating infringement, and therefore, vital to Purdue's infringement contentions. Purdue's requests for ST's own reverse engineering of the accused SiC MOSFETs has also not been produced. Finishing discovery on the current schedule is not feasible.

Moreover, Purdue's lead counsel is preparing for the *UT* trial currently set for November 14-18, 2022. As detailed above, due to the loss of half the firm, the *UT* trial now requires devotion of significant firm resources, including Purdue's lead counsel's participation.

Finally, extending the schedule would not unduly prejudice ST. The requested modification is modest, and ST has already agreed to a thirty (30) day extension.

## B. Purdue's Proposed Schedule

| Current Date | Proposed Date | Event |
|---|---|---|
| 7/15/2022[4] | 10/13/2022 | Plaintiff shall file all amended or supplemental pleadings. Any such amended or supplemental pleadings shall be particularized and constitute Plaintiff's contentions for trial. After this date, leave of Court is required for any amendment to infringement contentions. This deadline does not relieve Plaintiff of its obligation to seasonably amend if new information is identified after initial contentions. |

---

[4] Although this deadline has passed, Purdue requests an extension to incorporate both recently obtained and forthcoming technical information. Notably, ST is "open to discussing new deadlines for ***final infringement*** and invalidity contentions." Ex. 1 at 1 (emphasis added).

4

| Current Date | Proposed Date | Event |
|---|---|---|
| 8/15/2022 | 11/14/2022 | Defendants shall respond to Plaintiff's amended or supplemental pleadings. Any such amended or supplemental pleadings shall be particularized and constitute Defendants' contentions for trial. After this date, leave of Court is required for any amendment to invalidity contentions. This deadline does not relieve Defendants of their obligation to seasonably amend if new information is identified after initial contentions. |
| 10/24/2022 | 1/23/2023 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| 11/21/2022 | 2/21/2023 | Close of Fact Discovery. |
| 12/9/2022 | 3/9/2023 | Opening Expert Reports. |
| 1/12/2023 | 4/12/2023 | Rebuttal Expert Reports. |
| 1/26/2023 | 4/26/2023 | Close of Expert Discovery. |
| 1/23/2023 | 4/24/2023 | Deadline for the second of two meet and confer to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 2/6/2023 | 5/8/2023 | Dispositive motion deadline and *Daubert* motion deadline. |
| 2/13/2023 | 5/15/2023 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| 2/27/2023 | 5/30/2023 | Serve objections to pretrial disclosures/rebuttal disclosures. |
| 3/6/2023 | 6/5/2023 | Serve objections to rebuttal disclosures and File Motions *in limine*. |
| 3/13/2023 | 6/12/2023 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |

| Current Date | Proposed Date | Event |
|---|---|---|
| 3/20/2023 | 6/19/2023 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 3/31/2023 | 6/29/2023 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 4/3/2023 | 7/3/2023 | Final Pretrial Conference. |
| 4/24/2023 | 7/24/2023 | Jury Selection/Trial. |

## III. CONCLUSION

For the foregoing reasons, Purdue respectfully moves to modify the Scheduling Order (Dkt. 45) and extend all pending deadlines by ninety (90) days to allow Purdue's new counsel sufficient time to appear in this case and properly prepare their case for trial, as well as to alleviate current scheduling-conflicts of lead counsel. Accordingly, Purdue respectfully requests that the Court grant its Motion to Modify the Scheduling Order.

Dated: August 15, 2022

Respectfully submitted,

By: /s/ *Michael W. Shore*
Mark D. Siegmund (SBN 24117055)
Craig D. Cherry (SBN 240124190)
**Steckler, Wayne, Cherry & Love PLLC**
8416 Old McGregor Road
Waco, Texas 76712
Tel: (254) 651-3690
Fax: (254) 651-3689
mark@swclaw.com

        craig@swclaw.com

        Michael W. Shore (SBN 18294915)
        Chijioke E. Offor (SBN 24065840)
        Halima Shukri Ndai (SBN 24105486)
        **The Shore Firm**
        901 Main Street, Suite 3300
        Dallas, Texas 75202
        Telephone: (214) 593-9110
        Facsimile: (214) 593-9111
        mshore@shorefirm.com
        coffor@shorefirm.com
        hndai@shorefirm.com

        ***COUNSEL FOR PLAINTIFF***
        ***THE TRUSTEES OF PURDUE UNIVERSITY***

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 15, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

        */s/ Michael W. Shore*
        Michael W. Shore