IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS INTERNATIONAL N.V. AND STMICROELECTRONICS, INC.,<br><br>　　　　Defendants. | NO. 6:21–CV–727–ADA<br><br>JURY TRIAL DEMANDED |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER

The Court should deny the Trustees of Purdue University's ("Purdue") request for a 90-day extension of all deadlines and the trial. As explained below, Purdue fails to establish good cause for a 90-day extension and fails to establish excusable neglect for extension of deadlines that have already expired.

### I. Background

In this litigation, Purdue originally accused STMicroelectronics, Inc. and STMicroelectronics International N.V. (collectively, "ST") of infringing two patents. Within the last month, Purdue disclaimed one of those patents, limiting this case to only one claim of one patent. Fact discovery in this matter is not set to close for another three months. Dkt. No. 45 (setting November 21, 2022 as the close of fact discovery). And expert discovery does not close until next year. *See id* (setting January 16, 2023 as the close of expert discovery). Trial is still eight months away. *Id.*

Counsel for Purdue notified ST that Susman Godfrey LLP would be appearing as co-counsel for Purdue over a month ago, only July 17, 2022. *See* Exhibit A. Counsel for Purdue

has repeatedly stated that these attorneys would be appearing "soon," *e.g.*, *See* Exhibit B, Mot. at 1; and those attorneys have appeared on emails between the parties for weeks, *e.g.*, *See* Exhibit C; but those attorneys have yet to make an appearance. Purdue initially requested only a 60-day extension from ST ("Purdue will seek a continuance of all deadlines for 90 days unless the 60 day extension is agreed by close of business on Monday."). Exhibit D. ST offered a 30-day extension, with an agreement to revisit the schedule at a later stage in the case if necessary. *See* Exhibit E. Without an agreement on Purdue's requested for a 60-day extension, Purdue then filed the present motion for a 90-day extension.

## II.    Legal Argument

**A.    Purdue fails to establish good cause to modify the scheduling order.**

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified *only for good cause* and with the judge's consent." FED. R. CIV. P. 16(b)(4). As the party seeking the continuance, Purdue has the burden to establish the existence of good cause. *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015). To carry its burden, Defendants must establish that they could not have reasonably met the scheduling order deadlines despite their diligence. *See S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003); *see also Am. Tourmaline Fields v. Int'l Paper Co.*, CIV.A.3:96-CV-3363-D, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998).

There are four relevant factors to determine whether good cause exists: (1) the explanation for the failure to comply with the scheduling order; (2) the importance of the modification; (3) any potential prejudice in allowing the modification; and (4) the availability of a continuance to cure the prejudice. *See Squyres*, 782 F.3d at 237. Applying the Fifth Circuit's framework, Purdue has not established good cause to extend the discovery period.

1.      <u>Purdue fails to justify its failure to comply with the scheduling order.</u>

Purdue fails to offer a valid reason for needing a 90-day extension of all deadlines and the trial. As an initial matter, Purdue cannot blame ST for Purdue's failure to follow the current scheduling order by alluding to pending discovery disputes. ST is continuing to produce responsive documents as it conducts a diligent search of its records. ST has produced sales data for all accused products, and is nearing completion of producing technical documents for all accused products. Regardless, there is almost three months left in the fact discovery period—more than sufficient time to complete discovery.

Nor can Purdue blame the need for new counsel to "familiarize themselves" with this case. Mot. at 1. Counsel for Purdue has known for (at least) over a month that Susman Godfrey would be assisting as co-counsel, and those attorneys have been included on communications between the parties for weeks. These attorneys have had more than enough time to "familiarize themselves" with this case, especially since there is only one claim of one patent at issue now. *See Squyres*, 782 F.3d at 237 ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."); *Forge v. City of Dallas*, 3-03-CV-0256-D, 2004 WL 1243151, at *2 (N.D. Tex. June 4, 2004) ("The 'good cause' standard focuses on the diligence of the party seeking a modification of the scheduling order.").

As to Purdue's concern regarding its lead counsel having a trial set for November 2022 in a separate case, it is not uncommon for attorneys to juggle multiple matters at a given time. And ST should not be penalized by Purdue's counsel's failure to do so. Regardless, ST does not oppose a 30-day extension of all pending, not lapsed deadlines, which is more than sufficient to ameliorate Purdue's stated concern that its lead counsel is preparing for a November 2022 trial

in another case.

