# EXHIBIT D

| | |
|---|---|
| **From:** | Michael Shore |
| **To:** | Bustamante, Bryan J (DFW - X61364); Halima Shukri Ndai; mark; Alicia Cary-Howell; Team-Purdue-ST |
| **Cc:** | STPurdueHKService; John Lahad; Max Ciccarelli; Thom Tarnay; Brian Melton |
| **Subject:** | RE: C.A. No. 6:21-cv-00727-ADA; The Trustees of Purdue University v. STMicroelectronics N.V., et. al. - ST"s First Supp. Disc. Objs. & Resps. |
| **Date:** | Sunday, August 7, 2022 8:53:12 AM |

*[External email]*

Max and Justin,

It is clear that ST is playing discovery games and withholding basic technical information, coherent sales data, and leaving out many devices ST sells that include (or are) SiC MOSFETs. This cannot be allowed to continue. Purdue will seek a continuance of all deadlines for 90 days unless the 60 day extension is agreed by close of business on Monday. We are also going to seek a hearing with the Court to go over the legion of ST broken promises, delays and obstruction in discovery. The documents produced to date are mostly garbage, bulk over substance.

By no later than Tuesday:

Every single SiC MOSFET device ST sells must be disclosed in a single interrogatory response, grouped by common die.

A process flow must be provided for each die type, with the process flow matched to each die.

Sales from the 2009 to the present must be disclosed for each individual part number in total units and total revenue, both worldwide and US, including territories. This disclosure must be in a form where each part is listed, and after that part, the total until and sales volume for the world and the US. Each customer for each part must also be disclosed, with a contact person at each customer.

All patents ST claims cover its devices must be disclosed, per the prior court order.

The ERP systems must be identified, and the manuals/support materials for the system must be produced.

This is not negotiable. Either produce this information immediately or we go to the Court and ask for a global discovery hearing to raise all of these issues and point out that the material produced is unorganized, mostly irrelevant and fails to identify the RFPs to which the documents are responsive. ST is trying to thwart an organized and efficient disclosure of basic information and has utterly failed to meet its obligations to produce core technical documents.

NO MORE DEPOSITIONS OF PURDUE PERSONNEL WILL TAKE PLACE AND NO MORE DOCUMENTS WILL BE PRODUCED BY PURDUE UNTIL ST MEETS ITS BASIC OBLIGATIONS AS TO DISCOVERY. THE ONE WAY COOPERATION IS OVER.

Regards,

Michael

**From:** Bustamante, Bryan J (DFW - X61364) <Bryan.Bustamante@hklaw.com>
**Sent:** Friday, August 5, 2022 5:55 PM
**To:** Michael Shore <mshore@shorefirm.com>; Halima Shukri Ndai <hndai@shorefirm.com>; Mark Siegmund <mark@swclaw.com>; Alicia Cary-Howell <acary-howell@shorefirm.com>; Team-Purdue-ST <Team-Purdue-ST@shorechan.com>
**Cc:** STPurdueHKService <STPurdueHKService@hklaw.com>; Max Ciccarelli <Max@CiccarelliLawFirm.com>; Thom Tarnay <ttarnay@tarnaylaw.com>
**Subject:** C.A. No. 6:21-cv-00727-ADA; The Trustees of Purdue University v. STMicroelectronics N.V., et. al. - ST's First Supp. Disc. Objs. & Resps.

CAUTION: External Email!
Counsel,

Attached in connection with the above-referenced matter is *STMicroelectronics, Inc.'s First Supplemental Objections and Responses to Plaintiff's First Set of Discovery Requests.* Please disregard the previously served version which was mislabeled.

Thank you,

**Bryan Bustamante** | **Holland & Knight**
Paralegal
Holland & Knight LLP
One Arts Plaza, 1722 Routh Street, Suite 1500 | Dallas, Texas 75201
Phone 214.969.1364 | Fax 214.964.9501
bryan.bustamante@hklaw.com | www.hklaw.com

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.