#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE WESTERN DISTRICT OF TEXAS
#### WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC, <br><br> Defendants. | CIVIL ACTION NO. 6:21-CV-00727-ADA <br><br><br> JURY TRIAL DEMANDED |

### PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO MODIFY THE SCHEDULING ORDER

On August 26, 2022, Purdue's co-counsel, John Lahad and Brian Melton from Susman Godfrey LLP filed their notices of appearance in this case. Dkts. 136 & 137. As detailed in Purdue's Motion, a ninety (90) day extension is necessary to provide new counsel with sufficient time to familiarize themselves with the substance of this case and properly represent Purdue in this matter. Purdue's new co-counsel have not before their appearance been able to see any of the confidential information produced by ST. ST's opposition only demonstrates ST's desire to capitalize on the change in counsel (*i.e.*, the departure of several attorneys and restructure of Purdue's law firm) and further take advantage of ST's flagrant discovery delays and obstruction. *See, e.g.,* Ex. A (Aug. 5-22, 2022 emails regarding ongoing discovery issues).

Most importantly, in its response, ST never identifies ***any concrete prejudice*** that it might suffer by the proposed schedule modification other than a disruption to the "traditional travel season." Given this conceded lack of prejudice to ST from modifying the schedule and the indisputable, substantial prejudice to Purdue that would result from keeping the current schedule,

1

or the waste of judicial resources if the schedule is adjusted by only thirty (30) days, the Motion should be granted.

## I. GOOD CAUSE EXISTS TO MODIFY THE SCHEDULING ORDER

### A. Satisfactory Explanation for The Failure & Importance of The Modification

First, contrary to ST's assertions, Purdue's new counsel have not had enough time to familiarize themselves with this case. ***They have had zero time.*** The ninety (90) day extension is needed. Purdue's new counsel have not been able to get up to speed because ST has refused to allow replacement counsel to view any Confidential Material designated under the Protective Order despite their agreeing in writing to be bound by it. Until they made a formal appearance, Messrs. Lahad and Melton could not get up to speed on anything. They only filed their notices of appearance on August 26, 2022. They have enjoyed access to designated materials—the vast majority of documents produced to date—for less than 24 hours.

The number of asserted claims is but one element of the work to be done to get the new counsel up to speed. There are dozens of accused products. *See* https://www.st.com/en/sic-devices/sic-mosfets.html#products (listing the various accused products).

Second, because of ST's continued obstruction, three months is hardly enough time to complete discovery. As is evident from its response, ST has been hiding behind the "European vacation schedules" in its discovery delays. *See* Dkt. 130 at 4. For example, the Court addressed pending discovery disputes on August 24, 2022 related to discovery requests Purdue served in ***June 2022***. And as the August 24, 2022 Hearing Transcript will show, ST has not even completed production of materials, including process flows, GDS files, mask information for all SiC MOSFETs, and exemplars for each die at issue, it either "promised" or was ordered to produce on ***July 11, 2022***. *See* Dkt. 130 at 3 (admitting same, i.e., ST "is ***nearing completion of producing technical documents*** for all accused products."); *see also* Ex. A (demonstrating discovery issues

remain pending for weeks due to promises of resolution). The indisputable fact remains that ST failed to comply with its obligation and produce "technical documents, including software where applicable, sufficient to show the operation of the accused product(s)" pursuant to the Court's Order Governing Proceedings. Dkt. 79 at 2-3. Instead, Purdue has had to serve numerous discovery requests and repeatedly submit dispute charts regarding the same to the Court to obtain any relevant technical materials. Another dispute chart will be submitted on Monday outlining the continuing failures of ST to comply with both the discovery rules and this Court's prior orders.

Based on the ongoing discovery issues, Purdue will be prejudiced if forced to try the case on the current schedule.

### B. No Prejudice ST

ST's only claimed prejudice is a disruption of "the traditional travel season for European witnesses." Other than generalized and speculative assertions, ST offers ***no evidence*** to support its alleged "shutdown" of the "business world" in the summer in Europe or any "witness unavailability." ST's refusal to a continuance because of yet to be determined summer vacations is simply absurd. *See, e.g.*, *TriDiNetworks Ltd. v. STMicroelectronics, Inc. et al,* Case No. 1-19-cv-01064, Dkt. 41 (Joint Scheduling Order) (D. Del. Dec. 10, 2019) (setting 7-day jury trial to begin on July 11, 2022).

### C. Availability Of a Continuance to Cure the Prejudice

As detailed above and in the Motion, the prejudice to Purdue due to the current schedule and ST's blatant discovery obstruction can only be cured by the requested extension. Further, because ST failed to demonstrate any legitimate prejudice, this factor favors granting Purdue's Motion.

Moreover, ST's reliance on *Bob Daemmrich Photography, Inc. v. Scholastic, Inc,* No. 1:15-CV-1150-RP, 2018 WL 6265025, at *1 (W.D. Tex. Aug. 22, 2018) is misplaced. First, *Bob*

*Daemmrich Photography* concerned a motion to file an amended complaint and not a motion to amend the schedule. *Id*. at *1. Second, the deadline to amend pleadings passed over four months before the motion was filed. In contrast, Purdue seeks an extension of upcoming deadlines.

## II.  CONCLUSION

For the foregoing reasons, Purdue respectfully moves to modify the Scheduling Order (Dkt. 45) and extend all pending deadlines by ninety (90) days to allow Purdue's new counsel sufficient time to get up to speed properly prepare the case for trial, as well as to alleviate current scheduling-conflicts of lead counsel and the obstruction of ST, obstruction that continues. Accordingly, Purdue respectfully requests that the Court grant its Motion to Modify the Scheduling Order.

Dated: August 26, 2022

Respectfully submitted,

By: /s/ *Michael W. Shore*
Mark D. Siegmund (SBN 24117055)
Craig D. Cherry (SBN 240124190)
STECKLER, WAYNE, CHERRY & LOVE PLLC
8416 Old McGregor Road
Waco, Texas 76712
Tel: (254) 651-3690
Fax: (254) 651-3689
mark@swclaw.com
craig@swclaw.com

Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

Brian D. Melton (SBN 24010620)
John P. Lahad (SBN 24068095)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com

***COUNSEL FOR PLAINTIFF***
***THE TRUSTEES OF PURDUE UNIVERSITY***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on August 26, 2022, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Michael W. Shore*
Michael W. Shore