IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>    *Plaintiff*,<br><br>v.<br><br>STMICROELECTRONICS<br>INTERNATIONAL N.V. and<br>STMICROELECTRONICS, INC.,<br><br>    *Defendants*. | No. 6:21-cv-00727-ADA |

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS

**TO:   THE HONORABLE ALAN D ALBRIGHT,**
       **UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendants' motion to dismiss all claims and counterclaims related to U.S. Pat. No. 8,035,112 ("the '112 patent"). ECF 124. Plaintiff filed an opposition, ECF 125, and Defendants replied, ECF No. 126. Having considered the parties' arguments, the Court is of the opinion that the motion should be **GRANTED**.

The parties' dispute is not whether the claims and counterclaims related to the '112 patent should be dismissed, but whether they should be dismissed with prejudice. Plaintiff concedes it has statutorily disclaimed all the claims of the '112 patent in a proceeding before the U.S. Patent

Trial and Appeal Board ("PTAB"). ECF No. 125 at 1. Indeed, Plaintiff disclaimed all claims a month after the PTAB instituted *inter partes* review on a petition Defendants filed against the '112 patent. *See* Institution Decision, *STMicroelectronics, Inc. v. The Trustees of Purdue University*, No. IPR2022-00309, Paper Nos. 14 (P.T.A.B. July 6, 2022); Patent Owner's Request for Adverse Judgment, *STMicroelectronics, Inc. v. The Trustees of Purdue University*, No. IPR2022-00309, Paper No. 17 (P.T.A.B. Aug. 5, 2022).

In dedicating the entirety of the '112 patent to the public, Plaintiff moots all the claims and counterclaims regarding the '112 patent. That much is not in dispute. And, in the Court's view, the statutory disclaimer represents Plaintiff's intention to permanently withdraw its infringement claims from any federal action and, as such, a dismissal *with* prejudice is appropriate. "This will prevent the regeneration of the controversy by a reassertion of a right to litigate the [infringement] claims in federal court." *Deakins v. Monaghan*, 484 U.S. 193, 200, 108 S. Ct. 523, 528 (1988). Plaintiff expressed concern at oral arguments that Defendants only seek dismissal *with prejudice* to secure better footing when seeking "prevailing party" status in potential, future requests for costs and fees. The Court finds this concern a bit overblown; even if the Court merely dismissed this action as moot, that would not necessarily prevent Defendants from being deemed prevailing parties. *See B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019). Any further arguments over qualification for prevailing-party status can be reserved for future motions.

The Court thus recommends that all claims by Plaintiff that Defendants infringe the '112 Patent should hereby be dismissed as moot, with prejudice. Further, the Court recommends that all defenses and counterclaims by Defendants against Plaintiff pertaining solely to the '112 patent should hereby be dismissed as moot, with prejudice.

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District

Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 28th day of September, 2022**.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE