IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>    Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS<br>INTERNATIONAL N.V. and<br>STMICROELECTRONICS, INC.,<br><br>    Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMAND |

**PLAINTIFF'S MOTION FOR LEAVE TO ADD CLAIM 10 OF THE PATENT-IN-SUIT**

Pursuant to the Court's Order Governing Proceedings, Plaintiff Trustees of Purdue University ("Purdue") respectfully moves the Court for leave to add a single dependent claim—claim 10 of asserted U.S. Patent No. 7,498,633 (the "'633 Patent")—to this litigation.

Because Purdue has not delayed its amendment and the amendment will not prejudice Defendants' (collectively, "ST") ability to respond to Purdue's allegations, the Court should grant this Motion. *See* OGP Version 4.2. ("Any amendment to add patent claims requires leave of court *so that the Court can address any scheduling issues*." (emphasis added)); ECF No. 144 (modifying the scheduling order in this case); *see also* ECF No. 130 (arguing no additional time is necessary to prepare this case); ECF No. 56-1 (confirming that ST has already challenged the validity of claim 10 in IPR2022-00252).

**I.   BACKGROUND**

On July 14, 2022, Purdue voluntarily dismissed all claims asserted against STMicroelectronics N.V. ("STNV"). ECF No. 116. Thereafter, on July 29, 2022, Purdue filed a

1

statutory disclaimer under 37 CFR 1.321(a) disclaiming all claims in U.S. Patent No. 8,035,112 (the "'112 Patent"). *See* ECF Nos. 124-126. Consequently, on October 19, 2022, the Court dismissed all claims and counterclaims related to. ECF No. 158 (Order Adopting Magistrate Judge's Report and Recommendation, ECF No. 151).

On October 13, 2022, pursuant to the Scheduling Order, Purdue timely filed its Second Amended Complaint for Patent Infringement ("Amended Complaint") and served its Final Infringement Contentions ("Final Contentions"). *See* ECF No. 144 (setting deadline to "***file all amended or supplemental pleadings***. Any such amended or supplemental pleadings shall be particularized and constitute Plaintiff's contentions for trial. ***After this date, leave of Court is required for any amendment to infringement contentions***. This deadline does not relieve Plaintiff of its obligation to seasonably amend if new information is identified after initial contentions." (emphases added)). The Amended Complaint eliminates all allegations related to STNV and the '112 Patent. And based on recently disclosed technical materials, Purdue's Amended Complaint and Final Contentions assert infringement of claims 9 and 10 of the '633 Patent.

Previously asserted claim 9 of the '633 Patent reads:

> A double-implanted metal-oxide semiconductor field-effect transistor comprising:
>
> a silicon-carbide substrate;
>
> a drift semiconductor layer formed on a front side of the semiconductor substrate;
>
> a first source region;
>
> a first source electrode formed over the first source region, the first source electrode defining a longitudinal axis;
>
> a plurality of first base contact regions defined in the first source region, each of the plurality of first base contact regions being spaced apart from each other in a direction parallel to the longitudinal axis defined by the first source electrode;

>a second source region;
>
>a second source electrode formed over the second source region, the second source electrode defining a longitudinal axis;
>
>a plurality of second base contact regions defined in the second source region, each of the plurality of second base contact regions being spaced apart from each other in a direction parallel to the longitudinal axis defined by the second source electrode; and
>
>a JFET region defined between the first source region and the second source region, *the JFET region having a width less than about three micrometers*.

Claim 10 of the '633 Patent depends upon claim 9 and reads:

>The double-implanted metal-oxide semiconductor field-effect transistor of claim 9, *wherein the JFET region has a width of about one micrometer*.

'633 Patent, claims 9 and 10 (emphases added). Thus, claim 10 only further limits the width of the JFET region, and based on the claim language, no other terms need be construed.

