# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY<br><br>    *Plaintiff*,<br><br>v.<br><br>STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., AND STMICROELECTRONICS, INC.<br><br>    *Defendants*. | NO. 6:21-CV-00727-ADA<br>JURY TRIAL DEMANDED |

## STMICROELECTRONICS'S
## NOTICE OF SUBPOENA TO REMBRANDT IP MANAGEMENT, LLC

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant STMicroelectronics, Inc. will serve the attached subpoena on Rembrandt IP Management, LLC.

Dated: August 5, 2022         Respectfully submitted:

By: */s/ Justin S. Cohen*
**Bruce S. Sostek**
   SBN 18855700
   Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
   SBN 24003214
   Richard.Wynne@hklaw.com
**Justin S. Cohen**
   SBN 24078356
   Justin.Cohen@hklaw.com
**Dina W. McKenney**
   SBN 24092809
   Dina.McKenney@hklaw.com
**Catherine L. Reynolds**
   SBN 24107599
   Cate.Reynolds@hklaw.com

HOLLAND & KNIGHT LLP
   One Arts Plaza
   1722 Routh St., Suite 1500
   Dallas, Texas 75201
   214.969.1700

**Max Ciccarelli**
   SBN 00787242
   max@ciccarellilawfirm.com

CICCARELLI LAW FIRM
   100 N. 6th Street, Suite 502
   Waco, Texas 76701
   214.444.8869

**Thomas N. Tarnay**
   SBN 24003032
   ttarnay@tarnaylaw.com

THOMAS TARNAY PLLC
   2103 Virginia Place
   Plano, Texas 75094
   214.395.8212

*Attorneys for Defendants*

Adapted from AO 88A and AO 88B (Rev. 02/14) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br>*Plaintiff,*<br><br>v.<br><br>STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., AND STMICROELECTRONICS, INC.,<br>*Defendants.* | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMANDED |

# SUBPOENA TO TESTIFY AT A DEPOSITION
# AND TO PRODUCE DOCUMENTS

To:   Rembrandt IP Management, LLC, by and through its registered agent for service, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is not a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Holland & Knight LLP<br>2929 Arch Street, Suite 800<br>Philadelphia, PA 19104 | Date and Time: September 9, 2022 at 9:00 a.m. (EST) or another mutually agreeable time and date |
|---|---|

The deposition will be recorded by this method: <u>Audio, Video, and Stenographic</u>

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place:   Holland & Knight LLP<br>2929 Arch Street, Suite 800<br>Philadelphia, PA 19104 | Date and Time: August 19, 2022 at 5:00 p.m. (EST) or another mutually agreeable time and date |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: <u>August 5, 2022</u>

CLERK OF COURT

_____            OR            */s/ Justin S. Cohen*
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing (*name of party*) STMicroelectronics, Inc., who issues or requests this subpoena, is:  Justin S. Cohen, Holland & Knight LLP, 1722 Routh Street, Suite 1500, Dallas, Texas 75201, (214) 969-1211, justin.cohen@hklaw.com

Adapted from AO 88A and AO 88B (Rev. 02/14) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No. 6:21-cv-00727-ADA

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for (*name of individual and title, if any*) _____

on (*date*) _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (date) _____ , or

☐ I returned the subpoena unexecuted because _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena*.
  **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
  **(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information*. These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection*.
  **(A)** *Information Withheld*. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced*. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

Adapted from AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 4)

**(f) Contempt**. The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS AND INSTRUCTIONS**

1. "Plaintiff" or "Purdue" refers to Plaintiff The Trustees of Purdue University and its officers, employees, agents, consultants, representatives, predecessors, successors, assigns, and any other persons acting on behalf of Purdue.

2. "PRF" refer to the Purdue Research Foundation and its officers, employees, agents, consultants, representatives, predecessors, successors, assigns, and any other persons acting on behalf of PRF.

3. "ST" refers to STMicroelectronics, Inc., STMicroelectronics N.V., and STMicroelectronics International N.V.

4. "Lawsuits" or "Litigation" refer to the above-captioned case, *The Trustees of Purdue University v. v. STMicroelectronics, Inc., et al.*, Case No. 6:21-cv-727 (W.D. Tex.), and *The Trustees of Purdue University v. Wolfspeed, Inc.*, Case No. 1:21-cv-00840 (M.D. Ten).

