# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>        Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC.,<br><br>        Defendants. | CIVIL ACTION NO. 6:21-CV-00727-ADA<br><br>REDACTED VERSION<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS AND 30(b)(6) DEPOSITION WITNESS

Plaintiff, The Trustees of Purdue University ("Purdue"), moves this Court to compel third party General Electric Company ("GE") to (1) produce previously subpoenaed documents; and (2) present a Federal Rule of Civil Procedure 30(b)(6) representative witness reasonably knowledgeable of and prepared to testify on the noticed topics.

On October 10, 2020, Dr. Ljubisa Stevanovic ("Dr. Stevanovic") appeared for deposition as GE's corporate representative. Stevanovic was unprepared on the noticed topics, testified evasively, and improperly refused to answer multiple questions.[1] Prior to the deposition, GE failed to produce any of the subpoenaed documents. GE attorney Natalie Bennett ("Ms. Bennett") obstructed the deposition by repeatedly lodging impermissible objections, improperly instructing Dr. Stevanovic not to answer, and coaching Dr. Stevanovic throughout with "signaling" objections.

---

[1] Contemporaneously with the filing of this Motion, Purdue is providing the Court with video files showing some, but not all, of the misconduct that occurred in the GE corporate representative deposition. *See* Ex. 7.

1

## I.     GE Failed to Produce Subpoenaed Documents

On July 6, 2022, Defendant STMicroelectronics, Inc. ("STM") issued a subpoena to GE. *See* Ex. 1. An amended subpoena was issued by STM on July 7, 2022. *See* Ex. 2. The subpoena ordered GE to produce 15 categories of documents by July 28, 2022 and present a witness on multiple topics. *See id.* On July 12, 2022, Purdue issued a cross-subpoena to GE ordering it to produce documents by July 28, 2022 and present a witness on multiple topics. *See* Ex. 3. GE was served with these subpoenas. *See* Ex. 2–3. The documents sought via subpoena are self-evidently relevant to this case, all being related to the patent at issue, the license agreement between GE and Purdue Research Foundation ("PRF"), and [REDACTED]. The documents sought by STM and Purdue closely align with the deposition topics. *See, e.g.*, *id.* Despite obtaining a lengthy extension to respond or object, GE failed to object to any of the document requests. GE failed to produce any of the subpoenaed documents.

Federal Rule of Civil Procedure 34(c) provides that "a nonparty may be compelled to produce documents" as provided in Federal Rule of Civil Procedure 45. *See Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009) ("Rule 45 explicitly contemplates the use of subpoenas in relation to non-parties."); *see also Andra Group, LP v. JDA Software Group, Inc.*, 312 F.R.D. 444, 448–49 (N.D. Tex. 2015) ("The failure to serve written objections to a subpoena within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections, as does failing to file a timely motion to quash." (cleaned up)); *accord La. Generating, L.L.C. v. Ill. Union Ins. Co.,* Civ. A. No. 10–516–JJB–SCR, 2011 WL 6259052, at *2 (M.D. La. Dec. 14, 2011) ("Courts within the Fifth Circuit have consistently held that failure to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, *including privilege*." (emphasis

added)).² GE waived any objection to the document requests by failing to object within fourteen days of service or moving to quash the subpoena. *See* Fed. R. Civ. P. 45(d)(2)(B); *e.g.*, *Smith W. Texas Properties, Ltd. v. Allied Prop. & Cas. Ins. Co.*, No. MO:18-CV-137-DC, 2020 WL 6365540, at *2 (W.D. Tex. Aug. 7, 2020) ("Failure to file timely objections to or a timely motion to quash the subpoena generally results in the waiver of any objections.").

Pursuant to Rule 45(d)(2)(B)(i), Plaintiff moves the Court to compel GE to produce the subpoenaed documents within seven days and/or appear before the Court to show cause why it should not be held in contempt per Rule 45(g) for failing to comply with Plaintiff's cross-subpoena. Plaintiff further requests that the Court award Plaintiff its costs and attorney's fees incurred in seeking enforcement of the subject subpoena and/or order sanctions against GE.

