IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS INTERNATIONAL N.V., ET AL.,<br><br>Defendants. | NO. 6:21–CV–727–ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO
ADD CLAIM 10 OF THE PATENT-IN-SUIT [ECF 159]**

Over 15 months ago, Plaintiff sued Defendants for allegedly infringing only claim 9 of U.S. Patent No. 7,498,633 ("the '633 Patent"). In October of 2021, Plaintiff served its preliminary infringement contentions asserting only claim 9 from the '633 Patent. But over a year after filing suit and serving its infringement contentions—and over 5 months after the *Markman* hearing—Plaintiff now seeks to add a new dependent claim of the '633 Patent. Plaintiff has not attempted to demonstrate that it was diligent. Nor could it because the products Plaintiff now accuses of infringing claim 10 were publicly disclosed and available for sale as far back as December of 2021. Further, Plaintiff cannot show that it needs to add claim 10. Because claim 10 depends from asserted claim 9, any product that allegedly infringes claim 10 also infringes claim 9.

Defendants, on the other hand, would suffer incurable prejudice if claim 10 is added after Defendants' deadline to file its own IPRs has passed—which means that Defendants will have been deprived of the opportunity to search for art specific to claim 10 and to use that art to file an IPR. This is unfair in light of the fact that the products being accused of infringing claim 10: (a) were announced by ST, (b) were the subject of extensive industry press, (c) were available for

purchase, and (d) reverse engineering for such parts was publicly available at least as early as January 2022.  Because Plaintiff was not diligent and would not suffer any prejudice, and Defendants would suffer incurable prejudice if claim 10 is added now, Plaintiff's Motion should be denied.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed suit in July of 2021 and asserted infringement of only claim 9 of the '633 Patent.  Plaintiff's preliminary infringement contentions—served in October 2021—asserted only claim 9 of the '633 Patent.  Over the past year, Defendants searched for prior art and served invalidity contentions, the parties engaged in significant discovery, and the Court held its *Markman* hearing in April 2022. [ECF No. 86].  The magistrate judge entered preliminary claim constructions and subsequently modified that Order on May 9, 2022 [ECF Nos. 89, 90].

This Court's Standing Order Governing Proceedings (OGP) 4.2 for Patent Cases provides that "[a]ny amendment to add patent claims requires leave of court so that the Court can address any scheduling issues."  OGP Version 4.2 at 12 n.12.  Similarly, the Court's initial Scheduling Order required that "[a]ny amendment to add patent claims requires leave of court so that the Court can address any scheduling issues." ECF 45 at n.1.

On October 13, 2022, Plaintiff filed a Second Amended Complaint and served its Final Infringing Contentions adding an allegation of infringement of a new patent claim, namely claim 10 of the '633 Patent. *See* Dkt. 154.  Contrary to the OGP and the Court's initial Scheduling Order, Purdue ***did not seek leave*** to add claim 10 to its complaint or infringement contentions at or before October 13, 2022. At no point before October 13, 2022 did Plaintiff inform Defendants that it intended to assert a new patent claim or confer with Defendants—even though this suit has been pending for over a year and the Court held a *Markman* hearing back in April.

## II. ARGUMENT AND AUTHORITIES

There are two questions before this Court. **First**: Whether Plaintiff's Motion satisfies the "good cause" requirement under Federal Rule of Civil Procedure 16(b), when Plaintiff seeks to add a new claim fifteen months after commencing this litigation and with only a conclusory and unsupported explanation for its delay. **Second**: Even if the "good cause" requirement under Rule 16(b) is met, whether Plaintiff's Motion satisfies the requirements under Federal Rule of Civil Procedure 15(a), when the proposed amendment would cause undue delay and prejudice.

The answer to both questions is: "no," which is why the Court should deny the Motion.

