# EXHIBIT C

# CHOATE

Michael H. Bunis
t 617-248-4030
f 617-502-4030
mbunis@choate.com

November 8, 2022

**BY EMAIL**
Michael W. Shore
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
mshore@shorefirm.com

Re:   The Trustees of Purdue University v. STMicroelectronics N.V., et al., C.A. No. 6:21-cv-00727-ADA (W.D. Tex.)

Dear Attorney Shore:

I write regarding the subpoenas for documents and testimony served on X-Fab Texas, Inc. ("X-Fab") by plaintiff, The Trustees of Purdue University ("Purdue"), in connection with the above-referenced action. My firm represents X-Fab.

## I.   PRELIMINARY STATEMENT

As you know, X-Fab is not named in Purdue's Complaint, and neither of the defendants are an X-Fab customer so the relevance of the information sought from X-Fab is difficult to discern. The only plausible explanation we can muster for Purdue's efforts to subpoena X-Fab – a wafer manufacturer who applies customer-created designs and manufactures its products pursuant to customer-provided specifications– is an improper attempt to identify new infringement targets and use the power of the subpoena to improve its leverage in a dispute with other third parties. As we expect you are aware, Semi Q Inc. ("SemiQ") and General Electric Company ("General Electric"), entities named in the subpoena requests, are customers of X-Fab. Purdue has provided no indication of how these two entities are relevant to the present case such that discovery is necessary from X-Fab. X-Fab understands that Purdue subpoenaed General Electric in the above-referenced matter earlier this calendar year. We expect that any information that X-Fab has relevant to the instant litigation can be supplied by General Electric. Therefore, at best, these subpoenas are unnecessary and duplicative, and at worst, they are an attempt to abuse the subpoena power granted by the Federal Rules of Civil Procedure in hopes of obtaining information that would support a claim against an X-Fab customer.

Michael W. Shore, Esq.
November 8, 2022
Page 2

## II.    SUBPOENA RESPONSES AND OBJECTIONS

Pursuant to Federal Rules of Civil Procedure 26 and 45, X-Fab objects to the subpoenas and to producing the requested documents, for at least the following reasons.[1]

- X-Fab objects to the subpoenas because they are vague, overly broad, and unduly burdensome. To be discoverable, information must be relevant to a party's claim or defense. Rule 45(d) imposes an additional obligation on Purdue: Purdue "must take reasonable steps to avoid imposing undue burden or expense" on X-Fab. The court "must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." *Id.* Here, none of the requested documents or testimony topics are relevant to the pending case – a patent infringement litigation against STMicroelectonics.[2] In fact, Purdue's subpoenas do not contain a single document request or testimony topic referring to a party, their products or technology. Further, Purdue's requests plainly seek information wholly irrelevant to the underlying patent infringement case. For example, Purdue requests "[d]ocuments sufficient to identify each customer for whom [y]ou manufacture, produce, or design a product . . . that incorporates silicon carbide or relies on a process using silicon carbide" as well as the "volume of products" and "revenue generated" for each customer. *See* Doc. Req. Nos. 2-4. Further, the Requests seek information about X-Fab's relationship with GE and SemiQ unspecific to any product, and without identifying the relevance of these two non-parties to any claim or defense in the underlying case. *See* Doc. Req. Nos. 8, 12. Most egregiously, Purdue requests "[d]ocuments sufficient to show the customers or clients for whom [X-Fab] have manufactured silicon carbide MOSFETs." Given the Accused Products in the above-referenced litigation are apparently MOSFETs, clearly this is an attempt to obtain information from X-Fab to support claims against other entities. *See* D.I. 1 at ¶ 37. This is an improper use of Rule 45.

- X-Fab objects to the timeframe demanded for compliance, given the breadth of materials and information sought. Purdue served the subpoenas on X-Fab on October 25, 2022. The subpoenas demanded (i) production of documents and electronically-stored information across 22 broad categories by November 18, 2022 ("the Document Subpoena"), as well as (ii) a corporate deposition on 13 topics on December 2, 2022 ("the Deposition Subpoena"). The subpoenas simply do not allow sufficient time for X-Fab to conduct a reasonable search for information and documents and/or to adequately prepare a witness for a Rule 30(b)(6) deposition under the timeframes demanded by Purdue.

