IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS INTERNATIONAL N.V., ET AL.,<br><br>Defendants. | NO. 6:21–CV–727–ADA<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
AGAINST THIRD-PARTY GE [ECF 163]**

Plaintiff asks the Court to compel the General Electric Company ("GE") to produce more documents and sit for a second deposition. (ECF 163, the "Motion"). The Court should deny the Motion for the simple reason that Plaintiff is not seeking any information that is relevant to its case against Defendants. Instead, Plaintiff is unhappy with the facts that were revealed during GE's deposition and now wants to develop additional facts ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇▇ But ▇▇▇▇▇ ▇▇▇▇▇ ▇▇▇▇▇ has anything to do with the claims or defenses at issue in this dispute. Accordingly, the Court should deny Plaintiff's Motion to Compel against third-party GE.

I.   FACTUAL AND PROCEDURAL BACKGROUND

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Defendants took the deposition of GE on October 10, 2022. ▇▇▇▇▇▇▇▇▇▇

███████

████████████████████████████████████

████████████████████████████████████

████████

Unhappy with these facts, Purdue's counsel harassed GE's witness and their counsel both during and after the deposition, telling counsel for GE that she was "going to get [her]self sanctioned." GE Dep. Tr. 84:15–16; *see id.* 85:13–17 ("You're going to end up in Waco standing before a magistrate judge trying to explain to yourself why you were going crazy overboard to protect ST and to align yourself with ST and against Purdue."); *see id.* 93:25 – 94:1 ("MR. SHORE: This is what I warned you about, Natalie."). Counsel for Purdue also told GE's counsel that she was "just making a fool of [her]self," *id.* 107:14–15; "[y]ou have been the worst," *id.* 205:23; and that he would "hav[e] [her] held hopefully in contempt or at least sanctioned," *id.* 212:22–25.

But the target of this unprofessionalism was not limited to GE's counsel. For example, when the witness could not recall the company on his paycheck (because those paychecks are deposited electronically in his bank), counsel for Purdue remarked "Okay. So you don't know who you work for, all right. … I understand what I'm dealing with now." GE Dep. Tr. 86:15–23. Counsel for Purdue was so combative toward the witness, counsel for ST had to ask him: "could you just be nicer? The tone is just very inappropriate." GE Dep. Tr. 90:20–21; *see id.* 102: 6–8 ("MR. CICCARELLI: Objection. … [T]he questioning lawyer is being abusive of the witness."); *id.* 108:8–10 ("MR. CICCARELLI: Just please be polite and more professional during the -- while you conduct this deposition. Thank you.").

Counsel for Purdue also threatened GE, stating "And by the way, I think Purdue

University will be very interested in this deposition transcript because I'm going to get the AEO designation removed, and we're going to see what Purdue and the head people at GE think about what you've done ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ GE Dep. Tr. 209:15–21. Further, counsel for Purdue concluded the deposition as follows:

*Id.* 213:13–15.

Purdue's counsel's harassment continued following the deposition.  Although the Court had previously instructed Purdue's counsel not to have direct contact with counsel for GE without including counsel for ST, Ex. C, Transcript of Aug. 23, 2022 Discovery Hearing Tr. 22:16– 23:15, Purdue did just that, Ex. D.  Purdue's counsel emailed counsel for GE, without including counsel for ST, threatening to seek sanctions and claiming that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.*  Purdue's counsel requested that he meet directly with GE's in-house counsel ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.*  Purdue's counsel ominously concluded the email: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.*

## II. ARGUMENTS AND AUTHORITIES

**A.    The Court should not compel GE to produce documents or sit for a second deposition.**

The additional discovery Plaintiff seeks from third-party GE should be denied for the simple reason that the information sought by Purdue is irrelevant and would be used for an improper purpose—▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  *See MWK Recruiting, Inc. v. Jowers*, No. 1:18-CV-0444 RP, 2020 WL 1987921, at *3 (W.D. Tex. Apr. 27, 2020) ("[T]o

implement the rule that discovery must be relevant to the claim or defense of any party, district courts have examined the relationship of the requested discovery and the facts it is intended to uncover to the specific claims and defenses raised by the parties."). Notably, Plaintiff's Motion does not specify which documents it seeks to compel. Plaintiff's subpoena only requested two categories of documents:

1. Any and all Documents produced in response to ST's Subpoena.

2. Any and all Communications and Documents exchanged between GE and ST (including any counsel for ST) regarding the ST's Subpoena, the Lawsuits and the Patents-in-Suit. *See* Motion at Exhibit 3.

Yet Plaintiff's Motion does not specify that it is seeking to compel either category of documents. Instead, Plaintiff's Motion focuses on obtaining a second deposition of GE. And in that regard, Plaintiff's Motion focuses almost exclusively on testimony regarding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Purdue's conduct follows a pattern of harassing third-parties ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇ For example, just days following the deposition of third-party

Ex. E, PU00036501 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Purdue now attempts the same tactic with GE. Following the GE deposition, counsel for Purdue ▮▮▮▮▮ When GE did not back down from its position, Purdue doubled down—insisting on taking another deposition of GE ▮▮▮▮▮ that Purdue can parade around as reasonable. Following ▮▮▮▮▮, counsel for Purdue concluded that they would send GE a "draft motion to compel a second Rule 30(b)(6) deposition, fees and costs" and then stated "I am also happy to discuss with [GE's counsel] how GE can ▮▮▮▮▮ Ex. D. The Court should not countenance this type of litigation gamesmanship and should therefore deny Purdue's Motion.

