# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>    Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS<br>INTERNATIONAL N.V. and<br>STMICROELECTRONICS, INC.,<br><br>    Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>**PUBLIC VERSION**<br><br>JURY TRIAL DEMAND |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF SUBPOENAED DOCUMENTS AND 30(b)(6) DEPOSITION WITNESS**

**CONFIDENTIAL – ATTORNEYS EYES ONLY**

Defendants ("ST") and General Electric Company's ("GE") responses to Purdue's motion are full of disparaging mischaracterizations of Mr. Shore's conduct.[1] The cross-examination was tough, but not abusive, by necessity. GE's witness was unresponsive, uncooperative, and coached not to respond to basic questions. The deposition video speaks for itself.

## I. BACKGROUND

In ST's response, it makes a statement it will emphasize at trial: REDACTED" ST Resp. at 1. This is a misleading, if not false, characterization of the GE Master License Agreement (the "MLA" filed under seal as Exhibit 1 to GE's Response). Purdue must be allowed to debunk ST's characterization of the MLA by demonstrating through cross-examination that it is a REDACTED.[2] To deprive Purdue a fair opportunity to challenge ST's mischaracterizations of the MLA as a commercial license, GE suppressed documents and coached its corporate representative not to answer questions regarding the scope, purpose, or meaning of the MLA. During the deposition, it became obvious *why* GE was helping ST in pushing the "commercial license" interpretation of the MLA: GE has engaged in conduct outside the scope of the MLA and in doing so, infringed the patent-in-suit. GE's infringement is ongoing.

---

[1] As an initial matter, both responses fail to comply with Rule CV-7(D)(2) & (3), which provide that a response to a discovery motion must be filed not later than 7 days after the filing of the motion and is limited to 10 pages. Both ST and GE filed their responses after 14 days instead of the required 7 days. Thus, both are untimely. Further, GE's Response is 14 pages—40% beyond the limit.

[2] REDACTED.

The deposition revealed that [REDACTED] *See* Dkt. 163, Ex. 4 (Stevanovic Depo., filed under seal) at 97. The SiC MOSFETs being made for [REDACTED]. *See id.* The MLA does not include [REDACTED] *See generally* the MLA. [REDACTED] *See id.* at 1. [REDACTED]. Multiple additional breaches of the MLA were brought to light in the GE deposition, some minor, others uncurable.

GE's breaches of the MLA are relevant to ***this case*** because those breaches provide the fact finder with the reason why GE is taking the same position as ST that the MLA is a commercial license. GE is not a disinterested third-party. GE has an agenda to transform a [REDACTED] into a broad commercial license. GE's bias is relevant because witness bias is always relevant. *See United States v. Abel,* 469 U.S. 45, 52 (1984) ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."). GE, knowing that it needs a license for its commercial activities outside the MLA, is biased, or interested because [REDACTED] (at least) needs a license going forward and wants to pay as little as possible to obtain one.

The circumstances strongly suggest that GE and ST conspired to suppress the discovery of documents and testimony that support Purdue's interpretation of the MLA.[3] To avoid Purdue

---

[3] ST has sought extensive third-party discovery related to Purdue's licensing of the asserted patent, including seeking a *second* deposition and documents covering license negotiations from one licensee, SemiQ. The only instance where ST decided not to pursue document discovery on license negotiations from a third-party licensee is GE Global Research. There are no coincidences.

discovering more evidence to support the correct interpretation, GE and ST want the Court to ratify their self-quashing of Purdue's cross-subpoena seeking the documents related to the negotiation of the MLA that ST sought (before it did not). The Court should not allow GE to avoid cross-examination regarding GE's position on the interpretation of the MLA. *See Barnett v. Stafford Transport of Louisiana*, 2021 WL 2768848 *5 (E.D. Texas March 8, 2021) ("While the court may ultimately be responsible for contract interpretation, CEI's understanding of the contract and its application to CEI's operations is an appropriate line of questioning for a corporate representative."). Corporations can be deposed on the corporations' interpretation of contracts. *Id.*

## II.  THE COURT SHOULD COMPEL PRODUCTION OF DOCUMENTS

Purdue issued a cross-subpoena to GE ordering production of documents self-evidently relevant to this case. *See* Mot. at 2. GE never objected to Purdue's subpoena— a waiver. *See Andra Group, LP v. JDA Software Group, Inc.*, 312 F.R.D. 444, 448–49 (N.D. Tex. 2015). It is also undisputed that GE failed to produce a single document in response to Purdue's subpoena. That is a sanctionable violation of an order. *See* Fed. R. Civ. P. 45(g).[4] GE's argument that it did not need to object to Purdue's subpoena because it was in contact with Purdue regarding compliance before Purdue challenged GE's noncompliance is both false and misleading.

