IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>    Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS INTERNATIONAL N.V., ET AL.,<br><br>    Defendants. | NO. 6:21–CV–727–ADA<br><br>JURY TRIAL DEMANDED |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL

The Court should compel the production of communications and documents withheld by third-party Rembrandt IP Management, LLC ("Rembrandt"). Contrary to Rembrandt's arguments, those materials are relevant. And Rembrandt has not met its burden to demonstrate that they are privileged or that there was a common legal interest between Rembrandt and the Purdue Research Foundation ("PRF") in 2015. Accordingly, they should be produced.

### The materials are relevant.

Rembrandt's Response takes a remarkably narrow view of relevancy, arguing that only documents relating to the '633 Patent are relevant. Resp. 6. Not so. Documents relating to the '112 Patent are also relevant because both patents are directed to similar technology and to the same products, which are the products at issue in this case: SiC MOSFETs. Indeed, Purdue initially asserted both patents against ST's SiC MOSFETs.

Additionally, Rembrandt cannot avoid production by arguing that the documents and communications all relate to litigation funding. As an initial matter, ST does not have the benefit of the materials and is thus unable to confirm Rembrandt's self-serving characterization of the documents. But even Rembrandt itself acknowledges that the documents are ***not solely related***

1

*to litigation funding*.  Resp. 1.   Indeed, at the time of the emails (which predate this litigation by 6+ years) *there was no litigation to fund*.  Furthermore, the emails between PRF and Rembrandt are close in time to the date of the hypothetical negotiation—and PRF would be the party at the hypothetical negotiation.

The Declaration of Michael Johnson confirms that "Rembrandt's relationship with [PRF] *included evaluation … of* [*the '112 Patent*]." That evaluation likely included the following, all of which is relevant to this case:

- PRF's understanding of the SiC MOSFET market (which was nascent) at a date close to the hypothetical negotiation;

- PRF's licensing policies and rates for their SiC patent portfolio, which includes both the '112 and '633 Patents;

- PRF's understanding of their SiC patent licenses at that time, which include the '633 Patent, and for which there may be factual and legal issues in dispute in this case;

- PRF's attempts to work with industry to commercialize SiC MOSFET products and technology;

- PRF's knowledge of non-infringing alternatives;

- PRF's and the inventors' knowledge of prior art; and

- PRF's and the inventors' knowledge of ST's SiC MOFET products and research at that time.

Furthermore, a critical issue in this case will be PRF's 2015 licenses, which are central to Purdue's damages case.  Purdue's present-day characterizations of these licenses should be tested against PRF's statements in 2015 regarding issues such as their scope, licensing rates, understanding of commercialization plans, and market outlook.

In its Motion, ST identified multiple reasons that this information is relevant, including by referencing multiple *Georgia Pacific* factors.  Rembrandt's Response ***completely ignores these arguments for relevancy***, choosing instead to challenge a straw man, namely theories of

relevancy that ST did not advance.  In this regard, the cases cited by Rembrandt in arguing that the materials are irrelevant are simply inapplicable.  For example, ST does not seek these materials due to a suspicion of "bias or conflicts of interest." Resp. at 6 (quoting *MLC Intellectual Prop., LLC v. Micron Tech., Inc*., 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019)).  Nor does ST seek this information "to learn whether litigation funding is involved in the case." *Art Akiane LLC. v. Art & Soulworks LLC*, 2020 WL 5593242, *6 (N.D. Ill. Sep. 18, 2020).  Indeed, **Rembrandt and PRF never reached any deal.**  Simply put, Rembrandt cannot ignore the clear relevancy of the documents to avoid their production.

### Rembrandt has not met its burden to show that all of these materials are privileged.

Rembrandt's arguments that the documents that it is withholding are privileged fails for multiple reasons.  *First*, Rembrandt's argument that communications between PRF and Rembrandt are privileged ignores a fundamental rule of privilege: To be privileged, "the primary purpose [of the communication must be] securing either a legal opinion or legal services, or assistance in some legal proceeding." *EEOC v. BDO USA, L.L.P*., 876 F.3d 690, 695 (5th Cir. 2017).  The simple fact that an attorney is included on a communication does not shroud the communication in privilege. *Id.* at 696.

But Rembrandt attempts to do just that.  According to Rembrandt, "PRF's main contact was Meredith L. Carter, a lawyer and member of Rembrandt's in-house legal team." Resp. 4.  But Rembrandt does not—because it cannot—argue that PRF was Ms. Carter's ***client***.  Nor can Rembrandt argue that the "primary purpose" of Ms. Carter's communication with PRF was to provide PRF with legal advice.  Rather, two parties were engaged in due diligence regarding a potential deal to assist in monetizing one or more patents.  Such a communication clearly does not qualify as privileged.

