# EXHIBIT 1

# CHOATE

Michael H. Bunis
t 617-248-4030
f 617-502-4030
mbunis@choate.com

November 23, 2022

**BY EMAIL**
Michael W. Shore
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
mshore@shorefirm.com

Re:   The Trustees of Purdue University v. STMicroelectronics N.V., et al., C.A. No. 6:21-cv-00727-ADA (W.D. Tex.)

Dear Michael:

I write regarding the subpoenas for documents and testimony served on X-Fab Texas, Inc. ("X-Fab") by plaintiff, The Trustees of Purdue University ("Purdue"), in connection with the above-referenced action.  For the reasons set forth below, Purdue's subpoenas – that require X-Fab to search for and produce responsive documents and a 30(b)(6) witness would impose an undue burden on X-Fab because said information can be more conveniently obtained from another source – General Electric Company ("GE").  *See* Fed. R. Civ. P. 45; Fed. R. Civ. P. 26(b)(2)(C)(i).  As you know, Purdue has already subpoenaed GE in the above-referenced litigation.  Indeed, your email confirming that "Purdue is not interested in anything other than GE" makes clear that any production by X-Fab would be entirely duplicative of the effort currently being undertaken by GE.  *See* Ex. A, Nov. 9, 2022 Email Chain.

## I.   Purdue's Document and Deposition Subpoenas

As you are aware, Purdue's subpoenas were served on X-Fab on October 25, 2020 and requested production of documents and electronically-stored information, as well as a corporate deposition.  In its Responses and Objections served on Purdue on November 8, 2022 ("the Responses and Objections"), X-Fab explained that it is a wafer manufacturer who applies customer-created designs and manufactures its products pursuant to customer-provided specifications.  Indeed, X-Fab's contracts with GE contain confidentiality obligations (to GE) such that X-Fab must obtain permission from GE prior to any disclosure.  X-Fab expressed concern with the breadth of the subpoenas and, among other things, questioned the relevance given X-Fab is not named in Purdue's Complaint, and neither of the defendants are an X-Fab customer.  *See* Ex. B, X-Fab's Responses and Objections.

After the parties conferred about scope of Purdue's subpoenas, counsel for Purdue confirmed that Purdue "wants all third party customer data **only** for GE subsidiaries and subsidiary

Michael W. Shore, Esq.
November 23, 2022
Page 2

or related companies involved in the GE products X-Fab is manufacturing. Purdue is not interested in things completely unrelated to X-Fab's work for GE." *See* Ex. A, Nov. 9, 2022 Email Chain.

## II. The Discovery Sought from X-Fab is Cumulative as Purdue is Seeking Identical Discovery from GE

Fed. R. Civ. P. 26(b)(2)(C)(i) provides that the court must limit the extent of discovery if it determines that the "discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Further, Rule 45 places an additional requirement on Purdue such that it "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *See* Fed. R. Civ. P. 45(d)(1). In the instant litigation, X-Fab is aware that Purdue has separately issued deposition and document subpoenas to GE. *See* D.I. 166. Given the complete overlap between the information sought directly from GE and the information Purdue seeks from X-Fab by way of the instant subpoenas, X-Fab will not produce any documents consistent with its obligations under Rule 45.

In determining the appropriate response to the Purdue subpoenas, X-Fab was advised by GE that – given the pending subpoena issued by Purdue directly to GE and the attendant Motion to Compel filed by Purdue in the above-referenced litigation – GE would prefer that Purdue obtain the documents and testimony directly from GE – not X-Fab. In light of the foregoing, X-Fab will not produce a Federal Rule of Civil Procedure 30(b)(6) representative witness to testify on the noticed topics. Any discovery Purdue seeks from X-Fab is "unreasonably cumulative or duplicative" and it would impose an improper and undue burden on X-Fab to produce the information Purdue requests. *See* Fed. R. Civ. P. 45; Fed. R. Civ. P. 26(b)(2)(C)(i).

Should you have any questions, do not hesitate to call me directly at 617-248-4030.

