IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br>    Plaintiff,<br><br>  v.<br><br>STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,<br>    Defendants. | 6:21-cv-00727-ADA |

**ORDER GRANTING PURDUE'S MOTION FOR LEAVE TO
FILE A SECOND AMENDED COMPLAINT [ECF No. 159]**

Came on for consideration this date is Plaintiff Trustees of Purdue University's ("Purdue") Motion for Leave to File a Second Amended Complaint, filed October 21, 2022. ECF No. 159 (the "Motion"). Defendants STMicroelectronics International N.V. And STMicroelectronics, Inc. (collectively, "STM") filed an opposition on November 4, 2022, ECF No. 170, to which Purdue replied on November 14, 2022, ECF No. 184. After careful consideration of the Motion, the Parties' briefs, and the applicable law, the Court **GRANTS** Purdue's Motion.

**I. LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) governs a motion for leave to file an amended pleading that is filed more than 21 days after the original complaint. But that rule does not apply if the date for filing motions for leave to amend under the governing scheduling order has passed. In those circumstances, Rule 16(b)(4) applies. *See Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015); *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 548 (E.D. Tex. 2018) (Bryson, J., sitting by designation).

1

On September 7, 2022, this Court issued a Scheduling Order setting October 13, 2022, as the last date on which the parties could amend the pleadings. ECF No. 144. Under Rule 16(b)(4), the party seeking leave to file an amended pleading must show "good cause." To determine whether the moving party has shown good cause, the Fifth Circuit has directed district courts to consider: (1) the explanation for the party's failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *See United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)).

## II. ANALYSIS

The deadline to amend the pleadings in this Actions was October 13, 2022. While Purdue filed its Second Amended Complaint on October 13, 2022 (ECF No. 154), Purdue did not move for leave to amend its Complaint until October 21, 2022 (ECF No. 159). Purdue contends that its eight-day tardy attempt to seek leave to add dependent claim 10 is an example of excusable neglect. ECF No. 184 at 4. The Court agrees.

Defendants ("STM") contend that Purdue cannot establish good cause because (1) Purdue was not diligent; (2) STM would suffer prejudice if the Motion were granted; and (3) a continuance cannot cure such prejudice. ECF No. 170 at 5–8.

First, STM argues that Purdue was not diligent because it should have known about STM's products back in December 2021 and added claim 10 months ago. *Id.* But Purdue responds that it was diligent because it filed its second amended complaint by October 13 (without leave) and because it could not have accused STM's third generation products in its preliminary infringement contentions. ECF No. 184 at 2–3. The Court finds that any lack of diligence by Purdue in seeking leave was excusable neglect. Thus, this factor is neutral on granting Purdue leave.

Second, STM argues that granting Purdue's Motion will severely prejudice STM because STM will now be barred from filing IPR petitions. ECF No. 170 at 6–7. However, Purdue responds that STM has already challenged the validity of claim 10 in IPR2022-00252. ECF No. 184 at 5. The Court finds that this factor weighs in favor of granting leave because STM has not shown sufficient prejudice it will suffer if leave is granted.

Third, STM argues that any prejudice cannot be cured by a continuance because a continuance is prejudicial and because it is time-barred from filing an IPR. ECF No. 170 at 7–8. Yet Purdue has already shown that STM has already challenged the validity of claim 10 in an IPR. Therefore, this factor weighs in favor of granting leave.

Finally, the last remaining factor is the importance of the amendment. Purdue contends that its amendment is important because it will allow Purdue to present a comprehensive infringement theory. ECF No. 184 at 6 (citing *MV3 Partners LLC v. Roku, Inc.*, Case No. 6:18-cv-00308-ADA (W.D. Tex. Mar. 23, 2020) at 3 (finding "amendment is important because it allows MV3 to fully present its infringement theory")). STM argues that because claim 10 is a dependent claim, any products that would allegedly infringe claim 10 would also infringe claim 9 and therefore Purdue's amendment would not be important. ECF No. 170 at 7. Because adding claim 10 will allow Purdue to fully present its infringement theory, the Court finds that this factor slightly favors granting leave.

### III. CONCLUSION

The Court finds that Purdue is entitled to leave. The Court considered four factors to determine whether Purdue has shown "good cause" for its amendment of claim 10. The Court finds that Purdue has shown "good cause." It is therefore **ORDERED** that Purdue's Motion for Leave to File a Second Amended Complaint is **GRANTED**. Accordingly, Purdue's Second Amended Complaint at ECF No. 154 is now entered into the record.

SIGNED this 2nd day of December, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE