# EXHIBIT 4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC, <br><br> Defendants. | CIVIL ACTION NO. 6:21-CV-00727-ADA <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S NOTICE OF SUBPOENA TO SPACE EXPLORATION TECHNOLOGIES**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 45, Plaintiff, The Trustees of Purdue University, intends to serve the following subpoena on Space Exploration Technologies.

Dated: October 4, 2022

Respectfully submitted,

*/s/ Michael W. Shore*
Mark D. Siegmund (SBN 24117055)
Craig Cherry (SBN 24012419)
STECKLER WAYNE CHERRY & LOVE PLLC
8416 Old McGregor Road
Waco, Texas 76712
Tel: (254) 651-3690
Fax: (254) 651-3689
mark@swclaw.com
craig@swclaw.com

Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com

1

2

        coffor@shorefirm.com
        hndai@shorefirm.com

        Brian D. Melton (SBN 24010620)
        John P. Lahad (SBN 24068095)
        Hayley Stillwell (pro hac vice)
        SUSMAN GODFREY L.L.P.
        1000 Louisiana Street, Suite 5100
        Houston, Texas 77002
        Tel: (713) 651-9366
        Fax: (713) 654-6666
        bmelton@susmangodfrey.com
        jlahad@susmangodfrey.com
        hstillwell@susmangodfrey.com

        ***COUNSEL FOR PLAINTIFF***
        ***THE TRUSTEES OF PURDUE UNIVERSITY***

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via e-mail on October 4, 2022.

        /s/ *Michael W. Shore*
        Michael W. Shore

Case 6:21-cv-00727-ADA-DTG   Document 222-2   Filed 12/14/22   Page 4 of 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| TRUSTEES OF PURDUE UNIVERSITY ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 6:21-cv-00727-ADA |
| STMICROELECTRONICS N.V., et al. ) | |
| ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Space Exploration Technologies, 1 Rocket Rd., Brownsville, TX 78521
c/o Corporation Service Company, 211 E. 7th Street, Ste 620, Austin, TX 78701

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Ace Court Reporting Service, LLC<br>220 East University Dr.<br>Edinburg, TX 78539 | Date and Time:<br>10/31/2022 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/04/2022

*CLERK OF COURT*

OR

_____    /s/ Michael W. Shore
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The Trustees of Purdue University , who issues or requests this subpoena, are:

Michael W. Shore, THE SHORE FIRM, 901 Main Street, Ste 3300, Dallas, TX 75202, mshore@shorefirm.com, 214.593.9110

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:21-cv-00727-ADA

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 6:21-cv-00727-ADA-DTG   Document 222-2   Filed 12/14/22   Page 6 of 9

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## I. DEFINITIONS

"SpaceX" shall mean Space Exploration Technologies as well as all entities whose financials are consolidated with SpaceX when reporting results for the quarterly period ended June 30, 2022.

"ST" shall include STMicroelectronics N.V., STMicroelectronics International N.V., STMicroelectronics, Inc., as well as their subsidiaries, agents, manufacturer representatives, distributors, and others acting on their behalf who are involved in any way in selling to, providing to, or manufacturing ST SiC MOSFETs or ST Modules for SpaceX.

"SpaceX Inverter Supplier" shall mean any entity who supplies SpaceX with inverters or inverter components, systems or subsystems that include ST SiC MOSFETs or ST Modules.

"ST SiC MOSFET" shall mean any silicon carbide field effect transistor manufactured, supplied or sourced from ST with a SiC substrate or device layer, and shall include systems that use polysilicon in place of metal for gate regions and/or materials other than oxides for its insulating/dielectric layers/regions.

"ST Module" shall mean any module manufactured, supplied or sourced from ST that includes an ST SiC MOSFET.

"SpaceX Products" shall mean any product of any type or kind that is made, offered for sale, sold, imported, or used by SpaceX in the United States that includes as a component an ST SiC MOSFET or ST Module. SpaceX Products includes rockets, launch vehicles, chargers, inverters, power systems, backup energy storage systems, solar power systems, motors, variable speed drives, and any other product or system that includes as a component an ST SiC MOSFET or ST Module.

"Documents" shall mean any graphic, electronic, video, digital or other medium capable of conveying information. Documents includes paper documents, emails, texts, contracts, agreements, purchase orders, supply agreements, presentations, PowerPoint slides, spreadsheets, voicemails, recordings, and any other media.

"Bill of Materials" or "BOM" shall mean a list of the raw materials, sub-assemblies, intermediate assemblies, sub-components, parts, and the quantities of each needed to manufacture a SpaceX Product or a component, system or sub-system within a SpaceX Product (e.g. an inverter). A BOM can define products as they are designed (engineering bill of materials), as they are ordered (sales bill of materials), as they are built (manufacturing bill of materials), or as they are maintained (service bill of materials). A BOM is frequently used by engineers attributively to refer not to the current production configuration of a product.

"Design Win" means the placement of an ST MOSFET or ST Module on a BOM for a SpaceX Product or an agreement to use an ST MOSFET or ST Module in a SpaceX Product.

"NRE" shall mean non-recurring engineering, the cost to research, design, develop and test a new product, a custom product or product enhancement.

"Period" shall mean January 1, 2015 to the present. Unless otherwise noted, all document requests seek "Documents" that have existed at any point during the Period.

**EXHIBIT A**

## II.     DOCUMENTS REQUESTED

1. All BOMs for SpaceX Products that include or have during the Period, included ST SiC MOSFETs or ST Modules.

2. Documents sufficient to identify SpaceX Inverter Suppliers during the Period.

3. Documents sufficient to identify the contract manufacturers, suppliers, or designers of any components, systems, sub-systems, assemblies, sub-assemblies or discreet devices incorporated into a SpaceX Product where such components, systems, sub-systems, assemblies, sub-assemblies or discreet devices so incorporated are or include ST SiC MOSFETs and ST Modules as components.

4. Documents sufficient to identify all SpaceX Products sold, offered for sale, made, used, or imported during the Period that include ST SiC MOSFETs or ST Modules.

5. All Documents exchanged between SpaceX and ST that mention, refer or relate to ST SiC MOSFETs and ST Modules, including supply agreements, NRE agreements, NRE output, purchase orders, capacity reservations, capacity allocations, prices, deliveries, qualification, testing, importation documentation, bills of lading, shipping receipts, warehousing, the provision of samples, the Design Win process, testing, costs, negotiations, and deliveries.

6. All Documents evidencing the component identifiers assigned to ST SiC MOSFETs and SiC Modules used or incorporated in SpaceX Products.

7. Documents sufficient to disclose the unit volume of ST SiC MOSFETs and ST Modules included in SpaceX Products during the Period.

8. Documents sufficient to disclose the dollar value of ST SiC MOSFETs and ST Modules purchased, provisioned, imported, or included in SpaceX Products during the Period.

**EXHIBIT A**

9. Documents sufficient to identify the five (5) SpaceX employees, agents, representatives, or other persons affiliated with SpaceX who were the most involved in negotiating capacity reservations/allocations, forecasts, pricing, delivery, and other terms of agreements regarding ST SiC MOSFETs and ST Modules with ST.

10. Documents sufficient to identify the applications and design engineers employed by SpaceX or who were acting on behalf of SpaceX in procuring, selecting, testing, and placing on BOMs ST SiC MOSFETs and ST Modules.