# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>    Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS INTERNATIONAL N.V., ET AL.,<br><br>    Defendants. | NO. 6:21–CV–727–ADA<br><br>JURY TRIAL DEMANDED |

### NON-PARTY TESLA, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to the Federal Rules of Civil Procedure, Non-Party Tesla, Inc. ("Tesla") hereby submit their objections to Plaintiff The Trustees of Purdue University's ("Purdue") Subpoena to Produce Documents ("Subpoena").

### PRELIMINARY STATEMENT

1.  Tesla has only had a brief period to review the subpoena and begin its investigation. Purdue has refused to grant Tesla an extension on its objections. Accordingly, these objections and responses are preliminary and Tesla expects to supplement them once it has completed its initial investigation.

2.  By responding to the Subpoena, Tesla does not waive any objection that may be applicable to: (1) the use, for any purpose, by Tesla of any information or testimony given in response to the Subpoena; or (2) the admissibility, privilege, relevancy, authenticity, or materiality of any of the information or testimony to any issue in the case. Tesla expressly reserves the right

1

to object to the use of these Responses and the subject matter contained in them during any subsequent proceeding, including the trial of this or any other action.

3.  Tesla's responses to the Subpoena are made to the best of Tesla's present knowledge, information, and belief. These Responses are at all times subject to reasonable supplementation and amendment as additional information becomes available.

## **GENERAL OBJECTIONS**

4.  The Subpoena improperly demands production of records from a nonparty that should be requested, if relevant and discoverable, from an opposing party. Documents available from an opposing party in the litigation should not be commanded from a nonparty. The Subpoena is improper in its entirety because whatever relevant information Tesla has is available without unnecessarily burdening a nonparty. Fed.R.Civ.P. 45(d)(1).

5.  Tesla objects to the definition of "ST" as overly broad, unduly burdensome, and not proportional to the needs of this case because those terms are broader than the parties to the case, STMicroelectronics International N.V. and STMicroelectronics, Inc.

6.  Tesla reserves all objections based on the attorney-client privilege, work product doctrine or other applicable privileges.

7.  The time period provided to Tesla as a nonparty to respond to ten separate requests for production of documents during a seven year period purportedly covered by the Subpoena is unreasonable. Tesla reasonably requires significantly more time to search for, and identify potentially responsive documents and information, screen such documents and information for privilege and work product, and produce any relevant, responsive, discoverable material.

8. Moreover, Tesla reserves the right to make additional objections because the grounds for some objections may not become apparent until potentially responsive material has been identified.

9. Tesla objects to the burden and expense of responding to such a sweeping, dragnet Subpoena containing ten separate requests. Tesla will seek compensation and reimbursement for the time required for its personnel to review its files and identify responsive documents and for the costs of reproducing that material.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

In addition to each of the foregoing objections, Tesla provides the following objections to the Documents Requested:

1. All BOMs for Tesla Products that include or have during the Period, included ST SiC MOSFETs or ST Modules.

**Response**: Tesla incorporates by reference its General Objections. Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

2. Documents sufficient to identify Tesla Inverter Suppliers during the Period.

**Response**: Tesla incorporates by reference its General Objections. Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

3. Documents sufficient to identify the contract manufacturers, suppliers, or designers of any components, systems, sub-systems, assemblies, sub-assemblies or discreet devices incorporated into a Tesla Product where such components, systems, sub-systems, assemblies,

3

sub-assemblies or discreet devices so incorporated are or include ST SiC MOSFETs and ST Modules as components.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case.  Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

4.      Documents sufficient to identify all Tesla Products sold, offered for sale, made, used, or imported during the Period that include ST SiC MOSFETs or ST Modules.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case.  Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

5.      All Documents exchanged between Tesla and ST that mention, refer or relate to ST SiC MOSFETs and ST Modules, including supply agreements, NRE agreements, NRE output, purchase orders, capacity reservations, capacity allocations, prices, deliveries, qualification, testing, importation documentation, bills of lading, shipping receipts, warehousing, the provision of samples, the Design Win process, testing, costs, negotiations, and deliveries.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case.  Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

6.      All Documents evidencing the component identifiers assigned to ST SiC MOSFETs and SiC Modules used or incorporated in Tesla Products.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case.  Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

7.      Documents sufficient to disclose the unit volume of ST SiC MOSFETs and ST Modules included in Tesla Products during the Period.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case.  Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

8.      Documents sufficient to disclose the dollar value of ST SiC MOSFETs and ST Modules purchased, provisioned, imported, or included in Tesla Products during the Period.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case.  Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

9.      Documents sufficient to identify the five (5) Tesla employees, agents, representatives, or other persons affiliated with Tesla who were the most involved in negotiating capacity reservations/allocations, forecasts, pricing, delivery, and other terms of agreements regarding ST SiC MOSFETs and ST Modules with ST.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case.  Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

10.     Documents sufficient to identify the applications and design engineers employed by Tesla or who were acting on behalf of Tesla in procuring, selecting, testing, and placing on BOMs ST SiC MOSFETs and ST Modules.

**Response**: Tesla incorporates by reference its General Objections.  Tesla further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, Tesla objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

<table>
<tr><td>November 1, 2022</td><td>Respectfully submitted:<br><br>By:   /s/ Justin S. Cohen<br>**Bruce S. Sostek**<br>   SBN 18855700<br>   Bruce.Sostek@hklaw.com<br>**Richard L. Wynne, Jr.**<br>   SBN 24003214<br>   Richard.Wynne@hklaw.com<br>**Justin S. Cohen**<br>   SBN 24078356<br>   Justin.Cohen@hklaw.com<br>**Dina W. McKenney**<br>   SBN 24092809<br>   Dina.McKenney@hklaw.com<br>**Catherine L. Reynolds**<br>   SBN 24107599<br>   Cate.Reynolds@hklaw.com<br><br>**HOLLAND & KNIGHT LLP**<br>   One Arts Plaza<br>   1722 Routh St., Suite 1500<br>   Dallas, Texas 75201<br>   214.969.1700<br><br>**ATTORNEYS FOR NON-PARTY TESLA, INC.**</td></tr>
</table>