# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS INTERNATIONAL N.V., ET AL.,<br><br>Defendants. | NO. 6:21–CV–727–ADA<br><br>JURY TRIAL DEMANDED |

**NON-PARTY SPACE EXPLORATION TECHNOLOGIES'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to the Federal Rules of Civil Procedure, Non-Party Space Exploration Technologies ("SpaceX") hereby submits its objections to Plaintiff The Trustees of Purdue University's ("Purdue") Subpoena to Produce Documents ("Subpoena").

**PRELIMINARY STATEMENT**

1. SpaceX has only had a brief period to review the subpoena and begin its investigation. Purdue has refused to grant SpaceX an extension on its objections. Accordingly, these objections and responses are preliminary and SpaceX expects to supplement them once it has completed its initial investigation.

2. By responding to the Subpoena, SpaceX does not waive any objection that may be applicable to: (1) the use, for any purpose, by SpaceX of any information or testimony given in response to the Subpoena; or (2) the admissibility, privilege, relevancy, authenticity, or materiality of any of the information or testimony to any issue in the case. SpaceX expressly reserves the right

1

to object to the use of these Responses and the subject matter contained in them during any subsequent proceeding, including the trial of this or any other action.

3.     SpaceX's responses to the Subpoena are made to the best of SpaceX's present knowledge, information, and belief. These Responses are at all times subject to reasonable supplementation and amendment as additional information becomes available.

## GENERAL OBJECTIONS

4.     The Subpoena improperly demands production of records from a nonparty that should be requested, if relevant and discoverable, from an opposing party. Documents available from an opposing party in the litigation should not be commanded from a nonparty. The Subpoena is improper in its entirety because whatever relevant information SpaceX has is available without unnecessarily burdening a nonparty. Fed.R.Civ.P. 45(d)(1).

5.     SpaceX reserves all objections based on the attorney-client privilege, work product doctrine or other applicable privileges or protections.

6.     Moreover, SpaceX reserves the right to make additional objections because the grounds for some objections may not become apparent until potentially responsive material has been identified.

7.     SpaceX objects to the definition of "ST" as overly broad, unduly burdensome, and not proportional to the needs of this case because those terms are broader than the parties to the case, STMicroelectronics International N.V. and STMicroelectronics, Inc.

8.     The time period provided to SpaceX as a nonparty to respond to ten separate requests for production of documents during a seven-year period purportedly covered by the Subpoena is unreasonable. SpaceX would reasonably require significantly more time to search for, and identify potentially responsive documents and information, screen such documents and

information for privilege and work product, and produce any relevant, responsive, discoverable material.

9. SpaceX objects to the burden and expense of responding to such a sweeping, dragnet Subpoena containing ten separate requests. SpaceX will seek compensation and reimbursement for the time required for its personnel to review its files and identify responsive documents and for the costs of reproducing that material.

### OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

In addition to each of the foregoing objections, SpaceX provides the following objections to the Documents Requested:

1. All BOMs for SpaceX Products that include or have during the Period, included ST SiC MOSFETs or ST Modules.

**Response**: SpaceX incorporates by reference its General Objections.  SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

2. Documents sufficient to identify SpaceX Inverter Suppliers during the Period.

**Response**:  SpaceX incorporates by reference its General Objections.  SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

3. Documents sufficient to identify the contract manufacturers, suppliers, or designers of any components, systems, sub-systems, assemblies, sub-assemblies or discreet devices

incorporated into a SpaceX Product where such components, systems, sub-systems, assemblies, sub-assemblies or discreet devices so incorporated are or include ST SiC MOSFETs and ST Modules as components.

**Response**: SpaceX incorporates by reference its General Objections. SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

4. Documents sufficient to identify all SpaceX Products sold, offered for sale, made, used, or imported during the Period that include ST SiC MOSFETs or ST Modules.

**Response**: SpaceX incorporates by reference its General Objections. SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

5. All Documents exchanged between SpaceX and ST that mention, refer or relate to ST SiC MOSFETs and ST Modules, including supply agreements, NRE agreements, NRE output, purchase orders, capacity reservations, capacity allocations, prices, deliveries, qualification, testing, importation documentation, bills of lading, shipping receipts, warehousing, the provision of samples, the Design Win process, testing, costs, negotiations, and deliveries.

**Response**: SpaceX incorporates by reference its General Objections. SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

6.     All Documents evidencing the component identifiers assigned to ST SiC MOSFETs and SiC Modules used or incorporated in SpaceX Products.

**Response**: SpaceX incorporates by reference its General Objections. SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

7.     Documents sufficient to disclose the unit volume of ST SiC MOSFETs and ST Modules included in SpaceX Products during the Period.

**Response**: SpaceX incorporates by reference its General Objections. SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

8.     Documents sufficient to disclose the dollar value of ST SiC MOSFETs and ST Modules purchased, provisioned, imported, or included in SpaceX Products during the Period.

**Response**: SpaceX incorporates by reference its General Objections. SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case. Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

9.     Documents sufficient to identify the five (5) SpaceX employees, agents, representatives, or other persons affiliated with SpaceX who were the most involved in negotiating capacity

reservations/allocations, forecasts, pricing, delivery, and other terms of agreements regarding ST SiC MOSFETs and ST Modules with ST.

**Response**:  SpaceX incorporates by reference its General Objections.  SpaceX further objects to this request as seeking information that is not relevant and not proportional to the needs of this case.  Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

10.     Documents sufficient to identify the applications and design engineers employed by SpaceX or who were acting on behalf of SpaceX in procuring, selecting, testing, and placing on BOMs ST SiC MOSFETs and ST Modules.

**Response**:  SpaceX incorporates by reference its General Objections.  SpaceX further objects to this this request as seeking information that is not relevant and not proportional to the needs of this case.  Further, SpaceX objects to this request as vague, ambiguous, overbroad, and unduly burdensome.

October 17, 2022                                  Respectfully submitted:

By:    */s/ Justin S. Cohen*

**Bruce S. Sostek**
   SBN 18855700
   Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
   SBN 24003214
   Richard.Wynne@hklaw.com
**Justin S. Cohen**
   SBN 24078356
   Justin.Cohen@hklaw.com
**Dina W. McKenney**
   SBN 24092809
   Dina.McKenney@hklaw.com
**Catherine L. Reynolds**
   SBN 24107599
   Cate.Reynolds@hklaw.com

HOLLAND & KNIGHT LLP
   One Arts Plaza
   1722 Routh St., Suite 1500
   Dallas, Texas 75201
   214.969.1700

ATTORNEYS FOR NON-PARTY SPACE EXPLORATION TECHNOLOGIES