# EXHIBIT 9

| | |
|---|---|
| **From:** | Cohen, Justin S (DAL - X61211) |
| **To:** | mshore |
| **Cc:** | Team-Purdue-ST@shorefirm.com; STPurdueHKService; McKenney, Dina W (DAL - X61757); hndai; Max Ciccarelli |
| **Subject:** | RE: Purdue ST - Joint Dispute Chart re Tesla, Sanmina & SpaceX Subpoenas |
| **Date:** | Tuesday, November 29, 2022 9:26:11 PM |

EXTERNAL Email

Michael - because folks (including myself) have been traveling for the holiday, and because our Tesla contact left the company recently, we are still working on the issues we discussed from our meet-and-confer on Tuesday and on responses to Purdue's dispute chart (which Purdue sent before our meet-and-confer). Below is my recap from our meet-and-confer:

1. Tesla, Sanmina, and SpaceX are third parties, are not parties to this lawsuit, and do not consent to having issues around these subpoenas resolved on an expedited basis per the Court's dispute chart process. Purdue has had a year to pursue third-party discovery and discovery doesn't close until the end of February. So we fail to see the urgency here.

2. Purdue stated that the discovery it sought from these third parties is directed to determining whether Defendants' sales are US sales and for its induced infringement claims. Purdue stated it all of this discovery would be obviated if Defendants would enter into a stipulation regarding sales of the accused products were US sales. We are discussing this issue internally and with ST and I expect to have an answer for you this week as to whether Defendants will stipulate that certain sales to Tesla, Sanmina, and/or SpaceX are US sales.

3. Purdue requested sales agreements with these third parties. That is information that ST has in its possession. As Max stated, ST will be producing the Tesla contract shortly.

4. Purdue also requested communications (emails) between Defendants and these third parties. As we discussed, this is also information that Purdue can obtain directly from Defendants via an ESI protocol. You stated that Purdue was unwilling to go through that process. However, it seems to us that Purdue's position is to place an undue burden on these third parties just to avoid the Court's ESI process of obtaining email discovery. To us, that's improper under Rule 45(d) given that Purdue has an obligation to minimize the burden on third parties, not to shift its own email discovery burden to them. I ask you to reconsider Purdue's position on email discovery under these subpoenas.

5. Finally, I had asked for a more detailed/narrowed listing of documents that you believe are relevant and in the possession of these third parties. You stated that you were unwilling to provide a narrowed list, and just wanted these third parties to produce everything in the subpoenas. Purdue's resistance to working with us is creating more delay. However, we are working with Tesla, SpaceX, and Sanmina to determine which categories in the subpoena, if any, can be readily produced without an undue burden.

Again, I think it is premature trying to go the dispute chart route. I suggest we schedule another call Thursday or Friday to discuss what these third parties have that Purdue believes it needs from them. Again, what would be most helpful, is a more narrowed listing of the types of documents that Purdue believes it needs from each.

Thank you,

~Justin

**Justin S. Cohen** | **Holland & Knight**
Direct 214.969.1211 | Cell 214.605.1993
Add to address book | View professional biography

---

**From:** McKenney, Dina W (DAL - X61757) <Dina.McKenney@hklaw.com>
**Sent:** Monday, November 21, 2022 5:28 PM
**To:** hndai <hndai@shorefirm.com>
**Cc:** Team-Purdue-ST@shorefirm.com; STPurdueHKService <STPurdueHKService@hklaw.com>
**Subject:** RE: Purdue ST - Joint Dispute Chart re Tesla, Sanmina & SpaceX Subpoenas

Halima,

We have not meet and conferred about this issue.  Nor have these non-parties consented to the dispute-chart process.  We are available to meet and confer about these issues; please provide your availability to do so.

Thank you,
Dina

**Dina W. McKenney** | **Holland & Knight**
Associate
Holland & Knight LLP
One Arts Plaza, 1722 Routh Street, Suite 1500 | Dallas, Texas 75201
Phone 214.969.1757 | Fax 214.969.1751
dina.mckenney@hklaw.com | www.hklaw.com

Add to address book | View professional biography

---

**From:** Halima Shukri Ndai <hndai@shorefirm.com>
**Sent:** Monday, November 21, 2022 4:39 PM
**To:** mshore <mshore@shorefirm.com>; Max Ciccarelli <Max@CiccarelliLawFirm.com>; Cohen, Justin S (DAL - X61211) <Justin.Cohen@hklaw.com>
**Cc:** Team-Purdue-ST <Team-Purdue-ST@shorefirm.com>
**Subject:** RE: Purdue ST - Joint Dispute Chart re Tesla, Sanmina & SpaceX Subpoenas

*[External email]*
Max and Justin,

Please use this version and attached exhibits.

Best,



**Halima Shukri Ndai**
The Shore Firm
Bank of America Plaza
901 Main Street, Suite 3300, Dallas, Texas 75202
214-593-9116 (Direct) | 214-593-9110 (Firm)
www.shorefirm.com

---

**From:** Michael Shore <mshore@shorefirm.com>
**Sent:** Monday, November 21, 2022 4:04 PM
**To:** max@ciccarellilawfirm.com; Cohen, Justin S (DAL - X61211) <Justin.Cohen@hklaw.com>
**Cc:** Team-Purdue-ST <Team-Purdue-ST@shorefirm.com>
**Subject:** Purdue ST - Joint Dispute Chart re Tesla, Sanmina & SpaceX Subpoenas

Max and Justin,

Please see and respond to the attached Dispute Charts.

Best,

Michael

---

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.