IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>        Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS<br>INTERNATIONAL N.V. and<br>STMICROELECTRONICS, INC.,<br><br>        Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ANSWER TO DEFENDANT STMICROELECTRONIC, INC.'S COUNTERCLAIMS**

Plaintiff and Counterclaim-Defendant The Trustees of Purdue University ("Purdue") answers herein Defendant STMicroelectronics, Inc.'s ("ST-INC") Counterclaims ("Counterclaims") with numbered paragraphs corresponding to like-numbered paragraphs of the Counterclaims as follows. Unless expressly admitted, all averments asserted by ST-INC in its Counterclaims are denied.

**NATURE OF THE ACTION**

110. Paragraph 110 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that by way of its Counterclaims, ST-INC seeks declarations of non-infringement and invalidity of U.S. Patent No. 7,498,633 ("the '633 Patent").

**PARTIES**

111. Purdue lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 111, and therefore denies the same.

112. Purdue admits the allegations of Paragraph 112.

1

## JURISDICTION AND VENUE

113. Paragraph 113 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits this Court has jurisdiction over the subject matter of ST-INC's Counterclaims seeking declarations of non-infringement and invalidity of the '633 Patent.

114. Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits it does not contest this Court's power over Purdue for the purposes of resolving ST-INC's Counterclaims seeking declarations of non-infringement and invalidity of the '633 Patent.

115. Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits it does not contest this Court's venue over ST-INC's Counterclaims seeking declarations of non-infringement and invalidity of the '633 Patent.

116. Paragraph 116 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that a dispute exists between Purdue and ST-INC regarding ST-INC's Counterclaims seeking declarations of non-infringement and invalidity of the '633 Patent.

## FIRST COUNTERCLAIM
### (Declaration of Noninfringement of the '633 Patent)

117. Paragraph 117 purports to reallege and incorporate by reference the allegations contained in Paragraphs 110-116 of the Counterclaims. Purdue incorporates by reference its answers to those paragraphs and otherwise denies the allegations of Paragraph 117 in all respects.

118. Purdue admits the allegations of Paragraph 118.

119. Purdue admits the allegations of Paragraph 119.

120. Purdue denies the allegations of Paragraph 120.

121. Purdue denies the allegations of Paragraph 121.

122. Paragraph 122 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that in Paragraph 122 ST-INC "requests a judicial declaration that it has not infringed, and does not infringe, any valid and enforceable claim of the '633 Patent, either directly or indirectly, individually or jointly, or literally or under the doctrine of equivalents."

123. Purdue denies the allegations of Paragraph 123.

## SECOND COUNTERCLAIM
### (Declaration of Invalidity of the '633 Patent)

124. Paragraph 124 purports to reallege and incorporate by reference the allegations contained in Paragraphs 110-123 of the Counterclaims. Purdue incorporates by reference its answers to those paragraphs and otherwise denies the allegations of Paragraph 124 in all respects.

125. Purdue admits the allegations of Paragraph 125.

126. Purdue admits the allegations of Paragraph 126.

127. Purdue denies the allegations of Paragraph 127, except that Purdue admits that in the pending litigation between Purdue and ST-INC in the Western District of Texas there is an existing and actual case and controversy regarding ST-INC's infringement of the asserted claims of the '633 Patent and the validity of those claims in view of "35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the non-statutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto."

128. Purdue denies the allegations of Paragraph 128.

129. Paragraph 129 contains legal conclusions to which no response is required. To the extent a response is necessary, Purdue admits that in Paragraph 129 ST-INC "requests a judicial declaration that one or more claims of the '633 Patent are invalid and/or unenforceable at least

because they fail to satisfy one or more conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, the non-statutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto., the non-statutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto."

130. Purdue denies the allegations of Paragraph 130.

### DEMAND FOR JURY TRIAL

131. Purdue admits that in Paragraph 131 ST-INC "requests a trial by jury on all issues so triable."

### PRAYER FOR RELIEF

ST-INC is not entitled to judgment in its favor or to any of the relief it requests, either prayed for in subparagraphs (1)-(6) of the Counterclaims or otherwise, and Purdue denies any allegations to the contrary. Purdue further denies each and every allegation of the Counterclaims to which Purdue has not specifically admitted, denied, or otherwise responded herein.

Dated: January 6, 2023          Respectfully submitted,

*/s/ Halima Shukri Ndai*
Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halma Shukri Ndai (SBN 24105486)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

5

        Brian D. Melton (SBN 24010620)
        John P. Lahad (SBN 24068095)
        Abbey McNaughton (SBN 24116751)
        SUSMAN GODFREY L.L.P.
        1000 Louisiana Street, Suite 5100
        Houston, Texas 77002-5096
        Tel: (713) 651-9366
        Fax: (713) 654-6666
        bmelton@susmangodfrey.com
        jlahad@susmangodfrey.com
        amcnaughton@susmangodfrey.com

***COUNSEL FOR PLAINTIFF***
***THE TRUSTEES OF PURDUE***
***UNIVERSITY***

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system on January 6, 2023.

                                        */s/ Halima Shukri Ndai*
                                        Halima Shukri Ndai