**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>          Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS INTERNATIONAL N.V.,<br>AND STMICROELECTRONICS, INC.<br><br>          Defendants. | CASE NO. 6:21–CV–00727-ADA |

## **ORDER**

On January 10, 2023, the Court held a hearing on certain discovery disputes submitted to the Court via email by Plaintiff The Trustees of Purdue University ("Plaintiff" or "Trustees") and Defendants STMicroelectronics International N.V., and STMicroelectronics, Inc. ("Defendants" or "ST"). Having considered the representations and arguments of counsel, the Court rules as follows:

Trustees Earlier Deposition Date Requests:  Denied.

ST December 15 Issue 1:  Plaintiff shall, by January 20, 2023, provide a supplemental disclosure of Plaintiff's claimed earliest date of invention for claim 10 consistent with the Court's OGP, including by identifying all documents that Plaintiff contends support its earlier invention date. The Court notes that this ruling is per the parties' agreement as to this issue.

ST December 15 Issue 2:  Plaintiff shall, by January 20, 2023, either produce a signed and dated copy of Dr. Saha's thesis proposal or confirm Plaintiff has conducted a reasonable search of itself and the other entities/people it has represented it has control of for purposes of collecting and producing documents[1] and has been unable to locate one. This is without prejudice to Plaintiff's right

---

[1] Plaintiff has represented it has control of various entities/people for purposes of collecting and producing documents, including at least Purdue University ("Purdue"), Purdue Research

to continue searching thereafter.  The Court notes that this ruling is per the parties' agreement as to this issue.

ST December 23 Issue 1:  Plaintiff shall, by January 31, 2023, supplement its responses to ST Rog Nos. 2-3 to do the following, as well as produce all corresponding documents in response to ST RFP Nos. 1-3:  (a) confirm, assuming it is correct, that no written agreement or other writings exist reflecting the terms and conditions of the transfer of the asserted patent other than the assignment itself that was signed by PRF, (b) identify the full scope of the oral agreement's terms and conditions, if any, identify the date of the oral agreement, and identify who orally agreed for Trustees and PRF, and (c) describe the formal approval process followed on Trustees' side, including all Trustees that approved the assignment, and on PRF's side before orally entering into the agreement (e.g., the ultimate decision maker on each side, those others involved, and the process followed).

ST December 23 Issue 2:  Plaintiff shall, by January 31, 2023, supplement their response to ST-Rog No. 15 to identify the members of Trustees' licensing team as of November 2013.  These should be the licensing team members responsible for the Cooper patents / patents in the same technology space, if the team members' responsibilities were divided in that manner at that time.

ST December 23 Issue 3:  Plaintiff shall, by January 31, 2023, produce four balance sheets: (a) the balance sheets for Trustees and PRF just before June 2021 and (b) the balance sheets for Trustees and PRF just after 2021, all of which were maintained in the ordinary course and list the purported value of Trustees' and PRF's intellectual property or patents.

ST December 23 Issue 4:  Plaintiff shall, by January 31, 2023, produce or confirm that it has produced all Trustees and PRF documents regarding business plans, strategies, and/or goals to license

---

Foundation ("PRF"), the named inventors, and prosecution counsel.  Thus, Plaintiff's search and production shall include search of and production from those entities/people, as well as Trustees, as to all issues addressed herein.

/ commercialize the asserted patent and other Cooper patents, or confirm none exist.  For avoidance of doubt, the Court notes that pre-suit litigation planning communications with outside counsel representing Plaintiff in this case are excluded from the scope of this ruling, though such communications shall be logged on Plaintiff's privilege index.

ST December 23 Issue 5:  Denied.

ST Customers' Motion to Quash:  The ST Customers' Motion to Quash is deferred pending the parties' attempt to resolve the issues raised in the motion.

SO ORDERED.

SIGNED this 18th day of January, 2023.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE