**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>         Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS<br>INTERNATIONAL N.V.<br>AND STMICROELECTRONICS, INC.<br><br>         Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO STRIKE DEFENDANTS' INEQUITABLE CONDUCT DEFENSES

Plaintiff, The Trustees of Purdue University ("Purdue"), respectfully requests leave to file its Motion to Strike Defendants' (collectively "ST") Inequitable Conduct Defenses (Docs. 225, 226) under Federal Rule of Civil Procedure 12(f) because the defenses are insufficient as a matter of law.[1] ST raised the inequitable conduct defenses in its answer filed on December 16, 2022. (Docs. 225, 226). Although more than 21 days have passed since ST's answer was filed, Purdue requests that the Court use its discretion to allow the filing of the motion to strike and consider the motion on its merits.

### I.    Legal Standard

Rule 6(b)(1)(B) provides that a court "may, for good cause, extend the time . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The determination of "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Kolton v. Alder Holdings*, LLC, No. 1:19-CV-00496-RP, 2020

---

[1] The Motion to Strike the Inequitable Conduct defenses is attached hereto as Exhibit A.

WL 8093498, at *1 (W.D. Tex. Sept. 21, 2020) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "'Excusable neglect' is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392. Courts may consider "the danger of prejudice to the opposing party, the length and impact of the delay, the reason for the delay, and the moving party's good faith." *DaSilva v. U.S. Citizenship & Immigr. Servs.*, 599 F. App'x 535, 544 (5th Cir. 2014).

## II.   Argument

### A.  Good cause exists to grant the motion for leave because the motion to strike should be resolved on its merits.

The motion to strike addresses ST's inequitable conduct defenses, which involve the exact type of threadbare recitals, based on the "slenderest" of allegations, that have plagued the courts in patent cases. *See Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1289 (Fed. Cir. 2011). Under Rule 12(f) of the Federal Rules of Civil Procedure, a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although generally disfavored, "a motion to strike a defense should be granted where the challenged defense is insufficient as a matter of law." *Brown v. Aetna Life Ins. Co.*, No. EP-13-CV-131-KC, 2013 WL 3442042, at *2 (W.D. Tex. July 8, 2013) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1057 (5th Cir.1982)). "The authority given the court by the rule to strike an insufficient defense 'on its own' has been interpreted to allow the district court to consider untimely motions to strike and to grant them if doing so seems proper." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2022). Accordingly, as is the case here, "the time limitations set out in Rule 12(f) should not be applied strictly when the motion to strike seems to have merit." *Id.*

As explained in detail in the Motion to Strike, ST's inequitable conduct defenses are supported only by general, conclusory allegations that fall far short of the heightened pleading standard required under *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312 (Fed. Cir. 2009) and applied by this Court in *Flypsi, Inc. v. Dialpad, Inc.*, No. 6:21-CV-0642-ADA, 2022 WL 3593132 (W.D. Tex. Aug. 22, 2022). *See* Exhibit A. It is particularly important for the Court to allow Purdue to file its Motion to Strike in this case because the motion addresses the same types of inequitable conduct claims that have "plagued" the federal courts and "been overused to the detriment of the public." *Therasense*, 649 F.3d at 1290. *See also Burlington Indus., Inc. v. Dayco Corp.,* 849 F.2d 1418, 1422 (Fed.Cir.1988) ("[T]he habit of charging inequitable conduct in almost every major patent case has become an absolute plague. Reputable lawyers seem to feel compelled to make the charge against other reputable lawyers on the slenderest grounds, to represent their client's interests adequately, perhaps.").

Moreover, inequitable conduct claims have been described as the "atomic bomb" of patent law because they carry with them the threat of rendering the entire patent unenforceable and cannot be cured by reissue or reexamination. *Therasense, Inc.*, 649 F.3d at 1288. Not to mention the reputational shadow inequitable conduct claims cast. Indeed, ST's allegations are nothing more than unfounded recitations of bare claim elements and are merely designed to harass and impugn Plaintiff and the named inventors. Thus, the circumstances and equities here heavily favor addressing this defense at the Court's earliest opportunity.

### B. There is no prejudice to ST in deciding this motion now.

Rule 12(h)(2) permits a "failure . . . to state a legal defense" to be asserted "by a motion under Rule 12(c)" or "at trial," which "provides a method for attacking an opposing party's pleading even if the time for moving to strike under Rule 12(f) has expired." 5C Charles Alan

Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2022). Accordingly, this Court has authority to consider the sufficiency of the ST's defenses through trial so there is no prejudice to ST in deciding this issue now to streamline the issues for trial. If anything, Purdue will be prejudiced by delaying this issue and having to respond to allegations that fail as a matter of law, including by having to engage in needless discovery, present its prosecuting attorneys for depositions, and prepare an expert rebuttal report. Purdue timely answered ST's counterclaims, but after further review of the case, has concluded that this motion to strike the inequitable conduct defenses is warranted. The Court has since granted a three month continuance of the case. There is no reason to delay the Court's exercise of its authority to appropriately narrow the scope of the issues in this case. *See Heller Fin., Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1294 (7th Cir.1989) ("[W[here, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay.").

### III.   Conclusion

The Court should grant Purdue's Motion for Leave to File the Motion to Strike ST's inequitable conduct defenses.

Dated: February 22, 2023                           Respectfully submitted,

Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halma Shukri Ndai (SBN 24105486)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

/s/ *John P. Lahad*
Brian D. Melton (SBN 24010620)

4

John P. Lahad (SBN 24068095)
Abbey McNaughton (SBN 24116751)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
amcnaughton@susmangodfrey.com

***COUNSEL FOR PLAINTIFF***
***THE TRUSTEES OF PURDUE UNIVERSITY***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system on February 22, 2023.

/s/ *John P. Lahad*
John P. Lahad

## CERTIFICATE OF CONFERENCE

The parties have conferred regarding the substance of the Motion for Leave. ST opposes the relief sought.

/s/ *John P. Lahad*
John P. Lahad