IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY, | § § § § § | 6:21-cv-00727-ADA |
| Plaintiff, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC., | § § § § § | |
| Defendants. | § § | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION TO STRIKE DEFENDANTS' INEQUITABLE CONDUCT DEFENSES**

Defendants first pleaded inequitable conduct as an affirmative defense to Plaintiff's claims over 16 months ago, on October 11, *2021*. ECF No. 21. ST's most recent pleading filed on December 16, 2022 also asserted a defense of inequitable conduct, the details of which span 34 paragraphs. ECF No. 225 at ¶¶ 70-103. Throughout this litigation, ST has diligently pursued discovery specific to that defense. Indeed, the Court recently ordered Purdue to produce certain materials relevant to this defense, and Purdue even served discovery of its own relating to the defense. But a week after ST asked for dates for depositions of the prosecuting attorney for the '633 Patent and his firm, Purdue sought leave to file a very belated Rule 12 motion to strike the inequitable conduct defense. Purdue offers no justification for waiting over 16 months to seek leave to file a Rule 12 motion. Rather, Purdue's motion is properly viewed as nothing more than an improper attempt to stall producing the prosecuting attorney and his firm for deposition. The Court should not countenance this type of gamesmanship and should deny Purdue's Motion for Leave.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

**A.   The inequitable conduct defense was pled 16 months ago, without objection.**

On October 11, 2021, STMicroelectronics, Inc. filed its answer in this litigation. ECF No. 21 ("Original Answer"). The Original Answer included inequitable conduct as an affirmative defense and pled no less than fourteen pages of allegations supporting that defense. *See id.* at ¶¶ 68-122. As set forth in the Original Answer, the individuals associated with the filing and prosecution of the application for the '633 Patent knew of specific prior art disclosures but did not disclose those material references to the PTO. *Id.* The Original Answer identified as an example an IEEE paper entitled "Status and Prospects for SiC Power MOSFETS." *Id.* at ¶ 89. Importantly, Purdue ***never*** moved to dismiss or strike the inequitable conduct defense from the Original Answer.

**B.   The inequitable conduct defense is pled in ST's current answers, filed months ago.**

In its Answer to Purdue's Second Amended Complaint—ST's live pleading in this matter—ST again asserted its inequitable conduct defense. ECF Nos. 225, 226. In addition to the example provided in the Original Answer, ST included five additional examples of prior art that individuals substantially involved in the prosecution of the application failed to disclose. ECF Nos. 225 & 226 at ¶¶ 90–94.

**C.   ST has taken discovery on the inequitable conduct defense without objection.**

Over the course of this litigation, ST has served discovery regarding its inequitable conduct defense. ST's notice of Rule 30(b)(6) deposition of Purdue contains topics directed to Purdue's inequitable conduct, including Purdue's "awareness of island-shaped base contacts in semiconductor power devices prior to March 3, 2009." Ex. A, Defendants' Notice of Rule 30(b)(6) Deposition of Plaintiff. And, after ST was unsuccessful in its attempts to convince Purdue to produce the documents in response to ST's long-standing RFPs, the Court recently ordered Purdue

to produce several categories of materials that are relevant to, among other things, ST's inequitable conduct defense, such as Dr. Cooper's lab notebooks and certain information regarding analysis, testing and/or reverse engineering of SiC and other power MOSFETs.  ECF No. 258 at 1-2.

**D.      Purdue has also taken discovery on the inequitable conduct defense.**

Throughout this case Purdue has also sought discovery regarding the inequitable conduct defense.  For example, Purdue's Rule 30(b)(6) deposition notice to Defendants served on September 23, 2022 seeks testimony specifically directed to the inequitable conduct defense:

> As to Your inequitable conduct affirmative defense:
>
> (a) the facts and evidentiary basis for Your claim that any undisclosed art was material to patentability;
>
> (b) the facts and evidentiary basis that the alleged undisclosed art was not cumulative of the prior art disclosed;
>
> (c) the facts and circumstances supporting your contention that Plaintiff or its prosecution counsel intended to defraud the U.S. Patent and Trademark Office;
>
> (d) the reason You did not include the allegedly material prior art in Your Petition for Inter Partes Review; and
>
> (e) the reason You did not include the alleged material prior art in Your Preliminary Invalidity Contentions.

Ex. B, Plaintiff's Notice of 30(b)(6) Deposition of Defendants, Topic 34; *see also* Ex. C, Purdue's Eighth Set of Discovery, Interrogatory No. 29.

