# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY, | |
| Plaintiff, | |
| vs. | NO. 6:21–CV–727–ADA |
| STMICROELECTRONICS INTERNATIONAL N.V., ET AL., | JURY TRIAL DEMANDED |
| Defendants. | |

### DEFENDANTS' NOTICE OF RULE 30(B)(6) DEPOSITION OF BARNES & THORNBURG LLP

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants STMicroelectronics International N.V. and STMicroelectronics, Inc. (collectively, "ST") will take the oral deposition of Barnes & Thornburg LLP ("B&T") on the topics listed below on an agreed upon date and time. Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, B&T must designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf regarding the following subjects, and should set out the matters on which each person designated will testify. The person(s) so designated must testify about information known or reasonably available to B&T, as well all B&T Affiliated Parties. The deposition will take place at the offices of Sidley Austin LLP, 2021 McKinney Ave #2000, Dallas, TX 75201 or at a mutually agreed upon location. The deposition will be taken before a Notary Public or some other officer authorized by law to administer oaths for use at trial. The depositions will be stenographically recorded and videotaped and will continue from day to day until completed.

### DEFINITIONS

1

1. "B&T" refers to Barnes & Thornburg LLP, together with its partners, counsel, associates, patent agents and other agents, employees, predecessors, successors, representatives, other attorneys, and assigns.

2. "You" or "Your" refers to B&T.

3. "Purdue" refers to Plaintiff The Trustees of Purdue University, together with its agents, employees, predecessors, successors, representatives, attorneys, and assigns, as well as Purdue University and its agents, employees, predecessors, successors, representatives, attorneys, and assigns.

4. "PRF" refers to the Purdue Research Foundation ("PRF"), together with its agents, employees, predecessors, successors, representatives, attorneys, and assigns.

5. "Defendants" and "ST" refer to Defendants STMicroelectronics, Inc. STMicroelectronics International N.V.

6. "Lawsuit" refers to Purdue's patent infringement action against ST, currently pending as *The Trustees of Purdue University v. STMicroelectronics, International N.V., et al.*, No. 6:21-cv-00727 (W.D. Tex.).

7. "Asserted Patent" or "Patent-in-Suit" refers to the patent asserted in Plaintiff's Complaint for Patent Infringement Against ST and any amended complaint filed in this Lawsuit, including U.S. Patent No. 7,498,633 ("the '633 Patent").

8. "Asserted Claims" refers to the claims 9 and 10 of the Asserted Patent.

9. "Related Patent(s)" means all United States and foreign patents and patent applications (including all published and unpublished, pending, and abandoned applications) relating to any Asserted Patent, including patents or patent applications: (a) from or through which any Asserted Patent directly or indirectly claims priority; (b) that claim priority to any

Asserted Patent; or (c) that are otherwise identified in any Asserted Patent as related to that patent.

10. "Prior Art" means all documents, information, acts, or things that qualify as prior art under any subsection of 35 U.S.C. §§ 102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

11. "Named Inventor(s)" means any inventor or combination of inventors listed on the face of the Asserted Patents, namely Dr. James A. Cooper and Dr. Asmita Saha.

## DEPOSITION TOPICS

1. Your typical practices and procedures followed by Your registered patent attorneys and agents during the preparation and prosecution of provisional and utility patent applications, including for identifying the correct named inventor(s), ensuring the prosecuting attorney(ies) know of and comply with their duties of disclosure for prior art, Section 112 and other patentability requirements (including obtaining known prior art and other information from the named inventor(s)), ensuring named inventors and others substantially involved in prosecution know of and comply with their duties of disclosure for prior art, Section 112 and other patentability requirements, and ensuring the named inventors and others substantially involved in prosecution are aware of and agree with the arguments and amendments submitted in response to office actions.

2. The Asserted Patent.

3. Preparation and prosecution of the provisional and utility applications leading to the Asserted Patent.

4. The assignment history of the Asserted Patent (and/or underlying applications) from the Named Inventors to Purdue, and each assignment in the chain.

5. The conception and reduction to practice of the inventions claimed in the Asserted Patent.

6. Inventorship for the Asserted Claims of the Asserted Patent and underlying applications.

7. Prior art to the Asserted Patent, and Your and/or the Named Inventors' knowledge of it during prosecution.

8. The purported novelty and alleged benefits of the purported inventions claimed in the Asserted Claims of the Asserted Patent, including all studies, data, experiments, or other objective indicia of such purported benefits.

9. Your knowledge of all alleged objective benefits provided by the Asserted Claims of the Asserted Patent over other SiC MOSFETs and other power MOSFETs, including all testing or analysis demonstrating such objective benefits.

10. Any evaluation, consideration, investigation, analysis, or communications by, to, from, or for You related to the Asserted Patent, including but not limited to (a) potential infringement of the Asserted Patent; (b) validity of the Asserted Patent; and (c) valuation of the Asserted Patent.

