# EXHIBIT F

*The Trustees of Purdue University v. STMicroelectronics International N.V., et al.*
Joint Dispute Chart

---

**ST's Issue:** Plaintiff's Failure to Produce Prosecuting Attorneys for Deposition

| ST's Position: | Trustees of Purdue's Position: |
|---|---|
| ST first pled its detailed inequitable conduct defense in October 2021.  Dkt.21 at 12-26.  And when ST subpoenaed the firm that prosecuted the asserted patent, Barnes & Thornburg (B&T), early in the case, Mr. Shore confirmed he represented the firm and would provide discovery as if B&T were a party.  DEX1, at 34:22-35:2 ("[W]e will stipulate that Purdue University has full and complete control over all documents and material ***and the ability to present for deposition*** every single entity that is subject to the current subpoenas, ***the law firm***, the two professors, …."). | Purdue asks the Court to deny ST's request because the inequitable conduct allegations are likely to be struck as insufficiently pled. *See* Dkt. 260 ("Motion for Leave to File Motion to Strike"). If the depositions are allowed, they should be limited to the inequitable conduct allegations as currently pled because ST's pleading deadlines have passed. ST should not be allowed to ambush prosecution counsel with unpled allegations about which they cannot be prepared to testify. The issue presented goes to the fundamental fairness of the process, one that to date has allowed ST to make extremely serious allegations of fraud against one of the United States' most respected researchers in the field of SiC semiconductor devices; allegations which are currently completely unsupported by *any* evidence or even properly made with allegations of materiality or intent. |
| Plaintiff thereafter produced documents from B&T, and propounded discovery on ST regarding the defense, including interrogatories and 30(b)(6) topics. | |
| Inequitable conduct has thus always been in this case, unchallenged by Plaintiff until now. And ST has diligently sought inequitable conduct discovery, including additional documents from Plaintiff related to the defense, documents the Court recently ordered produced by February 28.  Dkt.258 at 1-2 (ordering production of lab notebooks, and testing/analysis/reverse-engineering, regarding SiC MOSFETs *and other MOSFETs regarding certain characteristics found relevant by patent examiner*).  Plaintiff also recently agreed to produce papers/presentations/etc. regarding the same subject-matter, to resolve another dispute before the Court.  DEX2, at 1. | Contrary to ST's statements, Purdue ***agreed*** to produce the prosecution counsel deponents in May (assuming the inequitable conduct affirmative defense is not struck) before fact discovery closes. Purdue provided a deposition date for primary prosecution counsel and will shortly provide a date in May for the 30(b)(6) deposition of the prosecution counsel law firm. Purdue conferenced with ST's counsel on February 22 and tried to reach an agreement on the scope of the depositions if the inequitable conduct defense is not struck before the agreed upon dates. |
| With documents finally on their way, ST served a 30(b)(1) notice for prosecuting attorney Glen Kellett and 30(b)(6) notice for his firm B&T.  ST did not include specific | There is no justification for taking these two depositions earlier than May. ST's pleadings on inequitable conduct ***do not come close*** to meeting the Rule 9(b) standard as announced |

1

| | |
|---|---|
| dates, and instead sought to engage Plaintiff in the setting of mutually agreed April dates.<br><br>Plaintiff's initial response was to insist the depositions would not occur "until after expert reports on inequitable conduct are provided." DEX3, at 1. Furthermore, Plaintiff suggested it would limit the depositions' scopes to only the prior art addressed in ST's answer. DEX4, at 1.<br><br>Apparently realizing its initial position was untenable, just yesterday Plaintiff announced, and then filed the same day, an untimely motion to strike the defense, and now seeks to leverage that motion to either avoid these depositions altogether or at least delay them and hamper ST's ability to use them by limiting their scope. There is no basis to do either.<br><br>Depositions of prosecution counsel are common, and regularly permitted over challenges, in patent cases in which inequitable conduct is pled. Indeed, they are rarely challenged, unless prosecution counsel is also trial counsel, which is not the case here. Nor is there any reason to delay the depositions until the last week of fact discovery, as Plaintiff suggests. ST's suggestion of dates in early April is more than reasonable.<br><br>As for the scope of the depositions, ST should not be unduly limited. ST should be allowed to explore the full scope of prosecuting attorney Glen Kellett's knowledge related to the prosecution, and the full scope of the 30(b)(6) notice for B&T. It should be allowed to explore, for instance, who else was involved in prosecution, and what art and information they and others involved were aware of. Without that, ST cannot fully develop its well-pled, unchallenged since October 2021, inequitable conduct defense, and test Plaintiff's opposition thereto. | in the Court's recent *Flypsi* decision. *See* Dkt. 260-1; *Flypsi, Inc. v. Dialpad, Inc.*, No. 6:21-CV-0642-ADA, 2022 WL 3593132 (W.D. Tex. Aug. 22, 2022); *compare* Dkt. 225 ¶¶ 81-103; Dkt. 226 ¶¶ 81-103 (ST's allegations of inequitable conduct).<br><br>ST's arguments that Purdue has cooperated in discovery on issues related to Dr. Cooper's SiC MOSFET research are a red herring. The discovery referenced in ST's chart argument would have been provided by Purdue had no inequitable conduct allegations been made. It relates to ST's invalidity allegations. The Motion to Strike was not filed to "create leverage." The prosecution counsel's depositions ***are not opposed***. The only question as to prosecution counsel depositions is their timing. With grossly inadequate allegations of inequitable conduct, discovery on the topic before the Motion to Strike is decided is a fishing expedition without bait.<br><br>Purdue's proposed limit for depositions on the inequitable conduct allegations as they exist in the pleadings is not "arbitrary." It is set by ST's pleadings. Depositions of a party's lawyers should be limited to the issues properly pled. *See, e.g.*, *LG Philips LCD Co. v. Tatung Co.*, No.CIV.A.04-343-JJF, 2007 WL 2908177, at *1 (D. Del. Oct. 1, 2007) (allowing a "narrowly tailored" deposition because it was "necessary to address an apparent discrepancy between representations made by [the plaintiff] in the course of prosecution"); *Vita-Mix Corp. v. Basic Holdings, Inc.*, No. 1:06 CV 2622, 2007 WL 2344750, at *1–3 (N.D. Ohio Aug. 15, 2007). |

*The Trustees of Purdue University v. STMicroelectronics International N.V., et al.*
**Joint Dispute Chart**

| | |
|---|---|
| | |
| **ST's Requested Relief**: <br><br> Order Plaintiff to provide a date or dates in April for a 30(b)(1) deposition of prosecuting attorney Glen Kellett and 30(b)(6) deposition of his law firm Barnes & Thornburg, without any limits beyond Mr. Kellett's knowledge and the 30(b)(6) topics, respectively. | **Trustees of Purdue's Requested Relief**: <br><br> Purdue asks the Court to (1) allow Purdue sufficient time to present the deponents by requiring their appearance after the Motion to Strike is ruled upon, or before May 22, 2023; and (2) if the Motion to Strike has not been decided by the deposition date or has been denied, limit the scope of the depositions of Purdue's lawyers to the inequitable conduct allegations as pled by ST, specifically to the 6 cited references in ST's affirmative defense. |