**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>        Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS<br>INTERNATIONAL N.V.<br>AND STMICROELECTRONICS, INC.<br><br>        Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE MOTION TO STRIKE DEFENDANTS' INEQUITABLE CONDUCT DEFENSES

Defendants, STMicroelectronics International N.V. and STMicroelectronics, Inc., (collectively "ST"), argue the Motion for Leave (Dkt. 260) should be denied because ST has spent months in discovery on inequitable conduct. That is precisely the reason the Motion for Leave should be *granted*. ST enjoyed plenty of time to develop sufficient allegations to meet the heightened pleading standard for inequitable conduct defenses *before* ST filed its Amended Answers to Purdue's Second Amended Complaint. *See* Dkts. 224 and 225 filed on December 16, 2022 (collectively "ST Amended Answers"). Purdue's deadline to file a motion to strike or dismiss the inequitable conduct defenses in the ST Amended Answers was twenty-one (21) days from their filing, or January 6, 2023, not months ago as ST alleges. Rule 12(f).[1] The Motion for Leave seeks only a 47-day extension. The Court should exercise its discretion to grant Purdue's Motion for Leave and decide the Motion to Strike based on the current, and woefully deficient, allegations in the ST Amended Answers.

---

[1] Unless otherwise indicated, any reference to a "Rule" is to a Federal Rule of Civil Procedure.

## I.      ARGUMENT

### A.      There is good cause to decide the Motion to Strike now.

The Court can strike an affirmative defense at trial. Therefore, no prejudice to ST arises if the Court decides the Motion to Strike now. *See, e.g.*, *GE Cap. Com., Inc. v. Worthington Nat. Bank*, No. 3:09-CV-572-L, 2011 WL 5025153, at \*2 (N.D. Tex. Oct. 20, 2011) ("While a party is limited to 21 days in moving to strike, such limitation does not apply to the court, as it may act sua sponte at any time in striking the defense."). As Wright and Miller explain:

> In the case of a challenge to the sufficiency of a defense, **whether it is advanced in a timely or untimely pre-answer motion under Rule 12(f) . . . probably is of little practical importance**. This is because Rule 12(h)(2) permits a "failure to state a legal defense" to be asserted "by a motion under Rule 12(c)" or "at trial," which provides a method for attacking an opposing party's pleading even if the time for moving to strike under Rule 12(f) has expired.

5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2022).

Addressing the inequitable conduct defense now will enable Purdue to avoid responding to unnecessary and harassing discovery and the expense of an inequitable conduct expert. This is not a situation in which Purdue seeks leave to add claims to the case which may expand the scope of discovery and cause delay. ST argues that the Court should forfeit its discretion to consider motions to strike inadequately pleaded defenses, and instead require the parties to engage in burdensome discovery, only to then address the same motion at trial. The Rules do not require such a pointless endeavor. Rather, the Rules favor the narrowing of issues at the earliest possible time. *See, e.g.*, *Adjustacam, LLC v. Amazon. Com, Inc.*, No. 6:10-CV-329, 2011 WL 13096536, at \*1 (E.D. Tex. Apr. 27, 2011) ("the Court strongly encourages the parties to meaningfully meet and confer to potentially resolve or narrow these issues before expending significant resources and incurring unnecessary litigation costs"); *Zytax, Inc. v. Green Plains Renewable Energy, Inc.*, No.

H-09-2582, 2010 WL 2219179, at *5 (S.D. Tex. May 28, 2010) ("A Rule 12(f) motion serves to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'").

Beyond the lack of prejudice, Purdue addressed the remaining "excusable neglect" factors,[2] by explaining with candor that the 47-day delay in filing the Motion to Strike was not the result of an oversight in complying with the Court's deadlines—Purdue showed that it was complying with the Court's Scheduling Order by timely answering ST's counterclaims and affirmative defenses. Rather, Purdue's delay was simply because Purdue waited to fully analyze the lack of evidence of inequitable misconduct beyond the facts pleaded. There is no evidence of bad faith on Purdue's part and no indication that the "delayed response had any impact on the proceeding." *See Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012). The fact that Purdue had control over the delay is insufficient to deny Purdue's Motion for Leave. *See id.*

