IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>        Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS N.V. and<br>STMICROELECTRONICS, INC.,<br><br>        Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMAND |

**PLAINTIFF'S RESPONSE TO MOTION TO STRIKE INVENTION DATE
DISCLOSURE AND PRECLUDE RELIANCE THEREON**

In December 2022, Defendants STMicroelectronics, Inc., and STMicroelectronics International N.V., (collectively, "ST") asked the Court to compel Plaintiff, The Trustees of Purdue University ("Purdue"), to provide an amended invention date disclosure. Purdue eventually agreed to do so and supplemented its invention conception date once in January 2023, and again at ST's request in February 2023—before Purdue's supplement to its final infringement contentions was due and nearly two months before ST's final invalidity contentions were due. ST is unhappy that Purdue provided an earlier invention date so ST asks the Court to strike the amended disclosure they themselves sought.

ST cannot strike an amended invention date disclosure because the date benefits Purdue. Purdue provided the supplemental invention date with months remaining in discovery. ST waited *six weeks* to raise the issue, and then improperly sought relief through this Court's dispute chart process. ST was not prejudiced by the timing of Purdue's amendment.

There is no basis in the record or the law to strike Purdue's invention date. ST's Motion to Strike—which amounts effectively to a motion for summary judgment on the issue of invention date—should be denied.

**BACKGROUND**

In December 2022, ST sought an order from this Court requiring Purdue to produce a signed and dated copy of Dr. Asmita Saha's thesis proposal or confirm that Purdue has been unable to locate a copy of the thesis after a reasonable search. Ex. A. ST sought the Saha thesis proposal because the Saha thesis was one of the documents that Purdue had relied upon in support of its invention date. Ex. A. ST also requested that Purdue provide an updated invention date disclosure for Claim 10. Ex. A. The parties agreed that by January 20, 2023, Purdue would provide a supplemental invention date disclosure for Claim 10 and either produce the signed and dated copy of Dr. Saha's thesis proposal or confirm that it had searched for and been unable to locate the Saha thesis proposal. Dkt. 248 at 1-2. Purdue provided this supplement on January 20, 2023, and explained that it had been unable to locate any additional documents supporting its invention disclosure. ST insisted that the supplement was inadequate.

ST submitted another dispute chart requesting that Purdue provide "documentary support for the full scope (all claim elements) of claims 9 and 10 of the '633 patent as of the earliest date or dates for which Plaintiff actually has support." Def. Ex. 14 at 1. One of ST's reasons for requesting the supplemental invention date disclosure, as explained in its dispute chart, was that "the purported version of Dr. Saha's thesis proposal is not signed or dated, and Dr. Saha was unable to verify that the document was her thesis proposal." Def. Ex. 14 at 1. ST returned to this Court for relief, and Purdue agreed to provide a second amended invention disclosure. Def. Ex. 5 at 1. Purdue provided its second amended invention disclosure on February 18, 2023, which cited to

2

documents that were found in the course of searching for signed versions of the Saha thesis proposal, as requested by ST. Def. Ex. 9.

Six weeks later, on March 31, 2023, ST demanded, without any reason, that Purdue withdraw its amended invention disclosure. Def. Ex. 9. Purdue asked for the basis of this request, and ST took the position—for the first time—that Purdue was precluded from asserting an earlier invention date. Def. Ex. 9. Purdue declined to withdraw the disclosure, noting that it had provided the amended disclosures at ST's repeated requests and long before the close of discovery. Def. Ex. 9.

ST first inappropriately sought to compel Purdue to withdraw its disclosure through the discovery dispute chart process. Ex. B. Now ST seeks to strike Purdue's amended invention date disclosure because "ST fully expected [the invention date] update to finally provide a later (not earlier) date." Mot. at 10. The results of the investigation ST demanded are the results.

## ARGUMENT

**A. ST cannot rescind its demand for an updated invention date because it does not like the result of its request.**

When ST moved to compel Purdue to amend its invention date, ST did not argue that Purdue's amended disclosure needed to reflect a later date. Nor could ST have argued this because ST clearly sought the amended invention disclosure with the purpose of requiring Purdue to locate the Saha thesis proposal and update the invention disclosure to reflect the date on the proposal. ST did not limit its request to documents dated after the previously disclosed invention date of April 26, 2004. To date, Purdue has been unable to locate a signed copy of Dr. Saha's thesis proposal, but in the course of searching for that document, Purdue discovered that the metadata in the draft versions of Dr. Saha's thesis proposal in Purdue's custody reflected a "last access" date of February 26, 2004. Purdue supplemented its invention disclosure to reflect this updated

3

information about the Saha thesis and provided the supporting documents. Def. Ex. 9. ST did not take the position that Purdue's search for the Saha thesis or related documents was limited to a particular time period. ST's position was that Purdue's invention disclosure should reflect the date of the Saha thesis or proposal. Purdue investigated the invention date as requested by ST and found support for an earlier date. ST cannot complain that it does not like the result of the search it repeatedly requested.

