# EXHIBIT A

*The Trustees of Purdue University v. STMicroelectronics International N.V., et al.*
**Joint Dispute Chart**

**Issue 1: Plaintiff's Failure to Provide a Supplemental Disclosure of Invention Dates and Support for Newly Added Claim 10**

| ST's Position: | Trustees of Purdue's Position: |
|---|---|
| On December 2, 2022, the Court granted Plaintiff leave to file an amended complaint adding claim 10 of the '633 patent as an asserted claim. ST thereafter asked Plaintiff to provide a supplemental disclosure of Plaintiff's claimed earliest date of invention for claim 10, which is required by the Court's OGP, including by identifying all documents that Plaintiff contends support its earlier invention date. Plaintiff has refused. | Plaintiff did not refuse. The Plaintiff is a public university, closed for Christmas break. The Plaintiff will begin investigating whether there are additional documents or if the documents provided for Claim 9 are the same for Claim 10. The only difference between Claim 9 and Claim 10 is one element. After an adequate investigation, which is ongoing, Plaintiff will timely supplement per the FRCP. |
| **ST's Requested Relief**: | **Trustees of Purdue's Requested Relief**: |
| Order Plaintiff to, within seven (7) days, provide a supplemental disclosure of Plaintiff's claimed earliest date of invention for claim 10 consistent with the Court's OGP, including by identifying all documents that Plaintiff contends support its earlier invention date. | Deny the harassing demand over a holiday and ask ST's new counsel to calm down and try to work in a more cordial way. The 7-day expedited request to produce information almost two decades old that is most likely cumulative of information already provided is unnecessary and demonstrates this is a request more intended to harass than to obtain any information needed on an expedited basis. |

**Issue 2: Either Produce a Signed and Dated Copy of Dr. Saha's Thesis Proposal, or Confirm Plaintiff Does Not Have One**

| ST's Position: | Trustees of Purdue's Position: |
|---|---|
| For originally asserted claim 9 of the '633 patent, Plaintiff asserts that the earliest date of invention is April 26, 2004, based on documents produced at PU0000001 to PU0000087. One of the documents in that range (PU0000001 - PU0000039) is purported to be a thesis proposal by named inventor Dr. Saha. However, Dr. Saha confirmed at her deposition that the copy of her purported thesis proposal produced at PU0000001 - PU0000039 is not her thesis proposal because it is not signed or dated. ST thus asked Plaintiff to either produce a signed | Plaintiff did not refuse. The Plaintiff is a public university, closed for Christmas break. The Plaintiff will begin investigating whether there are additional documents in the Purdue library or Department of Electrical Engineering from over 18 years ago that would be responsive. The library and university are closed. When they reopen, Purdue will make the appropriate inquiries and ask that the people drop everything else they may be doing to see if a signed copy of a document already produced can be located. If |

1

*The Trustees of Purdue University v. STMicroelectronics International N.V., et al.*
**Joint Dispute Chart**

| | |
|---|---|
| and dated copy of Dr. Saha's thesis proposal or confirm Plaintiff does not have one. Plaintiff refused to do either. | one can be located, Purdue will supplement per the FRCP. If not, it will not. |
| **ST's Requested Relief**:<br><br>Order Plaintiff[1] to, within seven (7) days, either produce a signed and dated copy of Dr. Saha's thesis proposal or confirm Plaintiff has conducted a reasonable search of itself and the other entities/people it has represented it has control of for purposes of collecting and producing documents and does not have one. | **Trustees of Purdue's Requested Relief**:<br><br>Deny the harassing demand over a holiday and ask ST's new counsel to calm down and try to work in a more cordial way. The 7-day expedited request is unnecessary and admittedly seeks cumulative information in a different (signed) form. The lack of any need for expediency and the refusal to wait to deal with this until after the holidays demonstrates this is a request more intended to harass than to obtain any information needed on an expedited basis. |

---

[1] Plaintiff has represented it has control of various entities/people for purposes of collecting and producing documents, including at least Purdue University, Purdue Research Foundation, the named inventors, and prosecution counsel. Thus, the requested relief should be read as including search of and production from those entities/people, as well as Plaintiff Trustees of Purdue.