# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,**<br><br>   Plaintiff,<br><br>vs.<br><br>**STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,**<br><br>   Defendants. | Civil Action No. 6:21-CV-00727-ADA-DTG<br><br>**JURY TRIAL DEMAND** |

**ST'S REPLY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S UNTIMELY
<u>INVENTION DATE DISCLOSURE AND PRECLUDE RELIANCE THEREON</u>**

## **TABLE OF CONTENTS**

**Page**

I. Plaintiff's Primary Argument Fails to Justify Plaintiff's Behavior ...................................1
II. Plaintiff Failed to Address or Distinguish All of ST's Cases, and Plaintiff's Lone Case Actually Supports Striking the Disclosure..........................................................................2
III. Plaintiff's Attempt to Establish "Good Cause" Fails.........................................................3
IV. ST's Motion Is Not a Summary Judgment Motion............................................................5

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
  No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618 (E.D. Tex. June 20, 2017) ..................2, 4

*EMG Tech., LLC v. Chrysler Grp., LLC*,
  No. 6:12-CV-259, 2013 WL 12147662 (E.D. Tex. July 3, 2013) .........................................3, 4

*Femto-Sec Tech, Inc. v. Alcon LenSx, Inc.*,
  No. 8:15-00624 JVS (C.D. Cal. May 16, 2017) ......................................................................2

*Freshub, Inc. v. Amazon.com Inc.*,
  No. A-19-CV-00885-ADA, 2021 WL 8202605 (Feb. 10, 2021) .............................................5

*OpenTV, Inc. v. Apple Inc.*,
  No. 5:15-cv-02008-EJD (N.D. Cal. June 9, 2016).....................................................................2

Plaintiff's opposition to ST's Motion to Strike Plaintiff's belated supplemental invention date disclosure provides no justifications for departing from the extensive case law striking similar belated disclosures attempting to claim earlier dates than previously asserted based on newly disclosed documents.

I.   **Plaintiff's Primary Argument Fails to Justify Plaintiff's Behavior**

Plaintiff's primary argument in opposition to ST's Motion to Strike Plaintiff's supplemental invention date disclosure, 15 months after Plaintiff originally identified April 26, 2004 as the date, is that ST allegedly asked for and agreed to it.  Opp'n at 1, 3–6.  But, as explained in ST's Motion, that argument is factually and legally flawed.  Mot. at 9–11.  The original Invention Disclosure document, which was filed with the Patent Office as part of the provisional application to which the '633 patent claims priority, identified two dates – April 26, 2004, based on dated notebook pages from named inventor Dr. Cooper's notebook; and July 17, 2004, based on the date of named inventor Dr. Saha's Ph.D. thesis proposal.  Critically, *before* ST agreed that Plaintiff could provide an updated invention disclosure, Plaintiff represented to the Court and ST that "Purdue has conducted a reasonably diligent search and has not found any additional documents" supporting its invention date.  Mot. at 9–11 (quoting Ex. 14).  Given that the record evidence did not support an April 26, 2004 invention date for the asserted claims and Plaintiff's representation it had no more documents, Plaintiff should have been left to identify July 17, 2014 – the date of named inventor Dr. Saha's Ph.D. thesis proposal – as the invention date.  But, instead, Plaintiff identified an entirely new date of February 26, 2004, based on new documents that had not been previously disclosed.  In doing so, Plaintiff directly contradicted its earlier representation to the Court and ST that, after conducting a reasonably diligent search, it had not found any additional documents supporting the invention date.  Plaintiff's opposition fails to address these critical facts, which undermine any argument that ST "agreed" Plaintiff

1

could rely on newly identified documents when it improperly changed its invention date disclosure.

