IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>        Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS<br>INTERNATIONAL N.V., and<br>STMICROELECTRONICS, INC.,<br><br>        Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION FOR EXPEDITED CONSIDERATION**

Plaintiff the Trustees of Purdue University ("Purdue") oppose Defendants' Motion for Expedited Consideration of Defendants' Motion to Strike. Defendants grossly mischaracterize the amended infringement contentions. Purdue's infringement theory has not changed. The claim charts were updated to identify more accurately the p/n junctions on each side of the JFET regions in the Accused Products.

Purdue has consistently taken the position that the JFET width in the Accused Products should be measured at the p/n junctions where the N-type doped JFET regions meet the P-type doped wells on either side. This is the location for the width measurement depicted in Figure 1 of the '633 Patent. Any change in the claim charts is not a change in theory. The changed annotations in the GDS files are based on, and entirely consistent with, the deposition testimony of Defendants' corporate representative on the structure and design of the Accused Products, a

1

witness that Defendants delayed in presenting. Defendants' motion to strike is yet another attempt by Defendants to keep undisputed facts, the truth, from the jury.

Defendants' need for expedited consideration is just as contrived. Defendants have known about Purdue's infringement theories for several months. In fact, Defendants' Rule 30(b)(6) witness Mario Saggio cogently explained how he disagreed with Purdue's infringement theories. His identification of the JFET regions' p/n boundaries with the P-wells in the GDS files is something Purdue and the Defendants now agree upon as the measurement boundaries of the JFET regions as reflected in the GDS file of the Accused Products.

Mr. Saggio did not feign misapprehension or claim to be unaware of Purdue's theory. Rather, he helpfully explained that when looking at certain files, namely the internal GDS files for the Accused Products, the JFET region would be measured from a certain layout line to another layout line on the GDS image. The only modification to the infringement contentions was to adjust where in the p/n junctions are identified in the GDS files' layout graphics. The revised claim charts identify the JFET region p/n junction locations as Mr. Saggio's reflected in sworn testimony. Notably, the JFET width remains within the scope of the claim limitation (less than about 3 um) using the p/n junction layout line boundaries as identified by Mr. Saggio on the GDS files graphics in his deposition.

This is exactly the purpose of discovery. Discovery is meant to test, confirm, and if necessary, adjust, a party's understanding of the evidence the other side produces. In this case, Purdue originally set forth its infringement proof by delineating the JFET width on the GDS files using a set of lines that were off by one line. As it turns out, Mr. Saggio pointed out that Purdue misinterpreted some of the GDS files. He provided the correct interpretation of the graph, and **the claim charts were amended to reflect Defendants' position**. Defendants now want to prevent

Purdue from adjusting its infringement contentions based on their own witness's testimony. In other words, Defendants fault Purdue for agreeing with Defendants' own corporate representative. Defendants' motion to strike is meritless.

As to timing, Defendants' own actions undermine the need for the truncated briefing schedule requested. Defendants waited until last month to produce information related to ten new die—all of which infringe the asserted claims of the '633 Patent. Purdue cannot be faulted for that delay. Moreover, Defendants waited until early May to present Mr. Saggio, even though Purdue effectively begged for the deposition to occur sooner. This is not to mention that Defendants lacked diligence in meeting and conferring on this issue, demanding a conference and then waiting two business days to respond to Purdue's stated availability.

Defendants' reference to upcoming expert reports is a smokescreen. Defendants' responsive non-infringement report is not due until July 12, 2023, and Defendants' invalidity case is not prefaced on any particular infringement theory. The claim limitation at issue—the location of the p/n junctions is an objective fact. The fact that Purdue misidentified the p/n junction by one line in its original contentions does not change Purdue's infringement theory or the actual width of the JFET regions when measured according to that theory – at the p/n junctions.

Purdue suggests that given the importance of the issue, the extent of Defendants' mischaracterization of the record, the upcoming holiday, and the timing of the motion, Purdue's response should be due June 2 and Defendants' reply due June 6. Purdue defers to the Court on whether a hearing is appropriate.

Dated: May 26, 2023

Respectfully submitted,

By: /s/John P. Lahad
Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

Brian D. Melton (SBN 24068095)
John P. Lahad (SBN 24068095)
Abbey McNaughton (SBN 24116751)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
amcnaughton@susmangodfrey.com

***COUNSEL FOR PLAINTIFF***
***THE TRUSTEES OF PURDUE UNIVERSITY***

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that a true and correct copy of the foregoing has been served on counsel for Defendants VIA ECF on May 26, 2023.

/s/ John Lahad