IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>   Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS<br>INTERNATIONAL N.V., and<br>STMICROELECTRONICS, INC.,<br><br>   Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S SUPPLEMENT TO ITS MOTION FOR LEAVE**

Pending before the Court is Plaintiff's Motion for Leave to File a Motion to Strike Defendants' Inequitable Conduct Defenses. Dkt. No. 260. In that Motion, Plaintiff argued that Defendants would suffer no prejudice by deciding the issue of inequitable conduct on the merits at this point. *Id*. at 4. This is especially true given the superficial nature of Defendants' inequitable conduct allegations.

In response, Defendants argued that leave should be denied because the motion to strike the defense would be futile. Dkt. 265 at 7-8. Defendants also argued that leave should be denied because Purdue was attempting to delay discovery regarding ST's inequitable conduct defense, which according to Defendants, included the deposition of the attorneys who prosecuted the patent-in-suit. *Id*. at 6-7.

Purdue submits this Supplement to its Motion for Leave to apprise the Court of developments since the completion of briefing on the Motion. As an initial point, Defendants have refused to provide any discovery on its inequitable conduct defense. On March 10, 2023—just nine days after they submitted their Response to Purdue's Motion for Leave—Defendants responded to Purdue's Interrogatory No. 29, which asked:

> Explain the factual and evidentiary basis for Your inequitable conduct defense, including the factual and evidentiary basis for Your claim that the allegedly nondisclosed art was not cumulative or immaterial and any facts or evidence supporting Your allegation that Plaintiff intended to defraud the patent office.

Ex. 1 at 11. In their response, Defendants gave only vague and conclusory statements that did not add anything to the allegations in their Answer. *Id*. For example, Defendants said that Purdue and the inventor James Cooper "knew of information material to the patentability of claims 9 and 10 of the '633 Patent and purposely withheld that information from the Patent Examiner" and that "The Patent Office would not have allowed the claims had it been aware of this non-cumulative and undisclosed information." *Id*. But Defendants gave no factual details on why or how the Patent

Officer would have rejected the claims during prosecution. Defendants failed to disclose the basis for their views that the art was material to patentability and non-cumulative. Defendants also said nothing to support their bald assertion that "[t]he single most reasonable inference to be drawn from the above evidence is that Purdue and Dr. Cooper intended to deceive the Patent Office." *Id*.

Defendants also refused to provide a Rule 30(b)(6) designee on the factual basis underlying their inkequitable conduct defense. Rather, Defendants objected and argued that the facts and information underlying their defense were within "the purview of expert testimony." Ex. 2 at 23. ST added, "ST's expert will include the relevant information in his or her expert report." *Id*.

Defendants deposed the attorney who prosecuted the patent-in-suit on May 3, 2023, and deposed the lead inventor on the '633 Patent, Dr. James Cooper, on May 11, 2023. Discovery closed on May 22, 2023. Defendants were able to take all the discovery on inequitable conduct they wanted. The deadline to serve expert reports on issues for which a party bears the burden was June 9, 2023. Dkt. 241. Despite objecting to Purdue's discovery requests on the grounds that inequitable conduct "is the purview of expert testimony" and promising to include information relevant to the defense in an expert report, **Defendants did not serve an expert report on inequitable conduct**.

Undoubtedly, Defendants bear the burden of proving their inequitable conduct defense but failed to serve an expert report by the June 9 deadline. The absence of an expert report further proves that Defendants will suffer no prejudice if Purdue is granted leave and likewise proves that the motion to strike is not futile. Indeed, the inequitable conduct defense is no longer part of the case given the absence of any expert report. Defendants have offered no evidence of materiality and no evidence that Purdue, Dr. Cooper, or any of the prosecuting attorneys intended to deceive the patent office. Defendants' *ipse dixit* in an interrogatory response does not suffice, especially

when Defendants themselves expressly took the position that inequitable conduct is within the "purview of expert testimony." Having taken that position, it was incumbent on Defendants to proffer expert testimony by the applicable deadline. They elected not to do so. This failure—at the very least—militates in favor of granting leave (and granting Purdue's Motion to Strike).

Dated: June 30, 2023

Respectfully submitted,

By: */s/John P. Lahad*
Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
THE SHORE FIRM
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

Brian D. Melton (SBN 24068095)
John P. Lahad (SBN 24068095)
Abbey McNaughton (SBN 24116751)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
amcnaughton@susmangodfrey.com

***COUNSEL FOR PLAINTIFF***
***THE TRUSTEES OF PURDUE UNIVERSITY***

## **CERTIFICATE OF SERVICE**

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that a true and correct copy of the foregoing has been served on counsel for Defendants VIA ECF on June 30, 2023.

/s/ John Lahad