# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS INTERNATIONAL N.V.,<br>ET AL.,<br><br>Defendants. | No. 6:21–CV–727–ADA-DTG<br><br>JURY TRIAL DEMANDED |

**STMICROELECTRONICS, INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND
RESPONSES TO PLAINTIFF'S EIGHTH SET OF DISCOVERY REQUESTS (ROG 29)**

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant STMicroelectronics, Inc. ("ST Inc.") hereby submits its first supplemental objections and responses to Plaintiff's Eighth Set of Discovery Requests. ST Inc. provides these responses based on information currently available to it, but its investigation into these matters is ongoing. ST Inc. will supplement its responses as necessary in accordance with the rules.

**PRELIMINARY STATEMENT**

1.      By responding to the requests, ST Inc. does not waive any objection that may be applicable to: (1) the use, for any purpose, by ST Inc. of any information given in response to the request; or (2) the admissibility, privilege, relevancy, authenticity, or materiality of any of the information to any issue in the case. ST Inc. expressly reserves the right to object to the use of these responses and the subject matter contained in them during any subsequent proceeding, including the trial of this or any other action.

ST Inc.'s investigation is ongoing, and ST Inc. will supplement as it continues its investigation into this issue. Further, ST Inc. expects that additional facts and information will be contained in the testimony and reports of ST Inc.'s expert and fact witnesses.

**INTERROGATORY NO. 29:**

Explain the factual and evidentiary basis for Your inequitable conduct defense, including the factual and evidentiary basis for Your claim that the allegedly nondisclosed art was not cumulative or immaterial and any facts or evidence supporting Your allegation that Plaintiff intended to defraud the patent office.

**RESPONSE TO INTERROGATORY NO. 29:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects to this interrogatory as overly broad, unduly burdensome, and directed to information that is not relevant and not proportional to the needs of the case. ST Inc. also objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. ST Inc. objects to this interrogatory as premature to the extent it seeks expert discovery in advance of the deadlines set forth in the Court's schedule, and because ST Inc.'s investigation is ongoing.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29:**

Based on its investigation to date and subject to and without waiving its objections, ST Inc. further responds as follows:

In addition to the evidence and contentions referenced in Defendant's Amended Answers (ECF 225-226), Defendants provide the following information.  Prior to the filing of Patent

Application No. 11/338,007 (007 application) on January 5, 2006, and throughout the prosecution of the 077 application, which eventually issued as U.S. Patent 7,498,633 (633 Patent) on March 3, 2009, Purdue, and the inventor James Cooper, knew of information material to the patentability of claims 9 and 10 of the '633 Patent and purposely withheld that information from the Patent Examiner. Purdue and Dr. Cooper knew about publications and works by Dr. Cooper and others disclosing: (a) JFET widths in SiC MOSFETs of less than about 3um and about 1um on or before November 2000; and (b) spaced apart base regions in SiC MOSFETs as early as September 2003. The Patent Office would not have allowed the claims had it been aware of this non-cumulative and undisclosed information.  Purdue and Dr. Cooper knew this information to be non-cumulative and but-for material to the patentability of the claims.  The single most reasonable inference to be drawn from the above evidence is that Purdue and Dr. Cooper intended to deceive the Patent Office.  The undisclosed information was not cumulative because the Patent Office did not have before it prior art disclosing: (a) JFET widths in SiC MOSFETs of less than about 3um and about 1um; and (b) spaced apart base regions in SiC MOSFETs.  In addition, also before the filing of the 007 application and throughout the prosecution of that application, Purdue and the inventor James Cooper knew of information material to the patentability of claims 9 and 10 of the 633 Patent that contradicted arguments made to the Patent Office regarding silicon MOSFET structures allegedly being inapplicable to silicon carbide MOSFETs.  Specifically, Purdue and Dr. Cooper knew about publications and works by Dr. Cooper and others disclosing silicon MOSFET structures being applicable to silicon carbide MOSFETs as early as September 2003.  Publications and works contradicting arguments made to the Patent Office are *per se* material.  Purdue and Dr. Cooper also failed to disclose in the 007 application what the named inventors knew before the filing of the 007 application to be the best mode of practicing their claimed purported invention.  These

additional facts further support finding that the single most reasonable inference to be drawn from the above evidence is that Purdue and Dr. Cooper intended to deceive the Patent Office.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 28[2]:**

All corporate records of each Defendant, including but not limited to articles of incorporation, operating agreements, bylaws, amendments, minutes, notes, and resolutions from all corporate meetings, statements of information, stock registers/ledgers (including information on what and when consideration was paid for stock), stock certificates, shareholder buy/sell agreements, annual reports, capital contribution information, dividend payment records, tax returns, tax filings, balance sheets, financial statements, profit and loss statements, and any documents that show who is an officer and director of each Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, ST Inc. states that it will produce its articles of incorporation, annual reports, and reports filed with the SEC.

---

[2] This is the second Request for Production No. 28. Plaintiff's Seventh Set of Discovery Requests to STMicroelectronics, Inc. end with Request for Production No. 28.

March 10, 2023                                Respectfully submitted:


By:   */s/ Michael D. Hatcher*
**Bruce S. Sostek**
    SBN 18855700
    Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
    SBN 24003214
    Richard.Wynne@hklaw.com
**Justin S. Cohen**
    SBN 24078356
    Justin.Cohen@hklaw.com
**Dina W. McKenney**
    SBN 24092809
    Dina.McKenney@hklaw.com
**Catherine L. Reynolds**
    SBN 24107599
    Cate.Reynolds@hklaw.com

**HOLLAND & KNIGHT LLP**
    One Arts Plaza
    1722 Routh St., Suite 1500
    Dallas, Texas 75201
    214.969.1700

**Max Ciccarelli**
    SBN 00787242
    max@ciccarellilawfirm.com

**CICCARELLI LAW FIRM**
    100 N. 6th Street, Suite 502
    Waco, Texas 76701
    214.444.8869

**Thomas N. Tarnay**
    SBN 24003032
    ttarnay@tarnaylaw.com

**THOMAS TARNAY PLLC**
    2103 Virginia Place
    Plano, Texas 75094
    214.395.8212

**Michael J. Bettinger**
    mbettinger@sidley.com

**SIDLEY AUSTIN LLP**
  555 California Street, Suite 2000
  San Francisco, CA 94104
  (415) 772-1200

**Michael D. Hatcher**
  mhatcher@sidley.com

**SIDLEY AUSTIN LLP**
  2021 McKinney Ave, Suite 2000
  Dallas, TX 76092
  (214) 981-3300

**ATTORNEYS FOR DEFENDANTS
STMICROELECTRONICS, INC. AND
STMICROELECTRONICS INTERNATIONAL N.V.**

## CERTIFICATE OF SERVICE

I certify that on March 10, 2023, the foregoing document was served via electronic mail on counsel of record for Plaintiff.

/s/ *Michael D. Hatcher*
Michael D. Hatcher