## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,** | |
| **Plaintiff,** | |
| **vs.** | **Civil Action No. 6:21-CV-00727-ADA-DTG** |
| **STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,** | **JURY TRIAL DEMAND** |
| **Defendants.** | |

## DEFENDANTS' REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S IMPROPER "SUPPLEMENT"

## <u>TABLE OF CONTENTS</u>

**Page**

I.     Plaintiff's Own Case Law Confirms the "Supplement" Should Be Stricken as Violating Local Rule CV-7. ........................................................................................................1

II.    The Rest of Plaintiff's Opposition Consists of More Irrelevant Mud-Slinging That Should Be Dismissed. ....................................................................................................2

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*E.E.O.C. v. Serv. Temps Inc.*,
    679 F.3d 323 (5th Cir. 2012) ...................................................................................................2

*Mission Toxicology, LLC v. United Healthcare Ins. Co.*,
    499 F. Supp. 3d 350, 359 (W.D. Tex. 2020)...........................................................................1

*Spiegel Development, Inc. v. U.S. Bank National Ass'n*,
    No. 4:14-CV-761, 2016 WL 3542435 (E.D. Tex. June 29, 2016)............................................2

*Tijerna-Salazar v. Venegas*,
    No. 19-CV-00074-DC-DF, 2022 WL 1750474 (W.D. Tex. May 31, 2022) ............................1

Plaintiff's response opposing ST's Motion to Strike Plaintiff's "Supplement" confirms ST's Motion should be granted. The very cases Plaintiff cites as alleged support for its submission of the "Supplement" actually confirm it should be stricken per Local Rule CV-7(e). And the rest of the response, like the "Supplement," is irrelevant to the issue at hand. Instead of addressing the "excusable neglect" standard that governs whether Plaintiff's original motion for leave should be granted, or addressing the "good cause" standard that governs whether an additional filing like the "Supplement" should be allowed, Plaintiff's response devotes six pages to the purported substance of ST's inequitable conduct defense. That is not relevant to whether Plaintiff's motion for leave to file its belated motion to strike the defense should be granted. The fact Plaintiff waited *over 16 months* after ST first pled its inequitable conduct defense to file its motion seeking leave undermines Plaintiff's purported indignation in this latest briefing.

I.    **Plaintiff's Own Case Law Confirms the "Supplement" Should Be Stricken as Violating Local Rule CV-7.**

Plaintiff cites five cases it contends stand for the proposition that "as several courts have held, Local Rule CV-7(e) is more properly applied to preclude sur-replies," thus implying that filings other than sur-replies are somehow acceptable. Dkt. 335 at 1. That is incorrect. That Plaintiff can find cases striking sur-replies does not mean other filings beyond a reply are acceptable. Local Rule CV-7(e) is clear that "*no further submissions*" are allowed, not just sur-replies. Indeed, none of the cases Plaintiff cites allowed a post-reply filing. And the stated standard the courts apply shows why. It is extraordinarily high – leave should only be granted "'in extraordinary circumstances on a showing of good cause.'" *Tijerna-Salazar v. Venegas*, No. 19-CV-00074-DC-DF, 2022 WL 1750474, at *2 (W.D. Tex. May 31, 2022) (quoting *Mission Toxicology, LLC v. United Healthcare Ins. Co.*, 499 F. Supp. 3d 350, 359 (W.D. Tex. 2020)). Plaintiff's cases also deny leave for filings *other than* sur-replies. Specifically, *Spiegel*

*Development, Inc. v. U.S. Bank National Ass'n* denies leave to file a sur-sur-reply.  No. 4:14-CV-761, 2016 WL 3542435, at *2 n.4 (E.D. Tex. June 29, 2016).  Plaintiff's opposition incorrectly cites *Spiegel Development* as denying leave to file a sur-reply rather than a sur-sur-reply.  Dkt. 335 at 2.

Here, Plaintiff did not, and still has not, sought leave.  Plaintiff just unilaterally filed its "Supplement."  And Plaintiff's opposition does not even mention the standard it must satisfy to be given leave – "extraordinary circumstances on a showing of good cause" – much less attempt to show it has been met.  It has not, and Plaintiff's "Supplement" should be stricken.

