# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>    Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS INTERNATIONAL N.V., AND STMICROELECTRONICS, INC.<br><br>    Defendants. | CASE NO. 6:21–CV–00727-ADA-DTG |

## ORDER ON DISCOVERY DISPUTE

On July 31, 2023, the parties submitted a discovery dispute chart as detailed in the attached Exhibit A. Given the stage of the case and ST's representation that it will supplement mid-September for sales through the end of August, Purdue's requested relief is **DENIED**.

SIGNED this 31st day of July, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

**Issue 1:** ST's Refusal to Produce Sales Data for the Accused Products.

| Purdue's Position: | ST's Position |
|---|---|
| **ST-INTL and ST, Inc.** have refused to supplement their disclosures of the sales of Accused Products since December 2022. The refusal to supplement the sales data has already prejudiced Purdue in preparing its expert reports. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ST has taken the position that it only is required to supplement its sales data one time, shortly before trial. This ignores the need for the data for expert reporting and for the purposes of settlement negotiations, should they ever occur. Rule 26 and the case law on the topic require supplementation "when the disclosing party reasonably should know that its prior discovery responses are incomplete." *Lifted Limited, LLC v. Novelty, Inc.*, 2022 WL 974553 *2 (Dist. Col. March 31, 2022); Fed.R.Civ. P. 26(e)(1)(A) ("A party . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ."). It is indisputable that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and it is also indisputable that the information is available, has not been timely supplemented and ST knows its discovery responses are no longer are accurate as to the amount of sales at issue. In the fifth meet an confer on the issue of damages supplementation, ST could not articulate any reason for its failure to | ST-Inc. and ST-Int'l updated their sales information during the discovery period. Discovery is now over, and the only supplementation needed is the typical supplementation made shortly before trial, **which Defendants have agreed to provide.** Rather than discussing when such supplementation is best, Purdue insists on multiple updates. Defendants suggest the supplementation take place once in mid-September for sales through the end of August. **There has been no refusal.** Purdue's chart claims that Defendants "have refused to supplement their disclosures of the sales of Accused Products since December 2022." This is simply incorrect. ST has agreed that it will supplement sales data prior to trial. **There is no prejudice.** Purdue's chart claims that "[t]he refusal to supplement the sales data has already prejudiced Purdue in preparing its expert reports." This is also incorrect. First, Purdue's damages expert was able to render opinions about damages through the date of trial. Also, ST produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which the expert could have used if he had wanted to (but apparently did not). Purdue's own expert's opinion and the ▮▮▮▮▮▮▮ provide ample information for settlement. **Untimely request.** Purdue's request is untimely. If it really needed the information for its damages report—which it clearly does not because its damages expert already issued opinions of damages through the date of trial—it would have raised this issue long ago. |

| | |
|---|---|
| supplement other than "ST only wants to supplement one time before trial." That position ignores the duty to *timely* supplement, ignores the need for the information during the expert discovery period and ignores the need for the actual sales figures to determine what would be a reasonable settlement should discussions every occur. | |
| **Purdue's Requested Relief**:<br><br>Order ST to, within 3 days, produce and provide updated worldwide sales data for the Accused Products in the same format as the data was previously provided. | **ST's Requested Relief**:<br><br>Deny Purdue's requested relief. Purdue has not shown why one supplementation between now and trial is not enough. |