# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,** | |
| Plaintiff, | |
| vs. | Civil Action No. 6:21-CV-00727-ADA-DTG |
| **STMICROELECTRONICS INTERNATIONAL N.V.** and **STMICROELECTRONICS, INC.,** | JURY TRIAL DEMAND |
| Defendants. | |

**DEFENDANTS' OPPOSED MOTION TO STRIKE PLAINTIFF'S IMPROPER REBUTTAL EXPERT REPORT AND TESTIMONY OF MR. GREG JACKSON**

**TABLE OF CONTENTS**

I.     INTRODUCTION ...............................................................................................................1
II.    FACTUAL BACKGROUND..............................................................................................1
III.   ARGUMENT.......................................................................................................................2
   A.   Mr. Jackson's Report Is an Improper Opening Expert Report. ........................................2
   B.   Mr. Jackson's Expert Report and Testimony Should be Stricken. ...................................4
IV.   CONCLUSION....................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Daedalus Blue LLC v. SZ DJI Tech. Co.*,
  No. W-20-CV-00073-ADA, 2022 WL 831619 (W.D. Tex. Feb. 24, 2022) ............................... 5

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*,
  73 F.3d 546 (5th Cir. 1996) ................................................................................................. 3, 4

*Spencer v. BMW of N. Am., LLC*,
  No. 5:14-CV-00869-DAE, 2015 WL 11661764 (W.D. Tex. Dec. 10, 2015) ............................ 4

*Tang v. Toyota Motor Corp.*,
  No. SA-19-CV-01005-OLG, 2022 WL 2555749 (W.D. Tex. Jan. 20, 2022) ........................... 3

*United States v. Peripheral Vascular Assocs.*,
  507 F. Supp. 3d 734 (W.D. Tex. 2020) .................................................................................... 3

*Yeti Coolers, LLC v. RTIC Coolers, LLC*,
  No. A-15-CV-597-RP, 2017 WL 394511 (W.D. Tex. Jan. 27, 2017) ................................... 3, 4

**I.      INTRODUCTION**

Defendants move to strike the improper "rebuttal" expert report and testimony of Plaintiff's expert Mr. Greg Jackson. Plaintiff improperly served Mr. Jackson's report on July 14, 2023, under the guise of being a "rebuttal" to Defendants' expert opinions, notwithstanding that the Jackson report does not even claim to rebut any opinions offered by any of Defendants' experts and instead opines on the metadata associated with five files that Plaintiff produced in non-native form during discovery. Opening expert reports were due on June 9, 2023. As such, Mr. Jackson's report is both improper and untimely and should be struck, and he should not be allowed to provide testimony at trial. Plaintiff should not be allowed to circumvent the Court's Scheduling Order in this case by simply labeling the report as a "rebuttal."

**II.     FACTUAL BACKGROUND**

Defendants STMicroelectronics International N.V. and STMicroelectronics, Inc. (collectively, "ST") alleges that U.S. Patent No. 7,498,633 (the "'633 patent") fails to satisfy the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and 112, and is also unenforceable because the patent was obtained as a result of inequitable conduct. Dkt. 226. In support of its invalidity defenses and counterclaims, ST introduced numerous material prior art references in its invalidity contentions and, on the Court's deadline for opening expert reports, offered an expert report from Dr. Lori Lipkin on invalidity. ST proffered no expert report on the contents of any personal computer allegedly used by the inventors of the '633 patent, as such computers were never even produced for inspection by Plaintiff The Trustees of Purdue University ("Plaintiff") during discovery.

On the deadline for opening expert reports, Plaintiff only served expert reports on infringement and damages. Plaintiff did not serve any expert report opining on the creation dates

1

of documents from a computer of one of the two inventors Plaintiff alleges provide support for a February 26, 2004 date of invention. In alignment with Plaintiff's continued efforts to evade this Court's rules and procedures, Plaintiff instead served for the first time, on the Court's deadline for *rebuttal* expert reports, an expert report from Mr. Jackson—nominally titled as a "rebuttal" report.

