# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY, | |
| Plaintiff, | |
| vs. | No. 6:21–CV–727–ADA–DTG |
| STMICROELECTRONICS INTERNATIONAL N.V., ET AL., | JURY TRIAL DEMANDED |
| Defendants. | |

**STMICROELECTRONICS, INC.'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF'S EIGHTH SET OF DISCOVERY REQUESTS (ROG 29)**

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant STMicroelectronics, Inc. ("ST Inc.") hereby submits its first supplemental objections and responses to Plaintiff's Eighth Set of Discovery Requests. ST Inc. provides these responses based on information currently available to it, but its investigation into these matters is ongoing. ST Inc. will supplement its responses as necessary in accordance with the rules.

**PRELIMINARY STATEMENT**

1.      By responding to the requests, ST Inc. does not waive any objection that may be applicable to: (1) the use, for any purpose, by ST Inc. of any information given in response to the request; or (2) the admissibility, privilege, relevancy, authenticity, or materiality of any of the information to any issue in the case. ST Inc. expressly reserves the right to object to the use of these responses and the subject matter contained in them during any subsequent proceeding, including the trial of this or any other action.

2.      ST Inc.'s responses to the requests are made to the best of ST Inc.'s present knowledge, information, and belief. Discovery in this case and ST Inc.'s investigation is ongoing, and these responses therefore are at all times subject to reasonable supplementation and amendment as discovery in this matter progresses.

3.      By stating that it will provide information or produce documents in response to any particular request, ST Inc. makes no representation that any such information or documents exist, but rather if such information or documents exist, and are within ST Inc.'s possession, custody, or control, and can be located in the course of a reasonably diligent search, they will be produced at a mutually convenient time and place to be agreed upon by the parties.

4.      No incidental or implied admissions are intended by the responses provided herein. The mere fact that ST Inc. has answered or objected to a request should not be taken as an admission that ST Inc. admits the existence of any facts set forth or assumed by such request. That ST Inc. has answered part or all of any request is not intended to be, and shall not be, construed to be a waiver by ST Inc. of any part of any objection to any request.

## GENERAL OBJECTIONS

1.      ST Inc. objects to each request to the extent that it purports to impose obligations not required by the Federal Rules of Civil Procedure or this Court's orders or local rules.

2.      ST Inc. objects to each request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or other applicable privilege or protection.

3.      ST Inc. objects to each request as overly broad to the extent that those requests purport to require ST Inc. to respond on behalf of any entity or person other than ST Inc. ST Inc. will respond on behalf of STMicroelectronics, Inc. only.

4.      ST Inc. objects to the definition of the term "STPOWER SiC MOSFET(s)" as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case because it includes "all silicon carbide Power MOSFETs marketed or distributed under the STPOWER name or mark," "any other silicon carbide Power MOSFETs marketed or distributed by an STMicroelectronics entity at any time since March 3, 2009," and "all products identified on the following website" irrespective of whether such products are identified and accused of infringement in the operative version of Purdue's infringement contentions in this case. ST Inc. also objects to this definition as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case to the extent that it seeks to broaden the scope of the requests to encompass products "marketed or distributed" by other affiliated entities that are not named in this lawsuit and information about what other affiliated entities may have done outside the United States. In addition, ST Inc. objects to this definition as vague and ambiguous because it seeks to define accused products by using words that may be in dispute in the claims (i.e., "MOSFET"), thus attempting to seek admissions about claim scope by implication (for example, by way of production of documents). ST Inc. further objects to this definition as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case to the extent that it seeks to broaden the scope of the requests to products that have not been accused of infringement in Purdue's infringement contentions. Nonetheless, ST Inc. will interpret "STPOWER SiC MOSFET(s)" to mean the part numbers identified in Purdue's requests, and products that use the same dice as those products. In addition, with respect to this term, ST Inc. will respond for the ST entity to whom the requests are directed (ST Inc.), and for activities of other affiliated entities that may have occurred in the United

States (if any). Lastly, in responding to requests, ST Inc. will use the word MOSFET as ST Inc. usually uses the term, and not necessarily as the claims of the asserted patents may use that term.

