# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>STMICROELECTRONICS INTERNATIONAL N.V.<br>AND STMICROELECTRONICS, INC.,<br><br>Defendants. | No. 6:21–CV–727–ADA-DTG<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO
## PLAINTIFF'S NOTICE OF RULE 30(B)(6) DEPOSITIONS

Pursuant to the Federal Rules of Civil Procedure, Defendants STMicroelectronics International N.V. and STMicroelectronics, Inc. (collectively, "ST") hereby submit their objections to Plaintiff The Trustees of Purdue University's ("Purdue") Notice of Rule 30(b)(6) Depositions of Defendants ("Notice").

## PRELIMINARY STATEMENT

1.      Defendants object to Purdue's attempt to treat STMicroelectronics International N.V. and STMicroelectronics, Inc. as a single entity. Defendants will designate a single witness on certain topics, and designate separate corporate representatives whenever appropriate given that STMicroelectronics International N.V. and STMicroelectronics, Inc. are separate companies and separate legal entities.

2.      By responding to the Notice, ST does not waive any objection that may be applicable to: (1) the use, for any purpose, of any information or testimony given in response to the Notice; or (2) the admissibility, privilege, relevancy, authenticity, or materiality of any of the

1

information or testimony to any issue in the case. ST expressly reserves the right to object to the use of any information or testimony given in response to the Notice during any subsequent proceeding, including the trial of this or any other action.

3.      ST's responses to the Notice are made to the best of ST's present knowledge, information, and belief. Discovery in this case and ST's investigation is ongoing, and these Responses therefore are at all times subject to reasonable supplementation and amendment as discovery in this matter progresses.

4.      Any Responses agreeing to designate one or more witnesses to provide testimony regarding non-objectionable aspects of a Topic are subject to ST's determination of a time and place for such testimony.

5.      By stating that it will provide information or produce a witness in response to any particular Topic, ST makes no representation that any such non-privileged information exists. No incidental or implied admissions are intended by these Responses. The mere fact that ST has responded to a Topic should not be taken as an admission that ST admits the existence of any non-privileged facts set forth or assumed by such Topic, and each such response should be understood to be limited to providing non-privileged information only, and only to the extent and in the form maintained in the ordinary course of business.

## **GENERAL OBJECTIONS**

6.      ST objects to each Topic to the extent that it purports to impose obligations not required by the Federal Rules of Civil Procedure or this Court's orders or local rules.

7.      ST objects to each Topic to the extent that it seeks information protected by the attorney-client privilege, work-product doctrine, common interest privilege, or other applicable privilege or protection.

8.      ST objects to each Topic as overly broad to the extent that those Topics purport to require ST to respond on behalf of any entity other than ST, ST will respond on behalf of itself only.

9.      ST objects to the definition of "Defendants," "ST," "You," or "Your" as overly broad, unduly burdensome, seeking irrelevant information, and as not being proportional to the needs of this case because those terms are broader than the  two defendants, namely STMicroelectronics International N.V. and STMicroelectronics, Inc.  ST will define these terms as being limited to STMicroelectronics, Inc. and STMicroelectronics International N.V.

10.     ST objects to the definition of "patent-in-suit" as overly broad, unduly burdensome, as seeking irrelevant information, and as not being proportional to the needs of the case.  ST will define this term as referring to U.S. Patent No. 7,498,633.

11.     ST objects to the definition of "End User" as overly broad, vague and ambiguous, unduly burdensome, as seeking irrelevant information, and as not being proportional to the needs of the case.  ST will define this term as referring to users that are downstream from ST.

12.     ST objects to the definition of "Accused Products" as overly broad, unduly burdensome, as seeking irrelevant information, as not being proportional to the needs of the case, and as incorrectly implying that the products in the definition have been accused, infringe, or are subject to infringement of a U.S. patent.  Solely for purposes of this deposition notice—and providing objections and indicating whether a witness will be produced on a topic—ST will interpret the term Accused Products to refer to the SiC MOSFET products about which Defendants have produced sales and technical information, including the updated sales data to be produced on or about March 10, 2023.  Such use of the term "Accused Products" is not an admission that these

products have been properly accused in this case, that such products infringe, or are subject to infringement of a U.S. patent.

13.     ST objects to the definition of "Document" as internally inconsistent and as potentially seeking to impose obligations beyond those provided for in the Federal Rules of Civil Procedure.  ST will give this term the meaning it has under the Federal Rules of Civil Procedure 34(a).

14.     ST objects to each and every topic that lacks a specific timeframe as vague, ambiguous, overly burdensome, and seeking irrelevant information.

