# EXHIBIT 3



SIDLEY AUSTIN LLP
2021 MCKINNEY AVENUE
SUITE 2000
DALLAS, TX 75201
+1 214 981 3300
+1 214 981 3400 FAX

+1 214 981 3428
MHATCHER@SIDLEY.COM

AMERICA • ASIA PACIFIC • EUROPE

July 5, 2023

**VIA EMAIL**
The Honorable Judge Derek T. Gilliland
c/o Mr. Mark Scott
U.S. District Court for the Western District of Texas – Waco Division
800 Franklin Avenue
Waco, TX 76701

      Re:    <u>The Trustees of Purdue University v. STMicroelectronics, Inc. et al.</u>

Your Honor:

      We write on behalf of the STMicroelectronics defendants ("ST") regarding the purported "discovery dispute chart" Plaintiff The Trustees of Purdue University ("Plaintiff") just submitted to the Court via email to Mr. Scott. As explained more fully below, the chart is procedurally flawed. But, in any event, ST agreed not to oppose the requested extension if Plaintiff agreed with two reasonable conditions: (1) that Plaintiff not use the agreement against ST regarding ST's motion to strike and 2) that Plaintiff join ST in requesting a prompt hearing on that strike motion. Furthermore, Plaintiff's purported confidentiality designations issue is completely meritless, and illustrates why the Protective Order's required motion procedure should be followed.

      The "discovery dispute chart" seeks to present two issues to the Court: (1) the extension of two deadlines in the scheduling order; and (2) whether ST has properly maintained its confidentiality designations under the Protective Order as to certain documents. Neither of these are discovery dispute chart issues.

      First, our understanding of Your Honor's practices are that Your Honor requires scheduling order extension requests to be submitted via motion. Second, the Protective Order explicitly requires that confidentiality designation disputes be submitted via motion. Dkt. 65, ¶18 ("Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met."). In fact, as the preceding parenthetical quotation demonstrates, the Court's Protective Order envisions a very specific motion practice for confidentiality disputes, with potential consequences, *i.e.*, sanctions.

Sidley Austin (TX) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Page 2

ST specifically pointed all this out to Plaintiff, but Plaintiff has decided to proceed with submission of the chart, without the inclusion of ST's portion. ST respectfully requests the Court instruct Plaintiff to file motions if it wants to raise these issues with the Court. Plaintiff's allegations that ST seeks motion practice for delay are completely unfounded. To the contrary, as set forth below, ST offered a path (that Plaintiff rejected) to an unopposed extension motion that could have been quickly filed, and as to the confidentiality designation issue, the Protective Order provides important protections via its required motion practice no party should be forced to abandon.

As for the substance of the extension request, for now, ST simply notes that it offered to agree to not oppose the request if Plaintiff agreed (1) not to use that non-opposition against ST for purposes of ST's pending motion to strike Plaintiff's May 19 amended infringement contentions (for instance by suggesting ST agreeing to these extensions defeats ST's prejudice arguments), and (2) agreed to join with ST in requesting a prompt hearing on that strike motion. PX1 to Plaintiff's Chart at 1. Those are eminently reasonable requests directly tied to Plaintiff's extension request. That Plaintiff refused to agree not to use ST's non-opposition against ST is particularly concerning to ST.

As for the substance of the confidentiality designation dispute, it is completely meritless. The portion of the ST invalidity expert report at issue, and the confidential ST technical design documents cited in that portion of the report, involve an ST product sold in the U.S. more than a year before the earliest effective filing date of the '633 patent. That product is thus prior art under the "on sale" portion of pre-AIA Section 102(b). Even a "secret sale" creates "on sale" prior art under pre-AIA Section 102(b), and post-AIA Section 102(b) for that matter, as the Supreme Court and Federal Circuit have repeatedly held. *Helsinn Healthcare S.A. v. Teva Pharmaceuticals USA, Inc.*, 139 S.Ct. 628, 633 (2019) ("Although this Court has never addressed the precise question presented in this case, our precedents suggest that a sale or offer of sale need not make an invention available to the public. For instance, we held in *Pfaff* that an offer for sale could cause an inventor to lose the right to patent, without regard to whether the offer discloses each detail of the invention. Other cases focus on whether the invention had been sold, not whether the details of the invention had been made available to the public or whether the sale itself had been publicly disclosed. The Federal Circuit—which has "exclusive jurisdiction" over patent appeals—has made explicit what was implicit in our precedents. It has long held that "secret sales" can invalidate a patent.") (citations omitted). The cited cases in Plaintiff's chart address other types of prior art, not 102(b) "on sale" art. The "secret sale" doctrine is long-settled Black Letter law, and Plaintiff completely ignores it. There is zero basis for Plaintiff's request seeking to force ST to address via a truncated dispute chart whether ST's confidential technical documents underlying a product (that is still sold today) should be made publicly available, further illustrating that ST should not be forced to forego the protections offered by the Protective Order's specific motion practice provisions for challenging confidentiality designations.

# SIDLEY

Page 3

                                        Sincerely yours,

                                        */s/ Michael D. Hatcher*

                                        Michael D. Hatcher
                                        Partner

MDH:wlb