IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>        Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC,<br><br>        Defendants. | CIVIL ACTION NO. 6:21-CV-00727-ADA<br><br>JURY TRIAL DEMANDED |

**MOTION FOR PARTIAL SUMMARY JUDGMENT
REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES**

Plaintiff the Trustees of Purdue University ("Purdue") moves this Court for partial summary judgment as to several of ST's affirmative defenses and counterclaims, none of which has been pursued. Because no evidence exists to support these affirmative defenses, Purdue respectfully requests that the Court narrow the issues for trial and enter judgment in its favor as to these orphaned affirmative defenses and counterclaims.

    **A.    No evidence supports ST's second counterclaim and second defense regarding patent eligibility, double patenting, and inventorship.**

In its second counterclaim and second defense, subtitled invalidity, ST claims the asserted '633 Patent claims are invalid for failure to comply with "[35 U.S.C. § 101], [35 U.S.C. § 116], the non-statutory doctrine of double patenting, incorrect inventorship, and the rules, regulations, and laws pertaining thereto." Dkt. 225 ¶ 65; Dkt. 226 ¶ 65. But no evidence in any pleading, expert report, deposition, written discovery response, or other source identifies any ineligible claims or claims that violate the non-statutory doctrine of double patenting. Nor has ST identified any improperly named or omitted inventors of the subject matter claimed by any claim. ST has not disclosed any expert opinions on such issues. In fact, in response to Purdue's Interrogatory No. 7

1

seeking ST's invalidity grounds, ST identified only anticipation, obviousness, written description, enablement, and definiteness. As there are no disputed material facts and no admissible evidence to support these claims, summary judgment is warranted on ST's second counterclaim regarding patent eligibility, double patenting, and inventorship, and ST's second defense should be dismissed regarding these issues.

        **B.    No evidence supports ST's fourth defense regarding prosecution history estoppel.**

In its fourth defense, subtitled "Prosecution History Estoppel," ST claims that Purdue is estopped from construing the asserted '633 Patent claims to cover ST's products "because of admissions and statements made to the United States Patent and Trademark Office ("PTO") during prosecution of the application leading to the issuance of the '633 Patent." Dkt. 225 ¶ 67; Dkt. 226 ¶ 67. But no evidence in any pleading, expert report, deposition, written discovery response, or other source identifies any particular admissions or statements made to the PTO during prosecution that would result in such an alleged estoppel. Further, ST does not allege that Purdue or any of its experts intend to testify contrary to the Court's claim construction. As there are no disputed material facts and no admissible evidence supporting ST's prosecution history estoppel defense, summary judgment is warranted and ST's fourth defense should be dismissed.

        **C.    No evidence supports ST's fifth defense regarding license and exhaustion.**

In its fifth defense, titled "License/Exhaustion," ST claims that "Purdue's claims are precluded under the doctrine of implied or express license, or by the doctrine of patent exhaustion." Dkt. 225 ¶ 68; Dkt. 226 ¶ 68. But no evidence in any pleading, expert report, deposition, written discovery response, or other source mentions or suggests that Purdue or any successor-in-interest actually or impliedly authorized the manufacture, use, sale, offer for sale, or importation of any ST SiC MOSFET or any product incorporating an ST SiC MOSFET. As there are no disputed

material facts and no admissible evidence supporting ST's license and exhaustion defense, summary judgment is warranted and ST's fifth defense should be dismissed.

### D. No evidence supports ST's eighth, ninth, and tenth defenses regarding failure to state a claim and lack of standing.

In its eighth, ninth, and tenth defenses, ST alleges that Purdue has failed to state a claim and lacks standing to bring this suit. ST provides no additional detail about its failure to state claim defense, and, regarding standing, ST alleges only that Purdue "did not have sufficient rights in those patents at the time the suit was filed" and "failed to join all necessary parties pursuant to Fed. R. Civ. P. 19." Dkt. 225 ¶¶ 104–106; Dkt. 226 ¶¶ 104–106. ST's barebones pleading of failure to state a claim is not a proper affirmative defense. *SecurityProfiling, LLC v. Trend Micro America, Inc.*, 2017 WL 1950810, at *2 (E.D. Tex. 2017) (adopting magistrate's recommendation that a barebones pleading of failure to state a claim is not a proper affirmative defense and granting plaintiff's motion to strike defendant's affirmative defense). Moreover, ST does not dispute the fact that the Asserted Patent and all associated rights were assigned—in full—from Purdue Research Foundation to Purdue prior to the filing of this suit. No evidence in any pleading, expert report, deposition, written discovery response, or other source suggests otherwise. ST's unauthorized transfer theory is legally and factually baseless. ST has not identified any legal theory by which standing can be defeated without challenging the transfer of all substantial rights. Further, Purdue's in-house counsel, Dr. Ken Waite, testified about his authorization to transfer the '633 Patent to Purdue before this suit was filed and the fact that he did so. *See* Ex. 1 (Waite Dep.) 68:1-25, 79:1-25. As there are no disputed material facts, summary judgment is warranted and ST's eighth, ninth, and tenth defenses should be dismissed.

### E. No evidence supports ST's eleventh defense of ensnarement.

In its eleventh defense, subtitled "Ensnarement," ST claims that Purdue's claims of infringement under the doctrine of equivalents are barred because "the alleged equivalents would encompass or 'ensnare' the prior art as identified in Defendants' Invalidity Contentions. Dkt. 225 ¶ 109; Dkt. 226 ¶ 109. But no evidence in any pleading, expert report, deposition, written discovery response, or other source mentions or suggests any specific prior art that would be ensnared by Purdue's infringement read. It is too late for ST to rely on undisclosed opinions. *See Textron Innovations Inc. v. SJ DJI Techs. Co., Ltd.*, 2023 WL 3681712, at *2 (W.D. Tex. Mar. 29, 2023) (Gilliland, J.) (excluding declarations of individuals who were not disclosed during fact or expert discovery). As there are no disputed material facts and no admissible evidence supporting ST's ensnarement defense, summary judgment is warranted and ST's eleventh defense should be dismissed.

***

In conclusion, given the absence of evidence and the lack of disputed factual issues, the Court should grant summary judgment in Purdue's favor as to Defendants' defenses and counterclaims related to patent eligibility, double patenting, incorrect inventorship, prosecution history estoppel, implied/express license, patent exhaustion, failure to state a claim, standing, and ensnarement.

Dated: August 8, 2023                                  Respectfully submitted,

By: */s/ Michael W. Shore*
Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
THE SHORE FIRM LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

Brian D. Melton (SBN 24068095)
John P. Lahad (SBN 24068095)
Abbey McNaughton (SBN 24116751)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
amcnaughton@susmangodfrey.com

*COUNSEL FOR PLAINTIFF*
*THE TRUSTEES OF PURDUE UNIVERSITY*

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that a true and correct copy of the foregoing has been served on counsel for Defendants VIA ECF and email on August 8, 2023.

/s/ *Michael W. Shore*