**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

|  |  |
|---|---|
| **THE TRUSTEES OF**<br>**PURDUE UNIVERSITY,**<br><br>         **Plaintiff,**<br>**v.**<br><br>**STMICROELECTRONICS, INC., and**<br>**STMICROELECTRONICS**<br>**INTERNATIONAL N.V.**<br><br>         **Defendants.** | **Civil Action No. 6:21-cv-00727-ADA**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF PURDUE'S MOTION TO STRIKE AND EXCLUDE UNRELIABLE**
**OPINIONS OF DR. SYLVIA HALL-ELLIS CONCERNING PUBLIC AVAILABILITY**

**TABLE OF CONTENTS**

**I.**   INTRODUCTION ..................................................................................................................1

**II.**   UNDISPUTED FACTS .........................................................................................................1

**III.**   ARGUMENT (DR. HALL-ELLIS SHOULD BE EXCLUDED) .......................................3

## TABLE OF AUTHORITIES

**CASES:**

*Barber v. United Airlines, Inc.*,
  17 Fed. Appx. 433 (7th Cir. 2001)................................................................... 5

*Burst v. Shell Oil Co.*,
  2015 WL 3755953 (E.D. La. June 16, 2015)................................................... 5

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993)......................................................................................... 3

*E.E.O.C. v. Freeman*,
  778 F.3d 463 (4th Cir. 2015) .......................................................................... 4

*Fail-Safe, L.L.C. v. A.O. Smith Corp.*,
  744 F. Supp. 2d 870 (E.D. Wis. 2010)............................................................ 5

*Gen. Elec. Co. v. Joiner*,
  522 U.S. 136 (1997)......................................................................................... 5

*Holcombe v. United States*,
  516 F. Supp. 3d 660 (W.D. Tex. 2021)............................................................ 5

*In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Products Liab. Litig.*,
  174 F. Supp. 3d 911 (D.S.C. 2016).................................................................. 5

*In re: Taxotere (Docetaxel) Products Liab. Litig.*,
  26 F.4th 256 (5th Cir. 2022) ........................................................................... 5

*Jacked Up, L.L.C. v. Sara Lee Corp.*,
  807 Fed. Appx. 344 (5th Cir. 2020).................................................................. 4

*Summit 6, LLC v. Samsung Elecs. Co., Ltd.*,
  802 F.3d 1283 (Fed. Cir. 2015)........................................................................ 3

**RULES:**

Fed. R. Evid. 702 ..................................................................................................... 3

**TABLE OF EXHIBITS**

| Exhibit Number and Description | Short Name |
|---|---|
| **[Ex. 1]** Summary of Data Misrepresented and Omitted by Dr. Hall-Ellis (Figures 1–3) and Post-Report Explanations (Figure 4) | (Figure [1–4]) |
| **[Ex. 2]** Excerpts from July 27, 2023 Dep. of Sylvia Hall-Ellis, Ph.D., with deposition exhibits 3 and 8. | (Hall-Ellis Dep.) |
| **[Ex. 3]** Excerpts from July 28, 2023 Dep. of Rachel Applegate, Ph.D. | (Applegate Dep.) |
| **[Ex. 4]** Copy of Native Records Provided by ST Counsel on August 4, 2023, Containing Emails and Attachments sent by German TIB library (tib.eu) to ST Counsel from March 1–6, 2023 | (TIB Emails) |

## I.   INTRODUCTION

Purdue moves to exclude Dr. Sylvia Hall-Ellis from testifying as an expert about alleged public availability of the Lu Thesis[1] and Choyke textbook.[2] Dr. Hall-Ellis (1) misrepresented the source and authenticity of documents she relied on under oath to create the appearance of support for her positions; (2) omitted and ignored authentic published data that directly contradicts her conclusions; and (3) purposely omitted required fields from records to conceal data that disproves her conclusions. An individual who reaches opinions by misrepresenting the source and content of evidence and omitting published data from records without reasonable explanation cannot be permitted to testify as an expert in federal court.

## II.   UNDISPUTED FACTS

U.S. Patent No. 7,498,633 ("'633 Patent") is titled "High-voltage Power Semiconductor Device" and issued from an application filed January 23, 2006. Dkt. 154 at ¶ 35. On June 9, 2023, ST[3] served two reports signed by Dr. Sylvia Hall-Ellis concerning alleged public availability of two alleged prior art references—the Lu Thesis and Choyke textbook.[4] Based on selected library cataloging records containing "MARC" metadata, Dr. Hall-Ellis concluded that the Lu Thesis was available in June 10, 2004, that the Choyke textbook was available in Germany on June 26, 2003, and that the Choyke textbook was available in the U.S. on January 2, 2004. *See* Ex. 2 (Hall-Ellis Dep.) 41:3–17; 128:15–129:18.

