# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,** | |
| Plaintiff, | |
| vs. | Civil Action No. 6:21-CV-00727-ADA-DTG |
| **STMICROELECTRONICS INTERNATIONAL N.V.** and **STMICROELECTRONICS, INC.,** | JURY TRIAL DEMAND |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES**

**TABLE OF CONTENTS**

I. Legal Standard ................................................................................................................... 1

II. Argument .......................................................................................................................... 2

   A. Defendants' Fourth and Eleventh Defenses: Prosecution History Estoppel and Ensnarement. ..................................................................................................................... 2

   B. Defendants' Ninth and Tenth Defenses: Lack of Standing. ............................... 4

   C. Defendants' Second Counterclaim and Second, Fifth, and Eighth, Defenses: Patent Eligibility, Double Patenting, Inventorship, License, Exhaustion, and Failure to State a Claim. ................................................................................................................................ 7

III. Conclusion ........................................................................................................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Click-To-Call Techs. v. Ingenio, Inc.*,
   No. 1:12-cv-00465-LY (W.D. Tex. Aug. 4, 2021) .................................................................... 2

*EMD Millipore Corp. v. AllPure Techs., Inc.*,
   768 F.3d 1196 (Fed. Cir. 2014) ................................................................................................ 3

*Jang v. Boston Sci. Corp.*,
   872 F.3d 1275 (Fed. Cir. 2017) ................................................................................................ 3

*Matsushita Elec. Indus. Co. v. Zenith Radio*,
   475 U.S. 574 (1986) ................................................................................................................. 2

*NLB Corp. v. PSI Pressure Sys. LLC*,
   No. H-18-1090, 2019 WL 6039932 (S.D. Tex. Nov. 14, 2019) ............................................... 4

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*,
   520 U.S. 17 (1997) ................................................................................................................... 3

Defendants oppose entry of partial summary judgment on any of Defendants' affirmative defenses as requested by Plaintiff (Dkt. 366). Plaintiff seeks summary judgment on portions of Defendants' second, fourth, fifth, eighth, ninth, tenth, and eleventh defenses, as well as Defendants' second counterclaim. Plaintiff's requests for partial summary judgment as to Defendants' fourth, ninth, tenth, and eleventh defenses are meritless and Defendants' challenged defenses have ample legal and factual support, as evidenced in Defendants' Motion for Partial Summary Judgment of No Infringement Under the Doctrine of Equivalents (Dkt. 351) and Rule 12(b)(1) Motion to Dismiss for Lack of Standing (Dkt. 357). As for the remainder of the defenses addressed in Plaintiff's motion, while Defendants may not ultimately elect to pursue them at trial, a barebones "failure of proof" summary judgment motion is an improper and premature way to address them. Rather, the Parties will necessarily hone their claims and defenses via meet-and-confers during submission of the joint pretrial order and completion of pretrial procedures. The Court should allow that process to occur, rather than spending resources on a premature and legally insufficient summary judgment motion. Furthermore, potentially relevant facts, such as licenses to other industry participants, continue to evolve. Defendants thus respectfully request the Court deny Plaintiff's request for partial summary judgment in full, or, in the alternative, at least as to Defendants' fourth, ninth, tenth, and eleventh defenses that are the subject of Defendants' pending summary judgment and Rule 12(b)(1) motions.

## I.  LEGAL STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, a court must draw all reasonable inferences in the light most

favorable to the non-moving party. *Click-To-Call Techs. v. Ingenio, Inc.*, No. 1:12-cv-00465-LY at 4 (W.D. Tex. Aug. 4, 2021) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). The court "'may not make credibility determinations or weigh the evidence'" in ruling on a motion for summary judgment. *Id*.

