# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>     Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC,<br><br>     Defendants. | CIVIL ACTION NO. 6:21-CV-00727-ADA<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S IMPROPER REBUTTAL EXPERT REPORT AND TESTIMONY OF MR. GREG JACKSON

## **TABLE OF CONTENTS**

I. Introduction ..................................................................................................................... 1

II. Background ..................................................................................................................... 1

III. Argument ........................................................................................................................ 3

IV. Conclusion ...................................................................................................................... 4

I.  **Introduction**

Plaintiff, the Trustees of Purdue University ("Purdue"), respectfully submits its response to Defendants' Motion to Strike Plaintiff's Improper Rebuttal Expert Report and Testimony of Mr. Greg Jackson ("Motion to Strike"). Contrary to Defendants' arguments, Mr. Jackson is, in fact, a rebuttal expert. His opinions rebut those of Defendants' invalidity expert, Dr. Lori Lipkin, that the '633 Patent does not deserve a priority date before January 23, 2006. Mr. Jackson's opinions regarding the metadata are relevant to the creation date of the documents upon which Purdue relies to show a priority date before the date Dr. Lipkin cites. To the extent that Defendants do not dispute the veracity of the metadata or the vintage of the documents, Mr. Jackson's testimony may not be necessary. But his testimony is proper rebuttal opinion.

II. **Background**

Purdue served its invention date disclosure in October 2021. Ex. 1. At that time, Purdue only was asserting claim 9 of the '633 Patent. The Court granted Purdue leave to add claim 10 to this case in December 2022. Dkt. 206. Shortly thereafter, ST sought an order from this Court requiring Purdue to produce a signed and dated copy of Dr. Asmita Saha's thesis proposal or confirm that Purdue has been unable to locate a signed and dated copy after a reasonable search. Dkt. 300-1 (Dispute Chart) (attached as Ex. 2). ST sought the original signed Saha thesis proposal because it is one of the documents that Purdue relies upon in support of its invention date. *Id*. ST also requested that Purdue provide an updated invention date disclosure for Claim 10. *Id.* The parties agreed that by January 20, 2023, Purdue would provide a supplemental invention date disclosure for Claim 10 and either produce the signed and dated copy of Dr. Saha's thesis proposal or confirm that it had searched for and been

1

unable to locate the Saha thesis proposal. Dkt. 248 at 1-2. Purdue provided the supplement on January 20, 2023, and explained that it had been unable to locate the signed thesis proposal.[1] Ex. 3.

ST insisted that the supplement was inadequate and submitted another dispute chart requesting that Purdue provide "documentary support for the full scope (all claim elements) of claims 9 and 10 of the '633 patent as of the earliest date or dates for which Plaintiff actually has support." Ex. 4 (Dispute Chart).  Purdue agreed to provide a second amended invention disclosure, Ex. 5 (Feb. 16, 2023 email to Court) at 1, and did so on February 18, 2023. The supplemental disclosure cited to chapters of the Saha thesis proposal. Ex. 6. Purdue pointed the Defendants to the metadata for those documents which showed that the documents were created in early 2004. *Id.*[2]

On June 9, 2023, Defendants served the report of their invalidity expert Dr. Lori Lipkin. In her report, Dr. Lipkin states that the asserted claims of the '633 Patent are not entitled to a priority date before January 23, 2006, the date of the non-provisional application. *See* Ex. 8 (Lipkin Report excerpts) at ¶ 212. Dr. Lipkin adds that the provisional application does not support an earlier priority date, stating: "I have reviewed the provisional patent application and note that neither the JFET width nor spaced apart base contact limitations are disclosed in the provisional application. Instead, the JFET width limitation and spaced apart base contact limitations are disclosed for the first time in the non-provisional application filed January 23, 2006. Accordingly, it is my understanding that claims 9 and 10 of the '633 patent have a priority date of January 23, 2006." *Id.*

---

[1] Dr. Saha's thesis advisor and named inventor, Dr. James Cooper, testified that he would not expect there to be a signed thesis proposal because "the thesis proposal was not an official university document" and "was not deposited with the university." Ex. 7 (Cooper Dep. Tr.) at 307:16-308:1.

