# EXHIBIT 4

*The Trustees of Purdue University v. STMicroelectronics International N.V., et al.*
**Joint Dispute Chart**

| **ST's Issue: Request to Strike Trustees of Purdue's Newly Disclosed Earlier Invention Date** | |
|---|---|
| **ST's Position**: <br><br>The OGP and Scheduling Order required Plaintiff to, by October 25, 2021, "identify the priority date (i.e. the earliest date of invention) for each asserted claim", and produce "all documents evidencing conception and reduction to practice." Dkt. 45 at 1. That requirement ensures patentees disclose their positions and support early, so alleged infringers can rely on them throughout the case. And patentees should know their purported invention dates and support at the start of the case – it is information in patentees' possession.<br><br>Plaintiff's October 25, 2021 disclosure identified "April 26, 2004" as "the earliest date of invention for claim 9" of the '633 patent, and identified only the following as support: "Documents relating to such invention are being concurrently produced bearing Bates numbers PU0000001 to PU0000087." DEX1 at 1.<br><br>At that time, Plaintiff had not yet asserted claim 10 of the '633 patent. After Plaintiff obtained leave to add claim 10 in late 2022, ST obtained a Court Order requiring Plaintiff to supplement its invention disclosure to include claim 10 by January 20, 2023. Dkt. 248 at 1.<br><br>Plaintiff's January 20, 2023 supplemental disclosure similarly identified "April 26, 2004" as "the earliest date of invention for claims 9 and 10," and identified the same documents as support: "PU0000001-87." DEX2 at 1.<br><br>However, nothing in the cited Bates range supports an invention date as early as April 26, 2004. The relevant documents consist of | **Trustees of Purdue's Position**: |

1

*The Trustees of Purdue University v. STMicroelectronics International N.V., et al.*
**Joint Dispute Chart**

| | |
|---|---|
| the provisional patent application (which contains the invention disclosure and two pages of a Dr. Cooper lab notebook), and an undated and unsigned purported copy of Dr. Saha's thesis proposal.  The provisional application/invention disclosure/notebook pages do not disclose all the elements of the claims, and the thesis proposal is undated and thus cannot support any invention date.  That means Plaintiff must be left with the utility filing date as its earliest invention date per its timely disclosures.<br><br>ST thus sought an order compelling Plaintiff to supplement to produce a signed and dated copy of the Saha thesis proposal (which ST understands from Dr. Saha's deposition would be dated later than April 2004), if it could, and identify a date actually supported by its documents.  Plaintiff ultimately agreed "to provide an updated invention disclosure" to resolve that dispute.  DEX3 at 1.<br><br>But, rather than produce a signed and dated copy of the thesis proposal, Plaintiff claimed it did not exist (despite Dr. Saha testifying she had a copy), and pointed to *other documents it had not timely produced with its original invention disclosure and had not identified in its prior invention disclosures*, and asserted an invention date of February 27, 2004.  DEX4 at 1.  This new disclosure was provided 15 months after the original October 2021 disclosure.<br><br>Plaintiff should not be allowed to assert an earlier invention date, particularly based on documents it failed to timely disclose, this late in the case.  ST thus asked Plaintiff to withdraw its attempt to assert an invention date earlier than its originally disclosed date of April 26, 2004.  Plaintiff refused. | |

*The Trustees of Purdue University v. STMicroelectronics International N.V., et al.*
**Joint Dispute Chart**

| ST's Requested Relief: | Trustees of Purdue's Requested Relief: |
|---|---|
| Order that Plaintiff is precluded from asserting an invention date earlier than April 26, 2004 in this case, and is precluded from relying on any documents in support other than those timely disclosed in its prior invention disclosures, *i.e.*, PU0000001-87. | |