# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>        Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS, INC., and<br>STMICROELECTRONICS<br>INTERNATIONAL N.V.<br><br>        Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DEFENDANTS' AFFIRMATIVE DEFENSES**

**TABLE OF CONTENTS**

I. ARGUMENT ..................................................................................................................1
    A. ST concedes it cannot prove its second counterclaim and second, fifth and eighth defenses. ...............................................................................................1
    B. ST cannot prove its ninth and tenth defenses as a matter of law. ............................1
    C. ST has failed to meet its initial burden on its fourth and eleventh defenses. ............3
II. CONCLUSION ...............................................................................................................3

Purdue's Motion for Partial Summary Judgment on Certain of ST's Affirmative Defenses and Counterclaims (Dkt. 366) should be granted. ST concedes there is no evidence from which a rational fact finder could find for ST on its second counterclaim (patent eligibility, double patenting, inventorship), second defense (same), fifth defense (license, exhaustion), and eighth defense (failure to state a claim). Dkt. 372 at 7 (the "ST Response"). As a matter of law, ST likewise cannot prove its fourth defense (prosecution history estoppel), ninth defense (standing), and tenth defense (standing).

I. **ARGUMENT**

   A. **ST concedes it cannot prove its second counterclaim and second, fifth and eighth defenses.**

In the ST Response, ST argues it should be allowed to advance counterclaims and defenses unsupported by any evidence after discovery because (1) ST might drop them later; (2) ST doesn't know Purdue's trial theories; (3) the inventors may testify at trial; (4) there may be a supplemental claim construction order; and (5) ST is trying to obtain a license to the '633 Patent from unnamed "industry participants." ST Response at 7. But ST "cannot defeat summary judgment with speculation, improbable inferences, or unsubstantiated assertions." *Moon v. Olivarez*, 26 F.4th 220 (5th Cir. 2022). Summary judgment and dismissal of ST's second counterclaim and second, fifth and eighth defenses is warranted.

   B. **ST cannot prove its ninth and tenth defenses as a matter of law.**

ST's affirmative defenses based on standing should be dismissed. The material facts are undisputed: the '633 Patent assignment (Dkt. 357-1) is recorded and provides that PRF[1] "*Irrevocably sells, assigns and transfers to Purdue*" PRF's "*entire right, title and interest* for the United States and all foreign countries" in and to the '633 Patent, as well as the right to "sue in its

---

[1] "PRF" refers to Purdue Research Foundation.

1

[Purdue's] own name and recover damages for past or future infringement." *Id*. at 2–3. ST fails to dispute these facts in its response (Dkt. 372 at 4–6) and motion to dismiss (Dkt. 357).

The '633 Patent assignment's authenticity is undisputed and the document reflects an intent by PRF to assign all rights in the '633 Patent to Purdue. *SiRF Tech., Inc. v. ITC*, 601 F.3d 1319, 1328 (Fed. Cir. 2010) (recording "creates a presumption of validity as to the assignment and places the burden to rebut such a showing on the one challenging the assignment"); *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1370 (Fed. Cir. 2008) ("A transfer of the 'entire interest' of a patentee in a patent is well known to mean a full assignment of the patent—i.e., transfer of title.") (citing *Littlefield v. Perry*, 88 U.S. 205, 219 (1874)). Under Indiana law, this intent, expressed within the four corners of the contract, prevails. *McCae Mgmt. Corp. v. Mercs. Nat'l Bank & Tr. Co. of Indianapolis*, 553 N.E.2d 884, 887 (Ind. Ct. App. 1990); *see also Mars*, 527 F.3d at 1370 ("Construction of patent assignment agreements is a matter of state contract law.").

ST's unauthorized transfer theory (Dkt. 372 at 5–6) is legally and factually baseless. The '633 Patent assignment was not, and did not need to be, executed by Purdue, the assignee. ST points to no authority in Indiana law requiring an assignee to execute a patent assignment, and federal courts have rejected such arguments. *See, e.g.*, *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 198 F. Supp. 3d 366, 377 (D. Del. 2016) (ruling that Gore's representative "was not required to sign the Assignment because only GEH, as the assignor, was entering into obligations by way of the Assignment"); *see also* Dkt. 379 at 5–6 (citing cases). ST's theory that the assignment imposed on Purdue financial obligations in excess of $2,000,000 is pure conjecture. ST cannot reasonably dispute the evidence of direct delegation of authority from Purdue's President to Purdue's General Counsel. Dkt. 379 at 8–9. There is no basis in law or fact under which ST could prevail on its ninth and tenth defenses.

### C. ST has failed to meet its initial burden on its fourth and eleventh defenses.

To support its prosecution history estoppel and ensnarement defenses, ST argues that its doctrine of equivalents motion (Dkt. 351) identifies five claim elements that were the subject of narrowing amendments during prosecution of the '633 Patent. *Id*. at 1–2, 8; Dkt. 372 at 2.[2] But simply identifying allegedly narrowed elements is not enough to satisfy ST's initial burden. ST must show the claim was "amended in a way that narrowed the limitation relevant to the doctrine of equivalents dispute" in this case. *United Servs. Auto. Ass'n v. PNC Bank N.A.*, 622 F. Supp. 3d 337, 345 (E.D. Tex. 2022). Claim amendment alone does not suggest that a claim term was narrowed. Dkt. 383 at 5. Indeed, the applicant overcame the PTO's rejections by pointing out the Examiner's failure to explain the rejection and arguing that the cited references teach away from the claimed invention. *Id.* ST's conclusory gesturing at these amendments is not enough to meet its burden of identifying the narrowed claim elements through disclosed, qualified and admissible expert testimony. ST has not designated an expert on the issue of whether and how the amendments narrowed the claims. Without identifying narrowed claim elements through expert testimony, the burden does not shift to Purdue. *See* Dkt. 372 at 3–4. Nor can ST justify summary judgment barring the doctrine of equivalents based on the file history alone. Dkt. 383 at 5. ST's fourth and eleventh defenses thus have no basis in fact or law.

## II. CONCLUSION

For these reasons, Purdue requests that the Court grant summary judgment in its favor as to ST's second counterclaim, second defense, fourth defense, fifth defense, eighth defense, ninth defense, tenth defense, and eleventh defense.

---

[2] Whether an amendment narrows claims or simply more particularly describes them is an issue for expert testimony and ST has not designated an expert on the topic.

Respectfully submitted,

August 28, 2023

*/s/ Chijioke E. Offor*
Michael W. Shore
Texas Bar No. 18294915
Chijioke E. Offor
Texas Bar No. 24065840
Halima Shukri Ndai
Texas Bar No. 24105486
THE SHORE FIRM LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: 214-593-9110
Facsimile: 214-593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

John P. Lahad
Texas Bar No. 24068095
Brian D. Melton
Texas Bar No. 24010620
Abbey E. McNaughton
Texas Bar No. 24116751
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 653-7859
Facsimile: (713) 654-6666
jlahad@susmangodfrey.com
bmelton@susmangodfrey.com
amcnaughton@susmangodfrey.com

*COUNSEL FOR PLAINTIFF*
*THE TRUSTEES OF PURDUE*
*UNIVERSITY*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2023, the foregoing was served via the Court's electronic filing system and email upon all counsel of record for the parties.

/s/ *Chijioke E. Offor*
Chijioke E. Offor

4