UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY, § § § § Plaintiff, § § v. § § STMICROELECTRONICS, INC., § STMICROELECTRONICS § INTERNATIONAL N.V., § § Defendants. | CIVIL NO. W-21-CV-00727-ADA |

### ORDER ON PURDUE'S REQUEST TO LIMIT INVALIDITY REFERENCES AND GROUNDS

Plaintiff Purdue submitted a discovery request seeking an order limiting the ST Defendant's prior art references to four (4) grounds. The ST Defendant's opposed the request and contended that it's current list of three (3) primary references and up to six (6)—depending on how the references are counted—are properly limited at this stage of the case. The parties' positions are more fully described in the chart they submitted, which is attached as Attachment A to this Order.

Upon consideration of the parties' positions and the stage of the case, the Court is of the opinion that the ST Defendants' number of references is proper for this stage of the case. The Court therefore **DENIES** Plaintiff's request.

SIGNED this 28th day of August, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

*The Trustees of Purdue University v. STMicroelectronics International N.V., et al.*
**Joint Dispute Chart**

| **Purdue's Issue: Request to Narrow Prior Art** ||
|---|---|
| **Purdue's Position:** Purdue proposes that ST limit its invalidity case to triable limits of 4 grounds, meaning 4 total references or combinations of references. ST's invalidity expert report identifies 4 primary references, 6 secondary references, and 26 potential combinations of references. Consistent with the Court's scheduling order in this case, ST must narrow this list to "triable limits." Dkt. 241. Expert discovery has concluded yet ST wants to keep Purdue guessing at which of these ***dozens of grounds*** ST will present during the one-week jury trial. ST's refusal to limit its references does not provide the required notice of ST's invalidity theories. *See, e.g.*, *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2015 WL 9460295, at *2 (N.D. Cal. Dec. 23, 2015). ("Mixing and matching references from a broad 'menu,' as Defendants suggest they seek to do, would not advance the scheduling order's goal of narrowing the issues before trial to a manageable number of specific obviousness combinations of which both parties have explicit notice."). Purdue's request for ST to narrow its references to four grounds is eminently reasonable. In fact, counsel for ST requested in another case that the defendant in that case should be limited to just ***two grounds*** given that discovery had closed and dispositive and *Daubert* motion briefing was complete. *See* Exh. B, Synqor's Motion to Compel at 4-5, *Synqor v. Vicor*, 2022 WL 19561682 (E.D.Tex.). Counsel for ST acknowledged that the Eastern District of Texas "'routinely limits Defendants to two or three prior art references' per claim." *See* Exh. B, at 4. | **ST's Position**: ST already significantly narrowed its invalidity case down to 3 primary references and 3-6 secondary references (which would be used to the extent Purdue challenges certain aspects of the primary references). Purdue says "4 primary references" because they split a paper and an abstract describing the paper into two references. The secondary references are primarily there to fill any shortcomings that Plaintiff may claim exist in the primary references, and ST will not know what Purdue will challenge until trial. Further narrowing at this stage is not possible, in part because of disputes regarding the priority date of the patent-in-suit. These disputes will potentially impact the prior art references that ST will ultimately select for presentation at trial. Also, it is conceivable that Purdue may challenge the public availability of some references—in fact they have an expert report dedicated to doing so—so it is not possible for ST to further narrow at this time. Purdue has also submitted untimely "rebuttal" reports and a Rule 26(a)(2)(C) disclosure. Until the Court strikes the untimely reports and disclosure, ST is further hampered from further narrowing of its prior art references. Every case is unique, and Purdue citing to other cases where ST's counsel, representing a different client, argued for a different number of prior art references is comparing apples to oranges. As this Court knows, this case has been particularly contentious, and the difficulty of working through issues with Plaintiff's counsel makes narrowing the case that much more difficult. ST has significantly narrowed its invalidity |

| | |
|---|---|
| The same arguments that ST's counsel made in *Syncor* apply here: "[ST] no doubt knows at this point which combinations it will pursue. [ST] should not be permitted to unfairly prejudice [Purdue's ] ability to prepare its validity case. It should provide fair notice now." *See* Exh. B at 5.<br>ST's counsel must recognize that its position is unreasonable. At the hearing on this issue, ST argued that narrowing was premature but explained:<br>    In fact, there's a second deadline for narrowing after the close of expert discovery, right -- I think it's right at the close or maybe a day or two before the close of expert discovery. **And we fully expect if we don't substantially narrow by that time or thereafter, that we're going to have a conversation with the Court that's going to go something like, well, you don't have to narrow, you can keep all you want on your list but, you know what, each one that you leave on your list, you're going to have to present at trial and use your trial time on it.** But you choose what you want to do. We're expecting to get that, and we're expecting to narrow.<br>Exh. A, Hr'g Tr. at 35-36.<br>The Court ruled denied Purdue's request for narrowing "at this time" noting that "defendants have to serve the first report on these references." *Id.* at 37. Now that expert discovery has concluded, there is no basis for further delay and obfuscation. | case, and further narrowing at this point is not feasible or necessary. |
| **Purdue's Requested Relief**:<br><br>Order ST to narrow its prior art references to 4 grounds. | **ST's Requested Relief**:<br><br>Deny the requested relief. |