IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC,<br><br>Defendants. | CIVIL ACTION NO. 6:21-CV-00727-ADA<br><br>JURY TRIAL DEMANDED |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE
EXPERT OPINIONS OF DR. LORI LIPKIN REGARDING MATERIALITY**

# **TABLE OF CONTENTS**

I. Introduction ........................................................................................................................ 1

II. The Undisclosed References Were Not Pleaded or Otherwise Disclosed as Inequitable Conduct References During Discovery .................................................................. 1

III. Defendants and Their Expert Cannot Rely on References They Failed to Plead .................... 2

    A. Defendants' Position Is Contrary to Well-Established Law ......................................... 2

    B. Purdue Need Not Show Prejudice ................................................................................ 5

    C. Defendants' Own Cases Do Not Support Their Position ............................................. 5

IV. Conclusion.......................................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES:**

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
    2012 WL 2499929 (N.D. Cal. June 27, 2012) ................................................................. 6

*Brigham & Women's Hospital Inc. v. Teva Pharmaceuticals USA, Inc.*,
    2010 WL 3907490 (D. Del. Sept. 21, 2010) ................................................................... 6

*Chiesi USA, Inc. v. Aurobindo Pharma USA, Inc.*,
    2022 WL 304574 (D.N.J. Jan. 9, 2022) ........................................................................... 6

*Cutsforth, Inc. v. LEMM Liquidating Co., LLC*,
    2013 WL 2455979 (D. Minn. June 6, 2013) ................................................................... 5

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
    575 F.3d 1312 (Fed. Cir. 2008) ............................................................................... 3, 4, 5

*Novartis Pharmaceuticals Corp. v. Roxane Laboratories, Inc.*,
    2011 WL 1322271 (D.N.J. Mar. 31, 2011) ........................................................... 3, 4, 6

*Ondea Nalco Co. v. EKA Chems., Inc.*,
    2003 WL 1524658 (D. Del. Mar. 21, 2003) ................................................................... 5

**RULES:**

Fed. R. Civ. P. 9 ................................................................................................... 1, 3, 5, 6

**STATUTES:**

35 U.S.C. § 102 ............................................................................................................... 4

35 U.S.C. § 103 ............................................................................................................... 4

I.      **Introduction**

Defendants do not dispute that their operative pleading fails to identify the references that Purdue now moves to strike from Dr. Lipkin's report. Instead, Defendants try to hide their abject pleading and discovery failures with a distorted counterfactual recounting of the record and the law. In Defendants' view, if a reference is mentioned during a lawsuit at all in any way regardless of context or purpose, that reference is fair game for inequitable conduct. That view renders meaningless the pleading requirements of Rule 9(b) and invites trial by ambush.

II.     **The Undisclosed References Were Not Pleaded or Otherwise Disclosed as Inequitable Conduct References During Discovery**

Defendants do not dispute that they failed to plead the 2003 Book, the 2000 Boston Abstract, the 2000 Boston Paper, the 2002 Patent Publication, and the Island Art in their operative Answers. This alone compels striking Dr. Lipkin's opinions. Defendants try to cover up this deficiency by identifying instances during this lawsuit where the references came up. Defendants argue that placing the 2003 Book and the two Boston references before the first named inventor, Dr. James Cooper, during his deposition cures their failure to include any mention of those references in their Answers. Resp. at 3-5. But Dr. Cooper was not asked any questions about why he did not disclose those particular references to the PTO. Defendants merely asked if he specifically recalled the references, which he did not.

Defendants also have the chutzpah to argue that their interrogatory response "explicitly" identified the Undisclosed References. *Id*. at 5-6. To support this claim, Defendants quote their general allegations that Dr. Cooper knew about ***unidentified*** publications disclosing "spaced apart base regions in SiC MOSFETs as early as September 2003" and ***unidentified*** publications disclosing JFET widths of less than about 3 microns or about 1 micron before November 2000. *Id*. at 5-6. Defendants claim that Purdue should have known that they would assert these references in the

1

absence of any pleadings identifying them because the 2003 Book was published after September 2003 and disclosed "islands" and the Boston papers related to JFET widths. *Id*. at 5-6.

Defendants then argue that they identified the Undisclosed References in their supplemental response to the same interrogatory and "specifically cited" to the references and Dr. Cooper's testimony about them. *Id*. at 5-6. Rubbish. Defendants' supplemental response cannot be called "specific" under even the most expansive use of the word. Defendants said, "In addition to the evidence and contentions referenced in Defendant's Amended Answers (ECF 225-226) and prior responses to this Interrogatory, Defendants identify the following evidence: the deposition transcripts of Dr. Cooper, Dr. Saha, Mr. Kellett, and Mr. Waite, and all exhibits to each of those depositions" and then cited 16 documents by bates number, none of which are the references at issue here. Resp. Ex. 7 at 19. Defendants did nothing more than refer to *all* of Dr. Cooper's testimony and all 50 of the exhibits to his deposition, including exhibits like the '633 Patent, various licenses, and Naval Research contracts that have no remote bearing on inequitable conduct.

