# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>                    Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS N.V., STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC.,<br><br>                    Defendants. | CIVIL ACTION NO. 6:21-CV-00727-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S EIGHTH SET OF DISCOVERY TO DEFENDANT STMICROELECTRONICS, INC.**

Plaintiff The Trustees of Purdue University propounds the following discovery to Defendant STMicroelectronics, Inc. under Federal Rules of Civil Procedure 26, 33, 34, and 36, which set forth the requirements for answering. All responsive information should be provided to the Shore Firm, 901 Main Street, Suite 3300, Dallas, Texas 75202.

**DEFINITIONS**

1. "**Accused Products**" means any products, systems, technologies, functionalities, or services made, used, offered for use, sold, offered for sale, marketed, imported or licensed by Defendants that are alleged to infringe any claim of the patent-in-suit, including but not limited to all products and solutions identified in Your response to Plaintiff's Interrogatory No. 2 and all products and solutions marketed or distributed under any of the following part numbers: SCTH50N120-7, SCT10N120H, SCT110N120G3D2AG, SCT130N120G3D8AG, SCT140N75G3D8AG, SCT160N75G3D2AG, SCT200N120G3TPAG, SCTWA50N120-4, SCTWA50N120, SCTWA30N120, SCTWA20N120, SCTWA10N120, SCT50N120, SCT30N120, SCT30N120D2, SCT30N120H, SCT1000N170,

SCT1000N170AG, SCT100N120G2D2AG, SCT100N65G2D2TAG, SCT10N120AG, SCT20N120, SCT10N120, SCT20N120AG, SCT20N120H, SCT20N170, SCT20N170AG, SCT250N65G2TPAG, SCT250N65G3TPAG, SCTF35N65G2, SCTH100N120G2TAG; SCTWA35N65G2VAG, SCTL35N65G2V, SCTH100N65G2-7AG, SCTH35N65G2V-7, SCTH35N65G2V-7AG, SCTH35N65G2V7SAG, SCTH35N65G2V7TAG, SCTH90N65G2V-7, SCTH70N120G2V-7, SCTH60N120G2-7, SCTH40N120G2V7AG, SCTH40N120G2V-7, SCTH40N65G3V7TAG, SCTH40N65G3VF, SCTH45N65G3V7TAG, SCTH60N120G2-7AG, SCTHS250N120G3AG, SCTHS250N65G2AG, SCTHS300N75G3AG, SCTHU100N65G2-AG, SCTHU35N65G2-AG, SCTW100N65G2, SCTW100N65G2AG, SCTW70N120G2V, SCTW35N65G2V, SCTW35N65G2VAG, SCTW90N65G2V, SCTWA35N65G2V, SCTWA90N65G2V, SCTWA90N65G2V-4, SCTWA70N120G2V-4, SCTWA60N12G2-4AG, SCTWA60N120G2AG, SCTWA60N120G2-4, SCTWA40N12G24AG, SCTWA40N120G2V, SCTWA40N120G2V-4, SCTWA35N65G2V4AG, SCTWA35N65G2V-4, SCTW60N120G2, SCTW60N120G2AG, SCTW40N120G2V, SCTW40N120G2VAG, SCTW35N65G2V, SCTW100N120G2AG, SCTL90N65G2V, SCTYA200N65G2TAG, STW62N65M5, SCT011H75G3AG, SCT011HU75G3AG, SCT012T90G3AG, SCT014HU65G3AG, SCT014T65G3AG, SCT020H120G3AG, SCT040H65G3AG, SCT040H65G3SAG, SCT040HU65G3AG, SCT055H65G3SAG, SCT055HU65G3AG, SCT070H120G3AG, SCTWA40N120G2AG, and SCT020T120G3AG; all silicon carbide Power MOSFETs corresponding to the following die IDs: NI596, NI613, NI615, NI616, NI630, NI633, NI650, NI651, NI652, NI659, NI676, NI678, NI679, NI691, NI693, NI697, NI698, NI699, NI716, and NI736; all silicon carbide Power MOSFETs marketed or distributed under the STPOWER name or mark; and any other silicon carbide Power MOSFETs marketed or distributed by an STMicroelectronics entity at any time since March 3, 2009. This definition includes all products identified on the following website:

