# EXHIBIT 5

# Susman Godfrey L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

_____

| Suite 1400 | Suite 3000 | 32nd Floor |
| 1900 Avenue of the Stars | 401 Union Street | 1301 Avenue of the Americas |
| Los Angeles, California 90067-6029 | Seattle, Washington 98101-2683 | New York, New York 10019-6023 |
| (310) 789-3100 | (206) 516-3880 | (212) 336-8330 |

John P. Lahad
Direct Dial (713) 653-7859

E-Mail JLahad@susmangodfrey.com

December 23, 2022

**VIA E-MAIL to Justin.Cohen@hklaw.com**

Justin Cohen
Holland & Knight LLP
1722 Routh Street
Suite 1500
Dallas, TX 75201
United States of America

Re: *The Trustees of Purdue University v. STMicroelectronics International N.V. et al*, No. 21-CV-00727-ADA (W.D. Tex.)

Dear Counsel:

Plaintiff, The Trustees of Purdue University ("Purdue"), reviewed the discovery produced to date by STMicroelectronics International N.V. and STMicroelectronics, Inc., (collectively, "ST") and identified numerous missing or incomplete responses. This includes documents and information that ST committed to the Court that it would provide but has failed to do so. Please provide the supplemental responses to the below Interrogatories and Requests for Production by no later than **December 30, 2022.** To the extent ST contends that it has fulfilled its discovery obligations in response to the requests for production, please identify such materials by bates numbers.

**STPOWER SiC MOSFETs Product Information**
**Interrogatory No. 2** requests information about STPOWER SiC MOSFETs marketed or distributed in the United States at any time since March 3, 2009. Although, ST identified products marketed or distributed since March 3, 2009, ST's response fails to state the approximate date each product was first distributed within the United States, as requested. Please promptly supplement.

December 23, 2022
Page 2

**Awareness of Related Patents**
**Interrogatory No. 6** asks ST to identify United States patents and patent applications that ST believes discloses or claims the technology in the STPOWER SiC MOSFET product code. On July 11, 2022, you stated to the Court that you were unaware of any patents that cover the accused products as requested by Interrogatory No. 6. You stated that you would "timely supplement" the response if needed. Exhibit A at 47:15-48:10. **Please provide any supplementation to this response as soon as possible but no later than <u>December 30, 2022</u>, so that Purdue can seek discovery into any such identified patents.** Purdue reserves the right to raise this issue as a Federal Rule of Civil Procedure 30(b)(6) topic.

**Forecast Data**
On August 23, 2022, the Court ordered ST to produce all forecast data within two weeks in response to the parties' dispute about **Interrogatory No. 11 and Request for Production No. 6**. Dkt. 139 at 1; Exhibit B at 41:18-42:1 ("If that forecast data is not produced within two weeks, then I'm going to reconsider whether or not they'll have to produce -- whether I'll order production of those Wolfspeed supplier agreements."); *see also* Exhibit A at 56:21-25.

Similarly, **Interrogatory No. 12** asked ST to provide the sales forecasts for any ST SiC Semiconductor Products created by ST in the last 10 years. You responded that you would search for and produce the forecasts. On August 23, 2022, the Court ordered ST to produce "current forecasts of U.S. and worldwide sales of SiC MOSFET products (wafers, unpackaged die, packaged parts, modules) including any forecasts directed to specific customers, cumulative forecasts and forecasts for devices that incorporate SiC MOSFETs." Dkt. 139 at 1. Despite the Court's Order, Interrogatory Nos. 11 and 12 have not been supplemented to date. To the extent ST contends it has complied with the Court's Order, and as previously requested, promptly identify such documents by bates numbers and supplement your responses to reflect the same. *See* Exhibit C (Oct. 4th Emails). ST cannot ignore requests regarding Court Orders.

**Enterprise Resource Management System**
**Interrogatory No. 13** asked ST to provide a list of information about every enterprise resource management ("ERP") system used by STMicroelectronics entities. On August 23, 2022, the Court ordered ST to identify ERP systems that have information about ST SiC MOSFET products. Dkt. 139 at 1. Your September 14, 2022 supplemental response, stating only "SAP ERP systems" is insufficient. As you were previously informed, "[t]here are dozens of SAP systems, so simply stating 'SAP' is not compliant with the Court's order to specifically identify the ERP systems used." Exhibit C (Oct. 4th Emails) at 2. Given your failure to provide the requested information, such as the specific version of the ERP System, Purdue requests production of relevant documents to ascertain the necessary details pursuant to the Court's Order. *See* Dkt. 139 (sustaining ST's objection "but without prejudice to Purdue seeking the information at a later date should a need for the ERP system manuals be established after further discovery.").

December 23, 2022
Page 3

**Purdue Alumni**
**Interrogatory No. 15** asks ST to identify any ST employees who attended Purdue University and received a degree in engineering. On November 29, 2022, you noted that your investigation revealed no employees and agreed to supplement this response but have not supplemented. *See* Exhibit D at 1. Please supplement promptly.

**STPower SiC MOSFET Manufacturing Design**
**Interrogatory No. 16** asked you to identify the people who designed the manufacturing process for each STPower SiC MOSFET. On August 10, you stated that ST would supplement its responses to identify Mario Saggio by August 19, 2022, but no such supplementation was provided. *See id.* at 4. Please promptly supplement.

