# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF<br>PURDUE UNIVERSITY,<br><br>    Plaintiff,<br>v.<br><br>STMICROELECTRONICS, INC., and<br>STMICROELECTRONICS<br>INTERNATIONAL N.V.<br><br>    Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S CORRECTED REPLY IN SUPPORT OF ITS MOTION TO STRIKE AND EXCLUDE UNRELIABLE OPINIONS OF DR. SYLVIA HALL-ELLIS CONCERNING PUBLIC AVAILABILITY**

## **TABLE OF CONTENTS**

| | | |
|---|---|---|
| **A.** | ST concedes Dr. Hall-Ellis purposely altered and omitted relevant data without explanation. | 1 |
| **B.** | ST's response is an exercise in misdirection. | 2 |
| **C.** | Dr. Hall-Ellis' opinions are wholly unreliable and must be excluded. | 3 |

## **TABLE OF EXHIBITS**

| Exhibit Number and Description | Short Name |
|---|---|
| **[Exhibit 1]** Video Excerpts from July 27, 2023 Dep. of Sylvia Hall-Ellis, Ph.D. | Hall-Ellis Video |
| **[Exhibit 2]** Complete Condensed Transcript of July 28, 2023 Dep. of Rachel Applegate, Ph.D. | Applegate Condensed |

Dr. Sylvia Hall-Ellis offers opinions based on documents she intentionally and secretly altered and misrepresented. Dkt. 369 at 6, 8.[1] ST's sealed response (Dkt. 390) does not deny this. Purdue's Motion (Dkt. 369) to Strike and Exclude the Unreliable Opinions of Dr. Sylvia Hall-Ellis should be granted in its entirety.

### A. ST concedes Dr. Hall-Ellis purposely altered and omitted relevant data without explanation.

ST's sealed response (Dkt. 390) wholly ignores the core reason for striking Dr. Hall-Ellis— she reached her opinions by cherry-picking and manipulating data without reason or explanation. Dr. Hall-Ellis claimed the German DNB library possessed the Choyke Book and created the first catalog entry for it.[2] But instead of relying on the key MARC XML record indisputably posted online by that library, Dr. Hall-Ellis used "Attachment 1C"—an unverifiable record she created by copying text from a Microsoft Word file that ST's counsel obtained from someone purporting to be a librarian at TIB—a different library that never had the book.[3] She intentionally removed relevant information (e.g., "leader") from the core MARC record she provided for the Lu Thesis.[4] And when asked to explain her actions, she testified to removing leader data arbitrarily ("depends on how I feel that day")[5] and ignoring the DNB's verifiable public MARC record (complete with

---

[1] ECF page number is referenced for publicly filed documents.

[2] Dkt. 390-2 (6/6/23 Choyke Report) ¶ 34 (claiming the book "was initially acquired and cataloged at the Deutsche Nationalbibliothek (German National Library) on June 26, 2003").

[3] *See* Dkt. 369 at 6, 8; Dkt. 369-1 at 2; Dkt. 369-4 at 8, 10–11 (TIB records).

[4] *See* Dkt. 369-2 at 7–8 [34:15–35:5] (admitting she "did not include the leader [in her purported Lu Thesis MARC record]" and, "Yes," it "was an intentional decision"); *id*. at 11 [45:3–24] (admitting she "intentionally" omitted leader information, even though it "shows the number of characters in the record itself," "when the record was contributed, how it was indexed, and how it is in the system, where it is residing"); Dkt. 369 at 6, 8.

[5] *See* Dkt. 369-2 at 31–32 [104:13–105:3]; Dkt. 369-1 at 5.

leader, tags, fields, subfields) in favor of an unverifiable one for a contrived reason (i.e., she wanted only "true MARC records" with "tags, indicators, fields, and subfields").[6] None of this is disputed.

Dr. Hall-Ellis's opinions are only as reliable as the method she used to arrive at them, and opinions that are not "reliable at each and every step" are not admissible. *Jacked Up, L.L.C. v. Sara Lee Corp.*, 807 Fed. Appx. 344, 348 (5th Cir. 2020) (citation omitted). Methods that involve cherry-picking and clandestinely manipulating data without reason or explanation are not reliable. Indeed, "manipulated evidence, indeed even possibly manipulated evidence, is disapproved by courts and is entitled to little or no weight" and should be excluded. Dkt. 353 at 3 (citing *Chicago Bridge & Iron Co. N.V. v. F.T.C.*, 534 F.3d 410, 434–35 (5th Cir. 2008) and *Hosp. Corp. of Am. v. FTC*, 807 F.2d 1381, 1384 (7th Cir. 1986)).

