IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,**<br><br>Plaintiff,<br><br>vs.<br><br>**STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,**<br><br>Defendants. | Civil Action No. 6:21-CV-00727-ADA-DTG<br><br>JURY TRIAL DEMAND |

**DEFENDANTS' REPLY IN SUPPORT OF MSJ NO. 1: MOTION FOR
PARTIAL SUMMARY JUDGMENT THAT ASSERTED CLAIMS
<u>ARE NOT ENTITLED TO PROVISIONAL FILING DATE</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | Plaintiff's Cases Do Not Support Its Argument the USPTO's "Bright-Line" Test Requiring Use of the Root Words "Incorporate" and "Reference" Does Not Apply. | 2 |
| II. | Plaintiff's Attempt to Evade 37 C.F.R. Section 1.57 Fails. | 3 |
| III. | Plaintiff's Cases Do Not Support Its Argument Non-Public Materials Can be Incorporated For Priority Determination Purposes If Public When Patent Issues | 3 |
| IV. | ST Most Certainly Disputes What the Purported Thesis Proposal Discloses | 5 |
| V. | Dr. Cooper's Cited Testimony Is Not What Plaintiff Asserts It Is. | 5 |
| VI. | Plaintiff Cannot Prove the Thesis Proposal Dated July 17, 2004 Was Public, Ever. | 6 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Display Sys., Inc. v. Kent State Univ.*,
   212 F.3d 1272 (Fed. Cir. 2000)..................................................................................................2

*Allen v. Envirogreen Landscape Prof'ls, Inc.*,
   721 F. App'x 322 (5th Cir. 2017) ...............................................................................................5

*Droplets, Inc. v. E*Trade Bank*,
   887 F.3d 1309 (Fed. Cir. 2018)..................................................................................................3

*Feldman v. Aunstrup*,
   517 F.2d 1351 (C.C.P.A. 1975) .................................................................................................4

*In re Hawkins*,
   486 F.2d 569 (C.C.P.A. 1973) ................................................................................................4, 5

*Husky Injection Molding Sys. Ltd. v. Athena Automation Ltd.*,
   838 F.3d 1236 (Fed. Cir. 2016)...............................................................................................2, 3

*Quaker City Gear Works, Inc. v. Skil Corp.*,
   747 F.2d 1446 (Fed. Cir. 1984)..................................................................................................4

*TQ Delta, LLC v. 2Wire, Inc.*,
   No. 1:13-CV-02013-RGA, 2018 WL 3238776 (D. Del. 2018) ..............................................3, 4

Plaintiff's opposition to ST's instant motion for partial summary judgment that the asserted claims of the '633 patent are not entitled to claim priority to the provisional application presents a mishmash of legal and factual arguments and case law. None are persuasive, and the facts and case law actually support ST's position, not Plaintiff's.

On the law, Plaintiff suggests that the USPTO's "bright-line" test for incorporating-by-reference does not apply. But the cases it cites in support say no such thing. And Plaintiff *materially* misrepresents their holdings. Plaintiff also suggests 37 C.F.R. Section 1.57 is not applicable to provisional applications. But Plaintiff relies on the wrong subsection of Section 1.57, ignoring the relevant portions that clearly refer to all applications (provisional and non-provisional). And, in any event, Plaintiff provides no case support for its novel proposition. Plaintiff also asserts that non-public materials can be incorporated by reference in an application if they are made public by the time a patent issues. Here, again, the cases it relies upon are easily distinguishable, and do not provide the support Plaintiff seeks.

