**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,**<br><br>    Plaintiff,<br><br>vs.<br><br>**STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,**<br><br>    Defendants. | Civil Action No. 6:21-CV-00727-ADA-DTG<br><br>JURY TRIAL DEMAND |

**DEFENDANTS' REPLY IN SUPPORT OF MSJ NO. 3:
MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NO INFRINGEMENT UNDER THE DOCTRINE OF EQUIVALENTS**

**TABLE OF CONTENTS**

I.  Plaintiff's Evidentiary Failure Is Complete. ...........................................................................1

II. PHE Bars Application of DOE as to Five Limitations ([A] to [E])....................................3

i

## **TABLE OF AUTHORITIES**

                                                                                                  **Page(s)**

**Cases**

*Allen v. Envirogreen Landscape Prof'ls, Inc.*,
    721 F. App'x 322 (5th Cir. 2017) ...................................................................................3

*Applied Medical Resources Corp. v. U.S. Surgical Corp.*,
    448 F. 3d 1324 (Fed. Cir. 2006)......................................................................................2

*Ceats, Inc. v. Continental Airlines*,
    Case No. 6:10-CV-120, 2012 WL 12886830 (E.D. Tex. Aug. 10, 2012) ......................2

*Eli Lilly and Co. v. Hospira, Inc.*,
    933 F.3d 1320 (Fed. Cir. 2019)...................................................................................3, 4

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co. Ltd.*,
    344 F.3d 1359 (Fed. Cir. 2003) (en banc) ......................................................................4

*Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*,
    370 F.3d 1131 (Fed. Cir. 2004) ......................................................................................3

*Paice LLC v. Toyota Motor Corp.*,
    504 F.3d 1293 (Fed. Cir. 2007).......................................................................................2

*United Servs. Auto. Ass'n v. PNC Bank N.A.*,
    622 F. Supp. 3d 337 (E.D. Tex. 2022)............................................................................4

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*,
    520 U.S. 17 (1997).........................................................................................................4

Plaintiff's opposition to ST's motion for partial summary judgment regarding DOE infringement borders on sanctionable.

First, as to its evidentiary failure, Plaintiff argues that it need not present expert testimony setting forth "particularized evidence linking each element to the accused product," and, instead, "*attorney argument* and other evidence may provide the 'linking argument' as to equivalents." Emphasis added. The lone case it cites for this proposition holds no such thing. And Plaintiff completely fails to address, much less distinguish, the cases cited in ST's motion holding the opposite. Moreover, while Plaintiff asserts Dr. Dhar includes in his report "a thorough, detailed analysis of how ST's Accused Products infringe every element," the provided citation is to the report as a whole, and Plaintiff completely fails to point to any "particularized testimony and linking arguments" as to any specific DOE opinions in either the Dhar or Cooper reports for the challenged elements. Plaintiff's failure of proof is complete. Even if "other evidence" beyond its expert reports could suffice, if it had any, it should have identified it in opposition. It did not.

Second, as to PHE, Plaintiff's opposition is even more threadbare (yes, that is possible). Plaintiff actually asserts "ST failed in the first instance to show that the amendments at issue narrowed the literal scope of the claim." That is nonsense. The five narrowed limitations were set forth in full in the motion. Four of the limitations were entirely new, and the fifth was narrowed from "a semiconductor substrate" to "a silicon-carbide substrate." Of course those are all narrowing amendments. And all five were made to overcome prior art rejections, as explained in the motion, and each time Plaintiff argued the specific amendments at issue overcame the rejections being made. Of course PHE applies to all five limitations. Plaintiff's feeble suggestions otherwise should be discarded and the requested summary judgment granted.

## I.     Plaintiff's Evidentiary Failure Is Complete.

Plaintiff starts its defense of its evidentiary failings with a non-sequitur – citing two cases

1

for the proposition that an expert does not have to repeat for DOE what he already testified to regarding literal infringement. So what? Neither case helps Plaintiff survive summary judgment *pre-trial* here. In *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293 (Fed. Cir. 2007), the court was addressing a post-trial JMOL, and the patentee's expert had presented specific "linking argument" testimony at trial for the DOE limitations at issue. *Id.* at 1305-06. And *Ceats, Inc. v. Continental Airlines*, Case No. 6:10-CV-120, 2012 WL 12886830 (E.D. Tex. Aug. 10, 2012) – which Plaintiff string-cites without explanation – simply quotes *Paice* and is in the post-trial JMOL context too. *Id.* at *11.

