# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,**<br><br>    Plaintiff,<br><br>vs.<br><br>**STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,**<br><br>    Defendants. | Civil Action No. 6:21-CV-00727-ADA-DTG<br><br>JURY TRIAL DEMAND |

## DEFENDANTS' REPLY IN SUPPORT OF MSJ NO. 4: MOTION FOR PARTIAL SUMMARY JUDGMENT THAT CLAIM 10 IS INDEFINITE

## **TABLE OF CONTENTS**

I.      Plaintiff's Cases Do Not Support Its Argument that Expert Evidence Is Required For Determining Indefiniteness. ...................................................................................................1

II.     Plaintiff Does Not Dispute that Manufacturing Variation Depends on Materials, Processes and Equipment. ....................................................................................................2

III.    The Patent Fails to Identify a Purpose of the JFET Width. ...................................................3

IV.    The Patent is Ambiguous Where JFET Width is Measured. ................................................4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
   786 F.3d 983 (Fed. Cir. 2015)..................................................................................................1, 2

*Atmel Corp. v. Information Storage Devices*,
   198 F.3d 1374 (Fed. Cir. 1999).....................................................................................................1

*Enzo Biochem, Inc. v. Applera Corp.*,
   599 F.3d 1325 (Fed. Cir. 2010).....................................................................................................4

*Guangdong Alison Hi-Tech Co. v. Int'l Trade Comm'n*,
   936 F. 3d 1353 (Fed. Cir. 2019)....................................................................................................4

*Interval Licensing LLC v. AOL, Inc.*,
   766 F. 3d 1364 (Fed. Cir. 2014)....................................................................................................3

*Lecat's Ventriloscope v. MT Tool & Mfg.*,
   351 F. Supp. 3d 1100 (N.D. Ill 2018)............................................................................................2

*Niazi Licensing Corp. v. ST. Jude Medical SC*,
   30 F.4th 1339 (Fed. Cir. 2022) .....................................................................................................4

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005).....................................................................................................2

*Solo Serve Corp. v. Westowne Assocs.*,
   929 F.2d 160 (5th Cir.1991) .........................................................................................................4

*Spansion, Inc. v. Int'l Trade Comm'n*,
   629 F.3d 1331 (Fed. Cir. 2010).....................................................................................................2

*Sumitomo Dainippon Pharma Co. v. Emcure Pharms. Ltd.*,
   887 F.3d 1153 (Fed. Cir. 2018).....................................................................................................1

Plaintiff's own conflicting arguments demonstrate that claim 10 is indefinite. On one hand, Plaintiff and its expert argue that "about" in the claim refers to manufacturing variation, but there is nothing in the intrinsic evidence that suggests "about" refers to manufacturing variation, and Plaintiff does not dispute that the amount of manufacturing variation depends on the equipment, processes and materials used. As such, the amount of manufacturing variation cannot be determined from the patent and depends case-by-case on the equipment, processes, materials, and even skill of the operator. On the other hand, Plaintiff contends the purpose of the JFET width is to optimize both on-resistance and blocking voltage of the MOSFET and as such is a term of degree. However, there is nothing in the '633 patent teaching how to optimize on-resistance or blocking voltage with reference to adjusting the JFET width, and nothing in the intrinsic or extrinsic evidence about how much variation of width is permitted before the alleged optimized behavior would be lost. For measuring JFET width, Plaintiff has nothing except Fig. 1 of the patent and unsupported lawyer arguments. The evidence shows this term is indefinite.

I. **Plaintiff's Cases Do Not Support Its Argument that Expert Evidence Is Required For Determining Indefiniteness.**

Plaintiff's opposition suggests that expert testimony is essential, arguing that "some courts" have determined that lack of expert testimony is fatal. Opp'n at 2. This is a red herring. Indefiniteness is a question of claim construction. *Atmel Corp. v. Information Storage Devices*, 198 F.3d 1374, 1378 (Fed. Cir. 1999). Far from requiring expert testimony, expert testimony is at best secondary evidence that the Court *may* consider. *Sumitomo Dainippon Pharma Co. v. Emcure Pharms. Ltd.*, 887 F.3d 1153, 1160 (Fed. Cir. 2018) ("Extrinsic evidence is, in general, less significant than the intrinsic record in determining the legally operative meaning of claim language.").

The *Apple* case that Plaintiff cites is not about the lack of expert evidence, it is about the

complete lack of evidence of any sort that contradicted the opposing expert. *Apple Inc. v. Samsung Elecs. Co.*, 786 F.3d 983, 1003 (Fed. Cir. 2015). The one district court decision Plaintiff cites only concludes that expert evidence was needed on the facts of that case, and that the court was permitted to consider expert testimony. *Lecat's Ventriloscope v. MT Tool & Mfg.*, 351 F. Supp. 3d 1100, 1114 (N.D. Ill 2018) (citing *Spansion, Inc. v. Int'l Trade Comm'n,* 629 F.3d 1331, 1344 (Fed. Cir. 2010) ("While claim construction primarily relies on intrinsic evidence, extrinsic evidence, such as expert testimony, may also be used when given the appropriate weight by the trial court.")).

Here, there is absolutely no intrinsic evidence that "about" is intended to address manufacturing variation. Instead, the origin of this notion is the entirely unsupported statement from Plaintiff's expert. Dkt 76-1, ¶13. Such conclusory extrinsic evidence is not sufficient to determine that "about" is intended for that purpose. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) (holding that "conclusory, unsupported assertions by experts as to the definition of a claim term are not useful to a court" during claim construction).

