# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>    **Plaintiff,**<br><br>vs.<br><br>STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,<br><br>    **Defendants.** | Civil Action No. 6:21-CV-00727-ADA-DTG<br><br>JURY TRIAL DEMAND |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO PARTIALLY STRIKE THE EXPERT REPORTS OF
<u>DR. JAMES A. COOPER AND DR. SARIT DHAR</u>**

## <u>TABLE OF CONTENTS</u>

I.      The Fact that Plaintiff's Experts Reviewed Every Accused Product, Even if True, Would Not Change the Fact That Neither Expert Explained Why or How the Five Products are Representative of the Other Products..............................................................1

II.     Plaintiff's Assertion That "ST Conceded All the Accused Products are Identical in Their Relevant Features" is Both Incorrect and Irrelevant (Even if True). ........................3

III.    This is Not an Issue of Weight vs. Admissibility. ...............................................................3

IV.     Conclusion. ..........................................................................................................................3

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Gen. Elec.. Co. v. Joiner*,
    522 U.S. 136 (1997)................................................................................................................3

*Heller v. Shaw Indus., Inc.*,
    167 F.3d 146 (3rd Cir. 1999) ...........................................................................................2, 3

*Knight v. Kirby Inland Marine Inc.*,
    482 F.3d 347 (5th Cir. 2007) ...........................................................................................2, 3

ST's instant motion seeks to preclude Dr. Cooper and Dr. Dhar from testifying that the five products they examined in detail are representative of other products because they relied only on what Plaintiff and its lawyers told them rather than their own analysis.  Dkt. 354 at 1. Specifically, Dr. Cooper and Dr. Dhar provide no explanation or bases for why the five products they analyzed are representative of any other product.  Instead, they simply cite to a list provided by Plaintiff and its lawyers.  Each of the proffered justifications in Plaintiff's response fails, as set forth below.

To be clear, ST does not argue, as Plaintiff suggests (Dkt. 382 at 1), that a plaintiff and its experts cannot rely on representative products.  Of course they can.  But that is not the basis of ST's motion.  ST's motion is based on the fact that Plaintiff's experts did not provide any scientific analysis, explanation or basis for why the five products are purportedly representative of any other products.  As such, Dr. Cooper and Dr. Dhar's conclusory statements are unsupported, improper, unreliable and should be stricken, and both experts should be precluded from testifying on allegedly representative products.

I.   **The Fact that Plaintiff's Experts Reviewed Every Accused Product, Even if True, Would Not Change the Fact That Neither Expert Explained Why or How the Five Products are Representative of the Other Products.**

Whether Dr. Cooper and Dr. Dhar analyzed each of the accused products is immaterial because neither provides an explanation or scientific basis for the proposition the five products they discuss in more detail in their reports are in fact representative of any other products.

Dr. Dhar does state in his report that he "reviewed the detailed claim charts" of Exhibit D and Exhibit E of his report (Dkt. 354 at Ex. 3, ¶50), which are the claim charts attached to Plaintiff's infringement contentions.  He does also state that he reviewed the GDS files—which are design files—for each of the products (*id.*, ¶52).  But listing documents that an expert reviewed is not enough.  The report must provide the opinions, and the technical basis for those

1

opinions.  Dr. Dhar provides no explanation whatsoever of why the five products he analyzes are, in his opinion, representative of any other products.  The only reason he provides is that "I understand that these products were selected by Purdue as representative of the Accused Products."  Dkt. 354-4, ¶50.

Dr. Cooper states that "the Accused Products" meet certain claim limitations as Plaintiff's Response asserts, but nowhere does Dr. Cooper say that he examined any products other than the five he discusses in his report, nor does he provide any explanation or technical basis whatsoever for why the five products are, in his opinion, representative of any other products.  The only explanation he provides is that "I understand that Purdue and its lawyers have selected certain representative products …. I understand that these products were selected by Purdue as representative of the Accused Products."  Dkt. 354-3, ¶18.

