**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,** | | |
| **Plaintiff,** | | |
| **vs.** | | **Civil Action No. 6:21-CV-00727-ADA-DTG** |
| **STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,** | | **JURY TRIAL DEMAND** |
| **Defendants.** | | |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE THE
EXPERT REPORT AND TESTIMONY OF PLAINTIFF'S PURPORTED PATENT LAW
<u>EXPERT TERESA REA</u>**

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*,
    No. 15 C 1067, 2019 WL 5206273 (N.D. Ill. Mar. 13, 2019) ...................................................2

*Phillip M. Adams & Assocs. LLC. v. Winbond Electronics Corp.*,
    Case No. 1:05-CV-64 TS, 2010 WL 3791970 (D. Utah Sept. 21, 2010) .................................2

*The Meds. Co. v. Mylan Inc.*,
    No. 11-cv-1285, 2014 WL 1758135 (N.D. Ill. May 2, 2014)...................................................2

In its "reckless" Response, Plaintiff makes incredibly misleading statements, and relies on inapposite authority.  By doing so, Plaintiff does not hide its intention to waste the Court's time by offering unnecessary and unhelpful expert testimony on topics either the Court knows all-too-well (e.g., patent law) or is entirely within the Court's province (e.g., fact-finding and ultimate legal conclusions).  Rather than echo their original Motion (which the Court should grant for the reasons expressed therein), Defendants briefly respond to those statements and authority below.

First, Plaintiff boldly implies that Plaintiff's status as a "preeminent research institution" somehow means that it cannot commit "fraud" or that it should never face any other fraud-like claim.  Very obviously, not so.[1]  At least Dr. Cooper egregiously violated his obligations and duties owed to the USPTO and to the public, and the evidence will—clearly and convincingly—bear that out.  This egregious conduct resulted in the USPTO allowing the asserted claims of the '633 patent, which are therefore unenforceable, as equity demands.

Second, despite labeling Defendants' inequitable conduct allegations as "reckless," "unfounded and unsupported," Plaintiff ironically asserts it needs expert testimony to defend itself.  Plaintiff cannot have its cake and eat it too.  The evidence supporting Defendants' allegations is so clear and convincing that Plaintiff was forced to make a failing attempt to counterbalance the scales with unhelpful and unnecessary expert testimony from a career patent lawyer with no relevant technical expertise that should properly be excluded.

---

[1] Plaintiff has faced numerous claims of discrimination and fraud over the years.  *See, e.g.*, "Former Purdue Professor Sentenced for Scheme to Defraud the National Science Foundation," November 23, 2020, https://www.justice.gov/usao-ndin/pr/former-purdue-professor-sentenced-scheme-defraud-national-science-foundation; "Purdue employee charged with stealing thousands of dollars," June 18, 2018; https://www.purdueexponent.org/campus/article_758aa55e-7aec-11e8-8c0d-8f03d747a6da.html.

Third, Plaintiff plays fast and loose with its cited authority, failing to disclose material holdings inconvenient to its argument.  For example, while the *Medicines* court allowed some expert testimony on inequitable conduct, that court also **precluded** the expert from offering legal conclusions and speculation related to inequitable conduct.  *The Meds. Co. v. Mylan Inc.*, No. 11-cv-1285, 2014 WL 1758135, at *7 (N.D. Ill. May 2, 2014).  As another example, while the *Winbond* court allowed testimony on "USPTO policies and procedures …, and the requirements for establishing equitable conduct," the court also **precluded** expert testimony on the named inventors' intent.  *Phillip M. Adams & Assocs. LLC. v. Winbond Electronics Corp.*, Case No. 1:05-CV-64 TS, 2010 WL 3791970, at *1 (D. Utah Sept. 21, 2010).  As yet another example, while the *Nestle* court allowed testimony regarding whether certain actions ran afoul the plaintiff's duty of candor, the court also **precluded** testimony that the plaintiff or its representatives "lacked candor," as this "crosses the line into impermissible testimony regarding another person's intent."  *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, No. 15 C 1067, 2019 WL 5206273, at *4 (N.D. Ill. Mar. 13, 2019).

Last, Plaintiff strangely goes to great lengths to explain the topics for which Ms. Rea is *not* testifying.[2]  This is rather dubious, and it is highly unlikely that Plaintiff intends to follow through with its representations.  For example, Ms. Rea details the scope of her work, which unsurprisingly includes improper opinions on "patent law" even though Plaintiff claims that "Ms. Rea is not opining on 'patent law'" (Dkt. 376 at 1-3) (internal comments added):

---

[2] To the extent the Court allows any testimony by Ms. Rea, the Court must hold Plaintiff to its representations: (1) "Ms. Rea is not opining on 'patent law,'" Dkt. 376 at 1; (2) "At no point does Ms. Rea opine as to what she thinks the examiner believed," *id.* at 8; (3) "[Ms. Rea] never opines that the examiner would have allowed the patent despite the arguments," *id.*; (4) "Nor does [Ms. Rea] opine on how the examiner would have responded to certain prior art," *id.*; and (5) "Ms. Rea does not attempt to read anyone's mind on what he or she intended (or did not intend) to do," *id.* at 9.

In particular, I have been asked to opine on the "intent to deceive" prong of inequitable conduct. While "intent" is within the purview of the fact finder, I provide my opinions based on the evidence currently in the record [**i.e., usurping the factfinding role of the Court**]. I have also been asked to opine on the duties of candor, good faith, and disclosure as set forth in 37 C.F.R. §1.56 [**i.e., opining on patent law**], which may intersect with the inequitable conduct analysis. In conjunction with my opinions on these two issues, I offer expert testimony with regard to the rules, practices, and procedures for examination of patent applications by the U.S. Patent and Trademark Office ("USPTO") [**i.e., opining on patent law**] and compliance with those rules, practices, and procedures during the examination of the patent asserted in this case [**i.e., opining on ultimate legal conclusions relating to patent law; and also, usurping the factfinding role of the Court**].

As stated in Defendants' original Motion, the Court should exclude the testimony of purported patent law expert Teresa Rea because her testimony is unhelpful, unnecessary, and lacks any probative value.

Dated:  August 29, 2023

Respectfully submitted,

By: _/s/  Michael D. Hatcher_

Michael J. Bettinger
California Bar No. 122196
mbettinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200
(415) 772-7400 – Fax

Michael D. Hatcher
Texas Bar No. 24027067
mhatcher@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300
(214) 981-3400 – Fax

Richard A. Cederoth
Texas Bar No. 6185199
rcederoth@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7026
(312) 853-7036 – Fax

Max Ciccarelli
Texas Bar No. 00787242
max@ciccarellilawfirm.com
CICCARELLI LAW FIRM
100 North 6th Street, Suite 502
Waco, Texas 76701
(214) 444-8869

Thomas N. Tarnay
Texas Bar No. 24003032
ttarnay@tarnaylaw.com
THOMAS TARNAY PLLC
2103 Virginia Place
Plano, Texas 75094
(214) 395-8212

**ATTORNEYS FOR DEFENDANTS**
**STMICROELECTRONICS**
**INTERNATIONAL N.V. and**
**STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing

document was served on all parties to this action via the Court's CM/ECF system on August 29,

2023.

 */s/ Michael D. Hatcher* 
Michael D. Hatcher