**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **THE TRUSTEES OF**<br>**PURDUE UNIVERSITY,**<br><br>                    **Plaintiff,**<br>**v.**<br><br>**STMICROELECTRONICS, INC. and**<br>**STMICROELECTRONICS**<br>**INTERNATIONAL N.V.,**<br><br>                    **Defendants.** | **Civil Action No. 6:21-cv-00727-ADA-DTG**<br><br>**JURY TRIAL DEMANDED** |

## [PROPOSED] JOINT PRETRIAL ORDER

## TABLE OF CONTENTS

I.      APPEARANCE OF COUNSEL ............................................................................3

II.     STATEMENT OF JURISDICTION ....................................................................4

III.    STATEMENT OF THE CASE ..............................................................................4

IV.     CONTENTIONS OF THE PARTIES ....................................................................7

    A.    Plaintiff's Statement of Contentions ........................................................7

    B.    Defendants' Statement of Contentions .....................................................8

V.      STIPULATED FACTS, IF ANY ..........................................................................11

VI.     EXHIBIT LIST ...................................................................................................11

VII.    WITNESS LIST ..................................................................................................11

VIII.   DEPOSITION AND DISCOVERY DESIGNATIONS ......................................11

IX.     JURY CHARGE ..................................................................................................12

X.      VERDICT FORM ................................................................................................12

XI.     PROPOSED VOIR DIRE QUESTIONS ............................................................12

XII.    MEMORANDA ON DISPUTED ISSUES OF LAW .........................................13

XIII.   LIST OF OTHER PENDING MOTIONS ..........................................................13

XIV.    TRIAL DISCLOSURES .....................................................................................15

    A.    Motions ...................................................................................................16

    B.    Juror Research .........................................................................................16

    C.    Exhibits and Demonstratives ..................................................................16

    D.    Witnesses ................................................................................................18

    E.    Deposition Designations .........................................................................19

    F.    Juror Notebook........................................................................................20

    G.    Confidentiality ........................................................................................21

    H.    Order Of Presentation .............................................................................22

XV.    ESTIMATE OF PROBABLE TRIAL LENGTH ............................................................23

Consistent with the Local Rules and this Court's Standing Order on Pre-Trial Procedures and Requirements in Civil Cases, Plaintiff The Trustees of Purdue University ("Plaintiff" or "Purdue") and Defendants STMicroelectronics, Inc. ("ST Inc.") and STMicroelectronics International N.V. ("ST Int'l") (collectively, "Defendants" or "ST") submit this Proposed Joint Final Pretrial Order in advance of the October 23, 2023 jury trial in this case.

## I.    APPEARANCE OF COUNSEL

| Attorneys for Plaintiff | Attorneys for Defendants |
|---|---|
| Michael W. Shore (Texas 18294915)<br>Chijioke E. Offor (Texas 24065840)<br>THE SHORE FIRM LLP<br>901 Main Street, Suite 3300<br>Dallas, Texas 75202<br>Tel: (214) 593-9110<br>Fax: (214) 593-9111<br>mshore@shorefirm.com<br>coffor@shorefirm.com<br><br>John P. Lahad (Texas 24068095)<br>Brian D. Melton (Texas 24010620)<br>Abbey E. McNaughton (Texas 24116751)<br>SUSMAN GODFREY L.L.P.<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002<br>Telephone: (713) 653-7859<br>Facsimile: (713) 654-6666<br>jlahad@susmangodfrey.com<br>bmelton@susmangodfrey.com<br>amcnaughton@susmangodfrey.com | Michael J. Bettinger<br>California Bar No. 122196<br>mbettinger@sidley.com<br>Irene Yang<br>California Bar No. 245464<br>irene.yang@sidley.com<br>Min Ju ("Averyn") Lee (*pro hac vice* pending)<br>California Bar No. 347939<br>averyn.lee@sidley.com<br>SIDLEY AUSTIN LLP<br>555 California Street, Suite 2000<br>San Francisco, California 94104<br>(415) 772-1200<br>(415) 772-7400 – Fax<br><br>Michael D. Hatcher<br>Texas Bar No. 24027067<br>mhatcher@sidley.com<br>Morgan R. Mendicino<br>Texas Bar No. 24125664<br>mmendicino@sidley.com<br>SIDLEY AUSTIN LLP<br>2021 McKinney Avenue, Suite 2000<br>Dallas, Texas 75201<br>(214) 981-3300<br>(214) 981-3400 – Fax<br><br>Richard A. Cederoth<br>Texas Bar No. 6185199<br>rcederoth@sidley.com<br>Tacy F. Flint (*pro hac vice* pending)<br>Illinois Bar No. 6284806<br>tflint@sidley.com |

James P. Mooney, IV (admission pending)
Texas Bar No. 24118926
jmooney@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7026
(312) 853-7036 – Fax

Max Ciccarelli
Texas Bar No. 00787242
max@ciccarellilawfirm.com
CICCARELLI LAW FIRM
100 North 6th Street, Suite 502
Waco, Texas 76701
(214) 444-8869

Thomas N. Tarnay
Texas Bar No. 24003032
ttarnay@tarnaylaw.com
THOMAS TARNAY PLLC
2103 Virginia Place
Plano, Texas 75094
(214) 395-8212

## II.     STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction of the action under Title 28, U.S.C. §§ 1331 and

1338(a), because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et*

*seq*.  Subject matter jurisdiction, personal jurisdiction, and venue under 28 U.S.C. §§ 1391(b) and

1400(b) are not disputed in this case.

