# EXHIBIT 5.2

# DEFENDANTS' PROPOSED VERDICT FORM

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC.,<br><br>Defendants. | Civil Action No. 6:21-cv-00727-ADA<br><br>JURY TRIAL DEMANDED |

## **[DEFENDANTS' PROPOSED] JURY VERDICT FORM**

When answering the following questions and filling out this Verdict Form, please follow the directions provided throughout the form. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in detail in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

In this Verdict Form, the following terms have the following meanings:

- "**Purdue**" refers to The Trustees of Purdue University.

- "**ST**" refers collectively to STMicroelectronics, Inc. and ST Microelectronics International N.V.

- The **"Patent-in-Suit"** refers to U.S. Patent No. 7,498,633.

- The **"Asserted Claims"** refers collectively to Claims 9 and 10 of the Patent-in-Suit.

4863-8530-4956v.1

# **IT IS VERY IMPORTANT THAT YOU FOLLOW THE INSTRUCTIONS PROVIDED IN THIS VERDICT FORM**

# **READ THEM CAREFULLY AND ENSURE THAT YOUR VERDICT COMPLIES WITH THEM**

We, the jury, unanimously agree to the answers to the following questions and return them as our verdict in this case:

## OWNERSHIP

**QUESTION 1:** Has Purdue proven by a preponderance of the evidence that it owned the **Patent-in-Suit** at the time it filed this case and owns it now?

"Yes" is a finding for **Purdue**. "No" is a finding for **ST**.

                           Yes____   No____

# INFRINGEMENT

**Directions:** Only answer Question 2 below if you found Purdue owns the Patent-in-Suit by answering "Yes" to Question 1 above. In answering Question 2 below, please answer either "Yes" or "No" for each listed claim.

**QUESTION 2:** Has Purdue proven by a preponderance of the evidence that ST Inc. directly and literally infringed the following claims of the **Patent-in-Suit**?[1]

"Yes" is a finding for **Purdue**. "No" is a finding for **ST**.

        **Claim 9**:      Yes\_\_\_\_     No\_\_\_\_

        **Claim 10**:     Yes\_\_\_\_     No\_\_\_\_

---

[1] To the extent Plaintiff contends that Doctrine of Equivalents infringement and/or induced infringement are live issues to be submitted to the jury and/or whether ST Int'l directly infringes, Defendants reserve the right to present additional jury interrogatories on those issues. Defendants do not believe they are live issues.

# VALIDITY

**Directions**: In answering Questions 3, 4, and 5 below, please answer either "Yes" or "No" for each listed claim.

**QUESTION 3:** Did ST prove by clear and convincing evidence that the elements of the Asserted Claims, when taken individually and when taken as an ordered combination, involve only technology which a person of ordinary skill in the art would have considered to be well-understood, routine, and conventional as of the priority date of the invention (January 23, 2006)?

"Yes" is a finding for **ST**. "No" is a finding for **Purdue**.

Check "Yes" or "No" for each Asserted Claim for which you answered "Yes" in Question 2.

        **Claim 9**:       Yes____     No____

        **Claim 10**:     Yes____     No____

**QUESTION 4:** Has **ST** proven by clear and convincing evidence that the following claims of the **Patent-in-Suit** are invalid as anticipated and/or obvious? [2]

---

[2] *See, e.g., Touchstream Techs., Inc. v. Google LLC*, No. 6:21-cv-00569-ADA, Dkt. 247 at 3 (W.D. Tex. July 21, 2023) (invalidity question mentioning obviousness); *VLSI Tech. LLC v. Intel Corp.*,

6

"Yes" is a finding for **ST**. "No" is a finding for **Purdue**.

    **Claim 9**:   Yes____ No____

    **Claim 10**:  Yes____ No____

**QUESTION 5:** Has **ST** proven by clear and convincing evidence that the following claims of the **Patent-in-Suit** are invalid based on an inadequate written description and/or lack of enablement?

"Yes" is a finding for **ST**. "No" is a finding for **Purdue**.

    **Claim 9**:   Yes____ No____

    **Claim 10**:  Yes____ No____

---

No. 1:19-cv-00977-ADA, Dkt. 690 at 3 (W.D. Tex. Nov. 15, 2022) (validity question mentioning anticipation).

Before proceeding to the next page, please review questions 1–5 above to ensure that all questions have been answered unanimously.

# DAMAGES

**Directions:** Only answer Questions 6, 7, and 8 below if you found Purdue owns the Patent-in-Suit by answering "Yes" to Question 1 above. Also, only answer Questions 6, 7, and 8 if you found one or more patent claims were infringed and not invalid by having answered: (a) "Yes" to at least one claim in response to Question 2; and (b) "No" for the same claim(s) in response to Questions 3, 4, and 5.

**QUESTION 6:** Has **Purdue** proven by a preponderance of the evidence that substantially all of the products made, offered for sale, or sold under the '633 patent, including General Electric's, have been marked, and that Purdue made reasonable efforts to ensure that licensees such as General Electric who made, offered for sale, or sold products under the '633 patent marked the products with the '633 patent number?

"Yes" is a finding for **Purdue**. "No" is a finding for **ST**.

    Yes \_\_\_\_    No \_\_\_\_

**If you answer "No" to Question 6, the damages you award, if any, cannot start to accumulate until July 20, 2021, the date that Purdue served the complaint in this case alleging infringement.**

9

**QUESTION 7:** What sum of money, if any, if paid now in cash, has **Purdue** proven by a preponderance of the evidence would fairly and reasonably compensate **Purdue** for **ST's** infringement of the **Asserted Claims** of the **Patent-in-Suit**? Answer in United States dollars and cents, if any.

$ _____ .

**QUESTION 8:**

Is the amount you found in Question 7, if any, meant to compensate only for infringement through the date of trial (a running royalty or a lump sum through trial), or to include all infringing sales through the expiration of the patent (a lump sum for all time)?

      Check the blank next to the option you choose:

      Running Royalty through trial _____

      Lump Sum through trial _____

      Lump Sum for all time _____ [3]

Please proceed to the **FINAL PAGE.**[4]

---

[3] Adapted from *EcoFactor, Inc. v. Google LLC*, 6:20-cv-00075-ADA, Dkt. 215 at 7 (W.D. Tex. Feb. 10, 2022).

[4] To the extent Plaintiff contends that willfulness is a live issue to be submitted to the jury, Defendants reserve the right to present additional jury interrogatories on that issue. Defendants do not believe it is a live issue.

# **FINAL PAGE OF THE JURY VERDICT FORM**

You have now reached the end of the Verdict Form and should review it to ensure it accurately reflects your **unanimous** determinations. The Jury Foreperson should then sign and date the Verdict Form in the spaces below. Once this is done, notify the Court Security Officer that you have reached a verdict. The Jury Foreperson should keep the Verdict Form and bring it when the jury is brought back into the courtroom.

I certify that the jury unanimously concurs in every element of the above verdict.

Signed this _____ day of October, 2023.

_____
Jury Foreperson

4863-8530-4956v.1