FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC, <br><br> Defendants. | CIVIL ACTION NO. 6:21-CV-00727-ADA <br><br> PUBLIC VERSION <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF'S MOTION TO STRIKE
### EXPERT OPINIONS OF DR. LORI LIPKIN
### <u>REGARDING MATERIALITY</u>

# TABLE OF CONTENTS

I.     Introduction ...................................................................................................................... 1

II.    Background ...................................................................................................................... 1

       A.     Defendants' Answers ............................................................................................ 1

       B.     Defendants Shirked Their Discovery Obligations ............................................... 3

       C.     Defendants' Bait and Switch ................................................................................ 4

III.   Dr. Lipkin's Opinions Regarding "Non-Cumulative" References Should Be
       Struck ............................................................................................................................... 5

IV.    Conclusion ....................................................................................................................... 8

ii

# TABLE OF AUTHORITIES

**CASES:**

*Am. Med. Sys., Inc. v. Laser Peripherals, LLC*,
  712 F. Supp. 2d 885 (D. Minn. 2010) ........................................................................................7

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
  2012 WL 24999929 (N.D. Cal. June 27, 2012) .........................................................................7

*Cal. Tech. v. Broadcom Limited*,
  2019 WL 8807748 (C.D. Cal. July 1, 2019) ..............................................................................7

*Capella Photonics, Inc. v. Infinera Corp.*,
  2021 WL 765084 (E.D. Tex. Feb. 26, 2021) ..............................................................................7

*ChemFree Corp. v. J. Walter, Inc.*,
  2008 WL 3884365 (N.D. Ga. June 10, 2008) ............................................................................7

*Chiesi USA, Inc. v. Aurobindo Pharma USA, Inc.*,
  2022 WL 304574 (D.N.J. Jan. 9, 2022) ......................................................................................7

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F.3d 1312 (Fed. Cir. 2009) ............................................................................................ 5, 6

*Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC*,
  350 F.3d 1327 (Fed. Cir. 2003) ..................................................................................................5

*Flypsi, Inc. v. Dialpad, Inc.*,
  No. 6:21-CV-0642-ADA, 2022 WL 3593132 (W.D. Tex. Aug. 22, 2022) ............................ 3, 5

*Inline Connection Corp. v. AOL Time Warner, Inc.*,
  237 F.R.D. 361 (D. Del. 2006) ...................................................................................................7

*Novartis Pharmaceuticals Corp. v. Roxane Laboratories, Inc.*,
  2011 WL 1322271 (D.N.J. Mar. 31, 2011) ................................................................................6

*Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*,
  2006 WL 2931744 (N.D. Tex. Sept. 27, 2006) ..........................................................................7

**RULES:**

Fed. R. Civ. Proc. 9 ............................................................................................................... 1, 5, 7

**REGULATIONS:**

37 C.F.R. §1.56..................................................................................................................4

**Table of Exhibits**

| Exhibit No. | Description |
|---|---|
| 1 | Defendants' First Supplemental Objections and Responses to Plaintiff's Eighth Set of Discovery Requests (March 10, 2023) |
| 2 | Defendants' Fourth Supplemental Objections and Responses to Plaintiff's Eighth Set of Discovery Requests (May 22, 2023) |
| 3 | Defendants' Objections and Responses to Plaintiff's Notice of Rule 30(b)(6) Deposition (March 4, 2023) |
| 4 | June 9, 2023 Expert Report of Dr. Lori Lipkin (excerpts) |

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**I.     Introduction**

Plaintiff the Trustees of Purdue University ("Purdue") moves to strike the expert opinions of Defendants' Expert, Dr. Lori Lipkin, regarding the alleged materiality of prior art references never pled or otherwise disclosed during discovery as grounds for Defendants' inequitable conduct defense. Inequitable conduct must be pleaded with particularity under Fed. R. Civ. Proc. 9(b). In their pleadings, the Defendants never identified the references Dr. Lipkin now claims would have been material to patentability. And while discovery does not overcome deficiencies in pleading inequitable conduct, Defendants did not cite this art during discovery as grounds for inequitable conduct either. The requirement for particularized pleading exists to prevent this type of trial by surprise.

**II.    Background**

    **A.     Defendants' Answers**

Defendants served their Amended Answers on December 16, 2022. Dkts. 225 and 226. Among the dozens of defenses asserted, Defendants alleged that Purdue (and the inventors and prosecution counsel) engaged in inequitable conduct. In particular, Defendants alleged that "the Patentees knew of specific prior art disclosures, knowledge of a person of ordinary skill in the art (PHOSITA), and their specific materiality to one or more aspects of the claimed invention and/or the reasons for allowance" but "did not disclose the material references and also misrepresented the PHOSITA's knowledge to the Examiner." Dkt. 225 at ¶ 81.

