FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO. 6:21-CV-00727-ADA |
| STMICROELECTRONICS INTERNATIONAL N.V., and STMICROELECTRONICS, INC, | PUBLIC VERSION |
| | JURY TRIAL DEMANDED |
| Defendants. | |

**MOTION FOR PARTIAL SUMMARY JUDGMENT
THAT CERTAIN ART WAS NOT PUBLICLY AVAILABLE**

**FILED UNDER SEAL**

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## **TABLE OF CONTENTS**

I.      Introduction ............................................................................................................. 1

II.     The Disputed Prior Art ........................................................................................... 1

III.    Defendants Cannot Prove Public Accessibility or Public Sale ............................... 4

IV.     Conclusion ............................................................................................................... 8

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES:</u>

*Atlanta Attachment Co. v. Leggett & Platt, Inc.*,
　516 F.3d 1361 (Fed. Cir. 2008)...................................................................................7

*Colucci v. Callaway Golf Co.*,
　750 F. Supp. 2d 767 (E.D. Tex. 2010) .......................................................................4

*In re Caveny*,
　761 F.2d 671 (Fed. Cir. 1985).................................................................................5, 6

*In re Hall*,
　781 F.2d 897 (Fed. Cir. 1986)....................................................................................4

*Juicy Whip, Inc. v. Orange Bang, Inc.*,
　292 F.3d 728 (Fed. Cir. 2002)....................................................................................7

*Medtronic Inc. v. Edwards Lifesciences Corp.*,
　2013 WL 12113417 (C.D. Cal. Sept. 17, 2013) ........................................................5

*ResQNet, Inc. v. Lansa, Inc.*,
　594 F.3d 860 (Fed. Cir. 2010)....................................................................................5

*Scaltech Inc. v. Retec/Tetra, L.L.C.*,
　178 F.3d 1378 (Fed. Cir. 1999)..................................................................................7

*Schlumberger Tech. Corp. v. BICO Drilling Tools, Inc.*,
　2019 WL 2450948 (S.D. Tex. June 12, 2019)............................................................5

*SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*,
　511 F.3d 1186 (Fed. Cir. 2008)..................................................................................4

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
　534 F. Supp. 2d 849 (W.D. Wis. 2008) .....................................................................6

*Textron Innovations Inc. v. SJ DJI Techs. Co., Ltd.*,
　2023 WL 3681712 (W.D. Tex. Mar. 29, 2023)..........................................................5

*Woodland Trust v. Flowertree Nursery, Inc.*,
　148 F.3d 1368 (Fed. Cir. 1998)..............................................................................5, 6

### <u>STATUTES:</u>

35 U.S.C. §102 ...............................................................................................................4, 5, 6, 7

**<u>RULES:</u>**

Fed. R. Civ. Proc. 5 ..............................................................................................................9

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**<u>Table of Exhibits</u>**

| Exhibit No. | Description |
|---|---|
| 1 | June 9, 2023 Expert Report of Dr. Lori Lipkin (excerpts) |
| 2 | Deposition Transcript of Dr. Lori Lipkin (July 21, 2023) |
| 3 | Defendants' July 5, 2023 Letter to Chambers |

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## I.     <u>Introduction</u>

Plaintiff the Trustees of Purdue University ("Purdue") moves this Court for a ruling that three pieces of prior art relied upon by Defendants' invalidity expert, Dr. Lori Lipkin, are not properly prior art that can be used to invalidate the '633 Patent. Two of the prior art references, the so-called 2003 Book and the Lu Thesis, were not publicly available before the priority date of the '633 Patent, and the third, the so-called AD6A System Art cannot be the subject of an on-sale bar because it was not sold by the patentees. And even if considered under the "public use" provision of §102(b), it was not in public use—as demonstrated by the fact that Defendants designated the art as "Confidential-Attorneys' Eyes Only" under the protective order. This is not to mention that the AD6A device is not the invention as it indisputably does not meet a claim limitation. In short, none of these references can be used to invalidate the '633 Patent.

