~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,** <br><br> Plaintiff, <br><br> vs. <br><br> **STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,** <br><br> Defendants. | Civil Action No. 6:21-CV-00727-ADA-DTG <br><br> JURY TRIAL DEMAND <br><br> ~~FILED UNDER SEAL~~ |

**DEFENDANTS' OPPOSED MSJ NO. 1: MOTION FOR PARTIAL
SUMMARY JUDGMENT THAT ASSERTED CLAIMS ARE
<u>NOT ENTITLED TO PROVISIONAL FILING DATE</u>**

~~**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**~~

**TABLE OF CONTENTS**

I. STATEMENT OF UNDISPUTED MATERIAL FACTS ..................................................1

II. LEGAL STANDARDS ...................................................................................................2
   A. SUMMARY JUDGMENT STANDARD. ..................................................................2
   B. RELEVANT PRIORITY STANDARDS. ..................................................................3

III. ARGUMENT....................................................................................................................4
   A. THE PROVISIONAL DOES NOT USE THE NECESSARY WORDS "INCORPORATE" AND "REFERENCE." ...................................................................................................5
   B. IN ANY EVENT, THE SAHA THESIS PROPOSAL IS NOT ELIGIBLE TO BE INCORPORATED BY REFERENCE. ........................................................................6
   C. WITHOUT THE SAHA THESIS PROPOSAL INCLUDED, PLAINTIFF HAS NO ARGUMENT THAT THE PROVISIONAL DISCLOSES THE DISPUTED LIMITATIONS....................7

IV. CONCLUSION.................................................................................................................7

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Droplets, Inc. v. E*TRADE Bank*,
   887 F.3d 1309 (Fed. Cir. 2018) ................................................................................3, 4

*New Railhead Mfg. v. Vermeer Mfg.*,
   298 F.3d 1290 (Fed. Cir. 2002) ............................................................................2, 3, 7

*Zenon Envtl., Inc. v. U.S. Filter Corp.*,
   506 F.3d 1370 (Fed. Cir. 2007) ...................................................................................3

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Defendants move for partial summary judgment that the asserted claims of the '633 patent are not entitled to the filing date of the provisional application to which the '633 patent purports to claim priority. Resolving this motion involves resolution of a purely legal issue – whether a "see also" citation to an unpublished document in the provisional is an "incorporation by reference" under applicable patent laws and regulations. It is not as a matter of law for multiple reasons for which there are no material factual disputes. Resolution of this motion will significantly simplify the trial, including eliminating the need for at least one if not more expert witness(es). Defendants thus respectfully requests the Court enter partial summary judgment that the asserted claims of the '633 patent are not entitled to the provisional filing date.

The parties conferred regarding this motion and it is opposed because Plaintiff does not agree to the relief requested.

I.     STATEMENT OF UNDISPUTED MATERIAL FACTS

1.     Plaintiff The Trustees of Purdue University ("Plaintiff") asserts claims 9 and 10 of U.S. Patent No. 7,498,633 (the "'633 patent"). Ex. 1, '633 patent at cls. 9-10.

2.     The '633 patent claims priority to provisional patent application no. 60/646,152 (the "'152 provisional"). *Id.* at 1:4-8.

3.     The '152 provisional includes the following passage that includes a citation to a purported thesis proposal by Dr. Saha, one of the named inventors:

> **IV. Detailed Description of the Invention**
>
> Please attach a detailed description of the invention. This description can be in the form of a manuscript, publication(s) or other written documents. This description *should* allow one skilled in the art to practice the proposed invention.
>
> SEE PP. 51-52 OF PATENT NOTEBOOK (ATTACHED)
> SEE ALSO: PHD THESIS PROPOSAL OF ASMITA SAHA, SCHOOL OF ELECTRICAL AND COMPUTER ENGINEERING, JULY 17, 2004.

Ex. 2, '152 provisional at 5. The proposal is not attached to or included with the application.

