~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,**<br><br>    **Defendants.** | **Civil Action No. 6:21-CV-00727-ADA-DTG**<br><br>**JURY TRIAL DEMAND**<br><br>~~FILED UNDER SEAL~~ |

## DEFENDANTS' OPPOSED MSJ NO. 2: MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## TABLE OF CONTENTS

I.     SUMMARY OF ARGUMENT ......................................................................1

II.    STATEMENT OF UNDISPUTED MATERIAL FACTS ..................................1

III.   LEGAL STANDARDS .............................................................................6

    A.   SUMMARY JUDGMENT STANDARD ....................................................6

    B.   MARKING STANDARD ......................................................................6

IV.   ARGUMENT ...........................................................................................7

    A.   ST MET ITS BURDEN UNDER *ARCTIC CAT* TO IDENTIFY UNMARKED PRODUCTS..............7

       1.   ███████████████████████████████. ........................7

       2.   Plaintiff Admits that the Unmarked Products Practice the '633 Patent.......................8

    B.   PLAINTIFF DID NOT TAKE REASONABLE EFFORTS TO ENSURE MARKING BY ITS LICENSEE. ........8

    C.   ████████████████████████████████ ██████████████████████████████████ ████████.................................................9

    D.   ████████████████████████████ ███████████████████████████. .............11

    E.   PLAINTIFF DID NOT GIVE ACTUAL NOTICE BEFORE SUIT. .............................14

    F.   PLAINTIFF IS NOT ENTITLED TO PRE-SUIT DAMAGES.....................................15

V.    CONCLUSION..........................................................................................15

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
   6 F.3d 1523 (Fed. Cir. 1993)...................................................15

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
   24 F.3d 178 (Fed. Cir. 1994)...................................................14

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
   950 F.3d 860 (Fed. Cir. 2020)..............................................14, 15

*Arctic Cat Inc. v. Bombardier Recreational Products Inc.*,
   876 F.3d 1350 (Fed. Cir. 2017)..............................................5, 6, 7

*Broadway v. City of Montgomery*,
   530 F.2d 657 (5th Cir. 1976) .................................................12

*H. Sand & Co., Inc. v. Airtemp Corp.*,
   934 F.2d 450 (2nd Cir. 1991)..................................................12

*Integrity Worldwide, Inc. v. Rapid-EPS Ltd.*,
   No. 3:17-cv-55, Dkt. 182 (N.D. Tex., Jan. 3, 2022) ..........................1, 6

*Jefferson v. Lancaster Indep. School Dist.*,
   No. 3:01CV0771-AH, 2001 WL 1631522 (N.D. Tex. Dec. 17, 2001)..................12

*K&K Jump Start/Chargers, Inc. v. Schumacher Elec. Corp.*,
   52 F. App'x 135 (Fed. Cir. 2002) ...........................................9, 14

*Maxwell v. J. Baker, Inc.*,
   86 F.3d 1098 (Fed. Cir. 1996).............................................6, 9, 10

*Mueller v. Abdnor*,
   972 F.2d 931 (8th Cir. 1992) .................................................13

*Newell-Davis v. Phillips*,
   592 F. Supp. 3d 532 (E.D. La. 2022) .........................................12

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
   138 F.3d 1437 (Fed. Cir. 1998)..............................................14, 15

*Thompson v. Yellow Fin Marine Servs., LLC*,
   No. 15-311, 2016 WL 3997060 (E.D. La. July 26, 2016) ........................13

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

*United States v. Playa De Flor Land & Improvement Co.*,
   160 F.2d 131 (5th Cir. 1947) ................................................................................................12

*Wojciechowski v. National Oilwell Varco, L.P.*,
   763 F.Supp.2d 832 (S.D. Tex. 2011) ......................................................................................12

