~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,**<br><br>Plaintiff,<br><br>vs.<br><br>**STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,**<br><br>Defendants. | **Civil Action No. 6:21-CV-00727-ADA-DTG**<br><br>**JURY TRIAL DEMAND**<br><br>~~FILED UNDER SEAL~~ |

**DEFENDANTS' OPPOSED MOTION TO STRIKE IMPROPER SUR-REBUTTAL
REPORTS SERVED AT AND AFTER THE CLOSE OF EXPERT DISCOVERY**

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**TABLE OF CONTENTS**

**Page**

I.   FACTUAL BACKGROUND ...................................................................................................1
II.  ARGUMENT ..........................................................................................................................4
   A.   THE THREE SUPPLEMENTAL EXPERT REPORTS ..................................................4
   B.   THE LATE RULE 26(A)(2)(C) REPORT ...............................................................7
   C.   PREJUDICE ........................................................................................................8
III. CONCLUSION .......................................................................................................................9

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Daedalus v. SZ DJI*,
    6:20-cv-73-ADA, Dkt. 171 (W.D. Tex Feb. 24, 2022) ...................................................... 1, 6, 8

*Familias Unidas Por La Educación v. El Paso Indep. Sch. Dist.*,
    No. EP-20-CV-170-DB, 2022 WL 2906505 (W.D. Tex. July 22, 2022) ............................. 6, 8

*Pratt v. Landings at Barksdale*,
    No. 09-1734, 2013 WL 5375951 (W.D. La. Sept. 24, 2013) ................................................... 7

S*ierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*,
    73 F.3d 546 (5th Cir. 1996) ...................................................................................................... 1

*Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*,
    No. 1:15-CV-134-RP, 2017 WL 9480314 (W.D. Tex. May 22, 2017) ............................... 6, 8

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Defendants move to strike four sur-rebuttal reports served by Plaintiff—including three expert reports and an expert disclosure under Rule 26(a)(2)(C)—all submitted at or after the close of expert discovery, and all improperly attempting to address Defendants' rebuttal reports based on evidence available to Plaintiff before it served its original reports. This Court's rules and practice provide only for opening and rebuttal reports. Parties cannot hold back on opening reports, see the opponent's rebuttal reports, and then use "supplemental" sur-reply reports to cure the incomplete original reports. The Fifth Circuit has ruled that "Rule 26(a) clearly require[s] that the *initial* disclosures be complete and detailed." S*ierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 571 (5th Cir. 1996) (emphasis original). This Court has also expressly ruled that so-called "supplemental reports are not vehicles by which experts can rework their initial reports to respond to problems that their adversaries aptly address." *Daedalus v. SZ DJI*, 6:20-cv-73-ADA, Dkt. 171 at 13 (W.D. Tex Feb. 24, 2022). Plaintiff's late reports attempt just that, based entirely on evidence Plaintiff had and could have relied upon in the original reports, and should be stricken.

I.     FACTUAL BACKGROUND

Opening reports were due on June 9 (Dkt. 241). Plaintiff The Trustees of Purdue University ("Plaintiff") submitted three opening reports: (a) Dr. Cooper on infringement; (b) Dr. Dhar on infringement (attached as exhibit 1); and (c) Mr. Holzen on damages (attached as exhibit 2). Defendants STMicroelectronics International N.V. and STMicroelectronics, Inc. (collectively, "ST") submitted two opening reports: (a) Dr. Lipkin on invalidity; and (b) Dr. Hall-Ellis on the public availability of certain prior art references.

Rebuttal reports were due on July 14 (Dkt. 241, and Dkt. 329). Plaintiff served five rebuttal reports: (a) Dr. Shanfield on validity; (b) Dr. Turner on silicon carbide (attached as exhibit 3); (c) Dr. Applegate on the public availability of certain prior art references: (d) Mr.

Jackson on metadata for certain files; and (e) Ms. Rea on inequitable conduct. ST served two rebuttal reports: (a) Dr. Neikirk on non-infringement; and (b) Dr. Becker on damages. ST also served a Rule 26(a)(2)(C) disclosure for Mario Saggio regarding the design and manufacture of the accused products and an alternative design product (referred to as the P-stripe alternative design) not accused of infringement.

Expert discovery closed on July 28 (Dkt. 241, and Dkt. 329).

