~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,**<br><br>       Plaintiff,<br><br>vs.<br><br>**STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,**<br><br>       Defendants. | Civil Action No. 6:21-CV-00727-ADA-DTG<br><br>**JURY TRIAL DEMAND**<br><br>~~FILED UNDER SEAL~~ |

**DEFENDANTS' OPPOSED RULE 702 MOTION TO EXCLUDE PORTIONS
OF THE EXPERT OPINION OF STEPHEN A. HOLZEN**

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. LEGAL STANDARD............................................................................................................2

III. MR. HOLZEN'S OPINIONS AS TO THE 2022-2023 LICENSES ARE UNRELIABLE AND SHOULD BE EXCLUDED ........................................................................................2

    A. The 2022-2023 Licenses Are Unreliable: They Were Entered Into Almost a Decade After the Hypothetical Negotiation Under Critically Different Conditions, Specifically to Manufacture Evidence for Use in This Litigation..................................................................................................................3

    B. Generic Reference to the Book of Wisdom Cannot Overcome the Lack of Economic Comparability ...............................................................................................5

IV. THE 2022-2023 LICENSES AND MR. HOLZEN'S OPINION .........................................6

V. CONCLUSION......................................................................................................................7

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
   694 F.3d 1312 (Fed. Cir. 2012) ................................................................................................4

*Chicago Bridge & Iron Co. N.V. v. F.T.C.*,
   534 F.3d 410 (5th Cir. 2008) ....................................................................................................3

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ..............................................................................................................1, 2

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
   No. 6:11-CV-00201-JRG, 2017 WL 1322550 (E.D. Tex. Apr. 6, 2017) ..................................4

*Flexuspine, Inc. v. Globus Med., Inc.*,
   No. 6:15-CV-201-JRG-KNM, 2016 WL 9276023 (E.D. Tex. July 6, 2016) ...........................4

*Kumho Tire Co., Ltd. v. Carmichael*,
   526 U.S. 137 (1999) ..................................................................................................................2

*Odetics, Inc. v. Storage Tech. Corp.*,
   185 F.3d 1259 (Fed. Cir. 1999) .............................................................................................4, 5

*ResQNet.com, Inc. v. Lansa, Inc.*,
   594 F.3d 860 (Fed. Cir. 2010) ..........................................................................................2, 3, 5

*Willis Elec. Co. Ltd. v. Polygroup Macau Ltd. (BVI)*,
   No. 15-cv-3443, 2023 WL 112733 (D. Minn. Jan. 5, 2023) ....................................................6

*Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*,
   609 F.3d 1308 (Fed. Cir. 2010) ................................................................................................3

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

The ST Defendants respectfully move to exclude those portions of Mr. Stephen A. Holzen's opinion based on post-litigation, manufactured, small-dollar, litigation-induced licenses, pursuant to Federal Rule of Evidence 702 as interpreted by *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and its progeny.

## I.     INTRODUCTION

Plaintiff's damages expert, Mr. Holzen, in his June 9, 2023 Report, offers opinions as to the royalty that ST and the then-patent owner, non-party Purdue Research Foundation ("PRF"), would have agreed to in a November 2013 hypothetical negotiation over the '633 patent. The Holzen Report relies heavily on four licenses executed between October 2022 and March 2023, long after this case was filed and nearly a decade after the agreed timeframe of the hypothetical negotiation. ███████████████████████████████████████

███████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

(collectively, "2022-2023 Licenses") were entirely manufactured by Plaintiff's counsel after Purdue sued ST, and are economically incomparable. Allowing the 2022-2023 Licenses to be presented to the jury would simply confuse the jury and mislead it into relying on licenses crafted to manufacture an artificial, after-the-fact royalty rate. The palpable prejudice to ST in putting these licenses before the jury cannot be outweighed by arguments as to any remote economic comparability and would be improper under the law. Any and all aspects of Mr. Holzen's opinions addressing or relying on these licenses, including testimony and his opinions in paragraphs 18, 19, 64, 75-84, 88-93, 107, 108, 111, 115-116, 146-149, 153, 157, 163, and 164,

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

and Exhibits 1.0 and 1.2 of the Holzen Report, should be stricken under Rule 702.[1]

The parties conferred regarding this motion and it is opposed because Plaintiff does not agree to the relief requested.

## II.  LEGAL STANDARD

The admission of expert testimony is governed by Federal Rule of Evidence 702, as refined by the United States Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999).  Pursuant to Rule 702, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> A.  the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> B.  the testimony is based on sufficient facts or data;
>
> C.  the testimony is the product of reliable principles and methods; and
>
> D.  the expert has reliably applied the principles and methods to the facts of the case."

Fed. R. Evid. 702.

