~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,**<br><br>Plaintiff,<br><br>vs.<br><br>**STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,**<br><br>Defendants. | **Civil Action No. 6:21-CV-00727-ADA-DTG**<br><br>**JURY TRIAL DEMAND**<br><br>~~FILED UNDER SEAL~~ |

**DEFENDANTS' OPPOSED MOTION TO PARTIALLY STRIKE THE EXPERT REPORTS OF DR. JAMES A. COOPER AND DR. SARIT DHAR**

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

## TABLE OF CONTENTS

I.   FACTUAL BACKGROUND ...................................................................................................1
II.  LEGAL STANDARDS ..........................................................................................................2
III. ARGUMENT ...........................................................................................................................2
IV.  CONCLUSION .......................................................................................................................4

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Coleman Co. v. Team Worldwide Corp.*,
 No. 2:20-cv-351, 2022 WL 1837942 (E.D. Va. Jan., 31, 2022)................................................4

*Daubert v. Merrell Dow Pharms. Inc.*,
 509 U.S. 579 (1993)...............................................................................................................2

*Genband US LLC v. Metaswitch Networks Corp.*,
 No. 2:14-cv-33-JRG-RSP, 2016 WL 98745 (E.D. Tex. Jan. 8, 2016) ......................................3

*Johnson v. Arkema, Inc.*,
 685 F.3d 452 (5th Cir. 2012) .................................................................................................2

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
 No. C 01-4925 SBA, 2006 WL 8442940 (N.D. Cal. Feb. 24, 2006).........................................4

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Defendants move to strike the portions of the reports of Plaintiff's experts Dr. Cooper and Dr. Dhar regarding representative products. Both experts fail to opine on, or otherwise explain, whether or how certain products are representative of other products. Instead, they merely state that **Plaintiff and its lawyers selected certain products as being representative**. They do not even purport to opine that the products are representative—they merely state that Plaintiff and its lawyers selected five products as being representative of all the other parts listed in an exhibit.

Despite having documents describing each accused product in detail, and despite having samples of many of the products, **neither expert conducted any analysis to determine or confirm that the products selected by Plaintiff and its lawyers were or were not representative of any other products**. Neither expert provided any factual basis, analysis, or methodology for why these products were selected or why they are representative of other products.

While conclusory opinions are regularly struck, Dr. Cooper's and Dr. Dhar's statements about representative products do not even rise to the level of a conclusory opinion. And even if they are viewed as opinions, such opinions should be excluded because Dr. Cooper and Dr. Dhar provide no facts, analysis, or methodology to support the purported opinions.

I.  FACTUAL BACKGROUND

Judge Gilliland ruled that because the Defendants provided detailed technical documents regarding each of the accused products, it was up to Plaintiff to identify and use representative products if they opted to prove their case using representative products. Ex. 1, Dec. 29, 2002, Hrg. Tr. 73:6-11 ("I do agree with Mr. Ciccarelli in the sense that since defendants produced all the documents, it's no longer their obligation to determine representative products. So I'll leave that to the plaintiffs to select representative products."). As Defendants explained at that

1

hearing, Defendants opted to produce detailed technical documents about each of the accused products so that they would not have to use the concept of representative products to avoid producing documents about each product. Defendants explained that they did not want to be the ones telling Plaintiff how to prove its case. *Id.* at 55:13-56:5. Judge Gilliland agreed with Defendants that they had met their obligations. *Id.* at. 73:6-11. In fact, at the December 29, 2022, hearing, Judge Gilliland ordered Plaintiff to supplement its contentions with the 3-5 products Plaintiff contended to be representative. *Id.* at 73:15-17.

The parties conferred regarding this motion and it is opposed because Plaintiff does not agree to the relief requested.

## II.    LEGAL STANDARDS

Rule 702 provides that an expert witness may offer opinion testimony if (a) the expert's **scientific, technical, or other specialized knowledge will help the trier of fact** to understand the evidence or to determine a fact in issue; (b) **the testimony is based on sufficient facts or data**; (c) **the testimony is the product of reliable principles and methods**; and (d) the expert has **reliably applied the principles and methods to the facts** of the case. Fed. R. Evid. 702. "The inquiry envisioned by Rule 702 is . . . a flexible one," but, in *Daubert*, the Supreme Court held that the Rules also "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 594, 597 (1993). "'The proponent need not prove to the judge that the expert's testimony is correct, but she must prove by a preponderance of the evidence that the testimony is reliable.'" *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) (en banc)).

