~~FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER~~

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

**THE TRUSTEES OF PURDUE UNIVERSITY,**

**Plaintiff,**

**vs.**

**STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,**

**Defendants.**

**Civil Action No. 6:21-CV-00727-ADA-DTG**

**JURY TRIAL DEMAND**

~~FILED UNDER SEAL~~

**DEFENDANTS' OPPOSED MOTION TO STRIKE THE EXPERT REPORT AND TESTIMONY OF PLAINTIFF'S PURPORTED PATENT LAW EXPERT TERESA REA**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1
II. FACTUAL BACKGROUND ..... 1
III. ARGUMENT ..... 2
  A. Courts Often Exclude Testimony from Patent Law Experts ..... 2
  B. Ms. Rea's Testimony is Irrelevant and Unnecessary ..... 3
IV. CONCLUSION ..... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
No. 5:09-CV-00135, 2010 WL 1170148 (E.D. Tex. Mar. 22, 2010) ....................................... 5

*Applied Capital, Inc. v. ADT Corp.*,
Civil Action No. 1:16-CV-00815, 2021 WL 1339379 (D.N.M. Apr. 9, 2021) ..................... 3, 5

*Argus Chemical Corp. v. Fibre Glass-Evercoat Co., Inc.*,
759 F.2d 10 (Fed. Cir. 1985) ........................................................................................ 3

*Barry v. Medtronic, Inc.*,
No. 1:14-cv-104, Dkt. 334 (E.D. Tex Sept. 20, 2016) .......................................................... 4, 5

*Brigham & Women's Hosp. Inc. v. Teva Pharmaceuticals USA, Inc.*,
Civil Action No. 08-464, 2010 WL 3907490 (D. Del. Sept. 21, 2010) .................................... 2

*Owen v. Kerr-McGee Corp.*,
698 F.2d 236 (5th Cir. 1983) ........................................................................................ 2

*W.R. Grace & Co. v. Viskase Corp.*,
No. 90 C 5383, 1991 WL 211647 (N.D. Ill. Oct. 15, 1991) ...................................................... 3

## I. INTRODUCTION

Defendants move to strike the "rebuttal" expert report and testimony of Plaintiff's purported patent law expert Teresa Rea—a patent lawyer with no relevant technical expertise. Her report addresses two topics: Dr. Cooper's intent to deceive the patent office and patent office procedures, including specifically breaches of the duties of disclosure. Established case law confirms that neither topic is appropriate expert testimony from a patent lawyer. Moreover, Ms. Rea's report admittedly does not rebut any of Defendants' expert reports. Accordingly, Ms. Rea's report is not proper and should be struck, and Ms. Rea should be precluded from offering testimony on these topics.

## II. FACTUAL BACKGROUND

Defendants STMicroelectronics International N.V. and STMicroelectronics, Inc. ("ST")'s defenses include inequitable conduct. Dkt. 225 at 11-18; Ex. 1, 4th Supp. Resps. to 8th Set of Disc. at 19. Discovery has revealed that the applicant and the inventors, Dr. Cooper and Dr. Saha, knew of yet failed to disclose multiple highly material prior art references that would have caused the Patent Office to reject the asserted claims of U.S. Patent No. 7,498,633 (the "'633 Patent") had it been aware of them. Ex. 1 at 19. Discovery also revealed that the applicant and inventors failed to disclose materials in their possession that contradicted arguments being made on their behalf to the Patent Office. *Id.*

ST served an opening expert report from Dr. Lori Lipkin that addressed, among many other things, her opinions regarding the materiality of certain prior art references that invalidate the asserted claims. Ex. 2, Lipkin Rpt., ⁋⁋ 276, 325, 361, 418 & n.1. Dr. Lipkin also provided opinions that certain materials in the applicant's and/or inventors' possession during prosecution contradict arguments made to the Patent Office. *Id.*, ⁋⁋ 242-45. However, ST did not serve an expert report, from a patent lawyer or otherwise, on intent to deceive or patent office procedures, including

breaches of the duties of disclosure.

