**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **THE TRUSTEES OF PURDUE UNIVERSITY,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. 6:21-CV-00727-ADA-DTG |
| **STMICROELECTRONICS INTERNATIONAL N.V. and STMICROELECTRONICS, INC.,** | JURY TRIAL DEMAND |
| **Defendants.** | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' REPLY IN SUPPORT OF MOTIONS *IN LIMINE***

Defendants STMicroelectronics, Inc. and STMicroelectronics International N.V. (collectively, "ST") hereby oppose Plaintiff The Trustees of Purdue University's ("Plaintiff") Motion to Strike Defendants' Reply in Support of Defendants' Motions *in Limine*.

**I.      ST's Reply Was Properly Filed in Accordance With the Local Rules.**

On September 19, 2023, ST properly filed its Reply in support of its Motions *in Limine*. Dkt. 437.  In doing so, ST prudently reviewed the Scheduling Order and this Court's applicable rules, which contemplate and provide guidelines for replies to motions *in limine*.

In this case, and in every patent case before this Court, the parties have an obligation to follow the Local Rules and all applicable Standing Orders, unless otherwise superseded by a scheduling order or other order specific to the case at hand.  With respect to motions *in limine*, Local Rule CV-7 governing motion practice applies.  *See* W.D. Tex. L.R. CV-7.  According to CV-7(d)(2), all responses to non-discovery or case management motions "shall be filed not later

1

than 14 days after the filing of the motion," and according to CV-7(e)(2), all replies "shall be filed not later than 7 days after the filing of the response."  *Id*. at CV-7(d)(2), (e)(2).

The Second Amended Scheduling Order in this case set a deadline for filing motions *in limine* (September 5, 2023) and a deadline for filing responses to motions in *limine* (September 12, 2023).  Dkt. 241.  The response deadline is included in the Scheduling Order simply because the default 14-day timeframe for responding to motions found in the Local Rules was shortened to 7 days.  Absent any adjustment to the default 7-day timeframe for replies, there was no need to include a deadline for replies in the Scheduling Order.  That said, the absence of a reply deadline does ***not***, as Plaintiff contends, mean that replies are prohibited.  It simply means that the default deadline for replies to motions set forth in the Local Rules applies.  This understanding is entirely consistent with the Scheduling Order's deadlines for other motions.  For example, the Scheduling Order includes a deadline for opening dispositive and *Daubert* motions (August 8, 2023), but no corresponding deadlines for responses or replies to such motions.  Accordingly, the parties understood that, based on the default deadlines in the Local Rules, responses were due 14 days later and replies 7 days after that, and that is when both parties filed their responses and replies for those motions.

This Court's Standing Order titled "Standing Order Governing Proceedings (OGP) 4.3—Patent Cases" also demonstrates that replies to motions *in limine* are clearly contemplated by this Court for patent cases before Judge Albright.  *See* Standing Order Governing Proceedings (OGP) 4.3—Patent Cases (W.D. Tex. April 4, 2023).  The OGP explicitly sets cumulative page limits for opening, response, and reply briefs for motions for summary judgment, *Daubert* motions, and motions *in limine*.  *Id*. at 9.  Specifically, the OGP states:  "Reply brief page limits shall be

governed by the local rules, but in no event shall the cumulative pages of reply briefs exceed . . . 10 pages for all MILs." *Id*. at 9.

Additionally, Plaintiff's argument that the meet and confer would be rendered "a conference in name only" is unavailing.  It is entirely reasonable for the parties to confer regarding "disputes on motions *in limine*" on the day replies are due.  *See* Dkt. 241.

## II.    Plaintiff Should Not Be Granted Leave to File Its Late Reply.

In no event should Plaintiff be granted leave to belatedly file a Reply in support of its motions *in limine* for multiple reasons.  First, Plaintiff did not meet and confer with ST on this alternative relief prior to requesting it, as required by Local Rule CV-7(g).  *See* L.R. CV-7(g).  At Plaintiff's request, the parties conferred on September 20, 2023 on Plaintiff's Motion to Strike.  However, Plaintiff did not once mention that it intended to seek this relief in the alternative.

Second, allowing Plaintiff to file its belated Reply would be exceedingly prejudicial to ST.  Plaintiff has now been in possession of ST's Reply for **16 days**.  Additionally, Plaintiff would also have the advantage of having seen other vital case developments that were deliberately scheduled to take place *after* completion of MIL briefing, including the filing of ST's proposed findings of fact and conclusions of law, and the arguments presented and rulings made during the pretrial conference.  Allowing Plaintiff to file its Reply with the strategic benefit of knowing these developments—knowledge ST did not have when filing its Reply—only accentuates the prejudice to ST.

Lastly, any prejudice to Plaintiff is of its own making.  The Local Rules and OGP are clear and if Plaintiff had any doubt as to whether the usual practice set forth in such rules applied in this instance, Plaintiff could have sought clarification with ST or the Court.  ST should not be penalized for prudently following the applicable rules and timely filing its Reply.

\*      \*      \*

For the foregoing reasons, ST respectfully requests that the Court deny Plaintiff's Motion to Strike.

Dated: October 5, 2023

Respectfully submitted,

By: _/s/  Michael D. Hatcher_

Michael J. Bettinger
California Bar No. 122196
mbettinger@sidley.com
Irene Yang
California Bar No. 245464
irene.yang@sidley.com
Min Ju "Averyn" Lee (*pro hac vice*)
California Bar No. 347939
averyn.lee@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, California 94104
(415) 772-1200
(415) 772-7400 – Fax

Michael D. Hatcher
Texas Bar No. 24027067
mhatcher@sidley.com
Morgan R. Mendicino
Texas Bar No. 24125664
mmendicino@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 981-3300
(214) 981-3400 – Fax

Richard A. Cederoth
Texas Bar No. 6185199
rcederoth@sidley.com
Tacy F. Flint (*pro hac vice*)
Illinois Bar No. 6284806
tflint@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7026
(312) 853-7036 – Fax

Max Ciccarelli
Texas Bar No. 00787242
max@ciccarellilawfirm.com
CICCARELLI LAW FIRM
100 North 6th Street, Suite 502
Waco, Texas 76701
(214) 444-8869

Thomas N. Tarnay
Texas Bar No. 24003032
ttarnay@tarnaylaw.com
THOMAS TARNAY PLLC
2103 Virginia Place
Plano, Texas 75094
(214) 395-8212

David N. Deaconson
Texas Bar No. 05673400
deaconson@pakislaw.com
PAKIS, GIOTES, BURLESON
& DEACONSON, P.C.
400 Austin Avenue, Suite 400
Waco, Texas 76701
(254) 297-7300
(254) 297-7301 – Fax

**ATTORNEYS FOR DEFENDANTS
STMICROELECTRONICS
INTERNATIONAL N.V. and
STMICROELECTRONICS, INC.**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the foregoing

document was served on all parties to this action via the Court's CM/ECF system on October 5,

2023.

_/s/  Michael D. Hatcher_
Michael D. Hatcher

6