IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| THE TRUSTEES OF PURDUE UNIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>STMicroelectronics International N.V.,<br>and STMicroelectronics, Inc.<br><br>Defendants. | CASE NO. 6:21–CV–00727-ADA-DTG |

## REPORT AND RECOMMENDATIONS

On October 4, 2023, the Court held an Initial Pretrial Conference on certain motions submitted to the Court by Plaintiff The Trustees of Purdue University ("Plaintiff" or "Trustees") and Defendants STMicroelectronics International N.V., and STMicroelectronics, Inc. ("Defendants" or "ST"). Having considered the representations and arguments of counsel, the Court recommends rulings as follows:

Dkt. 260, Plaintiff's Motion for Leave to File Motion to Strike Defendants' Inequitable Conduct Defenses: Recommends **DENYING**.

Dkt. 290, Defendants' Opposed Sealed Motion to Strike Plaintiff's Untimely Invention Date Disclosure and Preclude Reliance Thereon: Recommends **GRANTING** and thus striking Plaintiff's second supplemental invention date disclosure served on February 18, 2023, and precluding Plaintiff from (i) asserting an invention date earlier than April 26, 2004; and (b) relying on any documents in support of an invention date earlier[1] than April 26, 2004, other than those timely disclosed in Plaintiff's original invention date disclosure served on October 25, 2021 (claim

---

[1] This ruling does not prevent reliance on or admission of those documents for other purposes.

1

9) and supplemental disclosure served on January 20, 2023 (claims 9 and 10) (i.e., PU0000001-87).

Dkt. 328, Defendants' Sealed Motion to Strike Plaintiff's Improper "Supplement" Allegedly In Support of Plaintiff's Motion for Leave to File Motion to Strike Defendants' Inequitable Conduct Defense:  Recommends **DENYING** as moot.

Dkt. 348, Defendants' Opposed Sealed MSJ No. 1: Motion for Partial Summary Judgment That Asserted Claims Are Not Entitled to Provisional Filing Date:  Recommends **GRANTING** as unopposed due to Plaintiff's withdrawal of its opposition at the Initial Pretrial Conference and thus holding that asserted claims 9 and 10 of U.S. Patent No. 7,498,633 (the "'633 patent") are not entitled to the filing date of the provisional application to which the '633 patent purports to claim priority.

Dkt. 349, Defendants' Opposed Sealed MSJ No. 2: Motion for Partial Summary Judgment of No Pre-Suit Damages:  Recommends **DENYING**.

Dkt. 350, Defendants' Opposed Sealed Motion to Strike Improper Sur-Rebuttal Reports Served At and After the Close of Expert Discovery:  Recommends **GRANTING in part** and thus striking the portion of Dr. James A. Cooper's Rule 26(a)(2)(C) Expert Disclosure (Dkt. 350-7, Exhibit 6), served on July 28, 2023, that adopts the facts and opinions of another expert's rebuttal report (Dr. Ginger Turner), served on July 14, 2023.  However, Dr. Cooper as a person who was working in the field at the time will be allowed to testify to things within his personal knowledge, based on what he was doing at the time, provided they are not otherwise prohibited by a Court ruling or order. Recommends **DENYING in part** as to all other requested relief.

Additionally, Defendants are granted depositions of up to four (4) hours each for each of Plaintiff's experts who served a supplemental report or Rule 26(a)(2)(C) disclosure on or after July

28, 2023 (i.e., Dr. Dhar, Mr. Holzen, Mr. Shanfield, and Dr. Cooper), if Defendants so choose to take some or all of them. Any such deposition will be limited to the supplemental report(s). Defendants are also granted one (1) week to serve supplemental reports on invalidity from their invalidity experts (i.e., Dr. Hall-Ellis, and Dr. Lipkin), if they so choose.  If Defendants serve any such supplemental reports, Plaintiff is granted depositions of up to four hours each for each of the experts who serve a supplemental report.  Any such deposition will be limited to the supplemental report(s).