2. <u>An extension of time is not necessary.</u>

Turning to the second good-cause factor, Purdue's Motion is based on Purdue's argument that it needs additional time to prepare its case. But, as explained above, there is more than three months left in fact discovery, expert discovery does not close until next year, and trial is not for another 8 months. Simply put, there is more than sufficient time for Purdue to prepare its case, especially if the schedule is adjusted by 30 days. Purdue has not met its burden to establish that a 90-day extension of time is important or required at this time. In fact, Purdue had initially asked ST for only a 60-day extension.

3. <u>ST would be highly prejudiced by a 90-day extension.</u>

As to the third factor, Purdue's proposed amended scheduling order is extremely prejudicial to ST. Many of ST's witnesses are based in Europe. As the Court may know, in Europe, the business world all but shuts down over the summer. Indeed, it is for this reason that the depositions of ST witnesses in Italy could not be set until September 2022. Yet, Purdue's proposed schedule places trial in this matter in the middle of summer 2023. But having a trial in the middle of summer—at the height of the traditional travel season for European witnesses—would be highly prejudicial to ST as key technical witnesses will be unavailable. It is for this reason that ST could not agree to a 60-day or 90-day extension of all deadlines. And this prejudice is so substantial, that it alone justifies denial of Purdue's motion.

4. <u>The prejudice cannot be cured by an additional extension.</u>

The last factor also weighs against granting Purdue's motion. Here, a continuance cannot cure any prejudice because a continuance of the schedule, including pushing the trial date is itself prejudicial. *Bob Daemmrich Photography, Inc. v. Scholastic, Inc.*, 1:15-CV-1150-RP, 2018 WL

6265025, at *1 (W.D. Tex. Aug. 22, 2018) (finding that the fourth factor weighed against good cause because "the delay itself is prejudicial").

In sum, Purdue has failed to establish good cause and the Court should deny the Motion.

**B.      Purdue has not established excusable neglect for an extension of expired deadlines.**

Purdue's proposed schedule includes the extension of deadlines that have already passed, namely its deadline to serve final infringement contentions and amended pleadings.  *See* Mot. at 4.  "Under Rule 6, if the motion for extension of time is made after the expiration of a deadline, a party must show that it failed to act because of excusable neglect." *Guthrie v. Reg'l Plastic Surgery Ctr., P.A.*, 4:19-CV-560-SDJ-KPJ, 2020 WL 7318086, at *2 (E.D. Tex. Dec. 11, 2020).  Purdue has not—and cannot—meet this standard.  Accordingly, the request to extend any lapsed deadlines should be denied.

### III.   Conclusion

The Court should deny Purdue's Motion.  In the event that the Court determines an extension of time is necessary, the Court should limit an extension to 30 days for deadlines that have not lapsed consistent with ST's proposed order.

| | |
|---|---|
| August 19, 2022 | Respectfully submitted:<br><br>By:  */s/ Justin S. Cohen*<br>**Bruce S. Sostek**<br>   SBN 18855700<br>   Bruce.Sostek@hklaw.com<br>**Richard L. Wynne, Jr.**<br>   SBN 24003214<br>   Richard.Wynne@hklaw.com<br>**Justin S. Cohen**<br>   SBN 24078356<br>   Justin.Cohen@hklaw.com<br>**Dina W. McKenney**<br>   SBN 24092809<br>   Dina.McKenney@hklaw.com<br>**Catherine L. Reynolds**<br>   SBN 24107599<br>   Cate.Reynolds@hklaw.com<br><br>**HOLLAND & KNIGHT LLP**<br>   One Arts Plaza<br>   1722 Routh St., Suite 1500<br>   Dallas, Texas 75201<br>   214.969.1700<br><br>**Max Ciccarelli**<br>   SBN 00787242<br>   max@ciccarellilawfirm.com<br><br>**CICCARELLI LAW FIRM**<br>   100 N. 6th Street, Suite 502<br>   Waco, Texas 76701<br>   214.444.8869<br><br>**Thomas N. Tarnay**<br>   SBN 24003032<br>   ttarnay@tarnaylaw.com<br><br>**THOMAS TARNAY PLLC**<br>   2103 Virginia Place<br>   Plano, Texas 75094<br>   214.395.8212<br><br>**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS, INC. AND STMICROELECTRONICS INTERNATIONAL N.V.** |

**Defendants' Response to Plaintiff's Motion to Modify the Scheduling Order**                                                                        **Page 6**

## CERTIFICATE OF SERVICE

I certify that on August 19, 2022, the foregoing document was served via electronic mail on counsel of record for Plaintiff.

*/s/ Justin S. Cohen*
Justin Cohen