## II.   ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave" to amend pleadings "when justice so requires." Rule 15(a)(2)'s language "evinces a bias in favor of granting leave to amend." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). Consistent with Rule 15, this Court "allows parties to freely amend their infringement theories as long as there is good cause." *Lighthouse Consulting Grp., LLC v. BB&T Corp.*, 476 F. Supp. 3d 532, 538 (W.D. Tex. 2020).

Good cause exists here. First, Purdue seeks to add only a *single dependent claim of the patent-in-suit*, as reflected in the Amended Complaint (ECF No. 154), which is attached hereto as Exhibit 1 pursuant to Local Rule CV-7(b). As detailed above, claim 10 adds no new subject matter, but only further limits the width of the JFET region, i.e., claim 9 recites a "JFET region having a width *less than about three micrometers*," whereas claim 10 provides that "the JFET region has

3

a width of *about one micrometer*." '633 Patent, claims 9 and 10 (emphases added). Moreover, claim 10 was the subject of one of ST's IPR Petitions, which the Patent Trial and Appeal Board has already denied. *See* Ex. 2 (Decision Denying Institution of *Inter Partes* Review).

Purdue only recently identified ST's infringement of claim 10 of the '633 Patent through discovery, which is ongoing. As the Court is aware, production of technical materials has been a contentious issue in this case. *See, e.g.*, ECF No. 153 (setting discovery hearing to address various issues, including production of technical materials). Indeed, on **October 12, 2022**, less than 24 hours before Purdue's deadline to file its amended or supplemental pleading and in response to Purdue's discovery dispute, ST's counsel provided additional correlation information for recently disclosed technical materials via email. *See* Ex. 3. To date, no amended or supplemental discovery responses related to this correlation information has been provided.

Second, the addition of claim 10 to this litigation is not sought in bad faith, with dilatory motive, or for the purpose of undue delay. *See, e.g.*, *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). To the contrary, to *avoid* any delay to the case schedule, Purdue seeks to assert claim 10 *now* without any changes to the schedule so that it can be addressed in the parties' final contentions, well-before close of fact discovery and expert disclosure deadlines. Moreover, ST will not suffer undue prejudice if the Court grants leave to amend. *See id.* Purdue's Amended Complaint and Final Contentions add no new patents, parties, or requests for relief, and ST is already aware of the patent claims to be asserted, which it incorporated into one of its IPR Petitions. ST's response to Purdue's *timely* Amended Complaint and Final Contentions are not due until November 14, 2022 (more than three weeks away), fact discovery remains open until February 21, 2023, and opening expert reports are not due until March 9, 2023. *See* ECF No. 144.

### III.   CONCLUSION

For the reasons set forth above, Purdue respectfully requests that the Court grant its Motion and Order ST to file its Answer to Purdue's Second Amended Complaint and serve its Final Invalidity Contentions on November 14, 2022 pursuant to the Scheduling Order, or within 7 days of the Court's Order granting this Motion.

Dated: October 21, 2022               Respectfully submitted,

By: /s/ *Halima Shukri Ndai*
Mark D. Siegmund (SBN 24117055)
Craig Cherry (SBN 24012419)
STECKLER WAYNE CHERRY & LOVE PLLC
8416 Old McGregor Road
Waco, Texas 76712
Tel: (254) 651-3690
Fax: (254) 651-3689
mark@swclaw.com
craig@swclaw.com

Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

>Brian D. Melton (SBN 24010620)
>John P. Lahad (SBN 24068095)
>Hayley Stillwell (pro hac vice)
>SUSMAN GODFREY L.L.P.
>1000 Louisiana Street, Suite 5100
>Houston, Texas 77002
>Tel: (713) 651-9366
>Fax: (713) 654-6666
>bmelton@susmangodfrey.com
>jlahad@susmangodfrey.com
>hstillwell@susmangodfrey.com
>
>***COUNSEL FOR PLAINTIFF***
>***THE TRUSTEES OF PURDUE UNIVERSITY***

## **CERTIFICATE OF SERVICE**

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system on October 21, 2022.

>*/s/ Halima Shukri Ndai*
>Halima Shukri Ndai