5. "Asserted Patents" or "Patents-in-Suit" refers to U.S. Patent Nos. 7,498,633 ("the '633 Patent") and 8,035,112 ("the '112 Patent").

6. "Related Patents" means all United States and foreign patents and patent applications (including all published and unpublished, pending, and abandoned applications) relating to any Asserted Patent, including patents or patent applications: (a) from or through which any Asserted Patent directly or indirectly claims priority; (b) that claim priority to any Asserted Patent; or (c) that are otherwise identified in any Asserted Patent as related to that patent.

7. "Prior Art" means all documents, information, acts, or things that qualify as prior art under any subsection of 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

8. "Named Inventor" means any inventor or combination of inventors listed on the face of the Asserted Patents, namely Dr. James A. Cooper and Asmita Saha.

9. "You" and "Rembrandt" refer to Rembrandt IP Management, LLC and its officers, employees, agents, consultants, representatives, predecessors, successors, assigns, and any other persons acting on behalf of Rembrandt.

10. "Communication" refers to any transmission, exchange or transfer of information, including without limitation, meetings, telephone conversations, emails, correspondence, memoranda, contracts, agreements, and verbal actions intended to or actually conveying information or data.

11. "Document" is synonymous in meaning and equal in scope to its usage in Federal Rule of Civil Procedure 34(a)(1)(A), which states "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."

12. Requests for production should be read so as to encompass any and all items responsive to the request. Examples of responsive items set out in any request should not be construed to limit the scope of the request.

13. These requests call for the production of all responsive documents in your possession, custody, or control, or in the possession, custody or control of your affiliates, partners, joint ventures, brokers, accountants, financial advisors, representatives, and agents or other persons acting on your behalf, without regard to the physical location of such documents. A person is deemed in control of a document if the person has any ownership, possession, or custody of the

document, or the right to secure the document or a copy thereof from any person or public or private entity having physical possession thereof.

14. In responding to these requests, include documents obtained on your behalf by your counsel, agents, or any other persons acting on your behalf. If your response is that the documents are not within your possession or custody, describe in detail the unsuccessful efforts you made to locate each such documents. If your response is that documents are not under your control, identify who has control and the location of the documents.

15. If there are no documents in response to a particular request, or if you withhold any responsive documents or categories of documents based on any objections, you shall state so in writing.

16. All documents are to be produced as they are ordinarily kept including any labels, file markings, or similar identifying features, or shall be organized and labeled to correspond to the categories requested herein.

17. **General Document Image Format.** Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

18. **Text-Searchable Documents.** If Your documents already exist in text-searchable format independent of this Litigation, or are converted to text-searchable format for use in this Litigation, including for use by Your counsel, then such documents shall be produced in the same text-searchable format.

19. **Footer.** Each document image shall contain a footer with a sequentially ascending production number.

20. **Native Files.** Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g., comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in their native file format. TIFF images need not be produced unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. Any native files that are produced shall be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth below. A TIFF placeholder indicating that the document was provided in native format should accompany the database record. If a file has been redacted, TIFF images and OCR text of the redacted document will suffice in lieu of a native file and extracted text.

21. **Metadata.** Productions shall include, in addition to single page TIFFs and Text Files, (a) an ASCII delimited metadata file (.txt, .dat, or .csv), and (b) an image load file that can be loaded into commercially acceptable production software (e.g., Relativity).

**Image Load File** shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT

**Metadata Load File** shall be delimited according to the following characters:

o Delimiter = D (ASCII:0020)

o Text-Qualifier = þ (ASCII:00254)

The following Metadata Fields shall appear in the metadata load file:

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |

| Field Name | Field Description |
|---|---|
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian). |
| SUBJECT | Subject line of email |
| TITLE | Title from properties of document |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TO | All recipients that were included on the "To" line of the email |
| FROM | The name and email address of the sender of the email |
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME | Filename of an electronic document |
| FILEPATH | Filepath of an electronic document |
| DATEMOD | Date an electronic document was last modified (format: MM/DD/YYYY) (Edoc only) |
| DATECREATED | Date the document was created (format: MM/DD/YYYY) (Edoc only) |
| NATIVELINK | Native File Link (Native Files only) |

22.   Each request contemplates production of all documents in their entirety. If only a portion of a document is responsive to one or more requests, the document shall be produced in its entirety.

23.   If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or other protection from disclosure such as the work product

doctrine or other business confidentiality or trade secret protection, set out separately with respect to each withheld document:

    (a) the ground of privilege or protection claimed;

    (b) every basis for the privilege or protection claimed;

    (c) the type of document;

    (d) its general subject matter;

    (e) the document's date; and

    (f) other information sufficient to enable a full assessment of the applicability of the privilege or protection claims, as required by Federal Rule of Civil Procedure 26(b)(5), the court's local rules, and the judge's individual practice rules.

24. If you object to any document request on any ground other than privilege, you must specify:

    (a) the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and

    (b) whether any responsive materials are being withheld on the basis of an objection.

25. To the extent you assert that a document contains information that should be protected from disclosure (based on the attorney-client privilege, work product doctrine, or another protection) and non-privileged information, the non-privileged portions of the document must be produced. For each such document, indicate the portion of the document withheld by stamping the words "MATERIAL REDACTED AS [BASIS FOR PROTECTION]" on the document in an appropriate location that does not obscure the remaining text.

26. If any document was, but no longer is, in your possession, subject to your control, or in existence, include a statement:

    (a) identifying the document;

    (b) describing where the document is now;

    (c) identifying who has control of the document;

    (d) describing how the document became lost or destroyed or was transferred; and

    (e) identifying each of those persons responsible for or having knowledge of the loss, destruction, or transfer of the document from your possession, custody, or control.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:** All agreements between You, Plaintiff, PRF, and/or Sonrisa Research, Inc., including all technology, joint venture, license, joint development, commercialization, technology, and non-disclosure agreements.

**REQUEST NO. 2:** All agreements between You and the Named Inventors, including all employment, contractor, consulting, technology, non-disclosure, intellectual property, assignment, and license agreements.

**REQUEST NO. 3:** Documents sufficient to show all contemplated agreements between You, Plaintiff, and/or PRF, including all memorandums of understanding ("MOU"s), term sheets, proposals, requests for proposal ("RFP"s), responses to RFPs, bids, offers, and similar contemplated or proposed agreements.

**REQUEST NO. 4:** All Documents and Communications relating to each Asserted Patent or subject matter relating to the inventions claimed by the Asserted Patents, including, but not limited to:

   a. all Documents and Communications with Plaintiff, PRF, and/or the Named Inventors (including any attorneys representing the aforementioned parties) regarding potentially commercializing any inventions claimed by the Asserted Patents;

   b. all Documents and Communications regarding licensing, buying, selling, valuing, or evaluating, the Asserted Patents;

   c. all Documents and Communications regarding potential infringement of the Asserted Patents;

   d. all Documents and Communications regarding potential invalidity and/or unenforceability of the Asserted Patents; and

> e. all Documents and Communications exchanged with Purdue or PRF regarding the Lawsuits.

**REQUEST NO. 5:** For each Asserted Patent, all actual or potential Prior Art, including related documents to demonstrate that something is Prior Art (e.g., documents showing sales of potential Prior Art products or documents corroborating a public disclosure of potential Prior Art), including all SiC power MOSFET products, papers, and presentations before 2005.

**REQUEST NO. 6:** Documents sufficient to show all government contracts and research involving You and Plaintiff, PRF, Sonrisa Research, Inc., and/or one of the Named Inventors.

**REQUEST NO. 7:** All actual or potential Prior Art to the Asserted Patents, including any SiC power MOSFET products you made, imported, or sold before 2005.

**REQUEST NO. 8:** All Communications with Purdue, PRF, and/or the Named Inventors discussing, relating to, or concerning the Asserted Patents or subject matter relating to the inventions claimed by the Asserted Patents.

**REQUEST NO. 9:** All Communications with Purdue, PRF, and/or the Named Inventors discussing, relating to, or concerning ST.

**REQUEST NO. 10:** All Communications with Dr. Brooke Beier discussing, relating to, or concerning the Asserted Patents or subject matter relating to the inventions claimed by the Asserted Patents.

**REQUEST NO. 11:** All Documents and Communications exchanged between you and any person acting on behalf of the Shore Chan law firm.

**REQUEST NO. 12:** For each Asserted Patent, all documents relating to the circumstances surrounding any analysis into potentially or actually developing any subject matter claimed in that patent, including, but not limited to documents relating to the problems addressed and any

alternative solutions, the state of the technology at the time, prior art searching, and the time, money, and effort involved in such development.

**REQUEST NO. 13:**  For each Asserted Patent, all documents relating to any technical or scientific writings or speeches related to any subject matter claimed in that patent, whether published or not.

**REQUEST NO. 14:**  All Documents and Communications regarding any devices utilizing the claimed inventions of the Asserted Patents, including all process flows, GDS data, fabrication plans, demonstration devices, and reports regarding the same.

**REQUEST NO. 15:**  All Documents and Communications regarding any offers to sell or sales of any devices utilizing the claimed inventions of the Asserted Patents.

**REQUEST NO. 16:**  All Documents that attempt to analyze the Asserted Patents, the subject matter claimed by the Asserted Patents, the market for the inventions claimed in the Asserted Patents, potential licensing strategies for the Asserted Patents, the identification of potential infringers of the Asserted Patents, prior art to the Asserted Patents, or potential licensees of the Asserted Patents.

## EXHIBIT B

### TOPICS FOR EXAMINATION

**TOPIC NO. 1:**     Your relationship and communications with Purdue and/or PRF from 2000 to the present.

**TOPIC NO. 2:**     Your relationship and communications with Dr. James A. Cooper, Asmita Saha, and/or Sonrisa Research, Inc. from 2000 to the present, including all contracts and agreements.

**TOPIC NO. 3:**     All agreements, licenses, assignments, and other contracts relating to the Asserted Patents.

**TOPIC NO. 4:**     All actual or potential Prior Art to the Asserted Patents.

**TOPIC NO. 5:**     You analysis of the Asserted Patents.

**TOPIC NO. 6:**     Your attempts to commercialize any products made under the Asserted Patents.

**TOPIC NO. 7:**     The authentication of any documents produced by You in response to this subpoena.

Adapted from AO 88A and AO 88B (Rev. 02/14) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br>*Plaintiff,*<br><br>v.<br><br>STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., AND STMICROELECTRONICS, INC.,<br>*Defendants.* | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMANDED |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## AND TO PRODUCE DOCUMENTS

To: Rembrandt IP Management, LLC, by and through its registered agent for service, The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is not a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Holland & Knight LLP<br>2929 Arch Street, Suite 800<br>Philadelphia, PA 19104 | Date and Time: September 9, 2022 at 9:00 a.m. (EST) or another mutually agreeable time and date |
|---|---|

The deposition will be recorded by this method: <u>Audio, Video, and Stenographic</u>

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Holland & Knight LLP<br>2929 Arch Street, Suite 800<br>Philadelphia, PA 19104 | Date and Time: August 19, 2022 at 5:00 p.m. (EST) or another mutually agreeable time and date |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45 (e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: <u>August 5, 2022</u>

*CLERK OF COURT*

OR

_____  /s/ Justin S. Cohen
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing (*name of party*) STMicroelectronics, Inc., who issues or requests this subpoena, is: Justin S. Cohen, Holland & Knight LLP, 1722 Routh Street, Suite 1500, Dallas, Texas 75201, (214) 969-1211, justin.cohen@hklaw.com

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 6:21-CV-00727-ADA

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* REMBRANDT IP MANAGEMENT, LLC
on *(date)* 08/08/2022 .

REMBRANDT IP MANAGEMENT, LLC

☑ I served the subpoena by delivering a copy to the named individual as follows:

C/O THE CORPORATION TRUST CO., 1209 ORANGE ST., WILMINGTON, DE 19801; ACCEPTED: AMY MCLAREN (MANAGING AGENT) AT 10:55 AM on *(date)* 08/08/2022 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ 70.00 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 08/08/2022

*Server's signature*

DENORRIS BRITT   PROCESS SERVER
*Printed name and title*

2200105
*Server's address*

Additional information regarding attempted service, etc.:

SERVED WITH SUBPOENA TO TESTIFY AT A DEPOSITION AND TO PRODUCE DOCUMENTS WITH EXHIBIT A;