## II.   GE's Designated Corporate Deponent was Unprepared and Unresponsive

A corporation deposed via a representative pursuant to Federal Rule of Civil Procedure 30(b)(6) "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the party noticing the deposition and to *prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed as to the relevant subject matters." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006); *see id.* ("The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources."); *Resol. Tr. Corp. v. S. Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993) ("When a corporation or association designates a person to testify on its behalf, the

---

² Out of circuit courts have held that "the failure to act timely will not bar consideration of objections in unusual circumstances and for good cause shown." *Bell Inc. v. GE Lighting, LLC,* No. 6:14–cv–00012, 2014 WL 1630754, at *9 (W.D. Va. Apr. 23, 2014) (cleaned up). "Unusual circumstances warranting consideration of objections have included those where counsel for the nonparty and for the subpoenaing party were in contact with respect to the nonparty's compliance prior to the time the nonparty challenged the subpoena." *Id.* (cleaned up). No such unusual circumstances exist here. GE never attempted to negotiate objections with Purdue and no agreement was made to defer or waive the requirement to object.

corporation appears vicariously through that agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all."). "If it becomes obvious that the deposition representative designated by the corporation is deficient, the corporation is obligated to provide a substitute." *Brazos River Auth.*, 469 F.3d at 433.

GE's representative, Dr. Stevanovic, was unprepared to testify on the noticed topics. He refused to answer many questions *claiming a lack of knowledge*. He refused to answer other questions even though they fell squarely within noticed deposition topics, REDACTED . *See, e.g.*, Ex. 4, Transcript at 81 ( REDACTED .) (Purdue Subpoena Topic 2; STM Subpoena Topic Topic 3); *id.* at 81–82 ( REDACTED .) (Purdue Subpoena Topic 2; STM Subpoena Topic 3); *id.* at 173 (REDACTED ) (Purdue Subpoena Topic 2); *see also* Ex. 5.

Dr. Stevanovic also refused to answer numerous questions, often after Ms. Bennett signal objected that the question called for a legal conclusion. *See* Ex. 6. The video file accompanying this motion will show 18 instances where this occurred. For example:



4



Ex. 4, Transcript at 104; *see also id.* at 105 (after refusing to answer a question about a contract term, Dr. Stevanovic stated: "[REDACTED]," and [REDACTED]."); *id.* at 106 (Stevanovic: [REDACTED].); *id.* at 108–09 (Stevanovic: [REDACTED]); *id.* at 83–84, 88–89, 96, 100, 101, 104, 106, 128–29, 135, 140–41, 166, 168, 170, 176, 177–78 (Dr. Stevanovic refusing to answer because question about the [REDACTED] calls for legal conclusion).

The questions that Dr. Stevanovic refused to answer, particularly those inquiring about GE's understanding of and performance under the [REDACTED] were in no way improper. *See Barnett v. Stafford Transp. of Louisiana*, No. 1:20-CV-280, 2021 WL 2768848, at *5 (E.D. Tex. Mar. 8, 2021) ("[A corporation's] understanding of the contract and its application to [the corporation's] operations is an appropriate line of questioning for a corporate representative."); *Brazos River Auth.*, 469 F.3d at 435 ("[REDACTED]."). Dr. Stevanovic refused to testify regarding the primary topic of this deposition: "[REDACTED]." (Purdue Subpoena Topic 2; STM Subpoena Topic 2).

5

Dr. Stevanovic's refusal to answer questions was improper and impaired Plaintiff's ability to elicit GE's testimony. Even when counsel objects, a deponent must still answer the question. *See* Fed. R. Civ. P. 30(c)(2) ("An objection at the time of the examination . . . must be noted on the record, *but the examination still proceeds*; the testimony is taken subject to any objection." (emphasis added)). Indeed, a deponent must still answer a question even if it calls for a legal conclusion or opinion. *See, e.g.*, *Howell v. Standard Motor Prod., Inc.*, No. 4:99-CV-987-E, 2001 WL 456241, at *3 (N.D. Tex. Apr. 27, 2001) (explaining that the court is unaware of authority permitting a deponent to refuse to answer a question that calls for a legal conclusion). Dr. Stevanovic's refusals to answer questions when coached via objections was obstruction. *See, e.g.*, Ex. 4, Transcript at 47–48, 53.

Dr. Stevanovic's lack of preparation and refusal to answer questions amounts to a failure by GE to properly designate a knowledgeable and responsive witness was "for all practical purposes, no appearance at all." *Resol. Tr. Corp.*, 985 F.2d at 197. Sanctions are the appropriate remedy. *See Ferrand v. Schedler*, 2012 WL 3016219 (E.D. La. July 23, 2012) (counsel sanctioned for obstructing deposition with improper objections and instructions not to answer); *Mass Engineered Design, Inc. v. Ergotron, Inc.*, 2008 WL 8667511 *2 (E.D. Tex. January 8, 2008); *Rias v. Greyhound Lines, Inc.*, 2015 WL 13710124 *8 (W.D. Tex. April 27, 2015) (counsel sanctioned for instructing witness not to answer questions outside of Rule 30(b)(6) topics).[3]

### III. GE's Counsel Obstructed the Deposition

Ms. Bennett repeatedly violated the local and federal rules by making improper objections, instructing Dr. Stevanovic not to answer, and coaching him during the deposition.

---

[3] *See also Mitchell v. Developers Diversified Realty Corp.*, 2010 WL 11530460 *2–3 (E.D. Tex. August 6, 2010) (counsel sanctioned and witness ordered re-deposed for instructing witness not to answer); *Wilson v Martin County Hosp. Dist.*, 149 F.R.D. 553, 555 (W.D. Tex. 1993) (explaining that the proper means to protect a witness from harassment is to seek relief from the court while the deposition is postponed; a refusal to answer is not allowed).

The rules plainly state the limited objections an attorney may make and instances when an attorney may instruct a deponent not to answer during a deposition. The Local Rules provide that "objections to questions during a deposition are limited to 'Objection, leading' and 'Objection, form.'" Local Rule CV-30(b). And under the Federal Rules, an attorney "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

Contrary to the Local Rules, Ms. Bennett did not limit her objections to leading and form. She continuously objected on the ground that Plaintiff's question called for a legal conclusion, *see* Ex. 4, Transcript at 84, 89, 96, 99, 100, 101, 104, 106, 108, 119, 128, 129, 135, 140, 141, 166, 168, 170, 176, 177, and that Plaintiff's question was outside the scope of noticed topics, *see id.* at 84, 151, 182.

Ms. Bennett continued her obstruction by instructing Dr. Stevanovic not to answer questions without a Rule 30(c)(2) ground. For example, she instructed Dr. Stevanovic not to answer questions that she viewed as irrelevant:



---

[4] This question was directly related to Purdue Subpoena Topic 2, STM Subpoena Topic 3.

[5] Determining for whom the corporate representative works is not beyond the scope of this deposition.

*Id*. at 79–80, 84. Without an assertion that the deponent's silence is "necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)," Fed. R. Civ. P. 30(c)(2), Ms. Bennett's instructions to Dr. Stevanovic not to answer were improper and prevented Purdue from eliciting testimony that it is entitled to discover. *See Wilson v. Martin Cnty. Hosp. Dist.*, 149 F.R.D. 553, 555 (W.D. Tex. 1993) ("As a general rule, instructions not to answer questions at a deposition are improper."); *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 591 (S.D. Tex. 2011) ("[C]ourts have generally concluded that it is improper to instruct a witness not to answer a question based on a relevancy objection.").

Ms. Bennett also impermissibly coached Dr. Stevanovic throughout the deposition. *See Cordova v. United States*, No. CIV.05 563 JB/LFG, 2006 WL 4109659, at *2 (D.N.M. July 30, 2006) (explaining that coaching witnesses during depositions violates the Federal Rules). For example:



Ex. 4, Transcript at 89 (emphasis added); *see also id.* at 129 (Bennett: REDACTED [.]); *id.* at 135 (Bennett: REDACTED

---

[6] This question fits within Purdue Subpoena Topic 2, STM Subpoena Topic 3.

REDACTED .); *id.* at 168 (same); *id.* at 170 (same). The repeated signal from Ms. Bennett to Dr. Stevanovic is obvious—*do not answer the question if I object because it calls for a legal conclusion*. Such witness coaching is improper and warrants further deposition questioning that allows Plaintiff to "adequately address the facts and events which [are] the subject of appropriate inquiry." *Moon v. City of El Paso*, No. SA-06-CA-925-OG, 2007 WL 9702910, at *1 (W.D. Tex. Dec. 7, 2007).

## CONCLUSION

Dr. Stevanovic, as GE's corporate representative, and Ms. Bennett obstructed Plaintiff's ability to elicit GE's testimony. Dr. Stevanovic repeatedly asserted that he lacked knowledge or refused to answer questions. Ms. Bennett repeatedly lodged improper objections and instructed Dr. Stevanovic not to answer questions, in contravention of the local and federal rules. Ms. Bennett also blatantly coached Dr. Stevanovic. These successful efforts to "impede[], delay[], [and] frustrate[] the fair examination of [GE]" are grounds for sanctions and Plaintiff's reasonable expenses and attorney's fees. Fed. R. Civ. P. 30(d)(2).

In addition, not only did GE fail to object to any document requests or produce the subpoenaed documents as ordered by this Court, but this failure prevented Plaintiff from questioning Dr. Stevanovic fully about the noticed deposition topics, which were directly tied to the requested document production.

Plaintiff respectfully requests that this Court (1) grant Plaintiff's motion to compel GE to produce the subpoenaed documents within 7 days, (2) award Plaintiff its costs and attorney's fees in the amount of $12,500 in seeking enforcement of the subject subpoena and/or order imposing sanctions against GE and its counsel, (3) compel a second Rule 30(b)(6) deposition of GE with a witness adequately prepared on the noticed topics, and (4) award Plaintiff its costs and attorney's fees of $12,500 to re-depose GE, with GE paying for the costs of a court reporter and videographer.

Dated: October 24, 2022	Respectfully submitted,

By: /s/ *Michael W. Shore*
Mark D. Siegmund (SBN 24117055)
Craig Cherry (SBN 24012419)
**STECKLER WAYNE CHERRY & LOVE PLLC**
8416 Old McGregor Road
Waco, Texas 76712
Tel: (254) 651-3690
Fax: (254) 651-3689
mark@swclaw.com
craig@swclaw.com

Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
**THE SHORE FIRM**
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorechan.com
coffor@shorechan.com
hndai@shorechan.com

Brian D. Melton (SBN 24010620)
John P. Lahad (SBN 24068095)
Hayley Stillwell (*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
hstillwell@susmangodfrey.com

*COUNSEL FOR PLAINTIFF*
*THE TRUSTEES OF PURDUE UNIVERSITY*

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff has conferred with counsel for General Electric Company. No agreement regarding the relief requested herein could be reached.

                                                    /s/ *Michael W. Shore*
                                                        Michael W. Shore

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via e-mail on October 24, 2022.

The undersigned further certifies that third-party counsel is being served via email through counsel listed below:

Jason C. White
jwhite@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606
Tel: (312) 324-1000

                                                    /s/ *Michael W. Shore*
                                                        Michael W. Shore