### A.  Plaintiff cannot establish good cause.

#### 1.  The good cause standard applies.

Plaintiff is incorrect to suggest that Rule 15(a)'s "freely give leave" standard applies. Under the Scheduling Order, Plaintiff's deadline to file a motion for leave was October 13, 2022. But Plaintiff did not file its motion for leave until *after* the deadline. After a scheduling order's deadline has expired, Rule 16(b) governs the amendment of pleadings, not Rule 15(a). G*rant v. City of Houston*, 625 F. App'x 670, 679 (5th Cir. 2015). Only after good cause has been found under Rule 16(b), does the more liberal standard of Rule 15(a) apply. *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

Plaintiff cannot argue that it met its deadline by filing its Second Amended Complaint on October 13, 2022. The law in the Fifth Circuit is clear: "[F]ailing to request leave from the court when leave is required makes a pleading more than technically deficient. The failure to obtain leave results in an amended complaint having ***no legal effect***." *U.S. ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003). Lower courts have repeatedly echoed this very principle. *See Loyola De Rios v. Wells Fargo Bank, N.A.*, No. SA-11-CA-00542-OLG, 2011 WL 13324292, at *2 (W.D. Tex. Nov. 2, 2011) ("The failure to obtain leave results in an amended

complaint having no legal effect."); *Suter v. Univ. of Tex. At San Antonio*, No. SA-10-CA-692-OG, 2011 WL 13278738, at *1 (W.D. Tex. Apr. 1, 2011) ("When a party is required to obtain leave to amend but fails to do so, the amended complaint is null.").

Plaintiff's own cited case provides that "good cause" is required for amendment of infringement theories. *Lighthouse Consulting Group, LLC v. BB&T Corp.*, 476 F. Supp. 3d 532, 538 (W.D. Tex. 2020). Indeed, in that case, this Court stated that parties can amend their infringement theories "as long as there is good cause … ***up to eight weeks after the Markman hearing***." *Id.* (citing Order Governing Proceedings—Patent Case) (emphasis added). But here, the Markman hearing was ***over five months ago,*** not eight weeks ago. Accordingly, Plaintiff's cited authority requires denial of the Motion.

    **2.**    **Plaintiff has not—and cannot—establish good cause.**

Plaintiff has failed to meet its burden to establish good cause. "To establish good cause, the party seeking to modify the scheduling order must show 'that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Grant*, 625 F. App'x at 679; *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("'[G]ood cause' requires a showing of diligence."). Additionally, courts consider four factors when determining whether the party has shown good cause under Rule 16(b): "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Grant*, 625 F. App'x at 679 (denying motion for leave to amend per Rule 16(b) because the movant "tender[ed] no explanation to justify her inaction" and "failed to show that her delay did not prejudice the defendants").

a. <u>Plaintiff cannot establish diligence and cannot shift the blame for its lack of diligence.</u>

To establish good cause, Plaintiff bears the burden to show that it was diligent. *O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence."). Plaintiff cannot meet this burden.

Plaintiff seeks to add claim 10 to this case. The products that Plaintiff accuses of infringing claim 10 are Defendants' third generation of SiC MOSFET products.[1] ST announced its third generation of SiC MOSFET products on December 9th, 2021.[2] ST's announcement garnered significant industry press coverage in December 2021.[3] And while the third generation products were already on sale before the public announcement, by the time of the announcement and resultant press coverage in December 2021, sales in the U.S. were already building steam and were available for purchase. ST's sales data shows that third generation products were at US distributors at least as early as its December 2021 announcement.[4] Not only could Plaintiff have purchased a product and conducted its own reverse engineering, but as of January 9, 2022, TechInsights was offering a reverse engineering report for one of ST's third generation of SiC MOSFETs—the same

---

[1] **Exh. A**: Purdue's Oct. 13, 2022 Final Amended Infringement Contentions at pp. 1-4 (listing accused products and claim charts tied to die ID's of third generation of SiC MOSFET products.

[2] **Exh. B**: ST Microelectronics, STMicroelectronics Drives the Future of EVs and Industrial Applications with New Silicon-Carbide Devices, ST.COM (Dec. 9, 2021), https://newsroom.st.com/media-center/press-item.html/p4416.html .

[3] *See e.g.*, **Exh. C**: Steve Bush, *650 V Automotive-Grade SiC MOSFET Launches ST's Gen3*, ELECTRONICSWEEKLY.COM (Dec. 9, 2021), https://www.electronicsweekly.com/news/products/discretes/650v-automotive-grade-sic-mosfet-launches-sts-gen3-2021-12 (announcing third generation ST SiC MOSFET and providing a link to the product page and datasheet for SCT040H65G3AG), Semiconductor Today, *ST Launches Third Generation of STPower SiC MOSFETS*, SEMICONDUCTOR-TODAY.COM (Dec. 14, 2021), https://www.semiconductor-today.com/news_items/2021/dec/st-141221.shtml (announcing expected launch of third generation ST SiC MOSFETs), Maurizio Di Paolo Emilio, *EV and Industrial Applications Powered by 3rd Gen SiC MOSFETS*, POWER ELECTRONICS NEWS (Jan. 19, 2022), https://www.powerelectronicsnews.com/ev-and-industrial-applications-powered-by-3rd-gen-sic-mosfets/.

[4] *See* **Exh. D:** Excerpts from ST-Purdue_00084329 (showing exemplary ST sales of third generation SiC MOSFET products to US distributors from Oct. 2021 to June 2022).

ones that Purdue now accuses of infringing claim 10.[5] Purdue has previously admitted that information available through TechInsights' is "publically available."[6] ("[t]his is public information obtainable by, you know, a subscription with TechInsights", "both the product number and the dye code…are available publicly through TechInsights."). Plaintiff should have known about these products back in December 2021 and could have purchased third generation products and done its own reverse engineering, or purchased the already publicly available reverse engineering report as of January 2022. There is simply no excuse for waiting ten months to seek to add claim 10 to this case. Plaintiff cannot show it was diligent.

Nor can Plaintiff seek to shift the blame for its delay to Defendants. In its Motion, Purdue makes conclusory and amorphous allegations about delays in receiving technical data. But, Plaintiff does not attempt to link any of Defendants' allegedly late document productions to the products it now seeks to allege infringe claim 10. Defendants began producing datasheets, wafer flows, process flows and other technical information about their third generation products as early as June 2022. Moreover, Defendants' third generation products were available for purchase at the time of the public announcement of this new generation of products and the resulting industry press in December 2021, and reverse engineering for such products was publicly available by at least as early as January 2022. If Plaintiff had been diligent, it had all the necessary information as of January 2022 to accuse the third generation products.

    b. <u>Adding claim 10 will severely prejudice Defendants, and Plaintiff would suffer no prejudice from its exclusion.</u>

Leave should be denied for the additional reason that adding claim 10 at this stage of the

---

[5] **Exh. E**: TechInsights, *STMicroelectronics SCT040H65G3AG 650V Automotive-Grade 3rd Generation SiCMOSFET Power Floorplan Analysis,* TechInsights (Jan. 9, 2022), https://www.techinsights.com/products/pfr-2207-803, (offering reverse engineering report for ST 3rd Gen SiC Mosfet, SCT040H65G3AG).

[6] **Exh. F**: Transcript from Sept. 6, 2022 Discovery Hearing at p. 12.

proceeding will severely prejudice Defendants because they are now barred from filing petitions for *inter partes* review (IPR).  Because ST Inc. was served on July 20, 2021, Defendants' last day to file an IPR petition was July 19, 2021 under 35 U.S.C. § 315(b).  Had Purdue added claim 10 before the bar date to file IPRs, Defendants could have searched for art specifically directed to that claim and could have filed an IPR petition with that additional prior art.  But because Plaintiff is only seeking to add claim 10 now, Defendants cannot do so, and no relief by this Court can cure that prejudice.

While Plaintiff is correct that claim 10 was part of Defendants' first IPR petition, because the claim was never asserted in litigation, it was not a focus of Defendants' prior art search or IPR petition. Further, while Plaintiff is also correct that ST Inc.'s first IPR petition was denied, there is a motion for rehearing pending. More importantly, had claim 10 been timely asserted in this litigation, no one can say what additional prior art Defendants might have found and put forth in their IPR petition. The result could have been different.  What we know for certain is that Defendants have been deprived of that opportunity because of Plaintiff's nearly one year delay in bringing this dependent claim. A delay caused by Plaintiff's lack of diligence.

By contrast, Plaintiff would not be prejudiced by the exclusion of claim 10. Plaintiff's one asserted claim would still be asserted against Defendants' third generation of SiC MOSFETs. Nothing would change regarding Plaintiff's damages model. Since claim 10 is a dependent claim. any products that would allegedly infringe claim 10 would also infringe claim 9, which is already in the litigation. Simply put, while Defendants would suffer incurable prejudice if claim 10 is added now, Plaintiff would suffer no prejudice if claim 10 remains out of the case.

  c. <u>The prejudice cannot be cured by a continuance.</u>

Here, a continuance cannot cure any prejudice because a continuance of the schedule is

itself prejudicial. *Bob Daemmrich Photography, Inc. v. Scholastic, Inc.*, 1:15-CV-1150-RP, 2018 WL 6265025, at *1 (W.D. Tex. Aug. 22, 2018) (finding that the fourth factor weighed against good cause because "the delay itself is prejudicial"). Additionally, at this time the deadline has expired for Defendants to file a new IPR, and a change in the schedule in this case has no impact on the fact that Defendants are barred from filing additional IPR petitions because more than a year has passed from when they were served with the complaint in this action. The Court should not permit Plaintiff to add a new claim from the '633 Patent after Defendants are time barred from filing an IPR to challenge that claim.

Plaintiff has not come close to establishing good cause to add claim 10, and the Court should therefore deny the Motion.

### III.    This Court should deny the Motion because it fails even under the more liberal standard of Rule 15(a).

Even if Purdue were able to show good cause, it could not meet the standard under Rule 15(a) because the addition of Claim 10 would cause undue delay and prejudice. "An amendment that a party raises late in the pre-trial life of a lawsuit has a significant tendency to disrupt trial proceedings." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994). Here, the addition of claim 10 at this stage of the proceedings will undoubtedly prolong this dispute and the current trial setting. Indeed, this would be the second time that the trial would have to be continued—both times at great prejudice to Defendants.

The Court should also deny the Motion because the addition of claim 10 would cause undue prejudice to Defendants. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (undue prejudice justifies denial of motion for leave). As discussed above, significant discovery in this matter has already occurred, as has the *Markman* hearing. And the deadline for a new IPR has expired.

Further extending the schedule would cause additional prejudice to Defendants given that Plaintiff has already extended the case schedule by three months, over Defendants' opposition. This prejudice alone supports denial of the Motion.

For these reasons, Plaintiff cannot meet the more lenient Rule 15(a) standard and leave should be denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's belated request to add claim 10 of the '633 Patent.

November 4, 2022    Respectfully submitted:

By:    */s/ Justin S. Cohen*
**Bruce S. Sostek**
   SBN 18855700
   Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
   SBN 24003214
   Richard.Wynne@hklaw.com
**Justin S. Cohen**
   SBN 24078356
   Justin.Cohen@hklaw.com
**Dina W. McKenney**
   SBN 24092809
   Dina.McKenney@hklaw.com
**Catherine L. Reynolds**
   SBN 24107599
   Cate.Reynolds@hklaw.com

**HOLLAND & KNIGHT LLP**
   One Arts Plaza
   1722 Routh St., Suite 1500
   Dallas, Texas 75201
   214.969.1700

**Max Ciccarelli**
   SBN 00787242
   max@ciccarellilawfirm.com

**CICCARELLI LAW FIRM**
   100 N. 6th Street, Suite 502
   Waco, Texas 76701
   214.444.8869

**Thomas N. Tarnay**
   SBN 24003032
   ttarnay@tarnaylaw.com

**THOMAS TARNAY PLLC**
   2103 Virginia Place
   Plano, Texas 75094
   214.395.8212

**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS, INC. AND STMICROELECTRONICS INTERNATIONAL N.V.**

### CERTIFICATE OF SERVICE

I certify that on November 4, 2022, the foregoing document was served via electronic mail on counsel of record for Plaintiff.

*/s/ Justin S. Cohen*
Justin Cohen