- X-Fab further objects to the subpoenas to the extent that they seek information covered by the attorney-client privilege, work product doctrine, or any other applicable privilege,

---

[1] X-Fab reserves all rights with respect to the subpoenas and does not, by virtue of this these objections, waive any right to further object to or otherwise modify its response to the subpoenas.

[2] As referred to herein, "STMicroelectonics" means the defendants in the above-referenced litigation, STMicroelectronics N.V., STMicroelectronics International N.V., and STMicroelectronics, Inc.

Michael W. Shore, Esq.
November 8, 2022
Page 3

- protection, or immunity. X-Fab does not waive, intends to preserve, and is preserving, the attorney-client privilege, the work product doctrine, and every other privilege or protection from disclosure.

- X-Fab further objects to the Document Subpoena to the extent that it seeks "all" documents and/or correspondence is thus overbroad, unduly burdensome, and/or not proportional to the needs of the case, including because it seeks information that is not relevant to the subject matter involved in the above-referenced litigation and not reasonably calculated to lead to the discovery of admissible evidence. *See* Doc. Req. Nos. 7, 8, 11, 12, 15, 17-20.

- X-Fab further objects to the extent the subpoenas impose any obligations on X-Fab beyond those allowed by the Federal Rules of Civil Procedure. For example, nonparty X-Fab is not required to provide the information in Definition No. 9 which seeks "'[d]ocuments that have existed at any point during [January 1, 2015 to the present]." To the extent X-Fab agrees to produce any documents, X-Fab will conduct a reasonable search for information in its possession, custody, or control, and will not catalog documents that no longer exist.

- X-Fab further objects to producing any of its or its customers' confidential or proprietary information. Purdue cannot show substantial need or good cause for obtaining such sensitive information from a third party. Although the parties (Purdue and STMicroelectronics) have apparently stipulated to a protective order in the underlying case, X-Fab was not involved in those negotiations. It would impose an undue burden for a third party to turn over sensitive commercial information.

- X-Fab further objects to the extent the Requests seek information that is available from other less-burdensome sources.

- In addition, the subpoenas are plainly overbroad to the extent they are unlimited in time or cover an inappropriately wide time period. Most of the document requests do not state a time range for the documents sought, while several requests seek information dating back to 2015. *See, e.g.*, Doc. Req. Nos. 5-7.

- X-Fab further objects to the Deposition Subpoena on the grounds that the topics are so numerous, broad, and vague as to preclude adequate preparation of a witness without imposing undue burden. In addition, the deposition topics are cumulative and duplicative of the information sought through document requests. It is not clear why X-Fab must provide the same information via testimony and written documentation. Further, to the extent Purdue merely seeks to authenticate documents, that can be accomplished by affidavit or stipulation.

As evidenced by the expansive scope of both the Document and Deposition Subpoenas, Purdue has not taken reasonable steps, as required by Rule 45(d)(1), to avoid or lessen the burden on X-Fab. To the contrary, the subpoenas impose significant unwarranted expense on X-Fab, a

Michael W. Shore, Esq.
November 8, 2022
Page 4

nonparty to the underlying litigation.  Moreover, Purdue has not explained why corporate testimony from X-Fab is necessary <u>in addition to</u> the document discovery sought.

In light of the foregoing, X-Fab requests that Purdue reconsider the scope of the subpoenas and the need for a deposition of X-Fab.  Notwithstanding these objections, X-Fab is willing to meet and confer with Purdue to potentially negotiate a narrower production that is more specifically targeted to the needs of the case and less burdensome on a nonparty.  I look forward to working with you to achieve a prompt resolution to this matter.

    Sincerely,

    */s/ Michael H. Bunis*
    Michael H. Bunis

cc:    Mark D. Siegmund, Esq.
       Craig Cherry, Esq.
       Chijioke E. Offor, Esq.
       Halima Shukri Ndai, Esq.