**B.     It is Plaintiff—not GE—that has obstructed the deposition process.**

Although Purdue blames GE for obstructing the depositions, the facts reveal that it is Purdue that has repeatedly obstructed depositions in this case. For example, although Purdue states that GE was limited to "Objection, leading" and "Objection, form," counsel for Purdue has repeatedly engaged in speaking objections during depositions, *including during the GE deposition*. GE Dep. Tr. 31:7–13 ("MR. SHORE: I'm going to object that this entire line of questioning is beyond the topics in the 30(b)(6) notice. There has been no ability to prepare on this topic because this is an ambush topic not covered in the notice and beyond the scope of the examination of the witness as noticed."); *id.* 197:5–7 ("MR. SHORE: Objection. Form, calls for a legal conclusion. And contrary ▮▮▮▮▮ Ex. F, SemiQ Dep. Tr. 73:12–15 ("MR. SHORE: Objection. Nonresponsive. Lack of foundation. Lack of personal knowledge. Unrelated to the company; speculating on what Purdue said."); *Id.* at 232:1–10 ("Objection. This is all complete -- calls for a legal conclusion. He's not a lawyer, and it's subject to ▮▮▮▮▮

███████████. I mean, this is a total, complete waste everyone's time. He's not a lawyer, and he's not qualified to answer any questions about what this means."); Ex. G, Razavi Dep. Tr. 35:16–18 ("MR. SHORE: I would -- I would just remind the witness not to guess. You're under oath, so please do not speculate or guess.").

Further, counsel for Purdue has interrupted questions from opposing counsel to provide what could only be characterized as his own testimony regarding a question. *See, e.g.*, GE Dep. Tr. 196:1–4 ("MR. SHORE: Max, you're forgetting where it says ███████████ it doesn't say ███████████████████ It says ███████████ You left that out."); Ex. H, Waite Dep. Tr. 120:19 – 21 (MR. SHORE: Object to form. ST was sued because they refused to agree to this invitation to talk about a license."). Other times, he's disagreed with witnesses during the deposition about the witnesses' testimony. Ex. F, SemiQ Dep. Tr. 195:9 – 10 ("Q. Well, you're are wrong, but anyway, let's keep going.").

Interestingly, although Purdue complains that GE objected to questions as calling for a legal conclusion, counsel for Purdue *repeatedly* lodged the same objection during ST's questioning of the witness. *E.g.*, GE Dep. Tr. 52:12–14 ("MR. SHORE: Objection to form. Calls for a legal conclusion for which the witness is not qualified to answer."); *id.* 52:23–25 ("MR. SHORE: Objection. Form, calls for a legal conclusion and outside the scope of the deposition."); *id.* 53:9–10 ("MR. SHORE: Objection. Form, calls for a legal conclusion, relevance."); *id.* 55:24 –25 ("MR. SHORE: Objection, calls for a legal conclusion, form."); *id.* 57:1–2 ("MR. SHORE: Objection. Form, calls for a legal conclusion."); *id.* 58:10–12 ("MR. SHORE: Objection. Calls for a legal conclusion. Document speaks for itself. Question is inconsistent with the document."); *id.* 59:19–22 ("MR. SHORE: Objection. Form. Calls for a legal conclusion, beyond the scope and expertise of the witness, ███████████████████

*id.* 61:10–11 ("MR. SHORE: Objection. Calls for a legal conclusion, leading."); *id.* 186:17–18 ("MR. SHORE: Objection. Form. Calls for a legal conclusion.").

Simply put, it is counsel for Purdue—not counsel for GE—that has behaved improperly at depositions. The Court should not reward Purdue's unprofessional deposition behavior by permitting Purdue to take a second deposition of GE—particularly when that deposition is completely irrelevant to the facts of this case ███████████████████████ ███.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion.

November 7, 2022               Respectfully submitted:

By:   */s/ Justin S. Cohen*
**Bruce S. Sostek**
  SBN 18855700
  Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
  SBN 24003214
  Richard.Wynne@hklaw.com
**Justin S. Cohen**
  SBN 24078356
  Justin.Cohen@hklaw.com
**Dina W. McKenney**
  SBN 24092809
  Dina.McKenney@hklaw.com
**Catherine L. Reynolds**
  SBN 24107599
  Cate.Reynolds@hklaw.com

**HOLLAND & KNIGHT LLP**
  One Arts Plaza
  1722 Routh St., Suite 1500
  Dallas, Texas 75201
  214.969.1700

**Max Ciccarelli**
  SBN 00787242
  max@ciccarellilawfirm.com

**CICCARELLI LAW FIRM**
  100 N. 6th Street, Suite 502
  Waco, Texas 76701
  214.444.8869

**Thomas N. Tarnay**
  SBN 24003032
  ttarnay@tarnaylaw.com

**THOMAS TARNAY PLLC**
  2103 Virginia Place
  Plano, Texas 75094
  214.395.8212

**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS, INC. AND STMICROELECTRONICS INTERNATIONAL N.V.**

**CERTIFICATE OF SERVICE**

    I certify that on November 7, 2022, the foregoing document was served via electronic mail on counsel of record for Plaintiff.

*/s/ Justin S. Cohen*
Justin Cohen