Purdue never spoke with GE before the deposition about GE's non-compliance with the subpoenaed document production. *See* GE Resp. at 10. Purdue never agreed to relieve GE of its court-ordered document production. GE urges that "Purdue argues that . . . GE never attempted to

---

[4]ST has been extremely aggressive in seeking third-party discovery. *See, e.g.*, Ex. A (dispute charts). Yet, oddly out of character, ST suddenly does not want GE to comply with a subpoena related to the negotiation and execution of ***the*** license agreement ST argues is precedential, an alleged "market setter license." *See generally* ST Resp. GE's and ST's counsel are old friends. ST's counsel expressed relief that the chosen GE counsel was handling the matter for GE. *See* Ex. B (email). Purdue believes it is very possible that the ST and GE counsel agreed not to produce the subpoenaed documents because GE informed ST they were unfavorable to ST's (and GE's) position that the MLA is a precedential commercial license.

negotiate objections with Purdue, while ignoring that Purdue had already represented to the Court and the Parties that it was relying on documents in its possession for the GE depositions." *Id.* at 11 (cleaned up); *see id.* at 4 ("Purdue indicated that it already had access to documents it planned to use during the deposition."). Although Purdue referenced "documents [counsel is] going to use in the [GE] deposition" at the discovery dispute hearing, Transcript at 18:25–19:1 (filed under seal as Exhibit 8 to GE's Response), that passing reference is a far cry from a concession, or agreement by Purdue that it did not need or require the subpoenaed documents for the GE deposition or otherwise.

GE's repeated insistence that Purdue has the burden to continuously demand that GE produce documents that Purdue subpoenaed flips the obligation to respond to a duly-issued subpoena on its head. *See, e.g.*, GE Resp. at 4 ("No party ever urged GE that documents were necessary for GE to provide discovery pursuant to the subpoenas."); *see* Fed. R. Civ. P. 45(d)(2)(B); *Smith W. Texas Properties, Ltd. v. Allied Prop. & Cas. Ins. Co.*, 2020 WL 6365540, at *2 (W.D. Tex. Aug. 7, 2020). Purdue/ST subpoenaed documents from GE; GE had to produce those documents or object; GE did nothing. The Court should compel the documents' production.[5]

### III. THE COURT SHOULD COMPEL GE TO PRESENT A PREPARED AND RESPONSIVE CORPORATE REPRESENTATIVE FOR DEPOSITION

The information Purdue seeks to discover from GE is highly relevant to challenge ST's false narrative and falls within the noticed deposition topics. GE never moved for a protective order to avoid providing testimony on any noticed topic. "When a Rule 30(b)(6) deposition notice references multiple topics, the party named in the deposition notice must either move for a

---

[5] Plaintiff also notes REDACTED making the document discovery sought by Plaintiff from GE all the more relevant. *See* Ex. C.

protective order regarding each topic or designate a person to testify regarding each topic." *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 142 (E.D. Tex. 2003); *see* Fed. R. Civ. P. 30(d)(3)(B). GE's failure to seek a protective order prior to the deposition topics constitutes a waiver of its objections to produce a witness on those topics.

Purdue has been forced to seek another deposition due to the GE witness's unpreparedness and coached unresponsiveness. *See* Mot. at 3–6. GE's counsel's cumulatively disruptive conduct—by objecting that a question called for a legal conclusion at least twenty times ***and instructing the witness not to answer such questions***, by objecting that questions were outside the scope of noticed topics, by instructing the witness not to answer based on relevance (a disruption GE fails to address in its response), and by coaching the witness (also unaddressed) was designed to suppress evidence that the MLA is a ███REDACTED███. *See* Mot. at 6–9.

## IV.   CONCLUSION

Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Compel GE to produce the subpoenaed documents within 7 days, compel a second Rule 30(b)(6) deposition of GE with a witness adequately prepared on the noticed topics, and for such other relief the Court deems appropriate.

Dated: November 14, 2022                          Respectfully submitted,

By: /s/ *Halima Shukri Ndai*
Mark D. Siegmund (SBN 24117055)
Craig Cherry (SBN 24012419)
STECKLER WAYNE CHERRY & LOVE PLLC
8416 Old McGregor Road
Waco, Texas 76712
Tel: (254) 651-3690
Fax: (254) 651-3689
mark@swclaw.com
craig@swclaw.com

Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

Brian D. Melton (SBN 24010620)
John P. Lahad (SBN 24068095)
Hayley Stillwell (pro hac vice)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
hstillwell@susmangodfrey.com

***COUNSEL FOR PLAINTIFF***
***THE TRUSTEES OF PURDUE UNIVERSITY***

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via e-mail on November 14, 2022.

/s/ *Halima Shukri Ndai*
Halima Shukri Ndai