*Second*, the documents are not protected by the work product doctrine. That doctrine applies only to documents prepared "in anticipation of litigation." *In re Kaiser Aluminum & Chem. Co.*, 214 F.3d 586, 593 (5th Cir. 2000). Yet the documents in question predate this litigation by **over 6 years**, and the present lawsuit is the first litigation involving any of Purdue's SiC patents. Although Rembrandt notes that litigation need not be "imminent" for the work product doctrine to apply, "the primary motivating purpose behind the creation of the document [must be] to aid in possible future litigation." Like the attorney-client privilege, "[t]he work product doctrine is not an umbrella that shades all materials prepared by a lawyer." *United States v. El Paso Co.*, 682 F.2d 530, 542 (5th Cir. 1982).

The work product doctrine does not apply here because the documents were not for the primary motivating purpose in aiding litigation. They were for evaluation of a business deal. As one court has noted, Rembrandt's business model is "directed at acquiring and licensing patents." *Thought, Inc. v. Oracle Corp.*, 2014 WL 3940294, at *1 (N.D. Cal. Aug. 11, 2014). "[E]valuating patents to acquire and targets to assert those patents against are clearly **business functions**, and documents resulting from these functions cannot be categorized in sweeping assertions of privileges." *Id.* at *3. As in *Thought*, the dominant interests between PRF and Rembrandt "were deciding whether to become business partners in monetizing the patent portfolio." *Id.* PRF has engaged industry to license and commercialize various technologies. It would be improper to assume that all of the discussion between PRF and Rembrandt were focused on litigation given PRF's very limited history of suing for patent infringement, and the fact that their first lawsuit involving any of their SiC patents occurred six years later in 2021. And because the primary motivating purpose behind the communications was business (since PRF is in the business of licensing and commercializing Purdue's technology), the work product doctrine cannot apply.

*Third*, the common interest privilege does not apply.  For the common interest privilege to apply, the interests between the parties must be ***legal*** and not commercial.  *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 376 (D. Del. 2010).  But the primary interest between Rembrandt and PRF is ***business*** not legal.  In this regard, this Court should reach the same conclusion as the court did in *Thought* when considering this exact issue and determine that Rembrandt and PRF did not share a common legal interest.

Rembrandt's attempt to distinguish *Thought* falls flat.  In that case, all the pre-closing diligence and analysis of the patents was done as part of an assessment to monetize a patent.  Yet the court rightfully understood that that those communications were for ***business purposes***: "[E]valuating patents to acquire and ***targets to assert those patents against*** are clearly ***business functions***." 2014 WL 3940294, at *3 (emphasis added).  Put another way, "The Court must draw the distinction between documents created when employees were functioning primarily as attorneys and documents created when employees were functioning in the capacity of furthering business goals." *Id*.  The parties were advancing a business goal: monetizing a patent.  Therefore the common interest privilege does not apply.

The lack of a common-legal interest is further supported by the fact that (1) Rembrandt and PRF never entered into a deal and (2) the communications occurred 6 years before this litigation.  In this regard, *Acceleration Bay LLC v. Activision Blizzard, Inc*. is instructive.  2018 WL 798731, at *1 (D. Del. Feb. 9, 2018).  There, the Court determined that a party could not withhold documents regarding negotiation of a litigation financing agreement because those documents were exchanged before an agreement was reached and before the litigation was filed.  Accordingly, the Court should order Rembrandt to produce the withheld documents.

5

November 21, 2022                                    Respectfully submitted:

By:     /s/ Justin S. Cohen
**Bruce S. Sostek**
   SBN 18855700
   Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
   SBN 24003214
   Richard.Wynne@hklaw.com
**Justin S. Cohen**
   SBN 24078356
   Justin.Cohen@hklaw.com
**Dina W. McKenney**
   SBN 24092809
   Dina.McKenney@hklaw.com
**Catherine L. Reynolds**
   SBN 24107599
   Cate.Reynolds@hklaw.com

HOLLAND & KNIGHT LLP
   One Arts Plaza
   1722 Routh St., Suite 1500
   Dallas, Texas 75201
   214.969.1700

**Max Ciccarelli**
   SBN 00787242
   max@ciccarellilawfirm.com

CICCARELLI LAW FIRM
   100 N. 6th Street, Suite 502
   Waco, Texas 76701
   214.444.8869

**Thomas N. Tarnay**
   SBN 24003032
   ttarnay@tarnaylaw.com

THOMAS TARNAY PLLC
   2103 Virginia Place
   Plano, Texas 75094
   214.395.8212

**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS, INC. AND STMICROELECTRONICS INTERNATIONAL N.V.**

## CERTIFICATE OF SERVICE

I certify that on November 21, 2022, the foregoing document was served via electronic mail on counsel of record for Plaintiff.

*/s/ Justin S. Cohen*
Justin Cohen