Sincerely,

*/s/ Michael H. Bunis*
Michael H. Bunis

cc:  Mark D. Siegmund, Esq.
Craig Cherry, Esq.
Chijioke E. Offor, Esq.
Halima Shukri Ndai, Esq.

# EXHIBIT A



**From:** Michael Shore <mshore@shorefirm.com>
**Sent:** Wednesday, November 9, 2022 2:13 PM
**To:** Bunis, Michael <mbunis@choate.com>; Michael Shore <mshore@shorefirm.com>
**Cc:** Chibib, Michael <michael.chibib@bracewell.com>
**Subject:** RE: Purdue v. STMicroelectronics - 21-CV-00727

**\*\*External Email\*\***

Yes

Sent via the Samsung Galaxy S22 5G, an AT&T 5G smartphone

-------- Original message --------
From: "Bunis, Michael" <mbunis@choate.com>
Date: 11/9/22 1:06 PM (GMT-06:00)
To: Michael Shore <mshore@shorefirm.com>
Cc: "Chibib, Michael" <michael.chibib@bracewell.com>
Subject: RE: Purdue v. STMicroelectronics - 21-CV-00727

CAUTION: External Email!
Michael –

Can you please look at your email below and specifically my highlighted addition and confirm that you mean that "Purdue is not interested in anything other than GE."

Thank you.

Michael


Michael H. Bunis

**CHOATE**

Choate Hall & Stewart
Two International Place
Boston, MA  02110
t 617-248-4030
f 617-248-4000
mbunis@choate.com
www.choate.com


From: Michael Shore <mshore@shorefirm.com>
Sent: Wednesday, November 9, 2022 1:04 PM
To: Bunis, Michael <mbunis@choate.com>
Cc: Chibib, Michael <michael.chibib@bracewell.com>
Subject: RE: Purdue v. STMicroelectronics - 21-CV-00727

**External Email**

Michael,

Purdue wants all third party customer data only for GE subsidiaries and subsidiary or related companies involved in the GE products X-Fab is manufacturing. Purdue is not interested in things completely unrelated to X-Fab's work for GE. Purdue needs to discover:

All documents exchanged between GE (and related entities) and X-Fab related to SiC MOSFETs
    Non-recurring engineering (NRE), what GE asked X-Fab to do in getting the parts manufacturable

      Process flow information
      Lot testing and analysis
      Quantities of SiC products made, the amounts charged by X-Fab on a per wafer or per die basis to show the cost differential as compared to a 4" fab
      Yields and yield improvement efforts
      Where the SiC substrates come from for the GE parts
      Pricing
      Testing
      Applications engineering

Purdue realizes that X-Fab makes SiC MOSFET products for multiple companies. Purdue is ==NOT ?== interested in any other than GE. Purdue also understands that to the extent X-Fab is making SiC MOSFETs for others, the agreements will likely call for X-Fab to be indemnified, defended, etc. by its customers. Purdue has zero interest for the time being in anything unrelated to GE.

Documents by 11/30, deposition by 12/15.

Best,

Michael

---

**From:** Bunis, Michael <mbunis@choate.com>
**Sent:** Wednesday, November 9, 2022 11:26 AM
**To:** Michael Shore <mshore@shorefirm.com>
**Cc:** Chibib, Michael <michael.chibib@bracewell.com>
**Subject:** RE: Purdue v. STMicroelectronics - 21-CV-00727

CAUTION: External Email!
Michael,

Good speaking with you just now. I want to confirm our discussion of what exactly Purdue is seeking from X-Fab so that I can have a conversation with my client. As you communicated, Purdue is only looking for documents and a deposition on the subject of X-Fab's work for GE. Specifically, the work the X-Fab performs for GE in producing silicon carbide MOSFETs. You explained that Purdue is not looking for other documents (or deposition topics) that are listed in the subpoena (e.g. related to other X-Fab customers, Semi-Q, etc.). You indicated wanting this document production by the end of November and a deposition no later than December 16th.

Please take a look at the above and make sure that I have this correct.

Look forward to hearing from you soon.

Best,

Michael


Michael H. Bunis

**CHOATE**

Choate Hall & Stewart
Two International Place
Boston, MA  02110


t 617-248-4030
f 617-248-4000
mbunis@choate.com
www.choate.com

**From:** Michael Shore <mshore@shorefirm.com>
**Sent:** Wednesday, November 9, 2022 9:48 AM
**To:** Bunis, Michael <mbunis@choate.com>
**Cc:** Chibib, Michael <michael.chibib@bracewell.com>
**Subject:** RE: Purdue v. STMicroelectronics - 21-CV-00727

**\*\*External Email\*\***

I just called and left a voice message. Call back before 10AM CST or I will be too busy until tomorrow or very late this afternoon.

**From:** Michael Shore
**Sent:** Wednesday, November 9, 2022 8:17 AM
**To:** Bunis, Michael <mbunis@choate.com>; Michael Shore <mshore@shorefirm.com>
**Cc:** Chibib, Michael <michael.chibib@bracewell.com>
**Subject:** RE: Purdue v. STMicroelectronics - 21-CV-00727

8:45 am, CST?


Sent via the Samsung Galaxy S22 5G, an AT&T 5G smartphone


-------- Original message --------
From: "Bunis, Michael" <mbunis@choate.com>
Date: 11/9/22 8:15 AM (GMT-06:00)
To: Michael Shore <mshore@shorefirm.com>
Cc: "Chibib, Michael" <michael.chibib@bracewell.com>
Subject: Re: Purdue v. STMicroelectronics - 21-CV-00727

CAUTION: External Email!
Great.  Look forward to talking with you.  Please let me know your availability today.

M

**From:** Michael Shore <mshore@shorefirm.com>
**Sent:** Tuesday, November 8, 2022 4:46:08 PM
**To:** Bunis, Michael <mbunis@choate.com>
**Cc:** Chibib, Michael <michael.chibib@bracewell.com>
**Subject:** RE: Purdue v. STMicroelectronics - 21-CV-00727

**\*\*External Email\*\***

4

Let's speak. My assistant will contact your office to set up a time.

**From:** Bunis, Michael <mbunis@choate.com>
**Sent:** Tuesday, November 8, 2022 3:16 PM
**To:** Michael Shore <mshore@shorefirm.com>
**Cc:** Chibib, Michael <michael.chibib@bracewell.com>
**Subject:** Purdue v. STMicroelectronics - 21-CV-00727

CAUTION: External Email!
Dear Mr. Shore,

Following up on my call to you today, I represent X-Fab Texas, Inc. in connection with the subpoena served by Purdue. I would to discuss the subpoena and X-Fab's response at your earliest convenience. In the interim, please see the attached responses and objections.

Regards,

Michael


Michael H. Bunis

**CHOATE**
_____
Choate Hall & Stewart
Two International Place
Boston, MA  02110
t 617-248-4030
f 617-248-4000
mbunis@choate.com
www.choate.com

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. If you are a resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. If you are a

resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. If you are a resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

Choate Hall & Stewart LLP Confidentiality Notice:
This message is transmitted to you by or on behalf of the law firm of Choate, Hall & Stewart LLP. It is intended exclusively for the individual or entity to which it is addressed. The substance of this message, along with any attachments, may contain information that is proprietary, confidential and/or legally privileged or otherwise legally exempt from disclosure. If you are not the designated recipient of this message, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please destroy and/or delete all copies of it and notify the sender of the error by return e-mail or by calling 1-617-248-5000. If you are a resident of California, please see Choate's Notice to California Consumers Concerning Privacy Rights, which is posted at https://www.choate.com/terms-of-use.html#privacy-statement.
For more information about Choate, Hall & Stewart LLP, please visit us at choate.com

# EXHIBIT B

# CHOATE

Michael H. Bunis
t 617-248-4030
f 617-502-4030
mbunis@choate.com

November 8, 2022

**BY EMAIL**
Michael W. Shore
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
mshore@shorefirm.com

Re:   The Trustees of Purdue University v. STMicroelectronics N.V., et al., C.A. No. 6:21-cv-00727-ADA (W.D. Tex.)

Dear Attorney Shore:

I write regarding the subpoenas for documents and testimony served on X-Fab Texas, Inc. ("X-Fab") by plaintiff, The Trustees of Purdue University ("Purdue"), in connection with the above-referenced action. My firm represents X-Fab.

**I.      PRELIMINARY STATEMENT**

As you know, X-Fab is not named in Purdue's Complaint, and neither of the defendants are an X-Fab customer so the relevance of the information sought from X-Fab is difficult to discern. The only plausible explanation we can muster for Purdue's efforts to subpoena X-Fab – a wafer manufacturer who applies customer-created designs and manufactures its products pursuant to customer-provided specifications– is an improper attempt to identify new infringement targets and use the power of the subpoena to improve its leverage in a dispute with other third parties. As we expect you are aware, Semi Q Inc. ("SemiQ") and General Electric Company ("General Electric"), entities named in the subpoena requests, are customers of X-Fab. Purdue has provided no indication of how these two entities are relevant to the present case such that discovery is necessary from X-Fab. X-Fab understands that Purdue subpoenaed General Electric in the above-referenced matter earlier this calendar year. We expect that any information that X-Fab has relevant to the instant litigation can be supplied by General Electric. Therefore, at best, these subpoenas are unnecessary and duplicative, and at worst, they are an attempt to abuse the subpoena power granted by the Federal Rules of Civil Procedure in hopes of obtaining information that would support a claim against an X-Fab customer.

Michael W. Shore, Esq.
November 8, 2022
Page 2

## II. SUBPOENA RESPONSES AND OBJECTIONS

Pursuant to Federal Rules of Civil Procedure 26 and 45, X-Fab objects to the subpoenas and to producing the requested documents, for at least the following reasons.[1]

- X-Fab objects to the subpoenas because they are vague, overly broad, and unduly burdensome. To be discoverable, information must be relevant to a party's claim or defense. Rule 45(d) imposes an additional obligation on Purdue: Purdue "must take reasonable steps to avoid imposing undue burden or expense" on X-Fab. The court "must enforce this duty and impose an appropriate sanction . . . on a party or attorney who fails to comply." *Id.* Here, none of the requested documents or testimony topics are relevant to the pending case – a patent infringement litigation against STMicroelectonics.[2] In fact, Purdue's subpoenas do not contain a single document request or testimony topic referring to a party, their products or technology. Further, Purdue's requests plainly seek information wholly irrelevant to the underlying patent infringement case. For example, Purdue requests "[d]ocuments sufficient to identify each customer for whom [y]ou manufacture, produce, or design a product . . . that incorporates silicon carbide or relies on a process using silicon carbide" as well as the "volume of products" and "revenue generated" for each customer. *See* Doc. Req. Nos. 2-4. Further, the Requests seek information about X-Fab's relationship with GE and SemiQ unspecific to any product, and without identifying the relevance of these two non-parties to any claim or defense in the underlying case. *See* Doc. Req. Nos. 8, 12. Most egregiously, Purdue requests "[d]ocuments sufficient to show the customers or clients for whom [X-Fab] have manufactured silicon carbide MOSFETs." Given the Accused Products in the above-referenced litigation are apparently MOSFETs, clearly this is an attempt to obtain information from X-Fab to support claims against other entities. *See* D.I. 1 at ¶ 37. This is an improper use of Rule 45.

- X-Fab objects to the timeframe demanded for compliance, given the breadth of materials and information sought. Purdue served the subpoenas on X-Fab on October 25, 2022. The subpoenas demanded (i) production of documents and electronically-stored information across 22 broad categories by November 18, 2022 ("the Document Subpoena"), as well as (ii) a corporate deposition on 13 topics on December 2, 2022 ("the Deposition Subpoena"). The subpoenas simply do not allow sufficient time for X-Fab to conduct a reasonable search for information and documents and/or to adequately prepare a witness for a Rule 30(b)(6) deposition under the timeframes demanded by Purdue.

- X-Fab further objects to the subpoenas to the extent that they seek information covered by the attorney-client privilege, work product doctrine, or any other applicable privilege,

---

[1] X-Fab reserves all rights with respect to the subpoenas and does not, by virtue of this these objections, waive any right to further object to or otherwise modify its response to the subpoenas.

[2] As referred to herein, "STMicroelectonics" means the defendants in the above-referenced litigation, STMicroelectronics N.V., STMicroelectronics International N.V., and STMicroelectronics, Inc.

Michael W. Shore, Esq.
November 8, 2022
Page 3

- protection, or immunity.  X-Fab does not waive, intends to preserve, and is preserving, the attorney-client privilege, the work product doctrine, and every other privilege or protection from disclosure.

- X-Fab further objects to the Document Subpoena to the extent that it seeks "all" documents and/or correspondence is thus overbroad, unduly burdensome, and/or not proportional to the needs of the case, including because it seeks information that is not relevant to the subject matter involved in the above-referenced litigation and not reasonably calculated to lead to the discovery of admissible evidence.  *See* Doc. Req. Nos. 7, 8, 11, 12, 15, 17-20.

- X-Fab further objects to the extent the subpoenas impose any obligations on X-Fab beyond those allowed by the Federal Rules of Civil Procedure.  For example, nonparty X-Fab is not required to provide the information in Definition No. 9 which seeks "'[d]ocuments that have existed at any point during [January 1, 2015 to the present]."  To the extent X-Fab agrees to produce any documents, X-Fab will conduct a reasonable search for information in its possession, custody, or control, and will not catalog documents that no longer exist.

- X-Fab further objects to producing any of its or its customers' confidential or proprietary information.  Purdue cannot show substantial need or good cause for obtaining such sensitive information from a third party.  Although the parties (Purdue and STMicroelectronics) have apparently stipulated to a protective order in the underlying case, X-Fab was not involved in those negotiations.  It would impose an undue burden for a third party to turn over sensitive commercial information.

- X-Fab further objects to the extent the Requests seek information that is available from other less-burdensome sources.

- In addition, the subpoenas are plainly overbroad to the extent they are unlimited in time or cover an inappropriately wide time period.  Most of the document requests do not state a time range for the documents sought, while several requests seek information dating back to 2015.  *See, e.g.*, Doc. Req. Nos. 5-7.

- X-Fab further objects to the Deposition Subpoena on the grounds that the topics are so numerous, broad, and vague as to preclude adequate preparation of a witness without imposing undue burden.  In addition, the deposition topics are cumulative and duplicative of the information sought through document requests.  It is not clear why X-Fab must provide the same information via testimony and written documentation.  Further, to the extent Purdue merely seeks to authenticate documents, that can be accomplished by affidavit or stipulation.

As evidenced by the expansive scope of both the Document and Deposition Subpoenas, Purdue has not taken reasonable steps, as required by Rule 45(d)(1), to avoid or lessen the burden on X-Fab.  To the contrary, the subpoenas impose significant unwarranted expense on X-Fab, a

Michael W. Shore, Esq.
November 8, 2022
Page 4

nonparty to the underlying litigation. Moreover, Purdue has not explained why corporate testimony from X-Fab is necessary <u>in addition to</u> the document discovery sought.

      In light of the foregoing, X-Fab requests that Purdue reconsider the scope of the subpoenas and the need for a deposition of X-Fab. Notwithstanding these objections, X-Fab is willing to meet and confer with Purdue to potentially negotiate a narrower production that is more specifically targeted to the needs of the case and less burdensome on a nonparty. I look forward to working with you to achieve a prompt resolution to this matter.

      Sincerely,

      <u>/s/ Michael H. Bunis</u>
      Michael H. Bunis

cc:    Mark D. Siegmund, Esq.
       Craig Cherry, Esq.
       Chijioke E. Offor, Esq.
       Halima Shukri Ndai, Esq.