**E.      Now that it is time for depositions, Purdue manufactures a vehicle for delay.**

In anticipation of receiving, per the Court's Order, the above-referenced documents relating to its inequitable conduct defense, ST served a Rule 30(b)(6) notice to Barnes & Thornburg (the law firm that prosecuted the '633 Patent) and Glen Kellett (one of the individual prosecuting attorneys) (collectively, the "Prosecuting Attorneys") on February 14, 2023.  Ex. D, February 14, 2023 Notices.  Counsel for Purdue almost immediately responded that it would not produce the

3

#190762467_v6

Prosecuting Attorneys during the discovery period. Ex. E, February 14 and 15, 2023 Email. And, as Purdue's insert to the dispute chart regarding the Prosecuting Attorneys' depositions makes clear, Purdue is now raising the purported insufficiency of ST's pleadings—pleadings that *have been on file for 16 months* and on which the parties have been actively engaged in discovery—as part of its tactic to avoid producing the Prosecuting Attorneys for deposition. Ex. F, Dispute Chart (asking that the Court deny ST's request to take the deposition of the Prosecuting Attorneys "because the inequitable conduct allegations are likely to be struck as insufficiently pled").

On February 22, 2023—the week after having received ST's request to depose the Prosecuting Attorneys (and without conferring with counsel for ST on the Motion for Leave)[1]—Purdue filed its Motion for Leave. As explained below, the Motion for Leave should be denied for multiple reasons.

## II. ARGUMENT AND AUTHORITIES

Purdue does not dispute that its Motion to Strike is untimely. Purdue's Motion for Leave ignores, however, that the inequitable defense was first included in the Original Answer *over 16 months ago*. Instead, Purdue's Motion proceeds as if the defense was first pled in ST's Answer to the Second Amended Complaint, filed over two months ago, on December 16, 2022. ECF No. 260 at 1 ("ST raised the inequitable conduct defenses in its answer filed on December 16, 2022. Although more than 21 days have passed since ST's answer was filed, Purdue requests that the Court use its discretion to allow the filing of the motion to strike and consider the motion on its merits.") (internal citations omitted). Of course, by any measure—whether 16 months or 2+

---

[1] Indeed, Purdue's Certificate of Conference for the Motion for Leave incorrectly states that the parties conferred about the Motion for Leave. Not so. The parties have conferred about the Motion to Strike, but Purdue never sought to confer about the Motion for Leave.

#190762467_v6

months—the Motion is untimely, and Purdue has failed to meet its burden to justify the grant of leave.

A.     **Purdue has not established—and cannot establish—excusable neglect.**

Because Purdue undisputedly failed to meet its deadline to move to strike any portion of ST's pleadings, it can only obtain leave if it establishes "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The following factors are relevant to determining whether "excusable neglect" exists:

1)     the reason for the delay and whether it was within the control of the movant;

2)     whether the movant has acted in good faith;

3)     the length of the applicant's delay and its impact on the proceeding; and

4)     the possibility of prejudice to the other parties.

*Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012). Each of these factors weigh heavily in favor of denying leave. Perhaps that is why Purdue failed to even address these factors in its motion.

*First*, Purdue offers no reason whatsoever for failing to timely move to strike ST's inequitable conduct defense. All Purdue can say is that: "Purdue timely answered ST's counterclaims [*meaning the time to move to strike has passed, since the Rules require a motion to strike before answering*], but after further review of the case, has concluded that this motion to strike the inequitable conduct defenses is warranted." ECF No. 260 at 4. That failure by Purdue alone warrants denial of the motion. *See, e.g.*, *E.E.O.C. v. Serv. Temps Inc*., 679 F.3d 323, 334 (5th Cir. 2012) (affirming the district court's determination that "[the movant]'s failure to account for its delay was dispositive, outweighing the other three factors for assessing good cause"); *Reynoso v. Ford Motor Co*., No. CV B-03-120, 2005 WL 8168750, at *2 (S.D. Tex. Sept. 26, 2005) ("Without the reasons behind any of these failures by the Plaintiffs, this Court cannot find that Plaintiffs acted with diligence and therefore cannot find good cause for extending the []

5

deadline on this basis."). And, should Purdue come forth with a purported justification on reply or at hearing, the Court should disregard it as waived for not having been included in the original motion.

Moreover, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 527 (5th Cir. 2021). Here, as the timing of its eleventh-hour Motion for Leave makes clear, Purdue's delay in filing its Motion for Leave is nothing more than a tactical maneuver to avoid producing the Prosecuting Attorneys for deposition, or at least delay their production. Accordingly, the first factor weighs heavily in favor of denying leave.

*Second* (and relatedly), Purdue has not acted in good faith. Purdue waited over 16 months to raise its purported concern with the sufficiency of ST's pleadings. And during that time, the parties have engaged in discovery over the very issue that Purdue now claims was insufficiently pled to avoid having to produce the Prosecuting Attorneys for deposition. Simply put, Purdue should not be permitted to engage in this type of litigation gamesmanship, and this factor too weighs heavily in favor of denial of the Motion for Leave.

*Third*, Purdue's delay in filing its motion is significant and stands to impact these proceedings. In this regard, Purdue's Motion for Leave ignores that the inequitable conduct defense was first included in the Original Answer ***over 16 months ago***. Instead, Purdue portrays its delay as "only" the more than 2 months since ST's most recent answers were filed. ECF No. 260 at 1. But, by any measure—whether 16 months or more than 2 months—the delay here is significant. *E.g.*, *Chalmers v. Gavin*, No. 3:02-cv-2534-M, 2003 WL 21250849, at *1 (N.D. Tex. May 27, 2003) (determining that a defendant failed to show good cause or excusable neglect where

6

the answer under Rule 12 was nineteen days late). And again, the explanation for the reason for this delay is lacking. Accordingly, this factor weighs heavily in favor of denying leave.

*Fourth*, the risk of prejudice to ST is significant. As the timing of Purdue's Motion for Leave makes clear, Purdue is attempting to use its motion to delay discovery regarding ST's inequitable conduct defense. But the close of fact discovery on May 22, 2023 is fast approaching. ECF No. 241. Accordingly, the fourth factor weighs significantly against leave.

**B.      Purdue's Motion to Strike is futile.**

The Court should deny the Motion for Leave for the additional reason that the Motion to Strike is futile.[2]

By Purdue's own admission, motions to strike are generally disfavored. ECF No. 260 at 2; *see also Alfaro-Huitron v. WKI Outsourcing Sols., LLC*, No. EP-14-CV-00159-FM, 2014 WL 12573321, at *1 (W.D. Tex. Sept. 29, 2014) ("The exercise of a court's authority to strike pleadings or portions of pleadings, however, is generally disfavored due to the preference for resolving cases on the merits."). And—contrary to Purdue's argument—ST's inequitable conduct defense is not based on threadbare recitals or "general, conclusory allegations." Indeed, it is hard to imagine a more detailed pleading in regards to the "who, what, when, where, and how" of inequitable conduct. *Compare Flypsi, Inc. v. Dialpad, Inc.*, No. 6:21-CV-0642-ADA, 2022 WL 3593132, at *6 (W.D. Tex. Aug. 22, 2022). In thirty-four paragraphs of allegations supporting the defense, ST identifies multiple individuals—James A. Cooper, Asmita Saha, Purdue Research Foundation, Bradford G. Addison, and Glen M. Kellett—and multiple instances of prior art that these individuals failed to disclose. Indeed, Dr. Cooper—both a professor and researcher who has filed

---

[2] It is for this reason that Purdue's passing reference to Rule 12(f)(1) and 12(h)(2) to excuse its untimeliness fails to justify leave. Simply put, ST has sufficiently pleaded inequitable conduct and that issue should be decided on its merits.

and obtained multiple patents in the field of silicon carbide semiconductors, *and* published and/or presented hundreds of journal articles, journal letters and conference presentations in that same field, including many from before the '633 Patent's priority date—disclosed *zero* prior art references to the USPTO during prosecution of the '633 patent. None. And as detailed in ST's affirmative defense, Purdue and Dr. Cooper were aware of several material prior art references that—had they been disclosed—would have prevented the '633 Patent from being issued. There is simply no basis for pretending, after more than 16 months, that the inequitable conduct defense is not live and in this case.

### III.   CONCLUSION

For the foregoing reasons, the Court should deny the Motion for Leave.

| | |
|---|---|
| March 1, 2023 | Respectfully submitted:<br><br>By: */s/ Justin S. Cohen*<br>**Bruce S. Sostek**<br>    SBN 18855700<br>    Bruce.Sostek@hklaw.com<br>**Richard L. Wynne, Jr.**<br>    SBN 24003214<br>    Richard.Wynne@hklaw.com<br>**Justin S. Cohen**<br>    SBN 24078356<br>    Justin.Cohen@hklaw.com<br>**Dina W. McKenney**<br>    SBN 24092809<br>    Dina.McKenney@hklaw.com<br><br>HOLLAND & KNIGHT LLP<br>    One Arts Plaza<br>    1722 Routh St., Suite 1500<br>    Dallas, Texas 75201<br>    214.969.1700<br><br>**Max Ciccarelli**<br>    SBN 00787242<br>    max@ciccarellilawfirm.com<br><br>CICCARELLI LAW FIRM<br>    100 N. 6th Street, Suite 502<br>    Waco, Texas 76701<br>    214.444.8869<br><br>**Thomas N. Tarnay**<br>    SBN 24003032<br>    ttarnay@tarnaylaw.com<br><br>THOMAS TARNAY PLLC<br>    2103 Virginia Place<br>    Plano, Texas 75094<br>    214.395.8212<br><br>**Michael J. Bettinger**<br>     mbettinger@sidley.com<br>**Michel D. Hatcher**<br>     mhatcher@sidley.com<br><br>SIDLEY AUSTIN LLP<br>     555 California Street, Suite 2000<br>     San Francisco, CA 94104<br>     (415) 772-1200<br><br>ATTORNEYS FOR DEFENDANTS |

9

#190762467_v6