11. Agreements with Purdue related to this Lawsuit or other litigations.

12. Billing records for the prosecution of the Asserted Patent.

13. The documents on Purdue's privilege log for which one or more person associated with You is identified, and all facts supporting each such claim of privilege.

14. The authenticity and business record status of the documents and things produced by You (through Purdue) in this Lawsuit, for instance those production documents indicated as having You as the custodian.

|  |  |
|---|---|
| February 14, 2023 | Respectfully submitted:<br><br>By: */s/ Michael D. Hatcher*<br>**Bruce S. Sostek**<br>　SBN 18855700<br>　Bruce.Sostek@hklaw.com<br>**Richard L. Wynne, Jr.**<br>　SBN 24003214<br>　Richard.Wynne@hklaw.com<br>**Justin S. Cohen**<br>　SBN 24078356<br>　Justin.Cohen@hklaw.com<br>**Dina W. McKenney**<br>　SBN 24092809<br>　Dina.McKenney@hklaw.com<br><br>HOLLAND & KNIGHT LLP<br>　One Arts Plaza<br>　1722 Routh St., Suite 1500<br>　Dallas, Texas 75201<br>　214.969.1700<br><br>**Max Ciccarelli**<br>　SBN 00787242<br>　max@ciccarellilawfirm.com<br><br>CICCARELLI LAW FIRM<br>　100 N. 6th Street, Suite 502<br>　Waco, Texas 76701<br>　214.444.8869<br><br>**Thomas N. Tarnay**<br>　SBN 24003032<br>　ttarnay@tarnaylaw.com<br><br>THOMAS TARNAY PLLC<br>　2103 Virginia Place<br>　Plano, Texas 75094<br>　214.395.8212<br><br>**Michael J. Bettinger**<br>　mbettinger@sidley.com<br>**Michael D. Hatcher**<br>　mhatcher@sidley.com<br><br>SIDLEY AUSTIN LLP<br>　555 California Street, Suite 2000<br>　San Francisco, CA 94104<br>　(415) 772-1200<br><br>ATTORNEYS FOR DEFENDANTS |

## CERTIFICATE OF SERVICE

I certify that on February 14, 2023, the foregoing document was served via electronic mail on counsel of record for Plaintiff.

*/s/ Michael D. Hatcher*
Michael D. Hatcher

**THIS PAGE INTENTIONALLY LEFT BLANK**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| The Trustees of Purdue University<br><br>    *Plaintiff*,<br><br>v.<br><br>STMicroelectronics International N.V., and STMicroelectronics, Inc.<br><br>    *Defendants*. | No. 6:21–cv–00727–ADA<br>Jury Trial Demanded |

### Defendants' Notice of Rule 30(b)(1) Deposition of Glen M. Kellett

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendants STMicroelectronics International N.V. and STMicroelectronics, Inc. (collectively, "ST") will take the oral deposition of Glen M. Kellett. The deposition will be taken on an agreed upon date and time, at an agreed upon location, and will be recorded remotely by stenographic means, audio, and videotape. The deposition will be conducted in accordance with the Federal Rules of Civil Procedure, this Court's local rules, and all applicable Orders in this case. The deposition will also be conducted before an officer authorized to administer oaths.

Dated: February 14, 2023  Respectfully submitted:

By: */s/ Michael D. Hatcher*
**Bruce S. Sostek**
   SBN 18855700
   Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
   SBN 24003214
   Richard.Wynne@hklaw.com
**Justin S. Cohen**
   SBN 24078356
   Justin.Cohen@hklaw.com
**Dina W. McKenney**
   SBN 24092809
   Dina.McKenney@hklaw.com

HOLLAND & KNIGHT LLP
   One Arts Plaza
   1722 Routh St., Suite 1500
   Dallas, Texas 75201
   214.969.1700

**Max Ciccarelli**
   SBN 00787242
   max@ciccarellilawfirm.com

CICCARELLI LAW FIRM
   100 N. 6th Street, Suite 502
   Waco, Texas 76701
   214.444.8869

**Thomas N. Tarnay**
   SBN 24003032
   ttarnay@tarnaylaw.com

THOMAS TARNAY PLLC
   2103 Virginia Place
   Plano, Texas 75094
   214.395.8212

**Michael J. Bettinger**
   mbettinger@sidley.com
**Michael D. Hatcher**
   mhatcher@sidley.com

SIDLEY AUSTIN LLP
   555 California Street, Suite 2000
   San Francisco, CA 94104
   (415) 772-1200

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

    I certify that on February 14, 2023, the foregoing document was served via electronic mail on counsel of record for Plaintiff.

*/s/ Michael D. Hatcher*
Michael D. Hatcher