Unlike the cases relied on by ST, this is not a situation in which Purdue is seeking to amend its pleadings or engage in additional discovery which will cause further delay. *Cf. E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (good cause was not present for defendant to amend answer because defendant had "dragged its feet on discovery and now cannot explain why"); *Reynoso v. Ford Motor Co.*, No. CV B-03-120, 2005 WL 8168750, at *2 (S.D. Tex. Sept. 26, 2005) (good cause was not present because plaintiff moved for leave to take depositions five days before docket call and did not provide a reason for the delay); *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021) (defendant was aware of the deficiency in its answer but

---

[2] *See* Dkt. 260 at 3–4. The factors relevant to the determination of "excusable neglect" are (1) "the possibility of prejudice to the other parties," (2) "the length of the applicant's delay and its impact on the proceeding," (3) "the reason for the delay and whether it was within the control of the movant," and (4) "whether the movant has acted in good faith." *Salts*, 676 F.3d at 474 (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2012)).

failed to concede the error and amend its answer until nearly a year after the error was recognized by the district court). Purdue is seeking to streamline the issues in this case. And Purdue has diligently pursued discovery and opposed ST's most recent request for a continuance, which was ultimately granted. Dkt. 241. There is good cause for the Court to consider the Motion to Strike now.

> **B.** **ST's failure to adequately plead the inequitable conduct defense after 16 months demonstrates the weakness of their defense and the necessity of granting the motion for leave.**

ST focuses on the fact that the parties have engaged in inequitable conduct discovery for months. But ST's point only bolsters Purdue's reason for filing the Motion to Strike—ST had plenty of time to amend its complaint and meet the heightened Rule 9(b) pleading standard if it had been able to develop an inequitable conduct case through discovery. Discovery now closes in less than three months. ST has utterly and completely failed to develop any credible evidence to support its threadbare, conclusory allegations of inequitable conduct. The fact that ST amended its answer on December 16, 2022 to add five examples of prior art but did not include specific allegations about the relevant claim limitations, the ways in which the prior art allegedly practiced the claim limitations, how the references pass the but-for materiality test, or any allegations showing a specific intent to deceive,[3] further supports that ST cannot point to ***any*** facts sufficient to plead inequitable conduct sufficiently to meet this Court's precedents. If ST had the evidence, it would have included it in its latest amended complaint filed ***after*** this Court's decision in *Flypsi, Inc. v. Dialpad, Inc.*, No. 6:21-CV-0642-ADA, 2022 WL 3593132 (W.D. Tex. Aug. 22, 2022).

---

[3] None of these facts are addressed by ST's response, and thereby conceding the deficiencies in ST's pleading. *See* Dkt. 265 at 7–8.

**C.      ST's theory that the motion to strike was filed to avoid the depositions of prosecution counsel is without merit.**

ST's theory that the motion to strike was a "tactical maneuver" to avoid presenting the prosecution witnesses for depositions is undermined by the fact that Purdue only objected to the timing of the prosecution counsel's depositions, not the occurrence of them categorically. It is unclear what ST thinks Purdue was hoping to accomplish with this "maneuver" when Purdue was always going to present the witnesses. Regardless, the Court agreed with Purdue's position that there was no need to prioritize these witnesses before other fact witnesses and ordered the depositions to occur no less than one week before the close of fact discovery. Dkt. 271. ST's theory—based on rank speculation—is now moot and does not provide a basis for denying Plaintiff's Motion for Leave.

## II.      CONCLUSION

The Court should grant Purdue's Motion for Leave to File the Motion to Strike. The factually and legally baseless attacks on the integrity of Purdue, Dr. Cooper, and patent prosecution counsel should end now as required by *Flypsi* and Rule 11.

Dated: March 8, 2023

Respectfully submitted,

/s/ *Michael W. Shore*
Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halma Shukri Ndai (SBN 24105486)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com


Brian D. Melton (SBN 24010620)
John P. Lahad (SBN 24068095)
Abbey McNaughton (SBN 24116751)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
amcnaughton@susmangodfrey.com

*COUNSEL FOR PLAINTIFF*
*THE TRUSTEES OF PURDUE UNIVERSITY*


## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system on March 8, 2023.

/s/ *Michael W. Shore*
Michael W. Shore

6