ST's argument that "Plaintiff waited until *after* ST independently discovered the Lu thesis before attempting to change its invention date and rely on new documents in support," is simply a misrepresentation of the record in this case. ST's position in the dispute charts submitted to this Court clearly show that Purdue supplemented its invention date after repeated requests from ST to search for a signed and dated copy of the Saha thesis proposal and include supporting documents for that proposal in its invention disclosure. *See* Ex. A, Def. Ex. 14.

ST relies on cases interpreting the local rules in California district courts in which the plaintiff did not amend its patent disclosures as required by the local rules, but instead tried to rely on a conception date that was only disclosed in an interrogatory response. *See Neev v. Alcon Lab'ys, Inc.*, No. SACV1500336JVSJCGX, 2017 WL 11629333, at *5 (C.D. Cal. May 16, 2017) ("To the extent that Lawrence Livermore altered its conception date and evidence based on discovery, it had to amend it Rule 3 disclosures to include those changes."); *OpenTV, Inc. v. Apple Inc.*, No. 5:15-cv-02008-EJD (N.D. Cal. June 9, 2016) (Def. Ex. 10) (plaintiff identified earlier conception date only in interrogatory response). Those cases are inapplicable in the context of a motion to amend infringement contentions, and certainly do not apply in the context of amended invention disclosure that was provided only because of the defendant's repeated effort to compel such amendment. The cases relied on by ST even acknowledge that the context of amending

infringement contentions is distinct from the issue of relying on a conception date that was disclosed only in an interrogatory response. See *Neev*, 2017 WL 11629333, at *5 ("But *EMG* concerned a motion to amend infringement contentions; it did not address a party seeking to rely on a conception documents that were only disclosed in its interrogatories.").

*EMG Tech., LLC v. Chrysler Grp., LLC*, in the Eastern District of Texas demonstrates that courts permit amendment of infringement contentions when the plaintiff has documentation supporting an earlier invention date. No. 6:12-CV-259, 2013 WL 12147662 (E.D. Tex. July 3, 2013). As with the standing order in the Western District, the local rules in the Eastern District of Texas require the plaintiff to provide both a priority date and all documents evidencing conception as part of the initial disclosures. In *EMG*, the plaintiff moved to amend its infringement contentions to reflect an earlier date that was disclosed in the plaintiff's production of documents that were provided with its infringement contentions. *Id.* at *1. Five months after serving the infringement contentions, the plaintiff moved to amend its contentions to change the priority date. *Id.* The court permitted the amendment and concluded that the plaintiff had sufficiently complied with the local rules which only required the plaintiff to list the date related to claiming priority to "an earlier application." *Id.* at *2. The court explained that a plaintiff may produce evidence of conception with its infringement contentions that predate the priority date. *Id.* In other words, it was of no issue that the plaintiff wanted to rely on a conception date that was earlier than the priority date in its infringement contentions. Accordingly, the court concluded that the plaintiff had complied with the local rules but that "out of an abundance of caution, the Court will allow Plaintiff to amend its infringement contentions to reflect the date of its alleged conception and reduction to practice." *Id.*

This Court's Standing Order Governing Proceedings explicitly contemplates amended infringement contentions: The plaintiff provides its final infringement contentions eight weeks after the *Markman* hearing and can amend the contentions after that date with leave of court. OGP 4.2. *See also U.S. Well Servs., Inc. v. Halliburton Co.*, No. 6:21-CV-367-ADA, 2022 WL 4004780, at *2 (W.D. Tex. Sept. 1, 2022)) (plaintiff identified earlier priority date for the first time in final infringement contentions). As the Eastern District recognized in *EMG*, a defendant's disagreement with the merits of the plaintiff's earlier conception date does not provide a basis to deny the plaintiff from asserting the earlier date. Rather, the Eastern District explained, "It will be Plaintiff's responsibility to demonstrate at a later date that it is actually entitled to rely upon this earlier date to avoid prior art." *EMG*, 2013 WL 12147662, at *2. The same reasoning applies here. ST's disagreement with the content of Purdue's evidence of conception does not provide a reason to deny Purdue from asserting an earlier date based on that evidence (especially when ST insisted on an amended disclosure).

### B. Even if ST had not requested the amendment, Purdue's amended disclosure is warranted.

Purdue does not carry the burden of proving that amendment of its invention date disclosure was warranted because Purdue's amendment was the result of ST's repeated efforts to compel that disclosure. Regardless, Purdue meets the burden for amending its contentions here. When the plaintiff is seeking leave to amend its contentions, the Court considers:

> (1) explanation for failure to meet the deadline;
> (2) importance of the thing that would be excluded;
> (3) potential prejudice in allowing the thing that would be excluded; and
> (4) availability of a continuance to cure such prejudice.

*U.S. Well Servs., Inc.*, 2022 WL 4004780, at *2 (quoting *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama*, NA, 315 F.3d 533, 535–36 (5th Cir. 2003)).

As Purdue has already explained, ST is responsible for the timing of the amended disclosure and ST has repeatedly asserted the importance of the disclosure reflecting the date of the Saha thesis. Accordingly, ST's own conduct shows that factors one and two favor amendment.

As for factors three and four, ST incurs no prejudice from this amendment so a continuance is unnecessary. Purdue provided its supplemental disclosure on February 18, 2023, with more than three months remaining in fact discovery. ST first raised its objection to Purdue's disclosure on March 31, 2023—six weeks after Purdue made the disclosure. Notably, ST's final invalidity contentions were not due until April 14, 2023. ST could have raised this issue the day that Purdue served the supplemental invention disclosure and ST still would not have been prejudiced given the time remaining in fact discovery. But ST certainly cannot wait six weeks and then complain that it is prejudiced from Purdue's amendment. ST's lack of prejudice in this case is even more obvious given that Purdue provided its supplemental invention disclosure *before* it served its supplemental final infringement contentions on February 28, 2023—and again, almost two months before ST's invalidity contentions were due.

In contrast, in *Thought v. Oracle*, the plaintiff provided an earlier invention date with supporting documentation two months after the defendant submitted its third supplemental invalidity contentions. *Thought, Inc. v. Oracle Corp.*, No. 12-CV-05601-WHO, 2015 WL 5834064, at *2 (N.D. Cal. Oct. 7, 2015). In *Thought*, the court noted that "many of Oracle's theories of invalidity rely on prior art, which is heavily affected by the conception date." *Id.* at *5. Those concerns are not at issue in this case because Purdue's supplementation was provided months before ST's invalidity contentions were due.

Similarly, in *Richtek Technology Corp. v. uPI Semiconductor Corp.*, No. C09-05659 WHA, 2016 WL 4269095, at *2 (N.D. Cal. Aug. 15, 2016), the plaintiff sought leave to amend its

7

infringement contentions to reflect an earlier priority date because of a prior art reference in the defendant's invalidity contentions. The court reasoned that "[t]he patent local rules contemplate a specific sequence of disclosures—the patent owner must produce or make available all documents evidencing a conception date prior to the date of the application for the patent, and the accused infringer *then* discloses its invalidity theories." *Id. See also* Def. Ex. 11 at 32 (*Eagle View Tech., Inc. v. Xactware Solutions, Inc.*, No. 1:15-7025 (RBK/JS) (D.N.J. Nov. 29, 2017)) (plaintiff sought amendment in response to a prior art reference). That process is not disturbed here.

The same was true in *Elbit*, where nine days before the close of discovery, the plaintiff disclosed an earlier priority date in response to the defendant's disclosure of another prior art system. *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 215CV00037RWSRSP, 2017 WL 2651618, at *10 (E.D. Tex. June 20, 2017), *report and recommendation adopted*, No. 2:15-CV-00037-RWS, 2017 WL 4693971 (E.D. Tex. July 31, 2017). In *Elbit*, it was "undisputed" that the plaintiff possessed the relevant information for at least four months before it updated the invention date, which was nine days before fact discovery closed. *Id.* The court explained that "the question is whether Elbit's untimely disclosure is harmless." *Id.* The defendant had already developed its invalidity positions, and any continuance would have delayed trial which was, at the time of the court's opinion, one month away. *See id.*

Purdue's amendment at ST's request, two months before ST's final invalidity contentions were due, did not cause any delay to this case or hinder ST's ability to develop its invalidity positions. There is no basis to deny amendment.

C.  **ST's Request is a Motion for Summary Judgment**

ST's request amounts to an improper and premature motion for summary judgment on the issue of invention date. As reflected above, ST appears to dispute that date, but ST is not entitled

to a judicial determination of invention date given that it requested the amendment and that Purdue has provided concrete evidence to support a February 2004 conception date. The Court should decline to entertain this Motion and should deny it for that reason alone.

## CONCLUSION

ST asked Purdue to update its invention date disclosure twice based on the date reflected in the Saha thesis documents. Purdue did so. Now ST regrets its request because evidence of an earlier date was located. ST cannot adamantly demand an amendment and then retract that demand because the amendment did not benefit ST. Purdue respectfully requests that the Court deny ST's Motion to Strike Purdue's invention date disclosure.

Dated: May 11, 2023                                  Respectfully submitted,

/s/ *John P. Lahad*
Brian D. Melton (SBN 24010620)
John P. Lahad (SBN 24068095)
Abbey McNaughton (SBN 24116751)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
amcnaughton@susmangodfrey.com

Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halma Shukri Ndai (SBN 24105486)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

*COUNSEL FOR PLAINTIFF*
*THE TRUSTEES OF PURDUE*
*UNIVERSITY*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system on May 11, 2023.

/s/ *John P. Lahad*
John P. Lahad