## II. Plaintiff Failed to Address or Distinguish All of ST's Cases, and Plaintiff's Lone Case Actually Supports Striking the Disclosure

ST's Motion cited and discussed four cases, from four different districts, that all support striking Plaintiff's belated supplemental invention date disclosure: *OpenTV, Inc. v. Apple Inc.*; *Eagle View Tech., Inc. v. Xactware Solutions, Inc.*; *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys.*; and *Femto-Sec Tech, Inc. v. Alcon LenSx, Inc.* Those cases are from, respectively, the Northern District of California, the District of New Jersey, the Eastern District of Texas, and the Central District of California. Plaintiff's opposition ignores the New Jersey and Texas cases and instead only attempts to distinguish what it calls "[the] California district courts." Opp'n at 4. Per Plaintiff, *OpenTV* and *Femto-Sec* are purportedly distinguishable because the patentee in those cases only disclosed its early invention date in an interrogatory response. *Id.* That, however, is incorrect. In *OpenTV* the patentee opposed the relief requested in part by asserting it should be able to demonstrate "good cause" for amending its disclosure, an argument the Court rejected. *OpenTV, Inc. v. Apple Inc.*, No. 5:15-cv-02008-EJD (N.D. Cal. June 9, 2016), ECF No. 107 at 3 (Ex. 10 to Motion) ("OpenTV argues that it is prejudiced because it cannot demonstrate good cause, since the argument is hypothetical, not concrete."). And in *Femto-Sec* that court had already explicitly denied the patentee's request to amend its disclosures. *Femto-Sec Tech, Inc. v. Alcon LenSx, Inc.*, No. 8:15-00624 JVS (JCGx) (C.D. Cal. May 16, 2017), Civil Minutes at 3 (Ex. 13 to Motion). It was not the form (interrogatory response vs. supplemental local rules disclosure) that drove the decisions in those cases; rather, it was the fact the patentee was belatedly asserting an earlier invention date based on documents not timely identified in the original disclosures. So too here.

2

Rather than distinguish all of ST's cases, Plaintiff argues that a different case supports its position, *EMG Tech., LLC v. Chrysler Grp., LLC*, No. 6:12-CV-259, 2013 WL 12147662 (E.D. Tex. July 3, 2013). But *EMG* does not help Plaintiff. The patentee in EMG *had included* all the documents regarding conception and reduction to practice in its original invention date disclosure under the applicable local rules. *Id.* at *2. The issue was that the local rule required identification of the "priority date" for the patent, which the patentee argued was the application filing date, not any earlier conception date. The court agreed with that argument. *Id.* The patentee did not ask to, and the court did not allow the patentee to, supplement to disclose new supporting documents, as Plaintiff seeks to do here. *Id.* And the court allowed the supplement to add the earlier conception date because the rule at issue only required the priority date be disclosed, which the patentee had done in its original disclosure. *Id.* Moreover, in that same opinion, the court denied the patentee leave to amend its infringement contentions to add information that was publicly available to it at the time the contentions were originally served. The court found that the patentee could not establish "good cause" given the information was available to it at the time the original contentions were served. The same is true here. The documents Plaintiff added in its supplemental invention date disclosure are all documents it had when it provided its original invention date disclosure. Thus, *EMG* actually further supports granting ST's Motion.

### III. Plaintiff's Attempt to Establish "Good Cause" Fails

Plaintiff's alternative attempt to establish "good cause" for supplementing its invention date disclosure should be rejected. Plaintiff admits that establishing "good cause" requires consideration of "(1) explanation for failure to meet the deadline; (2) importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) availability of a continuance to cure such prejudice." Opp'n at 6 (citing *U.S. Well Servs., Inc. v.*

3

*Halliburton Co.*, No. 6:21-CV-367-ADA, 2022 WL 4004780 (W.D. Tex. Sept. 1, 2022)).  But Plaintiff fails to meaningfully address the first two key factors.  For instance, it offers no explanation for its failure to meet the original deadline, 15 months ago, for disclosing its asserted invention date and supporting documents.  Instead, all Plaintiff can offer on these two factors is the following:

> As Purdue has already explained, ST is responsible for the timing of the amended disclosure and ST has repeatedly asserted the importance of the disclosure reflecting the date of the Saha thesis. Accordingly, ST's own conduct shows that factors one and two favor amendment.

Opp'n at 7.

But ST most certainly is <u>not</u> responsible for Plaintiff's failure to timely disclose its improper earlier date and new supporting documents in its original invention date disclosure. What to include in Plaintiff's original disclosure was entirely within Plaintiff's control.  And if the earlier date and new supporting documents were important to Plaintiff, it should have timely disclosed them.  After all, the newly disclosed documents were in Plaintiff's possession at the time its original invention date disclosure was due.  And Plaintiff's own case, *EMG*, holds that a patentee having information in its possession as of the original deadline "weighs heavily against" establishing "good cause."  *EMG*, 2013 WL 12147662, at *3 ("The Court recognizes that Google's business model and technology may be complex, but that is no excuse for a lack of diligence or preparation at the outset of litigation.").  The cases discussed in ST's Motion stand for similar propositions.  For instance, as Judge Payne wrote in *Elbit*, "there is rarely a justifiable excuse for shifting a priority date contention near the end of fact discovery."  *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037-RWS-RSP, 2017 WL 2651618, at *9–10 (E.D. Tex. June 20, 2017) (Ex. 12 to Motion).  Here, Plaintiff does not even attempt to

4

offer an excuse.  And this Court has found a lack of diligence sufficient by itself to deny a request to supplement.  *Freshub, Inc. v. Amazon.com Inc.*, No. A-19-CV-00885-ADA, 2021 WL 8202605, at *1 (Feb. 10, 2021) ("Based on the above facts, the Court is of the opinion that the Defendants have not been diligent in timely supplementing their invalidity contentions to include the TellMe prior art.  Therefore, the Court DENIES Defendants' request to amend their invalidity contentions.").  The Court should reach the same conclusion here.

**IV.     ST's Motion Is Not a Summary Judgment Motion**

Plaintiff's final argument is that this Motion "amounts to an improper and premature motion for summary judgment on the issue of invention date."  Opp'n at 8.  To be clear, ST is not seeking summary judgment on anything via this Motion.  Rather, ST is merely seeking to hold Plaintiff to its timely, original invention date disclosure.  But that Plaintiff believes holding it to that disclosure would somehow amount to summary judgment against it shows that Plaintiff knows the improper supplemental disclosure does not support its asserted earlier date.

Dated: May 18, 2023

Respectfully submitted,

By: /s/ *Michael D. Hatcher*
    Bruce S. Sostek
    SBN 18855700
    Bruce.Sostek@hklaw.com
    Richard L. Wynne, Jr.
    SBN 24003214
    Richard.Wynne@hklaw.com
    Justin S. Cohen
    SBN 24078356
    Justin.Cohen@hklaw.com
    HOLLAND & KNIGHT LLP
    One Arts Plaza
    1722 Routh St., Suite 1500
    Dallas, Texas 75201
    214.969.1700

    Michael J. Bettinger
    California Bar No. 122196
    mbettinger@sidley.com
    SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
    San Francisco, California 94104
    (415) 772-1200
    (415) 772-7400 – Fax

    Michael D. Hatcher
    Texas Bar No. 24027067
    mhatcher@sidley.com
    SIDLEY AUSTIN LLP
    2021 McKinney Avenue, Suite 2000
    Dallas, Texas 75201
    (214) 981-3300
    (214) 981-3400 – Fax

    Richard A. Cederoth
    Texas Bar No. 6185199
    rcederoth@sidley.com
    SIDLEY AUSTIN LLP
    One South Dearborn
    Chicago, Illinois 60603
    (312) 853-7026
    (312) 853-7036 – Fax

        Max Ciccarelli
        Texas Bar No. 00787242
        max@ciccarellilawfirm.com
        CICCARELLI LAW FIRM
        100 North 6th Street, Suite 502
        Waco, Texas 76701
        (214) 444-8869

        Thomas N. Tarnay
        Texas Bar No. 24003032
        ttarnay@tarnaylaw.com
        THOMAS TARNAY PLLC
        2103 Virginia Place
        Plano, Texas 75094
        (214) 395-8212

        **ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served on all parties to this action via the Court's ECF system on May 18, 2023.

        */s/ Michael D. Hatcher*
        Michael D. Hatcher