## II.     The Rest of Plaintiff's Opposition Consists of More Irrelevant Mud-Slinging That Should Be Dismissed.

Other than the five cases regarding Local Rule CV-7(e) addressed above, Plaintiff's opposition (the last six pages of it) is devoted to the purported substance of ST's inequitable conduct defense and related discovery.  That is only potentially relevant if Plaintiff's motion for leave to file its proposed motion to strike the defense is granted.  It should not be, for all the reasons addressed in ST's opposition (Dkt. 265) to the motion for leave.  But, if leave is granted, then ST will timely file an opposition on the substance of the motion to strike and its inequitable conduct defense.

Plaintiff's opposition weakly claims that addressing the substance of the inequitable conduct defense is relevant to considering prejudice under the "excusable neglect" standard.  But Plaintiff ignores yet again the case law that holds that courts do not even consider prejudice if the party seeking leave lacks a justified excuse for its delay.  *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (affirming the district court's determination that "[the movant]'s failure to account for its delay was dispositive, outweighing the other three factors for assessing good

cause"). As ST has repeatedly noted, Dkt. 265 at 5; Dkt. 328 at 2-3, Plaintiff has never offered one. Instead Plaintiff resorts yet again to mud-slinging regarding alleged discovery deficiencies.

As for that mud-slinging, Plaintiff's opposition continues the misrepresentations and mischaracterizations in Plaintiff's "Supplement." The truth is that ST timely pled its inequitable conduct defense in detail and followed up by taking discovery to further develop that defense. For instance, ST took the deposition of Dr. Cooper to question him at length about the "three primary references" Plaintiff focuses on in its opposition. Dkt. 335 at 5. ST did so to establish Dr. Cooper was intimately familiar with them during prosecution, yet failed to disclose them. ST also timely supplemented its interrogatory response on the topic repeatedly during fact discovery to identify the evidence it marshalled. And then ST timely served an expert report that Plaintiff now admits "opine[s] on the materiality of certain references and statements." *Id*. Plaintiff well-knows the contours of ST's inequitable conduct defense, and is clearly worried about it.

But, as to the matter at hand, this motion requests that the Court strike Plaintiff's improper "Supplement" that was filed without leave of Court in direct violation of Local Rule CV-7(e). The only issue to be addressed is whether that "Supplement" should be stricken. It clearly should be, as Plaintiff has not even sought leave or addressed the relevant standard for it being granted.

Dated:  July 26, 2023                    Respectfully submitted,

By:  /s/ Michael D. Hatcher

    Michael J. Bettinger
    California Bar No. 122196
    mbettinger@sidley.com
    SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
    San Francisco, California 94104
    (415) 772-1200
    (415) 772-7400 – Fax

    Michael D. Hatcher
    Texas Bar No. 24027067
    mhatcher@sidley.com
    SIDLEY AUSTIN LLP
    2021 McKinney Avenue, Suite 2000
    Dallas, Texas 75201
    (214) 981-3300
    (214) 981-3400 – Fax

    Richard A. Cederoth
    Texas Bar No. 6185199
    rcederoth@sidley.com
    SIDLEY AUSTIN LLP
    One South Dearborn
    Chicago, Illinois 60603
    (312) 853-7026
    (312) 853-7036 – Fax

    Max Ciccarelli
    Texas Bar No. 00787242
    max@ciccarellilawfirm.com
    CICCARELLI LAW FIRM
    100 North 6th Street, Suite 502
    Waco, Texas 76701
    (214) 444-8869

Thomas N. Tarnay
Texas Bar No. 24003032
ttarnay@tarnaylaw.com
THOMAS TARNAY PLLC
2103 Virginia Place
Plano, Texas 75094
(214) 395-8212

**ATTORNEYS FOR DEFENDANTS
STMICROELECTRONICS
INTERNATIONAL N.V. and
STMICROELECTRONICS, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, do hereby certify that a true and correct copy of the foregoing

document was served on all parties to this action via the Court's CM/ECF electronic service on

July 26, 2023.

  */s/ Michael D. Hatcher*
Michael D. Hatcher