Mr. Jackson offers opinions on "the creation date of five Microsoft Word files" sent to him by Plaintiff's counsel which were purportedly obtained from Dr. James Cooper's MacBook Pro laptop and which "represent all or a portion of the PhD thesis proposal of one of Dr. Cooper's students, Dr. Asmita Saha." Ex. 1, Jackson Rpt. ¶10. In his report, Mr. Jackson does not claim to be a rebuttal expert and does not state which ST expert report he is allegedly rebutting, nor does he provide an analysis, contradiction, or rebuttal of any of ST's expert reports. *See generally* Ex. 1. Rather, Mr. Jackson's report is wholly based on his analysis of the alleged metadata associated with the five Microsoft Word files sent to him by Plaintiff's counsel. *Id.*

The parties conferred regarding this motion and it is opposed because Plaintiff does not agree to the relief requested.

**III.   ARGUMENT**

Under Federal Rules of Civil Procedure 26(a)(2)(D), expert disclosures are to be made "at the times and in the sequence that the court orders." Pursuant to this Court's Scheduling Orders (Dkt. 241 and Dkt. 329), "Opening Expert Reports" were due on June 9, 2023, "Rebuttal Expert Reports" were due on July 14, 2023, and expert discovery closed on July 28, 2023. Plaintiff served Mr. Jackson's expert report on July 14, 2023.

**A.   Mr. Jackson's Report Is an Improper Opening Expert Report.**

Plaintiff improperly attempts to introduce Mr. Jackson's expert report as a "rebuttal" report to overcome its failure to abide by the deadlines set by this Court. A rebuttal expert is one whose opinions "[are] intended solely to contradict or rebut evidence on the same subject matter identified

2

by another party under Rule 26(a)(2)(B) or (C)." Fed. R. Civ. P. 26(a)(2)(D)(ii). "The purpose of rebuttal . . . disclosures [are] just that–to rebut . . .." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996). The ability for a party to serve a rebuttal expert report is "not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Id.*

To determine whether an expert report qualifies as a rebuttal report, courts in this District look to three factors: (1) whether the expert report is purporting to contradict or rebut expert opinions offered by the opposing party as to a claim or defense on which the opposing party has the burden of proof; (2) whether the expert's opinions are on the same subject matter as that identified by an expert designated by the opposing party; and (3) whether the purported rebuttal evidence is intended solely to contradict or rebut that evidence. *See Yeti Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2017 WL 394511, at *2 (W.D. Tex. Jan. 27, 2017); *see also Tang v. Toyota Motor Corp.*, No. SA-19-CV-01005-OLG, 2022 WL 2555749, at *3 (W.D. Tex. Jan. 20, 2022); *United States v. Peripheral Vascular Assocs.*, 507 F. Supp. 3d 734, 747 (W.D. Tex. 2020). Mr. Jackson's report fails to satisfy any of these three factors.

Mr. Jackson's expert report is plainly not a rebuttal report. Mr. Jackson's report solely provides opinions for the first time on the alleged date of creation of five Microsoft Word files purportedly obtained from Dr. Cooper's MacBook Pro laptop, which "represent all or a portion of the PhD thesis proposal of one of Dr. Cooper's students, Dr. Asmita Saha." Ex. 1, ¶10. Mr. Jackson's report is therefore limited to Plaintiff's alleged priority date of the '633 patent and thus, should have been served on June 9, 2023. Mr. Jackson's report does not attempt to contradict or rebut a single opinion set forth by ST's experts nor does it involve the same subject matter found in any reports or testimony presented by ST's experts. As such, Mr. Jackson's report should have

3

been served on the Court's deadline for Opening Expert Reports and is untimely. *See Yeti Coolers, LLC*, 2017 WL 394511, at *1.

### B. Mr. Jackson's Expert Report and Testimony Should be Stricken.

Plaintiff's blatant attempt to undermine this Court's rules and procedures by introducing late expert reports under the falsehood that they are rebuttal reports cannot be justified. Federal Rules of Civil Procedure 37(c)(1) provides that a party is not allowed to use a witness or information that was improperly disclosed pursuant to Rule 26(a) "unless the failure was substantially justified or is harmless." To decide whether to strike a late-filed expert report, the Court must consider: (1) Plaintiff's explanation, if any, for its failure to comply with the Scheduling Orders; (2) the prejudice to ST of allowing the late-filed experts to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the late-filed expert's testimony. *See Sierra Club*, 73 F.3d 546 at 572. Further, the party that violated the scheduling order has the burden to show that its violation was harmless. *Spencer v. BMW of N. Am., LLC*, No. 5:14-CV-00869-DAE, 2015 WL 11661764, at *2 (W.D. Tex. Dec. 10, 2015).

ST would be immensely prejudiced if Mr. Jackson's expert report and testimony are allowed. By failing to properly provide its expert reports by the Opening Expert Reports deadline, Plaintiff has effectively robbed ST of the opportunity to offer its own expert reports as a rebuttal. *Yeti Coolers, LLC*, 2017 WL 394511, at *3 (striking burden of proof expert report untimely served as rebuttal report because "[t]his is precisely the harm that scheduling orders seek to prevent."); *see also Spencer, LLC*, 2015 WL 11661764, at *3 (finding plaintiff's failure to provide expert reports pursuant to scheduling order "has caused prejudice because [defendant's] experts cannot offer rebuttals of or analyze Plaintiff's expert reports . . .").

The prejudice to ST cannot be cured through a continuance. Pursuant to the Scheduling Orders, fact discovery closed on May 22, 2023, and the first round of expert reports were due by

4

June 9, 2023. Dkt. 241. Moreover, rebuttal expert reports were due by July 14, 2023, and expert discovery closed on July 28, 2023. Dkt. 329. Plaintiff and its counsel were well aware of the deadlines in this matter.[1] This case has been pending on the Court's docket for over two years, has been subject to numerous extensions of deadlines, and is currently set for trial on October 23, 2023. Dkt. 241. If the Court were to grant a continuance based on Plaintiff's untimeliness, an unnecessary and burdensome continuance of trial would likely be required. *Daedalus Blue LLC v. SZ DJI Tech. Co.*, No. W-20-CV-00073-ADA, 2022 WL 831619, at *6 (W.D. Tex. Feb. 24, 2022) ("The Fifth Circuit has been clear that district judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case." (citations omitted)). Plaintiff's failure to disclose Mr. Jackson's expert report in accordance with the deadlines set by this Court should not be excused.

## IV.   CONCLUSION

For the reasons set forth above, ST respectfully requests that the Court grant this motion and Order that Mr. Jackson's "rebuttal" expert report be stricken and that he be precluded from providing any testimony in this case.

---

[1] In fact, Plaintiff sought and received an extension of the rebuttal reports deadline by two days, as well as two additional days for expert discovery. Dkt. 329.

5

Dated:  August 8, 2023                                      Respectfully submitted,

By:  /s/ Michael D. Hatcher
Michael J. Bettinger
California Bar No. 122196
mbettinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200
(415) 772-7400 – Fax

Michael D. Hatcher
Texas Bar No. 24027067
mhatcher@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300
(214) 981-3400 – Fax

Richard A. Cederoth
Texas Bar No. 6185199
rcederoth@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7026
(312) 853-7036 – Fax

Max Ciccarelli
Texas Bar No. 00787242
max@ciccarellilawfirm.com
CICCARELLI LAW FIRM
100 North 6th Street, Suite 502
Waco, Texas 76701
(214) 444-8869

Thomas N. Tarnay
Texas Bar No. 24003032
ttarnay@tarnaylaw.com
THOMAS TARNAY PLLC
2103 Virginia Place
Plano, Texas 75094
(214) 395-8212

**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served on all parties to this action via the Court's CM/ECF service on August 8, 2023.

                               */s/ Michael D. Hatcher*
                               Michael D. Hatcher