## **OBJECTIONS AND RESPONSES TO INTERROGATORIES**

### **INTERROGATORY NO. 21:**

Identify each person that is or was an employee or executive of a Defendant and an employee or executive of at least one other Defendant (*e.g.*, an employee or executive of both STMicroelectronics International N.V. and STMicroelectronics, Inc.), and for each identified person, state: (i) such person's first and last name; (ii) the name of each STMicroelectronics Entity that employs such person; and (iii) such person's job title at each STMicroelectronics Entity, including whether such person serves as an officer at each identified employer.

### **RESPONSE TO INTERROGATORY NO. 21:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects to this interrogatory as comprising multiple, discrete subparts. ST Inc. will treat this interrogatory as a single interrogatory requesting only the identification of those employees or executives where were employed by both Defendants.  In addition, ST Inc. objects to the interrogatory as overly broad, unduly burdensome, and directed to information that is not relevant and not proportional to the needs of the case.


### **INTERROGATORY NO. 22:**

Identify and describe any documented or undocumented transfer of money from one Defendant to another Defendant. Your answer should include (i) the transferor; (ii) the transferee; (iii) the month and year of transfer; (iv) what consideration, if any, was received by each transferor in return for the transfer; (v) the purpose of the transfer; (vi) how the transferred funds were used

by the transferee; (vii) whether the transfer agreement is in writing; and (viii) the present location of any written transfer agreements.

**RESPONSE TO INTERROGATORY NO. 22:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects to this interrogatory as comprising multiple, discrete subparts. ST Inc. will treat this interrogatory as a single interrogatory requesting only the identification of transfer of money between Defendants. In addition, ST Inc. objects to the interrogatory as overly broad, unduly burdensome, and directed to information that is not relevant and not proportional to the needs of the case. In addition, ST Inc. objects to the request as not being limited by the relevant damages period.

**INTERROGATORY NO. 23:**

Identify all debts of each Defendant guaranteed by another Defendant. Your answer should include (i) by whom each guarantee was given; (ii) to whom the guarantee was given; (iii) the month and year of the guarantee; (iv) what consideration, if any, was received by each guarantor in return for giving such guarantee; (v) the purpose of the guarantee; (vi) how the guaranteed funds were used; (vii) whether the guarantee is in writing; and (viii) the present location of any written guarantees.

**RESPONSE TO INTERROGATORY NO. 23:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects to this interrogatory as comprising multiple, discrete subparts. ST Inc. will treat this interrogatory as a single interrogatory requesting only the identification of debts between Defendants. In addition, ST Inc. objects to the interrogatory as overly broad, unduly

burdensome, and directed to information that is not relevant and not proportional to the needs of the case. In addition, ST Inc. objects to the request as not being limited by the relevant damages period.

## INTERROGATORY NO. 24:

Describe in detail and provide all market surveys, demand studies (whether formal or informal), capacity forecasts, capacity reservations, capacity allocations, or market research acquired or conducted by You, on Your behalf, or by Your potential or eventual customer relating to the use, demand, preferences, or value of the Accused Products. A complete response to this interrogatory should include, but is not limited to, all data that You have generated, recorded, or tracked relating to the use, demand, preferences, or value of the Accused Products and any of their features.

## RESPONSE TO INTERROGATORY NO. 24:

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects to this interrogatory as overly broad, unduly burdensome, and directed to information that is not relevant and not proportional to the needs of the case. ST Inc. also objects to this interrogatory as vague and ambiguous.

Subject to and without waiving the foregoing objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, ST Inc. identifies the following responsive documents: ST-PURDUE_00101857.

## INTERROGATORY NO. 25:

Identify all facts that You will rely on to apportion any value of the patented features of an Accused Product, where applicable, from the value of the unpatented features. A complete answer to this interrogatory will include an identification of all features of the Accused Products that You

allege add to the value of the Accused Products that do not embody or require the use of any subject matter claimed in the Asserted Patent.

## RESPONSE TO INTERROGATORY NO. 25:

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects to this interrogatory as overly broad, unduly burdensome, and directed to information that is not relevant and not proportional to the needs of the case. ST Inc. also objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. ST Inc. objects to this interrogatory as premature to the extent it seeks expert discovery in advance of the deadlines set forth in the Court's schedule, and because ST Inc.'s investigation is ongoing and discovery in the lawsuit is just beginning. Purdue has not and cannot demonstrated that the demand and profits attributable to the Accused Products are properly and legally attributable to the alleged patented feature(s). Accordingly, ST Inc. also objects to this interrogatory given that it is Plaintiff's burden to apportion any alleged value of the patented features of the Accused Products, and to date, Plaintiff has not provided any information or explanation of its apportionment analysis. Thus, ST Inc. will supplement its response in accordance with the Federal Rules of Civil Procedure and this Court's orders and local rules.

Subject to and without waiving the foregoing objections, ST Inc. states that it believes at least the following may be applicable to apportionment or responsive to this interrogatory:

- datasheets for the products;
- documents identified in response to Interrogatory No. 3;
- the material benefits of silicon carbide;

- structures and activities associated with the Accused Products other than accused internal structures;

- ST Inc.'s responses to Interrogatory No. 6;

- packaging for the Accused Products; and

- patents and papers identified and discussed in ST-PURDUE_00089450 through ST-PURDUE_00089565; and

- the prior art identified in Defendants' various invalidity contentions.

ST Inc.'s investigation is ongoing, and ST Inc. will supplement as it continues its investigation into this issue. Further, ST Inc. expects that such facts and information will be contained in the testimony and reports of ST Inc.'s expert and fact witnesses.

**INTERROGATORY NO. 26:**

Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any Accused Product, including but not limited to date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any Accused Product.

**RESPONSE TO INTERROGATORY NO. 26:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects to this interrogatory as overly broad, unduly burdensome, and directed to information that is not relevant and not proportional to the needs of the case. ST Inc. also objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. ST Inc. objects to this interrogatory as premature to the extent it seeks expert discovery

in advance of the deadlines set forth in the Court's schedule, and because ST Inc.'s investigation is ongoing.

Subject to and without waiving the foregoing objections, in accordance with Rule 33(d) of the Federal Rules of Civil Procedure, ST Inc. identifies the following responsive documents: ST-PURDUE_00089174 - ST-PURDUE_00089449

**INTERROGATORY NO. 27:**

Identify how each Defendant determines where (i.e., country, city) a sale of an Accused Product occurs, including how such a determination is made within a Defendant's enterprise resource management system or otherwise.

**RESPONSE TO INTERROGATORY NO. 27:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects to this interrogatory as overly broad, unduly burdensome, and directed to information that is not relevant and not proportional to the needs of the case. In addition, ST Inc. objects to the request as not being limited by the relevant damages period.

Subject to and without waiving the foregoing objections, ST Inc. states that under Rule 33(d), the data contained in ST-PURDUE_00084329 shows the relevant data for each sale.

**INTERROGATORY NO. 28:**

Identify and describe any non-infringing alternatives or design-arounds that You allege exist for the patent-in-suit, including whether or not You have implemented any of these alleged non-infringing alternatives or design-arounds.

**RESPONSE TO INTERROGATORY NO. 28:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects to this interrogatory as overly broad, unduly burdensome, and directed

to information that is not relevant and not proportional to the needs of the case. ST Inc. also objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. ST Inc. objects to this interrogatory as premature to the extent it seeks expert discovery in advance of the deadlines set forth in the Court's schedule, and because ST Inc.'s investigation is ongoing.

Subject to and without waiving the foregoing objections, ST Inc. states that the Accused Products do not infringe claim 9 Patent-in-Suit and therefore do not require any non-infringing alternatives or design-arounds. ST Inc. further states that it is aware of at least the following potential non-infringing alternatives or design-arounds that that exist for claim 9 of the Patent-In-Suit:

- using its current products because they do not infringe;

- using silicon MOSFETs;

- using alternative wide bandgap materials other than silicon carbide (e.g., gallium nitride);

- using alternative arrangements of first and second base contact regions defined in the first and second source regions that are not spaced apart from each other in a direction parallel to the longitudinal axis defined by the first and source electrodes (e.g., ladder and stripe designs[1]);

- a JFET region defined between the first source region and the second source region, the JFET region having a width that is more than three micrometers; and

- the prior art identified in each of Defendants' invalidity contentions.

---

[1] *See, e.g.*, Dr. Potera deposition dated 9/22/2022 at pp. 104-107.

ST Inc.'s investigation is ongoing, and ST Inc. will supplement as it continues its investigation into this issue. Further, ST Inc. expects that additional facts and information will be contained in the testimony and reports of ST Inc.'s expert and fact witnesses.

**INTERROGATORY NO. 29:**

Explain the factual and evidentiary basis for Your inequitable conduct defense, including the factual and evidentiary basis for Your claim that the allegedly nondisclosed art was not cumulative or immaterial and any facts or evidence supporting Your allegation that Plaintiff intended to defraud the patent office.

**RESPONSE TO INTERROGATORY NO. 29:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects to this interrogatory as overly broad, unduly burdensome, and directed to information that is not relevant and not proportional to the needs of the case. ST Inc. also objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. ST Inc. objects to this interrogatory as premature to the extent it seeks expert discovery in advance of the deadlines set forth in the Court's schedule, and because ST Inc.'s investigation is ongoing.

**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 29:**

Based on its investigation to date and subject to and without waiving its objections, ST Inc. further responds as follows:

In addition to the evidence and contentions referenced in Defendant's Amended Answers (ECF 225-226), Defendants provide the following information.  Prior to the filing of Patent

Application No. 11/338,007 (007 application) on January 5, 2006, and throughout the prosecution

of the 077 application, which eventually issued as U.S. Patent 7,498,633 (633 Patent) on March 3,

2009, Purdue, and the inventor James Cooper, knew of information material to the patentability of

claims 9 and 10 of the '633 Patent and purposely withheld that information from the Patent

Examiner. Purdue and Dr. Cooper knew about publications and works by Dr. Cooper and others

disclosing: (a) JFET widths in SiC MOSFETs of less than about 3um and about 1um on or before

November 2000; and (b) spaced apart base regions in SiC MOSFETs as early as September 2003.

The Patent Office would not have allowed the claims had it been aware of this non-cumulative and

undisclosed information.  Purdue and Dr. Cooper knew this information to be non-cumulative and

but-for material to the patentability of the claims.  The single most reasonable inference to be

drawn from the above evidence is that Purdue and Dr. Cooper intended to deceive the Patent

Office.  The undisclosed information was not cumulative because the Patent Office did not have

before it prior art disclosing: (a) JFET widths in SiC MOSFETs of less than about 3um and about

1um; and (b) spaced apart base regions in SiC MOSFETs.  In addition, also before the filing of the

007 application and throughout the prosecution of that application, Purdue and the inventor James

Cooper knew of information material to the patentability of claims 9 and 10 of the 633 Patent that

contradicted arguments made to the Patent Office regarding silicon MOSFET structures allegedly

being inapplicable to silicon carbide MOSFETs.  Specifically, Purdue and Dr. Cooper knew about

publications and works by Dr. Cooper and others disclosing silicon MOSFET structures being

applicable to silicon carbide MOSFETs as early as September 2003.  Publications and works

contradicting arguments made to the Patent Office are *per se* material.  Purdue and Dr. Cooper

also failed to disclose in the 007 application what the named inventors knew before the filing of

the 007 application to be the best mode of practicing their claimed purported invention.  These

additional facts further support finding that the single most reasonable inference to be drawn from the above evidence is that Purdue and Dr. Cooper intended to deceive the Patent Office.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 28[2]:

All corporate records of each Defendant, including but not limited to articles of incorporation, operating agreements, bylaws, amendments, minutes, notes, and resolutions from all corporate meetings, statements of information, stock registers/ledgers (including information on what and when consideration was paid for stock), stock certificates, shareholder buy/sell agreements, annual reports, capital contribution information, dividend payment records, tax returns, tax filings, balance sheets, financial statements, profit and loss statements, and any documents that show who is an officer and director of each Defendant.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, ST Inc. states that it will produce its articles of incorporation, annual reports, and reports filed with the SEC.

---

[2] This is the second Request for Production No. 28. Plaintiff's Seventh Set of Discovery Requests to STMicroelectronics, Inc. end with Request for Production No. 28.

**REQUEST FOR PRODUCTION NO. 29:**

All contracts with a Defendant as a party that include a cross-default provision with another contract entered into by another Defendant.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.

**REQUEST FOR PRODUCTION NO. 30:**

All correspondence, emails, reports, notes, and memoranda from one Defendant to at least one other Defendant regarding or related to SiC MOSFETs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. In addition, ST Inc. objects to the request for emails since the Court's orders and OGP states "the Court will not require general search and production of email or other electronically stored information (ESI) related to email (such as metadata), absent a showing of good cause."

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.

**REQUEST FOR PRODUCTION NO. 31:**

All documents that were used, relied on, or reviewed in preparing Defendants' answers to all interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects to this interrogatory as overly broad, unduly burdensome, and directed to information that is not relevant and not proportional to the needs of the case. ST Inc. also objects to this interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. ST Inc. objects to this interrogatory as premature to the extent it seeks expert discovery in advance of the deadlines set forth in the Court's schedule, and because ST Inc.'s investigation is ongoing.

Subject to and without waiving the foregoing objections, ST Inc. states that any documents used in preparing ST Inc.'s answers to Purdue's interrogatories have been produced, and many of which are identified in ST Inc.'s interrogatory responses.

**REQUEST FOR PRODUCTION NO. 32:**

All employee handbooks of each Defendant in effect during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.

**REQUEST FOR PRODUCTION NO. 33:**

Each Defendant's quarterly and annual financial statements during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, ST Inc. states that it will produce its reports to the SEC.

**REQUEST FOR PRODUCTION NO. 34:**

All presentations, analyses, and documents related to pricing the Accused Products, including documents related to the initial pricing of the Accused Products and documents analyzing or addressing changes in pricing through present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.

**REQUEST FOR PRODUCTION NO. 35:**

All documents sufficient to show the accounting policies that are followed with respect to recording sales or revenues generated by the making, selling, or using of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.

**REQUEST FOR PRODUCTION NO. 36:**

All documents related to the market/s in which Defendants compete, Defendants' competitors, the relevant industry, the competitive products, any changes in the level and nature of competition since the launch of the Accused Products, and strategic and competitive analyses and presentations, including competitive analyses and information on sales wins and losses and any survey or study related to the Accused Products through present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.

**REQUEST FOR PRODUCTION NO. 37:**

All documents related to any policy, practice, or custom of each Defendant with respect to intellectual property licenses or royalties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, ST Inc. states that it does not have any a written policy for IP licenses or royalties.

**REQUEST FOR PRODUCTION NO. 38:**

All documents that relate to or constitute advertising or marketing of the Accused Products, including but not limited to all descriptive and promotional materials concerning each Accused Product and products containing the same made, offered for sale, or sold by or for each Defendant, press releases and trade journal articles describing the Accused Products, advertisements, catalogues, materials prepared for use in trade meetings and conventions, package inserts, technical data sheets, specifications, price lists, sales presentations to customers or potential customers and any other materials promoting or describing such products, including sales and promotional literature and other documents which describe and compare the features of the Accused Products, including brochures, customer proposals, and correspondence for each.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, ST Inc. states that it has produced data sheets, presentations, webinars, and promotional materials available from the www.st.com.

**REQUEST FOR PRODUCTION NO. 39:**

All documents relating to the SiC MOSFET market, including any studies, reports, or analyses relating to market share, market demand, market segments, competition, consumer surveys, revenue, Total Available Market, and the Serviceable Available Market.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case.

Subject to and without waiving the foregoing objections, ST Inc. states that it has produced its forecasts.

**REQUEST FOR PRODUCTION NO. 40:**

All documents relating to any products that compete with any Accused Product, including any analyses of the strengths or weaknesses of those products compared to any Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.

**REQUEST FOR PRODUCTION NO. 41:**

All documents discussing or referencing the quality, value, acceptability, workability, performance, or benefits of any Accused Product, including communications praising, criticizing, or otherwise commenting on the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous. ST Inc. also objects to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.


**REQUEST FOR PRODUCTION NO. 42:**

All documents that identify features that contribute to the value of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it has produced the datasheets and other marketing materials from st.com for the products, and the technical

information identified in response to Interrogatory No. 3.  To the extent Purdue is looking for more, ST Inc. is willing to meet-and-confer regarding this request.

**REQUEST FOR PRODUCTION NO. 43:**

For Accused Products sold both in and out of the United States, documents sufficient to fully describe the forecasted and actual revenue generated by and costs and profits associated with the Accused Products and any non-accused products offered for sale or sold with the Accused Products, including gross and net revenue received, cost of goods sold and operating costs including distribution costs, commercialization costs, sales costs, marketing and advertising costs, general and administrative costs and any allocations, and the basis for such allocations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it has produced forecasts and sales data for the Accused Products.

**REQUEST FOR PRODUCTION NO. 44:**

Budgets, forecasts, and budget versus forecast documents for the Accused Products and the Sic MOSFET market during the Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not

relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it has produced forecasts and sales data for the Accused Products.

**REQUEST FOR PRODUCTION NO. 45:**

All documents sufficient to identify each of Defendant's partners, distributors, resellers, and/or customers for the Accused Products, as well as the quarterly revenue, profit, costs, and units associated with each partner, distributer, reseller, and/or customer, and any fixed or one-time revenue costs associated with each partner, distributor, reseller, and/or customer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it has produced forecasts and sales data for the Accused Products.

**REQUEST FOR PRODUCTION NO. 46:**

All documents sufficient to identify each entity to whom each Defendant has sold, attempted to sell, and/or marketed any of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not

relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it has produced sales data for the Accused Products that shows each purchaser of the Accused Products.

**REQUEST FOR PRODUCTION NO. 47:**

All license agreements, technology transfer agreements, royalty agreements, cross-licenses, covenants not to sue, settlement agreements, or related intellectual property agreements relating to SiC MOSFETs (including the Accused Products), or similar or related products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it has produced all licenses agreements within the scope of the Court's order at ECF 117.

**REQUEST FOR PRODUCTION NO. 48:**

All documents related to any non-infringing alternative to or design-around of the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects to this request as overly broad, unduly burdensome, and directed to information that is not relevant and not proportional to the needs of the case. ST Inc. also objects to this interrogatory to the extent that it seeks documents and information that are protected from

discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. ST Inc. objects to this request as premature to the extent it seeks expert discovery in advance of the deadlines set forth in the Court's schedule, and because ST Inc.'s investigation is ongoing.

Subject to and without waiving the foregoing objections, ST Inc. states that it has produced responsive documents, such as the prior art disclosed in Defendants' various invalidity contentions. Should additional documents be revealed during ST Inc.'s investigation and/or discovery, ST Inc.'s will produce relevant, non-privileged documents that it becomes aware of that show non-infringing alternatives or design-arounds for claim 9 of the patent-in-suit.

**REQUEST FOR PRODUCTION NO. 49:**

All documents supporting Your response to Interrogatory No. 29 regarding the factual and evidentiary basis for Your inequitable conduct defense.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects to this request as overly broad, unduly burdensome, and directed to information that is not relevant and not proportional to the needs of the case. ST Inc. also objects to this interrogatory to the extent that it seeks documents and information that are protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. ST Inc. objects to this request as premature to the extent it seeks expert discovery in advance of the deadlines set forth in the Court's schedule, and because ST Inc.'s investigation is ongoing. Further, the documents sought are in Purdue's custody and control.

Subject to and without waiving the foregoing objections, ST Inc. states that it has produced responsive documents, such as the prior art disclosed in Defendants' various invalidity contentions

and identified in their affirmative defenses of inequitable conduct. Should additional documents be revealed during ST Inc.'s investigation and/or discovery, ST Inc.'s will produce relevant, non-privileged documents that it becomes aware of that further demonstrate how the patent-in-suit is unenforceable due to Purdue's and/or the inventors' inequitable conduct.

**REQUEST FOR PRODUCTION NO. 50:**

All documents identifying, referring to, or relating to each item of actual or potential prior art to the Asserted Patent known to Defendant or which Defendant may or intends to rely upon in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects to this request as overly broad, unduly burdensome, and directed to information that is not relevant and not proportional to the needs of the case. ST Inc. also objects to this interrogatory to the extent that it seeks documents and information that are protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege or protection. ST Inc. objects to this request as premature to the extent it seeks expert discovery in advance of the deadlines set forth in the Court's schedule, and because ST Inc.'s investigation is ongoing. Further, some of the documents sought are in Purdue's custody and control.

Subject to and without waiving the foregoing objections, ST Inc. states that it has produced responsive documents, such as the prior art disclosed in Defendants' various invalidity contentions. Should additional prior art documents be revealed during ST Inc.'s investigation and/or discovery, ST Inc. will produce relevant, non-privileged responsive documents.

**REQUEST FOR PRODUCTION NO. 51:**

All known Bills of Materials that include the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.

**REQUEST FOR PRODUCTION NO. 52:**

All documents sufficient to identify the cost to You in making the Accused Products, how those costs are determined, and the revenue derived from selling the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that will produce cost information related to the Accused Products.

**REQUEST FOR PRODUCTION NO. 53:**

All documents sufficient to identify Your gross margins in selling the Accused Products and how those gross margins are calculated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it will produce data to calculate the gross margins for the Accused Products.

**REQUEST FOR PRODUCTION NO. 54:**

In instances where an Accused Product is a component part in a larger subsystem, all documents sufficient to identify how You internally determine the cost of the Accused Product as a component and Your ultimate determination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it will produce cost information related to the Accused Products.

**REQUEST FOR PRODUCTION NO. 55:**

All documents evincing the terms and conditions under which You sell the Accused Products, including purchase orders and supply agreements. These documents should include information on choice of law, product delivery locations, and payment locations (where payments are to be sent to You).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it will produce agreements with the customers/distributors for the Accused Products.

**REQUEST FOR PRODUCTION NO. 56:**

All documents sufficient to identify how Your United States-based distributors, manufacturers, representatives, and salespersons are compensated, including when a sale is attributed to a particular United States-based distributor, manufacturer, representative, or salesperson and how any commissions or sales-based compensation or bonuses are calculated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.

**REQUEST FOR PRODUCTION NO. 57:**

All documents identifying lead times and capacity allocations for the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.

**REQUEST FOR PRODUCTION NO. 58:**

All documents identifying the non-recurring engineering costs charged to customers that purchased the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.

**REQUEST FOR PRODUCTION NO. 59:**

All documents and communications with and involving any Tesla entity, including Tesla Motors Netherlands B.V. and/or Tesla Motors, Inc. (USA) related to the Accused Products or systems/sub-systems/modules that contain the Accused Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous. ST Inc. also objects to this request to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.

**REQUEST FOR PRODUCTION NO. 60:**

All documents sufficient to show the location (i.e., country, city, address) of the customer engineers with which Your applications engineers have worked and are working.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.

**REQUEST FOR PRODUCTION NO. 61:**

All documents sufficient to show the handling of Accused Product samples in the United States, including but not limited to documents indicating (i) the locations (i.e., country, city, address) in the United States where samples of the Accused Products are stored; (ii) requests for samples from customers and potential customers; (iii) the importation of samples; (iv) the shipment of samples; (v) the tracking of samples; and (vi) the person or entity to whom You have sent Accused Product samples.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

In addition to the foregoing General Objections, which are incorporated herein by reference, ST Inc. objects as overly broad, unduly burdensome, seeking information that is not relevant to any party's claim or defense, and disproportionate to the needs of the case. ST Inc. further objects to the request as being vague and ambiguous.

Subject to and without waiving the foregoing objections, ST Inc. states that it is willing to meet-and-confer regarding this request.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 3:**

Admit that any item of actual or potential prior art to the Asserted Patent referenced in Request for Production No. 50 lacks a segmented base.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

ST Inc. objects to this request as vague and ambiguous as it is unclear that is being referred to as a "segmented base." Given the ambiguity of the language, ST Inc. cannot admit or deny this request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that any item of actual or potential prior art to the Accused Patent referenced in

Request for Production No. 50 lacks a JFET width of less than 3 μm.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Denied.

March 10, 2023

Respectfully submitted:

By: _  /s/ Michael D. Hatcher_____
**Bruce S. Sostek**
   SBN 18855700
   Bruce.Sostek@hklaw.com
**Richard L. Wynne, Jr.**
   SBN 24003214
   Richard.Wynne@hklaw.com
**Justin S. Cohen**
   SBN 24078356
   Justin.Cohen@hklaw.com
**Dina W. McKenney**
   SBN 24092809
   Dina.McKenney@hklaw.com
**Catherine L. Reynolds**
   SBN 24107599
   Cate.Reynolds@hklaw.com

**HOLLAND & KNIGHT LLP**
   One Arts Plaza
   1722 Routh St., Suite 1500
   Dallas, Texas 75201
   214.969.1700

**Max Ciccarelli**
   SBN 00787242
   max@ciccarellilawfirm.com

**CICCARELLI LAW FIRM**
   100 N. 6th Street, Suite 502
   Waco, Texas 76701
   214.444.8869

**Thomas N. Tarnay**
   SBN 24003032
   ttarnay@tarnaylaw.com

**THOMAS TARNAY PLLC**
   2103 Virginia Place
   Plano, Texas 75094
   214.395.8212

**Michael J. Bettinger**
   mbettinger@sidley.com

**SIDLEY AUSTIN LLP**
 555 California Street, Suite 2000
 San Francisco, CA 94104
 (415) 772-1200

**Michael D. Hatcher**
 mhatcher@sidley.com

**SIDLEY AUSTIN LLP**
 2021 McKinney Ave, Suite 2000
 Dallas, TX 76092
 (214) 981-3300

ATTORNEYS FOR DEFENDANTS
STMICROELECTRONICS, INC. AND
STMICROELECTRONICS INTERNATIONAL N.V.

## CERTIFICATE OF SERVICE

I certify that on March 10, 2023, the foregoing document was served via electronic mail on counsel of record for Plaintiff.

*/s/ Michael D. Hatcher*
Michael D. Hatcher