## OBJECTIONS AND RESPONSES TO TOPICS

In addition to each of the foregoing objections, ST provides the following objections to the Topics:

1.  The factual basis for Your responses to Plaintiff's interrogatories.

**Response**: ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  This Topic incorporates an unreasonable number of topics and, as written, includes too much detail to prepare a witness since ST's interrogatory responses span numerous other topics that necessarily require separate witnesses.  Accordingly, ST will not designate a single corporate representative to testify regarding this Topic.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify about the verification(s) of the interrogatories and steps taken to make the verifications. Further, ST's designated corporate representative on a particular topic (e.g., sales) will testify about the factual basis for any interrogatory responses that fall within that topic (e.g., sales).

2. As to Defendants' enterprise resource planning ("ERP") system(s):

    a. what modules are included in each ERP system;

    b. the functionality of each ERP system module;

    c. how the ERP systems are accessed (including whether access to the system can be (i) remote via the worldwide web; (ii) controlled through the limitation of privileges (e.g. "read only" mode); (iii) monitored; and (iv) tracked as to what is downloaded, printed, or viewed); tracking, reliability testing, procurement management, marketing automation, project service resource management, manufacturing, finance, procurement) and how custom reports can be ordered, the frequency with which the reports are generated, and who has access to each report.

**<u>Response</u>**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, seeking irrelevant information, unduly burdensome, and not proportional to the needs of this case.  ST also objects because the Court has limited discovery related to the ERP system to identifying the name of the system, which ST has already done through an interrogatory.

    Subject to and without waiving these objections, ST will designate a corporate representative to testify regarding this Topic consistent with the Court's rulings at the February 23, 2023 discovery hearing.

3. As to Defendants' customer resource management ("CRM") system(s):

    a. the CRM systems' functionality;

    b. how the CRM systems can be accessed and monitored, including whether access can be (i) remote via the worldwide web; (ii) controlled through the limitation of privileges (e.g.

"read only" mode); (iii) monitored; and (iv) tracked as to what is downloaded, printed, or viewed;

c.  the reports Defendants generate using the CRM system(s) related to customer interactions (including the design win process, the provision of samples, applications engineering contacts, end user applications, reliability testing, and forecasting) and any custom reports, the frequency with which the reports are generated, and the individuals with access to the reports.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  The system that would be closest to falling within the scope of this Topic is used by ST as an "opportunity tracker."  While the system has some information about what salespeople might perceive to be the potential size of opportunities, the information in that system has not been vetted by management.  This system does not constitute ST's forecasting for management purposes.  The forecasting information used by management is in a different system, and information from that system has already been produced.  As such, preparing a witness to discuss this Topic as requested is unduly burdensome, and the Topic seeks irrelevant information, and is not proportional to the needs of the case.

Subject to and without waiving these objections, ST will not designate a corporate representative to testify regarding this Topic.

4.  As to sales, use, or monetization of the Accused Products, Defendants' revenues, assigned costs, profit margins, and total profits.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this

case.  Additionally, the use of the term "monetization" in the context of this Topic is vague.  ST further objects to this Topic since it is not bounded by any timeframe.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about cost and sale information concerning the Accused Products from July 2015 to the present, including revenues, assigned costs, and profit margins.

5.  All known End Users for the Accused Products.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  ST further objects to this Topic since it is not bounded by any timeframe.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about the End Users for the Accused Products.

6.  For each End User of the Accused Products, whether the Defendants provide applications engineering, and if so where the applications engineers are located and how records of their work are kept.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about how its applications engineers support certain End Users with respect to the Accused Products.

7.  All known End Products incorporating any of the Accused Products.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  ST also objects to this Topic as being unduly burdensome because ST does not have a way to reliably track this information.  To the extent customers share information about potential uses of the Accused Products, this information is usually communicated orally or through emails.  Questioning a large number of sales and marketing people to determine what discussions they recall is unduly burdensome and not proportional to the needs of the case.  To the extent such information may be present in emails, this Court's rules state that emails are not subject to discovery, except in certain circumstances not currently present in this case, and requiring a witness to search those emails to prepare for this topic would circumvent the Court's rules, and would be unduly burdensome and not proportional to the needs of the case.

Subject to and without waiving these objections, ST will not designate a corporate representative to testify regarding this Topic.  ST is willing to meet-and-confer regarding the scope of this Topic.

8.  All known Bills of Materials (BOMs) that include the Accused Products, and for each BOM:

    a.  the End User;

    b.  the End Products;

    c.  the place of assembly or manufacture of the End Products; and

    d.  where the BOMs are kept, maintained or stored.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  ST objects to this topic as being unduly burdensome because ST does not have a way to

reliably track this information.  To the extent customers share BOMs that include the Accused Products, this information is usually communicated orally or through emails.  Questioning a large number of sales and marketing people to determine what discussions they recall is unduly burdensome and not proportional to the needs of the case.  To the extent such information may be present in emails, this Court's rules state that emails are not subject to discovery, except in certain circumstances not currently present in this case, and requiring a witness to search those emails to prepare for this topic would circumvent the Court's rules, and would be unduly burdensome and not proportional to the needs of the case.  ST also objects to this topic to the extent that Plaintiff does not have a document request addressing this information because the information sought through this Topic is better obtained through a document request.  It would be unreasonable to ask a witness to recall all this information without having documents to facilitate the deposition.

Subject to and without waiving these objections, ST will not designate a corporate representative to testify regarding this Topic.  ST is willing to meet-and-confer regarding the scope of this Topic.

9.  A description of how Defendants realize, recognize, and classify revenues from the Accused Products, including a description of Defendants' methodology for characterizing revenue as U.S. or international for U.S. tax purposes.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  ST objects to this Topic in that the wording "methodology for characterizing revenue as U.S. or international for U.S. tax purposes" is vague and ambiguous.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about the costs and sales of the Accused Products from July 2015 to the present, including revenues, assigned costs, and profit margins .

10. Defendants' accounting practices pertaining to the Accused Products, including Defendants' methods of accounting for revenues, costs, profits, methods or depreciation, allocation of expenses, inventory measurements, profit allocation, losses, and assignments of debt.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  ST also objects to the portions of this topic dealing with "methods or depreciation," "inventory measurement," and "assignment of debt" as being vague, unduly burdensome, seeking irrelevant information, and as not being proportional to the needs of the case.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about the revenues, costs, and profits for the Accused Products, as well as any allocation of expenses (e.g., depreciation) that is assigned to the Accused Products, from July 2015 to the present.

11. The countries in the world in which any of the Accused Products are sold, subscribed to, used, or monetized and the manner in which Defendants distribute the Accused Products to those countries.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  ST also objects to the portions of this topic dealing with "subscribed to" and "monetized" as being vague.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify about the shipping information in its produced sales reports for the Accused Products.

12. The identities of Defendants' partners, distributors, resellers, and/or customers for the Accused Products, as well as the quarterly revenue, profit, costs, and units associated with each partner, reseller, and/or customer, and any fixed or one-time revenue and costs associated with each partner, reseller, and/or customer.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  ST also objects to the portions of this topic dealing with "partners" as being vague.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify regarding the identity of Defendants' distributors, resellers, and customers for the Accused Products, as well as the revenue associated with the distributors, resellers, and customers, from July 2015 to the date through which Defendants have produced such information.

13. The sales channels and/or supply chains for the Accused Products, including any designs or customized devices generated based on the Accused Products.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify regarding sales channels for the Accused Products, the supply of wafers for the Accused Products, and customized versions of the Accused Products, if any.

14.  The commercialization and launch strategy for the Accused Products.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about this Topic.

15. The amount of sales, uses, subscriptions, monetization, costs, or revenues related to the Accused Products purportedly occurring outside the United States, and the basis for any contention that such sales, uses, subscriptions, monetization, costs, or revenues occur outside the United States.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  ST also objects to the portions of this topic dealing with "subscriptions" and "monetization" as being vague.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify about the sales of the Accused Products consistent with its response to Topic 4, including those sales that occurred outside of the United States.

16. For each Accused Product, the quantity of all products sold or used, including monthly sale volume, gross and net revenues from the sale of each Accused Product, profits, and projections of future sales, including the quantity sold to each purchaser and the projected price and revenue, from the earliest issue date of the patent-in-suit to the present.

**Response**: ST incorporates by reference its General Objections. ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case. ST further objects to this topic as being overly broad in that it is not limited to a period potentially relevant to potential damages in this case.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify about the sales of the Accused Products consistent with its response to Topic 4, as well as , projections of future sales. In addition, ST will designate a corporate representative to testify about the earliest U.S. sales of its SiC MOSFET products.

17. The pricing of the Accused Products, including the initial pricing of the Accused Products and changes in pricing through present.

**Response**: ST incorporates by reference its General Objections. ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case. ST objects to this topic as being overly broad in that it is not limited to a period potentially relevant to potential damages in this case.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify about the sales of the Accused Products consistent with its response to Topic 4, including as to their prices.

18. The gross margins for each Accused Product and how such gross margins are calculated, including the means of calculating each cost component included in the calculation of gross margins.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  ST objects to the portions of this Topic dealing with "means of calculating" as being vague. ST also objects to this Topic as being overly broad in that it is not limited to a period potentially relevant to potential damages in this case.  ST also objects to this Topic to the extent it purports to seek the discussion of every single component of cost rather than categories of such costs as being overly broad, unduly burdensome, seeking irrelevant information, and not being proportional to the needs of the case.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify about the sales of the Accused Products consistent with its response to Topic 4.

19. As to the financial records and/or summary documents produced by You in this litigation that purport to reflect Defendants' revenues from sales, uses, or monetization of the Accused Products, the circumstances under which those records were generated, the accounting methods and practices employed in generating such records, the underlying data from which such records were generated, and the explanation of any terms or legends in such records.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  Additionally, the use of the term "monetization" in the context of this Topic is vague.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify about how the sales reports produced in this case were generated, and the contents of those reports consistent with Topic 4.

20. License agreements, technology transfer agreements, royalty agreements, cross-licenses, covenants not to sue, settlement agreements, or related intellectual property agreements relating to the manufacture, use, and sale of the Accused Products or to Defendants' damages contentions that Defendants (or its affiliates or assigns) have entered into from 2009 to the present.

**Response**: ST incorporates by reference its General Objections. ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case. ST also objects to this topic as being overly broad in that it is broader than how the Court has limited discovery into license agreements.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify about the license agreements that ST has produced in this litigation.

21. From 2009 to the present, Defendants' evaluations of patents or other proprietary technology relating to the Accused Products, and the methodologies used by Defendants for determining values or royalty rates for licensing of such technology.

**Response**: ST incorporates by reference its General Objections. ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. ST also objects to this Topic as being overly broad in that it is broader than how the Court has limited discovery into license agreements. To the extent this

15

topic seeks information into license agreements into which the Court has allowed discovery, this topic is duplicative of Topic 20.

Subject to and without waiving these objections, ST will not designate a corporate representative to testify regarding this Topic. ST is willing to meet-and-confer regarding the scope of this Topic.

22. All reverse engineering of SiC MOSFETs by Defendants, and for each:

   a. when the reverse engineering occurred;

   b. who performed the reverse engineering;

   c. why the reverse engineering was performed;

   d. who had and has access to the reverse engineering results;

   e. the cost of the reverse engineering; and

   f. whether and how the SiC MOSFETs reverse engineered have the same or similar features as the Accused Products, and if so why.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  ST further objects to this Topic as exceeding the scope of discovery agreed to by the parties and ordered by the Court.  With respect to reverse engineering of ST's own products, the parties agreed to limit discovery to "reverse engineering reports regarding ST's SiC MOSFET products that collect relevant information in a convenient fashion." With respect to the portion seeking cost information regarding the reverse engineering, this information is not relevant.

Subject to and without waiving these objections, ST states as follows: ST will present a corporate representative to testify about the contents of the reports produced at ST-PURDUE_00088855-ST-PURDUE_00089449.

23. Any patents or proprietary technology exclusively licensed by Defendants related to the Accused Products.

**Response**: ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  ST further objects to this Topic as exceeding the scope of discovery agreed to by the parties and ordered by the Court.  This Topic has nothing to do with infringement, validity, or damages.

Subject to and without waiving these objections, ST will not designate a corporate representative to testify regarding this Topic. ST is willing to meet-and-confer regarding the scope of this Topic.

24. All agreements where Defendants have licensed their intellectual property, including their patents or technology, related to the Accused Products or similar products.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  ST further objects to this Topic as being overly broad in that it is broader than how the Court has limited discovery into license agreements.

Subject to and without waiving these objections, ST states as follows: To the extent this topic seeks information into license agreements into which the Court has allowed discovery, this topic is duplicative of Topic 20.  ST is therefore not presenting a witness on this Topic.  If Plaintiff

17

can better explain precisely what it is looking for and why it is relevant and not overly burdensome, ST will consider presenting a witness on additional subject matter.

25. Defendants' policies and practices concerning licensing, including any standard or preferred terms for license agreements and the process by which Defendants determine the nature, scope, and terms of license agreements in which Defendants (or its affiliates or assigns) is a licensee.

**Response**: ST incorporates by reference its General Objections. ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case. ST further objects to this Topic as being overly broad in that it is broader than how the Court has limited discovery into license agreements.

Subject to and without waiving these objections, ST states as follows: To the extent this topic seeks information into license agreements into which the Court has allowed discovery, this topic is duplicative of Topic 20. ST is therefore not presenting a witness on this Topic. If Plaintiff can better explain precisely what it is looking for and why it is relevant and not overly burdensome, ST will consider presenting a witness on additional subject matter.

26. From 2009 to the present, Defendants' marketing and financial plans, market studies, reports, forecasts, surveys, strategies, and projections for the sale, use, or monetization of the Accused Products, including a general description of Defendants' media and advertising campaigns relating to the Accused Products.

**Response**: ST incorporates by reference its General Objections. ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case. ST also objects to this Topic as being overly broad in that it is not limited to a period

potentially relevant to potential damages in this case.  Additionally, the use of the term "monetization" in the context of this Topic is vague.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about this Topic only as it relates to the time period from July 2015 until the of the date for which sales information has been produced, and in connection with the time around November 2013 (the time of the hypothetical negotiation).  If Plaintiff can better explain precisely what it is looking for and why it is relevant and not overly burdensome, ST will consider presenting a witness on additional subject matter.

27. Defendants' acquisitions of technologies (including but not limited to acquisitions or mergers with companies previously holding such technology), including a description of amounts paid for any such acquisition and any analyses performed by Defendants and/or third parties forming a basis for said amounts; a description of the circumstances surrounding the acquisition; a description of the acquired technologies; any intellectual property held by the acquired company; any analysis related to the intellectual property or technology held by the acquired company done by Defendants (including any person paid by Defendants to advise on the acquisition or merger such as consultants, investment bankers, and any affiliates) or a third party prior to the merger or acquisition; and a description of the efforts undertaken by Defendants to implement any technology, functionality, feature, or products into the Accused Products.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.

ST will not designate a corporate representative to testify regarding this Topic.  If Plaintiff can better explain precisely what it is looking for and why it is relevant and not overly burdensome, ST will consider presenting a witness on additional subject matter.

28. Why Defendants entered the SiC MOSFET business.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about this Topic.

29. The importance of the Accused Products in relation to Defendants' overall revenues, profits, and strategy.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about this Topic.

30. The importance of any of specific component or feature of the Accused Products to sales or marketing of the Accused Products, and any analysis within Defendants concerning the same, including any analysis that a particular sale was made in whole or in part because of such component or feature.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about this Topic.

31. As to any TCAD Systems used to design the structure of the Accused Products:

    a.   who ran the simulations;

    b.   who determined the data to input;

    c.   how that input data was chosen;

    d.   the source of the input data;

    e.   when the simulations were run;

    f.   where the simulations were run;

    g.   the simulation results;

    h.   where the simulation results are stored and who possessed or possesses access to them;

    i.   whether the simulation results have been produced in this litigation; and

    j.   how and to whom the results of those simulations were reported.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about this Topic.

32. As to the use of TCAD Systems to design the processes to make the Accused Products:

a. who ran the simulations;

b. who decided the data to input;

c. how that input data was chosen;

d. the source of the input data;

e. when the simulations were run;

f. where the simulations were run;

g. the simulation results;

h. where the simulation results are stored;

i. whether the simulation results have been produced in this litigation; and

j. how and to whom the results of those simulations were reported.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about this Topic.

33. For each and every Accused Product:

a. the part numbering conventions used;

b. the process flows used to manufacture each device;

c. the location(s) where the Accused Products are manufactured, packaged, and tested;

d. the differences in the process flows, including how each process flow differs from the others and how those differences will manifest themselves in the Accused Products;

e. the differences in structure, how each finished SiC MOSFET die differs from the others; and

f. any modules, systems, subsystems, or other products made, used, sold, offered for sale, or imported by Defendants that include or incorporate the Accused Products.

**Response**: ST incorporates by reference its General Objections. ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about this Topic.

34. As to Your inequitable conduct affirmative defense:

a. the facts and evidentiary basis for Your claim that any undisclosed art was material to patentability;

b. the facts and evidentiary basis that the alleged undisclosed art was not cumulative of the prior art disclosed;

c. the facts and circumstances supporting your contention that Plaintiff or its prosecution counsel intended to defraud the U.S. Patent and Trademark Office;

d. the reason You did not include the allegedly material prior art in Your Petition for Inter Partes Review; and

e. the reason You did not include the alleged material prior art in Your Preliminary Invalidity Contentions.

**Response**: ST incorporates by reference its General Objections. ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case. ST further objects to this Topic because it is the purview of expert testimony. The facts regarding Plaintiff's inequitable conduct are in the possession of plaintiff. ST's expert will include the relevant information in his or her expert report.

Subject to and without waiving these objections, ST will not designate a corporate representative to testify regarding this Topic.  If Plaintiff can better explain precisely what it is looking for and why it is relevant and not overly burdensome, ST will consider presenting a witness on additional subject matter.

35. As to any non-infringing alternatives or design-arounds that You contend exist for the patent-in-suit:

    a.   the changes, e.g., to the process flows, that would be required;

    b.   how the cost of production would be affected as a result of the change(s) in (a);

    c.   how the performance of the die would be affected as a result of the changes in (a);

    d.   whether the alleged non-infringing alternative to design around was actually attempted, and if so:

        i)   when;

        ii)  where;

        iii) by whom; and

        iv) why it was not adopted.

**Response**:  ST incorporates by reference its General Objections.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about this Topic.

36. The date(s) when Defendants first became aware of or received notice of the patent-in-suit.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.

24

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about this Topic.

37. As to any other products sold, offered for sale, imported, used, or made by You that include as a component an ST SiC MOSFETs (e.g. modules, subsystems, etc.):

   a.  the ST product number;

   b.  the customer product number;

   c.  the ST product data sheet;

   d.  the ST SiC MOSFET incorporated into the ST product;

   e.  the identity of the customers to whom ST sells the product;

   f.  the identity of the End User of the ST product; and

   g.  the End Product that incorporates the ST product.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify generally about this Topic.

38. Identification of all prior art known to Defendants relevant to any asserted claim of the patent-in-suit.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, premature and not proportional to the needs of this case.  ST also objects to this Topic because it is the purview of expert testimony.  Such

25

prior art has already been identified through the invalidity contentions.  ST's expert will also identify such prior art in his or her expert report.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify regarding ST power MOSFETs that predates the Asserted Patent that ST relies upon in this litigation.

39. The evaluation, analysis, review, monitoring, testing, prior art searching, or investigation of the patent-in-suit, including whether any Accused Product does or does not infringe any asserted claim.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, premature and not proportional to the needs of this case.  ST's expert will address non-infringement in his or her expert report.  ST also objects to this Topic to the extent it seeks information protected by the attorney-client privilege or work-product immunity.

Subject to and without waiving these objections, ST will designate a corporate representative to testify about the relevant structures of the Accused Products and the relevant process steps for manufacturing the Accused Products consistent with its responses to various other topics such as Topics 31-33 and 50, about actual and/or potential non-infringing alternatives/alternative designs consistent with its response to Topic 35, about work on ST power MOSFETs that predates the Asserted Patent that ST relies upon in this litigation consistent with its response to Topic 35, and about how, without delving into privileged materials or communications, ST responded to Purdue's infringement allegations. To the extent Purdue is contemplating any other specific categories of facts as falling within the scope of this topic, ST is willing to consider providing a witness to provide testimony on such if Purdue identifies such

categories and confirms that they are not duplicative of Purdue's other deposition topics, but ST will not provide a witness on its contentions and/or legal conclusions.

40. The complete factual basis supporting, affirming, or disputing any contention, affirmative defense, or counterclaim by You that You do or did not infringe, either literally or under the doctrine of equivalents, any asserted claim of the patent-in-suit.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, premature and not proportional to the needs of this case.  ST's expert will address non-infringement in his or her expert report.  ST also objects to the portion of this Topic relating to infringement under the doctrine of equivalents because Plaintiff has not identified any infringement under the doctrine of equivalents to which ST can respond.  The facts relating to the remainder of this Topic have to do with the physical characteristics of the Accused Products, and ST objects to that portion of this topic as being duplicative of Topic 50.  Any explanation of why certain facts lead to a conclusion of non-infringement are the purview of expert testimony and will be provided later.

Subject to and without waiving these objections, ST will designate a corporate representative to testify about the relevant structures of the Accused Products and the relevant process steps for manufacturing the Accused Products consistent with its responses to various other topics such as Topics 31-33 and 50. To the extent Purdue is contemplating any other specific categories of facts as falling within the scope of this topic, ST is willing to consider providing a witness to provide testimony on such if Purdue identifies such categories and confirm that they are not duplicative of Purdue's other deposition topics, but ST will not provide a witness on its contentions and/or legal conclusions.

41. The features that contribute to the value that Your customers attribute to the Accused

Products.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic

as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this

case.

Subject to and without waiving these objections, ST states as follows: ST will designate a

corporate representative to testify generally about this Topic.

42. The complete factual basis to apportion any value of the patented features of the Accused

Products from the value of any unpatented features.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic

as vague, ambiguous, overbroad, unduly burdensome, premature and not proportional to the needs

of this case.  ST's expert will address apportionment in his or her expert report.  ST also objects to

this Topic because "apportion[ing] any value of the patented features of the Accused Products

from the value of any unpatented features" is the purview of the experts and will therefore be

provided later.  The factual bases underlying such determination are things like marketing for the

products and the technical details of the products, which are the subjects of other topics (for

example, Topic 41 and Topic 50), and to that extent ST objects to this Topic as duplicative.

Subject to and without waiving these objections, ST will designate a corporate

representative to testify about marketing for the Accused Products consistent with its response to

Topic 26, about features that contribute to the value of the Accused Products consistent with its

response to Topic 41, and about the relevant structures of the Accused Products and the relevant

process steps for manufacturing the Accused Products consistent with its responses to various other

topics such as Topics 31-33 and 50. To the extent Purdue is contemplating any other specific

categories of facts as falling within the scope of this topic, ST is willing to consider providing a witness to provide testimony on such if Purdue identifies such categories and confirm that they are not duplicative of Purdue's other deposition topics, but ST will not provide a witness on its contentions and/or legal conclusions.

43. Your efforts to collect and produce Documents in connection with this Action.

**Response**: ST incorporates by reference its General Objections. ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. To the extent Plaintiff believes documents have not been produced, such issues are better handled through a discovery dispute. To the extent Plaintiff has questions about what documents exist regarding a particular topic, it can ask those questions of the witnesses presented for such topics. Defendants are large corporations that have gone through very extensive and time-consuming document collection efforts. Reconstructing that process does not advance this litigation.

Subject to and without waiving these objections, ST will not designate a corporate representative to testify regarding this Topic. ST is willing to meet-and-confer regarding the scope of this Topic.

44. Your document preservation and destruction policy, including any revisions or amendments thereto from January 1, 2015, through the date of service of this Notice.

**Response**: ST incorporates by reference its General Objections. ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. There has been no suggestion that any documents that Plaintiff expected to exist do not exist or were not preserved. Defendants are large corporations

that have complex document retention strategies, and presenting a witness on such topics when document retention is not an issue in the case is overly burdensome and a waste of everyone's time.

Subject to and without waiving these objections, ST will not designate a corporate representative to testify regarding this Topic. ST is willing to meet-and-confer regarding the scope of this Topic.

45. Changes, if any, in Your efforts to preserve documents or to Your Document preservation and destruction policy since You first became aware of any claims brought by Plaintiff, and the reasons for such changes.

**Response**: ST incorporates by reference its General Objections. ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case. There has been no suggestion that any documents that Plaintiff expected to exist do not exist or were not preserved. Defendants are large corporations that have complex document retention strategies, and presenting a witness on such topics when document retention is not an issue in the case is overly burdensome and a waste of everyone's time.

Subject to and without waiving these objections, ST will not designate a corporate representative to testify regarding this Topic. ST is willing to meet-and-confer regarding the scope of this Topic.

46. Whether You produced Documents in this Action as those Documents were/are kept in the usual course of business, and the extent (if any) to which You produced Documents other than as they were kept in the usual course of business.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  There has been no suggestion that Plaintiff has been unable to use the documents produced by ST. In fact, ST provided extensive information correlating the key documents to the relevant products.  Defendants are large corporations that have gone through very extensive and time-consuming document collection efforts.  To the extent Plaintiff has questions about whether specific documents relating to the various topics were kept in the ordinary course of business, it can ask those questions of the witnesses presented for such topics.

Subject to and without waiving these objections, ST will not designate a corporate representative to testify regarding this Topic.  ST is willing to meet-and-confer regarding the scope of this Topic.

47. The locations (physical, electronic, and virtual) where any of the following Documents are stored, how they are accessed, and the persons generally who have the ability to access them, including but not limited to:

    a.  GDS files;

    b.  process flows;

    c.  data sheets;

    d.  CAD files;

    e.  BOMs;

    f.  customer contracts, purchase orders, and agreements;

    g.  supplier contracts, purchase orders, and agreements;

    h.  distributor contracts, purchase orders, and agreements;

    i.  indemnification agreements with customers;

j.  market forecasts, customer forecasts, and product forecasts for the Accused Products and other ST products that include Accused Products as components; and

k.  simulation inputs, results, and reports.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, seeking irrelevant information, and not proportional to the needs of this case.  There has been no suggestion that any documents that Plaintiff expected to exist do not exist or were not preserved.  Defendants are large corporations that have complex document repositories, and presenting a witness on such topics when the location and accessibility of documents is not an issue in the case is overly burdensome and a waste of everyone's time.

Subject to and without waiving these objections, ST will not designate a corporate representative to testify regarding this Topic.  ST is willing to meet-and-confer regarding the scope of this Topic.

48. The individuals responsible for searching for responsive Documents in this Action.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, seeking irrelevant information and not proportional to the needs of this case.  There has been no suggestion that any documents that Plaintiff expected to exist do not exist or were not preserved or produced.  Defendants are large corporations that have gone through very extensive and time-consuming document collection efforts.  Reconstructing that process does not advance the litigation.

Subject to and without waiving these objections, ST will not designate a corporate representative to testify regarding this Topic.  ST is willing to meet-and-confer regarding the scope of this Topic.

49. The status of Your Document production efforts, including a description of the files or

   Document repositories that You have not yet searched or from which you have not yet

   produced responsive Documents but which You will search or from which You intend to

   produce responsive Documents.

**Response**:  ST incorporates by reference its General Objections.  ST further objects to this Topic

as vague, ambiguous, overbroad, unduly burdensome, seeking irrelevant information, and not

proportional to the needs of this case.  There has been no suggestion that any documents that

Plaintiff expected to exist do not exist or were not preserved or produced.  Defendants are large

corporations that have gone through very extensive and time-consuming document collection

efforts.  To the extent Plaintiff believes documents have not been produced, such issues are better

handled through a discovery dispute.

   Subject to and without waiving these objections, ST will not designate a corporate

representative to testify regarding this Topic.  ST is willing to meet-and-confer regarding the scope

of this Topic.

50. The technical, functional, chemical, and/or physical characteristics of the Accused Products

   using the below representative MOSFET diagram published on ST's website at

   a.  https://www.st.com/en/power-transistors/power-mosfets.html (Figure 1), including for
       each Accused Product Die: (a) the dimensions in microns of the MOSFET die across its
       surface in the x and y directions;

   b.  the dimensions of the Front Surface of the Epitaxial (EPI) Layer and the Rear Surface of
       the Substrate;

   c.  the distance between the Front Surface of the EPI Layer and the Rear Surface of the
       Substrate;

   d.  the distance between the Front and Rear Surfaces of the Substrate;

e.  the name of each functionally and chemically distinct layers and regions in the MOSFET die;

f.  the dimensions, material composition, conductivity, and doping value of each layer and region of the MOSFET die;

g.  the dimensions and material composition of the Drain contact, Source contact, and Gate contact, including the glue layer;

h.  the layout of the Drain in relation to the Rear Surface of the Substrate;

i.  the dimensions and material composition of the Substrate;

j.  the ST name, dimensions, material composition, conductivity, and doping profile/value of any EPI layers and any Drift Regions within the MOSFET die;

k.  the number of Source Regions within the MOSFET die;

l.  the dimensions, material composition, conductivity, and doping profile/value of each Source Region;

m.  the layout of each Source Region, Base Region, insulated Gate Region, and Base Region Contact within the MOSFET die; and

n.  the number of segmented base contacts in each die.



34

**<u>Response:</u>**  ST incorporates by reference its General Objections.  ST further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case.  ST also objects to this Topic because it uses language that is subject to different interpretations by different people.  ST also objects to this Topic because Purdue has altered what it contends is Figure 1 from the cited webpage.

Subject to and without waiving these objections, ST states as follows: ST will designate a corporate representative to testify about the technical aspects of the Accused Products, using terminology normally used by ST.

March 4, 2023                                   Respectfully submitted:

                                               By:   /s/ Michael D. Hatcher
                                               **Bruce S. Sostek**
                                                  SBN 18855700
                                                  Bruce.Sostek@hklaw.com
                                               **Richard L. Wynne, Jr.**
                                                  SBN 24003214
                                                  Richard.Wynne@hklaw.com
                                               **Justin S. Cohen**
                                                  SBN 24078356
                                                  Justin.Cohen@hklaw.com
                                               **Dina W. McKenney**
                                                  SBN 24092809
                                                  Dina.McKenney@hklaw.com

                                               **HOLLAND & KNIGHT LLP**
                                                  One Arts Plaza
                                                  1722 Routh St., Suite 1500
                                                  Dallas, Texas 75201
                                                  214.969.1700

                                               **Max Ciccarelli**
                                                  SBN 00787242
                                                  max@ciccarellilawfirm.com

                                               **CICCARELLI LAW FIRM**
                                                  100 N. 6th Street, Suite 502
                                                  Waco, Texas 76701
                                                  214.444.8869

                                               **Thomas N. Tarnay**
                                                  SBN 24003032
                                                  ttarnay@tarnaylaw.com

                                               **THOMAS TARNAY PLLC**
                                                  2103 Virginia Place
                                                  Plano, Texas 75094
                                                  214.395.8212

                                               **Michael J. Bettinger**
                                                  mbettinger@sidley.com
                                               **SIDLEY AUSTIN LLP**
                                                  555 California Street, Suite 2000
                                                  San Francisco, CA 94104
                                                  (415) 772-1200

                                               **Michel D. Hatcher**
                                                  mhatcher@sidley.com

                                               **SIDLEY AUSTIN LLP**

36

2021 McKinney Ave., Suite 2000
Dallas, TX 75201
(214) 981-3300

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2023, I caused the foregoing to be electronically served upon all counsel of record.

_/s/ Michael D. Hatcher_
Michael D. Hatcher