---

[1] "Lu Thesis" refers to the dissertation: Lu, C-Y. (2003). Design and Fabrication of High Performance UMOSFETs in 4H Silicon Carbide.

[2] "Choyke textbook" refers to A. Agarwal, S.-H. Ryu, and J. Palmour. (2004). Power MOSFETs in 4H-SiC: Device Design and Technology. In: Choyke, W.J., Matsunami, H., Pensl, G. (eds) Silicon Carbide: recent major advances. Advanced Texts in Physics. Springer, Berlin, Heidelberg.

[3] "ST" refers collectively to the defendants in this case.

[4] Dr. Hall-Ellis has submitted over 500 declarations supporting validity challengers. Ex. 2 (Hall-Ellis Dep.) 8:5–9:11.

But the evidence reveals that Dr. Hall-Ellis (1) misrepresented the source and authenticity of key MARC records to create the appearance that they support her opinions; (2) omitted authentic MARC metadata published by the German DNB library that proves the Choyke textbook was not available in Germany on June 26, 2003; and (3) purposely omitted required control fields from published records to conceal information that disproves her opinion that the catalog record creation date establishes the date of public availability. *See, e.g.*, Ex. 2 (Hall-Ellis Dep.) 34:15–35:5, 44:9–45:7, 102:21–105:3 (admitting to removing leader and control fields); *id*. 46:8–49:15 (admitting she conflated records); *id*. 78:9–79:16 (admitting that she ignored DNB MARC records); *id*. 48:11–49:15, 66:7–67:21 (admitting to misrepresenting manipulated documents as "true and correct" copies); and *id.* 80:2–-81:1 (misrepresenting source as DNB); Ex. 4 (TIB Emails).

Figures 1–3, attached to this motion in Exhibit 1, graphically summarize the core of Purdue's allegations. Figure 1 shows Dr. Hall-Ellis misrepresented in her report the source and authenticity of an incomplete record provided by one German library (TIB; tib.eu) in order to create the appearance that the record came from another German library (DNB; dnb.de) that created the original MARC record for the Choyke textbook. Ex. 1 (Figure 1).

Figure 2 shows Dr. Hall-Ellis omitted the MARC metadata record published by the German library (DNB; dnb.com) that originally cataloged the Choyke textbook because it contains a "p" in the leader field that proves the Choyke textbook was not available on June 26, 2003. Ex. 1 (Figure 2). Dr. Hall-Ellis admitted, "p" indicates that a MARC record created before publication— i.e., pre-publication—has been updated to reflect publication. Ex. 2 (Hall-Ellis Dep.) 76:13–21.

Figure 3 shows Dr. Hall-Ellis repeatedly omitted control fields from MARC records to hide post-creation record-modification indications (e.g., "p" or "c") that undermine her reliance on

2

record-creation date. Ex. 1 (Figure 3). Dr. Hall-Ellis admitted the "c" reflects post-creation changes to the record other than to the encoding level. Ex. 2 (Hall-Ellis Dep.) 61:1–10.

As summarized in Figures 3 and 4 (Exhibit 1), the only explanations Dr. Hall-Ellis offered for her decisions to omit entire MARC records and fields from her analysis were that (1) leader and control number data "doesn't matter to me"; (2) her exclusion criteria "depends on how I feel that day"; (3) she did not want MARC data in the format published by the German DNB library that created the original catalog record for the Choyke textbook; and that (4) she might have been sloppy. *See* Ex. 2 (Hall-Ellis Dep.) 104:13–105:3; *id*. 80:8–17.[5] None of these explanations appeared in her report. What's more, throughout her deposition, Dr. Hall-Ellis sought to prevent discovery of her reasoning through a series of abrupt breaks and refusals to answer questions. *See id*. 28:3–29:3, 48:4–49:19, 81:6–85:9, 114:1–115:25.

## III.    ARGUMENT (DR. HALL-ELLIS SHOULD BE EXCLUDED)

Under Federal Rule of Evidence 702, a witness qualified as an expert "by knowledge, skill, experience, training, or education" may testify regarding "scientific, technical or other specialized knowledge" if such knowledge "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. When technical testimony is offered, the trial judge must act as a gatekeeper, admitting only that expert testimony which is relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). "[A] district court may exclude evidence that is based upon unreliable principles or methods, legally insufficient facts and data, or where the reasoning or methodology is not sufficiently tied to the facts of the case." *Summit*

---

[5] Dr. Hall-Ellis gave excuses ranging from she "intentionally" removed the leader "because it is not relevant" (*id.* at 44:9–45:7), sometimes she decides to include the leader "depend[ing] how I feel that day" (*id*. 104:13–105:3), and that she omits the leader and other information from a MARC record so she "can get it all on one page" (*id*. 136:24–138:3)—even though many such records are provided on two pages.

*6, LLC v. Samsung Elecs. Co., Ltd.*, 802 F.3d 1283, 1295 (Fed. Cir. 2015) (citations omitted).

Opinions that are not "reliable at each and every step" are not admissible. *Jacked Up, L.L.C. v. Sara Lee Corp.*, 807 Fed. Appx. 344, 348 (5th Cir. 2020) (citation omitted). Thus, expert opinions based on cherry-picked data should be excluded. *See E.E.O.C. v. Freeman*, 778 F.3d 463, 466–70 (4th Cir. 2015).

Dr. Hall-Ellis has demonstrated that her public availability conclusions are not just the product of unreliable methods, but that they are based on false statements that the MARC records were true and correct copies and omission of data contradicting her conclusions. As discussed, Dr. Hall-Ellis misrepresented the source and authenticity of a key MARC record to create the appearance of support for her opinions; (2) omitted authentic MARC data published by the German DBN library that disproves her public availability conclusion regarding the Choyke textbook; and (3) purposely removed required fields from MARC records to conceal data that disproves her claim that record creation dates prove availability of books and theses. *Supra,* § II, p. 2.

Put differently, the omitted data (fields and entire records) encode post-creation modification indicators (e.g., "p" and "c") not only undermine Dr. Hall-Ellis's assumption that record-creation dates prove availability, but also disprove her specific conclusions about the availability of the alleged prior art at issue. By allegedly whimsically omitting records showing "p" in the leader field, Dr. Hall-Ellis concealed what all the cataloging records show—the Choyke textbook was not available when the pre-publication ("p") records were created. By taking the same approach for the Lu Thesis, Dr. Hall-Ellis concealed that the earliest record had been substantively modified ("c") after it was created—and thus she could not be reasonably certain of what the record reflected at the time it was created.

Dr. Hall-Ellis has disqualified herself by using admittedly unreliable documents, purposely omitting relevant unfavorable evidence, and failing to explain her actions. *In re: Taxotere (Docetaxel) Products Liab. Litig.*, 26 F.4th 256, 268 (5th Cir. 2022); *Holcombe v. United States*, 516 F. Supp. 3d 660, 675 (W.D. Tex. 2021) (citing *Gen. Elec. Co. v. Joiner*, 522 U.S. 136 (1997)). No expert in the field of library sciences removes data from a published MARC record depending on how they feel. Ex. 3 (Applegate Dep.) 125:15–126:11 (testifying that no one in library sciences would remove data from a MARC record asked to do so). Indeed, "when an expert performs after-the-fact manipulations of published data, it is particularly important for the expert to provide not only a justification for doing so, but also some evidence of his work and the reliability of his method. An expert's solitary assurances do not allow the Court to ensure that the methodology is reliable." *Burst v. Shell Oil Co.*, 2015 WL 3755953 at *15–*16 (E.D. La. June 16, 2015), aff'd, 650 Fed. Appx. 170 (5th Cir. 2016).

Absent a credible explanation for omitting relevant data (fields and entire records), the Court can only surmise Dr. Hall-Ellis's "methodology is utterly unreliable and must be excluded." *Fail-Safe, L.L.C. v. A.O. Smith Corp.*, 744 F. Supp. 2d 870, 891 (E.D. Wis. 2010); *see also Barber v. United Airlines, Inc.*, 17 Fed. Appx. 433, 436–7 (7th Cir. 2001) (rejecting expert testimony where expert failed to explain why he ignored facts and data that contradicted his opinion); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Products Liab. Litig.*, 174 F. Supp. 3d 911, 930–32 (D.S.C. 2016) (same). Even more problematic that the *Barber* and *In re Lipitor* experts, Dr. Hall-Ellis altered evidence she did rely upon, failed to disclose those alterations, then characterized altered records in a way she knew was wrong. The Court should exercise its gatekeeping role and preclude all testimony from Dr. Hall-Ellis on the issue of public accessibility.

Respectfully submitted,

/s/ Chijioke E. Offor

Michael W. Shore
Texas Bar No. 18294915
Chijioke E. Offor
Texas Bar No. 24065840
Halima Shukri Ndai
Texas Bar No. 24105486
THE SHORE FIRM LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: 214-593-9110
Facsimile: 214-593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

John P. Lahad
Texas Bar No. 24068095
Brian D. Melton
Texas Bar No. 24010620
Abbey E. McNaughton
Texas Bar No. 24116751
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 653-7859
Facsimile: (713) 654-6666
jlahad@susmangodfrey.com
bmelton@susmangodfrey.com
amcnaughton@susmangodfrey.com

***COUNSEL FOR PLAINTIFF***
***THE TRUSTEES OF PURDUE***
***UNIVERSITY***

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2023, the foregoing was served via electronic mail upon all counsel of record for the parties.

/s/ Chijioke E. Offor
Chijioke E. Offor

6