## II.   ARGUMENT

### A.   Defendants' Fourth and Eleventh Defenses: Prosecution History Estoppel and Ensnarement.

Defendants STMicroelectronics International N.V. and STMicroelectronics, Inc. (collectively, "ST" or "Defendants") asserted their fourth defense, Prosecution History Estoppel ("PHE"), and eleventh defense, Ensnarement, in their Answers to Plaintiff The Trustees of Purdue University's ("Plaintiff") Second Amended Complaint. Dkt. 225 at ¶¶ 67, 107–09 (ST Inc.'s Answer), Dkt. 226 at ¶¶ 67, 107–09 (ST Int'l's Answer). On August 8, 2023, ST filed a Motion for Partial Summary Judgment of No Infringement Under the Doctrine of Equivalents ("DOE"), based in part on ST's argument that PHE bars application of the DOE as to five claim elements of the asserted claims. Dkt. 351. That motion sets out ample legal support and factual evidence for ST's PHE and ensnarement defenses.[1]

Plaintiff's primary argument that "no evidence . . . identifies any particular admissions or statements made to the PTO during prosecution" is erroneous. ST identifies five claim elements ([A]-[E], as labeled in ST's Motion for Partial Summary Judgment, Dkt. 351) that were the subject of narrowing amendments during prosecution of the '633 patent. *Id*. at 1–2, 8. ST also provided Plaintiff and the Court with the precise amendments made to the language of each

---

[1] ST's arguments and supporting evidence presented in its Motion for Partial Summary Judgment of No Infringement Under the Doctrine of Equivalents are briefly summarized in this Opposition, however, ST respectfully directs the Court's attention to ST's Motion for Partial Summary Judgment (Dkt. 351) for a more complete discussion of the controlling legal standards and arguments and evidence presented.

claim element. *Id*. at 1–2 (citing Dkt. 351-3, '633 file history at PU00000346 (original claims), PU00000418-25 (first amendment), PU00000472-79 (second amendment)).  Moreover, ST also explains what prior art rejection each amendment was made to overcome, by citing to and quoting the arguments made to the examiner accompanying the amendments (*e.g.*, "Element [A] was amended to narrow the scope from semiconductor substrate to silicon carbide substrate to overcome a rejection based on the Ono prior art reference."). Dkt. 351 at 2.  ST has thus presented adequate evidence to support the presumption that PHE applies to each of the five claim elements and bars a finding of infringement via DOE.  *Id*. at 8; *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 30–33 (1997) (explaining that narrowing amendments during prosecution substantially relate to patentability if made "to avoid prior art" and, therefore, are presumed to trigger PHE).  As explained in more detail in ST's Motion for Partial Summary Judgment (Dkt. 351), the burden is then on Plaintiff to establish one of three exceptions to the application of PHE available under binding Federal Circuit law.  Dkt. 351 at 6; *see EMD Millipore Corp. v. AllPure Techs., Inc.*, 768 F.3d 1196, 1203 (Fed. Cir. 2014) (discussing the three exceptions).  Plaintiff and its experts have not, and simply cannot, present any support to argue that any one of the three available exceptions apply.  Dkt. 351 at 8.

     Additionally, as further explained in ST's Motion for Partial Summary Judgment (Dkt. 351), Plaintiff has failed to present expert opinions sufficient to pursue the DOE as to most if not all claim elements.  But, should Plaintiff somehow survive summary judgment on the DOE, pursue it at trial and win on it, ST's ensnarement defense will remain alive, and it will be *Plaintiff's burden* (not ST's) to (1) posit a hypothetical claim that literally covers the accused products and (2) prove by a preponderance of evidence that the claim is valid over the prior art.  *Jang v. Boston Sci. Corp.*, 872 F.3d 1275, 1287–89 (Fed. Cir. 2017).  Unless and until

Plaintiff meets this burden, ST's ensnarement affirmative defense defeats Plaintiff's DOE claim as a matter of law. *See id.* at 1278–79 (affirming vacatur of jury's verdict of infringement under DOE because plaintiff patentee failed to posit proper hypothetical claim); *NLB Corp. v. PSI Pressure Sys. LLC*, No. H-18-1090, 2019 WL 6039932, at *5 (S.D. Tex. Nov. 14, 2019) (holding *defendant* entitled to summary judgment on DOE when plaintiff patentee failed to submit hypothetical claim for consideration). Clearly, summary judgment *against* ST at this stage is unwarranted.

ST has presented more than sufficient legal authority and factual evidence to support its fourth defense of PHE and eleventh defense of ensnarement, and summary judgment against these defenses is not warranted. To the contrary, ST submits that partial summary judgment of no infringement under the DOE should be granted based, in part, on ST's PHE defense. Dkt. 351. As to ensnarement, if anything, Plaintiff's failure to present a hypothetical claim, or any analysis of its patentability, in its expert reports warrants summary judgment *against* Plaintiff.

### B. Defendants' Ninth and Tenth Defenses: Lack of Standing.

ST asserted its ninth and tenth defenses of Lack of Standing in its Answers to Plaintiff's Second Amended Complaint. ST's Answers provide that: "The Trustees of Purdue University lacks standing to assert infringement of the '633 Patent because it did not have sufficient rights in those patents at the time the suit was filed" (ninth defense) and "The Trustees of Purdue University has failed to join all necessary parties pursuant to Fed. R. Civ. P. 19" (tenth defense). Dkt. 225 at ¶¶ 105–06 (ST Inc.'s Answer), Dkt. 226 at ¶¶ 105–06 (ST Int'l's Answer). On August 8, 2023, ST filed a Motion to Dismiss pursuant to FRCP 12(b)(1) for lack of standing. Dkt. 357. ST's 12(b)(1) motion to dismiss sets out ample legal support and factual evidence for

4

ST's lack of standing defenses.[2]

In short, Plaintiff asserts that Purdue Research Foundation ("PRF") assigned the '633 patent and all associated rights to Plaintiff shortly before filing of the present lawsuit. Dkt. 357 at 2; Dkt. 154 at ¶ 42 (Plaintiff's 2d Am. Compl.). This purported transfer allegedly took place between Ken Waite (attempting to act on behalf of PRF) and Steven Schultz (attempting to act on behalf of Plaintiff). Dkt. 357 at 2. In its 12(b)(1) motion to dismiss, ST explains that Plaintiff is a body of the State of Indiana and, thus, only has power to act as state law permits. *Id*. at 1, 7–8. And, operating pursuant to the applicable Indiana statutory mandate, Plaintiff had established bylaws and rules dictating which individuals have authority to act on Plaintiff's behalf. *Id*. at 3–4, 8–10. ST provides Plaintiff and the Court with a detailed analysis of Plaintiff's bylaws and rules and the relevant factual evidence. *Id*. ST then demonstrates that, under any of the plausible readings of Plaintiff's bylaws, Mr. Schultz lacked authority to enter into the assignment and agreement on behalf of Plaintiff. *Id*. at 8–11. As a result, Plaintiff did not own the asserted patent when the suit was filed and, therefore, lacks standing. *Id*. at 11–14. ST also presents legal and factual support for the position that the lack of standing cannot be cured and the only proper remedy is dismissal. *Id*. at 14–15. Specifically, Plaintiff failed to join the patent owner as a party to the lawsuit, and binding Federal Circuit precedent precludes the curing of Plaintiff's standing deficiency by belatedly joining the patent owner now. *Id*. at 5–6, 14.

At a loss for evidence or arguments to colorably rebut ST's lack of standing defenses, Plaintiff resorts to conclusory accusations that "ST's unauthorized transfer theory is legally and

---

[2] ST's arguments and supporting evidence presented in its Motion to Dismiss for Lack of Standing are briefly summarized in this Opposition, however, ST respectfully directs the Court's attention to ST's 12(b)(1) Motion to Dismiss (Dkt. 357) for a more complete discussion of the controlling legal standards and arguments and evidence presented.

factually baseless." But this could not be farther from the truth. Starting with the legal bases, ST's 12(b)(1) motion to dismiss details the binding and supporting legal standards for all relevant issues, including: (i) statutory standing requirements for patent infringement lawsuits (35 U.S.C. § 281), (ii) constitutional standing requirements, specifically the "exclusionary rights" requirement to meet the "injury in fact" standard, (iii) procedural requirements for raising and assessing a standing defense, (iv) the applicability of Indiana state law to assess validity of the purported transfer agreement, and (v) Indiana state law relating to the validity of contracts entered into without authority by state educational institutions. *Id*. at 4–8, 11–13. ST's 12(b)(1) motion to dismiss also walks through its supporting factual evidence in great detail, including: (a) representations made by Plaintiff throughout this lawsuit (*e.g.*, allegations in its Second Amended Complaint and interrogatory responses); (b) the Recorded Assignment document filed with the PTO; (c) deposition testimony of Mr. Waite, Mr. Schultz, and Matthew Halladay; (d) Plaintiff's bylaws and corporate governance policies; and (e) documents produced by Plaintiff throughout discovery. *Id*. at 1–4, 8–11. In all, ST's "unauthorized transfer theory" is more than adequately grounded in the law and facts of the case.

Plaintiff also asserts that Mr. Waite testified as to his authority to transfer the '633 patent and the fact that he did so. But this assertion is inconsequential. The central issue is not whether Mr. Waite had authority to effectuate the agreement but, rather, whether Mr. Schultz had authority (he did not).

ST's ninth and tenth defenses of Lack of Standing are sufficiently legally and factually supported, and summary judgment against these defenses is not warranted. In fact, ST submits that its 12(b)(1) motion to dismiss should be granted and the case dismissed for Plaintiff's lack of standing to assert the '633 patent. Dkt. 357.

### C. Defendants' Second Counterclaim and Second, Fifth, and Eighth, Defenses: Patent Eligibility, Double Patenting, Inventorship, License, Exhaustion, and Failure to State a Claim.

ST's second counterclaim and second, fifth, and eighth defenses raise, among others, the counterclaim/defenses of patent eligibility, double patenting, inventorship, license, exhaustion, and failure to state a claim. While ST may ultimately elect not to pursue any of those specific defenses at trial, pretrial exchanges and the preparation of the joint pretrial order are still in process. As a result, Plaintiff has still not at this late date disclosed the full scope of the evidence, arguments, claims, and theories it may pursue at trial. Furthermore, particularly as to the license and exhaustion defenses, Plaintiff contends it is still in negotiations with industry participants for licenses that, depending upon whom they are with and/or their scope, may impact ST's ability to raise these defenses here. As to the other defenses, because *both* of the named inventors, as well as multiple Plaintiff-affiliated witnesses, may testify at trial (including vigorous cross-examinations), the factual record developed during the trial will shed light on them and fully reveal ST's ability to raise them. Plaintiff also recently requested supplemental claim construction, which may impact ST's ability to raise certain defenses.

At bottom, rather than act on a barebones "failure of proof" summary judgment motion at this time—an unnecessary burden on the Court—ST respectfully suggests the Parties will necessarily hone their claims and defenses via meet and confers during submission of the joint pretrial order and the pretrial process. The Court should allow that process to occur, rather than wasting its time on a premature and legally insufficient summary judgment motion.

### III. CONCLUSION

For the reasons set forth above, ST respectfully requests that the Court deny Plaintiff's request for partial summary judgment in full, and, in any event, at least as to ST's fourth, ninth, tenth, and eleventh defenses.

Dated: August 21, 2023

Respectfully submitted,

By: */s/ Michael D. Hatcher*
Michael J. Bettinger
California Bar No. 122196
mbettinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200
(415) 772-7400 – Fax

Michael D. Hatcher
Texas Bar No. 24027067
mhatcher@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300
(214) 981-3400 – Fax

Richard A. Cederoth
Texas Bar No. 6185199
rcederoth@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7026
(312) 853-7036 – Fax

Max Ciccarelli
Texas Bar No. 00787242
max@ciccarellilawfirm.com
CICCARELLI LAW FIRM
100 North 6th Street, Suite 502
Waco, Texas 76701
(214) 444-8869

Thomas N. Tarnay  
Texas Bar No. 24003032  
ttarnay@tarnaylaw.com  
THOMAS TARNAY PLLC  
2103 Virginia Place  
Plano, Texas 75094  
(214) 395-8212  

**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served on all parties to this action via the Court's CM/ECF system on August 21, 2023.

               _/s/ Michael D. Hatcher_  
               Michael D. Hatcher