[2] Unhappy that the supplemental invention date disclosures they demanded resulted in evidence that hurts their case, Defendants moved to strike the supplemental invention date disclosures. Doc. 290. That motion is pending before the Court and should be denied for the reason stated in Purdue's response, Doc. 300.

The provisional application, however, cites to Dr. Saha's thesis proposal. *See* Ex. 9 at 5. And the native Word portions of the Saha thesis proposal cited in Purdue's February 18, 2023 disclosures show that the inventors conceived of the claimed JFET width limitation and spaced apart base contact limitations before the date of the provisional application and well before January 2006. The portions of the Saha thesis proposal are not dated, but the metadata of those files shows that they were created in early 2004. Given Defendants' apparent dispute with this invention evidence, as reflected in Dr. Lipkin's report, Purdue served the report of its metadata expert, Greg Jackson, on July 14, 2023 (see Ex. 1 to Motion to Strike) to provide expert opinion on the vintage of those portions, if that is so disputed.

### III.  Argument

As an initial matter, this issue (and Motion) may be moot if Defendants do not dispute the vintage of the files as reflected by the metadata. If Defendants do not dispute that the files date back to early 2004, then there is no need for Mr. Jackson's testimony. If the Defendants somehow dispute the metadata, Purdue is entitled to call him to rebut Defendants' arguments regarding priority date. Defendants have not made their position clear.

In any event, Mr. Jackson is a rebuttal expert, and his report is a rebuttal report under *Yeti Coolers, LLC v. RTIC Coolers, LLC*, No. A-15-CV-597-RP, 2017 WL 394511, at *2 (W.D. Tex. Jan. 27, 2017). It is not even a close question. Mr. Jackson's testimony goes to the invention and priority date of the asserted patent, which Dr. Lipkin claims is not until January 2006. Indeed, Defendants agree that his opinions concern "Plaintiff's alleged priority date of the '633 Patent." Motion to Strike at 3. The issue of priority date directly relates to the validity of the patent, an issue on which Defendants bear the burden. In that regard, Mr. Jackson's opinions are "on the same subject matter"

3

as those of Dr. Lipkin and intended to rebut her opinions and her disregard for the true conception evidence.

Defendants suffer no prejudice by allowing Mr. Jackson's opinions. His opinions are limited in nature to the provenance of five Microsoft Word files, and his report spans five succinct pages. Defendants do not describe any concrete prejudice other than the conclusory statement that they have been "robbed" of the opportunity to offer their own expert reports as a rebuttal. Motion to Strike at 4. But Defendants did serve an expert report. Defendants' invalidity expert provided in her expert report the priority date she relied upon in forming her opinions. Purdue rebutted that date with a metadata expert using evidence that Defendants possessed at the time of its expert report. Defendants chose not to address the metadata in its original expert report and chose not to provide a supplemental expert report after seeing Mr. Jackson's report. But Defendants could have served their own supplemental reports (as Purdue did) or at least depose Mr. Jackson, which they elected not to do as well. Instead, Defendants sat on their hands for weeks and now make claims of prejudice but do nothing to rebut or contest the accuracy of the metadata opinions.

Again, Mr. Jackson's testimony is only necessary if the Defendants dispute the metadata and the documents' vintage. Defendant's Motion to Strike, however, does not state whether they dispute the metadata evidence. Unless both the metadata is disputed and Defendants can prove they had no opportunity to rebut it, there is no prejudice. Defendants cannot show legally cognizable prejudice, and do not attempt to do so in their motion.

IV. <u>Conclusion</u>

For the foregoing reasons, Defendants' Motion to Strike should be denied.

Dated: August 22, 2023           Respectfully submitted,

By: */s/John P. Lahad*
Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
THE SHORE FIRM LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

Brian D. Melton (SBN 24068095)
John P. Lahad (SBN 24068095)
Abbey McNaughton (SBN 24116751)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
amcnaughton@susmangodfrey.com

**COUNSEL FOR PLAINTIFF**
**THE TRUSTEES OF PURDUE UNIVERSITY**

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that a true and correct copy of the foregoing has been served on counsel for Defendants VIA ECF and email on August 22, 2023.

*/s/ John Lahad*