Defendants do not argue that they showed Dr. Cooper the 2002 Patent Publications or the Island Art during his deposition. Nor do they argue that any of their interrogatory responses even hints at disclosure of these references. Defendants also concede that there is no evidence that Dr. Cooper was even aware of these references. *Id*. Instead, Defendants argue that including this reference in their invalidity contentions gives Purdue notice that Defendants would rely on it for inequitable conduct. Resp. at 7.

### III. Defendants and Their Expert Cannot Rely on References They Failed to Plead

#### A. Defendants' Position Is Contrary to Well-Established Law

Even more audacious than their counterfactual view of their interrogatory responses is Defendants' argument that they "acted diligently and transparently with respect to their inequitable conduct defense." Resp. at 7. The Federal Circuit explained what constitutes true diligence and

2

transparency. In *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2008), the Federal Circuit unequivocally held that Rule 9(b) applies to inequitable conduct allegations and that "**in pleading inequitable conduct in patent cases, Rule 9(b) requires** identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." (Emphasis added). The operative words are "pleading" and "requires." The Federal Circuit has not watered-down the need to plead inequitable conduct with particularity under Rule 9(b) and permitted just some vague categorical notice of a reference along the way. To the contrary, in *Exergen*, the Court rejected a similar argument that mere awareness was sufficient. "A reference may be many pages long, and its various teachings may be relevant to different applications for different reasons. Thus, one cannot assume that an individual, who generally knew that a reference existed, also knew of the specific material information contained in that reference." *Id* at 1330.

Likewise, district courts have declined to excuse pleading failures simply because a reference was placed before an inventor during a deposition or cited in invalidity contentions. Purdue's motion cites several cases precluding reliance on undisclosed references. Motion, Dkt. 358 at 6-7. Defendants only respond to one, *Novartis Pharmaceuticals Corp. v. Roxane Laboratories, Inc.*, 2011 WL 1322271, at *8 (D.N.J. Mar. 31, 2011), arguing that the case is inapposite because the Undisclosed References were raised in invalidity contentions, discovery responses, and in Dr. Lipkin's report. Resp. at 11-12. Defendants' attempt to distinguish *Novartis* fails. The *Novartis* Court struck the inequitable conduct defense based on the EP'424 reference because defendant failed to plead it. The court rejected the exact same arguments Defendants make here:

> Defendant argues that since it always advanced an inequitable conduct defense, the extensive discovery regarding EP'424 should have been sufficient to alert Plaintiff to Defendant's intent to use EP'424 as part of its inequitable conduct theory.

*Id.* The court prevented reliance on the EP'424 reference because it was not part of the defendant's pleading and the fact the reference was raised in discovery "does not relieve Defendant of its duty to

3

plead inequitable conduct with particularity so as to provide Plaintiffs with sufficient notice as to the factual basis for the defense." *Id*. As *Novartis* and the rest of the cases cited make clear, mentioning (specifically or categorically) a reference during discovery and expert reports is not a substitute for proper pleading under Rule 9(b).[1] *Exergen* loses all force and guidance if that is the standard.

Defendants cynically argue that Purdue's decision not to strike Dr. Lipkin's opinions regarding the Lu Thesis and the Cooper notebook entries, "despite their same timing and level of disclosure" as the Undisclosed References militates against striking Dr. Lipkin's opinions. Resp. at 8. First, Defendants' expert, Dr. Lipkin, did not assert that the Cooper notebook entries were non-cumulative. Purdue did not seek to strike a non-existent opinion. Such opinions would be outside the scope of her report and already off-limits for trial. Second, Defendants ignore that they at least attempted to plead facts related to the Lu Thesis in their Answers. *See, e.g.*, Dkt. 225 at ¶ 92. That pleading was deficient, to be sure, but at least there was some effort made to put Purdue on notice.

Defendants next argue that Purdue must have been aware of Defendants' full inequitable conduct case because Purdue served an expert report rebutting it. Resp. at 8. Defendants argue that Ms. Rea "scrutinized Dr. Lipkin's opinions as to ***why*** the references form the basis of ST's inequitable conduct defense, and subsequently provided her own rebuttal opinions." *Id*. (emphasis in original). Even a cursory review of Ms. Rea's opinions debunks that argument. Ms. Rea does not, as Defendants misrepresent, scrutinize the "why" behind Dr. Lipkin's opinions. Rather, Ms. Rea merely notes that the references addressed by Dr. Lipkin differ from those pleaded in Defendants' Answers. *See* Ex. 11 to Resp. at ¶ 77; *id.* at ¶ 69 (listing references pleaded in the Answers). In fact, Ms. Rea states that she is not addressing the materiality prong in her report. *Id.* at ¶ 78.

---

[1] Additionally, even under the narrowest reading of *Novartis*, disclosure of the 2002 Patent Publication and the Island Art in invalidity contentions is insufficient because inequitable conduct is a different defense than anything under § 102 or § 103.

4

### B. Purdue Need Not Show Prejudice

Defendants do not cite any authority for the proposition that Purdue was required to show prejudice. In any event, avoiding prejudice is inherent in the Rule 9(b) requirement to plead fraud with particularity. An allegation of fraud on the Patent Office must be pleaded with specificity because it is a serious allegation affecting the reputations of many. "The high standards for pleading, as well as proving inequitable conduct are designed to curb overuse of the inequitable conduct doctrine, thereby protecting the reputations of those who would be harmed by such charges." *Cutsforth, Inc. v. LEMM Liquidating Co., LLC*, 2013 WL 2455979, at *5 (D. Minn. June 6, 2013) (citing *Exergen*, 575 F.3d at 1331). It is unfair and legally incorrect to seek the "atomic bomb" of patent law without complying with the pleading requirements. The prejudice from Defendants' ambush tactics is undeniable.

### C. Defendants' Own Cases Do Not Support Their Position

Having effectively conceded that they shirked their pleading obligations, Defendants now want a mulligan and argue that "the proper outcome would be to allow ST to amend its Answers to confirm to the evidence as it developed during discovery." Resp. at 9. That ship sailed. Discovery is long over. Trial is in less than two months. Defendants should have moved for leave to amend their answers months ago. Defendants deposed Dr. Cooper on May 11, 2023. Defendants served Dr. Lipkin's report with the surprise materiality opinions on June 9, 2023. Defendants still have not moved for leave to amend their Answers, likely because they cannot show good cause for leave.

Defendants cite *Ondea Nalco Co. v. EKA Chems., Inc.*, 2003 WL 1524658, at *4 (D. Del. Mar. 21, 2003) in support of their request for a second chance to plead. Notably, that decision preceded *Exergen*, so the court did not have the benefit of the Federal Circuit's guidance on the pleading standards. Further, in *Ondea Nalco*, the court focused on "whether there has been sufficient notice to the opposing party of the specific inequitable conduct allegations to allow for full and fair

discovery of such." *Id.* The allegations at issue were not pleaded and only present in an expert report that the court had struck. *Id.* Accordingly, the court granted summary judgment of no inequitable conduct as to those expert report-only allegations but denied the motion "as to the inequitable conduct allegations properly pled in the amended complaint." *Id.* Thus, even Defendants' own authority highlights that pleading trumps mere disclosure.[2]

Defendants next cite *Brigham & Women's Hospital Inc. v. Teva Pharmaceuticals USA, Inc.*, 2010 WL 3907490, at *1 (D. Del. Sept. 21, 2010) for the notion that disclosure of references during discovery is sufficient even in the absence of pleading. But the court in that case assessed whether the challenged inequitable conduct grounds were disclosed in pleadings or through discovery. Defendants here did not adequately disclose the Undisclosed References in their pleadings or their discovery responses, as discussed above. Merely gesturing at a set of 50 exhibits to Dr. Cooper's deposition is not enough. Nor is listing references in invalidity contentions.

Defendants disparage Purdue's Motion to Strike as an "end run" around a motion to strike the defense. Resp. at 11. Purdue has moved for leave to strike the defense. But even if Purdue had not moved, Defendants would still have had to plead their defense with particularity. The existence of a motion to strike does not relieve Defendants of their obligation to comply with Rule 9(b).

## IV.    Conclusion

The Court should not reward Defendants' gamesmanship and let them off the hook for their admitted refusal to plead with particularity any allegations regarding the Undisclosed References. References not pleaded in Defendants' Answers are off-limits for inequitable conduct.

---

[2] Courts address this issue of deficient inequitable conduct pleadings in various contexts. In *Novartis*, for example, it came up as part of a motion for summary judgment. It has also come up in the context of a motion in *limine*, *Chiesi USA, Inc. v. Aurobindo Pharma USA, Inc.*, 2022 WL 304574, at *3 (D.N.J. Jan. 9, 2022), and a motion to strike expert opinion, *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 2499929, at *3 (N.D. Cal. June 27, 2012).

Dated: August 29, 2023

Respectfully submitted,

By: /s/ John P. Lahad
Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
THE SHORE FIRM LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

Brian D. Melton (SBN 24068095)
John P. Lahad (SBN 24068095)
Abbey McNaughton (SBN 24116751)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
amcnaughton@susmangodfrey.com

**COUNSEL FOR PLAINTIFF
THE TRUSTEES OF PURDUE UNIVERSITY**

**CERTIFICATE OF SERVICE**

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that a true and correct copy of the foregoing has been served on counsel for Defendants VIA ECF and email on August 29, 2023.

/s/ John Lahad