https://www.st.com/en/sic-devices/sic-mosfets.html. The phrase "STPOWER name or mark" in this definition encompasses: the word mark registered with the USPTO under serial number 79274308 (https://tsdr.uspto.gov/#caseNumber=79274308&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch); the word mark registered with the USPTO under serial number 79181494 (https://tsdr.uspto.gov/#caseNumber=79181494&caseSearchType=US_APPLICATION&caseType=DEFAULT&searchType=statusSearch); marks consisting of the wording "STPOWER" under the design of highly stylized power button symbol comprised of an incomplete circular band with a diagonal bar appearing in the open space at the top of the broken circle; marks consisting of a shaded brown circle having a design of two interlocked chain links superimposed thereon where the chain links are displayed in white with the wording "STPOWER" displayed in white superimposed on the circular design below the chain link design; and any other mark comprising the wording "STPOWER."

2. "**Asserted Patent**" or "**patent-in-suit**" refers to U.S. Patent No. 7,498,633 together with the application on which it issued, its entire prosecution history, and all foreign counterparts, including foreign applications and foreign prosecution histories.

3. "**the Period**" refers to January 23, 2006 through present.

4. "**Defendant/s**" and "**You/Your**" refers to STMicroelectronics N.V., STMicroelectronics International N.V., or STMicroelectronics, Inc., and their respective affiliate companies, parent companies, distributors, agents, representatives, any other persons or entities that either control or are controlled by STMicroelectronics N.V., STMicroelectronics International N.V., or STMicroelectronics, Inc., including any entities with which STMicroelectronics N.V., STMicroelectronics International N.V., or STMicroelectronics, Inc. share information electronically through an enterprise resource management system, as well as STMicroelectronics N.V., STMicroelectronics International N.V., or STMicroelectronics, Inc. employees, directors, officers, or

any other persons or entities acting on behalf of STMicroelectronics N.V., STMicroelectronics International N.V., or STMicroelectronics, Inc.

5. **"Identify"** when it comes to a person means their full name, employer, phone number, job description, physical home/work addresses, and email addresses. Please provide sufficient information to contact the person.

6. **"STMicroelectronics Entity/ies"** refers to any one or more of "STMicroelectronics N.V. together with its consolidated subsidiaries," as that phrase is used in statements to the SEC (*e.g.*, https://www.sec.gov/ix?doc=/Archives/edgar/data/932787/000156459021008102/stm20f_20201231.htm).

7. **"SiC MOSFET/s"** refers to silicon carbide power MOSFET/s.

8. **"United States"** means and includes the United States of America, its territories, and possessions, including Puerto Rico, Guam, U.S. Virgin Islands, Northern Mariana Islands, and American Samoa.

9. **"and"** and **"or"** shall be construed conjunctively or disjunctively to make any request for information inclusive rather than exclusive.

10. **"any**,**"** **"each**,**"** and **"all"** shall be construed to make any request for information inclusive rather than exclusive.

## DISCOVERY REQUESTS

## INTERROGATORIES

**INTERROGATORY NO. 21:** Identify each person that is or was an employee or executive of a Defendant and an employee or executive of at least one other Defendant (*e.g.*, an employee or executive of both STMicroelectronics International N.V. and STMicroelectronics, Inc.), and for each identified person, state: (i) such person's first and last name; (ii) the name of each STMicroelectronics Entity that employs such person; and (iii) such person's job title at each STMicroelectronics Entity,

4

including whether such person serves as an officer at each identified employer.

**INTERROGATORY NO. 22:** Identify and describe any documented or undocumented transfer of money from one Defendant to another Defendant. Your answer should include (i) the transferor; (ii) the transferee; (iii) the month and year of transfer; (iv) what consideration, if any, was received by each transferor in return for the transfer; (v) the purpose of the transfer; (vi) how the transferred funds were used by the transferee; (vii) whether the transfer agreement is in writing; and (viii) the present location of any written transfer agreements.

**INTERROGATORY NO. 23:** Identify all debts of each Defendant guaranteed by another Defendant. Your answer should include (i) by whom each guarantee was given; (ii) to whom the guarantee was given; (iii) the month and year of the guarantee; (iv) what consideration, if any, was received by each guarantor in return for giving such guarantee; (v) the purpose of the guarantee; (vi) how the guaranteed funds were used; (vii) whether the guarantee is in writing; and (viii) the present location of any written guarantees.

**INTERROGATORY NO. 24:** Describe in detail and provide all market surveys, demand studies (whether formal or informal), capacity forecasts, capacity reservations, capacity allocations, or market research acquired or conducted by You, on Your behalf, or by Your potential or eventual customer relating to the use, demand, preferences, or value of the Accused Products. A complete response to this interrogatory should include, but is not limited to, all data that You have generated, recorded, or tracked relating to the use, demand, preferences, or value of the Accused Products and any of their features.

**INTERROGATORY NO. 25:** Identify all facts that You will rely on to apportion any value of the patented features of an Accused Product, where applicable, from the value of the unpatented features. A complete answer to this interrogatory will include an identification of all features of the Accused

5

Products that You allege add to the value of the Accused Products that do not embody or require the use of any subject matter claimed in the Asserted Patent.

**INTERROGATORY NO. 26:** Identify all opinions, evaluations, analyses, or reverse engineering reports, whether written or oral, that Defendant has requested, received, or is aware of regarding any Accused Product, including but not limited to date, author(s), addressee(s), recipient(s), and whether it relates to infringement or non-infringement, validity or invalidity, enforceability or unenforceability, or any other affirmative defense or a valuation of any Accused Product.

**INTERROGATORY NO. 27:** Identify how each Defendant determines where (*i.e.,* country, city) a sale of an Accused Product occurs, including how such a determination is made within a Defendant's enterprise resource management system or otherwise.

**INTERROGATORY NO. 28:** Identify and describe any non-infringing alternatives or design-arounds that You allege exist for the patent-in-suit, including whether or not You have implemented any of these alleged non-infringing alternatives or design-arounds.

**INTERROGATORY NO. 29:** Explain the factual and evidentiary basis for Your inequitable conduct defense, including the factual and evidentiary basis for Your claim that the allegedly non-disclosed art was not cumulative or immaterial and any facts or evidence supporting Your allegation that Plaintiff intended to defraud the patent office.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 28**: All corporate records of each Defendant, including but not limited to articles of incorporation, operating agreements, bylaws, amendments, minutes, notes, and resolutions from all corporate meetings, statements of information, stock registers/ledgers (including information on what and when consideration was paid for stock), stock certificates, shareholder buy/sell agreements, annual reports, capital contribution information, dividend payment

records, tax returns, tax filings, balance sheets, financial statements, profit and loss statements, and any documents that show who is an officer and director of each Defendant.

**REQUEST FOR PRODUCTION NO. 29**: All contracts with a Defendant as a party that include a cross-default provision with another contract entered into by another Defendant.

**REQUEST FOR PRODUCTION NO. 30**: All correspondence, emails, reports, notes, and memoranda from one Defendant to at least one other Defendant regarding or related to SiC MOSFETs.

**REQUEST FOR PRODUCTION NO. 31**: All documents that were used, relied on, or reviewed in preparing Defendants' answers to all interrogatories.

**REQUEST FOR PRODUCTION NO. 32**: All employee handbooks of each Defendant in effect during the Period.

**REQUEST FOR PRODUCTION NO. 33**: Each Defendant's quarterly and annual financial statements during the Period.

**REQUEST FOR PRODUCTION NO. 34**: All presentations, analyses, and documents related to pricing the Accused Products, including documents related to the initial pricing of the Accused Products and documents analyzing or addressing changes in pricing through present.

**REQUEST FOR PRODUCTION NO. 35**: All documents sufficient to show the accounting policies that are followed with respect to recording sales or revenues generated by the making, selling, or using of the Accused Products.

**REQUEST FOR PRODUCTION NO. 36**: All documents related to the market/s in which Defendants compete, Defendants' competitors, the relevant industry, the competitive products, any changes in the level and nature of competition since the launch of the Accused Products, and strategic and competitive analyses and presentations, including competitive analyses and information on sales wins and losses and any survey or study related to the Accused Products through present.

**REQUEST FOR PRODUCTION NO. 37**: All documents related to any policy, practice, or custom of each Defendant with respect to intellectual property licenses or royalties.

**REQUEST FOR PRODUCTION NO. 38**: All documents that relate to or constitute advertising or marketing of the Accused Products, including but not limited to all descriptive and promotional materials concerning each Accused Product and products containing the same made, offered for sale, or sold by or for each Defendant, press releases and trade journal articles describing the Accused Products, advertisements, catalogues, materials prepared for use in trade meetings and conventions, package inserts, technical data sheets, specifications, price lists, sales presentations to customers or potential customers and any other materials promoting or describing such products, including sales and promotional literature and other documents which describe and compare the features of the Accused Products, including brochures, customer proposals, and correspondence for each.

**REQUEST FOR PRODUCTION NO. 39**: All documents relating to the SiC MOSFET market, including any studies, reports, or analyses relating to market share, market demand, market segments, competition, consumer surveys, revenue, Total Available Market, and the Serviceable Available Market.

**REQUEST FOR PRODUCTION NO. 40**: All documents relating to any products that compete with any Accused Product, including any analyses of the strengths or weaknesses of those products compared to any Accused Product.

**REQUEST FOR PRODUCTION NO. 41**: All documents discussing or referencing the quality, value, acceptability, workability, performance, or benefits of any Accused Product, including communications praising, criticizing, or otherwise commenting on the Accused Products.

**REQUEST FOR PRODUCTION NO. 42**: All documents that identify features that contribute to the value of the Accused Products.

**REQUEST FOR PRODUCTION NO. 43**: For Accused Products sold both in and out of the United

States, documents sufficient to fully describe the forecasted and actual revenue generated by and costs and profits associated with the Accused Products and any non-accused products offered for sale or sold with the Accused Products, including gross and net revenue received, cost of goods sold and operating costs including distribution costs, commercialization costs, sales costs, marketing and advertising costs, general and administrative costs and any allocations, and the basis for such allocations.

**REQUEST FOR PRODUCTION NO. 44**: Budgets, forecasts, and budget versus forecast documents for the Accused Products and the Sic MOSFET market during the Period.

**REQUEST FOR PRODUCTION NO. 45**: All documents sufficient to identify each of Defendant's partners, distributors, resellers, and/or customers for the Accused Products, as well as the quarterly revenue, profit, costs, and units associated with each partner, distributer, reseller, and/or customer, and any fixed or one-time revenue costs associated with each partner, distributor, reseller, and/or customer.

**REQUEST FOR PRODUCTION NO. 46**: All documents sufficient to identify each entity to whom each Defendant has sold, attempted to sell, and/or marketed any of the Accused Products.

**REQUEST FOR PRODUCTION NO. 47**: All license agreements, technology transfer agreements, royalty agreements, cross-licenses, covenants not to sue, settlement agreements, or related intellectual property agreements relating to SiC MOSFETs (including the Accused Products), or similar or related products.

**REQUEST FOR PRODUCTION NO. 48:** All documents related to any non-infringing alternative to or design-around of the Accused Products.

**REQUEST FOR PRODUCTION NO. 49:** All documents supporting Your response to Interrogatory No. 29 regarding the factual and evidentiary basis for Your inequitable conduct defense.

**REQUEST FOR PRODUCTION NO. 50:** All documents identifying, referring to, or relating to each item of actual or potential prior art to the Asserted Patent known to Defendant or which Defendant may or intends to rely upon in this litigation.

**REQUEST FOR PRODUCTION NO. 51:** All known Bills of Materials that include the Accused Products.

**REQUEST FOR PRODUCTION NO. 52:** All documents sufficient to identify the cost to You in making the Accused Products, how those costs are determined, and the revenue derived from selling the Accused Products.

**REQUEST FOR PRODUCTION NO. 53:** All documents sufficient to identify Your gross margins in selling the Accused Products and how those gross margins are calculated.

**REQUEST FOR PRODUCTION NO. 54:** In instances where an Accused Product is a component part in a larger subsystem, all documents sufficient to identify how You internally determine the cost of the Accused Product as a component and Your ultimate determination.

**REQUEST FOR PRODUCTION NO. 55:** All documents evincing the terms and conditions under which You sell the Accused Products, including purchase orders and supply agreements. These documents should include information on choice of law, product delivery locations, and payment locations (where payments are to be sent to You).

**REQUEST FOR PRODUCTION NO. 56:** All documents sufficient to identify how Your United States-based distributors, manufacturers, representatives, and salespersons are compensated, including when a sale is attributed to a particular United States-based distributor, manufacturer, representative, or salesperson and how any commissions or sales-based compensation or bonuses are calculated.

**REQUEST FOR PRODUCTION NO. 57:** All documents identifying lead times and capacity allocations for the Accused Products.

**REQUEST FOR PRODUCTION NO. 58:** All documents identifying the non-recurring engineering costs charged to customers that purchased the Accused Products.

**REQUEST FOR PRODUCTION NO. 59:** All documents and communications with and involving any Tesla entity, including Tesla Motors Netherlands B.V. and/or Tesla Motors, Inc. (USA) related to the Accused Products or systems/sub-systems/modules that contain the Accused Products.

**REQUEST FOR PRODUCTION NO. 60:** All documents sufficient to show the location (*i.e.*, country, city, address) of the customer engineers with which Your applications engineers have worked and are working.

**REQUEST FOR PRODUCTION NO. 61:** All documents sufficient to show the handling of Accused Product samples in the United States, including but not limited to documents indicating (i) the locations (*i.e.*, country, city, address) in the United States where samples of the Accused Products are stored; (ii) requests for samples from customers and potential customers; (iii) the importation of samples; (iv) the shipment of samples; (v) the tracking of samples; and (vi) the person or entity to whom You have sent Accused Product samples.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 3:** Admit that any item of actual or potential prior art to the Asserted Patent referenced in Request for Production No. 50 lacks a segmented base.

**REQUEST FOR ADMISSION NO. 4:** Admit that any item of actual or potential prior art to the Accused Patent referenced in Request for Production No. 50 lacks a JFET width of less than 3 µm.

| | |
|---|---|
| Dated: September 30, 2022 | Respectfully submitted,<br><br>By: /s/ *Halima Shukri Ndai*<br>Mark D. Siegmund (SBN 24117055)<br>Craig Cherry (SBN 24012419)<br>**STECKLER WAYNE CHERRY & LOVE PLLC**<br>8416 Old McGregor Road<br>Waco, Texas 76712<br>Tel: (254) 651-3690<br>Fax: (254) 651-3689<br>mark@swclaw.com<br>craig@swclaw.com<br><br>Michael W. Shore (SBN 18294915)<br>Chijioke E. Offor (SBN 24065840)<br>Halima Shukri Ndai (SBN 24105486)<br>**THE SHORE FIRM**<br>901 Main Street, Suite 3300<br>Dallas, Texas 75202<br>Tel: (214) 593-9110<br>Fax: (214) 593-9111<br>mshore@shorechan.com<br>coffor@shorechan.com<br>hndai@shorechan.com<br><br>Brian D. Melton (SBN 24010620)<br>John P. Lahad (SBN 24068095)<br>Hayley Stillwell (*pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1000 Louisiana Street, Suite 5100<br>Houston, Texas 77002<br>Tel: (713) 651-9366<br>Fax: (713) 654-6666<br>bmelton@susmangodfrey.com<br>jlahad@susmangodfrey.com<br>hstillwell@susmangodfrey.com<br><br>*COUNSEL FOR PLAINTIFF*<br>*THE TRUSTEES OF PURDUE UNIVERSITY* |

## **CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via e-mail on September 30, 2022.

/s/ *Halima Shukri Ndai*
Halima Shukri Ndai