**ST Customer Information**
**Interrogatory No. 17** requested the ST application engineers who worked with each ST Customer and the identity of all persons at each Customer who made the decision to purchase STPower SiC MOSFETs. ST provided sales reports, but they do not identify the ST application engineers or the relevant person employed by the customers. On August 19, 2022, ST agreed "to identify the lead applications engineer for the 3 largest customers of SiC MOSFETs identified in its sales report that have applications engineers assigned to them." *Id*. at 5-7. Please promptly supplement.

**Webinars**
**Request Nos. 15 and 28** ask for unedited copies of two ST webinars. **Request No. 15** seeks an unedited, complete copy of the on-demand webinar titled "Design Opportunities in Silicon Carbide for New Energies, EV, and Industrial Power Conversion," featuring Alfred Arno, and dated March 19, 2020. **Request No. 28(1)**[1] seeks the webinar titled "Silicon Carbide and Industrial Applications." You have not produced these webinars, but instead have produced a webinar titled "How ST's 2nd-gen Silicon Carbide MOSFETS take efficiency to a next level," featuring Rosario Maccarrone dated September 17, 2020. ST-PURDUE_00102411, which you identified as responsive to this request, is not the requested webinar. Please promptly supplement your production to respond to these requests.

**Simulations**
**Request No. 16** asks for "documents sufficient to show any use of TCAD Systems to design the structure of STPOWER SiC MOSFETs" and **Request No. 17** asks for "documents sufficient to show any use of TCAD Systems to design the processes of STPOWER SiC MOSFETs." The Requests also seek specific related information, such as who ran the simulations, when and where the simulations occurred, who decided the input data, and the results of the simulations. Following

---

[1] Purdue mistakenly served two Requests for Production labeled as Number 28. This refers to the request in Purdue's Seventh Set of Discovery Requests served September 1, 2022.

December 23, 2022
Page 4

your representations at the meet and confer on September 29, 2022, Purdue requested production of "the simulations requested and any related documents." *See* Exhibit E at 1. ST again simply ignored this request. Please promptly produce all responsive materials.

### Financial Records

**Request No. 28(2)**[2] asks for "All corporate records of each Defendant." You responded that you would "produce its articles of incorporation, annual reports, and reports filed with the SEC," but have not done so. **Request No. 33** seeks "Each Defendant's quarterly and annual financial statements during the Period." You have not produced these documents. Additionally, no (1) cost information in response to Request Nos. 52 and 54, (2) gross margin information in response to Request No. 53, or (3) all purchase orders[3] and customer or distributor agreements in response to Request No. 55 have been produced. Please promptly supplement your production to respond to these requests.

### Non-Infringing Alternative or Design-Arounds

**Request No. 48** asks for "All documents related to any non-infringing alternative to or design-around of the Accused Products." You responded that you would produce documents related to Claim 9, but not Claim 10. Please promptly supplement your production to include non-infringing alternatives or design-arounds for Claim 10 of the patent-in-suit.

### ST International Discovery

**Request Nos. 3-12** to ST International seek core technical documents for listed products. ST International responded to each request that "it will search for and produce the front end process flows, wafer process flows, DXF files (i.e., GDS data), and mask information for the identified product if ST Int'l sold the identified product in the relevant time period." Please promptly produce these documents.

### Non-Responsive or Incomplete Answers

ST responded to multiple interrogatories with boilerplate objections but did not respond to the extent that the interrogatory is not objectionable. Please respond promptly to **Interrogatory Nos. 21-23**. For others, ST responded in part but stated that its investigation was ongoing and that it "will supplement." It has not done so. Please promptly supplement **Interrogatory Nos. 25 and 28**.

ST also stated that its "willing to meet and confer" in response to **Request Nos. 19, 30, 32, 34, 35, 36, 40, 41, and 56-61**. All these requests are self-explanatory (i.e., market analyses of SiC MOSFETs; communications, reports, notes, and memoranda regarding SiC MOSFETs; ST's employee handbooks; presentations,

---

[2] This refers to the request in Purdue's Eighth Set of Discovery Requests served September 30, 2022.

[3] The sample purchase order provided in response to ROG 1 does not fulfil ST's discovery obligation in response to Request No. 55. All purchase orders must be produced for verification and tracing of ST's sales data.

December 23, 2022
Page 5

analyses, and documents related to pricing and accounting policies followed with respect to the recording sales or revenues generated from the Accused Products; distributor compensation, including how commissions are calculated; non-recurring engineering costs; documents and communications regarding the Accused Products and involving Tesla; handling of samples of the Accused Products in the U.S.) and highly relevant to Purdue's claims. Immediately produce all responsive materials in ST's possession, custody, or control.

Finally, please confirm, by providing specific bates numbers, that ST has produced all responsive materials related to (1) process flows and GDS files in response to **Request No. 5**, and as ordered by the Court, (2) all license agreements, "regardless of whether such licenses are cross-licenses, royalty-bearing, or lump sum licenses or licenses with an affiliated ST entity," "in effect since January 2003 or later" and "cover patents with claims directed to power MOSFETs or silicon carbide transistors" in response to **Request Nos. 8 and 9**, and (3) testing information and/or reverse engineering data in response to **Request Nos. 11, 21, and 23**. Dkts. 117 & 139; Ex. A at 66:11-19, 82:10-14; Ex. C.

This letter is not intended to serve as an exhaustive recitation of the deficiencies in ST's discovery responses and Purdue does not waive any of its rights regarding its discovery requests. Purdue explicitly reserves the right to contend that other aspects of ST's discovery responses are deficient and move the Court to compel accordingly.

Please cure these deficiencies by December 30, 2022.


Sincerely,



John P. Lahad


cc:     Michael Shore
        Max Ciccarelli