### B. ST's response is an exercise in misdirection.

Throughout its sealed response (Dkt. 390), ST uses new opinions, post-hoc explanations, and unsupported assertions in an attempt to save Dr. Hall-Ellis. The Court should not be misled. First, Dr. Hall-Ellis is not a victim of zealous advocacy. Her behavior during her deposition speaks for itself. *See* Ex. 1 (Hall-Ellis Video Clip). Second, the MARC record, as presented in Figure 3 of Purdue's motion (Dkt. 369-1 at 3) is not in Dr. Hall-Ellis's report because it reflects the complete MARC record from the Purdue University Libraries online catalog. It is not the doctored version Dr. Hall-Ellis attached to her report as a purported "true and correct copy."[7]

---

[6] *See* Dkt. 369-2 at 22–23 [79:3–80:21] (admitting she "could go to the German National Library website, find the record for the e-book or the print book and subsequently look at [the 'MARC XML record' marked Exhibit 8]"; but she was only "interested in true MARC records" with "tags, indicators, fields and subfields"); Dkt. 369-2 at 51–54 (MARC XML record from DNB library marked Exhibit 8, showing leader, tags, fields, subfields); Dkt. 369-1 at 3 (illustrating excuse).
[7] *See* Dkt. 390-3 ¶ 43; Dkt. 369-2 at 9–11 [41:8–19, 44:4–45:7] (admitting to "intentionally" omitted the leader from the attachment 1A "critical" to her conclusion, despite representing it as a true and correct copy of a record obtained from the online catalog at Purdue).

Third, Dr. Hall-Ellis did not rely on the following purported "facts" that ST tried to prove after her deposition concluded: (a) the Choyke Book was published by Springer-Verlag Berlin on October 8, 2003; (b) the Library of Congress acquired two copies of the Choyke Book as well as a file-stamped copy; (c) the Library of Congress processed the Choyke Book in December 2003; (d) UMI offered for sale a copy of the Lu Thesis and identified its availability through Dissertation Abstracts International. *See generally* Dkt. 390-2; Dkt. 390-3. At deposition, Purdue's expert Dr. Applegate did not agree to any such statement or to claims that the Library of Congress created a MARC record in 2003 for a printed book.[8] This is yet another attempt to mislead.

Finally, Dr. Hall-Ellis did misrepresent the nature of "Attachment 1C." Her report claims "a librarian at ***the Deutsche Nationalbibliothek sent me*** the MARC record for the Choyke book (see ***Attachment 1C***)[.]" Dkt. 390-2 ¶ 40. She testified "***I actually wrote to the National Library and requested it***. . . . the one attached . . . as Attachment 1C." Dkt. 369-2 at 21 [78:1-8]. But the truth is, Dr. Hall-Ellis created Attachment 1C herself by copying text from a Microsoft Word file ("Title in MARC-format.docx") that ST's counsel obtained from a person purporting to be a librarian at Technische Informationsbibliothek (TIB)—not Deutsche Nationalbibliothek. *See* Dkt. 369-1 at 2 (visually illustrating her misrepresentation); Dkt. 369-4 at 8, 10–11.

### C.     Dr. Hall-Ellis' opinions are wholly unreliable and must be excluded.

Dr. Hall-Ellis' reliability is lacking as a matter of law. She cherry-picked and manipulated data. ST provides no justification to allow an expert who has altered records, falsely testified about their source, and otherwise ignored relevant materials to testify to a jury.

---

[8] *See, e.g.*, Ex. 2 (Applegate Condensed) at 45:12–16 (testifying that "a MARC record would have been opened before . . . the [Choyke Book] existed."); *id.* at 40:22–41:1 (testifying the website date is "aspirational"); *id.* at 79:4–7 ("I don't think you can have it both ways. I think this is a plan to acquire two copies [of the Choyke Book], one of which will be this one, ***maybe***, ***someday***."); *id.* at 93:1–25 (testifying "I cannot be certain one way or the other" and "I don't know what happened in 2004" in response to questions about UMI and availability of Lu Thesis).

3

Respectfully submitted,

August 29, 2023

/s/ *Chijioke E. Offor*
Michael W. Shore
Texas Bar No. 18294915
Chijioke E. Offor
Texas Bar No. 24065840
Halima Shukri Ndai
Texas Bar No. 24105486
THE SHORE FIRM LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: 214-593-9110
Facsimile: 214-593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

John P. Lahad
Texas Bar No. 24068095
Brian D. Melton
Texas Bar No. 24010620
Abbey E. McNaughton
Texas Bar No. 24116751
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 653-7859
Facsimile: (713) 654-6666
jlahad@susmangodfrey.com
bmelton@susmangodfrey.com
amcnaughton@susmangodfrey.com

*COUNSEL FOR PLAINTIFF*
*THE TRUSTEES OF PURDUE*
*UNIVERSITY*

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2023, the foregoing was served via the Court's electronic filing system and email upon all counsel of record for the parties.

/s/ *Chijioke E. Offor*
Chijioke E. Offor

4