Plaintiff fares no better on the facts. Plaintiff asserts that "ST does not claim the Saha Thesis Proposal fails to disclose the claimed invention." Opp'n at 1. Not true. What is cited in the provisional is a Saha thesis proposal dated "July 17, 2004." Plaintiff has never produced it, and has asserted it does not exist. ST certainly does not agree a document that supposedly does not exist discloses anything. Plaintiff also asserts Dr. Cooper testified at his deposition that "the inventors presented the information in the Saha Thesis Proposal in 2005" at a conference, and in a paper published thereafter in 2006. Again, not true. Dr. Cooper said no such thing. And it would not matter if he did – the issue is whether the thesis proposal was published, not a different poster or paper (or anything else). Plaintiff further asserts it "can prove the Saha Thesis Proposal was available when the '633 Patent was issued." No it cannot. No copy exists to this

1

day – if it did, one would think a copy of the thesis proposal dated July 17, 2004 (per the citation in the provisional) would be attached to the opposition as an exhibit.  It is not, and certainly not with any indications it was published (before *or* after the '633 patent issued).

I. **Plaintiff's Cases Do Not Support Its Argument the USPTO's "Bright-Line" Test Requiring Use of the Root Words "Incorporate" and "Reference" Does Not Apply.**

Plaintiff's opposition suggests the words "incorporate" and "reference" are not needed such that the "see also" in the provisional is sufficient.  Opp'n at 4-5.  But the two cases it cites provide no support for its position.  The first case, *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272 (Fed. Cir. 2000), was about prior art incorporating by reference another document, not an application (provisional or non-provisional) incorporating by reference.  *Id.* at 1282-84.  And there is no indication what was allegedly incorporated or what language was used.  *Id.*  The sole issue was whether it was legal error (it was) to submit the issue to the jury, rather than the judge deciding it as a matter of law.  *Id.*  The case has zero relevance here—where the issue is what an application incorporates, not a prior art reference—at least in any way that helps Plaintiff.  The same is true of Plaintiff's second case, *Husky Injection Molding Sys. Ltd. v. Athena Automation Ltd.*, 838 F.3d 1236 (Fed. Cir. 2016).  It is also about a prior art reference incorporating by reference another patent, not an application incorporating by reference.  *Id.* at 1247-49.  Moreover, in *Husky*, the prior art reference *did* use the magic words "incorporate by reference" and what was incorporated was another issued/published patent.[1]  *Id.* at 1248 (paragraphs [0035] and [0049] of reference).  There is no support for Plaintiff in *Husky*.  Furthermore, both cases actually confirm incorporation by reference is an issue for the court, not the jury, further undermining Plaintiff's opposition to summary judgment.  *Advanced*, 212 F.3d

---

[1] Plaintiff's opposition says *Husky* found "incorporation by reference … without the magic words 'incorporated by reference,'" Opp'n at 5, but that is flatly false.

2

at 1283 ("Logic therefore requires that incorporation by reference in the field of patent law is also a question of law."); *Husky*, 838 F.3d at 1248; *see also Droplets, Inc. v. E*Trade Bank*, 887 F.3d 1309, 1318 (Fed. Cir. 2018) (confirming is question of law in application context too).

**II.    Plaintiff's Attempt to Evade 37 C.F.R. Section 1.57 Fails.**

Plaintiff asserts "ST's reliance on 37 C.F.R. § 1.57 is [] misplaced" because "37 C.F.R. § 1.57(a)" references "35 U.S.C. 111(a) [that] directly relates to patent applications, while 35 U.S.C. 111(b), which is not addressed or referenced in 37 C.F.R. §1.57, concerns provisional applications." Opp'n at 6-7. But Plaintiff quotes subsection (a) only, and that subsection deals with a specific situation, not incorporation by reference generally. *See* 37 C.F.R. §1.57(a). The same is true of subsection (b). *See* 37 C.F.R. §1.57(b). Then subsections (c)-(e) set forth the incorporation by reference rules for all applications. Nothing limits those subsections to non-provisionals only: "Except as provided in paragraph (a) or (b) of this section, *an incorporation by reference must be set forth in the specification* and must …." 37 C.F.R. §1.57(c) (emphasis added). No distinction between provisionals and non-provisionals is made, and Plaintiff cites no *contra* case law or authority. Rather, it relies solely on inapplicable subsection (a). Clearly, Section 1.57's incorporation by reference rules apply to provisionals too.

**III.   Plaintiff's Cases Do Not Support Its Argument Non-Public Materials Can be Incorporated For Priority Determination Purposes If Public When Patent Issues.**

Plaintiff string-cites three cases as purported support for the proposition "nonpublic material (e.g., the Saha Thesis Proposal) that exists when an application is filed can be incorporated by reference so long as that material will be publicly available when the patent issues." Opp'n at 3. None of the cases supports Plaintiff's broad proposition.

*TQ Delta, LLC v. 2Wire, Inc.*, No. 1:13-CV-02013-RGA, 2018 WL 3238776 (D. Del. 2018) is an unpublished decision where the patent at issue explicitly incorporated by reference a

3

specific industry standard that was published before the patent issued. *Id.* at *5-7. It does not acknowledge or address 37 C.F.R. Section 1.57, and addresses the MPEP instead, apparently because the parties cited the MPEP and not Section 1.57. *Id.* at *6 n.10. And it relies on pre-37 C.F.R. Section 1.57 cases. *Id.* at *5. Moreover, it was about Section 112, not the propriety of a priority claim. It thus fails to support Plaintiff. It also includes the following that supports ST: "*Incorporation by reference has never been permissible* under 35 U.S.C. § 112 of material necessary for an adequate disclosure *which is unavailable to the public*." *Id.* at *5 (emphasis added) (quoting *Quaker City Gear Works, Inc. v. Skil Corp.*, 747 F.2d 1446, 1455 (Fed. Cir. 1984)).

*Feldman v. Aunstrup*, 517 F.2d 1351 (C.C.P.A. 1975), is a case about patents relying on microorganism samples deposited at depositories and whether that can satisfy Section 112 requirements. *Id.* at 1355-56. It is *not* about incorporating by reference any documents. That the *TQ Delta* court relied on it shows how off-base that court was in that unpublished decision. Plaintiff should read its cases before citing them.

*In re Hawkins*, 486 F.2d 569 (C.C.P.A. 1973), is a case on appeal from a USPTO rejection during examination where the application at issue was filed with statements that incorporated by reference British applications, the examiner objected, and then the applicant replaced the incorporations by reference with the text from the British applications such that, when the application eventually issued as a patent, the actual incorporated materials would be included and thus available to the public. *Id.* at 571-575. It was *not* about merely incorporating by reference an unpublished document.[2] Here, the Saha thesis proposal text was never added to

---

[2] In a footnote, Plaintiff asserts that, "[b]y ST's logic, provisional or patent applications would never be ineligible to be incorporated by reference since they are preserved in confidence prior to

'633 specification. Plaintiff does not allege otherwise. *Hawkins* is thus inapposite.

**IV.    ST Most Certainly Disputes What the Purported Thesis Proposal Discloses.**

Plaintiff baldly asserts "ST does not claim the Saha Thesis Proposal fails to disclose the claimed invention." Opp'n at 1. Not true. Neither Plaintiff nor ST even has a copy of it. There is thus no proof what is or is not included therein. Plaintiff's experts rely entirely on purported drafts of alleged portions/chapters, all with different dates. None rely on a purported copy of the thesis proposal dated "July 17, 2004," as cited in the provisional.[3]

**V.    Dr. Cooper's Cited Testimony Is Not What Plaintiff Asserts It Is.**

Plaintiff goes so far as to assert that "Dr. Cooper testified that the inventors presented the information in the Saha Thesis Proposal in 2005" at a conference and in a paper in 2006 after the conference. Opp'n at 1. Again, not true. Dr. Cooper said the information to which he was referring was from the thesis, not the thesis proposal. And he said it was *not* what was disclosed in the '633 patent. Ex. 3 to Opp'n at 177:3-15 ("Taguchi method, that's what Saha used in her thesis, right? A. That's correct. … Q. And isn't that the subject of the 633 patent -- A. No. Q. -- Saha's work? A. No, the Taguchi method and the optimized design, neither of them are the subject of the 633 patent."). Indeed, he explicitly differentiated between what was disclosed in the thesis and the thesis proposal – the thesis proposal "didn't contain the numerical simulations" that the thesis did ("the Taguchi method and the optimized design"). *Id.* at 177:16-25.

---

publication." Opp'n at 3 n.2. Presumably, Plaintiff meant never be eligible rather than ineligible. But the argument is moot regardless. Patents and patent applications are different, and handled differently under 35 C.F.R. § 1.57. But anything else must, per the explicit terms of that C.F.R., be a "publication" before it can be incorporated by reference. 37 C.F.R. § 1.57(c)(2).

[3] In a footnote, Plaintiff states it "contests ST's material fact no. 4. Discussing the disclosures in the Saha Thesis Proposal is not an admission or concession that the four corners of the '152 Provisional do not disclose the spaced apart base contact limitations or the JFET width limitations." Opp'n at 1 n.1. But Plaintiff cites no evidence in support, so the fact is, in fact, undisputed. *See Allen v. Envirogreen Landscape Prof'ls, Inc.*, 721 F. App'x 322, 325, 328 (5th Cir. 2017) (evidence required to create fact dispute); Fed. R. Civ. P. 56(c).

**VI.     Plaintiff Cannot Prove the Thesis Proposal Dated July 17, 2004 Was Public, Ever.**

Plaintiff also asserts it "can prove the Saha Thesis Proposal was available when the '633 Patent was issued." Opp'n at 1. Yet again, not true. The thesis proposal that is the subject of the "see also" in the provisional is explicitly dated "July 17, 2004." Dkt. 348-3 at 5 (provisional). Plaintiff has no copy of that. Instead, Plaintiff points to alleged draft portions of the thesis proposal Plaintiff asserts have different dates, in February–March 2004. Dkt. 348-4, ¶83 (Shanfield Rpt.). None of those are the thesis proposal dated July 17, 2004 that is cited in the provisional. Plaintiff also cites other documents – a September 2005 poster and a 2006 paper from that same conference referenced above – and seems to assert they disclose what was in the thesis proposal. Opp'n at 3. But they are not the cited thesis proposal, so they (and whether they were published) are irrelevant. Plaintiff cites no contrary authority. Finally, Plaintiff baldly says: "Based on this evidence, a rational juror could find that this information was publicly accessible by the time the '633 Patent issued and thus the provisional adequately describes the claimed invention." Opp'n at 4. But Plaintiff cites no authority in support.

\*     \*     \*

Plaintiff's priority claim to the provisional fails because the provisional does not use the required root words "incorporate" and "reference" necessary to incorporate by reference the Saha thesis proposal dated "July 17, 2004." Even if the "see also" cite was sufficient (it is not), Plaintiff's claim fails because it has no copy of the thesis proposal dated "July 17, 2004" so there is no way to tell what was actually included in it, and it was never published in any event. And whether documents other than the thesis proposal dated "July 17, 2004" were public and what they disclose is simply irrelevant. They were not even cited in the provisional. This is an issue of the law for the Court, and the Court should grant ST the requested summary judgment.

Case 6:21-cv-00727-ADA-DTG Document 407 Filed 08/29/23 Page 10 of 11

Dated: August 29, 2023            Respectfully submitted,

By: /s/ *Michael D. Hatcher*
Michael J. Bettinger
California Bar No. 122196
mbettinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200
(415) 772-7400 – Fax

Michael D. Hatcher
Texas Bar No. 24027067
mhatcher@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300
(214) 981-3400 – Fax

Richard A. Cederoth
Texas Bar No. 6185199
rcederoth@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7026
(312) 853-7036 – Fax

Max Ciccarelli
Texas Bar No. 00787242
max@ciccarellilawfirm.com
CICCARELLI LAW FIRM
100 North 6th Street, Suite 502
Waco, Texas 76701
(214) 444-8869

        Thomas N. Tarnay
        Texas Bar No. 24003032
        ttarnay@tarnaylaw.com
        THOMAS TARNAY PLLC
        2103 Virginia Place
        Plano, Texas 75094
        (214) 395-8212

**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served on all parties to this action via the Court's CM/ECF system on August 29, 2023.

        */s/ Michael D. Hatcher*
        Michael D. Hatcher