Plaintiff next asserts it need <u>not</u> present expert testimony setting forth "particularized evidence linking each element to the accused product," and, instead, "*attorney argument* and other evidence may provide the 'linking argument' as to equivalents," citing an *Applied Medical* case. From there, Plaintiff argues it can "supplement its experts' opinions with attorney argument and ST's admissions regarding the Accused Products to demonstrate the 'linking argument' as to equivalents if and where needed." Opp'n at 2-3. There are several responses.

First, *Applied Medical* holds no such thing. That court first found Applied's expert's declaration provided "particularized testimony and linking argument." *Applied Medical Resources Corp. v. U.S. Surgical Corp.*, 448 F. 3d 1324, 1335 n.5 (Fed. Cir. 2006). Then the court noted: "*Further,* Applied's opposition to U.S. Surgical's motion for summary judgment provides linking argument." *Id.* (emphasis added). Plaintiff omits "Further," from its cropped quote. Opp'n at 3. The court then concluded: "Therefore, the expert declaration and Applied's argument provides particularized testimony and linking argument." *Applied*, 448 F. 3d at 1335 n.5. *Applied* thus provides no support for the proposition attorney argument alone is sufficient.

Second, if Plaintiff has "other evidence," such as "ST's admissions regarding the

2

Accused Products," that it believes help it defeat summary judgment, it must identify the specific evidence/admission at issue and explain how it supports concluding there is a dispute regarding a specific material issue of fact. *Allen v. Envirogreen Landscape Prof'ls, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (identified evidence required to create fact dispute); *see also* Fed. R. Civ. P. 56(c). Plaintiff does none of that. ST is thus entitled to summary judgment as requested.

## II.     PHE Bars Application of DOE as to Five Limitations ([A] to [E]).

Plaintiff, ignoring ST's detailed showing in its motion, asserts "ST failed in the first instance to show that the amendments at issue narrowed the literal scope of the claim." Opp'n at 4. Nothing could be further from the truth. The full text of the asserted claims were set forth in the motion, with all amended portions underlined (if added) or struck-through (if deleted). Each amendment was pinpoint cited to the prosecution history, and the arguments accompanying each amendment pinpoint cited as well. Dkt. 351 at 1-3. Four of the limitations at issue were added in full during prosecution in response to prior art rejections – each was entirely new, and the fifth was narrowed from "a semiconductor substrate" to "a silicon-carbide substrate." *Id.* Of course those are all narrowing amendments. *Honeywell Int'l Inc. v. Hamilton Sundstrand Corp.*, 370 F.3d 1131, 1141 (Fed. Cir. 2004) ("[A]n amendment adding a new claim limitation constitutes a narrowing amendment . . ."); *Eli Lilly and Co. v. Hospira, Inc.*, 933 F.3d 1320, 1330 (Fed. Cir. 2019) (narrowing existing limitation is narrowing amendment). Both cases were cited in ST's motion, and Plaintiff's opposition fails to distinguish either one. All five limitations were the subject of narrowing amendments. To the extent Plaintiff suggests expert testimony is necessary to determine whether an amendment narrows, there is no such requirement, and Plaintiff cites no cases holding such. Indeed, Courts regularly make such determinations themselves.

Moreover, the amendments to all five limitations were made to overcome prior art rejections, as explained in the motion. Dkt. 351 at 2-3. Each time Plaintiff argued the specific

3

amendments at issue overcame the rejections being made. *Id.* Of course PHE applies to all five limitations. Per Plaintiff's own opposition: "Prosecution history estoppel arises when a patent applicant narrows the scope of his claims during prosecution for a reason 'substantial[ly] relating to patentability. A narrowing amendment substantially relates to patentability if it was made 'to avoid the prior art, or otherwise to address a specific concern—such as obviousness—that arguably would have rendered the claimed subject matter unpatentable.'" Opp'n at 4 (quoting *Eli Lilly & Co.* at 1330, and *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 30–31 (1997)) (internal citation omitted). No other case Plaintiff cites is to the contrary. For instance, Plaintiff's repeated reliance on *United Servs. Auto. Ass'n v. PNC Bank N.A.*, 622 F. Supp. 3d 337 (E.D. Tex. 2022) does it no good. Opp'n at 5-6. There, the amendment at issue was a preliminary amendment, before any office action by the examiner. *Id.* at 345. In contrast, here, each amendment was in direct response to an office action rejecting the claims based on various prior art references, and Plaintiff relied on the amendment to overcome the rejection.

As if the above were not enough, Plaintiff closes this section of its opposition by asserting that "[w]hether prosecution history estoppel applies is also an open fact issue," warranting denial of ST's requested relief. Opp'n at 6. But binding precedent establishes that whether PHE applies, and whether the patentee has rebutted the presumption it applies, are matters of law for a judge to decide, not the jury. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co. Ltd.*, 344 F.3d 1359, 1367–68 (Fed. Cir. 2003) (en banc). There are no barriers to entry of judgment in ST's favor on this issue at this time.

\* \* \*

All of Plaintiff's arguments fall flat. ST respectfully requests the Court grant the requested partial summary judgment – no infringement under the Doctrine of Equivalents as to all elements of both asserted claims, other than the preamble of claim 9.

4

Dated: August 29, 2023　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　By: */s/ Michael D. Hatcher*
　　　　　　　　　　　　　　　　　　　　　Michael J. Bettinger
　　　　　　　　　　　　　　　　　　　　　California Bar No. 122196
　　　　　　　　　　　　　　　　　　　　　mbettinger@sidley.com
　　　　　　　　　　　　　　　　　　　　　SIDLEY AUSTIN LLP
　　　　　　　　　　　　　　　　　　　　　555 California Street, Suite 2000
　　　　　　　　　　　　　　　　　　　　　San Francisco, California 94104
　　　　　　　　　　　　　　　　　　　　　(415) 772-1200
　　　　　　　　　　　　　　　　　　　　　(415) 772-7400 – Fax

　　　　　　　　　　　　　　　　　　　　　Michael D. Hatcher
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24027067
　　　　　　　　　　　　　　　　　　　　　mhatcher@sidley.com
　　　　　　　　　　　　　　　　　　　　　SIDLEY AUSTIN LLP
　　　　　　　　　　　　　　　　　　　　　2021 McKinney Avenue, Suite 2000
　　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201
　　　　　　　　　　　　　　　　　　　　　(214) 981-3300
　　　　　　　　　　　　　　　　　　　　　(214) 981-3400 – Fax

　　　　　　　　　　　　　　　　　　　　　Richard A. Cederoth
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 6185199
　　　　　　　　　　　　　　　　　　　　　rcederoth@sidley.com
　　　　　　　　　　　　　　　　　　　　　SIDLEY AUSTIN LLP
　　　　　　　　　　　　　　　　　　　　　One South Dearborn
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　　　　　　(312) 853-7026
　　　　　　　　　　　　　　　　　　　　　(312) 853-7036 – Fax

　　　　　　　　　　　　　　　　　　　　　Max Ciccarelli
　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 00787242
　　　　　　　　　　　　　　　　　　　　　max@ciccarellilawfirm.com
　　　　　　　　　　　　　　　　　　　　　CICCARELLI LAW FIRM
　　　　　　　　　　　　　　　　　　　　　100 North 6th Street, Suite 502
　　　　　　　　　　　　　　　　　　　　　Waco, Texas 76701
　　　　　　　　　　　　　　　　　　　　　(214) 444-8869

Thomas N. Tarnay
Texas Bar No. 24003032
ttarnay@tarnaylaw.com
THOMAS TARNAY PLLC
2103 Virginia Place
Plano, Texas 75094
(214) 395-8212

**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served on all parties to this action via the Court's CM/ECF system on August 29, 2023.

  */s/  Michael D. Hatcher*
Michael D. Hatcher