## II. Plaintiff Does Not Dispute that Manufacturing Variation Depends on Materials, Processes and Equipment.

Defendants noted that if "about" refers to manufacturing variation, that term renders the claim indefinite because such variation is a moving target that changes depending on the materials, processes and equipment used. Dkt. 352 at 6-7. Plaintiff does not deny this in its opposition. Instead, Plaintiff wrongly alleges that what Defendants said was that a skilled artisan "would not understand 'the particular equipment or processes to be used for fabricating the claimed devices or the inherent manufacturing tolerances associated with the particular equipment or processes to be used.'" Opp'n at 2. The issue is not whether a skilled artisan would understand that there will be manufacturing variation, but rather that the amount of variation may

change depending on the materials, processes and equipment—a fact that Plaintiff does not deny.

### III. The Patent Fails to Identify a Purpose of the JFET Width.

Plaintiff contends that the purpose of the JFET width is optimized device characteristics. For example, Plaintiff's expert states that "there is an optimum [JFET] width at which one achieves the lowest on-resistance without allowing the oxide field to exceed the electric field for breakdown in the blocking state." Opp'n at 4. However, if this is the purpose of the JFET width limitation then the amount of variation permitted in the JFET width would not be determined by manufacturing variation. Instead, it would be the amount of variation where the device is still able to maintain this optimum result. Because the claims include a term of degree,[1] the patent must provide a basis from which to determine objective boundaries of the term. *Interval Licensing LLC v. AOL, Inc.*, 766 F. 3d 1364, 1371 (Fed. Cir. 2014) ("The claims, when read in light of the specification and the prosecution history, must provide objective boundaries for those of skill in the art."). But the patent does not address the tradeoff between JFET width, on-resistance and electric field in the oxide, much less teach how much variation in the JFET width could be permitted and still achieve the optimum tradeoff. In fact, the patent does not even state that the purpose of the claimed JFET width is to achieve this optimum tradeoff in the first place. To the contrary, the patent says that many different parameters affect device performance and that these parameters can be varied "to achieve the desired characteristics" of the device. *See* Dkt. 362-2, '633 patent, at 6:55-62.

Ultimately, the fallacy of Plaintiff's argument is that it conflates the purpose of the JFET width limitation (Plaintiff alleges it provides optimized performance) with a potential reason why

---

[1] The North Carolina court, while misled by plaintiff's arguments, nevertheless concludes that the terms "about three micrometers" and "about one micrometer" are "terms of degree." Dkt. 377-1 at Page 33 of 41.

JFET width variation might occur in the first place (Plaintiff alleges manufacturing variation). Even if both premises were correct, Plaintiff's arguments still fail. The legal issue when considering this term of degree is not <u>why</u> there is variation but, instead, <u>how much</u> variation is permissible before the purpose is no longer achieved. In cases where terms of degree have been found definite, those patents included sufficient guidance in the claims themselves and/or multiple if not numerous examples in the specification from which objective boundaries were determined.  *See, e.g., Niazi Licensing Corp. v. ST. Jude Medical SC*, 30 F.4th 1339, 1349 (Fed. Cir. 2022) ("[T]he written description contains numerous examples of a 'pliable' inner catheter."); *Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1334 (Fed. Cir. 2010) ("The specification provides additional examples of suitable linkage groups, including some criteria for selecting them."); *Guangdong Alison Hi-Tech Co. v. Int'l Trade Comm'n*, 936 F. 3d 1353, 1361 (Fed. Cir. 2019) ("The written description of the '359 patent is replete with examples and metrics that further inform the meaning of 'lofty... batting.'"). Here, in contrast, Plaintiff is unable to point to anything in either the intrinsic or extrinsic evidence that informs how much variation in JFET width is possible before the alleged purpose of optimized performance is not achieved.

**IV.     The Patent is Ambiguous Where JFET Width is Measured.**

Plaintiff devotes a full third of its opposition to arguments that a skilled artisan would know where to measure the JFET width. However, other than identifying the JFET region and element 36 shown in Fig. 1 of the patent, Plaintiff's entire basis for contending JFET is measured at the narrowest point is lawyer argument and non-analogous examples without any support from either intrinsic or extrinsic evidence. Argument is insufficient to defeat summary judgment. *See Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 164 (5th Cir.1991) (holding that the nonmovant's "burden of ensuring that the evidence presented is sufficient to establish a genuine issue of material fact" may be satisfied "only [by] evidence — not argument....").

4

Dated: August 29, 2023 

Respectfully submitted,

By: /s/ *Michael D. Hatcher*
Michael J. Bettinger
California Bar No. 122196
mbettinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200
(415) 772-7400 – Fax

Michael D. Hatcher
Texas Bar No. 24027067
mhatcher@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300
(214) 981-3400 – Fax

Richard A. Cederoth
Texas Bar No. 6185199
rcederoth@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7026
(312) 853-7036 – Fax

Max Ciccarelli
Texas Bar No. 00787242
max@ciccarellilawfirm.com
CICCARELLI LAW FIRM
100 North 6th Street, Suite 502
Waco, Texas 76701
(214) 444-8869

Thomas N. Tarnay  
Texas Bar No. 24003032  
ttarnay@tarnaylaw.com  
THOMAS TARNAY PLLC  
2103 Virginia Place  
Plano, Texas 75094  
(214) 395-8212  

**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served on all parties to this action via the Court's CM/ECF system on August 29, 2023.

<u>/s/ Michael D. Hatcher</u>  
Michael D. Hatcher