And in case there is any confusion, Plaintiff's statement that ST's argument "ignores the fact that the experts agreed with Purdue's selection" (Dkt. 384 at 2) is unsupported and incorrect.  The experts did not even say they agree—and Plaintiff cites to no such statement.  Moreover, they certainly did not provide the reasons or basis for any such purported agreement as required of any expert rendering an opinion.

Thus, Dr. Dhar's and Dr. Cooper's "opinions" (bald statements, really) regarding the representative nature of the five products they analyzed in their reports are completely unsupported, conclusory, lack any reliability, and should never be presented to the jury.  *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 354-55 (5th Cir. 2007) ("[T]he expert's testimony must be reliable at each and every step or else it is inadmissible.  'The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et alia.'" (quoting *Heller v. Shaw Indus.,*

*Inc.*, 167 F.3d 146, 155 (3rd Cir. 1999))); *see also Gen. Elec.. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.").

## II.    Plaintiff's Assertion That "ST Conceded All the Accused Products are Identical in Their Relevant Features" is Both Incorrect and Irrelevant (Even if True).

The truth of Plaintiff's fantastical claims (Dkt. 382 at 3-5) about the admissions they think they obtained from ST's witnesses about the similarity of products is irrelevant because Dr. Dhar and Dr. Cooper do not mention or address them, let alone rely upon them in anyway.  In fact, Dr. Dhar and Dr. Cooper provide no explanation or discussion of the similarities between the five products and the other products.  And therein lies the problem.  Because Dr. Dhar and Dr. Cooper did not explain why the five products are representative of any others, they failed to provide "the link between the facts and the conclusion"—a key condition of admissibility. *Knight*, 482 F.3d at 355 (quoting *Heller*, 167 F.3d at 155).  These unsupported and unreliable opinions should never be presented to the jury.

## III.   This is Not an Issue of Weight vs. Admissibility.

Plaintiff asserts that "whether the exemplars are sufficiently representative is a question of the weight of Purdue's evidence, not its admissibility."  Dkt. 385 at 5.  That is not so because unsupported opinions cannot be presented to a jury as expert testimony.  *Knight*, 482 F.3d at 354 (explaining that the weight vs. admissibility argument can succeed only when an expert uses scientific methods reliably).

## IV.   Conclusion.

For the foregoing reasons, ST requests that the Court strike the "representative" products portions of Dr. Cooper's and Dr. Dhar's expert reports, and preclude both Dr. Cooper and Dr. Dhar from opining that certain accused products are "representative" of any other products.

Dated:  August 29, 2023                     Respectfully submitted,

By: */s/  Michael D. Hatcher*
    Michael J. Bettinger
    California Bar No. 122196
    mbettinger@sidley.com
    SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
    San Francisco, California 94104
    (415) 772-1200
    (415) 772-7400 – Fax

    Michael D. Hatcher
    Texas Bar No. 24027067
    mhatcher@sidley.com
    SIDLEY AUSTIN LLP
    2021 McKinney Avenue, Suite 2000
    Dallas, Texas 75201
    (214) 981-3300
    (214) 981-3400 – Fax

    Richard A. Cederoth
    Texas Bar No. 6185199
    rcederoth@sidley.com
    SIDLEY AUSTIN LLP
    One South Dearborn
    Chicago, Illinois 60603
    (312) 853-7026
    (312) 853-7036 – Fax

    Max Ciccarelli
    Texas Bar No. 00787242
    max@ciccarellilawfirm.com
    CICCARELLI LAW FIRM
    100 North 6th Street, Suite 502
    Waco, Texas 76701
    (214) 444-8869

Thomas N. Tarnay
Texas Bar No. 24003032
ttarnay@tarnaylaw.com
THOMAS TARNAY PLLC
2103 Virginia Place
Plano, Texas 75094
(214) 395-8212

**ATTORNEYS FOR DEFENDANTS
STMICROELECTRONICS
INTERNATIONAL N.V. and
STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing

document was served on all parties to this action via the Court's CM/ECF system on August 29,

2023.

  */s/  Michael D. Hatcher*
Michael D. Hatcher