## III.     STATEMENT OF THE CASE

<u>Plaintiff's Statement</u>:

This is a civil action for patent infringement in which Plaintiff accuses Defendants of

directly and indirectly infringing claims 9 and 10 (collectively, "Asserted Claims") of the

'633 patent by making, using, offering for sale, selling, and/or importing in or into the United

States certain silicon carbide ("SiC") metal oxide semiconductor field effect transistors ("MOSFETs") that embody the apparatus covered by the Asserted Claims of the '633 patent, without authorization in violation of 35 U.S.C. § 271. The Accused Products are identified in Plaintiff's Schedule A. Plaintiff contends Defendants have and continue to infringe knowingly and willfully and both directly and indirectly. Plaintiff seeks monetary damages in the form of a reasonable royalty, pre- and post-judgment interest, costs, enhanced damages, and an award of its fees under 35 U.S.C. §§ 284 and 285. Plaintiff contends that the '633 patent is valid, eligible, enforceable, and infringed, and that the affirmative defenses and counterclaims raised by Defendants do not bar or otherwise limit Plaintiff's claims in any way.[1]

Defendants' Statement:

This is a civil action for patent infringement in which Plaintiff contends it owns the '633 patent and accuses Defendant ST Inc. of directly infringing claims 9 and 10 (collectively, "Asserted Claims") of the '633 patent by making, using, offering for sale, selling, and/or importing in or into the United States what Plaintiff contends are the silicon carbide ("SiC") metal oxide semiconductor field effect transistors ("MOSFETs") identified by their specific part numbers in Plaintiff's Schedule A hereto (collectively, the "Accused Products").[2] Plaintiff contends that each

---

[1] Plaintiff objects to any attempted testimony or evidence from Defendants' experts on Section 101 as not within the scope of any report. In fact, during her deposition, Defendants' invalidity expert admitted that she did not know what Section 101 was:

**Q. Okay. You are not offering an opinion that Claims 9 and 10 are ineligible under Section 101 of the patent laws, correct?**
A. Can you tell me what Section 101 is, please?
**Q. Patent eligibility.**
A. I'm afraid I don't know how to answer the question. I -- I don't know what Section 101 is. And I don't -- I don't see it listed in my report.

[2] Defendants object to Plaintiff's Schedule A as vague and ambiguous and listing things beyond the actually accused Defendants' silicon carbide MOSFET products. Plaintiff's damages expert,

of the Accused Products embody the apparatus covered by the Asserted Claims of the '633 patent, without authorization in violation of 35 U.S.C. § 271.   Plaintiff contends it is also accusing Defendant ST Int'l of inducing ST Inc.'s alleged direct infringement, but Defendants dispute that such a claim exists for submission to the jury or otherwise.   Furthermore, Plaintiff contends it is also accusing Defendants of willful infringement, but Defendants dispute that such a claim exists for submission to the jury or otherwise.   Plaintiff seeks monetary damages in the form of a reasonable royalty, pre- and post-judgment interest, costs, enhanced damages, and an award of its fees under 35 U.S.C. §§ 284 and 285.   Plaintiff contends that the '633 patent is valid, eligible, enforceable, and infringed, and that the affirmative defenses and counterclaims raised by Defendants do not bar or otherwise limit Plaintiff's claims in any way.

Defendants deny that Plaintiff owns the '633 patent, and deny that any of the Accused Products infringe either of the Asserted Claims of the '633 patent.   Defendants contend that the '633 patent is invalid under §§101, 102, 103 and 112 (indefiniteness, written description).  Defendants further contend that the '633 patent is unenforceable due to the inventor's inequitable conduct in not disclosing material, non-cumulative prior art known to the patentee.    Further, Plaintiff failed to police its licensee for the '633 patent, General Electric, before this suit was filed, resulting in GE failing to mark silicon carbide MOSFETs it manufactured and sold with the '633 patent number.   As a result of those failures, Plaintiff is not entitled to any pre-suit damages as a matter of law.

---

Mr. Holzen, submitted Exhibit 4.0 to his expert report purporting to list all the part numbers included in Plaintiff's purported royalty base and it only includes 98 part numbers.  At absolute most, Plaintiff's Schedule A should be limited to those 98 part numbers.  Plaintiff's Schedule A includes many more purported part numbers, references to inverters that are not Defendants', and references to dies which are not accused products.  As used herein, Defendants use the term Accused Products to mean no more than the 98 part numbers in Mr. Holzen's Exhibit 4.0.

## IV.     CONTENTIONS OF THE PARTIES

### A.     Plaintiff's Statement of Contentions

Plaintiff incorporates by reference in full its operative complaint, the Second Amended Complaint for Patent Infringement (Dkt. No. 154). Plaintiff's contentions are further detailed in part in its pending motions (*see* Section XIII below), Plaintiff's infringement contentions as supplemented and amended, Plaintiff's interrogatory responses, and Plaintiff's expert reports, which are all incorporated by reference.

Plaintiff is the sole and rightful owner of the '633 patent titled "High-Voltage Power Semiconductor Device," with full rights to pursue recovery of royalties or damages for infringement.

Defendants have infringed and are currently infringing directly, indirectly (inducement), and willfully, the Asserted Claims of the '633 Patent by actually or knowingly encouraging infringement of the '633 patent by making, using, offering for sale, selling, and/or importing in or into the United States the Accused Products that embody the apparatus covered by the Asserted Claims of the '633 patent, without authorization in violation of 35 U.S.C. § 271. *See* Schedule A.

Defendants have induced infringement at least by ST Int'l's sales to ST Inc., which direct infringed the Asserted Claims. ST Int'l knew of the '633 Patent as of April 19, 2021 and continued to encourage ST Inc.'s infringement of the Asserted Claims with knowledge that ST Inc.'s actions constituted infringement of the Asserted Claims. That is, ST Int'l specifically intended for ST Inc. to infringe the '633 patent.

Further, Defendants' direct and indirect infringement has been willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284. Defendants were aware of the '633 patent at least as of April 19, 2021 and continued to deliberately and wantonly infringe the Asserted Claims.

Plaintiff seeks the following relief:

1. A judgment that Defendants have infringed the '633 patent;

2. A judgment and order requiring Defendants to pay Plaintiff damages under 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

3. A judgment and order requiring Defendants to pay Plaintiff the costs of this action;

4. A judgment and order awarding enhanced damages to Plaintiff, including treble damages for willful infringement, under 35 U.S.C. § 284;

5. A judgment and order declaring this case to be exceptional based on Defendants' infringement and/or litigation conduct; and

6. A judgment and order awarding attorneys' fees to Plaintiff under 35 U.S.C. § 285.

Plaintiff contends that the '633 patent is valid, eligible, and enforceable, and infringed and that the affirmative defenses and counterclaims raised by Defendants do not bar or otherwise limit Plaintiff's claims in any way as a result of any of the affirmative defenses raised by Defendants.

### B.    Defendants' Statement of Contentions

By providing these contentions, Defendants do not concede that all of these issues are appropriate for trial, including without limitation inducement, willfulness, and Plaintiff's purported scope of Accused Products it sets forth in its Schedule A.  In particular, Defendants do not waive any of their motions *in limine*, motions for summary judgment, motions to strike, or *Daubert* motions, which, if granted, would render some or all of these issues moot.  Defendants' contentions in this case are detailed in part in Defendants' pending motions (*see* Section XIII below), Defendants' invalidity contentions, Defendants' interrogatory responses, and Defendants' expert reports, which are all incorporated by reference herein.  In sum, Defendants contend the following:

Defendants deny that Plaintiff owns the '633 patent, or owned the '633 patent at the time this lawsuit was filed.  Plaintiff thus lacks standing to bring this lawsuit.

Defendants also deny that any of the Accused Products infringe either of the Asserted Claims of the '633 patent.  And, to the extent Plaintiff asserts infringement on the Doctrine of Equivalents, any such assertion is barred as a matter of law by Plaintiff's failure of proof, the doctrine of prosecution history estoppel, and/or by the doctrine of ensnarement.

Furthermore, despite being a purported expert in the research and design of silicon carbide MOSFETs, and serving as a professor for years in that field before filing the application that issued as the '633 patent, the lead named inventor, Dr. Cooper, disclosed no prior art to the Patent Office when seeking to have his application issued as the '633 patent.  By doing so, Dr. Cooper withheld numerous pieces of prior art and other materials from the Patent Office that invalidate the Asserted Claims and contradict arguments made to the Patent Office in support of patentability.

The Asserted Claims of the '633 patent are thus invalid as anticipated and/or obvious, and the '633 patent is unenforceable.

The Asserted Claims of the '633 patent are also invalid for covering ineligible subject matter, and for lack of enablement and written description.

In addition, the Asserted Claims of the '633 patent are entitled to a priority date no earlier than the filing date of the application that issued as the '633 patent, January 23, 2006, and are not entitled to claim priority to January 21, 2005, the filing date of provisional application No. 60/646,152.

For at least all these reasons, Plaintiff is not entitled to damages on its claims of infringement.  To the extent damages are to be awarded, Plaintiff's calculation of a reasonable royalty relies on an improper methodology and improper evidence, and Plaintiff has failed to provide a suitable basis on which damages may be properly calculated.  Moreover, Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284.

Plaintiff also is not entitled to pre-judgment or post-judgment interest or costs.

Nor is Plaintiff entitled to an award of its attorneys' fees.  Rather, Defendants have engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

Moreover, Plaintiff failed to police its licensee for the '633 patent, General Electric, before this suit was filed, resulting in GE failing to mark silicon carbide MOSFETs it manufactured and sold with the '633 patent number.  As a result of those failures, even if Plaintiff could show Plaintiff owns the asserted patent and Defendants infringe (it cannot), Plaintiff is not entitled to any pre-suit damages as a matter of law.

Furthermore, as a result of Dr. Cooper's failure to disclose prior art and other materials to the Patent Office, and as a result of Plaintiff's other misconduct in this litigation, Defendants are at least entitled to a finding that this is an exceptional case and that they are entitled to an award of their attorneys' fees, costs and interest.

Defendants thus seek the following relief:

1. A judgment that Defendants have not infringed the '633 patent;

2. A judgment that the Asserted Claims of the '633 patent are invalid;

3. A judgment that Plaintiff and/or Dr. Cooper engaged in inequitable conduct before the Patent Office during the prosecution of the application that issued as the '633 patent, rendering the '633 patent unenforceable;

4. A judgment dismissing Plaintiff's claims against Defendants with prejudice;

5. A judgment and order requiring Plaintiff to pay Defendants the costs of this action;

6. A judgment and order declaring this case to be exceptional based on Plaintiff's inequitable conduct and/or litigation conduct;

7.  A judgment and order awarding attorneys' fees to Defendants under 35 U.S.C. § 285; and,

8.  A judgment and order requiring Plaintiff to pay Defendants pre-judgment and post-judgment interest on any award.

## V.   STIPULATED FACTS, IF ANY

1.  The parties will meet and confer after final rulings on all pretrial issues have been entered to determine whether any facts may be stipulated.

## VI.   EXHIBIT LIST

Plaintiff's Exhibit List with Defendants' objections included is attached as **Exhibit 1.1**.

Defendants' Exhibit List with Plaintiff's objections included is attached as **Exhibit 1.2**.

## VII.   WITNESS LIST

Plaintiff's Witness List is attached as **Exhibit 2.1**.

Defendants' Witness List is attached as **Exhibit 2.2**.

Plaintiff's Objections to Defendants' Witness List is attached as **Exhibit 2.3**.

Defendants' Objections to Plaintiff's Witness List is attached as **Exhibit 2.4**.

Any witness not listed in Exhibits 2.1 or 2.2 will be precluded from testifying, absent good cause shown and an order of the Court allowing the testimony. However, the parties reserve the right to call any rebuttal witnesses (who are not presently identifiable) as may be necessary, on reasonable notice to the opposing party.

## VIII.   DEPOSITION AND DISCOVERY DESIGNATIONS

Plaintiff's Deposition Designations, Defendants' objections and Counter-Designations, Plaintiff's objections and Counter-Counter Deposition Designations, and Defendants' counter-counter objections are attached as **Exhibit 3.1**.

Defendants' Deposition Designations, Plaintiff's objections and Counter-Designations, Defendants' objections and Counter-Counter Deposition Designations, and Plaintiff's counter-counter objections are attached as **Exhibit 3.2**.

Any deposition testimony may be used at trial for purposes of impeachment regardless of whether a party identified that testimony on its list of deposition designations if the testimony is otherwise competent for such purposes.

Plaintiff contends that it designated Defendants' discovery responses in its Exhibit List. *See* PX422-435 and objections thereto. There is no requirement that the discovery be "separately provided" and the parties did not agree to do so.

Defendants' Discovery Designations are attached as **Exhibit 3.3**.

Defendants contend that Plaintiff did not serve any discovery designations as the parties agreed discovery designations had to be provided separate from any exhibit list.   Indeed, Defendants' exhibit list includes discovery responses, but Defendants still separately provided the agreed Discovery Designations attached as **Exhibit 3.3**.   Defendants thus object in full to any reliance by Plaintiff on discovery responses or other materials covered thereby at trial.   As Plaintiff provided no such designations, Defendants cannot provide any more specific objections thereto.

## IX.    JURY CHARGE

The parties' Requested Proposed Jury Charge is attached as **Exhibit 4**.

## X.    VERDICT FORM

Plaintiff's proposed verdict form is attached as **Exhibit 5.1**.

Defendants' proposed verdict form is attached as **Exhibit 5.2**.

## XI.    PROPOSED VOIR DIRE QUESTIONS

The parties' agreed Proposed Voir Dire Questions are attached as **Exhibit 6.1**.

In addition to what the parties agree are the proper Proposed Voir Dire Questions attached as **Exhibit 6.1**, Plaintiff proposes that the additional Proposed Voir Dire Questions attached as **Exhibit 6.2** also be asked.  [**Plaintiff's position:**  Plaintiff submits that these questions are proper means of determining juror bias or whether a juror should be struck for cause because the agreed set of questions is insufficient and does not cover the waterfront. The Court can determine which questions it sees fit to ask. Defendants can propose additional questions of their own if they so choose.]   [**Defendants' position:**  Defendants object to the additional voir dire questions on at least the following grounds and will be prepared to address them should the Court consider using them:  duplication, excessiveness/waste of time and resources, relevance, invasive of the jurors' privacy, and slanted in Plaintiff's favor / to address only Plaintiff's issues, without corresponding questions for Defendants.]

## XII.    MEMORANDA ON DISPUTED ISSUES OF LAW

The parties do not believe this is applicable. The parties also agree that issues of infringement, invalidity, inequitable conduct, willfulness, and damages are not unique issues of law and fact that require memoranda to the Court at this time, other than the papers already before the Court and the forthcoming proposed findings of fact and conclusions of law the parties will file on or before September 26, 2023.

## XIII.   LIST OF OTHER PENDING MOTIONS

**Plaintiff's Pending Motions:**

1.      Motion for Leave to File Motion to Strike Defendants' Inequitable Conduct Defenses, filed February 22, 2023 (Dkts. 260, 265, 277, and 327).

2.      Motion to Strike Expert Opinions of Dr. Lori Lipkin regarding Materiality, filed on August 8, 2023 (Dkts. 358, 386, and 400).

3.      Motion for Supplemental Claim Construction, filed on August 8, 2023 (Dkts. 360, 391, and 401).

4.      *Daubert* Motion to Exclude Testimony of Dr. Dean Neikirk, filed on August 8, 2023 (Dkts. 362, 389, and 398).

5.      Motion for Partial Summary Judgment that Certain Art Was Not Publicly Available, filed on August 8, 2023 (Dkts. 364, 387, and 402).

6.      Motion for Partial Summary Judgment regarding Defendants' Affirmative Defenses, filed on August 8, 2023 (Dkts. 366, 372, and 396).

7.      *Daubert* Motion to Exclude the Testimony of Defendants' Damages Expert Stephen L. Becker, filed on August 8, 2023 (Dkts. 368, 388, and 404).

8.      Motion to Strike and Exclude Unreliable Opinions of Dr. Sylvia Hall-Ellis Concerning Public Availability, filed on August 8, 2023 (Dkts. 369, 390, and 406).

**Defendants' Pending Motions:**

1.      Motion to Strike Plaintiff's Untimely Invention Date Disclosure and Preclude Reliance Thereon, filed on April 27, 2023 (Dkts. 290, 300, and 303).

2.      Motion to Strike Plaintiff's Improper May 19, 2023 Infringement Contentions, filed on May 25, 2023 (Dkts. 308, 320, 325, 345, 370, and 399).

3.      Motion to Strike Plaintiff's Improper "Supplement" Allegedly In Support Of Plaintiff's Motion for Leave to File Motion to Strike Defendants' Inequitable Conduct Defense, filed July 5, 2023 (Dkts. 328, 335, and 339).

4.      Motion for Partial Summary Judgment that Asserted Claims Are Not Entitled to Provisional Filing Date, filed on August 8, 2023 (Dkts. 348, 392, and 407).

5.      Motion for Partial Summary Judgment of No Pre-Suit Damages, filed on August 8, 2023 (Dkts. 349, 385, and 408).

6.      Motion to Strike Improper Sur-Rebuttal Reports Served At and After the Close of Expert Discovery, filed on August 8, 2023 (Dkts. 350, 375, and 411).

7.      Motion for Partial Summary Judgment of No Infringement Under the Doctrine of Equivalents, filed on August 8, 2023 (Dkts. 351, 383, and 409).

8.      Motion for Partial Summary Judgment that Claim 10 is Indefinite, filed on August 8, 2023 (Dkts. 352, 377, and 410).

9.      Rule 702 Motion to Exclude Portions of the Expert Opinion of Stephen A. Holzen, filed on August 8, 2023 (Dkts. 353, 380, and 412).

10.     Motion to Partially Strike the Expert Reports of Dr. James A. Cooper and Dr. Sarit Dhar, filed on August 8, 2023 (Dkts. 354, 382, and 413).

11.     Motion to Strike the Expert Report and Testimony of Plaintiff's Purported Patent Law Expert Teresa Rea, filed on August 8, 2023 (Dkts. 355, 376, and 414).

12.     Motion to Strike Plaintiff's Improper Rebuttal Expert Report and Testimony of Mr. Greg Jackson, filed on August 8, 2023 (Dkts. 356, 373, and 415).

13.     Rule 12(b)(1) Motion to Dismiss for Lack of Standing, filed on August 8, 2023 (Dkts. 357, 379, and 416).

14.     Motion to Disqualify Michael Shore if Plaintiff's Recent License Agreements are Not Excluded, filed on August 28, 2023 (Dkts. 395, 424, and TBD).

## XIV.   TRIAL DISCLOSURES

The parties agree to the following procedures which will govern the disclosure of witnesses, exhibits, deposition testimony and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

### A.   Motions

All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing.   Unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing of the Motion.  All replies in support of the motions must be filed within 21 days of service of any oppositions.  The parties reserve their right to seek reasonable extensions of these deadlines, subject to the Court's approval.

### B.   Juror Research

The parties agree that before and during the trial, the parties to this case, and their respective employees, attorneys, and agents, including jury consultants shall not access nonpublic user data or other information maintained by an online content provider or electronic social media platform regarding any juror or potential juror.  Nothing in this paragraph shall prevent the parties from accessing information about jurors and potential jurors that is available to members of the general public without any access restrictions, including information on social media accounts.

### C.   Exhibits and Demonstratives

Plaintiff's trial exhibits are identified with the prefix "PX," starting with PX-1 and Defendants' trial exhibits are identified with the prefix "DX," starting with DX-1.  Joint trial exhibits are identified with the prefix "JX," starting with JX-1.  The page numbering shall begin at 1 for the first page of each exhibit and the numbering on each page should include the trial exhibit number and the physical page number separated by a decimal. For example, page 26 of Joint Exhibit 6 would be endorsed / paginated as either: "JX-006.26" or "JX-6.26".

No exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. Exhibits with noted objections may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence.

The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

None of the foregoing stipulations shall serve as a waiver of any other objections a party may have to any trial exhibits or abrogate the requirement that the party offering an exhibit into evidence satisfy any other rules governing the admissibility of evidence set forth in the Federal Rules of Evidence, the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's practices, or any other applicable rule or regulation.  The parties agree to meet and confer in good faith to resolve objections to trial exhibits prior to their introduction at trial.

The parties agree that the demonstratives that the parties intend to use at trial do not need to be included on their respective exhibit lists that are part of this Joint Final Pretrial Order. Plaintiff's demonstratives will be identified with the prefix "PD," starting with PD-1.  Defendants' demonstratives will be identified with the prefix "DD," starting with DD-1.

The parties further agree that, unless otherwise ordered by the Court, demonstrative exhibits will not be admitted as evidence and will not be made available to the jury during deliberations.

The parties will provide the other side with notice of specific identification of exhibits and exchange demonstratives to be used on direct examination for each individual witness (whether live or by deposition), opening statements, and closing arguments by 7:00 p.m. (or 1.5 hours after the jury is dismissed for the day, whichever is later) the night before the session in which they will be used. Any objections to such exhibits and demonstratives will be served by 9:00 p.m. (or 3.5 hours after the jury is dismissed for the day, whichever is later).  The parties will attempt to resolve objections through a meet and confer to begin on or before 10:00 p.m. (or 4.5 hours after the jury

is dismissed for the day, whichever is later) on the day the objections are served.  If good-faith efforts to resolve objections to the exhibits and demonstratives fail, the objecting party shall bring its objections to the Court's attention by filing a motion or other paper no later than 11:59 p.m. (or 6.5 hours after the jury is dismissed for the day, whichever is later) the day the exhibits and/or demonstratives are served, provided that nothing in this paragraph shall prevent a party from seeking an extension of the deadline for bringing an objection to the Court's attention upon good cause shown.

Demonstratives exchanged will not be used by an opposing party prior to being used by the disclosing party.

This provision does not apply to demonstrative exhibits created during testimony and demonstrative exhibits to be used for cross examination, adverse direct examination, or redirect examination, which need not be provided to the other side in advance of their use.

No disclosure or exchange is required for demonstratives to be used for closing arguments.

**D.     Witnesses**

No later than 7:00 p.m. (or 1.5 hours after the jury is dismissed for the day, whichever is later) the day before a party presents its case-in-chief, that party shall provide a good faith list of all witnesses it expects to call live or by deposition during the trial in the order in which it expects to call them.  During trial, unless otherwise agreed to by the parties, each party shall provide notice by email no later than 7:00 p.m. (or 1.5 hours after the jury is dismissed for the day, whichever is later) of all witnesses intended to be presented live or by deposition during direct examination the next day at trial.  Such notice shall indicate the intended order of call of live and deposition witnesses for the following day. All disclosures identified pursuant to this procedure are final unless unexpected circumstances necessitate a change in the order of witness and/or the dropping of a witness.

E.       **Deposition Designations**

Each party shall provide notice by email no later than 7:00 p.m. (or 1.5 hours after the jury is dismissed for the day, whichever is later) each day of all witnesses intended to be presented by deposition two (2) days later at trial, designating the specific pages and lines of transcript, along with estimated run-times for video, from the witness's deposition that it proposes to read or play during trial. For example, if a witness will testify by deposition on a Wednesday, the witness must be identified by 7:00 p.m. on the previous Monday (or 1.5 hours after the jury is dismissed for the day Monday, whichever is later).  The receiving party shall provide objections (which must have been preserved in that party's objections submitted with this proposed joint pretrial order) and identify, in page and line format along with estimated run-times for video, counter-designations (which must have been preserved in that party's counters submitted with this proposed joint pretrial order) to such witnesses by 7:00 p.m. (or 1.5 hours after the jury is dismissed for the day, whichever is later) the following day. The offering party shall then identify any objections and counter-counter designations (which must have been preserved in that party's objections/counter-counters submitted with this proposed joint pretrial order) it intends to assert to the counter designations by 9:00 p.m. (or 3.5 hours after the jury is dismissed for the day, whichever is later) the day before the designations will be offered. The parties shall then meet and confer by 10:00 p.m. (or 4.5 hours after the jury is dismissed for the day, whichever is later) regarding all objections. To the extent deposition objections were not resolved at the Pretrial Conference or subsequent meet and confer, the objecting party will raise the objections with the Court no later than the morning of the day the witness is to be called, before trial begins or resumes. The time available for each side's trial presentation shall be reduced by the length of its designations/counter-counter designations or counter-designations actually played or read at trial. If deposition testimony is to be played, the party that seeks to play the deposition testimony must

also provide the opposing party, by 9:00 p.m. (or 3.5 hours after the jury is dismissed for the day, whichever is later) one day before the deposition testimony is to be played, a workable copy of the actual recording to be played (or testimony to be read), including all designations, counter-designations, and counter-counter designations. Affirmative, counter-designations, and counter-counter designations will all be played together in chronological order as they appear in the transcript.  No objections, preambles, or exchanges between counsel will be played or read as a part of deposition testimony.  The parties shall cooperate in good faith to prepare the designated portions of the depositions for presentation at trial.

If any designated portions of deposition testimony to be presented at trial have been amended or corrected via errata, the party offering the errata must present the corresponding portions of the errata immediately after such testimony is presented by the offering party – at the end of the full deposition testimony from that witness.

**F.      Juror Notebook.**

**[Plaintiff's position:**  There should be twelve (12) copies of an agreed juror notebook containing (1) the asserted patent, (2) a listing of each asserted claim and the Court's claim constructions relevant thereto, dependent claims to be shown with the relevant limitations of the base claims incorporated, and (3) a single page for each witness expected to be called at trial that includes a color photograph of that witness, provided by the party who will be offering the witness, and space for the juror to take notes will be delivered to the Court by noon on the day before jury selection.

Plaintiff opposes including any prior art in the notebook as it improperly emphasizes certain evidence and risks misleading the jury. Defendants argue that including the prior art references is akin to including the patents or the claim language in the notebook, but the patent and the claim language are not *evidence* of infringement. Purdue does not prove infringement

merely by showing claim language. By contrast, Defendants ask this Court to emphasize its evidence of invalidity by including prior art references. If Defendants truly want parity, the notebook should also include the datasheets and schematics for each of the Accused Products.]

 [**Defendants' position:**  There should be twelve (12) copies of an agreed juror notebook containing (1) the asserted patent, (2) a listing of each asserted claim and the Court's claim constructions relevant thereto, dependent claims to be shown with the relevant limitations of the base claims incorporated, (3) the primary prior art references, and (4) a single page for each witness expected to be called at trial that includes a color photograph of that witness, provided by the party who will be offering the witness, and space for the juror to take notes will be delivered to the Court by noon on the day before jury selection.

The only difference between the competing proposals is Defendants' inclusion of the primary prior art references.  Above, Plaintiff states it opposes including any prior art in the notebook as it improperly emphasizes certain evidence and risks misleading the jury.  But, of course, Plaintiff apparently sees no problem emphasizing what it wants (*e.g.*, the patent, and a listing of asserted claims).  The flip side of that are the primary prior art references upon which Defendants rely, and they should be included as well to give equal emphasis to both sides' evidence.  Nor does that mean schematics and datasheets need be added too.  Plaintiff is simply exaggerating in an effort to only include what it wants.]

### G.    Confidentiality

The provisions of the Protective Order (Dkt. 65) shall govern the use at trial of information designated confidential, except as modified herein. The Parties will not oppose any reasonable request by the Producing Party that the courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any

Protected Material, nor will they oppose a reasonable motion to seal or redact transcripts containing Protected Material.

**H.      Order Of Presentation**

The order of presentations at trial shall be as described in this subsection.

1.      **Opening Statements**: The trial presentations shall begin with opening statements by each party.  Plaintiff shall present its opening statement first, followed by Defendants' opening statement.

2.      **Evidence**: After opening statements, the parties shall present their evidence. Plaintiff shall go first on the issues of infringement and damages. Defendants shall next present their case on non-infringement, invalidity, other defenses and damages.  **[Plaintiff's postion:** Plaintiff may then present its rebuttal case as to issues raised in Defendants' case.] **[Defendants' postion:**  Plaintiff may then present its rebuttal case as to invalidity issues raised in Defendants' case.  Defendants respectfully submit that Plaintiff cannot use rebuttal to address anything Plaintiff wants.  Plaintiff goes first on infringement and damages, and Defendants then rebut and go first on invalidity.  Plaintiff's rebuttal case should thus be limited to rebutting invalidity.]

3.      **Closing Arguments**: After Plaintiff presents its rebuttal case, the parties shall conclude with closing arguments. Plaintiff shall present its closing argument on all issues first. Next, Defendants will present its closing argument on all issues. **[Plaintiff's postion:**  Plaintiff will be permitted to reserve up to 12 minutes of its 45 minutes for a rebuttal closing argument.] **[Defendants' postion:**   Plaintiff should be permitted to reserve up to 5 minutes of its overall closing time for a rebuttal closing argument.  Defendants respectfully submit that Plaintiff should not be allowed to reserve any more time than that for rebuttal.  Plaintiff's position would allow it to reserve almost 1/3 of its time for rebuttal.  That is improper, as it precludes Defendants from having an opportunity to respond.]

4.      **Notice of Intent to Rest**: A party will provide to the Court and the other party a good-faith notice that it expects to rest by 5:00 p.m. or before leaving court, whichever is later, the day before that party expects to rest and a good-faith estimate of how much additional trial time the party expects to use before resting.

5.      **Bench Trial**:  Beginning while the jury deliberates and continuing as long as is necessary consistent with the time remaining to each party, the Court shall conduct a bench trial on any remaining issues to be decided in the first instance by the Court rather than the jury, including without limitation inequitable conduct, prosecution history estoppel (to the extent not resolved in Defendants' favor before submission of the case to the jury), ensnarement (to the extent not resolved in Defendants' favor before submission of the case to the jury), and patent eligibility to the extent not deferred to post-trial motions.[3]

## XV.   ESTIMATE OF PROBABLE TRIAL LENGTH

[**Plaintiff's position**: The probable length of trial is five (5) days, with each side to be allotted 14 hours for the jury trial portion, exclusive of jury selection, opening statement, and closing arguments. There are dozens of Accused Products (as reflected Schedule A). Even under Defendants' view of the universe of Accused Products, there are nearly 100 Accused Products. Defendants have refused to agree to representative products and Plaintiff respectfully requests additional time to present its case as to the Accused Products, if necessary. Plaintiff submits that one (1) additional hour be reserved in addition to the 14 hours for issues tried to the bench.

Plaintiff further proposes voir dire length of 45 minutes per side, opening statements of 40 minutes per side, and closing arguments of 45 minutes per side.]

---

[3] Plaintiff objects to any testimony/evidence regarding patent eligibility from Defendants' expert.

[**Defendants' position:**  The probable length of trial is five (5) days.  Defendants propose each side to be allotted twelve (12) hours for the jury trial portion, exclusive of jury selection, opening statements, and closing arguments, and an additional 1.5 hours each for a bench trial of any issues to be brought to the Court instead of a jury.  This is a single patent case with only two asserted claims, only one of which is an independent claim.  Twelve hours for the jury portion is sufficient.  Above, Plaintiff references its Schedule A purported list of accused products, but that list is grossly inflated compared, for instance, to Plaintiff's own damages expert's much shorter list of accused products included in his damages base.  Further, the live inequitable conduct defense, as well as the pending prosecution history estoppel, ensnarement, and eligibility defenses warrant 1.5 hours per side for a bench trial.

Defendants propose a voir dire length of 30 minutes each, opening statements of 30 minutes each, and closing arguments of 45 minutes each.  Plaintiff's proposed times for these portions are excessive.]

Dated: September 12, 2023

Respectfully submitted,

/s/ *Michael W. Shore*

Michael W. Shore (Texas 18294915)
Chijioke E. Offor (Texas 24065840)
Halima Shukri Ndai (Texas 24105486)
THE SHORE FIRM LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Tel: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

John P. Lahad (Texas 24068095)
Brian D. Melton (Texas 24010620)
Abbey E. McNaughton (Texas 24116751)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 653-7859
Facsimile: (713) 654-6666
jlahad@susmangodfrey.com
bmelton@susmangodfrey.com
amcnaughton@susmangodfrey.com

**Attorneys for Plaintiff The Trustees of Purdue University**

/s/ *Michael D. Hatcher*

Michael J. Bettinger
California Bar No. 122196
mbettinger@sidley.com
Irene Yang
California Bar No. 245464
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200
(415) 772-7400 – Fax

Michael D. Hatcher
Texas Bar No. 24027067
mhatcher@sidley.com
Morgan R. Mendicino
Texas Bar No. 24125664
mmendicino@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300
(214) 981-3400 – Fax

Richard A. Cederoth
Texas Bar No. 6185199
rcederoth@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7026
(312) 853-7036 – Fax

Max Ciccarelli
Texas Bar No. 00787242
max@ciccarellilawfirm.com
CICCARELLI LAW FIRM
100 North 6th Street, Suite 502
Waco, Texas 76701
(214) 444-8869

Thomas N. Tarnay
Texas Bar No. 24003032
ttarnay@tarnaylaw.com

THOMAS TARNAY PLLC
2103 Virginia Place
Plano, Texas 75094
(214) 395-8212

***Attorneys for Defendants***
***STMicroelectronics, Inc. and***
***STMicroelectronics International N.V.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing via the Court's CM/ECF system per Local Rule CV-5(b)(1) on September 12, 2023. Sealed exhibits were served on the same day via email.

/s/ *Michael W. Shore*
Michael W. Shore