Defendants alleged that "Dr. Cooper is a prolific writer who has authored or coauthored numerous technical publications, including, at one point, reportedly over 250 technical papers and conference presentations, five book chapters, 18 U.S. patents, and a textbook on silicon carbide (SiC) technology." *Id*. at ¶ 82. According to Defendants, "Dr. Cooper and the Patentees did not disclose any prior art (e.g., any patents, patent applications, articles, publications, etc.) to the Examiner in

connection with the prosecution of the '633 Patent, even though such references were material to the claims being prosecuted." *Id*. at ¶ 85.

Defendants identified the following specific prior art that they contend was material and undisclosed:

- James A. Cooper et al., Status and Prospects for SiC Power MOSFETs, 49 IEEE Transactions on Electron Devices, No. 4, 658, 658–61 & Figs. 1–4 (Apr. 2002)

- "A Self-Aligned Process for High-Voltage, Short-Channel Vertical DMOSFETs in 4H-SiC," IEEE Trans on Electron Devices, Vol. 51, No. 10, Oct. 2004, ("Matin")

- B. Jayant Baliga, "Modern Power Devices"

- "Design and Fabrication of High Performance UMOSFETs In 4H SiC" by Chao-Yang Lu ("Lu")

- "High Voltage UMOSFETs in SiC" ("Khan")

- A paper by Maherin Matin entitled "4H-SiC Power DMOSFETs" ("Matin II")

*Id*. at ¶¶ 89-94.

Defendants further alleged that had the "Patentees disclosed the material prior art references that they were aware of to the PTO during the prosecution of the '633 Patent, the claims would not have issued." *Id*. at ¶ 97. Defendants also stated that "the Patentees' misrepresentations regarding similar structures in silicon carbide, as well as the nondisclosure of material prior art, were a breach of the duty of candor and good faith because at least Dr. Cooper knew that such information was material to the application that ultimately issued as the '633 Patent." *Id.* at ¶ 98. Notably, as to intent, Defendants did not allege any particular facts. They merely stated "on information and belief" that the misrepresentations and omissions were done with specific intent to deceive. *Id.* at ¶ 99.

Defendants' allegations do not meet the pleading standards for inequitable conduct. *See Flypsi, Inc. v. Dialpad, Inc.*, No. 6:21-CV-0642-ADA, 2022 WL 3593132 (W.D. Tex. Aug. 22, 2022). Accordingly, Purdue moved for leave to file a motion to strike the inequitable conduct allegations.

2

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Dkt. No. 260. In that Motion, Purdue argued that Defendants would suffer no prejudice by deciding the issue of inequitable conduct on the merits at this point. *Id*. at 4. This is especially true given the superficial nature of Defendants' inequitable conduct allegations. In its Motion to Strike, Purdue argued that Defendants' allegations as to the "what, where, and how" lacked the required specificity such that the defense should be struck. Dkt. 260-1. The motion for leave remains pending before this Court.

### B. Defendants Shirked Their Discovery Obligations

Defendants refused to provide any meaningful discovery on their inequitable conduct defense. On March 10, 2023, Defendants responded to Purdue's Interrogatory No. 29, which asked:

> Explain the factual and evidentiary basis for Your inequitable conduct defense, including the factual and evidentiary basis for Your claim that the allegedly nondisclosed art was not cumulative or immaterial and any facts or evidence supporting Your allegation that Plaintiff intended to defraud the patent office.

Ex. 1 at 11. Defendants responded with a vague and conclusory statement that did not add anything to the allegations in their Answer. *Id*. Nor did Defendants disclose the basis for their views that the art pled was material to patentability and non-cumulative. Defendants also said nothing to support their bald assertion that "[t]he single most reasonable inference to be drawn from the above evidence is that Purdue and Dr. Cooper intended to deceive the Patent Office." *Id*.

Defendants supplemented their interrogatory response on the last day of discovery, May 22, 2023. See Exhibit 2. That supplemental response was even *less* substantive, merely [REDACTED]. Id. at 19. The May 22 supplement does not identify what in the documents and transcripts would have been

3

material to patentability or reflect an intent to deceive.[1] Defendants simply failed to provide a meaningful response to Interrogatory No. 29.

Defendants also refused to provide a Rule 30(b)(6) designee on the factual basis underlying their inequitable conduct defense. Rather, Defendants objected and argued that the facts and information underlying their defense were within "the purview of expert testimony." Ex. 3 at 23. ST added, "ST's expert will include the relevant information in his or her expert report." *Id.*

### C. Defendants' Bait and Switch

Despite refusing to provide meaningful discovery based on the notion that all would be revealed in an expert report, Defendants did not serve an expert report on inequitable conduct. They did not provide any expert opinion on intent or the duties of candor, good faith, and disclosure as set forth in 37 C.F.R. §1.56. Nor did they provide any expert testimony regarding USPTO procedure. Rather, they purported to have their technical expert, Dr. Lori Lipkin, opine that certain references were not cumulative; however, Dr. Lipkin provides these opinions on **references that were not disclosed in Defendants' Answers nor identified in their discovery responses**:

Dr. Lipkin provides "materiality" opinions on the following references that were not previously pleaded or otherwise disclosed:

- Sei-Hyung Ryu, Anant K. Agarwal and John W. Palmour, "Design and Process Issues for Silicon Carbide Power DiMOSFETS," Session H4.5: Conference on Silicon Carbide-Materials, Process, and Devices, No. 27-29, 2000 ("the 2000 Boston Abstract");

- Conference paper entitled "Design and Process Issues for Silicon Carbide Power DiMOSFETS" given during Symposium H4.5 of the November 2000 Silicon Carbide-Materials, Processing, and Devices Conference held November 27-29, 2000 in Boston, Massachusetts ("the 2000 Boston Paper");

- U.S. Patent Application Publication No. 2002/0038891Al to Sei-Hyung Ryu, Anant Agarwal, Mrinal Das, Lori Lipkin, John Palmour, and Ranbir Singh, entitled "Silicon Carbide Power

---

[1] This is not to mention that the cited documents and testimony were not identified in Defendants' Answer nor were they the subject of any opinion as to materiality.

4

    Metal-Oxide Semiconductor Field Effect Transistors Having A Shorting Channel And Methods Of Fabricating Silicon Carbide Metal-Oxide Semiconductor Field Effect Transistors Having A Shorting Channel" ("the 2002 Patent Publication");

- A. Agarwal, S.H. Ryu, and J. Palmour, "Power MOSFETS in 4HSiC: Device Design and Technology" in SILICON CARBIDE: RECENT MAJOR ADVANCES (ADVANCED TEXTS IN PHYSICS) 2004th Edition (Springer, October 8, 2003) ("the 2003 Book");

- The so-called "Island Art" which Dr. Lipkin uses to describe the collection of the 2003 Book, U.S. Patent No. 5,877,044 ("Neilson"), "Low-Voltage MOSFET with Small on-Resistance: an Extended Characterization in High-Efficiency Power Converter Applications," Conference Record of the 2001 IEEE Industry Applications Conference. 36th IAS Annual Meeting (Cat. No.01CH37248), 2001, pp. 635-640 vol.1 ("Belverde"), ST Application Note AN1506 ("AN1506"), ST system art AD6A, and U.S. Pat. No. 6,043,532 ("Depetro").

Ex. 4 (Lipkin Report) at ¶¶ 264, 276, 325, 361, and 417 (collectively, the "Undisclosed References").

    Dr. Lipkin does not offer any opinion on the non-cumulative nature, materiality, or even relevance of nearly all of the prior art references identified in Defendants' Answers. Dr. Lipkin does not opine that Dr. Cooper's "Status and Prospects" paper was material and/or not cumulative. Dr. Lipkin does not opine that either of the Matin papers is material and/or non-cumulative. On the contrary, she does not mention those papers at all. Dr. Lipkin does not opine that the Baliga book "Modern Power Devices" or the Khan publication are material and/or non-cumulative.

### III.    Dr. Lipkin's Opinions Regarding "Non-Cumulative" References Should Be Struck

    Inequitable conduct must be pleaded with particularity under Federal Rule of Civil Procedure 9(b). *Flypsi,* 2022 WL 3593132, at *2 (citing *Ferguson Beauregard/Logic Controls, Div. of Dover Resources, Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003)). In order to meet this standard, a party's pleading "must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the USPTO." *Id*. (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009)). The "what" and "where" elements of the pleading require identification of "which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found."

5

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

*Id*. In this case, it is undisputed that Defendants did not plead the "what" and "where" as to the Undisclosed References. And because they did not plead the "what" and "where," Defendants could not have pleaded the "how" or "why" as to the Undisclosed References. *Id*. at *10. Nor did Defendants make any effort to provide notice of the Undisclosed References during discovery. In so doing, Defendants denied Purdue the opportunity to conduct fact discovery on these references.

Courts routinely and consistently strike such efforts to ambush a patentee with inequitable conduct theories that were not pleaded even if they might have been alluded to or raised in an expert report. In *Novartis Pharmaceuticals Corp. v. Roxane Laboratories, Inc.*, 2011 WL 1322271, at *8 (D.N.J. Mar. 31, 2011), the court struck an inequitable conduct defense based on a previously undisclosed prior art reference, EP'424. As in this case, the defendant in *Novartis* did not include the reference in its pleading or discovery responses. *Id*. The court ruled that as to the EP'424 reference, the defendant "failed to identify the 'specific who, what, when, where, and how of the material representation or omission committed before the PTO' as is required." *Id*. (quoting *Exergen*). The court rejected the defendant's argument that the plaintiff "was on notice of the EP'424 inequitable conduct defense based on the parties' expert reports and depositions and the deposition of the inventor." *Id*. The court stated:

> Defendant's arguments ignore not only the requirement that allegations of inequitable conduct be pled with particularity, but also the fact that inequitable conduct is a wholly different defense than patent invalidity based on obviousness. It is apparent that EP'424 was a focus of the discovery and expert reports with regard to obviousness. However, obviousness and inequitable conduct are not the same defense as the latter includes elements of culpability and purposeful deceit while the former does not. The fact that Plaintiffs knew EP'424 would be offered in support of the obviousness defense does not relieve Defendant of its duty to plead inequitable conduct with particularity so as to provide Plaintiffs with sufficient notice as to the factual basis for the defense.

*Id.*; *see also Sw. Bell Tel., L.P. v. Arthur Collins, Inc.*, 2006 WL 2931744, at * 2 (N.D. Tex. Sept. 27, 2006) (striking inequitable conduct defense because "appearance in an expert report was not sufficient

to bring the issue into this suit"); *Chiesi USA, Inc. v. Aurobindo Pharma USA, Inc.*, 2022 WL 304574, at *3 (D.N.J. Jan. 9, 2022) (granting motion in *limine* to preclude inequitable conduct theories raised in an expert report but not pleaded in defendant's operative pleading); *Capella Photonics, Inc. v. Infinera Corp.*, 2021 WL 765084, at *5 (E.D. Tex. Feb. 26, 2021) ("Obviously, Defendants will not be permitted to try new theories of inequitable conduct that were not adequately pled in their Answer."); *Cal. Tech. v. Broadcom Limited*, 2019 WL 8807748, at *3 (C.D. Cal. July 1, 2019) (finding that "it was not appropriate for Defendants to bypass their pleading obligations under Rule 9(b) by incorporating new inequitable conduct theories into an interrogatory response served on the fact discovery deadline" because "there was no opportunity for the parties to conduct additional fact discovery relating to Defendants' new theories" (citing several cases)); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 2012 WL 24999929, at *3 (N.D. Cal. June 27, 2012) (striking portions of expert report regarding inequitable conduct because "this theory was never previously disclosed to Apple either in Samsung's Answer to Apple's Complaint or during discovery"); *Am. Med. Sys., Inc. v. Laser Peripherals, LLC*, 712 F. Supp. 2d 885, 920 (D. Minn. 2010) ("Because LP failed to plead with particularity inequitable conduct based on Figure 23 of Fletcher or AMS's reexamination conduct, the Court will not permit LP to assert either as a basis for its defense."); *ChemFree Corp. v. J. Walter, Inc.*, 2008 WL 3884365, at *2 (N.D. Ga. June 10, 2008) (finding that "Defendants may not now change their theories of inequitable conduct at the final stages of this litigation in an effort to avoid summary judgment" and that court would only "consider Defendants' original allegations of inequitable conduct as pleaded in their Amended Answer and Counterclaims"); *Inline Connection Corp. v. AOL Time Warner, Inc.*, 237 F.R.D. 361, 367-68 (D. Del. 2006) (finding that defendants' failure to amend their Answer to include new theory of inequitable conduct precluded their reliance on that theory).

Given Defendants' complete failure to identify the Undisclosed References in their pleadings and in discovery as allegedly material references, Defendants cannot rely on them for purposes of inequitable conduct. Accordingly, Dr. Lipkin's opinions regarding the purportedly non-cumulative nature of the Undisclosed References should be struck.

## IV.    Conclusion

Dr. Lipkin's opinions related to materiality or the allegedly non-cumulative nature of the 2000 Boston Abstract, the 2000 Boston Paper, the 2002 Publication, the 2003 Book, and the so-called "Island Art" references should be struck.

Dated: August 8, 2023

Respectfully submitted,

By: */s/ Michael W. Shore*
Michael W. Shore (SBN 18294915)
Chijioke E. Offor (SBN 24065840)
Halima Shukri Ndai (SBN 24105486)
THE SHORE FIRM LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Fax: (214) 593-9111
mshore@shorefirm.com
coffor@shorefirm.com
hndai@shorefirm.com

Brian D. Melton (SBN 24068095)
John P. Lahad (SBN 24068095)
Abbey McNaughton (SBN 24116751)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Tel: (713) 651-9366
Fax: (713) 654-6666
bmelton@susmangodfrey.com
jlahad@susmangodfrey.com
amcnaughton@susmangodfrey.com

***COUNSEL FOR PLAINTIFF***
***THE TRUSTEES OF PURDUE UNIVERSITY***

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## **CERTIFICATE OF SERVICE**

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that a true and correct copy of the foregoing has been served on counsel for Defendants VIA ECF and email on August 8, 2023.

*/s/ Michael W. Shore*