## II.     <u>The Disputed Prior Art</u>

### A.     <u>The 2003 Book</u>

Dr. Lipkin relies on the reference A. Agarwal, S.H. Ryu, and J. Palmour, "Power MOSFETS in 4HSiC: Device Design and Technology" in SILICON CARBIDE: RECENT MAJOR ADVANCES (ADVANCED TEXTS IN PHYSICS) 2004th Edition (Springer, October 8, 2003) to show invalidity (via both anticipation and obviousness) of the '633 Patent. Ex. 1 (Lipkin Report) at ¶¶ 421-517. Dr. Lipkin exclusively relies on the opinion of Defendants' library expert, Dr. Hall-Ellis, as support for her view that the 2003 Book was publicly available by June 26, 2003. *Id*. at ¶ 326. Dr. Lipkin provides no independent opinion regarding public availability. *See* Ex. 2 (Lipkin Dep. Tr.) at 124:16-18 ████████████████REDACTED████████████████

████ ").

## B.    The Lu Thesis

The Lu Thesis refers to "Design and Fabrication of High Performance UMOSFETs In 4H

SiC" by Chao-Yang Lu. Dr. Lu was one of Dr. Cooper's graduate students. Dr. Lipkin does not rely

on the Lu Thesis to argue invalidity. *Id.* at 114:11-23; 159:16-22. Rather, Dr. Lipkin appears to be

citing the Lu Thesis as part of Defendants' inequitable conduct defense. Again, Dr. Lipkin exclusively

relies on the opinion of Defendants' library expert, Dr. Hall-Ellis, as support for her view that the Lu

Thesis was publicly available by June 10, 2004. Ex. 1 at ¶ 154. She did not undertake any independent

investigation of public availability. Ex. 2 at 124:19-125:1 ████████ REDACTED ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ ").

## C.    The AD6A System Art

Dr. Lipkin places the AD6A System Art into a bucket of prior art she calls the "Island Art."

She combines the various pieces of the Island Art with other references to try and show obviousness

of the Asserted Claims. Dr. Lipkin's understanding of the disclosure of the AD6A System Art is that

it was disclosed as part of Exhibit 633-B24 to Defendants' Invalidity Contentions. *Id.* at ¶ 395. She

explains her understanding of the how the AD6A System Art can be prior art as follows:



*Id.* Dr. Lipkin then cites several technical documents produced in this case—produced with a

"Confidential-Attorneys' Eyes Only" designation. The portions of Dr. Lipkin's report that discussed

the AD6A System Art were likewise designated "Confidential-Attorneys' Eyes Only."

Purdue complained to Defendants that they could not simultaneously assert invalidity based on the AD6A System Art while claiming confidentiality of the materials. In response to a dispute chart that they felt was improper, Defendants wrote the Court a letter explaining the basis for their confidentiality designation. The letter explained, in relevant part: "The portion of the ST invalidity expert report at issue, and the confidential ST technical design documents cited in that portion of the report, involve an ST product sold in the U.S. more than a year before the earliest effective filing date of the '633 patent. That product is thus prior art under the 'on sale' portion of pre-AIA Section 102(b). Even a 'secret sale' creates 'on sale' prior art under pre-AIA Section 102(b), and post-AIA Section 102(b) for that matter, as the Supreme Court and Federal Circuit have repeatedly held." Ex. 3 (July 5, 2023 Letter) at 2.

During her deposition, Dr. Lipkin confirmed that





Ex. 2 at 181:23-182:25. Dr. Lipkin added that it was her understanding "REDACTED ." *Id*. at 183:10-19. Dr. Lipkin thus confirmed

## III.   Defendants Cannot Prove Public Accessibility or Public Sale

### A.   The 2003 Book and the Lu Thesis Were Not Publicly Accessible

The cornerstone of invalidity under §102 is public use or knowledge. To establish that a reference qualifies as a printed publication under 35 U.S.C. §102, the party seeking to rely on the reference as prior art must show clear and convincing evidence that "prior to the critical date the reference was sufficiently accessible, at least to the public interested in the art." *In re Hall*, 781 F.2d 897, 899 (Fed. Cir. 1986); *Colucci v. Callaway Golf Co.*, 750 F. Supp. 2d 767, 773 (E.D. Tex. 2010). "A given reference is publicly accessible upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, can locate it." *See SRI Int'l, Inc. v. Internet Sec. Sys., Inc.*, 511 F.3d 1186, 1194 (Fed. Cir. 2008) (internal quotation and citation omitted).

4

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

For the reasons set forth in Purdue's Motion to Strike the Opinions of Dr. Hall-Ellis, Defendants' library expert, Defendants cannot show by clear and convincing evidence that the 2003 Book and the Lu Thesis were publicly accessible at the relevant time. As set forth in the *Daubert* Motion, Dr. Hall-Ellis's opinions are the product of unreliable methods and must be excluded. Neither Defendants nor Dr. Hall-Ellis has firsthand knowledge of the public availability of the 2003 Book (a/k/a the Agarwal Chapter of the Choyke book) or the Lu Thesis. ***No copyright records have been produced by Defendants***. Nor have they or their expert identified any technical paper that cites to either reference before January 23, 2006, when the '633 Patent application was filed. In other words, Defendants' only evidence of availability are hearsay date markings on the references themselves. But such hearsay alone cannot support public accessibility by clear and convincing evidence. *See Textron Innovations Inc. v. SJ DJI Techs. Co., Ltd.*, 2023 WL 3681712, at *2–3 (W.D. Tex. Mar. 29, 2023) (Gilliland, J.) (recommending summary judgment of no public accessibility where "there is no non-hearsay evidence that supports public availability" of two references, but recommending against summary judgment where citations in two prior art papers supported actual distribution of a third references).

Purdue incorporates by reference in full the arguments in its Motion to Strike Dr. Hall-Ellis's opinions; those opinions should be struck and given then absence of any other information, data, or evidence as to public accessibility of the 2003 Book and the Lu Thesis, Defendants have not met their clear and convincing burden to show that these references were sufficiently accessible and disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art exercising reasonable diligence, could locate them.[1]

---

[1]The Court should likewise grant summary judgement of no public accessibility and summarily dispose of Defendants' second counterclaim (validity, enforceability), second defense (validity),

### B.     Neither the On-Sale Bar or the Public Use Provisions are Triggered Through Secret Sales by Defendants

Section 102(b) prevents granting a patent on an invention that was "on sale in this country, more than one year prior to the date of the application for a patent in the United States." 35 U.S.C. §102(b) (pre-AIA). The on-sale bar seeks to preclude *a patentee* from commercializing his invention beyond the statutory term of the patent. *See In re Caveny*, 761 F.2d 671, 675 n.5 (Fed. Cir. 1985) ("The 'on sale provision of 35 U.S.C. §102(b) is directed at precluding an inventor from commercializing his invention for over a year before he files his application. Sales or offers made by others and disclosing the claimed invention implicate the "public use" provision of 35 U.S.C. §102(b)."); *ResQNet, Inc. v. Lansa, Inc*., 594 F.3d 860, 866 (Fed. Cir. 2010) (quoting *Caveny*); *Schlumberger Tech. Corp. v. BICO Drilling Tools, Inc*., 2019 WL 2450948, at *5 (S.D. Tex. June 12, 2019) (quoting *Caveny*); *Medtronic Inc. v. Edwards Lifesciences Corp*., 2013 WL 12113417, at *22 (C.D. Cal. Sept. 17, 2013) ("Dr. Ing's use of rapid pacing cannot implicate the on-sale bar as a matter of law because he was a third party and not the patentee."). While secret sales may implicate the on-sale bar, *those sales still must be by the inventor*. *See Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1370-1371 (Fed. Cir. 1998) ("Thus an inventor's own prior commercial use, albeit kept secret, may constitute a public use or sale under §102(b), barring him from obtaining a patent."); *see also Taurus IP, LLC v. DaimlerChrysler Corp*., 534 F. Supp. 2d 849, 876-877 (W.D. Wis. 2008) ("Defendants' asserted prior use and sale is not that of the inventor of the '658 patent, but of a third party. To apply the "commercial exploitation" rule in this setting would make no sense; the inventors of the '658 patent had no way of knowing of Trilogy's secret uses of its

---

and seventh defense (inequitable conduct) to the extent any such claim or defense is based on the Lu Thesis or the 2003 Book.

technology. They should not be punished for a prior use they never knew of."). Thus, it is clear that sales by Defendants at any time under any circumstances do not trigger the on-sale bar of §102(b).

Given that there is no evidence that Purdue, the Named Inventors, or anyone else affiliated with the patentee made any sale or offer for sale of the invention at any time and Defendants and Dr. Lipkin only assert that the AD6A System Art is prior art under the on-sale provision of §102(b), the AD6A System Art cannot be prior art as a matter of law. But even if this Court considers Defendants' alleged sales under the "public use" provision of §102(b) in accordance with *In re Caveny*, the AD6A System Art cannot be prior art given that Defendants have consistently kept it out of the public domain.

"Secret" sales by third parties do not constitute public use. In *Woodland Trust*, the Federal Circuit explained that "when an asserted prior use is *not* that of the applicant, §102(b) is *not* a bar when that prior use or knowledge is *not* available to the public." 148 F.3d at 1371; *see also Taurus IP*, 534 F. Supp. 2d at 876 ("Although defendants are correct that commercially exploited use is public use even when it is secret, this rule applies only when the use is by the inventor of the patent being challenged."). There is no evidence that Defendants' sales were public use. To the contrary, Defendants designated the portions of Dr. Lipkin's report discussing AD6A System Art—as well as underlying AD6A technical documents relied upon—as "Confidential-Attorneys' Eyes Only." Defendants doubled down on confidentiality in their July 5 letter, confirming that their sales were secret. To maintain their confidentiality designation, Defendants told this Court "[e]ven a 'secret sale' creates 'on sale' prior art under pre-AIA Section 102(b)." Ex. 3 at 2. Defendants cannot have it both ways. They cannot claim that the AD6A System Art is "public use" on one hand, and on the other hand, shroud Dr. Lipkin's opinions and the underlying information in confidentiality and secrecy.

Finally, neither the on-sale bar nor the public use provisions of §102(b) are applicable here because the AD6A System Art is not the invention of the '633 Patent. To trigger either provision, the public use or the sale must be of the invention. *Atlanta Attachment Co. v. Leggett & Platt, Inc.*, 516 F.3d 1361, 1365 (Fed. Cir. 2008) ("When the asserted basis of invalidity is an on-sale bar, the court should determine whether the subject of the barring activity met each of the limitations of the claim, and thus was an embodiment of the claimed invention."); *Juicy Whip, Inc. v. Orange Bang, Inc.*, 292 F.3d 728, 738 (Fed. Cir. 2002) ("When the asserted basis of invalidity is prior public use, the party with the burden of proof must show that 'the subject of the barring activity met each of the limitations of the claim, and thus was an embodiment of the claimed invention.'" (quoting *Scaltech Inc. v. Retec/Tetra, L.L.C.*, 178 F.3d 1378, 1383 (Fed. Cir. 1999)). In this case, the AD6A System Art is not the invention because it is a silicon product, not a silicon carbide product as required by the claim language. Claim 9 specifically requires "a silicon carbide substrate." The AD6A System Art is silicon and does not describe a silicon carbide device or use a silicon carbide substrate. *See* Ex. 2 (Lipkin Dep. Tr.) at 178:4-11 REDACTED

."). Because of this shortcoming, the AD6A System Art does not trigger either the public use or on-sale bars of §102(b).

**IV.   Conclusion**

For the foregoing reasons, the Court should find as a matter of law that the 2003 Book, the Lu Thesis, and the AD6A System Art are not prior art against the '633 Patent.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Dated: August 8, 2023                               Respectfully submitted,

                                            By: */s/ Michael W. Shore*
                                            Michael W. Shore (SBN 18294915)
                                            Chijioke E. Offor (SBN 24065840)
                                          Halima Shukri Ndai (SBN 24105486)
                                          THE SHORE FIRM LLP
                                          901 Main Street, Suite 3300
                                          Dallas, Texas 75202
                                          Telephone: (214) 593-9110
                                          Fax: (214) 593-9111
                                          mshore@shorefirm.com
                                          coffor@shorefirm.com
                                          hndai@shorefirm.com

                                          Brian D. Melton (SBN 24068095)
                                          John P. Lahad (SBN 24068095)
                                          Abbey McNaughton (SBN 24116751)
                                          SUSMAN GODFREY L.L.P.
                                          1000 Louisiana Street, Suite 5100
                                          Houston, Texas 77002
                                          Tel: (713) 651-9366
                                          Fax: (713) 654-6666
                                          bmelton@susmangodfrey.com
                                          jlahad@susmangodfrey.com
                                          amcnaughton@susmangodfrey.com

                                          ***COUNSEL FOR PLAINTIFF***
                                          ***THE TRUSTEES OF PURDUE UNIVERSITY***

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5 and Local Rule CV-5, I hereby certify that a true and correct copy of the foregoing has been served on counsel for Defendants VIA ECF and email on August 8, 2023.

                                          */s/ Michael W. Shore*