1

4. Plaintiff's expert witness, Dr. Shanfield, does not dispute that the four corners of the nine-page '152 provisional do ***not*** disclose what the parties refer to as the spaced apart base contact limitations[1] or the JFET width limitations.[2] Ex. 3, Shanfield Rpt, ¶¶79-91 (not disputing that four corners of '152 provisional do not disclose those limitations).

5. Instead, Plaintiff's expert Dr. Shanfield opines that his understanding is that the following passage in the '152 provisional – "See also: PhD Thesis Proposal of Asmita Saha, School of Electrical and Computer Engineering, July 17, 2004" – justifies him "consider[ing] the … the Saha Thesis Proposal as part of the '152 Provisional." *Id.*, ¶81. Dr. Shanfield then relies solely on what he contends is the Saha thesis proposal as disclosing the spaced apart base contact limitations and the JFET width limitations. *Id.*, ¶¶82-91.

## II. LEGAL STANDARDS

### A. Summary Judgment Standard.

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Partial summary judgment may be granted on discrete issues, including priority claims. *Cf. e.g.*, *New Railhead Mfg. v. Vermeer Mfg.*, 298 F.3d 1290, 1296 (Fed. Cir. 2002) (affirming grant of summary

---

[1] The spaced apart base contact limitations are the following limitations of claim 9: "a plurality of first base contact regions defined in the first source region, each of the plurality of first base contact regions being spaced apart from each other in a direction parallel to the longitudinal axis defined by the first source electrode" and "a plurality of second base contact regions defined in the second source region, each of the plurality of second base contact regions being spaced apart from each other in a direction parallel to the longitudinal axis defined by the second source electrode." Ex. 1, '633 patent at cl. 9.
  The parties also refer to the spaced apart base contact limitations as the "island" limitations.
[2] The JFET width limitations of claims 9 and 10 are, respectively, "the JFET region having a width less than about three micrometers" and "the JFET region has a width of about one micrometer." *Id.* at cls. 9-10.

2

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

judgment based on provisional's disclosure not supporting priority claim to it).

### B. Relevant Priority Standards.

A non-provisional application that issues as a patent may claim priority to the filing date of a provisional application. "However, for the non-provisional utility application to be afforded the priority date of the provisional application, … the written description of the provisional must adequately support the claims of the non-provisional application." *New Railhead Mfg.*, 298 F.3d at 1294.

Whether or not the inventor actually made the invention, *i.e.*, "possessed" it, as of the filing date of the provisional does not matter:

> Although we have recently noted the particular usefulness of the "possession" inquiry when a patentee claims an earlier filing date under 35 U.S.C. § 119, we have at the same time cautioned that the written description requirement "is not subsumed by the 'possession' inquiry." Identity of description is not necessary. Identity of that which is described, however, is necessary: "What is claimed by the patent application must be the same as what is disclosed in the specification...."

*Id*. at 1295-96 (internal citations omitted).

"The adequacy of the written description (i.e., the disclosure) is measured from the face of the application." *Id.* at 1295. Furthermore, "'[a]n application as filed must be complete in itself in order to comply with 35 U.S.C. § 112. Material nevertheless may be incorporated by reference.'" *Droplets, Inc. v. E*TRADE Bank*, 887 F.3d 1309, 1319-20 (Fed. Cir. 2018) (quoting MPEP § 608.01(p)).

"Incorporation by reference 'provides a method for integrating material from various documents into a host document ... by citing such material in a manner that makes clear that the material is effectively part of the host document as if it were explicitly contained therein.'" *Id.* at 1318 (quoting *Zenon Envtl., Inc. v. U.S. Filter Corp.*, 506 F.3d 1370, 1378 (Fed. Cir. 2007)). A Patent Office regulation, 37 C.F.R. Section 1.57, governs what may be incorporated by reference

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

in an application, and how it must be done to be effective. As *Droplets* explains:

> Regulation 1.57(b)[3] provides that an incorporation by reference must include the root words "incorporate" and "reference" and must "[c]learly identify the referenced patent, application, or publication." Two categories of material may be incorporated by reference into an application: "[e]ssential material" and "[o]ther material ('[n]onessential material')." 37 C.F.R. § 1.57(c)-(d).
>
> …
>
> "Essential material" can be incorporated by reference, but only by way of a U.S. patent or U.S. patent application publication which "does not itself incorporate such essential material by reference." 37 C.F.R. § 1.57(c).
>
> …
>
> Other "Nonessential material," by contrast, may be incorporated by reference to "U.S. patents, U.S. patent application publications, foreign patents, foreign published applications, prior and concurrently filed commonly owned U.S. applications, or non-patent publications." 37 C.F.R. § 1.57(d). Regulation 1.57(d) does not define "nonessential material."
>
> …
>
> Taken together, 37 C.F.R. §§ 1.57(c) and (d) define information—essential and other (nonessential) material, respectively—that can be incorporated by reference into an application.
>
> …
>
> In other words, essential and nonessential material cover 100% of the universe of potential material that can be incorporated by reference to satisfy the applicant's obligation to disclose the invention under § 112.

*Id.* at 1318-20.

### III.    ARGUMENT

As the case law above illustrates, the Saha thesis proposal cannot, as a matter of law, be considered as part of the '152 provisional application for purposes of determining whether the disclosure of the provisional adequately describes all the elements of the asserted claims. That is

---

[3] After *Droplets*, an additional subsection was inserted into Section 1.57, making subsection (b) subsection (c) and so on.

4

true for at least two reasons, either of which is sufficient by itself to grant Defendants STMicroelectronics International N.V. and STMicroelectronics, Inc. (collectively, "ST") the requested summary judgment. First, to be considered part of the provisional, the Saha thesis proposal must be properly incorporated by reference into the provisional. And that requires the root words "incorporate" and "reference," neither of which the provisional uses for the Saha thesis proposal. Second, the Saha thesis proposal is an *unpublished* document. As such, it is not even a type of document that can be incorporated by reference as to essential *or* non-essential materials.

Without considering the Saha thesis proposal contents, Plaintiff does not even allege that the provisional describes the spaced apart base contact limitations or the JFET width limitations. As such, as a matter of law, the asserted claims are not entitled to claim priority to the filing date of the provisional application. Summary judgment to that effect should be granted in ST's favor.

### A. The Provisional Does Not Use the Necessary Words "Incorporate" and "Reference."

37 C.F.R. Section 1.57 is unequivocal that "an incorporation by reference must be set forth in the specification and must: (1) Express a clear intent to incorporate by reference *by using the root words 'incorporat(e)' and 'reference' (e.g., 'incorporate by reference')...*." 37 C.F.R. §1.57(c) (emphasis added). The commentary accompanying adoption of the Rule in 2004 emphasizes that this created a "bright-line" rule: "The Office is attempting to bring greater clarity to the record and provide a bright line test as to where something being referred to is an incorporation by reference. The Office intends to treat references to documents that do not meet this "bright line" test as noncompliant incorporations by reference ...." 69 FR 56482-01, 56500.

It is beyond dispute that the '152 provisional does not use the words "incorporate" or "reference" with regard to the Saha thesis proposal dated July 17, 2004. As such, the provisional

5

fails the "bright-line" test and the Saha thesis proposal cannot be considered part of the provisional application for purposes of determining the priority date, or otherwise.

### B. In Any Event, the Saha Thesis Proposal Is Not Eligible to be Incorporated By Reference.

37 C.F.R. Section 1.57 is also unequivocal that "an incorporation by reference must be set forth in the specification and must: … (2) Clearly identify the referenced *patent, application, or publication*." 37 C.F.R. §1.57(c) (emphasis added). Other subsections of Section 1.57 identify the specific types of patents, applications and publications that can be incorporated, but the key point is that they are all either a "patent, application, or publication." 37 C.F.R §1.57(c). The Saha thesis proposal is none of those. It is an unpublished document, as the provisional itself confirms when it notes that there had been no publications of the invention yet:

> 6. First Public Disclosure (and circumstances); Public disclosure is defined as oral or written information made availabl to the public in such a manner that said information can be understood by one skilled in the art:
>                                              NONE YET
>
> B. Has proposed invention been disclosed in an abstract, paper, talk, news story or thesis? If "yes," please enclose drafts, abstracts, preprints.
> Type of disclosure:                          NO                    Disclosure Date:

Ex. 2 at 4. Thus, even if the magic incorporation by reference words had been used (they were not), the Saha thesis proposal simply is not a document that can be incorporated by reference. If the named inventors wanted its contents to be part of the provisional, they should have included a copy of it—like they did with the Cooper lab notebook pages. That, of course, makes sense, as the public does not have access to the unpublished Saha thesis proposal, and thus would not be able to determine the scope of the provisional's disclosure, without an actual copy of the thesis proposal being attached. Indeed, the documents that Plaintiff's experts assert are the Saha thesis proposal are all designated by Plaintiff as confidential under the Protective Order and not publicly available. Thus, yet again, the Saha thesis proposal dated July 17, 2004 cannot be

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

considered part of the provisional application for purposes of determining the priority date, or otherwise as it is not a publication.

### C. Without the Saha Thesis Proposal Included, Plaintiff Has No Argument That the Provisional Discloses the Disputed Limitations.

The four corners of the '152 provisional do not describe or disclose the spaced apart base contact limitations or the JFET width limitations. Plaintiff does not argue otherwise. SOF, ¶4. In order for asserted claims 9 and 10 to claim priority to the provisional filing date, the provisional must adequately describe all elements of the asserted claims. *New Railhead Mfg.*, 298 F.3d at 1294. It does not, so ST is entitled to summary judgment that the asserted claims of the '633 patent are not entitled to the provisional filing date.[4] *Id.*

## IV.     CONCLUSION

ST respectfully requests that the Court grant partial summary judgment that the asserted claims of the '633 patent are not entitled to the '152 provisional filing date.

---

[4] There are many other reasons the asserted claims cannot claim priority to the provisional filing date. For instance, the documents Plaintiff now relies on as consisting of the purported Saha thesis proposal were not timely disclosed and are the subject of a pending motion to strike. Moreover, even if not stricken, the documents to which Plaintiff points as allegedly consisting of the cited Saha thesis proposal dated July 17, 2004 are five separate documents, none of which are dated July 17, 2004. But the Court need not consider those issues to grant summary judgment, so ST does not address them, or any others related to Plaintiff's priority claim, in this motion. ST reserves the right to address those issues if needed, including for instance if this motion is not granted in full.

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

Dated:  August 8, 2023                                   Respectfully submitted,

By:  /s/  Michael D. Hatcher
Michael J. Bettinger
California Bar No. 122196
mbettinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200
(415) 772-7400 – Fax

Michael D. Hatcher
Texas Bar No. 24027067
mhatcher@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300
(214) 981-3400 – Fax

Richard A. Cederoth
Texas Bar No. 6185199
rcederoth@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7026
(312) 853-7036 – Fax

Max Ciccarelli
Texas Bar No. 00787242
max@ciccarellilawfirm.com
CICCARELLI LAW FIRM
100 North 6th Street, Suite 502
Waco, Texas 76701
(214) 444-8869

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

Thomas N. Tarnay  
Texas Bar No. 24003032  
ttarnay@tarnaylaw.com  
THOMAS TARNAY PLLC  
2103 Virginia Place  
Plano, Texas 75094  
(214) 395-8212  

**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served on all parties to this action via electronic mail on August 8, 2023.

 /s/ Michael D. Hatcher  
Michael D. Hatcher

9