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Defendants move for partial summary judgment that Plaintiff is precluded from seeking pre-suit damages with respect to the asserted '633 patent by 35 U.S.C. § 287(a).  Plaintiff has not met the requirements for seeking pre-suit damages under Section 287(a) because (a) it did not police its licensee to ensure patent marking, resulting in its licensee failing to mark, and (b) it did not provide Defendants actual notice of alleged infringement before suit was filed.  Just like Judge Albright concluded in *Integrity Worldwide, Inc. v. Rapid-EPS Ltd.*, No. 3:17-cv-55, Dkt. 182 at *6-7 (N.D. Tex., Jan. 3, 2022), because Plaintiff did not comply with Section 287(a) as a matter of law, it cannot obtain pre-suit damages under any circumstances and Defendants are entitled to partial summary judgment of no pre-suit damages.

## I.      SUMMARY OF ARGUMENT

The Court previously determined Defendants STMicroelectronics International N.V. and STMicroelectronics, Inc. (collectively, "ST") met their initial burden of production under Section 287 to identify specific, unmarked, silicon carbide ("SiC") MOSFET products—patent licensee ███████████ SiC MOSFETs.  Dkt. 238.  Accordingly, the burden shifted to Plaintiff The Trustees of Purdue University ("Plaintiff" or "Trustees") to prove the identified products were properly marked or that they were not required to be marked.  Plaintiff cannot carry its burden because Plaintiff's only rebuttal argument—███████████████████████████ ████████████████████████████████—is refuted by the testimony of ████████████ corporate designee, and Plaintiff cannot point to any admissible evidence raising a dispute regarding that material issue of fact.

The parties conferred regarding this motion and it is opposed because Plaintiff does not agree to the relief requested.

## II.     STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      The Purdue Research Foundation ("PRF")—the prior owner of U.S. Patent No.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

7,498,633 (the "'633 patent")—entered into a Master License Agreement ("MLA") on ██████

██████. Ex. 1, MLA at 1.

2.      The MLA defined the licensee as follows: ████████████████████

████████████████████████████████████████

██████████████████ *Id.*; Ex. 2, Stevanovic Dep. Tr. at 52:9–

53:15, 58:3–25, 59:16–60:2.  The licensee is hereinafter referred to as ███████

3.      The MLA granted ████ ██████████████████████████████

████████████████████████████ Ex. 1 at 2, § 2.1.

4.      The "██████████████████████. Ex. 1 at 10 (Sched. A).

5.      The "████████████████████████████

████████████████████████████████

Ex. 1 at 1, § 1.5.

6.      The ██████████████████. Ex. 1 at 2, § 1.8.

7.      The MLA was in force since its effective date of ████████████ through at

least the filing of suit.  Ex. 1 at 6, § 12.1 (████████████████████████

████████████████████); Ex. 2 at 60:13–62:2 (███

██████████████████████).

8.      ████████████████████████████████

██████████ Ex. 1 at 2-3, § 4.1; Ex. 2 at 60:4–12.

9.      The MLA was a valid and enforceable license agreement for the '633 patent

between PRF and ███ up to at least the filing date of this lawsuit.

10.      ████████████████████████████████

████████████████████████████. Ex. 1 at §§ 1.5,

2

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

2.1; Ex. 3, Waite Dep. Tr. at 56:18–22.[1]

11.    According to Plaintiff, █████████████████████████████

██████████████████████. Ex. 3 at 108:10–109:1 ████████████

█████████████████████████████████████████████████████████

██████████████████████████████████).

12.    Dr. ████████████ testified in this matter under subpoena as a Rule 30(b)(6)

representative for ██ on October 10, 2022.  Ex. 2 at 7:10–17, 10:8–10.

13.    █████████████████████████████████████████

█████████████████████████████. Ex. 2 at 23:24–28:3,

34:4–12, 36:10–16, 38:1–15, 95:18–96:11.

14.    █████████████████████████████████████████

███████████████████████████████. Ex. 2 at 30:16–

31:5; Ex. 4, DiMarino Thesis at cover, 12, 18, 44–46.

15.    █████████████████████████████████

██████████████. Ex. 2 at 34:15–23, 36:10–20.

16.    █████████████████████████████████████

████████████████████████████. Ex. 2 at 37:14–39:19, 86:24–87:7,

95:15–96:11.

17.    █████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████. Ex. 2 at 74:14–75:5, 145:22–146:2, 199:20–24.

---

[1] Mr. Waite testified as a Rule 30(b)(6) designee for Plaintiff on the topic of marking compliance by Plaintiff and PRF, including marking by licensees and policing of the licensees' marking.  Ex. 3 at 43:13–44:1.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

18. ████████████████████████████████████████████

████████████████████████████████████████████.

Ex. 2 at 97:16–23, 129:19–133:17, 169:13–24.

19. ███████████████████████████████████████. Ex. 2 at

65:6–66:10, 193:9–18; Ex. 3 at 53:13–18, 54:2–14.

20. Trustees assert that, shortly before this lawsuit was filed, in June 2021, PRF

assigned the '633 patent from PRF to Trustees.

21. Before this suit, ████████████████████████████

█████████████████████████████████████████████

████████████████. Ex. 3 at 46:18–48:25.

22. Before this suit, ████████████████████████

█████████████████████████████. Ex. 3 at 49:6–50:7.

23. Before this suit, ████████████████████████

████████████████████████████. Ex. 3 at 54:15–20.

24. Before this suit, ████████████████████████

█████████████████████████. Ex. 3 at 50:16–21.

25. ██████████████████████████████████████

████████████████████████. Ex. 3 at 51:3–52:12.

26. ████████████████████████████████████████

█████████████████████████████. Ex. 3 at 52:13–25.

27. ████████████████████████████████████████████

████████████████████████. Ex. 3 at 54:21–55:1.

28. ████████████████████████████████████████████

4

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

████████████████████████████ Ex. 3 at 55:2–8.

29.    On October 14, 2022, ST served an *Arctic Cat* notice identifying seven ███

products that ST contends should have been marked under the MLA.  Ex. 5 at 1-2.  The products

are ██████████████████████████████████████████████

████████████████████ (the "Identified Products").

30.    The Court entered an order on January 6, 2023 (Dkt. 238), holding:

Defendants have satisfied their initial burden of production to challenge Plaintiff's
compliance with 35 U.S.C. § 287 under *Arctic Cat Inc. v. Bombardier Recreational
Products Inc.*, 876 F.3d 1350 (Fed. Cir. 2017) by identifying specific products that
Defendants contend were patented and unmarked.

31.    The Court ordered Plaintiff to provide a supplemental response to ███

Interrogatory No. 5 related to marking.  Dkt. 238.  On January 12, 2023, Plaintiff amended its

response to include the following (Ex. 6 at 3):

The Identified Products were not "Licensed Products" under the MLA. █████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████

32.    Plaintiff's amended response does *not* dispute that ████ SiC MOSFETs,

including without limitation the Identified Products, each practice at least one claim of the '633

patent.  Ex. 6 at 3-4.

33.    Plaintiff's amended response fails to justify Plaintiff's and PRF's failure to police

that resulted in licensee ████ marking failure, because █████████████████████

████████████████████████████. Ex. 2 at 7:13–17, 10:8–10,

97:16–23, 126:4–10, 131:9–133:17, 145:22–146:18, 169:13–24.

34.    Plaintiff did not provide actual notice of infringement of the '633 patent to ST

before this lawsuit was filed.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## III.      LEGAL STANDARDS

### A.  Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  Partial summary judgment may be granted on discrete issues, including non-compliance with Section 287(a)'s patent marking and actual notice requirements and the resulting bar on pre-suit damages.  *E.g.*, *Integrity Worldwide, Inc. v. Rapid-EPS Ltd.*, No. 3:17-cv-55, Dkt. 182 at *6-7 (N.D. Tex., Jan. 3, 2022) (Albright, D.J.) (attached as Ex. 11) (granting partial summary judgment of no pre-suit damages where marking failure was undisputed and actual notice was not proven).

### B.  Marking Standard

"Pursuant to 35 U.S.C. § 287(a), a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages." *Arctic Cat*, 876 F.3d at 1365.  Section 287(a) allows patentees or "persons making, offering for sale, or selling within the United States any patented article" to provide constructive notice by marking a patented article.  *See* 35 U.S.C. § 287(a).  In addition, a patentee has to make "reasonable efforts to ensure compliance with the marking requirements" by licensees.  *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111-12 (Fed. Cir. 1996).  In the event of a patentee's failure to mark or failure to police its licensees resulting in a licensee failing to mark, "no damages shall be recovered by the patentee . . . except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."  35 U.S.C. § 287(a); *see also Maxwell*, 86 F.3d at 1111.

The patentee has the burden of pleading and proving compliance with Section 287, including as to policing its licensees.  *Arctic Cat,* 876 F.3d at 1366-68; *Maxwell*, 86 F.3d at 1111.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## IV.    ARGUMENT

Plaintiff cannot prove compliance with its marking obligations. ██ manufactured and sold SiC MOSFETs under its license to the '633 patent, they were not marked, and Plaintiff contends those SiC MOSFETs practiced the '633 patent. Plaintiff admits it did nothing to ensure marking aside from including a contractual marking provision in the license agreement, which the Federal Circuit has found insufficient where, as here, Plaintiff did nothing to ensure compliance with that provision. Nor did Plaintiff provide actual notice before suit. Therefore, there can be no pre-suit damages under 35 U.S.C. § 287.

### A.  ST Met Its Burden Under *Arctic Cat* to Identify Unmarked Products.

The patentee has the burden of pleading and proving compliance with Section 287. *Arctic Cat,* 876 F.3d at 1366, 1368. An alleged infringer "need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Id.* at 1368. "Once the alleged infringer meets its burden of production, however, the patentee bears the burden to prove the products identified do not practice the patented invention." *Id.*

On January 6, 2023, this Court held:

> Defendants have satisfied their initial burden of production to challenge Plaintiff's compliance with 35 U.S.C. § 287 under *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 876 F.3d 1350 (Fed. Cir. 2017) by identifying specific products that Defendants contend were patented and unmarked.

Dkt. 238 at 1. Pursuant to the Court's prior ruling, the burden shifted to Plaintiff to prove there was no marking failure, either because ██ SiC MOSFETs do not practice the patent or for some other reason. Plaintiff cannot meet its burden.

### 1.    ██ Made and Sold Unmarked SiC MOSFETs in the United States.

Plaintiff cannot dispute that ██ made and sold unmarked SiC MOSFETs in the United

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

States.  For example, ████████████████████████████████████

███████████████████████████████████. Statement of

Undisputed Material Facts ("SOF"), ⁋⁋13-15. ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████. SOF, ⁋17. ███████████████

█████████████████████████. SOF, ⁋19.

### 2.    Plaintiff Admits that the Unmarked Products Practice the '633 Patent.

Plaintiff has never disputed that ████ SiC MOSFETs practice the '633 patent, SOF, ⁋32,

and therefore Plaintiff cannot avoid a marking failure on that basis.  Indeed, Plaintiff's 30(b)(6)

designee on the topic admitted that ███████████████████████████████

███████████████████████████████████. Ex. 3 at 108:10–109:1

███████████████████████████████████████████

███████████████████████████████████████████████████."").

Furthermore, following the deposition of ████, Plaintiff's counsel in this case, Mr. Shore,

confirmed that ██████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████. Ex. 7, Shore Email at 2-3 ("██████████████

████████████████████████████████████████████████

██████████████████████████████████…."); *see also* Ex. 2 at

215:4-6 (Mr. Shore stating: ████████████████████████████████

….").

### B.  Plaintiff Did Not Take Reasonable Efforts to Ensure Marking by Its Licensee.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Where, as here, the marking failure is due to a licensee's failure to mark, "the court may consider whether the patentee made reasonable efforts to ensure compliance with the marking requirements." *Maxwell*, 86 F.3d at 1111-12.

Here, as a matter of law, Plaintiff did not take reasonable efforts to ensure that ▆▆ complied with the marking requirements. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. SOF, ¶¶21-28. ▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆. SOF, ¶19.

This case is on all fours with the Federal Circuit's decision in *K&K Jump Start/Chargers, Inc. v. Schumacher Elec. Corp.,* 52 F. App'x 135, 141 (Fed. Cir. 2002) (non-precedential). There, "although there was a provision in the contract between [patent owner] and [licensee] requiring marking, [patent owner] took no steps to determine if [licensee] was actually marking the products until after the start of the current litigation." *Id.* The Federal Circuit found this constituted a marking failure as a matter of law. *Id.* That conclusion makes perfect sense, as otherwise the public notice function of the marking statute could be nullified by putting marking clauses in license agreements that are ignored. *Maxwell*, 86 F.3d at 1112 (purpose of marking statute is "to encourage patentees to mark their products in order to provide notice to the public"). Moreover, this case stands in contrast to the Federal Circuit's *Maxwell* decision, where the patent owner policed its licensee with "extensive and continuous efforts to ensure compliance" that resulted in at least 95% of licensed products being marked. *Id.*

    **C.** ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆.

In its Court-Ordered supplemental interrogatory response on marking, Plaintiff argued it complied with its marking duties on one basis:  that no marking was required because ▆▆

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

██████████████████████████████████████████████████████████████

████████████████████████████████████████. SOF, ¶31.  This

argument fails as a matter of fact and law.

The argument is factually unsupported because ████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████ SOF, ¶17. ██████████████████

███████████████████████████████ SOF, ¶18.  The idea that ████████████

██████████████ is simply baseless and disproven by the undisputed evidence in the record.

The argument fails legally because, as Plaintiff's own counsel has recognized, ██████████

████████████████████████████████. Indeed, following the deposition of ████

corporate representative, Plaintiff's lead counsel, Mr. Shore, said so explicitly, contending ████

████████████████████████████████████████████████████.

Specifically, counsel stated, ██████████████████████████████████████

████████████████████████ Ex. 7 at 3 ████████████████████████

██████████████████████. Thus, outside this Court, Plaintiff admitted the

failure to mark.

Moreover, Plaintiff's argument ignores that it is *the patentee's* burden to take "reasonable

efforts to ensure compliance with the marking requirements."  *Maxwell*, 86 F.3d at 1111-12.

Even if—contrary to fact—██████████████████████████████████████████

████, it remains true that Plaintiff took no efforts, much less reasonable ones, to ensure that its

licensee was selling only marked products.  For this reason as well, Plaintiff's argument as to ████

████ is baseless.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**D.** ███████████████████████████████████████████████████████
██████████████████████████████████████████**.**

ST also wishes to preemptively address one meritless argument Plaintiff may raise in rebuttal.  After ST took the deposition of ████ corporate representative, and it came out that there had been a marking failure Plaintiff was unaware of due to its failure to police its licensee, ██████████████████████████████████████████████████████████.  As one example of the blatant intimidation, Plaintiff's lead counsel, Mr. Shore, told ████ that ████
████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████████████████████
█████████████████████████████.  Ex. 8, Shore Email at 1; *see also* Ex. 9, Shore Email at 1 ("█
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████
*Id.* at 3 ████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
█████████████████████████.").  Perhaps understandably, ████ caved and said what Plaintiff/Mr. Shore demanded in a new "Release and License Agreement" entered in 2023 that states ████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████
██████████████████████████  Ex. 10, Release and License Agreement, at 1 (Recitals).  But the release does not help Plaintiff avoid summary judgment.

First, the recital in the release is inadmissible hearsay and thus cannot create a dispute of

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

material fact under Rule 56.  F.R.C.P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."); *Newell-Davis v. Phillips*, 592 F. Supp. 3d 532, 545 (E.D. La. 2022) ("Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence."); *Wojciechowski v. National Oilwell Varco, L.P.*, 763 F.Supp.2d 832, 845 (S.D. Tex. 2011) ("Documents containing hearsay statements, that would not be admissible as testimony at trial, may not be set forth in an affidavit to support a motion for summary judgment.") (*citing H. Sand & Co., Inc. v. Airtemp Corp.*, 934 F.2d 450, 454–455 (2nd Cir. 1991); *Broadway v. City of Montgomery*, 530 F.2d 657, 661 (5th Cir. 1976)).

To the extent Plaintiff seeks to rely on the recital in the release, it would be seeking to use the statement to prove the truth of the matter asserted – that the SiC MOSFETs sold were not "Licensed Products."  That is classic hearsay.  F.R.E. 801(c) (defining hearsay as: "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement"); *Jefferson v. Lancaster Indep. School Dist.*, No. 3:01CV0771-AH, 2001 WL 1631522, at *2 (N.D. Tex. Dec. 17, 2001) ("Neither conclusory allegations nor hearsay statements are competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment.").  And there is no exception to the hearsay rules that might allow its admission for Plaintiff's desired purpose (to prove the truth of the matter asserted).

Plaintiff may argue that the release is a contract and contracts are verbal acts that are not hearsay.  But that does not help Plaintiff here, because recitals of fact in a contract are hearsay as to third parties, and ST is a third-party to the release.  *See, e.g.*, *United States v. Playa De Flor*

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

*Land & Improvement Co.*, 160 F.2d 131, 138 (5th Cir. 1947) ("A recital in a deed is generally full evidence of its truth between the parties to the deed and those taking under them, but it is mere hearsay as to a stranger."); *Thompson v. Yellow Fin Marine Servs., LLC*, No. 15-311, 2016 WL 3997060, at *2 (E.D. La. July 26, 2016) ("Here, however, Yellow Fin has not shown how the legal effect of the release—namely, limiting Fieldwood's right sue to Yellow Fin—is relevant to any claim.  Instead, Yellow Fin appears to offer the release as proof of the damage sustained by the West Delta 70L Platform.  The release is therefore not a verbal act and is properly excluded as hearsay.").  Indeed, the whole "verbal act" doctrine assumes the evidence is *not* being offered for the truth of the matter asserted, whereas, here, that is exactly the purpose for which Plaintiff would be offering the recital in the release.  *See Mueller v. Abdnor*, 972 F.2d 931, 937 (8th Cir. 1992) ("Verbal acts, however, are not hearsay *because they are not assertions and not adduced to prove the truth of the matter.*") (emphasis added),  Thus, the only *admissible* evidence on this issue (███████████████████) demonstrates that the unmarked SiC MOSFETs were ████████████████████████████████████████████████ ███████████

     In addition to being inadmissible hearsay as to this issue, the release is no more than a post-suit action designed to undo Plaintiff's marking failure.  But a marking failure cannot be retroactively undone with a *nunc pro tunc* agreement.  The statute applies to making and offering for sale "any patented article for or under" the patentee.  35 U.S.C. § 287(a).  Once the failure to mark occurs, the failure of public notice is complete by the statute's plain terms, and it cannot be undone.  Were it otherwise, any litigant could defeat any marking issue with after-the-fact agreements during litigation, thereby upending the public notice function of the statute.  While the release may absolve ████ of liability to Plaintiff ████████████████████████, it does not

13

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

undo the marking failure.  This is no different from the post-suit action taken by the plaintiff in *K&K Jump Start/Chargers*, which the Federal Circuit held could not prevent judgment in defendant's favor.  In *K&K*, the plaintiff made its first effort to police marking *after* suit was filed, and the Federal Circuit concluded that this belated effort "gives no indication that any marking was being done prior to the commencement of litigation; rather, it suggests that marking was not being properly done."  52 F. App'x at 141.  So too here.

At bottom, it is undisputed that products that Plaintiff asserts are within the scope of the claims, and that are the subject of a license agreement, were sold without a mark—squarely implicating the fair notice principles furthered by Section 287(a).

### E.  Plaintiff Did Not Give Actual Notice Before Suit.

As an alternative to providing constructive notice by marking, Section 287(a) permits a patent owner to provide actual notice of infringement before suit.  But that did not occur here. "Actual notice under § 287 requires performance by" Plaintiff, an obligation that "only [Plaintiff] is capable of discharging."  *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,  950 F.3d 860, 866-67 (Fed. Cir. 2020) ("*Arctic Cat II*").  Plaintiff never made the required "affirmative communication of a specific charge of infringement" to ST before filing suit.  *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994).

Moreover, while ST had no knowledge of alleged (much less actual) infringement before this suit was filed—and indeed, believes today it does not infringe the patent—for purposes of statutory actual notice it "is irrelevant … whether the defendant knew of the patent or knew of his own infringement."  *Amsted*, 24 F.3d at 187; *Nike*, *Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998) ("[T]he focus is not on what the infringer actually knew, but on whether the patentee's actions were sufficient, in the circumstances, to provide notice *in rem*.").  Accordingly, as a matter of law Plaintiff did not provide actual notice to ST before suit.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

### F.  Plaintiff Is Not Entitled to Pre-Suit Damages.

The upshot of Plaintiff's failure to police marking or provide actual notice is that Plaintiff cannot obtain any pre-suit damages.  35 U.S.C. § 287(a) ("In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified . . . , in which event damages may be recovered only for infringement occurring after such notice."); *Arctic Cat II*, 950 F.3d at 865 ("The statute thus prohibits a patentee from receiving *any* damages in a subsequent action for infringement after a failure to mark, rather than merely a reduced amount of damages in proportion to the amount of time the patentee was actually practicing the asserted patent.") (emphasis in original); *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537-38 (Fed. Cir. 1993); *see also Nike, Inc.,* 138 F.3d at 1446.

## V.      CONCLUSION

ST respectfully requests that the Court grant partial summary judgment that Plaintiff cannot recover damages for any alleged pre-suit infringement of the '633 patent.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Dated:  August 8, 2023                              Respectfully submitted,

                                                    By:  /s/  Michael D. Hatcher
                                                        Michael J. Bettinger
                                                        California Bar No. 122196
                                                        mbettinger@sidley.com
                                                        SIDLEY AUSTIN LLP
                                                        555 California Street, Suite 2000
                                                        San Francisco, California 94104
                                                        (415) 772-1200
                                                        (415) 772-7400 – Fax

                                                        Michael D. Hatcher
                                                        Texas Bar No. 24027067
                                                        mhatcher@sidley.com
                                                        SIDLEY AUSTIN LLP
                                                        2021 McKinney Avenue, Suite 2000
                                                        Dallas, Texas 75201
                                                        (214) 981-3300
                                                        (214) 981-3400 – Fax

                                                        Richard A. Cederoth
                                                        Texas Bar No. 6185199
                                                        rcederoth@sidley.com
                                                        SIDLEY AUSTIN LLP
                                                        One South Dearborn
                                                        Chicago, Illinois 60603
                                                        (312) 853-7026
                                                        (312) 853-7036 – Fax

                                                        Max Ciccarelli
                                                        Texas Bar No. 00787242
                                                        max@ciccarellilawfirm.com
                                                        CICCARELLI LAW FIRM
                                                        100 North 6th Street, Suite 502
                                                        Waco, Texas 76701
                                                        (214) 444-8869

16

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Thomas N. Tarnay
Texas Bar No. 24003032
ttarnay@tarnaylaw.com
THOMAS TARNAY PLLC
2103 Virginia Place
Plano, Texas 75094
(214) 395-8212

**ATTORNEYS FOR DEFENDANTS
STMICROELECTRONICS
INTERNATIONAL N.V. and
STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing

document was served on all parties to this action via electronic mail on August 8, 2023.

*/s/  Michael D. Hatcher*
Michael D. Hatcher

17