After 10 p.m. on July 28, the last day of expert discovery, Plaintiff served three sur-rebuttal reports, one by its infringement expert Dr. Dhar (attached as exhibit 4), one by its damages expert Mr. Holzen (attached as exhibit 5) and one in the form of a Rule 26(a)(a)(C) expert disclosure by Dr. Cooper (attached as exhibit 6). Then, on August 3, Plaintiff served yet another sur-rebuttal report, this one by its validity expert Dr. Shanfield and its infringement expert, Dr. Dhar (attached as exhibit 7). As explained in the table below, each of these reports served outside the Court's scheduling deadlines seeks to rebut Defendants' rebuttal reports that exposed shortcomings and flaws in Plaintiff's opening reports, and do so based on facts and evidence available before opening reports were due. Plaintiff has not sought leave to serve these late reports and has provided no reason why these could not have been submitted with their opening or rebuttal reports.

| Date | Description | What the report claims to address and what evidence it relies upon |
|---|---|---|
| July 28, 2023 | Supplemental report by Dhar (exhibit 4) | • Addresses and rebuts Dr. Neikirk's opinions provided in his rebuttal non-infringement report regarding ST measurements of "hard masks" used during manufacturing of the accused products, the processes used to make the source electrode in the accused products, and the reliability of SPM/SCM images. |

2

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

| Date | Description | What the report claims to address and what evidence it relies upon |
|---|---|---|
| | | - Dr. Dhar relies on six articles dated 2020 or earlier to do so. |
| July 28, 2023 | Supplemental report by Holzen (exhibit 5) | - Addresses and rebuts Mr. Becker's opinions provided in his rebuttal damages report regarding four license agreements Mr. Holzen relied on in his opening report, other license agreements Mr. Holzen distinguished in his opening report, the alternative ▬ design product that is not accused of infringement, the benefits of the claimed invention, and ▬▬▬<br>- Mr. Holzen relies solely on facts and evidence available to him at the time of his opening report. For instance, he relies on the terms of the license agreements Plaintiff produced during fact discovery, the documents and information ST provided during fact discovery on the alternative ▬ design, and ST's financial information and testimony produced during fact discovery. |
| July 28, 2023 | Rule 26(a)(2)(C) Expert Disclosure of Cooper (exhibit 6) | - His own deposition taken during fact discovery;<br>- State of the art, and novelty of the claimed invention;<br>- Adopts another expert's (Dr. Turner's) July 14 rebuttal report. |
| August 3, 2023 | Supplemental report by Dhar and Shanfield (exhibit 7) | - Addresses and rebuts Dr. Neikirk's and Mr. Becker's opinions provided in their rebuttal reports regarding the costs associated with implementing the alternative ▬ design and the suitability of that design. |

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

| Date | Description | What the report claims to address and what evidence it relies upon |
|------|-------------|---------------------------------------------------------------------|
|      |             | - Dr. Dhar and Mr. Shanfield rely solely on the documents and information ST provided during fact discovery on the alternative ▮▮▮ design, including the depositions of two ST fact witnesses (Arno and Bisazza) and process flow documents for the design, and a July 2021 article. |

The parties conferred regarding this motion and it is opposed because Plaintiff does not agree to the relief requested.

## II.   ARGUMENT

### A.   The three supplemental expert reports

Each of the so-called supplemental reports is nothing more than an improper sur-rebuttal that attempts to cure shortcomings and flaws in Plaintiff's opening reports. They do so by providing new opinions they failed to provide in their original reports, and by addressing evidence and fact witness testimony that was available when Plaintiff submitted its opening reports, but which Plaintiff's original reports either failed to address or failed to adequately address.

Dr. Dhar's opening report, for instance, chose to ignore the "hard masks" ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, and ignored testing that showed that ST's alternative ▮▮▮ design performed exactly as the accused device, erroneously asserting that it is not an acceptable alternative because it would not provide the same functionality. Ex. 1, ¶234 (asserting the following without acknowledging or discussing extensive test data produced by ST: "In my opinion, this is not an acceptable alternative because

4

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

it would not provide the same functionality or compatibility as the Accused Products.")  Mr. Holzen's opening report, likewise, also chose to ignore ST's test data for ST's alternative ▮ ▮ design product, erroneously asserting that none existed when it clearly did.  Ex. 2, ¶122 ("I am not aware of any testing data to demonstrate that any of the proposed alternatives would function as intended or that it will function in a way to offer similar technical outcomes with the same level of commercial acceptance and financial success.").  Plaintiff is now just trying to cure these and other omissions from its opening reports.

Plaintiff's attempt to label these sur-rebuttal reports as merely "supplemental" does not pass scrutiny.  Indeed, Plaintiff freely admits the reports were served in response to ST's rebuttal reports and associated depositions and evidence.  And they are clearly trying to improperly fix omissions and oversights in their opening reports with data that was available when those reports were served.

Dr. Dhar's "supplement" relies entirely on information that was available when the opening report was submitted, including, for instance, six articles dated 2020 or earlier.  Ex. 4 at 5 (listing the six articles cited throughout report).  The same is true for Mr. Holzen's "supplement," which for instance relies on the terms of the license agreements Plaintiff produced during fact discovery, Ex. 5, ¶¶17-21, 25, the documents and information ST provided during fact discovery on the alternative ▮ design, *id.*, ¶22, and ST's financial information and testimony produced during fact discovery, *id.*, ¶¶26-27.  And Dr. Dhar's and Dr. Shanfield's "supplement" provides opinions on process flow documents associated with the alternative design that were produced during discovery, and a July 2021 article, all of which Dr. Dhar failed to address in his opening report.  Ex. 7, ¶¶7-13 (asserting alternative design has ▮ ▮ citing July 2021 article in footnote 1).

5

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Plaintiff cannot excuse the late submissions by claiming that it did not have ST's rebuttal reports when its experts prepared opening reports. Indeed, if that were the case, a plaintiff's experts could always submit the flimsiest of opening reports, wait for defendant's rebuttals, and submit more fulsome opinions via "supplemental" reports at the close of expert discovery, that defendant cannot challenge via deposition and to which defendant has no opportunity to respond. That is not right. That is also not the rule in this Court.

In fact, the *Daedalus* opinion by Judge Albright (attached as exhibit 8) addresses this very situation. There, Judge Albright analyzed in detail a "supplemental" report submitted by plaintiff's expert at the close of expert discovery purporting to rebut the defendant's rebuttal report that exposed flaws in plaintiff's opening expert report. Judge Albright struck the "supplemental" report noting:

> Daedalus and Pellegrino freely admit that the second report was filed to respond to Bakewell's rebuttal report. As previously discussed, the federal rules allow experts to supplement expert reports to account for otherwise incomplete reports. But supplemental reports are not vehicles by which experts can rework their initial reports to respond to problems that their adversaries aptly address.

*Daedalus*, 6:20-cv-73-ADA, Dkt. 171 at 13. The recent decision in *Familias Unidas Por La Educación v. El Paso Indep. Sch. Dist.*, No. EP-20-CV-170-DB, 2022 WL 2906505, at *1, 3 (W.D. Tex. July 22, 2022) followed this same reasoning. There, the Court granted a motion to strike a sur-rebuttal report, noting that the case is "factually similar" to *Daedalus* because in both cases the expert "admitted that his supplemental report was in response to criticisms by the opposing party." *Id.* Other Courts in this District take the same position. *See, e.g.*, *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, No. 1:15-CV-134-RP, 2017 WL 9480314, at *2-3 (W.D. Tex. May 22, 2017) ("[T]he purpose of Rule 26(a)(2)(B) is to prevent parties from serving expert reports that are 'so sketchy and vague' that they 'provide little help in preparing

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

for a deposition of the witness.' … Construing Rule 26(e) to allow a party to supplement its expert report with additional detail subsequent to the expert's deposition would undercut the purpose of Rule 26(a)(2)(B).")  Judge Albright and the other Judges in the Western District are not alone in this view – other districts likewise prohibit improper sur-rebuttal reports disguised as "supplemental" reports.  *Pratt v. Landings at Barksdale*, No. 09-1734, 2013 WL 5375951, at *2 (W.D. La. Sept. 24, 2013) ("This Court will not permit Plaintiffs to "skirt the [expert] disclosure requirements of Rule 26 by characterizing 'new' opinions ... as 'supplemental.'").

That is exactly what Plaintiff's experts Dhar, Holzen, and Shanfield are doing here.  They messed up.  They had flimsy original reports with many omissions.  Now that Defendants' experts pointed out their flaws, they seek to backfill their reports by adding new opinions on issues they never adequately addressed and based on facts they previously ignored.

B.  **The late Rule 26(a)(2)(C) report**

Experts retained to provide expert testimony are disclosed under Rule 26(a)(2)(B).  When an expert is not especially retained to provide expert testimony, their disclosure is governed by Rule 26(a)(2)(C).  Both are Rule 26(a)(2) disclosures and must be made either with opening reports or with rebuttal reports depending on the nature of the opinions, and in accordance with the Court's dictated schedule.  ST, for example, made a Rule 26(a)(2)(C) disclosure of Mario Saggio at the rebuttal report deadline on July 14 to address the design and manufacture of the accused products and alternative design products not accused of infringement.

Plaintiff did not submit any Rule 26(a)(2)(C) disclosure either with its opening reports (on June 9) or with its rebuttal reports (on July 14).  Instead, Plaintiff waited until after 10 p.m.

7

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

on July 28, the night that expert discovery closed.[1]

In two short paragraphs amounting to about half a page, Dr. Cooper's Rule 26(a)(2)(C) disclosure seeks to allow him to: (a) offer opinions related to his fact deposition taken during fact discovery and before expert reports were due; (b) offer opinions related to the state of the art and novelty of the claimed invention; and (c) adopting the facts and opinions of another expert's rebuttal report (Dr. Turner) that was served July 14.  All these issues should have been disclosed at the time of opening reports or rebuttal reports.  Indeed, how can it possibly be timely to serve a disclosure on July 28 purporting to adopt a report that was due and served July 14?  The disclosure should not have been served on the last day of expert discovery, when ST would not have an opportunity to rebut the opinions or depose the expert.

C. **Prejudice**

The Court's rules regarding opening reports and rebuttal reports are designed to allow an orderly and fair disclosure, rebuttal, and testing of the experts' opinions.  Opening reports are submitted by experts on issues on which their party bears the burden of proof.  Rebuttal reports then allow the opposing party to rebut those opinions.  And expert discovery allows (but does not require) the parties to depose the experts if they have questions about the reports.  The rules do not allow a plaintiff to hide its opinions until after the defendants submit rebuttal reports, and then try to address the deficiencies in the opening report with a sur-rebuttal report.

Allowing Plaintiff to serve sur-rebuttal reports ***at and after expert discovery has closed*** severely prejudices Defendants, as this Court recognized in the *Daedalus* case, and as other Courts in this District have recognized in the *Familias Unidas* and *Wal-Mart Stores* cases cited

---

[1] Plaintiff's counsel is well aware of the procedure for Rule 26(a)(2)(C) disclosures since it used that rule to keep Mario Saggio from testifying more than 20 years ago in another case against ST. This is not a new process for them.

8

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

above. Here, Defendants followed the Court's rules and had fulsome opening reports, and allowing Plaintiff to essentially re-do their opening reports having seen Defendants' attacks is fundamentally unfair. Second, Defendants' experts did not have the benefit of the late reports and disclosures when they were deposed. Third, expert discovery is closed, and each of the sur-rebuttal reports was served *at or after expert discovery was closed.* Fourth, allowing depositions now does not cure the prejudice because summary judgment motions and *Daubert* (and strike) motions are due August 8. Fifth, further extensions are not possible given the compressed schedule and the October 23 trial date.

### III.    CONCLUSION

For the foregoing reasons, ST request that the Court strike the improper sur-rebuttal reports served by Plaintiff on July 28 and August 3, 2023.

~~**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**~~

Dated:  August 8, 2023                              Respectfully submitted,

By: _/s/ Michael D. Hatcher_
Michael J. Bettinger
California Bar No. 122196
mbettinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200
(415) 772-7400 – Fax

Michael D. Hatcher
Texas Bar No. 24027067
mhatcher@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300
(214) 981-3400 – Fax

Richard A. Cederoth
Texas Bar No. 6185199
rcederoth@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7026
(312) 853-7036 – Fax

Max Ciccarelli
Texas Bar No. 00787242
max@ciccarellilawfirm.com
CICCARELLI LAW FIRM
100 North 6th Street, Suite 502
Waco, Texas 76701
(214) 444-8869

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

>Thomas N. Tarnay
>Texas Bar No. 24003032
>ttarnay@tarnaylaw.com
>THOMAS TARNAY PLLC
>2103 Virginia Place
>Plano, Texas 75094
>(214) 395-8212
>
>**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served on all parties to this action via electronic service on August 8, 2023.

>  /s/ *Michael D. Hatcher*
>Michael D. Hatcher

11