## III.  MR. HOLZEN'S OPINIONS AS TO THE 2022-2023 LICENSES ARE UNRELIABLE AND SHOULD BE EXCLUDED

License agreements must be technologically and economically comparable to be relied upon as part of a reasonable royalty patent damages analysis.  *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 873 (Fed. Cir. 2010) ("[T]he district court erred by considering [the] licenses to significantly adjust upward the reasonable royalty without any factual findings that accounted for the technological and economic differences between those licenses and the '075 patent.");

---

[1] Mr. Holzen's improper supplemental report should likewise be stricken in its entirety, as set forth in Defendants' Motion To Strike Improper Sur-Rebuttal Reports Served At And After The Close Of Discovery filed contemporaneously herewith.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

*Wordtech Sys., Inc v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010) ("We stressed [in *ResQNet.com*] that comparisons of past patent licenses to the infringement must account for "the technological and economic differences" between them." (quotation marks and citation omitted)). Here, Mr. Holzen's analysis and reliance on each of the 2022-2023 Licenses fails the economic comparability requirement. The licenses were each entered into after the litigation against ST was well underway, almost a decade after the November 2013 hypothetical negotiation.[2]

### A. The 2022-2023 Licenses Are Unreliable: They Were Entered Into Almost a Decade After the Hypothetical Negotiation Under Critically Different Conditions, Specifically to Manufacture Evidence for Use in This Litigation

It is improper to allow a party to create evidence, after the commencement of litigation, for the express purpose of using that manipulated evidence to attempt to prove damages that the party alleges that it had already incurred prior to filing suit. Such manipulated evidence, indeed even possibly manipulated evidence, is disapproved by courts and is entitled to little or no weight. *See Chicago Bridge & Iron Co. N.V. v. F.T.C.*, 534 F.3d 410, 434-35 (5th Cir. 2008) (citing *Hosp. Corp. of Am. v. FTC*, 807 F.2d 1381, 1384 (7th Cir. 1986)). No possible probative value to such evidence could outweigh the potential for extensive jury confusion. This issue grows more as the greater the time lapse between the creation of the evidence and the relevant date for assessing damages.

In the patent damages context, the lapse of time after the relevant "hypothetical negotiation" date – *i.e.*, contemporaneous with the first alleged infringement – is critical for admissibility of later-occurring events and evidence. For example, Federal Circuit has held settlement licenses irrelevant where "'four and five years later…is much, much, too late, after

---

[2] The four 2022-2023 Licenses are attached as exhibits as follows: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

the financial landscape has changed remarkably in the four to five years.'" *Odetics, Inc. v. Storage Tech. Corp.*, 185 F.3d 1259, 1276 (Fed. Cir. 1999). In *Odetics*, the Court found "no prejudicial error in the court's determination that the age of the license agreements, in the context of the changing technology and '"financial landscape"' at issue, made those agreements irrelevant for the hypothetical negotiation analysis." *Id.* at 1276-77. In *LaserDynamics*, the Federal Circuit found that even three years after the hypothetical negotiation was too late, in view of "the changing technological and financial landscape in the market for" the products at issue. 694 F.3d at 78 (citing *Odetics*, 185 F.3d at 1276-77); *see also Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2017 WL 1322550, at *4 (E.D. Tex. Apr. 6, 2017) ("The Court has serious concerns regarding the probative value of the AUO settlement agreement. Here, the AUO settlement agreement was executed not only 10 to 13 years *after* the hypothetical negotiation date for each Defendant, but it was executed at a point in time after the '958 Patent had expired."). Similarly, in *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, the Federal Circuit affirmed the district court's disallowance of an agreement because it postdated the hypothetical negotiation by four years. 694 F.3d 1312, 1332–33 (Fed. Cir. 2012) ("The Cablevision agreement post-dated the hypothetical negotiation by four years and the district court thus had a legitimate reason to exclude it."). And in *Flexuspine, Inc. v. Globus Med., Inc.,* a Texas court struck a license from an expert report after noting that there existed a license executed outside the litigation context that better informed a hypothetical negotiation, the license at issue was entered into five years after the hypothetical negotiation date, and the expert failed to provide sufficient support to show comparability. No. 6:15-CV-201-JRG-KNM, 2016 WL 9276023, at *4 (E.D. Tex. July 6, 2016).

      Here, almost a decade has passed between the November 2013 hypothetical negotiation and the creation of the 2022-2023 Licenses, which were executed over a year after this case was

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

filed against ST.[3]

Mr. Holzen concedes that in the intervening years, the market for SiC MOSFETs, including the accused ST products, changed. In 2013, there were applications for such chips, and Mr. Holzen acknowledges that they were considered a niche market with limited sales potential. Ex. 1, Holzen Report at ¶ 22 ███████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████ It was not until electric vehicles became popular years later that demand rose significantly. *Id.* at ¶¶ 22-23. Thus, as in *Odetics* and *LaserDynamics*, the market shifted in the intervening years in a way that renders the 2022-2023 Licenses unreliable. But Mr. Holzen does not address this at all.

Mr. Holzen sets out no evidence of economic comparability between the hypothetical negotiation and the 2022-2023 Licenses, and his reliance on each should be excluded.

Excluding this post-litigation licenses will not leave the record void. Other licenses, executed contemporaneously with the hypothetical negotiation date, exist that are both technologically and economically comparable to the hypothetical negotiation. Moreover, these earlier licenses did not arise out of litigation. *ResQNet.com*, 594 F.3d at 871-73. The context of these earlier licenses contrasts dramatically with that of the 2022-2023 Licenses, which should be excluded.

### B. Generic Reference to the Book of Wisdom Cannot Overcome the Lack of Economic Comparability

Mr. Holzen's apparent reliance upon the so-called "Book of Wisdom" is misplaced. No hand-waving can make manufactured, after-arising licenses entered into under threat of litigation

---

[3] On their face, it is evident that each of the 2022-2023 Licenses post-dates the Complaint, which was filed in July 2021.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

admissible. Indeed, Mr. Holzen does not even try to explain how or why he believes the Book of Wisdom is appropriate. The Book of Wisdom requires that the information be knowable at the time of the hypothetical negotiation, but basic information that Mr. Holzen relies upon in his use of the 2022-2023 Licenses is not even argued to have been foreseeable or knowable in 2013. *Willis Elec. Co. Ltd. v. Polygroup Macau Ltd. (BVI)*, No. 15-cv-3443, 2023 WL 112733, at *5 (D. Minn. Jan. 5, 2023) (citing *Spectralytics, Inc. v. Cordis Corp.*, 650 F. Supp. 2d 900, 913 (D. Minn. 2009), *vacated in part on other grounds by* 649 F.3d 1336 (Fed. Cir. 2011)). The purpose of the Book of Wisdom is "'to bring out and expose to light the elements of value that were there from the beginning.'" *Id.* (quoting *Sinclair Refin. Co. v. Jenkins Petroleum Process Co.*, 289 U.S. 689, 698 (1933)). As explained above, development of the industry was not knowable in 2013. ST being sued in 2021 was not knowable in 2013. Mr. Holzen does not grapple with any of this in his analysis, and his throwaway reference to the Book of Wisdom cannot save his opinions relying on the 2022-2023 Licenses.

## IV. THE 2022-2023 LICENSES AND MR. HOLZEN'S OPINION

This litigation was filed against ST in July 2021. In the fall of 2022, Plaintiff began a campaign to enter into additional licenses covering the '633 patent that it could then seek to apply in its damages analysis against ST. The result of this effort by Plaintiff was the 2022-2023 Licenses. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. 1 at ¶¶ 19, 90, 93, 163. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

4 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

██████████████████████████████████████████████████████

████████████████████████████████████████████████████.” *Id.* at

¶ 90.

██████████████████████████████████████████████████

████████████████████████████████████

████████████████████████. *Id.* at ¶¶ 75-77; *see also* Ex. 2, ██████ License.  As of May 31,

2023, Mr. Holzen states that ████████████████████████. Ex. 1 at ¶ 77.

██████████████████████████████████████████████████

████████████████████████████████████ *Id.* at ¶¶ 78-79; *see also* Ex. 3, ████ License.  As of

May 31, 2023, he states that ████████████████████. Ex. 1 at ¶ 79.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████. *Id.* at ¶¶ 80-81;

*see also* Ex. 4, ████████ License.  As of May 31, 2023, ████████████████████████

████████████████████████. Ex. 1 at ¶¶ 80-81.

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████ *Id.* at ¶¶ 82-83; *see also* Ex. 5, ████ License.  As of

May 31, 2023, ████████████████████████. Ex. 1 at ¶ 84.

## V.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court enter an order excluding the expert testimony of Plaintiff's expert, Stephen A. Holzen, as it pertains to the 2022-2023 Licenses, including as set forth in paragraphs 18, 19, 64, 75-84, 88-93, 107, 108, 111, 115-116, 146-149, 153, 157, 163, and 164, and Exhibits 1.0 and 1.2 of the Holzen Report.

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

Dated:  August 8, 2023                        Respectfully submitted,

                                         By:  /s/ Michael D. Hatcher

Michael J. Bettinger
California Bar No. 122196
mbettinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200
(415) 772-7400 – Fax

Michael D. Hatcher
Texas Bar No. 24027067
mhatcher@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300
(214) 981-3400 – Fax

Richard A. Cederoth
Texas Bar No. 6185199
rcederoth@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7026
(312) 853-7036 – Fax

Max Ciccarelli
Texas Bar No. 00787242
max@ciccarellilawfirm.com
CICCARELLI LAW FIRM
100 North 6th Street, Suite 502
Waco, Texas 76701
(214) 444-8869

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

> Thomas N. Tarnay
> Texas Bar No. 24003032
> ttarnay@tarnaylaw.com
> THOMAS TARNAY PLLC
> 2103 Virginia Place
> Plano, Texas 75094
> (214) 395-8212
>
> **ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served on all parties to this action via electronic service on August 8, 2023.

> _/s/ Michael D. Hatcher_
> Michael D. Hatcher

9