## III.    ARGUMENT

Plaintiff's experts make unsupported statements regarding five products being

2

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

representative of about 200 other products. Specifically, Dr. Cooper and Dr. Dhar rely *solely* on an "understanding" that Plaintiff and *its lawyers* selected the five products as being representative of the other products. For instance, in his report, Dr. Cooper unequivocally admits: ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Ex. 2, Cooper Rpt, ¶18 (emphasis added).

Likewise, Dr. Dhar follows suit and admits the same in his report: ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Ex. 3 Dhar Rpt., ¶50 (emphasis added).

Nothing more is provided by either expert to support these statements regarding the so-called representative products beyond what they were told by Plaintiff and its lawyers. No credible facts, data, or scientific theory are provided upon which either expert bases his "representative product" assumptions. And neither expert provides any methodology, reasoning, technical justification or other basis for opining that these certain accused products are "representative of other accused products." At best, these are nothing more than unsupported conclusory opinions of the kind that courts acting at gate-keepers regularly exclude. *See, e.g., Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2016 WL 98745, at *4 (E.D. Tex. Jan. 8, 2016) (striking an expert's testimony that was "wholly conclusory");

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, No. C 01-4925 SBA, 2006 WL 8442940, at *5 (N.D. Cal. Feb. 24, 2006).

The statements in Dr. Cooper's and Dr. Dhar's reports about representative products do none of the things required by Rule 702: (a) they are not based on the expert's **scientific, technical, or other specialized knowledge**; (b) they are **not based on any facts or data**; (c) they are **not the product of reliable principles and methods**; and (d) the experts **did not apply any principles or methods to the facts** of the case to arrive at the assumptions underlying the statements. Because both expert's reports are completely devoid of any analysis or evidence supporting their bald statements of representativeness, those portions of the reports should be struck. *Compare Coleman Co. v. Team Worldwide Corp.*, No. 2:20-cv-351, 2022 WL 1837942, *2-3 (E.D. Va. Jan., 31, 2022) (finding a "sufficient basis" for an expert's representativeness analysis where expert "relied on six categories of evidence to make his conclusions" and "analysis appears to be based on standards which can be reliably tested, as opposed to his own *ipse dixit*").

Accordingly, the Court should strike the portions of the experts reports of Dr. Dhar and Dr. Cooper regarding representativeness, including in the Cooper Report at page 6, paragraph 18 and Exhibit C to that report and in the Dhar Report at page 18, paragraph 50 and Exhibit F to that report, and preclude both from testifying about whether the products they analyzed are "representative" of any other products.

IV.     **CONCLUSION**

For the foregoing reasons, Defendants request that the Court strike the "representative" products portions of Dr. Cooper's and Dr. Dhar's expert reports, and preclude both Dr. Cooper and Dr. Dhar from opining that certain accused products are "representative" of any other products.

~~**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**~~

Dated:  August 8, 2023                                    Respectfully submitted,

By:  */s/  Michael D. Hatcher*
    Michael J. Bettinger
    California Bar No. 122196
    mbettinger@sidley.com
    SIDLEY AUSTIN LLP
    555 California Street, Suite 2000
    San Francisco, California 94104
    (415) 772-1200
    (415) 772-7400 – Fax

    Michael D. Hatcher
    Texas Bar No. 24027067
    mhatcher@sidley.com
    SIDLEY AUSTIN LLP
    2021 McKinney Avenue, Suite 2000
    Dallas, Texas 75201
    (214) 981-3300
    (214) 981-3400 – Fax

    Richard A. Cederoth
    Texas Bar No. 6185199
    rcederoth@sidley.com
    SIDLEY AUSTIN LLP
    One South Dearborn
    Chicago, Illinois 60603
    (312) 853-7026
    (312) 853-7036 – Fax

    Max Ciccarelli
    Texas Bar No. 00787242
    max@ciccarellilawfirm.com
    CICCARELLI LAW FIRM
    100 North 6th Street, Suite 502
    Waco, Texas 76701
    (214) 444-8869

~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

Thomas N. Tarnay
Texas Bar No. 24003032
ttarnay@tarnaylaw.com
THOMAS TARNAY PLLC
2103 Virginia Place
Plano, Texas 75094
(214) 395-8212

**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served on all parties to this action via electronic service on August 8, 2023.

                                                           */s/ Michael D. Hatcher*
                                                           Michael D. Hatcher