With its second round of expert reports, Plaintiff The Trustees of Purdue University ("Plaintiff") included the purported rebuttal report of Ms. Rea. Ms. Rea seeks to offer opinions on an alleged lack of an "intent to deceive" by one of the two inventors, Dr. Cooper, Ex. 3, Rea Rpt., ⁋23, and on patent office procedures, including specifically an alleged lack of any "breach of the duties of candor, good faith, and disclosure" by Dr. Cooper or others involved in the prosecution of the '633 Patent, *id.*, ⁋24.

Ms. Rea's listing of qualifications reveals that she has an undergraduate degree in pharmacy, worked as a hospital pharmacist, went to law school, and became a patent lawyer holding various positions over the years. *Id.*, ⁋⁋7-19. As she put it: "I defer to the technical expert on technical issues." *Id.*, ⁋93. She does not claim to have relevant technical expertise nor be a person skilled in the art.

The parties conferred regarding this motion and it is opposed because Plaintiff does not agree to the relief requested.

## III. ARGUMENT

### A. Courts Often Exclude Testimony from Patent Law Experts

As a rule, courts generally do not allow a witness to offer legal conclusions. *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983). Such testimony "invades the court's province and is irrelevant." *Id.*

Similarly, courts generally preclude "patent law experts" from offering legal analysis and expert opinions on patent law issues, such as inequitable conduct, because they are irrelevant and unnecessary. *See, e.g., Brigham & Women's Hosp. Inc. v. Teva Pharmaceuticals USA, Inc.*, Civil Action No. 08-464, 2010 WL 3907490, *2 (D. Del. Sept. 21, 2010) ("The law of this district is

clear that experts in patent cases may not opine on whether a party engaged in inequitable conduct, discuss whether certain information was material to a pending patent application, or otherwise provide legal conclusions on 'substantive issues of patent law.'"); *Argus Chemical Corp. v. Fibre Glass-Evercoat Co., Inc.*, 759 F.2d 10, 13 (Fed. Cir. 1985) ("The question of the appropriate standard for determining inequitable conduct in procuring a patent is one of law. Thus, the testimony of an attorney on the practice … is irrelevant."). In *W.R. Grace & Co. v. Viskase Corp.*, No. 90 C 5383, 1991 WL 211647, *1 (N.D. Ill. Oct. 15, 1991), the court granted a motion to exclude the testimony of a patent law expert and provided the following reasoning:

> Viskase moves to exclude Banner's testimony on the ground that there is no need for a patent lawyer to explain patent law to the court. Viskase is correct. Federal judges are expected to be experts on federal law. Accordingly, the testimony of a legal expert in federal cases is generally unnecessary. (citations omitted).

Similarly, on specific predicate issues to an ultimate finding of inequitable conduct, such as "intent to deceive" or violations of the duties to disclose, good faith, and candor, courts similarly often exclude patent law experts from offering opinions because those issues are determinations for the court. *See, e.g., Applied Capital, Inc. v. ADT Corp.*, Civil Action No. 1:16-CV-00815, 2021 WL 1339379, *8 (D.N.M. Apr. 9, 2021) (excluding expert testimony on intent as those opinions "go to the issue of inequitable conduct that will be tried to the Court. That evidence is not relevant to the issues under consideration by the jury and is therefore inadmissible.").

### B. Ms. Rea's Testimony is Irrelevant and Unnecessary

Ms. Rea's testimony should be stricken as irrelevant and unnecessary. As a preliminary and fundamental matter, and as Ms. Rea explicitly notes, ST did not serve any expert report on "intent to deceive" or patent office procedure, including the duty of disclosure. Rea Rpt., ¶ 77. Furthermore, Ms. Rea goes out of her way to confirm she is not addressing the materiality and inconsistency opinions that ST's expert Dr. Lipkin did provide. *Id.*, ¶¶ 3, 24. In her own words,

Ms. Rea does not attempt to contradict or rebut a single opinion set forth by ST's experts. Thus, there is nothing for Ms. Rea to "rebut" and an expert report, particularly in the guise of a rebuttal report, is improper. *Barry v. Medtronic, Inc.*, No. 1:14-cv-104, Dkt. 334 (E.D. Tex Sept. 20, 2016) (attached as Ex. 4) ("Because the court has previously excluded the majority of opinions from Medtronic's patent law expert Mr. Carmichael, Mr. Godici's rebuttal testimony is irrelevant. In particular, it is difficult to discern what of Mr. Carmichael's testimony, if anything, is left for Mr. Godici to rebut."). Further, Ms. Rea's characterization of the prosecution history is irrelevant, Ex. 3, Rea Rpt., ¶¶58-65, and to the extent certain documents in the prosecution are relevant to issues in this litigation, the parties and their technical experts have already addressed them. And, as Ms. Rea admits, she is not opining as a technical expert: "I defer to the technical expert on technical issues." *Id.*, ¶93.

Her statements on USPTO procedures relating "intent to deceive" and "the duty to disclose" are simply unnecessary and unhelpful. Speculation as to what Ms. Rea thinks the '633 Patent examiner believed has no probative value,[1] nor does her speculation on how a fact-finder may view the sufficiency of the evidentiary record before it, which will not be fully developed until the trial concludes. *Barry*, No. 1:14-cv-104, Dkt. 334 at 6 ("However, his opinions on this issue entirely rely on speculative assertions about what a PTO examiner would or should have done. Just as Mr. Carmichael lacked expertise in the field of "retroactive mind reading" of the thoughts of patent examiners (Dkt. # 294 at 4), so does Mr. Godici."). As Ms. Rea puts it: "the question of intent . . . is the province of the factfinder" and "[o]f course, all decisions concerning the intent to deceive are decided by the factfinder." And with respect to violations of the duty to

[1] Ms. Rea did *not* talk to the examiner who examined the application leading the '633 patent. Any testimony about how the office or examiner subjectively viewed the file before it can only be speculation.

disclose, duty of good faith, and duty of candor, she admits these are also within the province of the fact-finder. *See id.* ¶ 14, 93; *Barry*, No. 1:14-cv-104, Dkt. 334 at 6 ("In his report, Mr. Godici lays out Federal Circuit law on the issue of inequitable conduct and then suggests how to apply this law to facts about which he has no personal knowledge. It is for the court or the jury to make these factual findings and apply the law, not for Mr. Godici to tell either the court or the jury how to do so.").

Ms. Rea's proffered testimony is similar to that stricken in *Applied Capital, Inc. v. ADT Corp*, where the court did not allow testimony on "intent" because that was within the province of the fact-finder, *Applied Capital, Inc.*, 2021 WL 1339379 at *8, and similar to *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, where the court did not allow testimony on the duty of candor and good faith to the USPTO when the offered patent law expert did not have relevant technical experience and was not a person skilled in the art, No. 5:09-CV-00135, 2010 WL 1170148 (E.D. Tex. Mar. 22, 2010). Plaintiff attempts to submit this exact type of improper and unnecessary testimony from Ms. Rea. *See also Barry*, No. 1:14-cv-104, Dkt. 334 at 6 ("Mr. Godici himself admitted that he is not an expert or a person of ordinary skill in the art. As such, Mr. Godici cannot testify as to technical aspects of the patented technology, including those details about the patent specifications or Figure 6.") (internal citations omitted).

Accordingly, Ms. Rea's report should be stricken, and Ms. Rea should be excluded from testifying on these topics.

## IV. CONCLUSION

For the reasons set forth above, ST respectfully requests that the Court grant this motion and Order that Ms. Rea's "rebuttal" expert report is stricken in toto and that she be precluded from providing any testimony in this case.

Dated: August 8, 2023

Respectfully submitted,

By: */s/ Michael D. Hatcher*

Michael J. Bettinger
California Bar No. 122196
mbettinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200
(415) 772-7400 – Fax

Michael D. Hatcher
Texas Bar No. 24027067
mhatcher@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300
(214) 981-3400 – Fax

Richard A. Cederoth
Texas Bar No. 6185199
rcederoth@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7026
(312) 853-7036 – Fax

Max Ciccarelli
Texas Bar No. 00787242
max@ciccarellilawfirm.com
CICCARELLI LAW FIRM
100 North 6th Street, Suite 502
Waco, Texas 76701
(214) 444-8869

Thomas N. Tarnay
Texas Bar No. 24003032
ttarnay@tarnaylaw.com
THOMAS TARNAY PLLC
2103 Virginia Place
Plano, Texas 75094
(214) 395-8212

**ATTORNEYS FOR DEFENDANTS STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.**

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and correct copy of the foregoing document was served on all parties to this action via electronic service on August 8, 2023.

*/s/ Michael D. Hatcher*
Michael D. Hatcher