      Dkt. 351, Defendants' Opposed Sealed MSJ No. 3: Motion for Partial Summary Judgment of No Infringement Under the Doctrine of Equivalents:  Recommends **GRANTING** and thus holding that there is no infringement under the doctrine of equivalents of all elements of asserted claims 9 and 10, other than the preamble of claim 9 which remains an open issue for trial.

      Dkt. 352, Defendants' Opposed Sealed MSJ No. 4: Motion for Partial Summary Judgment That Claim 10 Is Indefinite:  Recommends **DENYING**.

      Dkt. 353, Defendants' Opposed Sealed Rule 702 Motion to Exclude Portions of The Expert Opinion of Stephen A. Holzen:  Recommends **DENYING**.

      Dkt. 354, Defendants' Opposed Sealed Motion to Partially Strike the Expert Reports of Dr. James A. Cooper and Dr. Sarit Dhar:  Recommends **DENYING**.

      Dkt. 355, Defendants' Opposed Sealed Motion to Strike the Expert Report and Testimony of Plaintiff's Purported Patent Law Expert Teresa Rea:  Recommends **GRANTING in part** and thus striking the portion of Ms. Teresa Rea's expert report relating to "intent to deceive" and "breach of the duties of candor, good faith, and disclosure," and precluding testimony as to the same.  Recommends **DENYING in part** as to striking the portion of Ms. Rea's expert report relating to patent office practices and procedures.

Dkt. 356, Defendants' Opposed Motion to Strike Plaintiff's Improper Rebuttal Expert Report and Testimony of Mr. Greg Jackson: Recommends **DENYING**. Furthermore, in the event Mr. Greg Jackson testifies at trial, he may only be called during the rebuttal portion of Plaintiff's case and may not be called in Plaintiff's case in chief.

Dkt. 357, Defendants' Sealed Rule 12(b)(1) Motion to Dismiss for Lack of Standing: Recommends **DENYING**.

Dkt. 358, Plaintiff's Sealed Motion to Strike Expert Opinions of Dr. Lori Lipkin Regarding Materiality: Recommends **DENYING**.

Dkt. 360, Plaintiff's Sealed Motion for Supplemental Claim Construction: Recommends the following:

- "a [first / second] source electrode formed over the [first /second] source region" be given the following construction: Plain and ordinary meaning but the first and second electrodes can be physically or electrically connected;

- "a JFET region defined between the first source region and the second source region" be given the following construction: The region between the first and second source regions, that does not include the p-wells; and

- That Claim 10 is not indefinite.

Dkt. 362, Plaintiff's Sealed *Daubert* Motion to Exclude Testimony of Dr. Dean Neikirk: Recommends **DENYING**.

Dkt. 364, Plaintiff's Sealed Motion for Partial Summary Judgment That Certain Art Was Not Publicly Available: Recommends **DENYING**.

Dkt. 366, Plaintiff's Motion for Partial Summary Judgement Regarding Defendants' Affirmative Defenses: Recommends **GRANTING in part** and thus dismissing Defendants'

defenses of patent eligibility, double patenting, inventorship, licensing, exhaustion, failure to state a claim, and lack of standing, and ensnarement. Recommends **DENYING in part** as to Defendants' defense of prosecution history estoppel.

Dkt. 368, Plaintiff's Sealed *Daubert* Motion to Exclude the Testimony of Defendants' Damages Expert Stephen L. Becker: Recommends **DENYING**.

Dkt. 369, Plaintiff's Motion to Strike and Exclude Unreliable Opinions of Dr. Sylvia Hall-Ellis Concerning Public Availability: Recommends **DENYING**.

Dkt. 395, Defendants' Opposed Sealed Motion to Disqualify Michael Shore If Plaintiff's Recent License Agreements Are Not Excluded: Recommends **DENYING**.

SO ORDERED.

**SIGNED** this 16th day of October, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE